IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT, IN AND FOR
ORANGE COUNTY, FLORIDA

CASE NO.: _____

MIRABILIS VENTURES, INC. and
NEXIA STRATEGY CORPORATION,

    Plaintiffs,

v.                                                               INJUNCTIVE RELIEF REQUESTED

PALAXAR GROUP, LLC;
PALAXAR HOLDINGS, LLC;
FRANK HAILSTONES; EDITH CURRY
a/k/a EDITH BROADHEAD; and
FICTITIOUS DEFENDANT 1; FICTICIOUS
DEFENDANT 2; FICTICIOUS DEFENDANT 3;
FICTICIOUS DEFENDANT 4; FICTICTIOUS
DEFENDANT 5; FICTICIOUS DEFENDANT 6;
FICTICIOUS DEFENDANT 7 and FICTICIOUS
DEFENDANT 8.

    Defendants.

## MOTION FOR PRELIMINARY INJUNCTION

Plaintiffs Mirabilis Ventures, Inc. ("Mirabilis") and Nexia Strategy Corporation ("Nexia") (sometimes referred to collectively as "Plaintiffs"), hereby move for a preliminary injunction enjoining the Defendants Palaxar Group LLC and Palaxar Holdings LLC (collectively referred to as "Palaxar"), Frank Hailstones ("Hailstones"), and Edith Curry ("Curry") from (i) utilizing Plaintiffs' property, valuable trade secrets and confidential/proprietary information for any purpose whatsoever; (ii) disclosing Plaintiffs' property, valuable trade secrets and confidential/proprietary information to any third-party; and (iii) compelling Defendants to return

935286.1

1

all property, valuable trade secrets and confidential/proprietary information taken from Plaintiffs. In support of this motion, Plaintiffs state as follows:

## INTRODUCTION

Defendants have misappropriated, and continue to misappropriate, Plaintiffs' property, valuable trade secrets and confidential/proprietary information. Defendants continued use of Plaintiffs property for their own personal benefit and gain clearly violates Florida's Uniform Trade Secrets Act, Fla. Stat. §688.001, *et seq*. Due to Defendants' misappropriation, Plaintiffs have suffered irreparable harm, and will continue to suffer said harm if Defendants are not immediately stopped. Pursuant to Florida law, Plaintiffs have a reasonable likelihood of success on the merits of their claims. There is no adequate remedy at law available to Plaintiffs. Furthermore, the damage to Plaintiffs far outweighs any costs or harm that might befall Defendants were this Court to order Plaintiffs' requested relief. Therefore, immediate injunctive relief is warranted in this instance.

## FACTUAL ALLEGATIONS

1. Mirabilis is an equity fund that invests in a variety of ventures. Nexia is a wholly owned subsidiary of Mirabilis which provides a broad range of general business consulting services.

2. Hailstones and Curry are former officers and/or directors of Plaintiffs.

3. Through their employment with Plaintiffs, Hailstones and Curry had access to and did in fact gather confidential and proprietary information for the purpose of developing an anti-fraud certification program for the benefit of Plaintiffs ("Nexia Certification").

4. As part of Nexia Certification, Curry was tasked with obtaining a patent for Nexia Certification for the benefit of Plaintiffs from the United States Patent and Trademark Office. Nexia was to be the owner and named "title-holder" of the pending patent.

5. Upon information and belief, Hailstones and Curry failed to name Nexia as the "owner" or "title-holder" of the patent and/or assign the rights of the patent application to Nexia as agreed upon by Curry and Plaintiffs.

6. Upon information and belief, while Hailstones and Curry were still employed by Plaintiffs, they conspired to organize, and did in fact organize, a competing entity, Palaxar Group LLC and/or Palaxar Holdings LLC, with the intention of implementing and marketing what has been referred to above as Nexia Certification.

7. Upon information and belief, both Hailstones and Curry are founding members and employees of Palaxar.

8. Upon information and belief, Palaxar Group LLC and/or Palaxar Holdings LLC is now offering or plans to offer to third parties the patent-pending fraud solution program, Nexia Certification, developed by Hailstones and Curry while employed by Plaintiffs.

9. The employment contracts for Hailstones and Curry contain provisions prohibiting the misappropriation of trade secrets and providing for the protection of confidential information obtained while performing their duties as employees of Plaintiffs.

10. The employment contracts for Hailstones and Curry also provide that upon the employees' termination, they are prohibited from disclosing or making available any confidential information to any person or entity within a specific period of time after their termination without Plaintiffs' consent.

11. Hailstones and Curry breached their employment contracts and fiduciary duties by using the confidential information and trade secrets related to the development of Nexia Certification, which was developed at Plaintiffs' expense, for their own personal benefit and/or gain.

12. Furthermore, Hailstones and Curry breached their employment contracts by disclosing and communicating confidential information and trade secrets gathered in the course of their employment to other persons, businesses, and/or corporate entities, including Palaxar.

13. Defendants have violated and continue to violate the Florida Uniform Trade Secrets Act by willfully and maliciously misappropriating the trade secrets and confidential information acquired through their employment with Plaintiffs by using such information for their own advantage and to the harm of Plaintiffs.

14. Upon information and belief, Defendants have already and plan to continue to market and/or sale Nexia Certification to various third-parties. One such effort by Defendants to market and/or sale Nexia Certification is scheduled to take place at a conference located in Scottsdale, Arizona from October 14, 2007, through October 18, 2007, entitled the "58th Audit Directors & Managers Symposium." Hailstones and Curry are hosting this specific symposium as symposium faculty and directing workshops relating to Nexia Certification.

## REQUEST FOR RELIEF

15. Paragraphs 1 through 14 are incorporated herein by this reference.

16. Defendants have misappropriated Plaintiffs' property, valuable trade secrets and confidential/proprietary information, and by doing so, have caused, and will continue to cause, irreparable injury, loss and damage to Plaintiffs.

17. Plaintiffs have a clear legal right to the requested relief. Pursuant to Fla. Stat. § 688.003, Florida's Uniform Trade Secrets Act, "actual or threatened misappropriation may be enjoined."

18. Defendants have possession of Plaintiffs' property, valuable trade secrets and confidential/proprietary information which they, upon information and belief, are offering or plan to offer to third parties as their own.

735216.1

4

19.  Plaintiffs have a substantial likelihood of success on the merits. Pursuant to Fla. Stat. 688.001 *et seq.*, Defendants have violated Florida's Uniform Trade Secrets Act by misappropriating the Plaintiffs' property, valuable trade secrets and confidential/proprietary information by disclosing and/or using the "trade secret of another without express or implied consent."

20.  Plaintiffs lack an adequate remedy at law. The Plaintiffs' property which is being misappropriated is unique.

21.  Plaintiffs will suffer irreparable injury unless the Defendants are enjoined.

22.  The damage to Plaintiffs far outweighs any costs or harm that might befall Defendants were this Court to order Plaintiffs' requested relief.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs hereby demand preliminary injunctive relief against Defendants and their officers, directors, members, agents and employees, and all persons acting in concert or participation with any of them, enjoining them from (i) utilizing Plaintiffs' property, valuable trade secrets and confidential/proprietary information for any purpose whatsoever; (ii) disclosing Plaintiffs' property, valuable trade secrets and confidential/proprietary information to any third-party; and (iii) compelling Defendants to return all property, valuable trade secrets and confidential/proprietary information taken from Plaintiffs.

**ORAL ARGUMENT REQUESTED**

MIRABILIS VENTURES, INC. and
NEXIA STRATEGY CORPORATION,

By: Counsel

**Counsel:**

Aaron C. Bates, Esq.
Florida Bar No. 011749
Goldberg Bates, PLLC
3660 Maguire Boulevard
Suite 102
Orlando, FL 32803
Telephone: (407) 893-3776
Facsimile: (407) 893-3779
abates@goldbergbates.com

J. Russell Campbell
Florida Bar No. 901423
Balch & Bingham LLP
P. O. Box 306
Birmingham, Alabama 35201-0306
Telephone: (205) 251-80100
Facsimile: (205) 226-8798
rcampbell@balch.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing pleading upon the following by the methods indicated below on this the 12th day of October, 2007:

(Certified Mail)
LeClair Ryan
ATTN: Gary D. LeClair
951 East Byrd Street
Riverfront Plaza East Tower
Richmond, Virginia 23219
**Registered Agent for Palaxar Group LLC for Service of Process**

(Certified Mail)
LeClair Ryan
ATTN: Gary D. LeClair
951 East Byrd Street
Riverfront Plaza East Tower
Richmond, Virginia 23219
**Registered Agent for Palaxar Holdings LLC for Service of Process**

935216.1

6

(Personal)
Edith Curry a/k/a Edith Broadhead
11916 Brookmeade Court
Glen Allen, Virginia 23059-5416
**Individually and as President of Palaxar**

(Personal)
Frank Hailstones
10 Abercorn Clo
South Croydon
CR2 8TG

_____
Of Counsel