# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| MIRABILIS VENTURES, INC. and<br>NEXIA STRATEGY CORPORATION,<br><br>                Plaintiffs,<br>-vs-<br><br>PALAXAR GROUP, LLC;<br>PALAXAR HOLDINGS, LLC;<br>FRANK HAILSTONES; EDITH CURRY<br>a/k/a EDITH BROADHEAD; and<br>FICTITIOUS DEFENDANT 1;<br>FICTITIOUS DEFENDANT 2;<br>FICTITIOUS DEFENDANT 3;<br>FICTITIOUS DEFENDANT 4;<br>FICTITIOUS DEFENDANT 5;<br>FICTITIOUS DEFENDANT 6;<br>FICTITIOUS DEFENDANT 7;<br>FICTITIOUS DEFENDANT 8,<br><br>                Defendants. | Case No.: 6:07-CV-1788-ORL-28-KRS |

## ANSWER AND AFFIRMATIVE DEFENSES
## OF DEFENDANTS EDITH CURRY a/k/a EDITH BROADHEAD,
## PALAXAR GROUP, LLC, and PALAXAR HOLDINGS, LLC'S

Defendants Edith Curry a/k/a Edith Broadhead ("Curry"), Palaxar Group, LLC ("Palaxar Group"), and Palaxar Holdings, LLC ("Palaxar Holdings"), by and through their undersigned attorneys, answer Plaintiffs' complaint as follows:

1.     Defendants Curry, Palaxar Group, and Palaxar Holdings admit the allegation set forth in Paragraph 1 of the Complaint.

2.     Defendants Curry, Palaxar Group, and Palaxar Holdings admit the allegation set forth in Paragraph 2 of the Complaint.

3. Defendants Curry, Palaxar Group, and Palaxar Holdings admit the allegation set forth in Paragraph 3 of the Complaint.

4. Defendants Curry, Palaxar Group, and Palaxar Holdings admit the allegations set forth in the first two sentences of Paragraph 4 of the Complaint and deny the allegation set forth in the last sentence of Paragraph 4 of the Complaint

5. Defendants Curry, Palaxar Group, and Palaxar Holdings admit the allegation set forth in the first two sentences of Paragraph 5 of the Complaint and deny the allegation set forth in the last sentence of Paragraph 5 of the Complaint.

6. Defendants Curry, Palaxar Group, and Palaxar Holdings deny the allegations set forth in paragraph 6 of the Complaint.

7. Defendants Curry, Palaxar Group, and Palaxar Holdings admit the jurisdictional allegation contained in paragraph 7 of the Complaint.

8. Defendants Curry, Palaxar Group, and Palaxar Holdings admit the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, had subject matter jurisdiction of this matter prior to removal to this Court.

9. Defendants Curry, Palaxar Group, and Palaxar Holdings admit that, prior to removal to this Court, the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, had jurisdiction of this matter pursuant to Fla. Stat. §48.193.

10. Defendants Curry, Palaxar Group, and Palaxar Holdings are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 10 of the Complaint.

11. Defendants Curry, Palaxar Group, and Palaxar Holdings admit the allegation of venue set forth in paragraph 11 of the Complaint.

12. Defendants Curry, Palaxar Group, and Palaxar Holdings admit the allegation set forth in paragraph 12 of the Complaint.

13. Defendants Curry, Palaxar Group, and Palaxar Holdings admit that during the relevant time period, Nexia was a wholly owned subsidiary of Mirabilis and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegation set forth in paragraph 13 of the Complaint.

14. Defendants Curry, Palaxar Group, and Palaxar Holdings deny the allegations contained in paragraph 14 of the Complaint.

15. Defendants Curry, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 15 of the Complaint.

16. Defendants Curry, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 16 of the Complaint.

17. Defendants Curry, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 17 of the Complaint.

18 Defendants Curry, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 18 of the Complaint.

19. Defendants Curry, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 19 of the Complaint.

20. Defendants Curry, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 20 of the Complaint.

21. Defendants Curry, Palaxar Group, and Palaxar Holdings answer that any relevant employment contracts speak for themselves and deny the remaining allegations of paragraph 21 of the Complaint.

22. Defendants Curry, Palaxar Group, and Palaxar Holdings answer that any relevant employment contracts speak for themselves and deny the remaining allegations of paragraph 22 of the Complaint.

23. Defendants Curry, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 23 of the Complaint.

24. Defendants Curry, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 24 of the Complaint.

25. Defendants Curry, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 25 of the Complaint.

26. Defendants Curry, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 26 of the Complaint.

27. Defendants Curry, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 27 of the Complaint.

28. Defendants Curry, Palaxar Group, and Palaxar Holdings admit that Palaxar Group, LLC was incorporated as a Virginia limited liability company on September 22, 2006, admit that Palaxar Holdings, LLC was incorporated as a Virginia Limited Liability Company on December 18, 2006, and deny the remaining allegation of paragraph 28 of the Complaint.

29. Defendants Curry, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 29 of the Complaint.

30. Defendants Curry, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 30 of the Complaint.

31. Defendants Curry, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 31 of the Complaint.

32. Defendants Curry, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 32 of the Complaint.

33. Defendants Curry, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 33 of the Complaint.

34. Defendants Curry, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 34 of the Complaint.

35. Defendants Curry, Palaxar Group, and Palaxar Holdings restate their answers to paragraphs 1 through 34 as if fully set forth herein.

36. Defendants Curry, Palaxar Group, and Palaxar Holdings admit that on June 17, 2005, Curry signed an employment agreement with Nexia and deny the remaining allegations of paragraph 36 of the Complaint.

37. Defendants Curry, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 37 of the Complaint.

38. Defendants Curry, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 38 of the Complaint.

39. Defendants Curry, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 39 of the Complaint.

40. Defendants Curry, Palaxar Group, and Palaxar Holdings restate their answers to paragraphs 1 through 39 as if fully set forth herein.

41. Defendants Curry, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 41 of the Complaint.

42. Defendants Curry, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 42 of the Complaint.

43. Defendants Curry, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 43 of the Complaint.

44. Defendants Curry, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 44 of the Complaint.

45. Defendants Curry, Palaxar Group, and Palaxar Holdings restate their answers to paragraphs 1 through 44 as if fully set forth herein.

46. Defendants Curry, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 46 of the Complaint.

47. Defendants Curry, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 47 of the Complaint.

48. Defendants Curry, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 48 of the Complaint.

49. Defendants Curry, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 49 of the Complaint.

50. Defendants Curry, Palaxar Group, and Palaxar Holdings restate their answers to paragraphs 1 through 49 as if fully set forth herein.

51. Defendants Curry, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 51 of the Complaint.

52. Defendants Curry, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 52 of the Complaint.

53. Defendants Curry, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 53 of the Complaint.

54. Defendants Curry, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 54 of the Complaint.

55. Defendants Curry, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 55 of the Complaint.

56. Defendants Curry, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 56 of the Complaint.

57. Defendants Curry, Palaxar Group, and Palaxar Holdings restate their answers to paragraphs 1 through 56 as if fully set forth herein.

58. Defendants Curry, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 58 of the Complaint.

59. Defendants Curry, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 59 of the Complaint.

60. Defendants Curry, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 60 of the Complaint.

61. Defendants Curry, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 61 of the Complaint.

62. Defendants Curry, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 62 of the Complaint.

63. Defendants Curry, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 63 of the Complaint.

64. Defendants Curry, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 64 of the Complaint.

65. Defendants Curry, Palaxar Group, and Palaxar Holdings restate their answers to paragraphs 1 through 64 as if fully set forth herein.

66. Defendants Curry, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 66 of the Complaint.

67. Defendants Curry, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 67 of the Complaint.

68. Defendants Curry, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 68 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the two written contracts which govern the subject matter of the Complaint. Pursuant to the August 1, 2006, Assignment Agreement, attached hereto as Exhibit A and incorporated by reference herein, plaintiffs assigned all of their right, title and interest in Nexia Certification to Curry, Hailstones, and two other individuals. Plaintiffs' assignment of all their right, title and interest in Nexia Certification was reiterated in the Confidential Separation Agreement entered into on October 20, 2006, between Mirabilis and Curry, attached hereto as Exhibit B and incorporated by reference herein.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of accord and satisfaction, because any right, title or interest plaintiffs ever may have had to Nexia Certification was voluntarily contracted away in the Assignment Agreement (Exhibit A) and the Confidential Separation Agreement (Exhibit B) in exchange for valuable consideration.

<u>THIRD AFFIRMATIVE DEFENSE</u>

Plaintiffs' claims are barred by the doctrine of estoppel, because any right, title or interest plaintiffs ever may have had to Nexia Certification was contracted away in the Assignment Agreement (Exhibit A) and the Confidential Separation Agreement (Exhibit B).

<u>FOURTH AFFIRMATIVE DEFENSE</u>

Plaintiffs' claims are waived, because any right, title or interest plaintiffs ever may have had to Nexia Certification was contracted away in the Assignment Agreement (Exhibit A) and the Confidential Separation Agreement (Exhibit B).

<u>FIFTH AFFIRMATIVE DEFENSE</u>

Plaintiffs' claims against Curry are barred by the indemnification clause contained in the Confidential Separation Agreement (Exhibit B).

WHEREFORE, Defendants Curry, Palaxar Group, and Palaxar Holdings pray for judgment as follows: 1) that the Complaint against them be dismissed in its entirety; 2) that they be awarded their costs and reasonable attorney's fees incurred in defending against plaintiffs' claims; and 3) that the Court order such other and further relief as is deemed just and proper.

Dated: November 21, 2007

       Respectfully submitted,

       /s/ Martin R. Raskin
       MARTIN R. RASKIN
       Florida Bar No. 315206
       JANE SERENE RASKIN
       Florida Bar No. 848689
       **RASKIN & RASKIN, P.A.**
       2601 South Bayshore Drive
       Suite 725
       Miami, Florida  33133
       Telephone: (305) 444-3400
       Facsimile: (305) 445-0266
       mraskin@raskinlaw.com
       Attorneys for Defendant Curry,
       Palaxar Group, LLC and Palaxar Holdings, LLC

## **CERTIFICATE OF SERVICE**

   I HEREBY CERTIFY that on November 21, 2007 I electronically filed the foregoing Defendants' Motion for Judgment on the Pleadings and Incorporated Memorandum of Law with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Aaron C. Bates, Esquire
abates@goldbergbates.com

J. Russell Campbell
rcampbell@balch.com

       s/Jane Serene Raskin
       Jane Serene Raskin