**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

| | |
|---|---|
| MIRABILIS VENTURES, INC. and NEXIA STRATEGY CORPORATION, | ) ) ) |
| Plaintiffs, | ) ) |
| -vs- | )  CASE NO.: 6:07-CV-1788-ORL-28-KRS ) |
| PALAXAR GROUP, LLC; PALAXAR HOLDINGS, LLC; FRANK HAILSTONES; EDITH CURRY a/k/a EDITH BROADHEAD; and FICTICIOUS DEFENDANT 1; FICTICIOUS DEFENDANT 2; FICTICIOUS DEFENDANT 3; FICTICIOUS DEFENDANT 4; FICTICIOUS DEFENDANT 5; FICTICIOUS DEFENDANT 6; FICTICIOUS DEFENDANT 7; FICTICIOUS DEFENDANT 8 | ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**DEFENDANTS' MOTION FOR JUDGMENT ON THE
PLEADINGS AND INCORPORATED MEMORANDUM OF LAW**

Defendants PALAXAR GROUP, LLC ("PALAXAR GROUP"), PALAXAR HOLDINGS, LLC ("PALAXAR HOLDINGS"), FRANK HAILSTONES ("HAILSTONES"), and EDITH CURRY ("CURRY") (collectively "Defendants"), by and through their undersigned counsel, move this Court, pursuant to Rule 12(c), Fed.R.Civ.P., for judgment on the pleadings, as there are no genuine issues of material fact to be tried and Defendants are entitled to judgment as a matter of law. In support thereof, Defendants would show:

1.  The Complaint alleges that Defendants have misappropriated intellectual property – described as Nexia Certification. As alleged in the Complaint, Plaintiffs

MIRABILIS VENTURES, INC., ("MIRABILIS") and NEXIA STRATEGY CORPORATION ("NEXIA") claim this intellectual property belongs to them. Remarkably, however, the Complaint completely omits reference to existing written contracts pursuant to which, in 2006, Plaintiffs completely assigned to Defendants CURRY and HAILSTONES any and all rights Plaintiffs may have ever had to Nexia Certification in exchange for a perpetual nonexclusive license to use the product. The relevant contracts are now before the Court as part of Defendants' Answers and Affirmative Defenses. These contracts provide an unequivocal basis for judgment on the pleadings.

2. On October 12, 2007, Plaintiffs MIRABILIS and NEXIA originally filed their Complaint in the Circuit Court of the Ninth Judicial Circuit in Orange County, Florida naming as Defendants, *inter alia*, PALAXAR GROUP, PALAXAR HOLDINGS, HAILSTONES, and CURRY. Plaintiffs' Complaint seeks damages and injunctive relief against Defendants for alleged breach of contract, breach of fiduciary duty, misappropriation of trade secrets, conversion, and unjust enrichment. On November 9, 2007, the Defendants filed their Notice of Removal to this Court. On November 21, 2007, Defendants filed their Answers and Affirmative Defenses.

3. The essential facts as alleged in the Complaint are that Defendant EDITH CURRY, while employed by the Plaintiff corporations, was tasked with developing for the benefit of the Plaintiffs an anti-fraud certification program referred to as Nexia Certification. Plaintiffs' Complaint further alleges Defendants CURRY and HAILSTONES developed Nexia Certification using confidential and proprietary information gathered from Plaintiffs. Defendants CURRY and HAILSTONES thereafter

purportedly misappropriated Nexia Certification for their own benefit using two newly created corporations, Defendants PALAXAR HOLDINGS and PALAXAR GROUP. Plaintiffs' Complaint however conveniently avoids any mention of or reference to the key material contracts that are now part of the record as attachments to Defendants' answers.

4.   In fact, these two written contracts between the parties expressly bar Plaintiffs' claims. On August 1, 2006, Plaintiff MIRABILIS, parent company of its wholly owned subsidiary, Defendant NEXIA, duly executed an Assignment Agreement. By that initial contract, MIRABILIS relinquished to Defendants CURRY and HAILSTONES, together with Laurie Holtz, and Michael Dement, "all rights, title and interest of every kind and character throughout the world in and to [Nexia Certification.]" *See* Answer and Affirmative Defenses of Edith Curry, Palaxar Group and Palaxar Holdings, Exhibit A, ¶2. In return for the assignment of the rights to Nexia Certification, MIRABILIS received, "a worldwide, royalty-free, fully paid up irrevocable, non-exclusive license to use the Nexia Certification Program." *Id.*, ¶3.

5.   Significantly, the Assignment Agreement also contains a "Limitation of Liability" clause which states:

> IN NO EVENT WILL EITHER PARTY BE LIABLE FOR ANY CONSEQUENTIAL, INCIDENTAL, SPECIAL, INDIRECT, EXEMPLARY OR PUNITIVE DAMAGES, OR DAMAGES FOR ANY LOSS OF PROFITS, REVENUE OR BUSINESS, EVEN IF SUCH PARTY IS NOTIFIED OF THE POSSIBILITY OF SUCH DAMAGES. The Parties acknowledge that the limitation of liability in this Section 6 and the allocation of risk that it implements is an essential element of the bargain agreed to by the Parties, without which the Parties would not have entered into this Agreement.

*Id.*, ¶6.

6. On October 20, 2006, Plaintiff MIRABILIS and Defendant CURRY entered into yet another written agreement (the "Confidential Separation Agreement") memorializing, "the terms and conditions with respect to the termination of [Curry's] position from Mirabilis Ventures, Inc. ("Mirabilis") and any and all of its affiliated companies." *See* Answer and Affirmative Defenses of Edith Curry, Palaxar Group and Palaxar Holdings, Exhibit B. In the Confidential Separation Agreement, Plaintiff MIRABILIS reiterated that: "All right, title and interest in and to the Nexia Certification Program ("Nexia Certification") will be assigned to [Curry]," in return for which CURRY gave valuable consideration. In brief, Plaintiffs have previously transferred to Defendants, for valuable consideration, the very property which Plaintiffs disingenuously claim in their Complaint that Defendants have purportedly misappropriated. Plaintiffs' counsel in this action were involved with and aware of those contracts.

7. Judgment on the pleadings is appropriate when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. *Scott v. Taylor*, 405 F.3d 1251, 1253 (11th Cir. 2005). Here the undisputed facts show that Plaintiffs have no ownership interest in Nexia Certification. Rather, Plaintiffs hold a mere license to use the product which Defendants now own. Any other interest Plaintiffs MIRABILIS or NEXIA ever may have had, they relinquished in 2006 pursuant to the written contracts now made part of the pleadings in this case. Plaintiffs have also contracted away their rights to the damages they seek in this lawsuit. Accordingly, no factual basis exists for any of the causes of action pled in the Complaint.

8. Moreover, the Confidential Separation Agreement clearly states that Plaintiff MIRABILIS will indemnify CURRY against any claims that may be brought

against her as a result of her serving as an officer and director of MIRABILIS and/or its affiliates. *See* Exhibit B, ¶2**.** This Agreement to indemnify does not exclude claims by Plaintiffs MIRABILIS or NEXIA. Accordingly, Plaintiff MIRABILIS has agreed to hold Defendant CURRY harmless for all the claims stated in this lawsuit. This unqualified indemnification provides yet another basis for entry of judgment on the pleadings in favor of Defendant CURRY.

WHEREFORE, Defendants pray this Honorable Court will grant their Motion for Judgment on the Pleadings and will enter judgment in their favor as a matter of law, together with awarding Defendants reasonable attorneys' fees and costs.

| | |
|---|---|
| **RASKIN & RASKIN, P.A.** | **LITCHFORD & CHRISTOPHER** |
| 2601 South Bayshore Drive | Professional Association |
| Suite 725 | Bank of America Center |
| Miami, Florida 33133 | 390 North Orange Avenue |
| Telephone: (305) 444-3400 | Post Office Box 1549 |
| Facsimile: (305) 445-0266 | Orlando, Florida 32802 |
| Attorneys for Defendant Curry, | Telephone: (407) 422-6600 |
| Palaxar Group, LLC and Palaxar Holdings, LLC | Telecopier: (407) 841-0325 |
| | Attorneys for Defendant Frank Hailstones |
| By: /s/ Martin R. Raskin | By: /s/ Donald E. Christopher |
|    MARTIN R. RASKIN, Trial Counsel |    Donald E. Christopher |
|    Florida Bar No. 315206 |    Florida Bar No. 250831 |
|    mraskin@raskinlaw.com |    dchristopher@litchfordchristopher.com |
|    JANE SERENE RASKIN |    Christine M. Ho |
|    Florida Bar No. 848689 |    Florida Bar No. 844853 |
| |    cho@litchfordchristopher.com |

Craig S. Warkol, Esquire
BRACEWELL & GIULIANI LLP
1177 Avenue of the Americas
New York, N.Y. 10036
Telephone: (212) 508-6100
Facsimile: (212) 938-3850
Craig.warkol@bgllp.com
Attorneys for Defendant Frank Hailstones

185640_3.doc

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on November 21, 2007 I electronically filed the foregoing Defendants' Motion for Judgment on the Pleadings and Incorporated Memorandum of Law with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Aaron C. Bates, Esquire
abates@goldbergbates.com

J. Russell Campbell
rcampbell@balch.com

            s/Jane Serene Raskin
            Jane Serene Raskin