# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| MIRABILIS VENTURES, INC. and NEXIA STRATEGY CORPORATION,<br><br>      Plaintiffs,<br>-vs-<br><br>PALAXAR GROUP, LLC;<br>PALAXAR HOLDINGS, LLC;<br>FRANK HAILSTONES; EDITH CURRY a/k/a EDITH BROADHEAD; and<br>FICTICIOUS DEFENDANT 1;<br>FICTICIOUS DEFENDANT 2;<br>FICTICIOUS DEFENDANT 3;<br>FICTICIOUS DEFENDANT 4;<br>FICTICIOUS DEFENDANT 5;<br>FICTICIOUS DEFENDANT 6;<br>FICTICIOUS DEFENDANT 7;<br>FICTICIOUS DEFENDANT 8<br><br>      Defendants. | CASE NO.: 6:07-CV-1788-ORL-28-KRS |

## ANSWER AND AFFIRMATIVE DEFENSES
## OF DEFENDANT FRANK HAILSTONES

COMES NOW Defendant FRANK HAILSTONES ("HAILSTONES"), by and through his undersigned attorneys, and files this his Answer and Affirmative Defenses to Plaintiffs' complaint.

## Answer

In Answer to the respective numbered paragraphs of Plaintiffs' Complaint, Defendant HAILSTONES responds as follows:

1. ADMITTED.

2. ADMITTED.

3. ADMITTED.

4. ADMITTED that Defendant HAILSTONES is a resident of the United Kingdom and that he formerly was an officer and director of Plaintiff MIRABILIS, but otherwise DENIED.

5. ADMITTED that Defendant CURRY is a resident of Virginia, but otherwise DENIED.

6. DENIED.

7. ADMITTED for jurisdictional purposes, but otherwise DENIED.

8. Defendants CURRY, PALAXAR GROUP, and PALAXAR HOLDINGS admit the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, had subject matter jurisdiction of this matter prior to removal to this Court.

9. ADMITTED for jurisdictional purposes, but otherwise DENIED.

10. Without knowledge, accordingly DENIED.

11. ADMITTED that venue is proper, but otherwise DENIED.

12. ADMITTED.

13. ADMITTED that Plaintiff NEXIA has been a wholly owned subsidiary of Plaintiff MIRABILIS, but otherwise DENIED.

14. DENIED.

15. DENIED.

16. DENIED.

17. DENIED.

18. DENIED.

19. DENIED.

20. DENIED.

21. ADMITTED that the employment contract of Defendant HAILSTONES speaks for itself, but otherwise DENIED.

22. ADMITTED that the employment contract of Defendant HAILSTONES speaks for itself, but otherwise DENIED.

23. DENIED.

24. DENIED.

25. DENIED.

26. DENIED.

27. DENIED.

28. ADMITTED that Defendants PALAXAR GROUP and PALAXAR HOLDINGS were formed as Virginia limited liability companies, but otherwise DENIED.

29. DENIED.

30. DENIED.

31. DENIED.

32. DENIED.

33. DENIED.

34. DENIED.

35. Defendant HAILSTONES realleges and adopts again his answers to each of the respective paragraphs incorporated by reference.

36. ADMITTED that Defendant HAILSTONES executed an employment agreement at some point, but otherwise DENIED.

37. DENIED.

38. DENIED.

39. DENIED.

40. Defendant HAILSTONES realleges and adopts again his answers to each of the respective paragraphs incorporated by reference.

41. DENIED.

42. ADMITTED that if serving as an officer or director, Defendant HAILSTONES would have had fiduciary duties, but otherwise DENIED.

43. DENIED.

44. DENIED.

45. Defendant HAILSTONES realleges and adopts again his answers to each of the respective paragraphs incorporated by reference.

46. DENIED.

47. DENIED.

48. DENIED.

49. DENIED.

50. Defendant HAILSTONES realleges and adopts again his answers to each of the respective paragraphs incorporated by reference.

51. Without knowledge, accordingly DENIED.

52. DENIED.

53. DENIED.

185646.doc

54. DENIED.

55. DENIED.

56. DENIED.

57. Defendant HAILSTONES realleges and adopts again his answers to each of the respective paragraphs incorporated by reference.

58. DENIED.

59. DENIED.

60. DENIED.

61. DENIED.

62. DENIED.

63. DENIED.

64. DENIED.

65. Defendant HAILSTONES realleges and adopts again his answers to each of the respective paragraphs incorporated by reference.

66. DENIED.

67. DENIED.

68. DENIED.

### **Affirmative Defenses**

As and for Affirmative Defenses to Plaintiff's Complaint, Defendant HAILSTONES alleges as follows:

1. Plaintiffs' claims are barred by certain written contracts which completely govern the subject matter of the Complaint. Specifically, pursuant to a August 1, 2006, Assignment Agreement, a copy of which is attached as Exhibit "A" to the Answer and

Affirmative Defenses of Defendant CURRY and incorporated herein by reference (the "Nexia Certification Assignment"), Plaintiffs assigned all of their right, title and interest in Nexia Certification to Defendants CURRY and HAILSTONES, together with Laurie Holtz and Michael Dement. This Assignment was further confirmed by reference made in that certain Confidential Separation Agreement entered into on October 20, 2006, between Plaintiff MIRABILIS and Defendant CURRY, a copy of which is attached as Exhibit "B" to the Answer and Affirmative Defenses of Defendant CURRY and incorporated herein by reference ("Curry's Separation Agreement").

2. Plaintiffs' claims are barred by the doctrine of accord and satisfaction, because any right, title or interest Plaintiffs ever may have had to Nexia Certification was voluntarily relinquished to Defendant HAILSTONES in the Nexia Certification Assignment and by reason of Curry's Separation Agreement in exchange for consideration acknowledged by Plaintiff MIRABILIS as being of value.

3. Plaintiffs' are estopped by the provisions of the Nexia Certification Assignment from asserting any present right, title or interest superior to Defendant HAILSTONES in any of the Nexia Certification intellectual property.

4. By reason of Plaintiff MIRABILIS having entered into the Nexia Certification Assignment and Curry's Separation Agreement, all claims as alleged by Plaintiffs in this action have been waived because of MIRABILIS' transfer to Defendant HAILSTONES and the other assignees of any right, title and interest Plaintiffs may have otherwise had to the Nexia Certification intellectual property.

185646.doc

5. Plaintiffs' claims against Defendant HAILSTONES are barred by the future assurances clauses contained in the paragraphs 2.1, 2.3, "2.4 Patents," and "2.4 Trademarks" of the Nexia Certification Assignment.

6. By reason of the limitation of liability clause set forth in paragraph 6 of the Nexia Certification Assignment, Defendant HAILSTONES is not liable to Plaintiff MIRABILIS for any of the damages MIRABILIS alleges in the Complaint that it has suffered.

7. Plaintiffs have failed to satisfy the condition precedent to bringing this action of first submitting any dispute to non-binding mediation as required by paragraph 7.1 of the Nexia Certification Assignment.

8. Defendant HAILSTONES is entitled to recover from Plaintiff MIRABILIS all of his attorneys' fees and costs of defending this action by reason of paragraph 7.2 of the Nexia Certification Assignment.

9. Defendant HAILSTONES executed the Nexia Certification Assignment and Curry's Separation Agreement with full authority as President on behalf of Plaintiff MIRABILIS pursuant to the express request and personal direction of Frank Amodeo, the owner and individual then ultimately effectively controlling and directing all of the affairs of Plaintiffs MIRABILIS and NEXIA at all times material hereto.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant FRANK HAILSTONES prays this Honorable Court will enter judgment in his favor against Plaintiffs MIRABILIS VENTURES, INC. and NEXIA STRATEGY CORPORATION dismissing this action with prejudice, awarding Defendant HAILSTONES all of his costs

and reasonable attorney's fees incurred herein, and providing such other and further relief as this Court deems just and proper.

Dated: November 21, 2007

| | |
|---|---|
| Craig S. Warkol, Esquire<br>BRACEWELL & GIULIANI LLP<br>1177 Avenue of the Americas<br>New York, N.Y.  10036<br>Telephone: (212) 508-6100<br>Facsimile: (212) 938-3850<br>Craig.warkol@bgllp.com<br>Attorneys for Defendant Frank Hailstones | **LITCHFORD & CHRISTOPHER**<br>Professional Association<br>Bank of America Center<br>390 North Orange Avenue<br>Post Office Box 1549<br>Orlando, Florida 32802<br>Telephone: (407) 422-6600<br>Telecopier: (407) 841-0325<br>Attorneys for Defendant Frank Hailstones<br><br>By: /s/ Donald E. Christopher<br>   Donald E. Christopher, Trial Counsel<br>   Florida Bar No. 250831<br>   dchristopher@litchfordchristopher.com<br>   Christine M. Ho<br>   Florida Bar No. 844853<br>   cho@litchfordchristopher.com |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 21, 2007 I electronically filed the foregoing Answer and Affirmative Defenses of Defendant Frank Hailstones with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Aaron C. Bates, Esquire
abates@goldbergbates.com

I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

J. Russell Campbell, Esquire
rcampbell@balch.com

                                            /s/ Donald E. Christopher
                                             Donald E. Christopher