IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MIRABILIS VENTURES, INC. and
NEXIA STRATEGY CORPORATION,

    Plaintiffs,

v.                                                            CASE NO.: 6:07-CV-1788-ORL-28-KRS

PALAXAR GROUP, LLC;
PALAXAR HOLDINGS, LLC;
FRANK HAILSTONES; EDITH CURRY
a/k/a EDITH BROADHEAD; and
FICTITIOUS DEFENDANTS 1-8.

    Defendants.

## PLAINTIFFS' RESPONSE TO
## DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiffs Mirabilis Ventures, Inc. ("Mirabilis") and Nexia Strategy Corporation ("Nexia") (sometimes referred to collectively as "Plaintiffs"), by and through their undersigned attorneys, hereby file this response to the Motion for Judgment on the Pleadings filed by Palaxar Group, LLC and Palaxar Holdings, LLC (collectively referred to as "Palaxar"), Frank Hailstones ("Hailstones"), Edith Curry ("Curry") and Fictitious Defendants 1-8 (sometimes referred to collectively as "Defendants"). There are genuine issues of material fact to be tried, and Defendants are not entitled to judgment as a matter of law. In support thereof, Plaintiffs show as follows:

### BACKGROUND

The background and facts leading up to the filing of Plaintiffs' Complaint are set forth in detail in the Complaint which was filed on October 12, 2007. The Complaint

944144.1                                                                                                                               1

seeks damages and injunctive relief against Defendants for breach of contract, breach of fiduciary duty, misappropriation of trade secrets and confidential information, conversion and unjust enrichment. Essentially, Hailstones and Curry are both former officers and/or directors of Plaintiffs. While employed by Plaintiffs, Hailstones and Curry participated in the creation of Nexia Certification, an anti-fraud solutions program, financed by and created for the benefit of Plaintiffs. Plaintiffs' purpose in creating Nexia Certification was to market and sell Nexia Certification as a suite of anti-fraud services to businesses.

As stated in the Complaint, Hailstones and Curry breached their employment contracts and fiduciary duties, flowing from their positions as elected officers and directors of Plaintiffs, by conspiring to use confidential and proprietary information and Nexia Certification for their own personal benefit and gain, and/or the benefit and gain of others. Hailstones and Curry named themselves as the inventors on the patent application for Nexia Certification and failed to name Nexia as the "owner" or "title-holder" of the patent and/or assign the rights of the patent application to Nexia as agreed upon. Furthermore, while Hailstones and Curry were still employed by Plaintiffs, they organized a competing entity, Palaxar Group LLC and/or Palaxar Holdings LLC, which in turn implemented and marketed what has been referred to above as Nexia Certification.

On November 21, 2007, after removing the case to this Court, Defendants filed a Motion for Judgment on the Pleadings and Incorporated Memorandum of Law. As grounds for their motion, Defendants claim that Plaintiffs assigned to Defendants Curry and Hailstones all rights Plaintiffs may have had to Nexia Certification in exchange for

One and 00/100 Dollar ($1.00) and a perpetual non-exclusive license to use the product. (Defs. Mot. ¶1; Ex. A to Defs. Mot. ). Defendants claim that two written documents, attached as Exhibits A and B to Defendants' Answers, bar Plaintiffs' claims. Defendants claim that these documents transferred to Defendants the property which Plaintiffs claim that Defendants have misappropriated.

Contrary to Defendants' position in their Answers and Motion for Judgment on the Pleadings, Exhibits A and B to Defendants' Answers in no way bar Plaintiffs' claims as asserted in the Complaint. To the contrary, Exhibits A and B – each of which is executed by defendant Hailstones – are evidence of Hailstones' and Curry's conspiracy to convert Plaintiffs' property to their own use and for their own self-serving benefit. Therefore, Defendants' Motion for Judgment on the Pleadings is due to be denied. Furthermore, Defendants attachment of unverified and unauthenticated "other papers" to Defendants' Answers and their reliance on such papers in the Motion for Judgment on the Pleadings in effect makes their motion a motion for summary judgment. Because Plaintiffs dispute the authenticity, enforceability and validity of the Exhibits attached to Defendants' Answers, such documents should not be considered for purposes of a motion for judgment on the pleadings. Consideration of such disputed documents by the Court would convert Defendants' motion to a motion for summary judgment, which is untimely because Plaintiffs have not yet had the opportunity to conduct discovery. However, even considering the Exhibits as part of the pleadings for purposes of Defendants' motion, the Exhibits implicate Defendants in the self-dealing and breach of fiduciary duties as set

forth in the Complaint, as opposed to absolving Defendants. For the aforementioned reasons, Defendants' Motion for Judgment on the Pleadings should be denied.

## STANDARD

"Judgment on the pleadings is appropriate where there are *no material facts in dispute* and the moving party is entitled to judgment as a matter of law." *Palmer & Cay, Inc. v. Marsh & McLennan Companies, Inc.*, 404 F.3d 1297, 1302 (11th Cir. 2005) (emphasis added). "A fact is 'material' if it 'might affect the outcome of the suit under the governing [substantive] law.'" *Doe v. Mann*, 2006 U.S. Dist. LEXIS 81079, *3 (M.D. Fla. October 5, 2006) *citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In reviewing a judgment on the pleadings, a district court must "accept the facts in the complaint as true." *Sakolsky, et al v. Rubin Memorial Chapel*, LLC, 2007 U.S. Dist. LEXIS 79713, *3-4 (S.D. Fla. 2007). The court must view the facts "in the light most favorable to the nonmoving party," and it can grant the motion only if the non-movant "can prove no set of facts" which would allow it to prevail. *Palmer & Kay*, 404 F.3d at 1302. *See also Orlando Nightclub Enters. v. James River Ins. Co.*, 2007 U.S. Dist. LEXIS 88320, *9 (M.D. Fla. November 30, 2007) (holding that Rule 12 motions should be denied unless "upon reviewing the pleadings it is clear that the [moving party] would not be entitled to relief under any set of facts that could be proved consistent with the allegations"). A judgment on the pleadings alone "must be based on the *undisputed* facts *appearing in all of the pleadings*." *Bethel v. Escambia County Sheriff's Office, et al.*, 2006 U.S. Dist. LEXIS 46168, *3 (N.D. Fla. July 7, 2006) (emphasis added). This standard is "fairly restrictive" as "the moving party must clearly establish that no material

issue of fact remains unresolved and that it is entitled to judgment as a matter of law." *Sakolsky,* 2007 U.S. Dist. LEXIS 79713 at *3-4.

## ARGUMENT

I. Defendants' Motion is in Effect a Motion for Summary Judgment. Defendants' Motion is Untimely Because Discovery has not yet been Conducted.

While Defendants characterize their motion as a Motion for Judgment on the Pleadings, it is more properly viewed as a motion for summary judgment. Defendants, in an apparent effort to circumvent the Federal Rules of Civil Procedure, have attached unauthenticated and unverified "other papers" to their Answers and in moving for their motion. Because this is in effect a summary judgment motion, Defendants' motion is untimely.

> Rule 12(c) of the Federal Rules of Civil Procedure provides:
>
> If, on a motion for judgment on the pleadings, *matters outside the pleadings* are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and *all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.*

Rule 7(a) of the Federal Rules of Civil Procedures defines "pleadings" to include both the complaint and answer. While Fed. R. Civ. P. 10(c) provides that "[a] copy of any written instrument which is an exhibit to a pleading is part thereof for all purposes," the Eleventh Circuit has held that a document attached to a pleading may be considered by the court without converting the Rule 12(c) motion into one for summary judgment "*only if* the attached document is: (1) central to a claim; and (2) undisputed in the sense that the authenticity of the document is not challenged." *Doe,* 2006 U.S. Dist. LEXIS

944144.1

5

81079, *5-6 (emphasis added). Plaintiffs object to the Court's consideration of Exhibits A and B at this juncture on the grounds that the exhibits have not been authenticated, are subject to evidentiary objections, were executed without the authority or approval of the Board of Directors or shareholders of Plaintiffs[1], and do not support a Motion for Judgment on the Pleadings. Plaintiffs further dispute the validity and applicability of both Exhibits attached to Defendants' Answers.

Because Plaintiffs object to the Court's consideration of Exhibits A and B for purposes of a Motion for Judgment on the Pleadings, the Court should not consider such documents as support for Defendants' motion. *See Bethel*, 2006 U.S. Dist. LEXIS 46168, *6-7 (refusing to consider the exhibits attached to the pleading in ruling on a motion for judgment on the pleadings because the opposing party disputed the authenticity of the exhibits). In addition, even if such documents were considered by this Court in ruling on the Defendants' Motion for Judgment on the Pleadings, the motion would in effect be converted to a motion for summary judgment which is improper at this time as Plaintiffs have not had the opportunity to conduct discovery. *See* Fed. R. Civ. P. 12(c).

    II.    <u>Defendants have Failed to Establish that there is no Material Facts in Dispute, and that they are Entitled to Judgment on the Pleadings.</u>

Even if this Court considers Exhibits A and B to Defendants' Answers to be part of the "pleadings" for purposes of their motion, Defendants' Motion for Judgment on the Pleadings is due to be denied. Defendants have conveniently failed to acknowledge that both Exhibits A and B to Defendants' Answers are voidable because they were created

---

[1] See the Affidavit of Jodi Jaiman, President of Mirabilis, attached hereto as Exhibit 1.

and signed by Hailstones, purporting to act in his capacity as President of Mirabilis, while acting outside of the scope of his authority as an officer and director of Plaintiffs, and without the consent of the Board of Directors or shareholders of Plaintiffs. Furthermore, Hailstones and Curry were engaged in self-dealing, and not acting in the best interest of Plaintiffs when they signed the documents.

"For purposes of a motion for judgment on the pleadings, all of the factual allegations of the non-moving party's pleadings are taken as true, but those of the moving party are taken as true *only where and to the extent that they have not been denied or do not conflict with those of the non-moving party's pleadings*. If denied, the moving party's allegations are taken as false." *Bethel*, 2006 U.S. Dist. LEXIS 46168, *3-4 (emphasis added). Plaintiff's Complaint seeks damages and injunctive relief against Defendants for breach of contract, breach of fiduciary duty, misappropriation of trade secrets and confidential information, conversion and unjust enrichment. Plaintiffs' allege that Hailstones and Curry breached their employment contracts and fiduciary duties by conspiring to use confidential and proprietary information and Nexia Certification, which was developed at Plaintiffs' expense, for their own personal benefit and gain, and/or the benefit and gain of others. (Compl. ¶ 23). Exhibits A and B are evidence of the conspiracy, breach of duties, misappropriation and conversion alleged in the Complaint.[2] The allegations asserted by Defendants in their Answers and their Motion for Judgment on the Pleadings, specifically that Plaintiffs assigned all rights in Nexia Certification to

---

[2] Contemporaneous with the filing of this Response, Plaintiffs have filed a Motion for Leave to Amend with an attached Amended Complaint asserting claims disputing the authenticity, validity, enforceability and applicability of Exhibits A and B to Defendants' Answers.

Defendants, directly conflicts with the Complaint. Therefore, the allegations asserted by Defendants cannot be taken by this Court as "true" for purposes of a motion for judgment on the pleadings. *See Bethel*, 2006 U.S. Dist. LEXIS 46168, *3-4.

Furthermore, as stated above, Exhibits A and B are voidable pursuant to Florida law. In Exhibit A, Hailstones attempts to assign rights to Nexia Certification from Mirabilis to himself, Curry, Holtz and Dement for One and 00/100 Dollar ($1.00) and a perpetual non-exclusive license to use the product. He makes this attempt without the consent of the Board of Directors or shareholders of Nexia, the owner of Nexia Certification, and, therefore, violates Fla. Stat. § 607.0832. Section 607.0832 essentially provides that transaction between a corporation and one or more of its directors shall be either void or voidable *unless*:

> (a) The fact of such relationship or interest is *disclosed or known* to the board of directors . . . which *authorizes, approves, or ratifies* the contract or transaction by a vote or consent sufficient for the purpose without counting the votes or consents of such interested directors; (b) The fact of such relationship or interest is *disclosed or known* to the shareholders entitled to vote and they *authorize, approve, or ratify* such contract or transaction by vote or written consent; or (c) The contract or transaction is *fair and reasonable* as to the corporation at the time it is authorized by the board, a committee, or the shareholders.

Fla. Stat. § 607.0832 (emphasis added).

Assuming, *arguendo*, that Mirabilis had the right to assign Nexia Certification, the fact that Hailstones was attempting to assign the rights in Nexia Certification to himself and Curry, individually, was not disclosed to the Board of Directors of Mirabilis or Nexia. In Exhibit B, Hailstones, once again, attempts to assign certain rights to Curry without the consent of the Board of Directors and for the purpose of personal benefit.

Neither the Board of Directors for Mirabilis nor Nexia authorized, approved or ratified the transactions reflected in Exhibits A or B.[3] Exhibit B itself notes that the document is merely a DRAFT. This is further evidence that Exhibit B was not authorized or approved by the Board of Directors. Moreover, Defendants' suggestion that a transaction whereby substantially all of the assets of Nexia are assigned by Mirabilis to Defendants for $1.00 is "fair and reasonable", pursuant to Fla. Stat. § 607.0832(c), is baseless and without merit. As a result, pursuant to Fla. Stat. § 607.0832, Hailstones' and Curry's employment contracts, Hailstones' and Curry's roles as officers and directors of Plaintiffs, and Plaintiffs' Bylaws, both Exhibits are voidable and, therefore, transferred no rights in Nexia Certification to Defendants.

In addition, Fla. Stat. § 607.00830 provides that a director "shall discharge his or her duties as a director . . . in good faith [and] in a manner he or she reasonably believes to be in the best interest of the corporation." *See also Cohen v. Hattaway, et al.*, 595 So. 2d 105 (Fla. Dist. Ct. App. 5th Dist. 1992) (holding that corporate directors and officers owe a fiduciary obligation to the corporation and its shareholders and must act in good faith and in the best interest of the corporation). Defendants could not have reasonably or legitimately believed that they were acting in the best interest of Plaintiffs in drafting and signing Exhibits A and B which purport to transfer substantially all of the assets of Nexia to insider-directors of Plaintiffs for $1.00. Moreover, such a transfer constitutes the sale or disposition of all, or substantially all, of Nexia's property outside the usual and regular course of business. Such a transaction requires recommendation from the Board of

---

[3] *See* Exhibit 1.

Directors of Nexia and the approval of the shareholders of Nexia, pursuant to Fla. Stat. § 607.1202, neither of which was acquired in the instant case. Exhibits A and B are voidable and, therefore, cannot bar Plaintiffs' claims.

## CONCLUSION

Defendants' claim that judgment on the pleadings is appropriate because "the undisputed facts show that Plaintiffs have no ownership interest in Nexia Certification" is without merit. To the contrary, the pleadings demonstrate that material facts are in dispute and, therefore, Plaintiffs are not entitled to judgment on the pleadings. Because Plaintiffs object to the Court's consideration of Exhibits A and B to Defendants Answers for purposes of Defendants' Motion for Judgment on the Pleadings, the Court should not consider such documents as support for Defendants' motion. In addition, even if such documents were considered by this Court in ruling on the Defendants' Motion for Judgment on the Pleadings, the motion would in effect be converted to a motion for summary judgment which is improper at this time. Finally, even if the Court considers Exhibits A and B to Defendants' Answers as part of the "pleadings" in this matter, Plaintiffs have failed to meet their burden of establishing that there are no issues of material fact in dispute and that they are entitled to judgment as a matter of law.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that this Honorable Court deny Defendants' Motion for Judgment on the Pleadings.

MIRABILIS VENTURES, INC. and
NEXIA STRATEGY CORPORATION,

s/ Aaron C. Bates
By: Counsel

**Counsel:**

Aaron C. Bates, Esq.
GOLDBERG BATES, PLLC
Florida Bar No. 011749
3660 Maguire Boulevard
Suite 102
Orlando, FL 32803
Telephone: (407) 893-3776
Facsimile: (407) 893- 3779
abates@goldbergbates.com

J. Russell Campbell
Florida Bar No. 901423
BALCH & BINGHAM LLP
P. O. Box 306
Birmingham, Alabama 35201-0306
Telephone: (205) 251-80100
Facsimile: (205) 226-8798
rcampbell@balch.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 6th, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to all parties named on the attached Service List or in some other authorized manner for those counsel or parties who are not authorized to receive notices electronically.

                                                           s/ Aaron C. Bates
                                                           Aaron C. Bates

## SERVICE LIST

Martin R. Raskin
Jane Serene Raskin
RASKIN & RASKIN, P.A.
2601 South Bayshore Drive
Suite 725
Miami, Florida 33133
mraskin@raskinlaw.com

**Attorneys for Edith Curry, Palaxar Group LLC, and Palaxar Holdings LLC**

Donald E. Christopher
Christine M. Ho
LITCHFORD & CHRISTOPHER
Professional Association
Bank of America Center
390 North Orange Avenue
Post Office Box 1549
Orlando, Florida 32802
dchristopher@litchfordchristopher.com
cho@litchfordchristopher.com

and

Craig S. Warkol
BRACEWELL & GIULIANI LLP
1177 Avenue of the Americas
New York, N.Y. 10036
Craig.warkol@bgllp.com

**Attorneys for Frank Hailstones**

944144.1

12