IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MIRABILIS VENTURES, INC. and
NEXIA STRATEGY CORPORATION,

    Plaintiffs,

v.                                    CASE NO.: 6:07-CV-1788-ORL-28-KRS

PALAXAR GROUP, LLC;
PALAXAR HOLDINGS, LLC;
FRANK HAILSTONES; EDITH CURRY
a/k/a EDITH BROADHEAD; and
FICTITIOUS DEFENDANTS 1-8.

    Defendants.

___

## OPPOSED MOTION FOR EXPEDITED DISCOVERY AND LEAVE TO SUPPLEMENT WITH LEGAL MEMORANDUM IN SUPPORT THEREOF

Plaintiffs Mirabilis Ventures, Inc. ("Mirabilis") and Nexia Strategy Corporation ("Nexia") (sometimes referred to collectively as "Plaintiffs"), by and through their undersigned attorneys, file this Motion for Expedited Discovery pursuant to Rules 26, 33, 34 and 36 of the Federal Rules of Civil Procedure. Plaintiffs move this Court to require Defendants to fully respond to Plaintiffs' First Set of Interrogatories, Requests for Production of Documents and Request for Admissions (contemporaneously served herewith and attached hereto as "Exhibit A") on or before 5:00 p.m. on January 15, 2007. Furthermore, Plaintiffs request leave to supplement documents produced this day pursuant to this Court's Order on or before January 18, 2008.

Pursuant to Local Rule 3.01(g), counsel for Plaintiffs has contacted counsel for Frank Hailstones ("Hailstones"), Edith Curry ("Curry"), and Palaxar Group LLC and Palaxar Holdings

948900.1                                                                                              1

LLC (collectively referred to as "Palaxar"). Counsel for Hailstones, Curry and Palaxar oppose the relief and orders sought herein.

As grounds for this motion, Plaintiffs state as follows:

## INTRODUCTION

Hailstones and Curry are former officers and/or directors of Plaintiffs. While employed by Plaintiffs, Curry was tasked with creating an anti-fraud certification program for the benefit of Plaintiffs referred to as the Nexia Certification Program ("Nexia Certification"). During the development and creation of Nexia Certification, Hailstones and Curry had access to, and did in fact gather, confidential and proprietary information and trade secrets belonging to Plaintiffs. In addition, Hailstones and Curry developed numerous business contacts and relationships with potential clients through their employment with Plaintiffs. As part of the Nexia Certification project, Curry was tasked with obtaining a patent for Nexia Certification for the benefit of Plaintiffs. Mirabilis, as Nexia's parent corporation, paid all fees associated with the research and development of Nexia Certification and the accompanying patent application. It was understood by all parties that Nexia was to be the owner of the Nexia Certification patent.

Hailstones and Curry each were bound by employment contracts, which contain provisions prohibiting the misappropriation of trade secrets and providing for the protection of confidential information obtained while performing their duties as employees of Plaintiffs. The employment contracts for Hailstones and Curry also provide that upon the employees' termination, they are prohibited from disclosing or making available any confidential information to any person or entity within a specific period of time after their termination without Plaintiffs' consent.

Hailstones and Curry breached their employment contracts and fiduciary duties, and violated Florida law, by conspiring to use, and using, confidential and proprietary information

and Nexia Certification for their own personal benefit and gain, and/or the benefit and gain of others. Specifically, while Hailstones and Curry were still employed by Plaintiffs, they organized a competing entity, Palaxar Group LLC and/or Palaxar Holdings LLC, which would in turn implement and market Nexia Certification. Both Hailstones and Curry are founding members of Palaxar Group LLC and/or Palaxar Holdings LLC.

Furthermore, as part of their conspiracy to convert Nexia Certification and the confidential and proprietary information gathered while employed by Plaintiffs, Hailstones and Curry drafted and signed documents purporting to transfer rights to Nexia Certification to themselves. Defendants drafted and signed such documents without the authorization, approval or ratification of the Board of Directors for Plaintiffs.

Defendants have stolen Nexia Certification, and in effect all of Nexia's assets. Palaxar is currently offering for sale to others the patent-pending fraud solution program, Nexia Certification, developed by Nexia at Mirabilis' expense. The property Defendants have sold, and continue to market, belongs, in law and in equity, to Plaintiffs. It is Plaintiffs' to sell – not Defendants. Defendants' use of this property as their own has damaged, and continues to damage Plaintiffs and deprives Plaintiffs of the benefit of property which they rightfully own.

## BACKGROUND

1. On October 12, 2007, contemporaneous with the filing of the Complaint in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, Plaintiffs filed a Motion for Preliminary Injunction seeking injunctive relief against Defendants for misappropriation of trade secrets. Plaintiffs filed this action and the Motion for Preliminary Injunction in an effort to halt any further misappropriation of Plaintiffs' property, including Nexia Certification. At all times Nexia Certification has been paid for by, developed by, patented by, and intended for use by the Plaintiffs – Not the Defendants.

2.      On October 15, 2007, Plaintiffs served Defendants with the Summons and Complaint and the Motion for Preliminary Injunction and Notices of Deposition.

3.      On or about November 9, 2007, Defendants filed a Notice of Removal to the United States District Court, Middle District of Florida.

4.      The parties conducted the Rule 26 conference on December 12, 2007.

5.      The hearing on Plaintiffs' Motion for Preliminary Injunction has been set by this Court on January 25, 2008.

6.      Pursuant to the Court's Order entered on December 31, 2007, Plaintiffs were required to serve and file all papers and affidavits on January 4, 2008, upon which Plaintiffs intend to rely upon at the hearing. The Order requires Defendants to file and serve any briefs, affidavits, or other evidence in opposition to Plaintiff's motion on or before January 15, 2008.

### BASIS FOR MOTION AND LEGAL BRIEF IN SUPPORT THEREOF

7.      Consistent with this Court's Order, Plaintiffs have contemporaneously served Defendants with a Declaration of Jodi Jaiman, the current president of Mirabilis and Nexia, attaching Exhibits demonstrating that Plaintiffs' Motion for Preliminary Injunction is due to be granted. The Declaration and Exhibits served on Defendants reflect Defendants' breach of their employee contracts and fiduciary duties, as well as the misappropriation of Plaintiffs' trade secrets and property, including Nexia Certification. Such documents include, without limitation: the employment contracts and employee handbooks for Hailstones and Curry; financial records demonstrating the expenses incurred by Plaintiffs for the development and creation of Nexia Certification, including the application to the United States Patent and Trademark Office; Curry's notes and documents compiled while employed by Plaintiffs discussing and/or referring to the structure and processes made the basis of Nexia Certification; documents reflecting that Defendants were aware that Plaintiffs were the owners of Nexia Certification; the Board of

Directors Meeting Minutes demonstrating that an assignment of Nexia Certification to Defendants was never authorized, approved or ratified by Defendants' Board of Directors; and print-outs from Palaxar's website discussing and marketing the anti-fraud solutions program made the basis of this suit, as well as seminar brochures demonstrating that Defendants are actively marketing this program to third parties.

8. It is clear based on the evidence discussed above and applicable law that the Plaintiffs are entitled to a preliminary injunction requiring Defendants to stop all use of Nexia Certification in any manner whatsoever and immediately return all Nexia materials, including Nexia Certification, to Plaintiffs. *See Thomas, et al. v. Alloy Fasteners, Inc.*, 664 So. 2d 59, 60-61 (Fla. App. 5th Dist. 1995) (affirming injunction because there was more than sufficient evidence the former employee misappropriated trade secrets by taking confidential information, unavailable in the public domain which useful to competitor's, with him upon termination of his employment); *I.C. Systems, Inc., et al. v. Oliff*, 824 So. 2d 286, 287-88 (Fla. App. 4th Dist. 2002) (holding that the employer was entitled to injunctive relief prohibiting the former employee from using misappropriated trade secrets while working for a competitor because, among other reasons, the violation of an enforceable restrictive covenant creates a presumption of irreparable injury, and injunctive relief is authorized pursuant to Florida's Uniform Trade Secrets Act). While Defendants may contend that they are not presently using Nexia Certification, Florida's Uniform Trade Secrets Act does not require that the trade secrets or confidential information be used before it can be enjoined. *See* Fla. Stat. § 688.003. "Clearly a threatened misappropriation of trade secrets may be enjoined." *Thomas*, 556 So. 2d at 60.

9. In addition to the documents in Plaintiffs' possession, documents and information in Defendants' possession are necessary for Plaintiffs to fully prepare for the hearing on

948900.1

5

Plaintiffs' Motion for Preliminary Injunction scheduled for January 25, 2008. Specifically, in order to present to this Court a comprehensive picture of Defendants' misappropriation of trade secrets, confidential information, and property owned by Plaintiffs, as well as the monetary gain resulting from such misappropriation, Plaintiffs need to obtain a limited quantity of discovery responses and documents directed to the issues to be presented at the hearing on the Motion for Preliminary Injunction. In order to obtain this information and documents, Plaintiffs are concurrent with this motion serving upon all Defendants limited discovery related to the requested injunctive relief. A copy of that discovery is attached as Exhibit A.

10. Generally, the Federal Rules of Civil Procedure allow a party thirty days to respond to interrogatories, document production requests and requests for admissions. See Fed. R. Civ. P. 33(a-b), 34(b), 36(a). Exceptions to the standard period of time permitted for discovery do exist, however, and this Court is with broad discretion to permit discovery on an expedited basis. See Fed. R. Civ. P. 33(b)(3), 34(b), 36(a). Under Rule 26(d) of the Federal Rules of Civil Procedure, the Court may order expedited discovery. *See Integra Bank N.A. v Pearlman, et al.*, 2007 U.S. Dist. LEXIS 7781, *7 (February 2, 2007 M.D. Fla.) ("The Federal Rules of Civil Procedure relating to discovery in federal court proceedings expressly provide that a Court may shorten the time for a party to provide discovery"); *see also New York v. U.S. Metals Refining Co.*, 771 F.2d 796, 805 (3d Cir. 1985) (The court is afforded "wide discretion to manage the process" of expedited discovery). As other courts have noted, the prevention of an irreparable harm and/or prejudice to the moving party is a basis for expedited discovery. *See Physicians Interactive v. Lathian Systems, Inc.*, 2003 WL 23018270, *10 (8th Cir. 2003).

11. Because the hearing on the Motion for Preliminary Injunction is scheduled to occur prior to the standard deadlines set forth in the Federal Rules of Civil Procedure for

Defendants' responses to Plaintiffs' First Set of Interrogatories, Requests for Production of Documents and Requests for Admissions, good cause exists to justify an order expediting discovery so as to permit Plaintiffs to protect their due process rights and fully prepare for the hearing.

12.  In addition to moving for expedited discovery, Plaintiffs move for leave to supplement the supporting documents produced by Plaintiffs on January 4, 2007, with relevant and applicable documents received from Defendants in response to the expedited discovery. The Court's Order entered on December 31, 2007, requires that Plaintiffs serve Defendants with all documents they plan to rely on at the hearing on Plaintiff's Motion for Preliminary Injunction before 12:00 p.m. on January 4, 2008 (just four business days, excluding New Years Day, after the entering of the Court's Order). Pursuant to Local Rule 4.06(b)(2), the party applying for a preliminary injunction must serve "all paper and affidavits upon which the moving party intends to rely ... at least five (5) full days prior to the hearing." Therefore, Plaintiffs request that this Court grant them leave to supplement the documents produced on January 4, 2007, as required by the Court's Order, on or before January 18, 2005 (five business days and seven calendar days prior to the hearing), with any responsive documents received pursuant to the expedited discovery requested herein.

13.  It would be advantageous to all parties and to this Court to allow the requested limited, expedited discovery as well as the supplementation of Plaintiffs' documents to be relied upon at the hearing on Plaintiffs' Motion for Preliminary Injunction prior to the date of the hearing.

WHEREFORE Plaintiffs respectfully move this Honorable Court to grant this Motion for Expedited Discovery. Plaintiffs seek Defendants' responses along with all responsive documents

to Plaintiffs' First Set of Interrogatories, Requests for Production and Requests for Admissions to be in the hands of counsel for Plaintiffs no later than 5:00 p.m. on January 15, 2007. Furthermore, Plaintiffs request that they be granted leave to supplement documents produced by Plaintiffs this day on or before January 18, 2007, with responsive and applicable documents received from Defendants' expedited discovery responses.

Dates this 4th day of January, 2008.

>                             MIRABILIS VENTURES, INC. and
>                             NEXIA STRATEGY CORPORATION,
>
>
>                             s/ Aaron C. Bates
>                             By: Counsel

**Counsel:**

Aaron C. Bates, Esq.
GOLDBERG BATES, PLLC
Florida Bar No. 011749
3660 Maguire Boulevard
Suite 102
Orlando, FL 32803
Telephone: (407) 893-3776
Facsimile: (407) 893-3779
abates@goldbergbates.com

J. Russell Campbell
Florida Bar No. 901423
BALCH & BINGHAM LLP
P. O. Box 306
Birmingham, Alabama 35201-0306
Telephone: (205) 251-80100
Facsimile: (205) 226-8798
rcampbell@balch.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 4th, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to all parties named on the attached Service List or in some other authorized manner for those counsel or parties who are not authorized to receive notices electronically.

s/ Aaron C. Bates
Aaron C. Bates

## SERVICE LIST

Martin R. Raskin
Jane Serene Raskin
RASKIN & RASKIN, P.A.
2601 South Bayshore Drive
Suite 725
Miami, Florida 33133
mraskin@raskinlaw.com

**Attorneys for Edith Curry, Palaxar Group LLC, and Palaxar Holdings LLC**

Donald E. Christopher
Christine M. Ho
LITCHFORD & CHRISTOPHER
Professional Association
Bank of America Center
390 North Orange Avenue
Post Office Box 1549
Orlando, Florida 32802
dchristopher@litchfordchristopher.com
cho@litchfordchristopher.com

and

Craig S. Warkol
BRACEWELL & GIULIANI LLP
1177 Avenue of the Americas
New York, N.Y. 10036
Craig.warkol@bgllp.com

**Attorneys for Frank Hailstones**