# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**MIRABILIS VENTURES, INC. and
NEXIA STRATEGY CORPORATION,**

     **Plaintiffs,**

**v.**                               **CASE NO.: 6:07-CV-1788-ORL-28-KRS**

**PALAXAR GROUP, LLC;
PALAXAR HOLDINGS, LLC;
FRANK HAILSTONES; EDITH CURRY
a/k/a EDITH BROADHEAD; and
FICTITIOUS DEFENDANTS 1-8.**

     **Defendants.**

---

## PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND REQUESTS FOR ADMISSIONS

Plaintiffs Mirabilis Ventures, Inc. ("Mirabilis") and Nexia Strategy Corporation ("Nexia") (sometimes referred to collectively as "Plaintiffs"), by and through their undersigned attorneys, requests that Defendants and their attorneys answer the following Interrogatories and Requests for Production on or before 5:00 p.m. on January 15, 2008, if ordered by the Court, or otherwise in accordance with Rules 33, 34 and 36 of the Federal Rules of Civil Procedure.

### DEFINITIONS

As used in these requests:

1.     "Plaintiffs" shall refer to Mirabilis Ventures, Inc. ("Mirabilis") and Nexia Strategy Corporation ("Nexia"), any predecessor or parent of Mirabilis or Nexia, and any director, officer, employee, agent, or representative of Mirabilis or Nexia.

2.     "Hailstones" shall refer to Frank Hailstones, Defendant.

3.     "Curry" shall refer to Edith Curry, Defendant.

4.    "Palaxar" shall refer to Palaxar Group, LLC and/or Palaxar Holdings, LLC, and any predecessor, sister or subsidiary company, and any other organization or affiliation that subsequently became known as Palaxar or associated with Palaxar in any manner whatsoever.

5.    "Defendants" shall refer collectively to Hailstones, Curry and Palaxar, and all parties Plaintiffs have or intend to name as a defendant in this action, as well as any predecessor, affiliate, or parent of such Defendants and any director, officer, employee, agent, or representative of such Defendants.

6.    "Identify":

(a)    When used in reference to a person or entity, the person's or entity's full name, present residential address, present residential telephone number, present business affiliation, and position, present business address, and present business telephone number. If you do not know the person's or entity's current location, identify the person's last known residential address and telephone number and the person's and entity's last known business address and business telephone number;

(b)    When used in reference to a document as defined below, means to state the type of document (e.g., letter, memorandum, contract) or some other means of identification, its author(s) and addressee(s), its date, its subject, its present location by address and its custodian. If such document was, but is no longer in your possession, custody, or control, state what disposition was made for it.

7.    "You" or "Your" means all Defendants, and any person acting on or purporting to act on behalf of such Defendants.

8.    "Document," in the singular or plural, shall refer to any written, printed, recorded, electronic or graphic matter, however produced, reproduced, maintained, or stored, and includes

the original and each non-identical copy of any such document, including but not limited to anything within the scope of Fed. R. Civ. P. 34(a).

9.     "Person" or "third party" means any natural person, corporation, partnership, company, sole proprietorship, association, institute, joint venture, trust, form or other entity whether privately or publicly owned or controlled, for profit or not for profit, or partially or fully government controlled.

10.     "Communication" means any written, printed, graphic, recorded, or oral transmission or exchange of information, regardless of the medium by or through which such transmission or exchange occurred.

11.     "Relating to" means relating to, referring to, concerning, regarding, describing, discussing, reflecting, mentioning, constituting and/or supporting, directly and/or indirectly and each of these terms should be construed as meaning each and every one of these terms.

### INSTRUCTIONS

1.     Documents shall be produced to Russell J. Campbell at the law offices of Balch & Bingham, LLP, 1710 Sixth Avenue North, Birmingham, Alabama 35203, and Aaron C. Bates at the law offices of Goldberg Bates, PLLC, 3660 Maguire Boulevard, Suite 102, Orlando, Florida 35203.

2.     Unless otherwise specified, each request herein relates to, covers and requests information for any and all periods of time.

3.     All discovery shall be deemed to be CONTINUING so as to require supplemental responses to maintain the accuracy and completeness of the responses.

4.     Where the context herein makes it appropriate, each singular word shall include its plural and each plural word shall include its singular.  "And" as well as "or" shall be

construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery all responses which might otherwise be construed to be outside its scope. The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense. The masculine or feminine shall be construed in the generic sense.

5.    Documents responsive to the below requests should include all documents in Defendants' possession, custody, or control, including those held by their counsel. Plaintiffs specifically request the right to inspect original documents unless other arrangements are made. To the extent you contend that any of the requests below are objectionable or overbroad, please produce documents responsive to whatever portion (or extent) of the request to which you do not object.

6.    Any information, document or other thing withheld on the basis of any claimed privilege including, but not limited to, the attorney-client privilege and/or attorney work product, must be accurately listed in a privilege log to be produced at the same time as these responses. This privilege log must include: (i) a description of the nature and date of creation for each document or thing; (ii) a summary of the contents of each document or thing; (iii) a listing of all senders or recipients of the document or thing and (iv) a statement of the particular privilege claimed for each document or thing.

7.    If any documents requested are unavailable or have been destroyed, list each document and when and why it was destroyed or why it is unavailable.

8.    If any documents requested are unavailable or have been destroyed, identify all persons who have personal knowledge.

## INTERROGATORIES

1.      Identify every fact or document supporting your claim that Plaintiffs are not entitled to the injunctive relief sought in this case.

RESPONSE:


2.      Please explain in specific detail your involvement with creation and development of the suite of business consulting services developed by Nexia in 2006, including those based upon the anti-fraud certification program referred to in the Complaint as "Nexia Certification."

RESPONSE:


3.      Please explain the intended scope and purpose of Nexia's consulting business as it existed beginning January 1, 2006 and ending December 31, 2006, including but not limited to the scope and purpose of services developed by Nexia's Richmond, Virginia office.

RESPONSE:


4.      Please explain in specific detail how you contend the patent was to be obtained for Nexia Certification and how it ultimately was obtained.  Your response should include, without limitation, who was to be the owner of Nexia Certification, how such ownership was conveyed, who was to obtain the patent and who was to be named as the owner of the patent.

RESPONSE:


5.      Please explain how the development and creation of Nexia Certification, as well as the patent application, were funded and/or financed.  Specifically, your response should

include the payor of all fees associated with the research and development of Nexia Certification, and the manner in which such fees were paid, and the amount of those fees.

RESPONSE:

6.      Please explain in detail all events leading to the incorporation of Palaxar, regardless of what name or characterization was associated with or assigned at that time to what is now Palaxar. Specifically, your response should identify parties involved in the formation of Palaxar, the date upon which the organization of Palaxar began, the date of incorporation, and all documents related to the formation of Palaxar.

RESPONSE:

7.      Please identify all patents held by Palaxar, or applied for by Palaxar, including the dates each patent application was submitted and granted or denied, and where documents related to each patent are located.

RESPONSE:

8.      Identify all services, programs, seminars, training, and assistance marketed and/or offered by Palaxar at any time.

RESPONSE:

9.      Please provide the total amount of all monies made and/or received by Defendants in any way related to, associated with, or resulting from Nexia Certification.

RESPONSE:

10.     Please provide the total amount of all monies made and/or received by Defendants in any way related to, associated with, or resulting from other anti-fraud consulting services, or corporate governance consulting services.

RESPONSE:


11.     Please provide the total amount of all profits made and/or received by Defendants in any way related to, associated with, or resulting from Nexia Certification.

RESPONSE:


12.     Please provide the total amount of all profits made and/or received by Defendants in any way related to, associated with, or resulting from other anti-fraud consulting services, or corporate governance consulting services.

RESPONSE:


13.     Please explain in specific detail any meeting of the Board of Directors of Mirabilis or Nexia approving the transfer of any assets owned by Plaintiffs to you. Specifically, your response should include the date, parties present, items discussed, and agreements arising from any such meeting,

RESPONSE:

## DOCUMENTS REQUESTED

1.      All documents relating to your claim that Plaintiffs are not entitled to the relief sought in the Amended Complaint and Plaintiffs' Motion for Preliminary Injunction.

RESPONSE:


2.      All documents related to your response to any interrogatory provided above.

RESPONSE:


3.      All documents you or anyone acting on your behalf received from or provided to the Plaintiffs or their officers, employees, agents, attorneys, assigns, or other person(s) acting on their behalf, in connection with Nexia Certification.

RESPONSE:


4.      All documents you or anyone acting on your behalf received from or provided to any third party in connection with Nexia Certification.

RESPONSE:


5.      All documents that relate or refer to the development, creation, or use of Nexia Certification.

RESPONSE:


6.      All documents that relate or refer to your alleged entitlement to the use and ownership of any assets belonging to Plaintiffs, including Nexia Certification.

RESPONSE:

7.    All documents that relate or refer to the patent application for Nexia Certification including, without limitation, all correspondence to and from the United States Patent and Trademark Office relating to Nexia Certification.

RESPONSE:

8.    All documents relating or referring to the creation and operation of Palaxar Holdings LLC and/or Palaxar Group LLC, regardless of what name or characterization was associated with or assigned at that time to what is now Palaxar.  Specifically, your response should include, without limitation, the Articles of Incorporation, the By-laws, documents relating or referring to the purpose and business of Palaxar, documents relating or referring to the assets of Palaxar, documents relating or referring to the Officers, Directors or Advisory Board of Palaxar, documents relating or referring to employees or independent contractors working for Palaxar, documents relating or referring to Defendants' marketing activities, documents relating or referring to Defendants' clients and/or potential clients, and any other documents which Defendants contend support their allegations contained in Defendants' Answers.

RESPONSE:

9.    All documents relating to Hailstones' and Curry's relationship with Palaxar. Your response should include all documents relating or referring to Hailstones' and Curry's role and duties as an Officer, Director, Advisory Board Member, Employee or any other relation to or position with Palaxar and their compensation from Palaxar.

RESPONSE:

10.     All documents relating or referring to the marketing or selling of any type of anti-fraud or corporate governance consulting services by Defendants or any party purporting to act on behalf of Defendants.  Your response should include, without limitation, all seminars and/or conferences in which Defendants have participated since the creation of Palaxar and all promotional materials or brochures created for Defendants or used to market and/or sell services offered by Defendants.

RESPONSE:

11.     All documents relating or referring to any money or other benefits received by Defendants from the marketing, selling or use of any type of anti-fraud or corporate governance consulting services by Defendants or any party purporting to act on behalf of Defendants since the creation of Palaxar.  Your response should include, without limitation, all financial records and financial statements reflecting any money or other benefits received by Defendants.

RESPONSE:

## REQUESTS FOR ADMISSIONS

1,     Admit that one or more Defendants have Nexia Certification in their possession at this time.

RESPONSE:

2.   Admit that one or more Defendants have had Nexia Certification in their possession at some point in time after Curry or Hailstones disassociated themselves with Mirabilis or Nexia.

RESPONSE:


3.   Admit that one or more Defendants have documents or other items related to Nexia Certification in their possession at this time.

RESPONSE:


4.   Admit that one or both of Hailstones and Curry took documents or other items related to Nexia Certification with them when they disassociated themselves Mirabilis or Nexia.

RESPONSE:


5.   Admit that one or more Defendants have confidential or proprietary documents from Mirabilis or Nexia in their possession at this time.

RESPONSE:


6.   Admit that one or both of Hailstones and Curry took confidential or proprietary documents from Mirabilis or Nexia when they disassociated themselves Mirabilis or Nexia.

RESPONSE:


MIRABILIS VENTURES, INC. and
NEXIA STRATEGY CORPORATION,


s/ Aaron C. Bates
By: Counsel


945821.2

11

**Counsel:**

Aaron C. Bates, Esq.
GOLDBERG BATES, PLLC
Florida Bar No. 011749
3660 Maguire Boulevard
Suite 102
Orlando, FL  32803
Telephone: (407) 893-3776
Facsimile: (407) 893- 3779
abates@goldbergbates.com

J. Russell Campbell
Florida Bar No. 901423
BALCH & BINGHAM LLP
P. O. Box 306
Birmingham, Alabama 35201-0306
Telephone:  (205) 251-80100
Facsimile:  (205) 226-8798
rcampbell@balch.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 4th, 2007, I served the foregoing on all parties named on the attached Service List by Certified Mail.

s/ Aaron C. Bates
Aaron C. Bates

## SERVICE LIST

Martin R. Raskin
Jane Serene Raskin
RASKIN & RASKIN, P.A.
2601 South Bayshore Drive
Suite 725
Miami, Florida 33133
mraskin@raskinlaw.com

**Attorneys for Edith Curry, Palaxar Group LLC, and Palaxar Holdings LLC**

Donald E. Christopher
Christine M. Ho
LITCHFORD & CHRISTOPHER
Professional Association
Bank of America Center
390 North Orange Avenue
Post Office Box 1549
Orlando, Florida 32802
dchristopher@litchfordchristopher.com
cho@litchfordchristopher.com

and

Craig S. Warkol
BRACEWELL & GIULIANI LLP
1177 Avenue of the Americas
New York, N.Y. 10036
Craig.warkol@bgllp.com

**Attorneys for Frank Hailstones**