**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

| | |
|---|---|
| MIRABILIS VENTURES, INC. and ) | |
| NEXIA STRATEGY CORPORATION, ) | |
| ) | |
| Plaintiffs, ) | |
| -vs- ) | CASE NO.:  6:07-CV-1788-ORL-28-KRS |
| ) | |
| PALAXAR GROUP, LLC; ) | |
| PALAXAR HOLDINGS, LLC; ) | |
| FRANK HAILSTONES; EDITH ) | |
| CURRY a/k/a EDITH BROADHEAD; ) | |
| and FICTITIOUS DEFENDANT 1; ) | |
| FICTITIOUS DEFENDANT 2; ) | |
| FICTITIOUS DEFENDANT 3; ) | |
| FICTITIOUS DEFENDANT 4; ) | |
| FICTITIOUS DEFENDANT 5; ) | |
| FICTITIOUS DEFENDANT 6; ) | |
| FICTITIOUS DEFENDANT 7; ) | |
| FICTITIOUS DEFENDANT 8, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**DEFENDANTS' JOINT RESPONSE TO PLAINTIFFS' OPPOSED MOTION
FOR EXPEDITED DISCOVERY AND LEAVE TO SUPPLEMENT WITH
<u>LEGAL MEMORANDUM IN SUPPORT THEREOF</u>**

Pursuant to Local Rule 3.01(b), Defendants, PALAXAR GROUP, LLC ("PALAXAR"), PALAXAR HOLDINGS, LLC ("PALAXAR HOLDINGS"), FRANK HAILSTONES ("HAILSTONES"), and EDITH CURRY, a/k/a EDITH BROADHEAD ("CURRY") (collectively "Defendants"), by and through their respective undersigned attorneys, hereby submit this their Joint Response to Plaintiffs' Opposed Motion for Expedited Discovery and Leave to Supplement with Legal Memorandum in Support Thereof, and in support thereof, state as follows:

1.	On October 12, 2007, Plaintiffs, MIRABILIS VENTURES, INC. and NEXIA STRATEGY CORPORATION (collectively referred to as "Plaintiffs"), filed their Complaint and Motion for Preliminary Injunction.

2.	On December 31, 2007, this Court entered its Order scheduling the hearing on Plaintiffs' Motion for Preliminary Injunction for January 25, 2008 at 10:00 a.m. This Court ordered Plaintiffs to serve and file all papers and affidavits on which they intend to rely for the Motion for Preliminary Injunction on January 4, 2008. Finally, this Court ordered Defendants to file and serve any briefs, affidavits, or other evidence in opposition to the Motion for Preliminary Injunction on January 15, 2008.

3.	On January 4, 2008, Plaintiffs filed their Opposed Motion for Expedited Discovery and Leave to Supplement with Legal Memorandum in Support Thereof (hereinafter referred to as the "Motion"). In this Motion, Plaintiffs seek to shorten the time period in which Defendants would have to respond to the Interrogatories, Request for Production of Documents, and Request for Admissions attached to the Motion as Exhibit "A." Plaintiffs' discovery consists of thirteen (13) interrogatories; eleven (11) requests for documents; and six (6) requests for admissions. Under the Federal Rules of Civil Procedure, this discovery is not due until thirty days after service, which is February 4, 2008. In their Motion, Plaintiffs seek to have Defendants respond by January 15, 2008.

4.	The Motion states that Defendants' responses to Plaintiffs' discovery requests "are necessary for Plaintiffs to fully prepare for the hearing on Plaintiffs' Motion for Preliminary Injunction scheduled for January 25, 2008." *See* Motion at ¶ 9.

5.      However, at the time that Plaintiffs filed their Motion for Preliminary Injunction, Plaintiffs should have already had a sufficient basis on which to base that Motion. Plaintiffs originally filed their Motion for Preliminary Injunction on October 12, 2007. If Plaintiffs do not have all the necessary evidence to support their Motion more than three months later, Plaintiffs should never have filed a Motion for Preliminary Injunction in the first place.

6.      Furthermore, Plaintiffs do not meet the standard required for expedited discovery. Expedited discovery should be granted where circumstances are of an "emergency nature" and do not "work a great hardship on Defendants." Pearce v. Southeast Banking Corp., 97 F.R.D. 535, 537 (S.D. Fla. 1983); see also Seiko Kabushiki Kaisha v. Swiss Watch Intern., Inc., 188 F.Supp.2d 1350, 1356 (S.D. Fla. 2002) (where no irreparable injury shown, a motion for preliminary injunction and motion for expedited discovery were denied). Furthermore, the court found that the need to "develop in timely manner a full factual record on plaintiff's claims so that this Court may have the benefit of such a record in deciding the issues raised by this action and by plaintiff's forthcoming motion for a preliminary injunction" is not sufficient to warrant expedited discovery where there is no state of emergency. Pearce, 97 F.R.D. at 536-37 (internal citations omitted).

7.      In the case at bar, Plaintiffs cannot show that there are emergency circumstances that would likely prejudice them or that there would be irreparable injury if their Motion is not granted. However, requiring Defendants to answer the discovery requests within such a short time would work a great hardship on them. In opposition to Plaintiffs' Motion for Preliminary Injunction, Defendants drafted a twenty-four page

Memorandum of Law in Opposition to Plaintiffs' Motion for Preliminary Injunction and obtained eight affidavits. Defendants clearly did not have any time to respond to Plaintiffs' discovery during this same time period.

8. In their Motion, Plaintiffs also allege that they seek expedited discovery in order to present the Court with a "comprehensive picture" of Defendants' alleged wrongdoing. *See* Motion at ¶ 9. However, as stated in Pearce, Plaintiffs' desire to have "a full factual record" before a decision is reached on their Motion for Preliminary Injunction is not a sufficient basis for obtaining expedited discovery.

9. Furthermore, in their Motion, Plaintiffs cite Integra Bank N.A. v. Pearlman, No. 6:06-CV-01952-PCF-DAB, 2007 WL 419634, at *1 (M.D. Fla. Feb. 2, 2007), for the proposition that a court may order expedited discovery. However, Integra Bank N.A. is clearly distinguishable from the case at bar. In that case, the court ordered expedited discovery because plaintiff was able to show that the documents may be altered or destroyed if access was not provided. Integra Bank N.A., 2007 WL 419634, at *3.

10. There has been no such showing by Plaintiffs that the documents may be altered or destroyed if they do not obtain expedited discovery in the case at bar. Rather, Plaintiffs merely contend that expedited discovery will allow them to "fully prepare" for the hearing and present a "comprehensive picture" for the Court. *See* Motion at ¶ 9.

11. Accordingly, Plaintiffs have not even come close to demonstrating that they are entitled to expedited discovery in the case at bar. Plaintiffs have not shown that any "good cause" exists for their request for expedited discovery.

12. Finally, the date on which Plaintiffs requested for Defendants to respond to their discovery, January 15, 2008, has now passed. Plaintiffs' Motion is therefore moot and should be denied.

WHEREFORE Defendants PALAXAR GROUP, LLC, PALAXAR HOLDINGS, LLC, FRANK HAILSTONES, and EDITH CURRY, pray this Honorable Court will enter its Order denying Plaintiffs' Opposed Motion for Expedited Discovery and Leave to Supplement with Legal Memorandum in Support Thereof, together with such other and further relief as this Court deems just and proper under the circumstances.

Respectfully submitted,

| | |
|---|---|
| **RASKIN & RASKIN, P.A.** | **LITCHFORD & CHRISTOPHER** |
| 2601 South Bayshore Drive | Professional Association |
| Suite 725 | Bank of America Center |
| Miami, Florida 33133 | 390 North Orange Avenue |
| Telephone: (305) 444-3400 | Post Office Box 1549 |
| Facsimile: (305) 445-0266 | Orlando, Florida 32802 |
| Attorneys for Defendants Edith Curry, | Telephone: (407) 422-6600 |
| Palaxar Group, LLC and Palaxar Holdings, LLC | Telecopier: (407) 841-0325 |
| | Attorneys for Defendant Frank Hailstones |
| By: /s/ Martin R. Raskin | By: /s/ Donald E. Christopher |
|    MARTIN R. RASKIN, Trial Counsel |    Donald E. Christopher, Trial Counsel |
|    Florida Bar No. 315206 |    Florida Bar No. 250831 |
|    mraskin@raskinlaw.com |    dchristopher@litchfordchristopher.com |
|    JANE SERENE RASKIN |    Christine M. Ho |
|    Florida Bar No. 848689 |    Florida Bar No. 844853 |
|    jraskin@raskinlaw.com |    cho@litchfordchristopher.com |

Craig S. Warkol, Esquire
BRACEWELL & GIULIANI LLP
1177 Avenue of the Americas
New York, N.Y. 10036
Telephone: (212) 508-6100
Facsimile: (212) 938-3850
Craig.warkol@bgllp.com
Attorneys for Defendant Frank Hailstones

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 18, 2008, I electronically filed the foregoing Defendants' Joint Response to Plaintiffs' Opposed Motion for Expedited Discovery and Leave to Supplement with Legal Memorandum in Support Thereof with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Aaron C. Bates, Esquire
abates@goldbergbates.com

J. Russell Campbell, Esquire
rcampbell@balch.com

                                                                   /s/ Donald E. Christopher