IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MIRABILIS VENTURES, INC. and
NEXIA STRATEGY CORPORATION,

    Plaintiffs,

v.                                        CASE NO.: 6:07-CV-1788-ORL-28-KRS

PALAXAR GROUP, LLC;
PALAXAR HOLDINGS, LLC;
FRANK HAILSTONES; EDITH CURRY
a/k/a EDITH BROADHEAD; and
FICTITIOUS DEFENDANTS 1-8.

    Defendants.

_____

## PLAINTIFFS' OPPOSED MOTION TO STRIKE AFFIDAVITS SUBMITTED BY DEFENDANTS AND MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE [1]

Plaintiffs Mirabilis Ventures, Inc. ("Mirabilis") and Nexia Strategy Corporation ("Nexia") (sometimes referred to collectively as "Plaintiffs"), move to strike (1) the untimely-filed[2] affidavits of Edith Curry Broadhead, Frank Hailstones, Laurie Holtz, Catherine King, Hannah Maxwell, and Tom Broadhead filed in Opposition to Plaintiffs' Motion for Preliminary Injunction, (2) all privileged documents attached thereto, and (3) all references in defendants' memorandum of law to the stricken affidavit testimony or documents.

These affidavits: (1) contain testimony that is not based on personal knowledge; (2) contain hearsay and hearsay-within-hearsay; (3) contain legal arguments and conclusory remarks; (4) purport to comment on the mental operations, out-of-court statements, and conduct

---

[1] The undersigned counsel for Mirabilis and Nexia has conferred with opposing counsel pursuant to Local Rule 3.01(g). Opposing counsel does not consent to this motion.

[2] Pursuant to the Court's Order dated December 31, 2007, Defendants were required to file and serve any briefs, affidavits or other evidence in opposition to Plaintiffs' Motion for Preliminary Injunction no later than *noon* on January 15, 2008. Defendants failed to meet the deadline set forth in the Court's Order. Furthermore, Defendants failed to file their motion for an extension of time until after the deadline had passed.

951411.1

of third parties; and (5) disclose privileged information that the affiant is not authorized to waive. If the court declines to strike these affidavits in their entirety, the Plaintiffs move in the alternative that the court strike the specific portions of the affidavits identified below.[3] As grounds, Plaintiffs state as follows:

## MEMORANDUM OF LAW

1.  Affidavits are subject to the Federal Rules of Civil Procedure and the Federal Rules of Evidence. As this court has recently explained:

> The Federal Rule of Civil Procedure, 12(f), provides that, upon motion, the court "may order stricken from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Pro. 12(f). Rule 56(e) of the Federal Rules of Civil Procedure provides that an **"affidavit shall be made on personal knowledge, shall set forth facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to matters stated therein."** Fed. R. Civ. P. 56(e). Affidavits must be based on personal knowledge, and, therefore, affidavits based on nothing more than information and beliefs are not sufficient and are subject to a motion to strike. *Story v. Sunshine Foliage World, Inc.*, 120 F. Supp. 2d, 1027, 1030 (M.D. Fla. 2000). Additionally, affidavits that express conclusions of law rather than statements of fact also must be stricken. *Id.*

*Biggro$$.com, Inc. v. Sales* 360, LLC, No. 8:05-CV-1450, 2006 U.S. Dist. LEXIS 11699, at *3-4 (M.D. Fla. 2006) (emphasis added).

2.  The affidavits submitted by the defendants should be stricken for a variety of reasons. First, many of the affidavits are based upon speculation, information and belief, or the qualified "understanding" of the affiant. *E.g.*, "[A]ll of my discussions ... were either with Frank Amodeo or through Mirabilis officers *whom I understood* represented or were taking their directions from Amodeo." Hailstones Aff. at ¶ 9; "*To the best of my knowledge and understanding* Frank Amodeo was the controlling shareholder of Mirabilis and maintained exclusive personal control over the affairs of Mirabilis and its subsidiaries including Nexia

---

[3] The subject memorandum, affidavits, and attachments are attached hereto as exhibits "A" through "H". The specific offending portions of the documents are indicated in the exhibits.

951411.1

2

Strategy." Holtz Aff. at ¶ 3; "*Upon information and belief,* [Jodi Jaiman] was aware of how I was tasked by CPC to work solely for APES." King Aff. at ¶ 7; "*Upon information and belief* Frank Amodeo was the primary investor in MVI and sole Class A shareholder of MVI." Broadhead Aff. at ¶ 3. To be admissible, an affidavit must be based upon personal knowledge. *See Story*, 120 F. Supp. 2d at 1030 (recognizing that Rule 56(e)'s requirement or personal knowledge is not satisfied by assertions made on information and belief); *Reeves v. Thigpen*, 879 F. Supp. 1153, 1164 (M.D. Ala. 1995) (striking statements made upon information and belief rather than the affiant's personal knowledge); *Carey v. Beans*, 500 F. Supp. 580 (E.D. Pa. 1980) (striking paragraphs in affidavit containing the statement "I believe," as well as striking portions of the affidavit legal references and conclusions and paragraphs including plaintiff's speculation regarding defendant's motives).

3. Next, the affidavits are replete with hearsay statements and hearsay-within-hearsay. *E.g.*, "On June 26, 2006, Laurie Holtz called me and told me that Frank Amodeo had agreed that Nexia Certification should be placed in a new, independent company that Holtz, Hailstones, and I recommended." Curry Aff. at ¶ 14; "Eventually, Curry informed me that Frank Amodeo had agreed to fund the development and commercialization of this product in exchange for a license from Curry to use the process." Hailstones Aff. at ¶ 28 (hearsay-within-hearsay); "Frank Amodeo stated that if we 'didn't follow his orders he would picket our homes or bury us under such a flurry of lawsuits we wouldn't see daylight.'" King Aff. ¶ 5. Such hearsay testimony is not admissible. *See* FED. R. EVID. 801-802.

4. Many of the affidavits also contain legal arguments and conclusory remarks. *E.g.*, "Even though the Separation Agreement states 'Draft of Letter of Intent to Edie Curry,' it was intended by both parties to be a final document, which was to be legally binding on Curry and

Mirabilis." Hailstones Aff. ¶ 39; "In continuing the development of Nexia Certification, Defendant Curry has merely been fulfilling the terms of her Separation Agreement." Hailstones Aff. ¶ 54. These remarks are entirely inappropriate for an affidavit. *See, e.g., Ali v. City of Clearwater*, 915 F. Supp. 1231, 1236 (M.D. Fla. 1996) ("an affiant may not engage in conclusory argument, legal or otherwise") (citing *Galindo v. Precision Amer. Corp.*, 754 F.2d 1212 (5th Cir. 1985)); *see also Smith v. Alabama*, 252 F. Supp. 2d 1317, 1335 (M.D. Ala. 2003) ("affidavits which set forth conclusory arguments rather than statements of fact based on personal knowledge are improper"). Further, legal conclusions are inadmissible. *See* FED. R. EVID. 403 and 701; *accord Biggro$$.com, Inc.* 2006 U.S. Dist. LEXIS 11699, at *4 ("affidavits that express conclusions of law rather than statements of fact also must be stricken.")

5. The affidavits also purport to testify regarding what Mr. Frank Amodeo, Mirabilis executives, or Mirabilis lawyers knew, *i.e.* their mental operations. *E.g.*, "Shane Williams, Senior Vice President of Nexia Strategy and Jay Stollenwerk, Senior Vice President of Nexia Strategy, who together functioned as conduits for all of Frank Amodeo's email were also well *aware of what was transpiring*." Curry Aff. ¶ 18; "Jodi Jaiman, who has filed the sole Declaration in support of Plaintiffs' Motion for Preliminary Injunction, *has no personal knowledge* of and was in no way involved with the negotiation, drafting, or signing of the Assignment Agreement." Hailstones Aff. ¶ 30; "Frank Amodeo and other senior executives at Mirabilis and Nexia *were aware* of my presence in Richmond and my involvement in this presentation." *Id.* at ¶ 43; "The arms-length negotiations which led to Ms. Curry's separation agreement and the assignment of Nexia Certification were conducted in good faith and *were generally known* to the other members of the Board of Directors." Holtz Aff. ¶ 4. Such mind reading is not admissible. The affiants obviously cannot have personal knowledge of the thoughts of others—therefore, such

testimony is inadmissible under Rule 602 of the Federal Rules of Evidence[4]. To the extent that the affiants' testimony as to the thoughts of others is based on statements made by others, such testimony is inadmissible hearsay under Rule 802.

6.   Lastly, the affidavit of Frank Hailstones contains or references privileged communications that were made by a Mirabilis lawyer in the course of rendering legal advice to his client. Specifically, Frank Hailstones states "I signed the Separation Agreement on October 26, 2006 in my capacity as President of Mirabilis *after Richard Berman sent me and Laurie Holtz an email stating that the final deal represented 'fair value'*." The e-mail is attached to the affidavit as exhibit "E" to Hailstones' affidavit (Exhibit "D" also contains privileged e-mails). Mr. Hailstones apparently received this privileged email from Richard Berman (then Mirabilis' counsel) in his capacity as President of Mirabilis. The email contains confidential legal advice from Mr. Berman to his corporate client.[5] However, Hailstones is no longer an executive of Mirabilis and does not have the authority to waive its privilege—**that right is held by the corporation alone**. "When the control of a corporation passes to new management, the authority to assert and waive the lawyer-client privilege passes as well." *Tail of The Pup, Inc. v. Webb*, 528 So. 2d 506, 507 (Fla. App. 1988) ("Respondent, in his position as an individual stockholder, officer and director, has no authority to waive or assert the privilege against the wishes of the corporation's board of directors."); *accord Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 349 (1985).

---

[4] Federal Rule of Evidence 602 states that "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."

[5] Mr. Berman no longer represents Mirabilis or Nexia—in fact he is an opposing party to Mirabilis and its related entities in two separate lawsuits. However, those matters are unrelated to the confidential communications at issue here. Accordingly, Berman does not have the authority to break the privilege of these communications.

(a) Formal Opinion 92-368 of the American Bar Association's Committee on Ethics and Professional Responsibility (hereafter "Opinion 92-368"), states that, under the Model Rules:

> A lawyer who receives materials that on their face appear to be subject to the attorney-client privilege or otherwise confidential, under circumstances where it is clear they were not intended for the receiving lawyer, should refrain from examining the materials, notify the sending lawyer and abide the instructions of the lawyer who sent them.[6]

Similarly, Opinion 93-3 (February 1, 1994) of the Professional Ethics Committee of the Florida Bar states "An attorney who receives confidential documents of an adversary as a result of an inadvertent release is *ethically obligated to promptly notify the sender of the attorney's receipt of the documents*." Further, the Florida Rule of Professional Conduct 4-4.4(b) requires that "[a] lawyer who receives a document relating to the representation of the lawyer's client and knows or reasonably should know that the document was inadvertently sent shall promptly notify the sender."

(b) The privileged communications at issue here were not inadvertently disclosed by Mirabilis or Nexia. Even worse, they appear to have been provided by former officers (Hailstones and Curry) who have no right to the documents. As discussed above, these former officers do not have the authority to waive the privilege and disclose these documents.[7] Upon learning of these privileged communications Defendants' counsel became obligated under the Florida Rules of Professional Conduct to return the documents to Mirabilis and/or Nexia. Accordingly, Plaintiffs move that all reference to these privileged communications be stricken

---

[6] Opinion 92-368 was later superseded by Rule 4.4 of the Model Rules of Professional Conduct which states that "[a] lawyer who receives a document relating to the representation of the lawyer's client and knows or reasonably should know that the document was inadvertently sent shall promptly notify the sender."

[7] *See also generally* EDNA EPSTEIN, THE ATTORNEY-CLIENT PRIVILEGE AND THE WORK PRODUCT DOCTRINE 788 (American Bar Association 5th ed. 2007) ("Even if the documents are in the hands of a corporate employee who does not have the authority to waive the privilege but nonetheless does so for personal advantage ... an attorney may be courting trouble if he accepts and uses the privileged documents."); *Richards v. Jain*, 168 F. Supp. 2d 1195, 1200-01 (W.D. Wash. 2001) ("Once an attorney knew of the privileged documents he had an affirmative duty not to review the contents of the disk and to return the disk."); *In re Meador*, 968 S.W.2d 346, 350 (Tex. 1998) (failure to comply with ABA directives regarding privileged documents may require disqualification of counsel).

from the affidavits and that the Court order counsel for Defendants to return these and any other privileged documents in their possession to Mirabilis and Nexia.

7.    Recognizing that the Court is not required to strike the entire affidavit and that the burden of pointing out the nonconforming portions of the affidavit falls on the movant, Plaintiffs point to the following paragraphs of the Affidavits and attachments as failing to comport with Rule 56(e) and moves specifically to strike such paragraphs:

(a)    The following paragraphs in the Affidavits contain <u>statements that are made upon information and belief, or are otherwise devoid of personal knowledge</u>:[8]

   (i)    Affidavit of Edie Curry: paragraphs 7 and 22.

   (ii)   Affidavit of Frank Hailstones: paragraphs 9, 11, 13, 15, 28, 31, 34, and 40.

   (iii)  Affidavit of Laurie Holtz: paragraph 3.

   (iv)   Affidavit of Catherine King: paragraphs 4 and 7.

   (v)    Affidavit of Hannah P. Maxwell: paragraphs 4 and 6.

   (vi)   Affidavit of Tom A. Broadhead: paragraphs 2-4, and 12.

   (vii)  Affidavit of Dale Mitchell: paragraphs 4 and 6.

(b)    The following paragraphs in the Affidavits contain <u>hearsay statements</u>:[9]

   (i)    Affidavit of Edie Curry: paragraphs 7, 9, 10-18, 20, 22, 24, & 25; exhibits "b" and "e" thereto.

   (ii)   Affidavit of Frank Hailstones: paragraphs 3, 9, 10, 12-18, 20, 22, 23, 27, 28, 35, 38, 39, 48, 50; exhibits "a" and "d" thereto.

   (iii)  Affidavit of Catherine King: paragraph 5.

---

[8] Each of these statements is highlighted in the attached exhibits and labeled "<u>no personal knowledge</u>".

[9] Each of these statements is highlighted in the attached exhibits and labeled "<u>hearsay</u>" or "<u>based on hearsay</u>".

    (iv) Affidavit of Hannah P. Maxwell: paragraph 5.

    (v) Affidavit of Tom A. Broadhead: paragraphs 3, 7, and 12.

    (vi) Affidavit of Dale Mitchell: paragraph 5.

  (c) The following paragraphs in the Affidavits contain <u>legal arguments or conclusory remarks</u>:[10]

    (i) Affidavit of Edie Curry: paragraph 20.

    (ii) Affidavit of Frank Hailstones: paragraphs 22, 37, 39, 41, 43, and 54.

    (iii) Affidavit of Laurie Holtz: paragraph 3.

    (iv) Affidavit of Tom A. Broadhead: paragraph 3.

  (d) The following paragraphs in the Affidavits contain <u>statements regarding the knowledge or mental operations of third parties</u>:[11]

    (i) Affidavit of Edie Curry: paragraph 18.

    (ii) Affidavit of Frank Hailstones: paragraphs 32, 34, 37, 40, 43, and 47.

    (iii) Affidavit of Laurie Holtz: paragraph 4.

  (e) The following paragraphs in the Affidavits contain <u>privileged information that the affiant is not authorized to waive</u>:[12]

    (i) Affidavit of Edie Curry: exhibit "E".

    (ii) Affidavit of Frank Hailstones: paragraphs 38, 39; exhibits "D" and "E" thereto.

---

[10] Each such statement is highlighted in the attached exhibits and labeled "conclusory".

[11] Each such statement is highlighted in the attached exhibits and labeled "mental operation".

[12] Each such statement is highlighted in the attached exhibits and labeled "privileged".

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the (1) the affidavits of Edith Curry Broadhead, Frank Hailstones, Laurie Holtz, Catherine King, Hannah Maxwell, and Tom Broadhead filed in Opposition to Plaintiffs' Motion for Preliminary Injunction, (2) all privileged documents attached thereto, and (3) all references in defendants' memorandum of law to the stricken affidavit testimony or documents be stricken in their entirety, or in part, to comport with the federal rules of evidence.

Respectfully submitted this 22nd day of January, 2008.

MIRABILIS VENTURES, INC. and
NEXIA STRATEGY CORPORATION,

s/ Aaron C. Bates
By: Counsel

**Counsel:**
Aaron C. Bates, Esq.
Florida Bar No. 011749
GOLDBERG BATES, PLLC
3660 Maguire Boulevard
Suite 102
Orlando, FL  32803
Telephone: (407) 893-3776
Facsimile: (407) 893- 3779
abates@goldbergbates.com

J. Russell Campbell
Florida Bar No. 901423
BALCH & BINGHAM LLP
P. O. Box 306
Birmingham, Alabama 35201-0306
Telephone:  (205) 251-80100
Facsimile:  (205) 226-8798
rcampbell@balch.com

951411.1

9

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 22nd, 2007, I served the foregoing on all parties named on the attached Service List by Certified Mail.

s/ Aaron C. Bates
Aaron C. Bates

## SERVICE LIST

Martin R. Raskin
Jane Serene Raskin
RASKIN & RASKIN, P.A.
2601 South Bayshore Drive
Suite 725
Miami, Florida 33133
mraskin@raskinlaw.com

**Attorneys for Edith Curry, Palaxar Group LLC, and Palaxar Holdings LLC**

Donald E. Christopher
Christine M. Ho
LITCHFORD & CHRISTOPHER
Professional Association
Bank of America Center
390 North Orange Avenue
Post Office Box 1549
Orlando, Florida 32802
dchristopher@litchfordchristopher.com
cho@litchfordchristopher.com

and

Craig S. Warkol
BRACEWELL & GIULIANI LLP
1177 Avenue of the Americas
New York, N.Y. 10036
Craig.warkol@bgllp.com

**Attorneys for Frank Hailstones**