UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| MIRABILIS VENTURES, INC. and NEXIA STRATEGY CORPORATION, <br><br> Plaintiffs, <br><br> -vs- <br><br> PALAXAR GROUP, LLC; PALAXAR HOLDINGS, LLC; FRANK HAILSTONES; EDITH CURRY a/k/a EDITH BROADHEAD; and FICTITIOUS DEFENDANT 1; FICTITIOUS DEFENDANT 2; FICTITIOUS DEFENDANT 3; FICTITIOUS DEFENDANT 4; FICTITIOUS DEFENDANT 5; FICTITIOUS DEFENDANT 6; FICTITIOUS DEFENDANT 7; FICTITIOUS DEFENDANT 8 <br><br> Defendants. | CASE NO.: 6:07-CV-1788-ORL-28-KRS |

## AFFIDAVIT OF CATHERINE KING

STATE OF Virginia     }
                      }  ss:
COUNTY OF Henrico     }

Catherine King, being duly sworn, deposes and says:

    1.    I am over the age of 21 years and competent to make the statements contained herein.

    2.    I was employed by Common Paymaster Corporation ("CPC") from June 2005 through September 1, 2006.



3. During the time I was employed by CPC, I was assigned to work directly for various entities owned by Mirabilis Ventures, Inc. ("MVI"), including Theory 3, Inc., an Orlando based company, and Absolute Packaging Engineering Services, LLC ("APES"), a Richmond based company.

**No Personal Knowledge**

4. Upon information and belief, all of my time during the period that I was employed by CPC was billed to Theory 3, Inc. or APES or other projects, none of which included Nexia Certification.

5. On a company-wide conference call mandated and conducted by Frank Amodeo, on February 28, 2006, we were all informed that employees in Richmond were to work only on specific projects for their assigned companies and could not provide help to employees at other affiliated companies. Frank Amodeo stated that if we "didn't follow his orders, he would picket our homes or bury us under a such a flurry of lawsuits we wouldn't see daylight." Immediately following that telephone call, I was to complete hourly timesheets which were faxed to Frank Amodeo directly. He would scribble notes and comments on them and they were faxed back. This hourly reporting persisted for several weeks.

**Hearsay**

6. While I was assigned to APES, I helped them manage their accounts receivable and accounts payable functions. In this capacity, I personally saw bills that were sent to APES in which APES was billed for my entire time and salary plus CPC's mark-up.

**No Personal Knowledge**

7. Around April of 2006, Jodi Jaiman visited Richmond and the APES facility. <u>Upon information and belief, she was aware of how I was tasked by CPC to work solely for APES.</u>

**Mental Operation**

8. At no time while I was employed by CPC was I aware of being assigned to work for Nexia Strategy or on any project involving Nexia Certification, nor did I perform any work for Nexia Strategy or Nexia Certification.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Catherine King

On this __14__ day of January 2008, before me personally appeared Catherine King, known to me to be the person executing the foregoing, and stated that foregoing is true and correct to the best of her knowledge, information, and belief.

_____
Notary Public

Embossed Hereon Is My
Commonwealth of Virginia Notary Public Seal
My Commission Expires December 31, 2010
EUGENE M. LANGLINAIS