IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MIRABILIS VENTURES, INC. and
NEXIA STRATEGY CORPORATION,

      Plaintiffs,

v.                               CASE NO.: 6:07-CV-1788-ORL-28-KRS

PALAXAR GROUP, LLC;
PALAXAR HOLDINGS, LLC;
FRANK HAILSTONES; EDITH CURRY
a/k/a EDITH BROADHEAD; and
FICTITIOUS DEFENDANTS 1-8.

      Defendants.

_____

## FIRST AMENDED COMPLAINT

Plaintiffs Mirabilis Ventures, Inc. ("Mirabilis") and Nexia Strategy Corporation ("Nexia") (sometimes referred to collectively as "Plaintiffs"), by and through their undersigned attorneys, hereby files this First Amended Complaint against Defendants Palaxar Group, LLC and Palaxar Holdings, LLC (collectively referred to as "Palaxar"), Frank Hailstones ("Hailstones"), Edith Curry ("Curry") and Fictitious Defendants 1-8 (sometimes referred to collectively as "Defendants"):

## PARTIES

1.     Mirabilis is a corporation incorporated under the laws of the State of Nevada with its principal place of business in Orange County, Florida.

2.     Nexia is a corporation incorporated under the laws of the State of Florida with its principal place of business in Orange County, Florida.

3.      Upon information and belief, Palaxar Group LLC and Palaxar Holdings LLC are both Virginia limited liability companies with their principal place of business in Henrico County, Virginia.

4.      Upon information and belief, Hailstones is a resident and citizen of the United Kingdom.   Hailstones is a former officer and director of Mirabilis.   Upon information and belief, Hailstones is a founding member and employee of Palaxar Group LLC and/or Palaxar Holdings LLC.

5.      Upon information and belief, Curry is a resident and citizen of Henrico County, Virginia.   Curry is a former director of Mirabilis and a former officer of Nexia. Upon information and belief, Curry is a founding member and an employee of Palaxar Group LLC and/or Palaxar Holdings LLC.

6.      Fictitious Defendants 1-8 are individuals or entities who acted in concert with the named defendants to misappropriate the property belonging to Plaintiffs and/or who unjustly benefited from this misappropriation of property belonging to plaintiffs. The identity of these Defendants is unknown to the Plaintiffs at this time but who will be added by amendment when their identity is ascertained.

## JURISDICTION AND VENUE

7.      Complete diversity of citizenship exists between the parties.

8.      The amount in controversy exceeds $75,000.00 exclusive of interest, attorney's fees and costs.   Therefore, this Court has jurisdiction over this action pursuant to 28 U.S.C. §1332.

9.     Venue is proper pursuant to 28 U.S.C. 1391 because the Orlando Division of the United States District Court for the Middle District of Florida embraces the place in which a substantial part of the events or omissions giving rise to the claims occurred.

10.     This Court has personal jurisdiction over all named defendants.

11.     Upon information and belief, Fictitious Defendants 1-8 are individuals or entities who were at all times pertinent hereto qualified to do business in the State of Florida or sufficiently acting within the State of Florida so as to make them subject to the jurisdiction of this Court pursuant to Fla. Stat. § 48.193, Florida's long-arm statute.

12.     All conditions precedent have been performed, waived or excused.


## GENERAL ALLEGATIONS

13.     During the time period made the basis of this suit, Mirabilis was an equity fund that invested in a variety of ventures.

14.     During the time period made the basis of this suit, Nexia was a wholly owned subsidiary of Mirabilis which provided a broad range of general business consulting services.

15.     From September 9, 2005, through December 31, 2005, Hailstones served as Vice President of Mirabilis.   From January 1, 2006, through December 31, 2006, Hailstones served as President of Mirabilis.   Hailstones also served as a Director for Mirabilis from January 25, 2006, to January 31, 2007.   Also, from October 27, 2006, to January 31, 2007, Hailstones served as the President of Nexia.

16.     From January 3, 2005 through October 10, 2005, Curry served as the Secretary and Treasurer of Mirabilis.   From January 1, 2005, through October 10, 2006, Curry also served as a Director for Mirabilis.   Also, from July 1, 2005, to October 27, 2006, Curry served as President of Nexia.

17.     While serving as President of Nexia and a Director of Mirabilis, Curry was tasked with creating an anti-fraud certification program for the benefit of Plaintiffs referred to as the Nexia Certification Program ("Nexia Certification").   Plaintiffs' purpose in creating Nexia Certification was to market and sell Nexia Certification as a suite of anti-fraud services to businesses.

18.     As part of the Nexia Certification project, Curry was tasked with obtaining a patent for Nexia Certification for the benefit of Plaintiffs from the United States Patent and Trademark Office.

19.     Pursuant to an agreement between Curry and Plaintiffs, Nexia was to be the owner and named "title-holder" of the pending patent.

20.     Mirabilis, as Nexia's parent corporation, paid all fees associated with the research and development of Nexia Certification and the accompanying patent application.

21.     Through their employment with Plaintiffs and/or throughout the process of developing Nexia Certification, Hailstones and Curry had access to and did in fact gather confidential and proprietary information for the purpose of developing Nexia Certification including, but not limited to, confidential information regarding Plaintiffs' development of products to be offered and/or marketed to other companies.

22.     Hailstones and Curry each were bound by employment contracts, which contain provisions prohibiting the misappropriation of trade secrets and providing for the protection of confidential information obtained while performing their duties as employees of Plaintiffs.

Specifically, the employment contract for Hailstones provides:

> [T]he Confidential Information and all physical, tangible and intangible embodiments or other repositories of the Confidential Information shall be and at all times remain the sole and exclusive property of Employer...Employee acknowledges that during the Employment Term, from time to time, Employee may have access to (directly or indirectly), or receive information from or regarding the Employer or its affiliates in the nature of trade secrets, the release of which may be damaging to Employer or its affiliates. Employee agrees to hold in strict confidence any information it receives regarding the Employer or its affiliates that is considered a trade secret and shall not disclose such information to any other person or entity, and will take all necessary steps to prevent any other person or entity from discovering the trade secrets.

The employment contract for Curry provides:

> Unless done within the normal course and scope of the duties of Employee, and in a good faith effort to serve the best interests of Employer, Employee shall not, at an time or in any manner, directly or indirectly communicate to any person, business, or corporate entity, any confidential information of any kind concerning any matters affecting or relating to the business of Employer.  Such matters include ... the manner of any aspect of Employer's operations, Employer's plans or processes, and other information of any kind, nature or description that relates to Employer's operations, customers, suppliers, products, or financial condition ... Employee hereby agrees to refrain from disseminating, in any manner, information related to the affairs of Employer, its parent, subsidiary, or affiliate corporations or the customers of any of them without the

receipt of written consent of the legal counsel of Employer
in advance of such dissemination.

23.     The employment contracts for Hailstones and Curry also provide that upon

the employees' termination, they are prohibited from disclosing or making available any

confidential information to any person or entity within a specific period of time after their

termination without Plaintiffs' consent.

Specifically, the employment contract for Hailstones provides:

> For the period of the Employment Term through the date
> which is three (3) years after termination of employment,
> Employee agrees that Employee will not, without the prior
> written consent of Employer, which consent may be
> withheld in the Employer's sole and absolute discretion,
> disclose or make available any Confidential Information to
> any person or entity (verbally or in writing), nor shall
> Employee make or cause to be made, or permit or allow,
> either on Employee's own behalf or on the behalf of others,
> any use of the Confidential Information then in Employee's
> knowledge, custody, control or possession.  Employee
> further agrees that immediately upon termination of
> Employee's employment with Employer for any reason …
> Employee shall promptly deliver to Employer and/or its
> affiliates any and all property belonging to Employer
> and/or its affiliates, including without limitation, all
> Confidential Information (including all physical, electronic,
> or other repositories thereof) in Employee's custody,
> control or possession.

The employment contract for Curry provides:

> Upon termination, Employee shall immediately provide to
> Employer all documents and items of any nature or
> description, including computer files, that pertain to actual
> potential customers or leads that Employee developed or
> obtained during employment, any phase or aspect of
> Employer's operations, any phase or aspect of Employer's
> future operations or plans, and any other items, lists,
> documents, or the like, that in any way may pertain to
> employer's business … [F]or a period of two (2) years

> following Employee's termination under this Agreement,
> Employee agrees that Employee shall not (a) contact or
> solicit any customer or employee of Employer for any
> matter; (b) divulge or use any information regarding
> Employer to any business in the same industry as
> Employer; or (c) advise any competitor of Employer
> regarding any aspect of the business operations of
> Employer.

24.     During the process of developing Nexia Certification, Hailstones and Curry accessed, gathered and compiled confidential and proprietary information. Hailstones and Curry breached their employment contracts and fiduciary duties by conspiring to use such information and Nexia Certification, which was developed at Plaintiffs' expense, for their own personal benefit and gain, and/or the benefit and gain of others.

25.     Upon information and belief, Hailstones and Curry named themselves as the inventors on the patent application for Nexia Certification entitling the program as: "Methods of Deterring, Detecting, and Mitigating Fraud by Monitoring Behaviors and Activities of an Individual and/or Individuals within an Organization." The patent application was submitted while Hailstones and Curry were employed by Plaintiffs.

26.     Furthermore, upon information and belief, Hailstones and Curry failed to name Nexia as the "owner" or "title-holder" of the patent and/or assign the rights of the patent application to Nexia as agreed upon.

27.     As part of their conspiracy to convert Nexia Certification and the confidential and proprietary information gathered while employed by Plaintiffs for their own personal benefit and gain, and/or the benefit and gain of others, Hailstones and Curry drafted and signed documents purporting to transfer rights to Nexia Certification to

themselves. Defendants drafted and signed such documents without the authorization, approval or ratification of the Board of Directors for Plaintiffs.

28.     Also, while Hailstones and Curry were still employed by Plaintiffs, they organized a competing entity, Palaxar Group LLC and/or Palaxar Holdings LLC, which would in turn implement and market what has been referred to above as Nexia Certification.

29.     Upon information and belief, Hailstones and Curry named Palaxar Group LLC and/or Palaxar Holdings LLC as the owner or title-holder on the patent application, have assigned the rights of the patent to Palaxar Group LLC and/or Palaxar Holdings LLC, and/or are using the pending patent for the benefit of Palaxar Group LLC and/or Palaxar Holdings LLC.

30.     On September 11, 2006, while Hailstones and Curry were still employed by Plaintiffs, Palaxar Group, LLC was incorporated as a Virginia limited liability company.  Palaxar Holdings LLC was incorporated as a Virginia Limited Liability Company on December 18, 2006.

31.     Both Hailstones and Curry are founding members of Palaxar Group LLC and/or Palaxar Holdings LLC.

32.     Upon information and belief, Palaxar Group LLC and/or Palaxar Holdings LLC is now offering for sale to others the patent-pending fraud solution program, Nexia Certification, developed by Hailstones and Curry at Mirabilis' expense while employed by Plaintiffs.

33.     Also, while employed by Plaintiffs, Hailstones and Curry entered into business negotiations with third-parties for the implementation of the patent-pending Nexia Certification.

34.     Upon information and belief, Hailstones and Curry closed one or more deals negotiated during their employment with Plaintiffs, for the benefit of Palaxar Group LLC and/or Palaxar Holdings LLC.

35.     Upon information and belief, Defendants continue to market the Nexia Certification as their own.  Specifically, Defendants participated in a conference located in Scottsdale, Arizona from October 14, 2007, through October 18, 2007, entitled the "58th Audit Directors & Managers Symposium," at which Defendants discussed and/or offered for sale the anti-fraud solutions program referred to above as Nexia Certification.

36.     The property Defendants have sold, upon information and belief, and continue to market, belongs, in law and in equity, to Plaintiffs.  Defendants' use of this property as their own has damaged Plaintiffs and deprived Plaintiffs of the benefit of property which they rightfully own.

## CAUSES OF ACTION

### COUNT I – BREACH OF CONTRACT

37.     Plaintiffs restate their allegations in paragraphs 1 through 36 above as if fully set forth herein.

38.     Upon beginning their employment with Plaintiffs, Hailstones and Curry signed employee contracts.

39.    Hailstones and Curry breached their employment contracts by disclosing and communicating confidential information and trade secrets gathered in the course of their employment to other persons, businesses, and/or corporate entities, including Palaxar Group LLC and/or Palaxar Holdings LLC.

40.    Specifically, Defendants are using Nexia Certification by marketing, offering and/or selling Nexia Certification for their own benefit and gain, or the benefit and gain of others.

41.    Plaintiffs have been damaged as a direct and proximate result of the breach of the employment contracts.

## COUNT II – BREACH OF FIDUCIARY DUTY

42.    Plaintiffs restate their allegations in paragraphs 1 through 41 above as if fully set forth herein.

43.    As Officers, Directors and/or Employees of Plaintiffs, Hailstones and Curry had a fiduciary duty to act in the interest of Plaintiffs.

44.    Pursuant to Hailstones' and Curry's employment contracts, Plaintiffs' Bylaws, and Fla. Stat. §§ 607.0830 and 607.0832, Defendants breached their fiduciary duties through self dealing and use of Plaintiffs' property for their personal benefit. Plaintiffs breached such duties by, among other things, drafting and signing documents purporting to transfer rights to Nexia Certification to themselves. Hailstones and Curry drafted and signed such documents without the authorization, approval or ratification of the Board of Directors for Plaintiffs.

45.    Plaintiffs have been damaged as a direct and proximate result of Defendants' actions.

46.    Moreover, the actions of Hailstones and Curry were done wrongfully, negligently, willfully, intentionally, maliciously, recklessly and without regard for the rights of Plaintiffs.

## COUNT III – MISAPPROPRIATION OF TRADE SECRETS AND CONFIDENTIAL INFORMATION

47.    Plaintiffs restate their allegations in paragraphs 1 through 46 above as if fully set forth herein.

48.    Hailstones and Curry acquired trade secret and confidential information through their employment with Plaintiffs. Such trade secret and confidential information included information regarding Nexia Certification.

49.    Specifically, such trade secret and confidential information included research, studies and strategies developed during their employment with Plaintiffs relating to Nexia Certification.

50.    Defendants violated Florida's Uniform Trade Secrets Act, Fla. Stat. § 688.001 *et seq.*, by willfully and maliciously misappropriating the trade secrets and confidential information acquired through their employment with Plaintiffs by using such information for their own advantage and to the harm of Plaintiffs.

51.    Plaintiffs have been damaged as a direct and proximate result of Defendants' actions.

### COUNT IV – CONVERSION

52.     Plaintiffs restate their allegations in paragraphs 1 through 51 above as if fully set forth herein.

53.     Plaintiffs invested substantial money and time in the research and development of Nexia Certification in preparation for offering and selling this anti-fraud program to other businesses.

54.     Plaintiffs' substantial investment in the development of Nexia Certification was made with the understanding that Nexia would be named as the "owner" or "title-holder" on the patent application and/or assigned the rights to the pending patent.  The patent application was submitted to the U.S. Patent Office by Plaintiffs' employees in their capacity as officers and/or directors of either Mirabilis or Nexia.

55.     Defendants converted the pending patent, as well as in excess of $2.3 million invested by Plaintiffs into the development of such patent, to their own use.

56.     Upon information and belief, this conversion of the Plaintiffs' patent application was for the improper and self-serving benefit of Defendants.

57.     Also, in furtherance of their conversion, Hailstones and Curry drafted and signed documents purporting to transfer rights to Nexia Certification to themselves. Hailstones and Curry drafted and signed such documents without the authorization, approval or ratification of the Board of Directors for Plaintiffs.

58.     Plaintiffs have been damaged as a direct and proximate result of Defendants' actions.

59.     Moreover, Defendants' actions were done wrongfully, negligently, willfully, intentionally, maliciously, recklessly and without regard for the rights of Plaintiffs.

### COUNT V – CIVIL CONSPIRACY

60.     Plaintiffs restate their allegations in paragraphs 1 through 59 above as if fully set forth herein.

61.     Defendants conspired with each other to accomplish an unlawful purpose and commit the wrongs alleged herein.     Specifically, Defendants conspired to misappropriate confidential and proprietary information and Nexia Certification, both gathered and/or created through their employment with Plaintiffs, for their own advantage and to the harm of Plaintiffs.

62.     Defendants committed overt acts in pursuance of the conspiracy.     Such acts include, but are not limited to, drafting and signing documents purporting to transfer rights in such confidential and proprietary information and Nexia Certification to Hailstones and Curry without the approval, authorization or ratification of the Board of Directors of Plaintiffs or shareholders of Nexia.

63.     Plaintiffs have been damaged as a direct and proximate result of the Defendants' actions.

### COUNT VI – INJUNCTIVE RELIEF

64.     Plaintiffs restate their allegations in paragraphs 1 through 63 above as if fully set forth herein.

65.    Pursuant to Fla. Stat. § 688.001, *et seq.*, Defendants have misappropriated Plaintiffs' property, confidential information and trade secrets.

66.    Plaintiffs have suffered irreparable harm as a result of Defendants' misappropriation, and will continue to suffer said harm if Defendants are not stopped immediately.

67.    There is no adequate remedy at law available to Plaintiffs.

68.    Plaintiffs have a reasonable likelihood of success on the merits of their claims

69.    Furthermore, the damage to Plaintiffs in permitting Defendants to continue its misappropriation far outweighs any costs or harm that might befall Defendants were this Court to order Plaintiffs' requested relief.

70.    Therefore, pursuant to Fla. Stat. § 688.003, Plaintiffs seek injunctive relief from the actual and/or threatened misappropriation including, but not limited to, the Defendants being enjoined from selling, marketing, and/or offering Plaintiffs' property, confidential information and/or trade secrets to any third party.[1]

71.    Furthermore, Plaintiffs seek that a constructive trust be imposed on the assets of Palaxar Group LLC and/or Palaxar Holdings LLC relating in any way to Nexia Certification.   The property being misappropriated by Defendants is a specific identifiable property and/or can be clearly traced in the assets of Palaxar.

---

[1] Contemporaneous with the filing of this Complaint, Plaintiffs have filed a Motion for Preliminary Injunction to prohibit Defendants' continued use of Plaintiffs' property, including, without limitations, Defendants' planned use of the property at the Arizona symposium entitled the "58th Audit Directors & Managers Symposium" to take place on October 14, 2007, through October 18, 2007.

### COUNT VII - UNJUST ENRICHMENT

72.     Plaintiffs restate their allegations in paragraphs 1 through 71 above as if fully set forth herein.

73.     Through Defendants employment and/or relationship with Plaintiffs, Plaintiffs have conferred benefits upon Defendants including, but not limited to, access to confidential and proprietary information, company resources, and the anti-fraud model made the basis of the patent that is currently pending.

74.     Defendants have taken advantage of and appreciated such benefits conferred by Plaintiffs.

75.     Defendants' acceptance and retention of such benefits under the circumstances of this case make it inequitable for Defendants to retain the benefits without paying the value thereof.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs hereby demand:   (i) judgment against Defendants for compensatory and punitive damages, together with interest, costs and reasonable attorneys' fees, in an amount to be determined at trial; (ii) injunctive relief pursuant to the Florida's Uniform Trade Secrets Act to enjoin the misappropriation of trade secrets; (iii) imposition of a constructive trust on the assets of Palaxar Group LLC and/or Palaxar Holdings LLC that relate in any way to Nexia Certification; (iv) that a jury be empanelled to hear this cause; (v) and for such further and other relief the Court deems just and proper.

MIRABILIS VENTURES, INC. and
NEXIA STRATEGY CORPORATION,

s/ Aaron C. Bates
By: Counsel

**Counsel:**

Aaron C. Bates, Esq.
Florida Bar No. 011749
GOLDBERG BATES, PLLC
3660 Maguire Boulevard
Suite 102
Orlando, FL 32803
Telephone: (407) 893-3776
Facsimile: (407) 893- 3779
abates@goldbergbates.com

J. Russell Campbell
Florida Bar No. 901423
BALCH & BINGHAM LLP
P. O. Box 306
Birmingham, Alabama 35201-0306
Telephone:  (205) 251-80100
Facsimile:  (205) 226-8798
rcampbell@balch.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 23, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to all parties named on the attached Service List or in some other authorized manner for those counsel or parties who are not authorized to receive notices electronically.

s/ Aaron C. Bates
Aaron C. Bates

## SERVICE LIST

Martin R. Raskin
Jane Serene Raskin
RASKIN & RASKIN, P.A.
2601 South Bayshore Drive
Suite 725
Miami, Florida 33133
mraskin@raskinlaw.com

**Attorneys for Edith Curry, Palaxar Group LLC, and Palaxar Holdings LLC**

Donald E. Christopher
Christine M. Ho
LITCHFORD & CHRISTOPHER
Professional Association
Bank of America Center
390 North Orange Avenue
Post Office Box 1549
Orlando, Florida 32802
dchristopher@litchfordchristopher.com
cho@litchfordchristopher.com

and

Craig S. Warkol
BRACEWELL & GIULIANI LLP
1177 Avenue of the Americas
New York, N.Y. 10036
Craig.warkol@bgllp.com

**Attorneys for Frank Hailstones**