UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MIRABILIS VENTURES, INC., and NEXIA
STRATEGY CORPORATION,

Plaintiffs,

-vs-                                    Case No. 6:07-cv-1788-Orl-28KRS

PALAXAR GROUP, LLC, PALAXAR
HOLDINGS, LLC, FRANK HAILSTONES,
EDITH CURRY, and FICTITIOUS
DEFENDANTS 1 THROUGH 8,

Defendants.

## ORDER

Plaintiffs, Mirabilis Ventures, Inc. ("Mirabilis") and its wholly-owned subsidiary, Nexia Strategy Corporation ("Nexia Strategy"), have filed the instant action against two of their former officers and directors, Frank Hailstones and Edith Curry, as well as two limited liability companies allegedly formed by Hailstones and Curry, Palaxar Group, LLC and Palaxar Holdings, LLC. The dispute involves intellectual property referred to by the parties as "Nexia Certification" and purported trade secrets related thereto.

This case is currently before the Court on the Motion for Preliminary Injunction (Doc. 3) filed by Plaintiffs. The Court heard oral argument on the motion on January 25, 2008. At the conclusion of the oral argument, the Court ruled from the bench that the motion would be denied, with this Order to follow.

## I. Background

In their preliminary injunction motion, Plaintiffs contend that "[t]hrough their employment with Plaintiff, Hailstones and Curry had access to and did in fact gather confidential and proprietary information for the purpose of developing an anti-fraud certification program for the benefit of Plaintiffs ("Nexia Certification")." (Doc. 3 at 2). Curry allegedly "was tasked with obtaining a patent for Nexia Certification for the benefit of Plaintiffs." (Id.)

Plaintiffs contend that Hailstones and Curry breached employment agreements by using "confidential information and trade secrets related to the development of Nexia Certification, which was developed at Plaintiff's expense." (Id.) Hailstones and Curry have allegedly violated the Florida Uniform Trade Secrets Act by misappropriating these trade secrets and confidential information. (Id. at 4). Plaintiffs seek a preliminary injunction barring Defendants from "(i) utilizing Plaintiffs' property, valuable trade secrets and confidential/proprietary information for any purpose whatsoever; (ii) disclosing Plaintiffs' property, valuable trade secrets and confidential/proprietary information to any third-party; and (iii) compelling Defendants to return all property, valuable trade secrets and confidential/proprietary information taken from Plaintiffs." (Id. at 5).

In support of their motion, Plaintiffs filed the affidavit of their current president, Jodi Jaiman, and many exhibits thereto. (See Doc. 24 and attachs. thereto). Defendants responded by filing several affidavits, including those of Curry, Hailstones, and several other former employees of Defendants. (See Doc. 41 and attachs. thereto).

## II. Discussion

"A district court may grant injunctive relief only if the moving party shows that: (1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc). "'A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly carries the burden of persuasion as to the four requisites.'" All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989) (quoting United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983)) (internal marks omitted).

Plaintiffs have not met their burden of establishing entitlement to a preliminary injunction. They have not shown a likelihood of success on the merits – and certainly not a *substantial* likelihood of such success. There are abundant issues of fact that cannot be resolved at this stage of the case.

Defendants have filed affidavits controverting the salient assertions in Plaintiffs' First Amended Complaint (Doc. 42) and motion for preliminary injunction. According to Defendants, Curry was not "tasked with" creating the Nexia Certification once she started working for Nexia Strategy but instead had created the algorithm for what later became known as Nexia Certification before she worked for Nexia Strategy. Defendants further state that Nexia Certification had nothing to do with Curry's employment at Nexia Strategy; instead, say Defendants, the controlling shareholder of Mirabilis learned of Curry's work and


was interested in it, eventually proposing funding for the development of Nexia Certification in exchange for a license. Defendants' affidavits on these assertions are not impeached by the only affidavit submitted by Plaintiffs – that of their current president, who has little, if any, personal knowledge of the events at issue and whose statements are based largely on her "review of business records." The facts are in dispute regarding the alleged misappropriation of trade secrets and regarding ownership of the rights to Nexia Certification. In sum, Plaintiffs' submissions do not establish a substantial likelihood of success on the merits or any of the other requisites for a preliminary injunction; thus, the requested injunction cannot issue.

### III. Conclusion

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. The Motion for Preliminary Injunction (Doc. 3) filed by Plaintiffs is **DENIED**.

2. Plaintiffs' Opposed Motion to Strike Affidavits Submitted by Defendants (Doc. 35) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida this __30__ day of January, 2008.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party