# STATE OF FLORIDA UNIFORM COMMERCIAL CODE FINANCING STATEMENT FORM

**A. NAME & DAYTIME PHONE NUMBER OF CONTACT PERSON**
Matthew Porter   (407) 318-8000

**B. SEND ACKNOWLEDGEMENT TO:**
Name: Matthew Porter
Address: 20 N. Orange Avenue
Address: Suite 1400
City/State/Zip: Orlando   FL   32801

FLORIDA SECURED TRANSACTION REGISTRY

**FILED**
2005 Aug 10 AM 12:00
****** 200500409380 ******

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** – INSERT ONLY ONE DEBTOR NAME (1a OR 1b) – Do Not Abbreviate or Combine Names

| 1a. ORGANIZATION'S NAME | Presidion Solutions, Inc. | | | |
|---|---|---|---|---|
| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX | |
| 1c. MAILING ADDRESS: 755 W. Big Beaver Road, Suite 1700 | CITY: Troy | STATE: MI | POSTAL CODE: 48084 | COUNTRY: USA |
| 1d. TAX ID# | 1e. TYPE OF ORGANIZATION: Florida Profit | 1f. JURISDICTION OF ORGANIZATION: Florida | 1g. ORGANIZATIONAL ID#: NONE | |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** – INSERT ONLY ONE DEBTOR NAME (2a OR 2b) – Do Not Abbreviate or Combine Names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX | |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 2d. TAX ID# | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID# NONE | |

**3. SECURED PARTY'S NAME** (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P)– INSERT ONLY ONE SECURED PARTY NAME (3a OR 3b)

| 3a. ORGANIZATION'S NAME | Brookmeade Group, LLC | | | |
|---|---|---|---|---|
| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX | |
| 3c. MAILING ADDRESS: 11916 Brookmeade Court | CITY: Glen Allen | STATE: VA | POSTAL CODE: 23059 | COUNTRY: USA |

**4. This FINANCING STATEMENT covers the following collateral:**

See the attached "Schedule A".

**5. ALTERNATE DESIGNATION (if applicable)**: ☐ LESSEE/LESSOR   ☐ CONSIGNEE/CONSIGNOR   ☐ BAILEE/BAILOR   ☐ AG. LIEN   ☐ NON-UCC FILING   ☐ SELLER/BUYER

**6. Florida DOCUMENTARY STAMP TAX** – YOU ARE REQUIRED TO CHECK EXACTLY ONE BOX
☒ All documentary stamps due and payable or to become due and payable pursuant to s. 201.22 F.S., have been paid.
☐ Florida Documentary Stamp Tax is not required.

**7. OPTIONAL FILER REFERENCE DATA**

STANDARD FORM - FORM UCC-1 (REV.12/2001)   Filing Office Copy   Approved by the Secretary of State, State of Florida

Schedule A

Re: UCC 1 Financing Statement

All furniture, furnishings, fixtures, machinery, equipment, inventory and materials on site, and personal property of every nature whatsoever now or hereafter owned by the Debtor and located in or used in conjunction with or with the construction or operation of said property, buildings, structures or other improvements, including all extensions, additions, improvements, betterments, renewals and replacements to any of the foregoing, and all of the right title and interest of the Debtor in any such personal property or fixtures subject to a conditional sales contract, chattel mortgage or similar lien or claim together with the benefits of any deposits or payments now or hereafter made by the Debtor or on it's behalf with regard to the collateral. The collateral herein shall include, without limitation, the following:

Accounts, general intangibles, personal property, which includes (but is not limited to) the following property:

All of Debtors contract rights, general intangibles, personal property, accounts receivable, inventory, furniture and fixtures, and equipment, both now owned and hereafter acquired, and all additions, replacements, accessions and insurance of the foregoing, and all books, records and warranties related thereto.

The term "Collateral" further includes, but is not limited to, the following property, whether now owned or hereafter acquired, and whether or not held by bailee for the benefit of the Debtor or owner, all: accessions, accessories, additions, cash, fittings, increases, insurance benefits and proceeds, parts, products, profits, renewals, rents, replacements, special tools and substitutions, together with all books and records pertaining to the Collateral and access to the equipment containing said books and records, including computer stored information and all software relating thereto, plus all cash and non-cash proceeds and all proceeds of proceeds arising from the types (items) of property listed above.

Pertaining to the accounts (Accounts) portion of the Collateral, the term Collateral, shall include, but not limited to, all:

   A. Accounts generally, accounts receivable and hedging accounts;
   B. Contracts, real estate contracts, futures contracts, contract rights to obtain payment, for deeds or property sold, leased or exchanged and for services rendered, whether or nor performance has been completed;
   C. Things in action;
   D. Rights to receive any payments in money or in kind;
   E. Guaranties of Accounts and the security therefore;
   F. Rights of Debtor in the goods, services or other property which gave rise to or secure, the Accounts;
   G. Rights of Debtor as an unpaid seller of goods or services, including but not limited to stoppage in transit, replevin, reclamation and resale;
   H. Instruments and chattel paper; and
   I. Proceeds thereof and proceeds of proceeds thereof.

Pertaining to the general intangibles portion of Collateral, the term "Collateral" shall include, but not limited to, instruments and chattel paper, all goodwill, tax refunds, trademarks, trade names, patents, copyrights, and all proceeds thereof and proceeds of proceeds thereof.

Proceeds: All proceeds of proceeds referred to herein shall include, but not limited to, wherever located, accounts, chattel paper, documents, equipment, farm products, general intangibles, instruments, inventory, and all other goods.

## PROMISSORY NOTE

Maker: Presidion Solutions, Inc.

Holder: Brookmeade Group, LLC

Troy, MI

$500,000

January 17, 2005

    For Value Received, the sufficiency of which is acknowledged, undersigned promise to pay to the order of Brookmeade Group, LLC the principal sum of Five Hundred Thousand Dollars ($500,000), with no interest, principal being payable in lawful money of the United States at 11916 Brookmeade Court, Glen Allen, Virginia, 23059, or at such other place as the Holder hereof may designate in writing. Principal shall be payable in twenty four equal monthly installments of Twenty Thousand Eight Hundred Thirty Three Dollars and 34/100 ($20,833.34) each, commencing on the 28th day of January, 2005, and continuing on the 21st day of each month thereafter, through and including December 15, 2006.

    The Maker waives demand, protest and notice of maturity, non-payment of protest and all requirements necessary to hold Maker liable as a maker. Maker further agree to pay all costs of collection, including a reasonable attorney's fee in case the principal of this note or any payment on the principal is not paid at the respective maturity thereof, or in case it becomes necessary to protect the security hereof, whether suit be brought or not.

    In the event of a failure by the Maker to timely make any installment payment within ten (10) days of its due date, the obligation of the Maker shall be in default, the unpaid principal balance shall be immediately due and payable and interest on the principal balance shall thereafter accrue at the maximum annual rate allowable by law. This note will also be considered in default and all amounts outstanding plus reasonable attorney fees and costs of collection, together with interest on the principal balance at the maximum annual rate allowable by law, will be immediately due and payable upon the occurrence of any of the following events: the filing of bankruptcy; by Maker; the levy by any government authority against the assets of Maker, the agreement by Maker to transfer a significant ownership interest in the Maker, the entry of a judgment against Maker or the sale of a significant portion of the assets of Maker.

    Maker acknowledges and agrees that irrespective of where executed, this note shall be construed in accordance with the laws of the State of Florida. The Holder and the Maker agree that, irrespective of any wording that might be construed to be in conflict with this paragraph, this agreement is one for performance in Florida. All parties executing this note agree that they waive any objection, constitutional, statutory or otherwise, to a Florida court's taking jurisdiction of any dispute between them. By entering into this agreement, the parties, and each of them understand that they might be called upon to answer a claim asserted in a Florida court.

MAKER: PRESIDION SOLUTIONS, INC.

_____  Date: January 26-05

Craig A. Vanderburg, President / CEO

_____  Date: 1/26/05

James E. Baiers, Officer, Director and Stockholder

## SECURITY AGREEMENT

**THIS AGREEMENT**, made on this the 17th day of January 2005, by and between **Presidion Solutions, Inc.**, a Florida corporation, and its subsidiary companies (collectively the "Debtor"), located at 755 W. Big Beaver Road, Suite 1700, Troy, Michigan 48084, and **Brookmeade Group, LLC**, a Virginia limited liability company (the "Secured Party"), located at 11916 Brookmeade Court, Glen Allen, Virginia 23059.

### WITNESSETH THAT:

**FOR VALUABLE CONSIDERATION**, and to secure the payment when due (whether at the stated maturity or by acceleration) of an indebtedness owed by the Debtor to the Secured Party in the principal aggregate sum of Five Hundred Thousand Dollars ($500,000.00), pursuant to a Promissory Note between Debtor and Secured Party of even date herewith (the "Note"), the Debtor hereby grants and conveys to the Secured Party a security interest in the Collateral.

As used herein, "Collateral" means all inventory, equipment, fixtures, machinery, furniture, goods, merchandise, supplies, accounts receivable or other personal property of the Debtor now owned, or hereafter acquired by the Debtor, which are held for sale or used or consumed in the Debtor's business at the location of Debtor's business, or any other locations which Debtor may currently or subsequently use, and all products thereof, substitutions, replacements, additions, or accessions thereto.

### DEBTOR WARRANTS, COVENANTS, AND AGREES AS FOLLOWS:

a) **PAYMENT.** Debtor will pay, when due, the principal and any interest due under the Note of even date herewith and perform all of the obligations set forth in this Agreement according to their respective terms.

b) **DEFEND.** Debtor will defend the title to the Collateral against all persons and all claims and demands whatsoever, which Collateral, except for the security interest granted hereby, is lawfully owned by the Debtor.

c) **ASSURANCES OF TITLE.** Upon the reasonable request of the Secured Party, the Debtor will furnish further assurances of title, execute any instrument or statement required by law or otherwise in order to perfect, continue, or terminate the security interest of the Secured Party in the Collateral or do any other acts necessary to effectuate the purposes and provisions of this Agreement.

d) **POSSESSION.** Debtor will retain possession of the Collateral during the existence of this Agreement and not sell, exchange, assign, loan, deliver, lease, mortgage, or otherwise dispose of any of the Collateral without the written consent of the Secured Party, except in the ordinary course of business. This Security Agreement does not cover or include any fixtures or other personal property owned by bona fide landlords or owners of all or any portion of the premises where the Debtor's business is located, if such landlord has the right to remove the same at or before the expiration of the term of the lease for the premises.

e) **LOCATION.** Debtor will keep the Collateral at the location of the Debtor's principal business offices specified above, or any other locations which Debtor may currently or subsequently use, and not remove any of the same except in the usual course of business.

f) **TAXES**. Debtor will pay, when due, all taxes, assessments, and license fees relating to any of the Collateral.

g) **REPAIRS**. Debtor will keep the Collateral, at the Debtor's own cost and expense, in good repair and condition and not misuse, abuse, waste, or allow any of the same to deteriorate, except for normal wear and tear, and Debtor will make the Collateral available for inspection by the Secured Party at all reasonable times.

h) **INSURANCE**. Debtor will keep the Collateral insured against loss by fire (including extended coverage), theft, and other hazards. Policies shall be obtained in such amounts, with such companies, and pursuant to such form of policies, as may be reasonably acceptable to the Secured Party. Certificates of insurance or policies naming the Secured Party as mortgagee under a "standard" mortgage clause shall be deposited with the Secured Party. The Secured Party is authorized, but under no duty, to obtain such insurance upon failure of the Debtor to do so, and any insurance so obtained by the Secured Party may insure the Secured Party's interest in such Collateral only or the Debtor's and the Secured Party's interests therein, at the Secured Party's sole and exclusive option. The Debtor shall promptly reimburse the Secured Party for the cost of obtaining such insurance upon demand. The Debtor shall give immediate written notice to the Secured Party and to its insurers of loss or damage to any of the Collateral and shall promptly file proofs of loss with such insurers.

i) **CHANGE OF ADDRESS**. Debtor will immediately notify the Secured Party in writing of any change in, or discontinuance of, the Debtor's place or places of business.

j) **NON-WAIVER**. Waiver of or acquiescence in any default by the Debtor, or failure of the Secured Party to insist upon strict performance by the Debtor of any warranties or agreements in this Agreement, shall not constitute a waiver of any subsequent or other default or failure.

k) **NOTICES**. Notices to any party shall be in writing and shall be delivered personally or by registered or certified mail, postage prepaid, addressed to the party at the address herein set forth or otherwise designated in writing. All notices which are required or permitted hereunder shall be in writing and shall be deemed duly given if and when such notice is either delivered personally, or mailed by certified or registered U.S. mail, return receipt requested, first class, postage prepaid, addressed to the parties as follows:

**Secured Party:**    Brookmeade Group, LLC
                     11916 Brookmeade Court
                     Glen Allen, Virginia 23059

**Debtor:**          Presidion Solutions, Inc.
                     755 W. Big Beaver Road, Suite 1700
                     Troy, Michigan 48084

or to such other address as either party shall designate by written notice to the other in the manner provided herein.

l) **LAW APPLICABLE**. The laws of the State of Florida shall govern the rights, duties, and remedies of the parties. Any dispute shall be resolved in accordance with the arbitration provisions set forth in the Note.

Security Agreement  Presidion Solutions / Brookmeade Group
Page 2 of 4

    m)    **REMEDIES ON DEFAULT.** In the event that the Debtor shall fail to pay any installment due under the Note when the same shall be due and payable, at the option of the Secured Party, the indebtedness secured by this Agreement shall immediately become due and payable in full without notice or demand, and the Secured Party shall have all the rights, remedies, and privileges with respect to repossession, retention, and sale of the Collateral and disposition of the proceeds as are accorded to a secured party by the applicable sections of the Uniform Commercial Code respecting "Default" in effect as of the date of this Agreement. In addition, Debtor shall have thirty (30) days following receipt of the written notice from Secured Party to cure the default. If the default is a non-monetary default and is not capable of being cured within thirty (30) days, Debtor shall have such additional time as may reasonably be required to complete the cure, provided Debtor initiates its efforts within the initial thirty (30) days and diligently pursues it to completion. Upon any default, the Secured Party's reasonable attorney's fees, costs of collection, and the other expenses for pursuing, searching for, receiving, taking, keeping, storing, advertising, and selling the Collateral shall be chargeable to the Debtor, whether or not suit be brought.

    n)    **MONIES ADVANCED.** If the Debtor shall default in the performance of any of the provisions of this Agreement on the Debtor's part to be performed, the Secured Party may perform same for the Debtor's account and any monies expended in so doing shall be chargeable with interest (at the rate provided for in the Note) to the Debtor and added to the indebtedness secured hereby and the same shall be immediately due and payable by the Debtor to the Secured Party upon the Secured Party's demand.

    o)    **ASSEMBLING COLLATERAL.** Upon a default, the Secured Party, at its discretion, may require the Debtor to assemble the Collateral and make it available to the Secured Party at a place to be designated by the Secured Party reasonably convenient to both parties.

    p)    **NOTICE OF SALE.** Unless the Collateral is perishable or threatens to decline speedily in value, or is of a type customarily sold on a recognized market, the Secured Party will give the Debtor reasonable notice of the time and place of any public sale thereof, or of the time after which any private sale or any other intended disposition of the Collateral is to be made. The requirements of reasonable notice will be met if such notice is mailed in accordance with this Agreement, at least twenty (20) days before the time of sale or disposition.

    q)    **FINANCING STATEMENTS.** The Secured Party is hereby authorized to file Financing Statements covering the Collateral and to sign the Debtor's signature thereto.

    r)    **NO ORAL CHANGE.** This Agreement may not be amended, varied, altered, or changed except by an instrument in writing, executed by the parties hereto.

    s)    **SEVERABILITY.** In the event that any term, provision, covenant or condition of this Security Agreement, or the application thereof to any person or circumstance, shall, to any extent, be determined to be inoperative, invalid or unenforceable, in whole or in part, such provision shall be deemed eliminated from this Agreement or invalid to such extent, and the balance or the remaining provisions of this Agreement, or the application of such term or provisions to persons or circumstances other than those to which it is invalid or unenforceable, shall continue in full force and effect.

    t)    **CAPTIONS, PRONOUNS.** The captions are inserted only as a matter of convenience and for reference and in no way define, limit or describe the scope of this

Agreement, or the intent of any provision thereof. Whenever used, the neuter singular pronouns shall be deemed to include the masculine, the feminine, and the plural, the singular number shall include the plural, and the plural shall include the singular.

u) **BINDING EFFECT.** The provisions of this Agreement shall be binding upon and shall inure to the benefit of the Debtor and the Secured Party, their heirs, personal representatives, successors, and assigns.

v) **AFTER ACQUIRED PROPERTY.** After acquired property is expressly covered whether acquired with Secured Party's funds or otherwise.

w) **CROSS-COLLATERALIZATION/CROSS-DEFAULT.** Collateral of this Agreement shall additionally cross-collateralize all other obligations owed to Secured Party whether such obligations are created directly, or by assignment, to Secured Party from third-party. Further, default of any provision of this Agreement shall also constitute a default of each other agreement between the parties hereto.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of the day and year first written above.

**AGREED AND ACCEPTED:**

**DEBTOR:**

Presidion Solutions, Inc.
A Florida corporation

*/s/ James E. Baires*
Signature:
Name: James E. Baires
Its: Officer, Director and Stock Holder

**SECURED PARTY:**

Brookmeade Group, LLC
a Virginia limited liability company

*/s/ Edie Curry*
Signature:
Name: Edie Curry
Its: Principal

JEB / Debtor

Security Agreement – Presidion Solutions / Brookmeade Group
Page 4 of 4

EC / Secured Party