**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MIRABILIS VENTURES, INC.,
NEXIA STRATEGY CORPORATION,

      Plaintiffs,                       CASE NO.:  6:07-CV-1788-ORL-28-GJK

vs.

PALAXAR GROUP, LLC;
PALAXAR GROUP HOLDINGS, LLC;
FRANK HAILSTONES; EDITH CURRY a/k/a
EDITH BROADHEAD; and
FICTITIOUS DEFENDANTS 1 though 8,

      Defendants/Third-Party Plaintiffs,

vs.

MIRABILIS VENTURES, INC.,
NEXIA STRATEGY CORPORATION;

and

AQMI STRATEGY CORPORATION; et al.

      Third-Party Defendants.
_____/

**THIRD-PARTY DEFENDANT AQMI STRATEGY CORPORATION'S**
**MOTION TO DISMISS THIRD-PARTY COMPLAINT**
**AND INCORPORATED MEMORANDUM OF LAW**

Third-Party Defendant, AQMI STRATEGY CORPORATION ("AQMI"), by and through undersigned counsel, and pursuant to Rule 8 and Rule 12(b)(6) of the Federal Rules of Civil Procedure, moves to dismiss Third-Party Plaintiffs', PALAXAR GROUP HOLDINGS, LLC ("Palaxar");  FRANK HAILSTONES ("Hailstones"); and EDITH CURRY  a/k/a EDITH BROADHEAD ("Curry")(collectively at times, "Third-Party Plaintiffs") Third-Party Complaint (Doc. No. 54), and states as follows:

## INTRODUCTION

This case involves claims that Hailstones, a licensed accountant, and Curry, a licensed attorney, and both former officers and/or directors of Plaintiffs, Mirabilis Ventures, Inc. ("Mirabilis") and Nexia Strategy Corporation ("Nexia"), breached certain employment and non-disclosure agreements with Mirabilis and Nexia, misappropriated confidential trade secret and other proprietary information, engaged in unlawful and unfair competition, and impermissibly disclosed confidential proprietary information to third parties.

Hailstones and Curry counterclaimed and filed a one count third-party claim entitled simply "Indemnity" against AQMI.  For the reasons stated below, the third-party claim for "Indemnity" fails to state a claim upon which relief can be granted.

## MEMORANDUM OF LAW
## STANDARD OF REVIEW

To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512 (2002) (citing Fed. R. Civ. P. 8). *See also Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955, 1964 (2007) (citations omitted); *Erickson v. Pardus,* 127 S.Ct 2197, 2200 (2007); *Gonzalez v. Asset Acceptance, LLC,* 2008 WL 489557, *1 (M.D. Fla. 2008).

Also, while a complaint "attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 127 S.Ct. at 1964-65 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* at 1965.  Simply put, a plaintiff

must plead enough facts to state a plausible basis for the claim. *Id.; Gonzalez,* 2008 WL 489557, at *1.

Further, the Supreme Court has "rejected the notion that 'a wholly conclusory statement of claim can survive a motion to dismiss whenever the pleadings leave open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery.'" *Weissman v. Nat'l Ass'n of Sec. Dealers, Inc.,* 500 F.3d 1293, 1303 (11th Cir. 2007) (quoting *Bell Atlantic,* 127 S.Ct. at 1968); *Hyatt Corp. v. Epoch-Florida Capital Hotel Partners, Ltd.,* 2008 WL 490121, *2 (M.D. Fla. 2008).

In ruling on a motion to dismiss, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.,* 326 F.3d 1183, 1185 (11th Cir. 2003); *Ault v. Walt Disney World Co.,* 2008 WL 490581, *1 (M.D. Fla. 2008).

## ARGUMENTS AND AUTHORITIES

Count 10 of the Third-Party Complaint (Doc. No. 54) is entitled "Indemnity" and is the only count that relates to AQMI.

Paragraph 122 of Count 10 states: "In AQMI's contract with Mirabilis, Amodeo, via his consulting enterprise, AQMI, agreed to indemnify Curry and Hailstones, including attorney's fees and legal expenses, against any clams, liabilities, losses, expenses, etc., resulting from the actions of Amodeo or AQMI." The Third-Party Complaint goes on to state that "Amodeo, via his company, AQMI, is required to indemnify Curry and Hailstones for any damages found against Curry and Hailstones and for the attorneys' fees and legal expenses they have incurred in defense of this claim." (Doc. No. 54). As drafted, Count 10 is directed against Third Party Defendant, Frank Amodeo ("Amodeo"), not AQMI.

In Count 10, it appears that Third Party Plaintiffs are attempting to assert a cause of action for contractual indemnity, as opposed to indemnity by operation of law.  Under Florida law, indemnity is a right which inures to one who discharges a duty owed by him but which, as between himself and another, should have been discharged by the other.  *Houdaille Industries v. Edwards,* 374 So. 2d 490 (Fla. 1979); *Rosati v. Vaillancorut,* 848 So. 2d. 467, 470 (Fla. 5th DCA 2003); *Meterlogic, Inc. v. Copier Solutions, Inc.,* 126 F. So. 2d 1346, 1365 (S.D. Fla. 2000).  It arises either contractually or by operation of law, *i.e.*, vicariously or constructively.

However, for there to be a duty to indemnify, the indemnitee must properly allege three elements: 1) an explanation of the nature of the duty owed by the indemnitor; 2) an explanation of how the indemnitor breached this duty; and 3) the indemnitee must allege that it suffered an injury as a result of the indemnitor's breach. *Eaton v. Coal Par of West Virginia, Inc.,* 580 F.Supp. 572, 582 (S.D. Fla. 1984), *citing Stowell v. Ted S. Finkel Investment Securities, Inc.,* 641 F.2d 323, 325 (5th Cir. (Fla.) 1981).

This is because contractual indemnity is not concerned with special, vicarious relationships or constructive liability, but rather is concerned with the express terms of an agreement or contract to indemnify. *Camp, Dresser & McKee, Inc. v. Paul N. Howard Co.,* 853 So. 2d 1072, 1077 (Fla. 5th DCA 2003) (citations omitted).  In cases involving contractual indemnity, the terms of the agreement will determine whether the indemnitor is obligated to reimburse the indemnity for a particular claim.  *Dade County School Bd v. Radio Station WQBA,* 731, So. 2d 638 (Fla. 1999); *Id.* at 1077.

Obviously, for contractual indemnity to apply, there must necessarily be a contract or agreement between the indemnitor and the indemnitee.  In fact, to state a viable claim for "contractual" indemnity, a complainant must allege the existence of a contract or an agreement to indemnify.  Florida law requires that a complaint alleging an action in indemnity set forth the

factual allegations designating the basis for the right to indemnity. *Perkins State Bank v. Connolly* 632 F.2d 1306, 1315 (5th Cir. (Fla.) 1980).

Here, in the Third Party Complaint, Hailstones and Curry <u>do not allege that a contract exists between themselves and AQMI</u>, and they can prove no set of facts in support of a claim which would entitle them to contractual indemnity. In fact, nowhere in the Third Party Complaint is there any reference to express language, or an attachment, or an exhibit that specifically states that AQMI is to indemnify Hailstones and Curry. Quite simply, the "claim" for indemnity fails to satisfy the threshold pleading requirements; the allegations are far too general and conclusory. There is no explanation of the nature of the duty owed by AQMI, no explanation how AQMI allegedly breached this duty; and no allegation that Hailstones or Curry suffered any injuries as a result of AQMI's alleged breach.

Rather, Hailstones and Curry assert that in a contract between AQMI and Mirabilis, <u>Amodeo</u>, via AQMI, is to indemnify Curry and Hailstones. This allegation relates solely to Third Party Defendant, Amodeo, not AQMI. In fact, there is no reference to any contract or any express language relating to indemnification anywhere in the Third Party Complaint. Without a contract and without express indemnification language, Hailstones and Curry fail to state a cause of action against AQMI for indemnity, and the Third Party Complaint, as against AQMI, should be dismissed for failure to state a claim upon which relief can be granted.

## CONCLUSION

Based on the foregoing reasons and arguments, the Third Party Complaint (Doc. No. 54) against AQMI should be dismissed as a matter of law.

Dated this 11th March, 2008.

> **/s/ Jason H. Klein_____**
> JACK C. McELROY, ESQ.
> Florida Bar No. 0818150
> jmcelroy@shutts.com
> JASON H. KLEIN, ESQ.
> Florida Bar No. 0016687
> jklein@shutts.com
> **SHUTTS & BOWEN, LLP**
> 300 S. Orange Avenue, Suite 1000
> Orlando, Florida 32801
> Telephone:  407-423-3200
> Facsimile:  407-425-8316
> ATTORNEYS FOR THIRD PARTY
> DEFENDANT, AQMI STRATEGY
> CORPORATION

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 11, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notice of electronic filing to the following:

| | |
|---|---|
| Aaron C. Bates, Esq. | J. Russell Campbell, Esq. |
| abates@goldbergbates.com | rcampbell@balch.com |
| | |
| Martin R. Raskin, Esq. | Kathleen B. Havener, Esq. |
| mraskin@raskinlaw.com | kbhavener@hahnlaw.com |

and by U.S. Mail, postage prepaid to Allen Estes, Esq., Balch & Bingham, LLP, P.O. Box 306, Birmingham, AL 35201

> **/s/ Jason H. Klein_____**
> JASON H. KLEIN, ESQ.
> Florida Bar No. 0016687

ORLDOCS 11139198 1