UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MIRABILIS VENTURES, INC. and
NEXIA STRATEGY CORPORATION,
    Plaintiffs,
-vs-

PALAXAR GROUP, LLC;
PALAXAR HOLDINGS, LLC;
FRANK HAILSTONES; EDITH CURRY
a/k/a EDITH BROADHEAD; and
FICTITIOUS DEFENDANT 1;
FICTITIOUS DEFENDANT 2;
FICTITIOUS DEFENDANT 3;
FICTITIOUS DEFENDANT 4;
FICTITIOUS DEFENDANT 5;
FICTITIOUS DEFENDANT 6;
FICTITIOUS DEFENDANT 7;
FICTITIOUS DEFENDANT 8,
    Defendants.

Case No.: 6:07-CV-1788-ORL-28-KRS

vs.
MIRABILIS VENTURES, INC.;
NEXIA STRATEGY CORPORATION;

and THIRD PARTY DEFENDANTS:

AQMI STRATEGY CORPORATION,
WELLINGTON CAPITAL GROUP, INC.,
YANIV AMAR, FRANK AMODEO,
AARON BATES, MATTHEW MOKWA,
ROBERT POLLACK, JAMES SADRIANNA.
_____/

**MOTION TO DISMISS COUNT 1 OF AMENDED THIRD PARTY COMPLAINT
AND ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT
AND INCORPORATED MEMORANDUM OF LAW
OF THIRD-PARTY DEFENDANT WELLINGTON CAPITAL GROUP, INC.**

Third-Party Defendant, Wellington Capital Group, Inc. ("Wellington"), by and through

their undersigned attorneys, files the following Motion to Dismiss Count 1 of Amended Third

Party Complaint and Alternative Motion for More Definite Statement and Incorporated Memorandum of Law.

## I.     MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendant/Third Party Plaintiff Edith Curry ("Curry") has asserted an Amended Third-Party Complaint (Doc. 59) in which one count, Count 1, asserts a claim against Third-Party Defendant Wellington entitled: "Count 1: Breach of Contract/Curry vs. Wellington Capital/(January 2005 Agreement)." The substance of Count 1 is the alleged breach of an unwritten contract between two companies that are not parties to this lawsuit – Presidion Solutions, Inc. ("PSI") and Brookmeade Group, LLC ("Brookmeade"). Count 1 also alleges breach of a Secured Promissory Note issued by PSI as Maker (the "Note"). Although the Complaint alleges that payments under the Note were due to Curry, the Note itself identifies Brookmeade as the Holder to whom payments are to be made. Nowhere is it alleged that Curry is the current holder of the Note, or is otherwise in any fashion the assignee of, or successor-in-interest to, Brookmeade. In fact, it is only alleged that Curry has an unspecified membership interest in Brookmeade. This inconsistency between the allegations and the exhibit must be resolved by relying upon the exhibits. *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97 (5th Cir. 1974). It is clear, therefore, that the alleged breach of the unwritten contract and breach of the Note involve two entities that are not parties to this litigation, and that no party to this suit has any right or interest in that dispute. Count 1 must therefore be dismissed pursuant to Fed. R. Civ. P. 17 (a). There is also no reason to allow a reasonable time to join or substitute Brookmeade, either, as Brookmeade is not a party defendant and has no right to participate in this case just to pursue its own independent claim.[1]

---

[1] Rule 17(a) reads in relevant part: Every action shall be prosecuted in the name of the real party in interest. . . . The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a

Even if the allegations could be construed (or amended) so as to transfer entitlement to pursue these claims from Brookmeade to Curry, the liability of Wellington does not appear on the face of the Amended Third Party Complaint, and Count 1 must be dismissed for that reason as well. Wellington is described in paragraphs 21 and 26 as "the successor-in-interest to PSI." In paragraph 26, it is alleged that Wellington "purchased" PSI for $500,000.00, but no other details of this "purchase" are provided in that paragraph. Those details can be gleaned from the next paragraph, paragraph 27. It becomes clear that this purchase transaction was a purchase of stock, not assets. In paragraph 27, Curry alleges that the Note from PSI to Brookmeade became immediately due and payable "as soon as Wellington became the owner of PSI" because that action constituted the "transfer of a significant ownership interest" in PSI, which transfer is a default under the Note. Count 1 therefore alleges that Wellington received a transfer of a 100% <u>ownership interest</u> in PSI, not just some or all of its assets.

The only legitimate reading of the Amended Third Party Complaint and the Note makes Wellington the 100% stockholder of PSI. Under the law of Florida (which is applicable to the Note), Wellington as a shareholder of PSI is <u>not</u> responsible for its debts. *American Cyanamide, Co. vs. Wilson & Toomer Fertilizer, Co.*, 51 F.2d 665, 671 (5th Cir. 1931) (separate corporate identities not normally disregarded); *Taylor vs. Wellington Station Condominium Association, Inc.*, 633 So.2d 43, 45 (Fla.5th DCA 1994) (generally, stockholders are not liable for corporate acts). There is no allegation in Count 1 that Wellington purchased assets only, or that Wellington, in addition to the stock ownership transfer that is alleged, also accepted a transfer of any liabilities from PSI, much less specific liability for the unwritten agreement to transfer stock, or for the Note. As plead, Count 1 clearly fails to allege any liability by Wellington to anyone for the debts of PSI.

---

reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, **joinder**, or substitution, the action proceeds as if it had been originally commenced by the real party in

## II.  ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT

Fed.R.Civ.P.12(e) requires a pleading to be clarified if it "is so vague and ambiguous that a party cannot reasonably be required to frame a responsive pleading." Such is the case here, assuming Curry finds it possible to overcome, with proper and well-supported allegations, the lack of liability Wellington has as the sole shareholder of PSI. Although the Federal Rules are liberal, and not every fact has to be plead, "a pleader must at least provide his opponent with 'fair notice of what [his] claim is and the grounds upon which it rests.'" *Conley vs. Gibson, 355 U.S. 41, 45 (1957)*. Fair notice requires that Wellington understand how, if it is only a shareholder of PSI, it could possibly be responsible for PSI's debts. Although Count 1 does not necessarily qualify as the type of "shotgun" pleading a multitude of cases decry, the inconsistency of alleging liability where, on its face, none can exist, yields the same negative impacts upon our legal system:

> Experience teaches that, unless cases are plead clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society looses confidence in the court's ability to administer justice.

*Anderson vs. District Board of Trustees of Central Florida Community College, 77 F.3rd 364, 367 (11th Cir.1996)*.

## III.  CONCLUSION

Count 1 of the Third Party Complaint on its face alleges a breach of contract involving two entities who are not parties to this lawsuit, and alleges no apparent involvement or entitlement by any current party to make or defend those claims. Count 1 also fails to identify how Wellington as shareholder of PSI can possibly be liable for PSI's debts. Alternatively, assuming there exist the requisite factual and legal bases, a more definite statement of these claims should be provided before Wellington is required to respond.

---

interest.

## IV. LOCAL RULE 3.01(g) CERTIFICATION

The undersigned certifies that with respect to the foregoing motions, the undersigned has conferred with counsel for Defendants/Counter-count-claim Plaintiff, Edith Curry and they do not consent to the relief sought in the motions.

_____
JAMES R. LUSSIER
Florida Bar Number 362735
Mateer & Harbert, P.A.
225 East Robinson Street, Suite 600
Post Office Box 2854
Orlando, Florida 32802-2854
Telephone: (407) 425-9044
Facsimile: (407) 423-2016
jlussier@mateerharbert.com
Attorneys for Third-Party Defendant,
Wellington Capital Group, Inc.

I HEREBY CERTIFY that on March 11, 2008, I electronically filed the foregoing Motion to Dismiss/Alternative Motion for More Definite Statement with the Clerk of Court using the CM/ECF system which will send a notice of electric filing to the following:

Aaron C. Bates, Esquire
abates@goldbergbates.com
J. Russell Campbell, Esquire
rcampbell@balch.com
Martin Raskin
mraskin@raskinlaw.com
Kathleen B. Havener
kbhavener@hahnlaw.com

Service will be made on the following pursuant to Rule 4, Fed. R. Civ. P.:
Terence Chu
5637 Country Hills Lane L
Glen Allen, Virginia 23059-5424

_____
JAMES R. LUSSIER
Florida Bar Number 362735