IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MIRABILIS VENTURES, INC. and
NEXIA STRATEGY CORPORATION,

    Plaintiffs,

v.                              CASE NO.: 6:07-CV-1788-ORL-28-KRS

PALAXAR GROUP, LLC;
PALAXAR HOLDINGS, LLC;
FRANK HAILSTONES; EDITH CURRY
a/k/a EDITH BROADHEAD; and
TERENCE CHU,

    Defendants.

v.
MIRABILIS VENTURES, INC. and
NEXIA STRATEGY CORPORATION,

and THIRD PARTY DEFENDANTS:

AQMI STRATEGY CORPORATION,
WELLINGTON CAPITAL GROUP, INC.,
YANIV AMAR, FRANK AMODEO,
AARON BATES, MATTHEW MOKWA,
ROBERT POLLACK, JAMES SADRIANNA.

PLAINTIFFS / COUNTERCLAIM DEFENDANTS
MIRABILIS VENTURES INC. AND NEXIA STRATEGY CORP.'S
MOTION TO DISMISS COUNT 5 AND COUNT 9 OF AMENDED
COUNTERCLAIM AND THIRD PARTY COMPLAINT

Plaintiffs / Counterclaim Defendants Mirabilis Ventures, Inc. ("Mirabilis") and Nexia Strategy Corporation ("Nexia"), by and through their undersigned attorneys, file the following Motion to Dismiss Count 5 and Count 9 of the First Amended Counterclaims and Third Party Claims of Defendants Edith Curry a/k/a Edith Broadhead and Frank Hailstones, and Incorporated Memorandum of Law.

## INTRODUCTION AND SUMMARY

Defendants / Counterclaim Plaintiffs Edith Curry ("Curry") and Frank Hailstones ("Hailstones") assert two civil conspiracy claims against Mirabilis, Nexia and four individuals in their recently-amended counterclaims. Curry and Hailstones claim that Mirabilis and Nexia conspired with each other, and with Frank Amodeo, Yaniv Amar, Aaron Bates, and Matthew Mokwa (collectively referred to as the "individual defendants") to commit various acts against them. *See* Amended Counterclaims ¶¶ 70-90 and 118-122. The individual defendants are named as co-conspirators and co-defendants to these two conspiracy counts. *Id.*

For reasons set forth in the below memorandum of law, Mirabilis and Nexia hereby move this Court to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), the claims of civil conspiracy against Mirabilis and/or Nexia found in counts 5 and 9 of the First Amended Counterclaim.

## MEMORANDUM OF LAW

Mirabilis and Nexia are unable—as a matter of law—to "conspire" with each other or with the individual counterclaim defendants. A civil conspiracy occurs when two or more persons combine to accomplish, by concerted action, either an unlawful act or an act that, although not in itself unlawful, is accomplished by unlawful means. *See Kilgore Ace Hardware, Inc. v. Newsome*, 352 So. 2d 918, 920 (Fla. Dist. Ct. App. 1977). A cause of action for civil conspiracy has three conjunctive elements: (1) a conspiracy between two or more parties to perform an unlawful act or to perform a lawful act by unlawful means; (2) the performance of an overt and tortious act in furtherance of the conspiracy; and (3) damage to the plaintiff resulting from the acts performed by virtue of the conspiracy. *Florida Fern Growers Ass'n., Inc. v. Concerned Citizens of Putnam County*, 616 So. 2d 562, 565 (Fla. Dist. Ct. App. 1993). Thus, to state a proper claim for civil conspiracy against Mirabilis and Nexia, Curry and Hailstones must

demonstrate the first element of conspiracy—that Mirabilis and Nexia conspired with each other and/or the individual defendants.

While corporate entities are generally capable of "conspiring," Florida law is clear that "there can be no actionable conspiracy between an entity and its officers or agents." *Hoon v. Pate Constr. Co.*, 607 So. 2d 423 (Fla. Dist. Ct. App. 1992) (emphasis added); *accord Leisure Founders, Inc. v. CUC Int'l, Inc.*, 833 F. Supp 1562, 1575 (S.D. Fla. 1993) ("It is axiomatic, however, that a corporation cannot conspire with its agents or employees.") (emphasis added); *see also Buckner v. Lower Florida Keys Hosp. Dist.*, 403 So. 2d 1025, 1029 (Fla. Dist. Ct. App. 1981); *Colonial Penn Ins. Co. v. Value Rent-A-Car Inc.*, 814 F. Supp 1084, 1096 (S.D. Fla. 1992); *Bryant Heating and Air Conditioning Corp. v. Carrier Corp.*, 597 F. Supp 1045, 1048 (S.D. Fla. 1984) (Holding in a Sherman Act case that "a corporation and its wholly owned subsidiary or division cannot, as a matter of law, form the plurality of actors.") (emphasis added) (citing *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752 (1984)).

Here, Curry and Hailstones' Amended Counterclaim verifies that Nexia is wholly-owned by Mirabilis, that it is an agent of Mirabilis, and that its interests with respect to Hailstones and Curry are no different than those of Mirabilis. (*See* First Amended Counterclaims and Third Party Claims (hereafter "Counterclaims") ¶ 16; *see also* Second Amended Complaint ¶¶ 12, 19, 42, 46, 52, 59, 64, & 67). Curry and Hailstones allege that individual defendants Yaniv Amar, Aaron Bates, and Matthew Mokwa were employees and agents of Mirabilis and/or Nexia during the relevant time period. (*See* Counterclaims ¶¶ 8, 10, & 11). Lastly, Hailstones and Curry have gone to great lengths to claim that individual defendant Frank Amodeo is the "alter ego" of

Mirabilis and Nexia and that he acted as an agent of both corporations (or, perhaps suggested that the corporations acted as his agents...). (*See, e.g.,* Counterclaims ¶¶ 16-20).[1]

As pled, the remaining allegations in Curry and Hailstones' Counterclaim are inapposite to their conspiracy claims—if true, the individual defendants cannot, as a matter of law, conspire with Mirabilis or Nexia against Hailstones and Curry because those individual defendants and the corporations would be part of an agency relationship with a unified interest. The conspiracy claims were not pled in the alternative, but in tandem with all other claims projected by Hailstones and Curry. Thus, the first element of the conspiracy claims against Mirabilis and Nexia—the existence of a conspiracy—is legally deficient. Curry and Hailstones simply cannot have it both ways.

Under rule 12(b)(6) of the Federal Rules of Civil Procedure, a federal court may dismiss any counts of a complaint or counterclaim for "failure to state a claim upon which relief may be granted." Claims 5 and 9 in Hailstones and Curry's Amended Counterclaims do not state a compensable claim because they fail as a matter of law to plead the first element of civil conspiracy. Thus, this Court should dismiss counts 5 and 9 of the Amended Counterclaim.

## CONCLUSION

For the foregoing reasons, Mirabilis and Nexia respectfully request that the Court dismiss the civil conspiracy claims contained in counts 5 and 9 of the First Amended Counterclaims of Hailstones and Curry.

---

[1] Mirabilis and Nexia deny Curry and Hailstones' allegations that Frank Amodeo controlled or represented either entity. *See* Answer to Amended Countercliams, ¶¶ 16-20, filed contemporaneously herewith.

                MIRABILIS VENTURES, INC. and
                NEXIA STRATEGY CORPORATION,

                s/ Allen M. Estes
                One of the Attorneys for
                Plaintiffs / Counterclaim Defendants
                Mirabilis Ventures, Inc. and
                Nexia Strategy Corporation

**Counsel:**

Aaron C. Bates, Esq.
GOLDBERG BATES, PLLC
Florida Bar No. 011749
3660 Maguire Boulevard
Suite 102
Orlando, FL  32803
Telephone: (407) 893-3776
Facsimile: (407) 893- 3779
abates@goldbergbates.com

J. Russell Campbell
Florida Bar No. 901423
Allen M. Estes (admitted *pro hac vice*)
BALCH & BINGHAM LLP
P. O. Box 306
Birmingham, Alabama 35201-0306
Telephone:  (205) 251-80100
Facsimile:  (205) 226-8798
rcampbell@balch.com
aestes@balch.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 13, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to all parties named on the attached Service List or in some other authorized manner for those counsel or parties who are not authorized to receive notices electronically.

                s/ Allen M. Estes
                Allen M. Estes

## SERVICE LIST

Martin R. Raskin
Jane Serene Raskin
RASKIN & RASKIN, P.A.
2601 South Bayshore Drive
Suite 725
Miami, Florida 33133
mraskin@raskinlaw.com

**Attorneys for Edith Curry, Palaxar Group LLC, and Palaxar Holdings LLC**

Jack C. McElroy
Florida Bar No. 0818150
Jason H. Klein
Florida Bar No. 0016687
Shutts & Bowen, LLP
300 S. Orange Avenue, Suite 1000
Orlando, Florida 32801

**Attorneys for AQMI Strategy Corp.**

Frank Amodeo
614 Lake Avenue
Orlando, Florida 32801

**Third-Party Defendant**

James R. Lussier
Florida Bar Number 362735
Mateer & Harbert, P.A.
225 East Robinson Street, Suite 600
Post Office Box 2854
Orlando, Florida 32802-2854
jlussier@mateerharbert.com

**Attorneys for Wellington Capital Group, Inc.**

Kathleen Havener
HAHN LOESER + PARKS LLP
200 Public Square, Suite 3300
Cleveland, Ohio 44114

and

Craig S. Warkol
BRACEWELL & GIULIANI LLP
1177 Avenue of the Americas
New York, N.Y. 10036
Craig.warkol@bgllp.com

**Attorneys for Frank Hailstones**

Terence Chu
5637 Country Hills Lane L
Glen Allen, Virginia 23059.5424

**Defendant**

Yaniv Amar
3475 Mystic Point Drive, TH #10
Aventura, Florida 33180

**Third-Party Defendant**

Robert Pollack
8767 The Esplanade #36
Orlando, Florida 32836

**Third-Party Defendant**

James Sadrianna
10025 Chatham Oaks Court
Orlando, Florida 32836

**Third-Party Defendant**