## IN THE UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MIRABILIS VENTURES, INC. and**
**NEXIA STRATEGY CORPORATION,**

      **Plaintiffs,**

**v.**                      **CASE NO.: 6:07-CV-1788-ORL-28-KRS**

**PALAXAR GROUP, LLC;**
**PALAXAR HOLDINGS, LLC;**
**FRANK HAILSTONES; EDITH CURRY**
**a/k/a EDITH BROADHEAD; and**
**TERENCE CHU,**

      **Defendants.**

---

## JOINT ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COUNTERCLAIMS AGAINST MIRABILIS AND NEXIA

Plaintiffs Mirabilis Ventures, Inc. ("Mirabilis") and Nexia Strategy Corporation ("Nexia") (sometimes referred to collectively as "Plaintiffs"), by and through their undersigned attorneys, answer Defendants' First Amended Counterclaims (thereby incorporating Defendants' Original Counterclaims) as follows:

### THE PARTIES

1-3.    Upon information and belief, Mirabilis and Nexia admit the allegations set forth in Paragraphs 1-3.

4-5.    Mirabilis and Nexia admit the allegations set forth in Paragraphs 4 and 5.

6-7.    Mirabilis and Nexia are without knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraphs 6 and 7 and, therefore, deny such allegations.

1

8.      Upon information and belief, Mirabilis and Nexia admit that Yaniv Amar was President of AEM, a wholly owned subsidiary of Mirabilis, from August 1, 2005, through June 21, 2006.  Mirabilis and Nexia are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 8 and, therefore, deny such allegations.

9.      Mirabilis and Nexia are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 and, therefore, deny such allegations

10.      Mirabilis and Nexia admit the allegations set forth in Paragraph 10.

11.      Mirabilis and Nexia admit that Matthew Mokwa formerly served as counsel to Mirabilis and is an attorney at the firm currently serving as co-counsel for Plaintiffs.  Mirabilis and Nexia are without sufficient information to form a belief as to the truth of the remaining allegations set forth in Paragraph 11 and, therefore, deny such allegations.

12.      Upon information and belief, Mirabilis and Nexia admit that Robert Pollack served on the Board of Directors for Mirabilis from January 3, 2005, through December 31, 2006, served as Vice President of Mirabilis from October 1, 2004, through January 25, 2006, and served as Vice President of Nexia for portions of 2006.  Mirabilis and Nexia are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 12 and, therefore, deny such allegations.

13.      Upon information and belief, Mirabilis and Nexia admit that James V. Sadrianna served on the Board of Directors of Mirabilis from October 1, 2005, through December 31, 2006, served as President of Mirabilis from October 1, 2005, through January 25, 2006. Mirabilis and Nexia are without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations set forth in Paragraph 13 and, therefore, deny such allegations.

ALLEGATIONS RELEVANT TO ALL CLAIMS

14.     Mirabilis and Nexia admit the allegations set forth in Paragraph 14, and further state that Curry served as President of Nexia until October 2006.

15.     Mirabilis and Nexia admit that Hailstones joined Mirabilis on October 3, 2005, when Mirabilis acquired a 25% equity interest in Hailstones' company, Axena, Inc. To the extent that the allegations of this paragraph assert that Amodeo had the actual or apparent authority to bind Mirabilis and Hailstones, such allegations are denied because, at all times material hereto, Mirabilis was controlled by its Board of Directors, officers, and shareholders, all of which included Hailstones and Curry. Mirabilis and Nexia deny the remaining allegations set forth in Paragraph 15.

16.     Mirabilis and Nexia deny that Mirabilis was controlled by Frank Amodeo. As set forth in the Board of Directors Meeting Minutes and Shareholders' Meeting Minutes for Mirabilis from the beginning of 2006 through the present date (*See* Dkt. 24, Ex. 1) and the Bylaws for Mirabilis (*See* Dkt. 24, Ex. 2), portions of which were executed by Hailstones and Curry, Mirabilis was controlled by its Board of Directors, officers, and shareholders, and Amodeo simply served as a "consultant" to the Mirabilis Board of Directors. Mirabilis and Nexia deny the remaining allegations set forth in Paragraph 16.

17.     Mirabilis and Nexia deny that Frank Amodeo was the sole Class (A) shareholder of Mirabilis and the only shareholder with voting rights. To the extent that this paragraph refers to or quotes language from the Mirabilis Shareholder Agreement or the By-laws of Mirabilis (*See* Dkt. 24, Ex. 2), such documents speak for themselves. Mirabilis and Nexia deny the remaining allegations set forth in Paragraph 17.

18.    Mirabilis and Nexia admit the allegations set forth in Paragraph 18.

19.    Mirabilis and Nexia deny the allegations set forth in Paragraph 19.  To the extent that this paragraph quotes language from the corporate books and records of Nexia, such documents speak for themselves (*See* Dkt. 24, Ex. 1).

20.    Mirabilis and Nexia deny the allegations set forth in Paragraph 20.

21.    No response is required by Mirabilis or Nexia.  However, to the extent that the allegations contained in this paragraph relate to Mirabilis or Nexia, Mirabilis and Nexia deny the allegations set forth in Paragraph 21.

### COUNT 1:  BREACH OF CONTRACT / CURRY VS. WELLINGTON CAPITAL

22-28.  These allegations do not appear to require a response by Mirabilis or Nexia.  To the extent that the allegations contained in these paragraphs relate to Mirabilis or Nexia, Mirabilis and Nexia deny the allegations set forth in Paragraphs 22-28.

### COUNT 2: FRAUD IN THE INDUCEMENT / CURRY VS. AMODEO, MIRABILIS, NEXIA, POLLOCK, AND SADRIANNA

29.    Mirabilis and Nexia incorporate their answers in Paragraphs 1-28 above as if fully set forth herein.

30.    To the extent that the allegations contained in this paragraph are asserted against Mirabilis or Nexia, Mirabilis and Nexia deny the allegations set forth in Paragraph 30.

31.    Mirabilis and Nexia admit that Curry signed a written employment agreement with Nexia on June 17, 2005 and that the employment agreement was countersigned for Nexia by James Sadrianna.  Mirabilis and Nexia deny the remaining allegations set forth in Paragraph 31.

32.     Mirabilis and Nexia deny the allegations set forth in Paragraph 32.

33.     Mirabilis and Nexia admit that Curry signed a written contract with Nexia. Mirabilis and Nexia deny the remaining allegations set forth in Paragraph 33.

34.     Mirabilis and Nexia deny the allegations set forth in Paragraph 34.

35.     Mirabilis and Nexia admit that Curry signed a written contract with Nexia. Mirabilis and Nexia deny the remaining allegations set forth in Paragraph 35.

36-37. Mirabilis and Nexia deny the allegations set forth in Paragraphs 36 and 37.

38.     To the extent that the allegations contained in this paragraph assert that Curry, in her capacity as President of Nexia and Vice-President of Mirabilis, entered into a lease on behalf of Mirabilis for certain premises located at 1957 Westmoreland Street, Richmond, Virginia 23230, and hired employees on behalf of Nexia, such allegations are admitted. Mirabilis and Nexia deny the remaining allegations set forth in Paragraph 38.

39.     Mirabilis and Nexia admit that the Richmond Nexia staff was tasked by Curry to sell PEO services to potential customers in Virginia. Mirabilis and Nexia deny the remaining allegations set forth in Paragraph 39.

40-41. Mirabilis and Nexia deny the allegations set forth in Paragraphs 40-41.

42.     To the extent that the allegations contained in this paragraph assert that Curry was not given access to enough capital to make the Richmond operation successful, such allegations are denied insofar as Curry requested, and was provided, over $5,000,000.00 in funds she knew were derived primarily from the collected and unpaid payroll taxes of the "PBS Book of Business" controlled by AEM, Inc. in 2006 and for which no repayment was made. Mirabilis and Nexia deny the remaining allegations set forth in Paragraph 42.

43-44.  To the extent that the allegations contained in these paragraphs assert that Curry could rely on Pollack and/or Sadrianna in accepting employment with Nexia, such allegations are denied insofar as Curry became a principal in Mirabilis and Nexia prior to Sadrianna and Pollack. Mirabilis and Nexia deny the remaining allegations set forth in Paragraphs 43 and 44.

45.     To the extent that the allegations contained in this paragraph assert that Curry suffered economic damages by accepting employment with Mirabilis and Nexia, such allegations are denied insofar as Curry received over $680,000.00 in funds she knew were derived primarily from the collected and unpaid payroll taxes of the "PBS Book of Business" controlled by AEM, Inc. in 2006 and for which no repayment was made. Mirabilis and Nexia deny the remaining allegations set forth in Paragraph 45.


## COUNT 3:  BREACH OF SEPARATION AGREEMENT / CURRY VS. MIRABILIS AND NEXIA

46.     Mirabilis and Nexia incorporate their answers in Paragraphs 1-45 above as if fully set forth herein.

47-48.  Mirabilis and Nexia deny the allegations set forth in Paragraphs 47 and 48.

49.     The Draft Letter of Intent attached as Exhibit B to the Counterclaim speaks for itself. Mirabilis and Nexia deny the remaining allegations set forth in Paragraph 49.

50-51.  Mirabilis and Nexia deny the allegations set forth in Paragraphs 50 and 51.

52-55.  The Draft Letter of Intent attached as Exhibit B to the Counterclaim speaks for itself. Mirabilis and Nexia deny the remaining allegations set forth in Paragraphs 52-55.

56.     Mirabilis and Nexia deny the allegations set forth in Paragraph 56.

COUNT 4:  BREACH OF TERMINATION AGREEMENT / HAILSTONES V. MIRABILIS

57.    Mirabilis and Nexia incorporate their answers in Paragraphs 1-56 above as if fully set forth herein.

58.    Mirabilis and Nexia deny the allegations set forth in Paragraph 58.

59.    To the extent that the allegations contained in this paragraph assert that Hailstones questioned Mark Bernet regarding Mirabilis' source of capital being derived from collected and unpaid payroll taxes, Mirabilis and Nexia admit the allegations set forth in Paragraph 59 as evidenced by **Exhibit A** attached hereto which speaks for itself.  Mirabilis and Nexia deny the remaining allegations set forth in Paragraph 59.

60.    To the extent that the allegations contained in this paragraph are asserted against Mirabilis or Nexia, Mirabilis and Nexia deny the allegations set forth in Paragraph 60.

61-65. Mirabilis and Nexia deny the allegations set forth in Paragraphs 61-65.

66.    Mirabilis and Nexia admit that Hailstones' health insurance was cancelled as a result of the health insurance plan covering Common Paymaster Corporation employees being terminated on or about January 31, 2007.  Mirabilis and Nexia deny the remaining allegations set forth in Paragraph 66.

67-69. Mirabilis and Nexia deny the allegations set forth in Paragraphs 67-69.

COUNT 5:  CIVIL CONSPIRACY TO COMMIT SLANDER / CURRY, HAILSTONES, AND PALAXAR V. NEXIA, MIRABILIS, AMODEO, AMAR, BATES, AND MOKWA

70.    Mirabilis and Nexia incorporate their answers in Paragraphs 1-69 above as if fully set forth herein.

71-72. Mirabilis and Nexia deny the allegations set forth in Paragraphs 71 and 72.

73.    Mirabilis and Nexia admit that Curry and Hailstones were personally served with the Complaint in this lawsuit on October 15, 2007 in Scottsdale, Arizona. The Complaint speaks for itself. Mirabilis and Nexia deny the remaining allegations set forth in Paragraph 73.

74.    Upon information and belief, Mirabilis and Nexia admit that Curry left the employ of Nexia approximately one (1) year prior to the time the Complaint was served on her. Mirabilis and Nexia further admit that Hailstones left the employ of Mirabilis approximately nine (9) months prior to the time the Complaint was served. Mirabilis and Nexia deny the remaining allegations set forth in Paragraph 74.

75.    Mirabilis and Nexia admit that they became aware that Curry and Hailstones were scheduled to present at the conference just days before the filing of the Complaint.

76.    Mirabilis and Nexia admit that they did not attempt to contact the conference organizers in an effort to avoid interference with the conference with the service of the Complaint.

77.    Mirabilis and Nexia admit that they did not make any effort to contact Curry or Hailstones prior to the service of the Complaint. Mirabilis and Nexia deny the remaining allegations contained in Paragraph 77.

78.    Mirabilis and Nexia served Curry and Hailstones the first time they saw Curry and Hailstones in Arizona. Mirabilis and Nexia deny the remaining allegations contained in Paragraph 78.

79.    Mirabilis and Nexia admit that Curry and Hailstones were personally served with the Complaint in this lawsuit on October 15, 2007. Mirabilis and Nexia deny the remaining allegations contained in Paragraph 79.

80-81. To the extent that the allegations contained in these paragraphs are asserted against Mirabilis or Nexia, Mirabilis and Nexia deny the allegations set forth in Paragraphs 80 and 81.

82-90. Mirabilis and Nexia deny the allegations set forth in Paragraphs 82-90.

## COUNT 6: SLANDER *PER SE*: COUNTERCLAIM PLAINTIFFS V. MIRABILIS, NEXIA, AND MOKWA

91.     Mirabilis and Nexia incorporate their answers in Paragraphs 1-90 above as if fully set forth herein.

92.     Mirabilis and Nexia admit that Curry and Hailstones were personally served with the Complaint in this lawsuit on October 15, 2007.  Mirabilis and Nexia deny the remaining allegations set forth in Paragraph 92.

93.     To the extent that the allegations contained in this paragraph are asserted against Mirabilis or Nexia, Mirabilis and Nexia deny the allegations set forth in Paragraph 93.

94-100. Mirabilis and Nexia deny the allegations set forth in Paragraphs 94-100.

## COUNT 7: SLANDER *PER SE*: CURRY AND HAILSTONES V. MIRABILIS, NEXIA, AMAR

101.     Mirabilis and Nexia incorporate their answers in Paragraphs 1-100 above as if fully set forth herein.

102.     Mirabilis and Nexia admit that Curry and Hailstones were personally served with the Complaint in this lawsuit on October 15, 2007.  Mirabilis and Nexia deny the remaining allegations set forth in Paragraph 102.

103.    To the extent that the allegations contained in this paragraph are asserted against Mirabilis or Nexia, Mirabilis and Nexia deny the allegations set forth in Paragraph 103.

104-110. Mirabilis and Nexia deny the allegations set forth in Paragraphs 104-110.

## COUNT 8:  INTENTIONAL INTERFERENCE WITH ADVANTAGEOUS BUSINESS RELATIONSHIP / CURRY AND HAILSTONES V. MIRABILIS, NEXIA, AMODEO, AMAR, BATES AND MOKWA

111.    Mirabilis and Nexia incorporate their answers in Paragraphs 1-110 above as if fully set forth herein.

112.    Mirabilis and Nexia admit the allegations set forth in Paragraph 112.

113.    Mirabilis and Nexia admit that they became aware that Curry and Hailstones were engaged in developing business relationships based on Nexia Certification shortly before the filing of the Complaint

114-117. Mirabilis and Nexia deny the allegations set forth in Paragraphs 114-117.

## COUNT 9:  CIVIL CONSPIRACY TO INTENTIONALLY INTERFERE WITH ADVANTAGEOUS BUSINESS RELATIONSHIPS:  CURRY, HAILSTONES, AND PALAXAR V. NEXIA, MIRABILIS, AMODEO, AMAR, BATES AND MOKWA

118.    Mirabilis and Nexia incorporate their answers in Paragraphs 1-117 above as if fully set forth herein.

119-122. Mirabilis and Nexia deny the allegations set forth in Paragraphs 119-122.

## COUNT 10:  INDEMNITY / CURRY AND HAILSTONES V. MIRABILIS AND NEXIA

123.    Mirabilis and Nexia incorporate their answers in Paragraphs 1-122 above as if fully set forth herein.

124-125. Mirabilis and Nexia deny the allegations set forth in Paragraphs 124 and 125.

## COUNT 11:  INDEMNITY / CURRY AND HAILSTONES V. AQMI

126.     Mirabilis and Nexia incorporate their answers in Paragraphs 1-125 above as if fully set forth herein.

127-128. To the extent that the allegations contained in these paragraphs are asserted against Mirabilis or Nexia, Mirabilis and Nexia deny the allegations set forth in Paragraphs 127 and 128.

## COUNT 12:  CURRY, HAILSTONES, AND PALAXAR V. NEXIA AND MIRABILIS / ABUSE OF PROCESS

129.     Mirabilis and Nexia incorporate their answers in Paragraphs 1-128 above as if fully set forth herein.

130-135. Mirabilis and Nexia deny the allegations set forth in Paragraphs 130-135.

### PRAYERS FOR RELIEF

MIRABILIS AND NEXIA DENY EACH AND EVERY ALLEGATION IN THE COUNTERCLAIMS THAT IS NOT EXPRESSLY ADMITTED HEREIN AND DENIES THAT COUNTERCLAIM PLAINTIFFS ARE ENTITLED TO THE RELIEF REQUESTED.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Counterclaims, and each claim against Mirabilis and Nexia therein, fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

Counterclaim Plaintiffs have failed to mitigate their alleged damages.

## THIRD DEFENSE

Counterclaim Plaintiffs' claims are barred by the doctrines of unclean hands or *in pari delicto*.

## FOURTH DEFENSE

Counterclaim Plaintiffs' claims are barred by the doctrine of estoppel, waiver, acquiescence, lack of standing, release, and/or consent.

## FIFTH DEFENSE

Counterclaim Plaintiffs' damages, if any, were the result of a superseding, intervening cause.

## SIXTH DEFENSE

Mirabilis and Nexia plead the affirmative defenses of accord and satisfaction and payment.

## SEVENTH DEFENSE

Mirabilis and Nexia plead the affirmative defenses of setoff and/or recoupment.

## EIGHTH DEFENSE

Mirabilis and Nexia plead the affirmative defense of anticipatory repudiation.

## NINTH DEFENSE

Mirabilis and Nexia plead the affirmative defense of failure of consideration.

## TENTH DEFENSE

Counterclaim Plaintiffs have failed to plead fraud with the specificity required by the Federal Rules of Civil Procedure.

## ELEVENTH DEFENSE

Any recovery for breach of contract is barred by Counterclaim Plaintiffs' prior material breach of contract.

### TWELFTH DEFENSE

Mirabilis and Nexia plead the defense of justification.

### THIRTEENTH DEFENSE

Mirabilis and Nexia plead the defense of truth.

### FOURTEENTH DEFENSE

Mirabilis and Nexia plead that Defendants are not entitled to punitive damages.

MIRABILIS AND NEXIA HEREBY RESERVE THE RIGHT TO ASSERT OTHER AFFIRMATIVE DEFENSES WHEN AND IF APPROPRIATE DURING THIS ACTION.

MIRABILIS VENTURES, INC. and
NEXIA STRATEGY CORPORATION,

s/ Allen M. Estes
By: Counsel

**Counsel:**

J. Russell Campbell
Florida Bar No. 901423
Allen M. Estes (admitted *pro hac vice*)
BALCH & BINGHAM LLP
P. O. Box 306
Birmingham, Alabama 35201-0306
Telephone:  (205) 251-80100
Facsimile:  (205) 226-8798
rcampbell@balch.com

Aaron C. Bates, Esq.
BATES MOKWA, PLLC
Florida Bar No. 011749

3660 Maguire Boulevard
Suite 102
Orlando, FL  32803
Telephone: (407) 893-3776
Facsimile: (407) 893- 3779
abates@goldbergbates.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 13th, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to all parties named on the attached Service List or in some other authorized manner for those counsel or parties who are not authorized to receive notices electronically.

s/ Allen M. Estes
Allen M. Estes

961783.2

14

**SERVICE LIST**

Martin R. Raskin
Jane Serene Raskin
RASKIN & RASKIN, P.A.
2601 South Bayshore Drive
Suite 725
Miami, Florida 33133
mraskin@raskinlaw.com

**Attorneys for Edith Curry, Palaxar Group LLC, and Palaxar Holdings LLC**

Jack C. McElroy
Florida Bar No. 0818150
Jason H. Klein
Florida Bar No. 0016687
Shutts & Bowen, LLP
300 S. Orange Avenue, Suite 1000
Orlando, Florida 32801

**Attorneys for AQMI Strategy Corp.**

Frank Amodeo
614 Lake Avenue
Orlando, Florida 32801

**Third-Party Defendant**

James R. Lussier
Florida Bar Number 362735
Mateer & Harbert, P.A.
225 East Robinson Street, Suite 600
Post Office Box 2854
Orlando, Florida 32802-2854
jlussier@mateerharbert.com

**Attorneys for Wellington Capital Group, Inc.**

Kathleen Havener
HAHN LOESER + PARKS LLP
200 Public Square, Suite 3300
Cleveland, Ohio 44114

and

Craig S. Warkol
BRACEWELL & GIULIANI LLP
1177 Avenue of the Americas
New York, N.Y. 10036
Craig.warkol@bgllp.com

**Attorneys for Frank Hailstones**

Terence Chu
5637 Country Hills Lane L
Glen Allen, Virginia 23059.5424

**Defendant**

Yaniv Amar
3475 Mystic Point Drive, TH #10
Aventura, Florida 33180

**Third-Party Defendant**

Robert Pollack
8767 The Esplanade #36
Orlando, Florida 32836

**Third-Party Defendant**

James Sadrianna
10025 Chatham Oaks Court
Orlando, Florida 32836

**Third-Party Defendant**