IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MIRABILIS VENTURES, INC. and
NEXIA STRATEGY CORPORATION,

    Plaintiffs,                              CASE NO.: 6:07-cv-01788-JA-GJK

vs.

PALAXAR GROUP, LLC;
PALAXAR HOLDINGS, LLC;
FRANK HAILSTONES; EDITH CURRY
a/k/a EDITH BROADHEAD; and
TERENCE CHU,

    Defendants,
_____

PALAXAR GROUP, LLC;
PALAXAR HOLDINGS, LLC;
FRANK HAILSTONES; and EDITH CURRY
a/k/a EDITH BROADHEAD

    Third Party Plaintiffs,

vs.

AQMI STRATEGY CORPORATION;
WELLINGTON CAPITAL GROUP, INC.;
YANIV AMAR; FRANK AMODEO;
AARON BATES; MATTHEW MOKWA;
ROBERT POLLACK and JAMES SADRIANNA,

    Third Party Defendants.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES OF THIRD PARTY DEFENDANTS BATES AND MOKWA TO THIRD PARTY COMPLAINT

Third Party Defendants, Aaron Bates (hereinafter "Bates") and Matthew Mokwa (hereinafter "Mokwa"), hereby respond to the First Amended Third Party Claim by stating the following:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Without knowledge.

7. Without knowledge.

8. Without knowledge.

9. Admitted.

10. Admitted.

11. Admitted, except Mokwa is not counsel of record for Plaintiffs in this case. His partner, Bates, is counsel of record.

12. Without knowledge.

13. Without knowledge.

14-21 Without knowledge.

22-69 These allegations do not relate to these Defendants, and, therefore, they do not respond thereto.

70. In response to paragraph 70, these Defendants would incorporate their responses to paragraphs 1-69.

71. Denied.

72. Denied.

73. It is admitted that Curry and Hailstones were served with the Complaint in this litigation in Scottsdale, Arizona, on October 15, 2007. The remaining allegations of paragraph 73 are denied.

74. Denied.

75. Admitted that Bates and Mokwa knew that Curry and Hailstones were scheduled to attend the conference on said date.

76. Admitted that Bates and Mokwa did nothing to prevent Curry and Hailstones from making a presentation at the conference. The remaining allegations of paragraph 76 are denied.

77. Admitted that Bates and Mokwa did not prevent Curry and Hailstones from making a presentation at the conference. The remaining allegations of paragraph 77 are denied.

78. The Plaintiffs' characterization of the Motion for Preliminary Injunction is denied. The motion speaks for itself. Admitted that Curry and Hailstones were not served before October 14. The remaining allegations of paragraph 78 are denied.

79. Admitted that on October 15, 2007 Bates and Mokwa were physically in the area when a process server served Curry and Hailstones. The remaining allegations of paragraph 79 are denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied that any slander occurred.

88. Denied.

89. Denied.

90. Denied.

91. These Defendants would readopt the responses to paragraphs 1-90 below.

92. Admitted that Curry and Hailstones were served on October 15, 2007 in Scottsdale, Arizona. The remaining allegations of paragraph 92 are denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied that any slander occurred.

100. Denied.

101-110    These paragraphs do not involve claims against these Defendants so they do not respond thereto. To the extent these allegations are viewed as claims against these Defendants, they are expressly denied.

111.    In response to paragraph 111, these Defendants would adopt their responses to paragraphs 1-110.

112.    Admitted that Hailstones and Curry were improperly marketing the anti-fraud solution.

113.    Admitted that Bates and Mokwa knew that Curry and Hailstones were improperly developing business relationships to sell the anti-fraud solution.

114.    Denied.

115.    Denied.

116.    Denied.

117.    Denied.

118.    In response to paragraph 118, these Defendants would incorporate their responses to paragraphs 1-117.

119.    Denied.

120.    Denied.

121.    Denied.

122.    Denied.

123-135    These allegations do not relate to these Defendants, and, therefore, they do not respond thereto. It is also expressly denied that third party plaintiffs are entitled to recover any of the relief sought in Prayers for Relief numbers 1-17.

## AFFIRMATIVE DEFENSES

1. The instant action is an improper third party claim. It does not arise from the facts and circumstances giving rise to the initial litigation. It should, therefore, be severed from the main action and/or abated.

2. There was no publication of any of the alleged statements to any third party, therefore, all of the claims against these Defendants fail as a matter of law.

3. Any statements allegedly made by these Defendants are protected by the litigation privilege and/or are protected by an absolute or qualified privilege because they were made in the context of the bringing of litigation.

4. The statements attributed to Mokwa are a fair comment/characterization of the statements in the Orlando Sentinel article and, therefore, do not constitute slander or intentional interference as a matter of law.

5. The Complaint fails to state a cause of action against Defendant Bates because it alleges no specific acts by him which constitute slander, intentional interference, or conspiracy. All the Complaint alleges is that Bates was present when other Defendants made statements. These are insufficient allegations to sustain the claims as a matter of law.

6. The allegedly slanderous statements are truthful.

7. The allegedly slanderous statements were made with good motives.

8. The allegedly slanderous statements constitute fair comment.

9. The allegedly slanderous statements were not published with malice.

10. To sustain a cause of action for conspiracy to commit defamation or conspiracy to intentionally interfere with contract, Plaintiff must prove all the elements of the underlying tort.

Because all the elements of each of these torts do not exist in this matter, the conspiracy claims must fail as a matter of law.

# CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on March 14, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system:

AARON C. BATES, ESQUIRE
Goldberg Bates, PLLC
3660 Maguire Boulevard, Suite 102
Orlando, Florida 32803
Telephone:   (407) 893-3776
Facsimile:   (407) 893-3779
E-mail:   abates@goldbergbates.com
Attorney for Mirabilis Ventures, Inc. and
Nexia Strategy Corporation

JOHN RUSSELL CAMPBELL, ESQUIRE
Balch & Bingham, LLP
1710 Sixth Avenue N
Birmingham, Alabama 35203-2015
Telephone:   (205) 226-3438
Facsimile   (205) 488-5859
E-mail:   rcampbell@balch.com
Attorneys for Mirabilis Ventures, Inc. and
Nexia Strategy Corporation

ALLEN M. ESTES, ESQUIRE
Balch & Bingham, LLP
1710 Sixth Avenue N
Birmingham, Alabama 35203-2015
Telephone:   (205) 226-3438
Facsimile   (205) 488-5859
E-mail:   aestes@balch.com
Attorneys for Mirabilis Ventures, Inc. and
Nexia Strategy Corporation

KATHLEEN B. HAVENER, ESQUIRE
Hahn Loeser & Parks, LLP
200 Public Square, Suite 3300
Cleveland, Ohio 44114-2301
Telephone:   (216) 274-2297
Facsimile:   (216) 241-2824
E-mail:   kbhavener@hahnlaw.com
Attorneys for Palaxar Group, LLC,
Palaxar Holdings, LLC, Edith Curry,
and Frank Hailstones

JANE S. RASKIN, ESQUIRE
Raskin & Raskin, P.A.
2601 South Bayshore Drive, Suite 600
Miami, Florida 33133
Telephone:   (305) 444-3400
Facsimile:   (305) 445-0266
E-mail:   jraskin@raskinlaw.com
Attorneys for Palaxar Group, LLC,
Palaxar Holdings, LLC and Edith Curry

MARTIN R. RASKIN, ESQUIRE
Raskin & Raskin, P.A.
2601 South Bayshore Drive, Suite 600
Miami, Florida 33133
Telephone:   (305) 444-3400
Facsimile:   (305) 445-0266
E-mail:   mraskin@raskinlaw.com
Attorneys for Palaxar Group, LLC,
Palaxar Holdings, LLC, and Edith Curry

| | |
|---|---|
| JACK C. McELROY, ESQUIRE<br>Shutts & Bowen, LLP<br>300 S. Orange Avenue, Suite 1000<br>P.O. Box 4956<br>Orlando, Florida 32802-4956<br>Telephone:   (407) 423-3200<br>Facsimile:   (407) 425-8316<br>E-mail:   jmcelroy@shutts-law.com<br>Attorneys for AQMI Strategy Corporation | JASON H. KLEIN, ESQUIRE<br>Shutts & Bowen, LLP<br>300 S. Orange Avenue, Suite 1000<br>P.O. Box 4956<br>Orlando, Florida 32802-4956<br>Telephone:   (407) 423-3200<br>Facsimile:   (407) 425-8316<br>E-mail:   jklein@shutts-law.com<br>Attorneys for AQMI Strategy Corporation |
| JAMES ROBERT LUSSIER, ESQUIRE<br>Mateer & Harbert, P.A.<br>225 E. Robinson Street, Suite 600<br>P.O. Box 2854<br>Orlando, Florida 32802-2854<br>Telephone:   (407) 425-9044<br>Facsimile:   (407) 423-2016<br>Email:   jlussier@mateerharbert.com<br>Attorneys for Wellington Capital Group, Inc. | L. REED BLOODWORTH, ESQUIRE<br>Dean, Mead, Egerton, Bloodworth, Capouano<br>& Bozarth, P.A.<br>800 N. Magnolia Avenue, Suite 1500<br>P.O. Box 2346<br>Orlando, Florida 32802-2346<br>Telephone:   (407) 428-5115<br>Facsimile:   (407) 423-1831<br>Email:   rbloodworth@deanmead.com<br>Attorneys for Robert Pollack |
| DARRYL M. BLOODWORTH, ESQUIRE<br>Dean, Mead, Egerton, Bloodworth, Capouano<br>& Bozarth, P.A.<br>800 N. Magnolia Avenue, Suite 1500<br>P.O. Box 2346<br>Orlando, Florida 32802-2346<br>Telephone:   (407) 841-1200<br>Facsimile:   (407) 423-1831<br>Email:   dbloodworth@deanmead.com<br>Attorneys for Robert Pollack | |

I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

YANIV AMAR
3475 Mystic Point Drive, TH #10
Aventura, Florida 33180
Third Party Defendant

FRANK AMODEO
614 Lake Avenue
Orlando, Florida 32801
Third Party Defendant

JAMES SADRIANNA
10025 Chatham Oaks Court
Orlando, Florida 32836
Third Party Defendant

TERENCE CHU
5637 Country Hills Lane L
Glen Allen, Virginia 23059-5424
Defendant

s/ John Edwin Fisher
JOHN EDWIN FISHER, ESQUIRE
Florida Bar No.: 091677
Fisher, Rushmer, Werrenrath,
Dickson, Talley & Dunlap, P. A.
Post Office Box 712
Orlando, Florida 32802-0712
Telephone:   (407) 843-2111
Facsimile:   (407) 422-1080
E-mail:   jfisher@fisherlawfirm.com
Lead Counsel for Third Party Defendants,
Aaron C. Bates and Matthews S. Mokwa
L:\JEF\Mirabilis\PLEADING\Answer.Bates-Mokwa.wpd\CMB/djb