UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| MIRABILIS VENTURES, INC. and<br>NEXIA STRATEGY CORPORATION,<br><br>Plaintiffs,<br>-vs.-<br><br>PALAXAR GROUP, LLC;<br>PALAXAR HOLDINGS, LLC;<br>FRANK HAILSTONES; EDITH CURRY<br>a/k/a EDITH BROADHEAD; and<br>TERENCE CHU,<br><br>Defendants,<br><br>vs.<br><br>MIRABILIS VENTURES, INC., et al.<br><br>Counterclaim and Third<br>Party Defendants. | Case No.: 6:07-CV-1788-ORL-28-KRS |

## MOTION TO DISMISS OF TERENCE CHU WITH AFFIDAVIT IN SUPPORT

Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6), I, Defendant Terence Chu, hereby respectfully move this Court to dismiss the claims against me set forth in the Second Amended Complaint. My contacts with the State of Florida are insufficient to render it constitutionally permissible for the Court in Florida to subject me to personal jurisdiction under the due process clause of the Fourteenth Amendment to the United States Constitution. Alternatively, the allegations against me set forth in the Second Amended Complaint do not state a claim upon which relief can be granted.[1]

---

[1] A court that lacks personal jurisdiction is powerless to take further action. *See Posner v. v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 n.6 (11th Cir.1999), citing *Read v. Ulmer*, 308 F.2d 915, 917 (5th Cir. 1962). Accordingly, if

I. **PLAINTIFFS' CLAIM AGAINST ME SHOULD BE DISMISSED UNDER FED. R. CIV. P. 12(B)(2).**

  A. **I do not Have Minimum Contacts With Florida Sufficient to Allow me to be Haled Into Court in That State.**

A federal court sitting in diversity may properly exercise jurisdiction over a person only if two requirements are met: (1) the state long-arm statute is satisfied; and (2) the due process clause of the Fourteenth Amendment to the United States Constitution permits it. In my situation, neither requirement is satisfied and the Court should dismiss Plaintiffs' complaint against me under Rule 12(b)(2). *See, e.g. Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 (11th Cir.1999), citing *Sculptchair, Inc. v. Century Arts Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996).

Florida's long arm statute provides, in pertinent part:

> (1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
>
> (a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
>
> (b) Committing a tortious act within this state.
>
> (c) Owning, using, possessing, or holding a mortgage or other lien on any real property within this state.
>
> (d) Contracting to insure any person, property, or risk located within this state at the time of contracting.
>
> * * *
>
> (f) Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either:

---

this Court finds in my favor on my Rule 12(b)(2) argument, it need not—indeed—cannot reach the issue of whether the Plaintiffs have stated a claim against me under Rule 12(b)(6).

>    1. The defendant was engaged in solicitation or service activities within this state; or
>
>    2. Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use.
>
>    (g) Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state.
>
>    * * *
>
>    (2) A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.

Fla. Stat. § 48.193. Other than the conclusory statement that [t]his Court has personal jurisdiction over all named defendants[,]" *see* Second Amended Complaint at ¶ 10, Plaintiffs have alleged no jurisdictional facts that are pertinent to me in any way. As set forth in my accompanying Affidavit, I have not engaged in any of activities in Florida that would subject me to jurisdiction under Florida's long arm statute.

I do no business there. *See* Affidavit of Terence Chu in Support of Motion to Dismiss dated March 17, 2008 ("Chu Aff.") at ¶¶ 11-14, 24 (attached hereto as Exhibit A and incorporated by reference herein). I own no property or other interests in Florida. *See id.* at ¶ 18. I have no regular contracts with anyone in or involving Florida. *See id.* ¶¶22-24. I pay no taxes there. *Id.* at ¶ 21. Indeed, I have only visited the state on four occasions, and none of those visits had anything to do with Palaxar or so-called "Nexia Certification." *Id.* at ¶25. This Motion is the only time I have had anything to do with a court in Florida. *Id.* at ¶ 26. Given the absence of minimum contacts between me and the state of Florida, to allow me to be subject to suit in Florida would violate my rights under the due process clause of the Fourteenth Amendment to the United States Constitution.

### B.     I am not Subject to Jurisdiction Under a Co-Conspirator Theory.

The only claim against me is that I "conspired with and aided Hailstones and Curry with the establishment of Palaxar Group LLC and Palaxar Holdings LLC with actual knowledge that the sole purpose for the establishment and incorporation was to use and/or market the product known as Nexia Certification for personal gain or benefit," with "knowledge that the product referred to as Nexia Certification was owned by and paid for by Plaintiffs."

The Florida Supreme Court determined when a Florida court may exercise jurisdiction over a co-conspirator when, in *Execu-Tech Bus. Sys. v. New Oji Paper Co.*, 752 So.2d 582 (2000), it approved a prior decision of a Florida Appellate Court in *Wilcox v. Stout*, 637 So.2d 335 (Fla. 2d DCA 1994):

> Where a civil conspiracy to commit tortious acts has been successfully alleged, and some of those acts are alleged to have been accomplished within the state of Florida, we have no hesitancy in applying the well-accepted rules applicable to co-conspirators in the criminal context. Those rules make every act and declaration of each member of the conspiracy the act and declaration of them all. Additionally, each conspirator is liable for and bound by the act and declaration of each and all of the conspirators done or made in furtherance of the conspiracy even if not present at the time.

*Id.* at 337, cited in *Platypus Wear, Inc. v. Clarke Modet & Co.*, 515 F. Supp. 2d 1288, 1293 (S.D. Fla. 2007). *Platypus Wear* involved an alleged conspiracy by a number of individuals (one of whom was the former president of the plaintiff company) and two other companies to steal certain trademarks from the plaintiff company. Plaintiff in that case alleged that the person challenging jurisdiction was in control of one of the companies that had a license to use the trademarks and that his participation in the conspiracy arose from his exercise of his ownership interest in that company. The court dismissed the supposed co-conspirator for lack of personal jurisdiction, even though there was evidence that the individual in fact controlled the company

that held the license to use the trademarks. The court noted that evidence that the individual controlled the company was no more than that—it was certainly insufficient to demonstrate his involvement in any conspiracy. Because plaintiff had offered no evidence to support a conclusion that the defendant participated in the conspiracy, the court could not exercise jurisdiction over him on a co-conspirator theory.[2]

This case should be dispositive of the issue of this Court's jurisdiction over me. I admit that, since its inception, I have managed the ongoing operations of Palaxar, including but not limited to establishing and maintaining its bank accounts and financial records. *See* Chu Aff. at ¶ 4. Nevertheless, I have never had any information about the costs expended by anyone other than Edie Curry and Palaxar in developing the anti-fraud solution product referred to in the lawsuit as "Nexia Certification." *See id.* at ¶ 7. When both Palaxar Group and Palaxar Holdings were formed, I believed that so-called "Nexia Certification" was the property of Edie Curry. *See id.* at ¶ 8. I had no awareness of the details of Edie Curry's separation with Mirabilis and Nexia other than that Edie Curry informed me that she owned the intellectual property rights of the anti-fraud solution product which was in development as a result. *See id.* at ¶ 9.

Plaintiffs are correct that I have aided Curry (not Hailstones since he is not involved with either Palaxar Group or Palaxar Holdings) "with the establishment of Palaxar Group LLC and Palaxar Holdings LLC with actual knowledge that the sole purpose for the establishment and incorporation was to use and/or market her anti-fraud solution product for personal gain or benefit." I do not now nor have I ever had any reason to believe that the intellectual property

---

[2] The *Platypus Wear* court cited a second reason why it could not exercise jurisdiction over the defendant challenging jurisdiction in that case. The corporate shield doctrine holds that "acts taken by a corporate employee or agent on behalf of a corporation within a jurisdiction cannot form the basis for personal jurisdiction over the corporate employee or agent in his individual capacity." *Id.* at 1296, citing *Doe v. Thompson*, 620 So.2d 1004 (Fla. 1993) (court had no jurisdiction over corporate officer sued for gross negligence when the officer's only contacts with Florida were on behalf of the corporation). I do not now have, nor have I ever had contacts with Florida on behalf of Palaxar, and therefore am not subject to jurisdiction based on the corporate shield doctrine.

involving her anti-fraud solution product ever belonged to anyone other than Edie Curry. *Id.* at ¶ 8. Plaintiffs have no evidence that I ever entered into an agreement with anyone, or committed any act to further such an agreement, to take property that I believed to be theirs and use it for my own personal gain or to benefit Palaxar, Edie Curry, or any other person or persons. This Court should not exercise jurisdiction over me as a co-conspirator.

## II. PLAINTIFFS' CLAIM AGAINST ME SHOULD BE DISMISSED UNDER FED. R. CIV. P. 12(B)(2).

Although the Court will not reach this question if it holds that it lacks personal jurisdiction over me, the very same facts cited herein also establish that Plaintiffs have failed to state a claim upon which relief can be granted. *See Posner*, 178 F.3d at 1218, n.11. A conspiracy certainly requires an agreement to commit an actionable tort. Having no knowledge of Plaintiffs' supposed belief that the intellectual property underlying the anti-fraud solution product belonged to them rather than Curry, I assisted in setting up the two Palaxar entities in Virginia and have continued to manage them. But Plaintiffs do not even allege that I came to an agreement with anyone to commit an actionable tort.

On a motion to dismiss, a court must accept the facts pled as true and construe them in the light most favorable to the Plaintiffs. But—"[a]lthough a plaintiff is not held to a very high standard in a motion to dismiss for failure to state a claim, some minimal pleading standard does exist." *Jackson v. Bellsouth Telecoms.*, 372 F.3d 1250, 1252 (11th Cir. 2004). Despite the liberality of notice pleading, "it is still necessary that a complaint contain either direct or inferential allegations respecting the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice*, 253 F.3d 678, 683 (11th Cir. 2001). The court should not accept legal conclusions as true.

In this matter, Plaintiffs allege that I "conspired and aided" Hailstones and Curry without stating what I agreed to do that would result in harm to Plaintiffs. Certainly my setting up the two Virginia Palaxar companies was not tortious and has not caused harm to anyone. The anti-fraud solution that Plaintiffs refer to as "Nexia Certification" has produced no income to me, Edith Curry or either or the Palaxar entities. Accordingly, Plaintiff's could not have suffered any loss. Plaintiffs' allegations against me have no substance whatsoever. Therefore, in the event that the Court even reaches this question, Plaintiffs' complaint against me should be dismissed pursuant to Rule 12(b)(6) because it fails to state a claim upon which relief can be granted.

    Respectfully submitted,

    */s/ Terence Chu*
    Terence Chu, Pro Se
    5637 Country Hills Lane
    Glen Allen, VA 23059

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 18, 2008, I filed the foregoing Motion to Dismiss with Accompanying Affidavit of Terence Chu with the Clerk of Court by overnight courier.

I further certify that on March 18, 2008, a copy of the foregoing has been furnished by U.S. Mail to the following:

Aaron C. Bates
Goldberg Bates PLLC
3660 Maguire Boulevard
Suite 102
Orlando, Florida 32802

Counsel for Plaintiffs/Counterclaim
Defendants


J. Russell Campbell
Allen Estes
Balch & Bingham, LLP
PO Box 306
Birmingham, AL 35201

Counsel for Plaintiffs/Counterclaim
Defendants


Jason H. Klein
Jack C. McElroy
Shutts and Bowen, LLP
300 S. Orange Avenue
Suite 1000
Orlando, FL 32801

Counsel for Third Party Defendant AQMI
Strategy


James R. Lussier
Mateer & Harbert, PA
225 East Robinson Street, Suite 600
P.O. Box 2854
Orlando, FL 32802-2854

Counsel for Wellington Capital Group, Inc.


Kathleen Havener
Hahn Loeser + Parks LLP
200 Public Square, Suite 3300
Cleveland, OH 44114

Counsel for Defendants Curry, Hailstones,
Palaxar Group LLC, and Palaxar Holdings
LLC


Martin R. Raskin
Jane Serene Raskin
Raskin & Raskin, P.A.
2601 South Bayshore Drive
Suite 725
Miami, Florida 33133

Counsel for Defendants Curry, Palaxar Group
LLC, and Palaxar Holdings LLC


L. Reed Bloodworth
Darryl M Bloodworth
Dean Mead Egerton Bloodworth, et al.
800 North Magnolia Avenue, Suite 1500
P.O. Box 2346
Orlando, FL 32802-2346

Counsel for Third Party Defendant Robert
Pollack


John Edwin Fisher
Fisher Rushmer Werrenrath Dickson Talley
Dunlap
P.O. Box 712
Orlando, FL

Counsel for Third Party Defendants Aaron
Bates and Matthew Mokwa

Frank Amodeo
614 Lake Avenue
Orlando, Florida 32801

Third Party Defendant

Yaniv Amar
3475 Mystic Point Drive, TH #10
Aventura, FL 33180

Third Party Defendant

James Sadrianna
10025 Chatham Oaks Court
Orlando, FL 32836

Third Party Defendant

_____
TERENCE CHU, PRO SE
5637 Country Hills Lane
Glen Allen, VA 23059
(804) 364-2158