## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| MIRABILIS VENTURES, INC. and<br>NEXIA STRATEGY CORPORATION,<br><br>　　　　　Plaintiffs,<br><br>-vs-<br><br>PALAXAR GROUP, LLC;<br>PALAXAR HOLDINGS, LLC,<br>FRANK HAILSTONES, EDITH CURRY<br>a/k/a EDITH BROADHEAD; and<br>FICTITIOUS DEFENDANTS 1 through 8,<br><br>　　　　　Defendants,<br><br>-vs-<br><br>MIRABILIS VENTURES, INC.;<br><br>NEXIA STRATEGY CORPORATION;<br><br>And THIRD PARTY DEFENDANTS:<br><br>AQMI STRATEGY CORPORATION;<br>2875 SOUTH ORANGE AVENUE<br>SUITE 500<br>ORLANDO, FLORIDA 32806<br><br>Registered Agent:<br>HENDRY, STONER, CALANDRINO &<br>　　　BROWN, PA<br>20 NORTH ORANGE AVENUE<br>SUITE 600<br>ORLANDO, FLORIDA 32806<br><br>WELLINGTON CAPITAL GROUP, INC.<br>1969 SOUTH ALAFAYA TRAIL<br>SUITE 236<br>ORLANDO, FLORIDA 32828 | CASE NO.: 6:07-CV-1788-ORL-28-GJK |

| | |
|---|---|
| Registered Agent: | ) |
| CORPORATE CREATIONS | ) |
| NETWORK, INC. | ) |
| 11380 PROSPERITY FARMS ROAD | ) |
| SUITE 221 | ) |
| PALM BEACH GARDENS, | ) |
| FLORIDA 33410 | ) |
| | ) |
| YANIV AMAR | ) |
| 3475 MYSTIC POINT DRIVE | ) |
| TH # 10 | ) |
| AVENTURA, FLORIDA 33180 | ) |
| | ) |
| FRANK AMODEO | ) |
| 614 LAKE AVENUE | ) |
| ORLANDO, FLORIDA 32801 | ) |
| | ) |
| AARON BATES | ) |
| 3660 MAGUIRE BOULEVARD | ) |
| SUITE 102 | ) |
| ORLANDO, FLORIDA 32803 | ) |
| | ) |
| MATTHEW MOKWA | ) |
| 3660 MAGUIRE BOULEVARD | ) |
| SUITE 102 | ) |
| ORLANDO, FLORIDA 32803 | ) |
| | ) |
| ROBERT POLLACK | ) |
| 8767 THE ESPLANADE #36 | ) |
| ORLANDO, FLORIDA 32836 | ) |
| | ) |
| JAMES SADRIANNA | ) |
| 10025 CHATHAM OAKS COURT | ) |
| ORLANDO, FLORIDA 32836 | ) |
| _____ | ) |

**THIRD-PARTY DEFENDANT ROBERT POLLOCK'S MOTION TO DISMISS THE FIRST AMENDED THIRD-PARTY COMPLAINT AND SUPPORTING MEMORANDUM OF LAW**

Third-Party Defendant, Robert Pollack ("Dr. Pollack"), moves to dismiss the First Amended Third-Party Plaintiffs' Complaint (the "Complaint") for failure to identify fraud with sufficient particularity pursuant to Federal Rule of Civil Procedure 9(b). As grounds for this motion, Dr. Pollock states:

O0412249v1                                    2

1.       The Third-Party Plaintiffs' (the "Plaintiffs") Complaint alleges twelve claims against a number of Counter and Third-Party Defendants. However, the only claim against Dr. Pollack is found in Count II, for fraud in the inducement. Count II also makes claims against Frank Amodeo ("Amodeo"), Mirabilis Ventures, Inc. ("Mirabilis"), Nexia Strategy Corporation ("Nexia") and James V. Sadrianna ("Sadrianna").

2.       As discussed in the Memorandum of Law below, the Complaint should be dismissed because it fails to allege the underlying tort of fraud in the fraud in the inducement count with the particularity required by Federal Rule of Civil Procedure 9(b).

WHEREFORE, Third-Party Defendant Dr. Pollack moves for an order dismissing the Complaint as to him, and for such other relief as this Court deems just and necessary.

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

**I.       Introduction**

The Complaint essentially arises out of a dispute between two former employees, Edith Curry ("Curry") and Frank Hailstones ("Hailstones"), and their former employers, Mirabilis and Nexia ("the Companies"). Mirabilis and Nexia sued Curry and Hailstone, along with their new businesses, for absconding with an anti-fraud certification program, referred to as the Nexia Certification Program ("Nexia Certification"), which Curry created while working for Mirabilis and Nexia. Curry and Hailstones filed a counterclaim against Mirabilis and Nexia and this Complaint attempting to allege breaches of contract and tort claims against the Companies and unrelated individuals arising out of Mirabilis and Nexia's attempt to enforce their employment agreements and patent rights.

There is no factual basis alleged for the one claim asserted against Dr. Pollack in the Complaint. Indeed, Dr. Pollack is hardly mentioned and is included in the Complaint solely by conclusory allegations that he committed fraud against Curry. (*See* Complaint, Count II). The

Plaintiffs do not plead any specific acts of fraud by Dr. Pollack. Other than these few paragraphs of conclusory statements, Dr. Pollack is not mentioned it the Complaint.

At no point in time did Dr. Pollack have anything to with the Nexia Certification Program or the Companies' patent rights, the issues which gave rise to this action, and no such acts are pled. In response to the action filed against them, the Plaintiffs have simply sued everyone associated with the Companies while they were there. However, as discussed below, Plaintiffs' claims against Dr. Pollack are insufficiently pled to state a claim and should be dismissed with prejudice.

## II.   Standard For Motion To Dismiss

On a motion to dismiss, a court must accept the facts pled as true and construe them in a light favorable to plaintiffs. *Quality Foods de Centro Am., S.A.* v. *Latin Am. Agribusiness Dev. Corp.*, 711 F.2d 989, 994-95 (11th Cir. 1983). A court "must not, however, assume plaintiffs can prove facts not alleged or that defendants have violated [the law] in ways not alleged." *Id.* at 995. "Although a plaintiff is not held to a very high standard in a motion to dismiss for failure to state a claim, some minimal pleading standard does exist." *Jackson* v. *Bellsouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004). The notice pleading standard is liberal, but "it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe* v. *Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (citing *In re Plywood Antitrust Litigation*, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 1981)).

Moreover, the court is not required to accept conclusory allegations, unwarranted deductions of fact, or legal conclusions presented as factual allegations, as true. *See S. Fla. Water Mgmt. Dist.* v. *Montalvo*, 84 F.3d 402, 409 n. 10 (11th Cir. 1996) ("As a general rule,

conclusory allegations and unwarranted deductions of fact are not admitted as true in a motion to dismiss.").[1]  In order to survive dismissal, plaintiffs must plead enough supporting facts to constitute a legitimate claim for relief.  *Id.*; *see also Jackson*, 372 F.3d at 1263 ("To survive a motion to dismiss, plaintiffs… are required to allege some specific factual bases for [their legal] conclusions or face dismissal of their claims.").

To the extent that any claims sound in fraud, the claims are held to a heightened pleading standard.  Rule 9(b) of the Federal Rules of Civil Procedure requires that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  As shown below, Plaintiffs' claims against Dr. Pollack fail this heightened pleading standard.

### III.  Failure To Plead Fraud With Particularity

Plaintiff's only allegations against Dr. Pollack are found in Count II, paragraphs 31, 33, and 41 - 44, of the Complaint.  While notice pleading is the general rule, fraud must be pled with particularity pursuant to Fed. R. Civ. P. 9(b).  This is also true of claims for fraud in the inducement which are dependent upon fraud.  *Tindall v. Gibbons*, 156 F.Supp.2d 1292, 1298 (M.D. Fla. 2001); *Federal Deposit Ins. Corp. v. Fireman's Fund Ins. Co.,* 271 F.Supp. 689, 690 (S.D. Fla. 1967).  Plaintiff has failed to plead the alleged fraud with sufficient particularity and, thus, Count II must be dismissed.

In the Eleventh Circuit, Rule 9(b) is satisfied if the plaintiff pleads: (1) precisely what

---

[1] *See also Oxford Asset Mgmt., Ltd.* v. *Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) ("conclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal"); *Robinson* v. *Jewish Ctr. Towers, Inc.,* 993 F. Supp. 1475, 1476 (M.D. Fla. 1998) ("While the court must accept all well-pleaded allegations in a complaint as true, the court will not accept, without more, conclusory allegations or legal conclusions masquerading as factual conclusions.").  The liberal pleading requirements do not eliminate the plaintiffs' responsibility to draft a complaint in a "careful and thoughtful fashion."  *Quality Foods*, 711 F.2d at 995.

statements were made in what documents or oral representations or what omissions were made; (2) the time and place of each such statement and the person responsible for making (or not making); (3) the context of such statements and the manner in which they misled the plaintiff; and (4) what the defendants obtained as a consequence of the fraud. *See Brooks v. Blue Cross and Blue Shield of Fla.*, 116 F.3d 1364, 1371 (11th Cir. 1997). These requirements exist in part to (i) ensure that the defendant has fair notice of the claim, (ii) safeguard the defendant against spurious accusations, and (iii) reduce the possibility that a meritless fraud claim remains in the suit. *See id.* at 1370-71; Baicker-McKee, Janssen and Corr, *Federal Civil Rules Handbook*, p. 244 (2002 ed.). Plaintiff has not met these requirements in its fraud claim.

An examination of each of the Complaint's paragraphs[2] related to Dr. Pollack reveals that the Plaintiffs failed to plead fraud with the required particularity. Paragraph 31 states:

> On June 17, 2005, in reliance on a number of promises by ... Robert Pollack, Curry signed a written employment agreement with Nexia. The Employment Agreement was countersigned for Nexia by James Sadrianna. Upon information and belief, Amodeo was aware of and in agreement with Sadrianna, Pollack and Nexia that the promises made to Curry could not be honored.

In the first sentence of Paragraph 31, the Plaintiffs failed to specify what promises Dr. Pollack made; the time and place that these alleged promises were allegedly made; the manner in which these alleged promises misled the Plaintiffs; and they fail to state exactly what Dr. Pollack obtained as a consequence of these alleged promises, as Nexia appears to be the entity obtaining something here. The second sentence of Paragraph 31 suffers from the same lack of pleading particularity.

The next paragraph related to Dr. Pollack is Paragraph 33. It states:

---

[2] Paragraph 12 is not addressed as it merely identifies Dr. Pollack as a party to this suit.

> Curry signed her written contract with Nexia in part based on a written assurance from Pollack that she would be "empowered to run her own business," a representation that was patently false.

In Paragraph 33, Plaintiffs fail to state in what document the alleged statement was made; when and where the alleged statement was made; and what Dr. Pollack obtained as a consequence of the alleged statement. Furthermore, if Plaintiffs are to believe their own pleadings, then any statements allegedly made by Dr. Pollack would have held no sway with them for as Plaintiffs state in Paragraph 16 of the Complaint, "Amodeo was the sole individual permitted to make significant business decisions for Mirabilis, Nexia, counterclaim defendants AQMI Strategies, and Wellington Capital during the relevant time period ..." Furthermore, this statement is not a statement of fact capable of being misrepresented, but merely a limited description of her duties. Because the document in which the statement was allegedly made was not attached, the context of the statement cannot be determined.

The next paragraph of the Complaint pertaining to Dr. Pollack is paragraph 41. That paragraph states:

> Upon information and belief, the manufacturing domains were moved to Amodeo's personal control with the agreement and participation of James Sadrianna, and Robert Pollack.

This paragraph fails to state precisely how Dr. Pollack allegedly agreed and participated in transferring the manufacturing domains to Amodeo; it fails to state the time and place that Dr. Pollack allegedly agreed and participated with Amodeo and Sadrianna; it fails to state how Dr. Pollack's alleged agreement and participation misled the Plaintiffs; and it fails to allege what Dr. Pollack obtained as a consequence of his alleged agreement and participation.

Paragraph 42 states:

O0412249v1                                7

> None of the commitments ... Robert Pollack made to Curry concerning the Richmond operation were fulfilled.

This paragraph also fails to plead with the required particularity. Paragraph 42 fails to precisely state what alleged commitments Dr. Pollack made to Curry; it fails to state the time and place of the alleged commitments; it fails to state and explain the context of the alleged commitments and the manner in which they misled the Plaintiffs; and it fails to state what Dr. Pollack obtained as a consequence of these alleged commitments. Furthermore, these vague statements appear to be in the nature of promises that pertain to the future rather than present facts that have been misrepresented.

Paragraph 43 states:

> ... Pollack ... misrepresented material facts which [he] knew or should have known to be false at the time they were made in an effort to induce Curry to enter into her employment contract and to continue her employment at Nexia.

Like the paragraphs before it, this paragraph fails to plead with the required particularity. In Paragraph 43, the Plaintiffs failed to plead precisely what material facts Dr. Pollack allegedly misrepresented, the time and place that these alleged material facts were misrepresented, the context in which these alleged material facts were misrepresented, and what Dr. Pollack obtained as a consequence of these alleged misrepresented material facts. This paragraph is purely conclusory and fails to meet the heightened pleading requirements of Rule 9(b).

The final paragraph relating to Dr. Pollack is Paragraph 44. It states:

> ... Pollack intended that Curry rely on [his] misrepresentations in order to induce her to accept and continue her employment with Nexia.

Plaintiff has failed to adequately plead in the preceding paragraphs what the alleged misrepresentations were, but claims in a conclusory manner that these unspecified misrepresentations induced her to accept and continue her employment as with Nexia.  Again, Plaintiffs have failed to adequately plead any of the elements necessary under Rule 9(b).

## Conclusion

For the foregoing reasons, the Complaint against Mr. Pollack fails to meet the requirements of Rule 9(b), Fed.R.Civ.P., and must be dismissed in its entirety against Mr. Pollack.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 24, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.

/s/ Darryl M. Bloodworth
DARRYL M. BLOODWORTH, ESQUIRE
Florida Bar No. 141258
L. REED BLOODWORTH, ESQUIRE
Florida Bar No. 0718491
Attorneys for Robert Pollack, M.D.
Dean, Mead, Egerton, Bloodworth,
  Capouano & Bozarth, P.A.
Post Office Box 2346
Orlando, Florida 32802-2346
Telephone:  (407) 841-1200
Fax:  (407) 423-1831
E-mail:  dbloodworth@deanmead.com
         rbloodworth@deanmead.com

Attorneys for Third Party Defendant
Robert Pollack