IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MIRABILIS VENTURES, INC. and
NEXIA STRATEGY CORPORATION,

      Plaintiffs,

v.

CASE NO.: 6:07-cv-01788-JA-GJK

PALAXAR GROUP, LLC;
PALAXAR HOLDINGS, LLC;
FRANK HAILSTONES; EDITH CURRY
a/k/a EDITH BROADHEAD; and
TERENCE CHU,

      Defendants,

v.

AQMI STRATEGY CORPORATION,
WELLINGTON CAPITAL GROUP, INC.,
YANIV AMAR, FRANK AMODEO,
AARON BATES, MATTHEW MOKWA,
ROBERT POLLACK, JAMES SADRIANNA,

      Third-Party Defendants.

---

**JOINT MOTION TO SEVER COUNTS 5, 6, 7, 8, AND 9
OF THE AMENDED THIRD PARTY COMPLAINT BY PLAINTIFFS /
COUNTERCLAIM DEFENDANTS AND THIRD-PARTY DEFENDANTS
MIRABILIS VENTURES INC., NEXIA STRATEGY CORP.,
YANIV AMAR, MATTHEW S. MOKWA, AND AARON C. BATES**

      Plaintiffs / Counterclaim Defendants Mirabilis Ventures, Inc. ("Mirabilis") and

Nexia Strategy Corporation ("Nexia") and Third-Party Defendants Yaniv Amar

("Amar"), Matthew S. Mokwa ("Mokwa"), and Aaron C. Bates ("Bates"), by and

through their undersigned attorneys, file the following Joint Motion to Sever Counts 5, 6,

7, 8 and 9 of the First Amended Counterclaims and Third-Party Claims of Defendants

Edith Curry ("Curry") and Frank Hailstones ("Hailstones") and Incorporated Memorandum of Law.

**INTRODUCTION AND SUMMARY**

On February 19, 2008, Plaintiffs, Mirabilis and Nexia, filed their amended complaint against Palaxar Group, LLC, Palaxar Holdings, LLC (collectively "Palaxar"), Hailstones, and Curry (Hailstones and Curry shall sometimes hereinafter be referred to as the "Counter-Plaintiffs") (the "Original Action"). The crux of the Original Action is that Hailstones and Curry, as officers and directors of Mirabilis and Nexia, misappropriated certain assets of Mirabilis and Nexia and transferred those assets to Palaxar.

Instead of rebutting the claims of Mirabilis and Nexia, Counter-Plaintiffs have sought to unduly complicate this case and drag multiple unrelated parties into the action in an attempt to cloud the real issues before this Court. Specifically, Hailstones and Curry filed counterclaims against Mirabilis and Nexia and third-party claims against eight other persons. The multiple claims arise over an extended period of time, and consist of a wide variety of legal theories and factual allegations (the "Third-Party Complaint"). Curry and Hailstones even go so far as to name Bates, the counsel of record for Plaintiff's in the Original Action, as a third-party defendant (Bates, Mokwa, and Amar shall sometimes be collectively referred to hereinafter as the "Counter-Defendants"). Counts 5, 6, 7, 8 and 9 of the Third-Party Complaint have no connection to the Original Action and appear to have been pled in an attempt to harass Plaintiffs and Counter-Defendants and to disqualify Bates. For the reasons set forth in the below

memorandum of law, Plaintiffs and Counter-Defendants move, pursuant to Fed. R. Civ. P. 21 to sever counts 5, 6, 7, 8 and 9 of the Third-Party Complaint.

## MEMORANDUM OF LAW

**1.   Introduction.**

The Third-Party Complaint sounds in a total of five counts against the Counter-Defendants, with three counts seeking redress for tortious interference with advantageous business relationships, conspiracy to commit tortious interference, and conspiracy to commit slander against the Counter-Plaintiffs,[1] and two counts seeking redress for slander *per se* against Amar and Mokwa.  Counts 5, 6, 7, 8 and 9 of the Third-Party Complaint arise out of separate transactions and occurrences and involve completely unrelated questions of law and fact from the Original Action.  Moreover, failure to sever counts 5, 6, 7, 8, and 9 will result in significant confusion and procedural delay and will unfairly prejudice Plaintiffs and Counter-Defendants.

To the extent Counter-Plaintiffs joined Counter-Defendants pursuant to Rule 14(a), Counter-Defendants, are misjoined as a matter of law.  To the extent Counter Plaintiff's joined Counter-Defendants pursuant to Rule 13(h), this is an abuse of the Rule and the counts should be severed.  In sum, Counter Plaintiff's have manipulated simple slander claims against Amar and Mokwa into complex questions of agency and conspiracy in an attempt to unduly complicate this case and greatly prejudice Plaintiffs.

---

[1] These claims were also made against Third-Party Defendant, Frank Amodeo ("Amodeo"). Amodeo has not been served in this action and, therefore, does not join in the making of this motion.

2.    **Joinder under Rules 14(a)**

Rule 14(a) of the Federal Rules of Civil Procedure governs Third-Party Claims.  It

reads in pertinent part:

> [A] defending party, as a third-party plaintiff, may cause a summons and
> complaint to be served upon a person not a party to the action *who is or*
> *may be liable to the third-party plaintiff for all or part of the plaintiff's*
> *claim against the third-party plaintiff.*

Fed. R. Civ. P. 14(a).  It is well established that a third-party claim cannot simply be an

independent or related claim but must be based upon plaintiff's claim against defendant.

The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to

the third-party defendant the liability asserted against him by the original plaintiff.  The

mere fact that the alleged third-party claim arises from the same transaction or set of facts

as the original claim is not enough.  *See* 6 Wright & Miller, Fed. Prac. & Proc. §1446 at

376-379 (1990 ed.).

In F.O. Majors v. American National Bank of Huntsville, 426 F.2d 566 (5th Cir.

1970) the court held:

> The third-party procedure is not designed as a vehicle for the trying
> together of separate and distinct causes of action, or for the introduction,
> into the main action, of several parallel, but independent actions or
> separate and independent claims, or for changing the cause of action as
> asserted, or substituting another action for it, and is not a device for
> bringing into an action any controversy which may have some relation to
> it.

Id. at 568 (*quoting* 35A C.J.S. Federal Civil Procedure § 118).  Third-party impleading

"is only available when the third party defendant's liability is secondary to, or derivative

of, the original defendant's liability on the original plaintiff's claim."  Faser v. Sears,

Roebuck & Co. 674 F.2d 856, 860 (11th Cir. 1982) *citing* United States v. Joe Grasso & Sons, Inc. 380 F.2d 749, 751 (5th Cir. 1967) .

In the case at bar, there is no question that the alleged claims constituting counts 5, 6, 7, 8 & 9 of the Third-Party Complaint are independent torts separate and distinct from the original claims filed by Plaintiffs.   The Third-Party claims do not constitute indemnity or contribution and are in no way derivative to the claims of Plaintiffs.   As a result, Counter-Defendants cannot be joined pursuant to rule 14(a).

**3.   Joinder Under Rule 13(h).**

Rule 13(h) allows a third-party plaintiff to join additional codefendants on a counterclaim, if the claims arise out of the same transaction, occurrence, or series of transactions or occurrences as the counterclaim.   Rules 13(h), 19 & 20.   In the present case, the Third-Party Plaintiffs were able to obtain jurisdiction over unrelated parties and unrelated events by framing them as counterclaims.

The counterclaims, as applied to Plaintiffs, are tenuous and inconsistent and are pled in a conclusory manner without any supporting detail.[2]   Counts 6, 7, and 8 are premised on theories of vicarious liability and agency.   Counts 5 and 9 are premised on theories of conspiracy.   Under Florida law, an agent cannot conspire with its principal. *See* Hoon v. Pate Constr. Co., 607 So. 2d 423 (Fla. Dist. Ct. App. 1992); *accord* Jewel Foliage Co. v. Uniflora Overseas Florida Inc., 497 F. Supp 513, 518 (M.D. Fla. 1980); *see also* Buckner v. Lower Florida Keys Hosp. Dist., 403 So. 2d 1025, 1029 (Fla. Dist. Ct. App. 1981).   Consequently, as applied to Plaintiffs, either counts 5 and 9 are defective

---

[2] Mirabilis and Nexia filed a Motion to Dismiss Counts 5 and 9 (See Dkt. 71).   In response, Counter-Plaintiffs have informed Mirabilis and Nexia that they will be filing a voluntary dismissal of Counts 5 and 9 as to Mirabilis and Nexia.

or counts 6, 7, and 8 are defective.  It is important to note, that under Rule 13(h), a deficiency in any count against Plaintiffs will result in any remaining Third-Party Defendant to that count being improperly joined as a matter of law.

**4.      Severance Under Rule 21.**

Rule 21 gives the court discretion to add parties, dismiss parties, and sever "any claims against a party."  Under the Federal Rules of Civil Procedure the court is given discretion to decide the scope of the civil action and to make such orders as will prevent delay or prejudice.  *See* City of Tampa v. Fourth Tug/Barge Corp., 163 F.R.D. 622, 624 (M.D. Fla. 1995).

The clause in Rule 21 permitting severance of claims, however, is aimed at remedying the problems with liberal party joinder.  Under Rule 21, the court may issue an order severing claims, even in the absence of misjoinder or nonjoinder of parties, to structure a case for the efficient administration of justice.  *See* Grigsby v. Kane, 250 F. Supp. 2d 453, 456 (M.D. PA. 2003) (A district court has "virtually unfettered discretion" in determining whether to order severance); *see also* Wyndham Assoc. v. Bintliff, 398 F.2d 614, 618 (2d Cir. 1968) ("[Fed. R. Civ. P. 21] authorizes the severance of any claim, even without a finding of improper joinder, where there are sufficient other reasons for ordering a severance."); Safeco Insurance Co. v. City of White House, 36 F. 3d 540, 545-546 (6th Cir. 1994) (characterizing this principle as the majority rule).

"When considering a request to sever the impleader claim and for its separate trial, the court typically is concerned with the effect the additional parties and claims will have on the main action - in particular, whether continued joinder will serve to

complicate the litigation unduly or will prejudice the other parties in any substantial

way." 6 Wright, Miller & Kane, Federal Practice and Procedure § 1460 (1990 ed.); *see*

*also* Federal Deposit Insurance Corp. v. diStefano, 839 F. Supp. 110, 120 (D.R.I. 1993)

(motion to add third-party claims "should be denied if the claims, when inserted into the

case, will delay or disadvantage the existing action or if the third-party claims obviously

lack merit."). In determining whether to sever claims from the original action under Rule

21, the following factors should be considered:

> (1) whether the claims arise out of the same transaction or occurrence; (2)
> whether the claims present some common question of law or fact; (3)
> whether the settlement of the claims or judicial economy would be
> facilitated; (4) whether prejudice would be avoided if severance were
> granted; and (5) whether different witnesses and documentary proof are
> required for the separate claims.

Fisher v. CIBA Specialty Chemicals Corp., 245 F.R.D. 539, 541 (S.D. AL. 2007) *citing*

Disparte v. Corporate Executive Board, 223 F.R.D. 7, 12 (D.D.C. 2004); *see also* Morris

v. Northrop Grumman Corp., 37 F. Supp. 2d 556, 580 (E.D. N.Y. 1999). In considering

whether to order separate trials of any claims or issues, "the paramount consideration

must remain a fair and impartial trial to all litigants through a balance of benefits and

prejudice." Id. at 541-542 *citing* Medtronic Xomed, Inc. v. Gyrus ENT, LLC, 440 F.

Supp. 2d 1333, 1334 (M.D. Fla. 2006).

Counts 5, 6, 7, 8 and 9 of the Third-Party Complaint, arise out of the presence of

Bates, Mokwa, and Amar during the service of the Original Action upon the Counter-

Plaintiffs at an anti-fraud conference, which they have alleged injured them and their

business relationships. To the extent the Counter-Plaintiffs can maintain such claims

against the Counter-Defendants, Counter-Defendants assert that such claims should

proceed in a separate action, so as not to unduly complicate this case with irrelevant facts and proof.

In reviewing the factors set forth in <u>Disparte</u>, it is clear that severance of the aforementioned claims made in the Third-Party Complaint would be the fairest administration of justice for all litigants involved. First, a review of the claims made in the Original Action and the Third-Party Complaint reveals allegations arising from completely separate transactions and occurrences. The claims in the Original Action arise from alleged wrongdoings committed in 2006 while Counter-Plaintiffs were officers and directors of Mirabilis and Nexia. The claims of the Third-Party Complaint, however, involve alleged acts committed by the Counter-Defendants during an anti-fraud conference in late 2007. There is no connection between the transactions and occurrences giving rise to the two sets of claims.

With regard to the second factor, the claims alleged in each pleading do not present any common questions of law or fact. The pertinent questions of law and fact in the Original Action concern the following: (1) questions of corporate governance; (2) questions of patent law; (3) questions of fact relating to transactions and occurrences taking place in Florida and Virginia over an extended period of time. The pertinent questions of law and fact in counts 5, 6, 7, 8 and 9 of the Third-Party Complaint concern: (1) questions of Florida conspiracy and agency law; (2) questions of state defamation law; and (3) questions of fact relating to a single transaction and occurrence taking place in Arizona.

The lack of common questions of law and fact also demonstrates the inefficiencies and undue complication associated with counts 5, 6, 7, 8 and 9 of the Third-Party Complaint. Forcing Counter-Defendants to defend a slander case in the shadow of a business and patent dispute will result in an overly complicated discovery and procedural process for all parties involved. Counter-Defendants counsel will be tasked with staying appraised of a completely independent lawsuit with no relevance to Counter-Defendants.

An analysis of the remaining two factors weighs heavily in a finding that severance would be proper. Specifically, not severing the claims would greatly prejudice Plaintiffs, Mirabilis and Nexia, as well as Counter-Defendants. A potential, if not inevitable, result of the Third-Party Complaint is that Bates will have to testify on his client's behalf in this action.[3] As a result, pursuant to Rule 4-3.7 of the Rules Regulating the Florida Bar, Bates would most likely be required to withdraw as counsel for Mirabilis and Nexia, thus depriving Mirabilis and Nexia of their local counsel who possesses the most knowledge of the claims, and strategy to be utilized, against the Counter-Plaintiffs. Such a withdrawal would cause further difficulties for Mirabilis and Nexia, as lead counsel is admitted *pro hac vice* on the Florida license of Bates. *See* Landmark Development Group v. JEG Holdings, Inc., 185 F.R.D. 126, 128 (noting the extreme prejudice associated with joining a party pursuant to Rule 20, when said joinder will result in disqualification of counsel); *see also* Illinois v. Borg, Inc., 564 F. Supp. 102,

---

[3] It is probable that Counter-Plaintiffs were mindful of the effect their claims would have on Mirabilis and Nexia's representation, as their sole allegation relevant to Bates was that, for some unknown reason, he audio-recorded the alleged wrongful acts of his co-conspirators.

104-105 (N.D.Ill. 1983) (In ordering separate trials pursuant to Fed. R. Civ. P. 42 due to, among other reasons, the fact that not separating the claims would result in disqualification of counsel for one of the parties, the district court noted that it prejudices a party to be deprived of representation of its own choosing and that the court "must be sensitive" to consideration of such prejudice).

Lastly, there does not appear to be a significant overlap between the witnesses and documentary proof for the claims in the Original Action and counts 5, 6, 7, 8 and 9 Third-Party Complaint. The claims in the Third-Party Complaint will rely primarily upon the testimony of the conference attendees, Bates, Amar and Mokwa, and the process server, none of whom are considered witnesses for purposes of the claims made in the Original Action. The only overlapping witnesses are Hailstones and Curry.

## CONCLUSION

For the foregoing reasons, Counter-Defendants request that this Court enter an order severing Counts 5, 6, 7, 8 and 9 from the above-captioned action so that they may proceed in a separate action. Severing these claims will permit the core dispute to proceed to trial and prevent undue prejudice to Mirabilis and Nexia.

## LOCAL RULE 3.01(J) REQUEST FOR ORAL ARGUMENT

Counter-Defendants respectfully request that the Court permit oral argument on the foregoing motion. Undersigned counsel estimates that no more than a total of thirty (30) minutes would be needed.

## LOCAL RULE 3.01(G) CERTIFICATION

The undersigned certify that, with respect to the foregoing motion, they have conferred with counsel for Counter-Plaintiffs and they do not consent to the relief sought in the motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 1, 2008, I electronically filed the foregoing with

the Clerk of the Court by using the CM/ECF system:

AARON C. BATES, ESQUIRE
Goldberg Bates, PLLC
3660 Maguire Boulevard, Suite 102
Orlando, Florida 32803
Telephone:     (407) 893-3776
Facsimile:     (407) 893-3779
E-mail:a          bates@goldbergbates.com
Attorney for Mirabilis Ventures, Inc. and
Nexia Strategy Corporation

JOHN   RUSSELL   CAMPBELL,
ESQUIRE
Balch & Bingham, LLP
1710 Sixth Avenue N
Birmingham, Alabama 35203-2015
Telephone:     (205) 226-3438
Facsimile      (205) 488-5859
E-mail:rcampbell@balch.com
Attorneys for Mirabilis Ventures, Inc. and
Nexia Strategy Corporation

ALLEN M. ESTES, ESQUIRE
Balch & Bingham, LLP
1710 Sixth Avenue N
Birmingham, Alabama 35203-2015
Telephone:     (205) 226-3438
Facsimile      (205) 488-5859
E-mail:aestes@balch.com
Attorneys for Mirabilis Ventures, Inc. and
Nexia Strategy Corporation

KATHLEEN B. HAVENER, ESQUIRE
Hahn Loeser & Parks, LLP
200 Public Square, Suite 3300
Cleveland, Ohio 44114-2301
Telephone:     (216) 274-2297
Facsimile:     (216) 241-2824
E-mail:kbhavener@hahnlaw.com
Attorneys for Palaxar Group, LLC,
Palaxar Holdings, LLC, Edith Curry,
and Frank Hailstones

JANE S. RASKIN, ESQUIRE
Raskin & Raskin, P.A.
2601 South Bayshore Drive, Suite 600
Miami, Florida 33133
Telephone:     (305) 444-3400
Facsimile:     (305) 445-0266
E-mail:jraskin@raskinlaw.com
Attorneys for Palaxar Group, LLC,
Palaxar Holdings, LLC and Edith Curry

MARTIN R. RASKIN, ESQUIRE
Raskin & Raskin, P.A.
2601 South Bayshore Drive, Suite 600
Miami, Florida 33133
Telephone:     (305) 444-3400
Facsimile:     (305) 445-0266
E-mail:mraskin@raskinlaw.com
Attorneys for Palaxar Group, LLC,
Palaxar Holdings, LLC, and Edith Curry

JACK C. McELROY, ESQUIRE
Shutts & Bowen, LLP
300 S. Orange Avenue, Suite 1000
P.O. Box 4956
Orlando, Florida 32802-4956
Telephone:     (407) 423-3200
Facsimile:     (407) 425-8316
E-mail:jmcel      roy@shutts-law.com
Attorneys for AQMI Strategy Corporation

JASON H. KLEIN, ESQUIRE
Shutts & Bowen, LLP
300 S. Orange Avenue, Suite 1000
P.O. Box 4956
Orlando, Florida 32802-4956
Telephone:     (407) 423-3200
Facsimile:     (407) 425-8316
E-mail:jklein@shutts-law.com
Attorneys for AQMI Strategy Corporation

JAMES ROBERT LUSSIER, ESQUIRE
Mateer & Harbert, P.A.
225 E. Robinson Street, Suite 600
P.O. Box 2854
Orlando, Florida 32802-2854
Telephone:     (407) 425-9044
Facsimile:     (407) 423-2016
Email: jlussier@mateerharbert.com
Attorneys for Wellington Capital Group, Inc.

L. REED BLOODWORTH, ESQUIRE
Dean, Mead, Egerton, Bloodworth, Capouano & Bozarth, P.A.
800 N. Magnolia Avenue, Suite 1500
P.O. Box 2346
Orlando, Florida 32802-2346
Telephone:     (407) 428-5115
Facsimile:     (407) 423-1831
Email: rbloodworth@deanmead.com
Attorneys for Robert Pollack

DARRYL M. BLOODWORTH, ESQUIRE
Dean, Mead, Egerton, Bloodworth, Capouano & Bozarth, P.A.
800 N. Magnolia Avenue, Suite 1500
P.O. Box 2346
Orlando, Florida 32802-2346
Telephone:     (407) 841-1200
Facsimile:     (407) 423-1831
Email: dbloodworth@deanmead.com
Attorneys for Robert Pollack

JAMES E. SHEPHERD, ESQUIRE
Pohl & Short, P.A.
280 W. Canton Avenue, Suite 410
Post Office Box 3208
Winter Park, Florida 32790
Telephone:     (407) 647-7645
Facsimile:     (407) 647-2314
Email: Shepherd@pohlshort.com
Attorneys for Yaniv Amar

I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

FRANK AMODEO
614 Lake Avenue
Orlando, Florida 32801
Third Party Defendant

JAMES SADRIANNA
10025 Chatham Oaks Court
Orlando, Florida 32836
Third Party Defendant

TERENCE CHU
5637 Country Hills Lane
Glen Allen, Virginia 23059-5424
Telephone:    (804) 364-2158
Defendant

s/ John Edwin Fisher
JOHN EDWIN FISHER, ESQUIRE
Florida Bar No.: 091677
Fisher, Rushmer, Werrenrath,
Dickson, Talley & Dunlap, P. A.
Post Office Box 712
Orlando, Florida 32802-0712
Telephone:    (407) 843-2111
Facsimile:    (407) 422-1080
E-mail:jfisher@fisherlawfirm.com
Lead Counsel for Third Party Defendants,
Aaron C. Bates and Matthew S. Mokwa

s/Allen M. Estes
ALLEN M. ESTES, ESQUIRE
(admitted *pro hac vice*)
J. RUSSELL CAMPBELL, ESQUIRE
Florida Bar No. 901423
Balch & Bingham, LLP
P.O. Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 226-8798
Email: aestes@balch.com
Email: rcampbell@balch.com
Attorneys for Plaintiffs/Counterclaim
Defendants Mirabilis Ventures, Inc. and
Nexia Strategy Corporation

**and**

AARON C. BATES, ESQUIRE
Florida Bar No.: 011749
Goldberg Bates, PLLC
3660 Maguire Blvd., Suite 102
Orlando, FL 32803
Telephone: (407) 893-3776
Facsimile: (407) 893-3779
Email: abates@goldbergbates.com
Attorneys for Plaintiffs/Counterclaim
Defendants Mirabilis Ventures, Inc. and
Nexia Strategy Corporation

s/James E. Shepherd
JAMES E. SHEPHERD, ESQUIRE
Florida Bar No.: 0947873
Pohl & Short, P.A.
280 W. Canton Avenue, Suite 410
Post Office Box 3208
Winter Park, Florida 32790
Telephone:    (407) 647-7645
Facsimile:    (407) 647-2314
Email: Shepherd@pohlshort.com
Attorneys for Third Party Defendant,
Yaniv Amar

L:\JEF\Mirabilis\PLEADING\Cert for Motion to Sever.wpd/JEF/djb