### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

CASE NO.: 6:07-CV-1788-ORL-28-GJK

MIRABILIS VENTRUES, INC. and
NEXIA STRATEGY CORPORATION,

       Plaintiff,

vs.

PALAXAR GROUP, LLC;
PALAXAR HOLDINGS, LLC
FRANK HAILSTONES; EDITH CURRY
a/k/a EDITH BROADHEAD; and
FICTITIOUS DEFENDANTS 1 through 8

       Defendants/Third –Party Plaintiffs,

vs.

JAMES V. SADRIANNA; et al.

       Third-Party Defendants.

_____/

### THIRD PARTY DEFENDANT JAMES V SADRIANNA'S MOTION TO DISMISS THE THIRD PARTY COMPLAINT AND SUPPORTING MEMORANDUM OF LAW

COMES NOW the Third Party Defendant James V. Sadrianna ("SADRIANNA") and files this, Motion to Dismiss the Third-Party Complaint against him filed by Defendant/Third-Party Plaintiff's. Palaxar Group, LLC ("PALAXAR GROUP"); Palaxar Holdings, LLC ("PALAXAR"), Frank Hailstones ("HAILSTONES"); and Edith Curry a/k/a Edith Broadhead ("CURRY") (sometimes referred to collectively as "THIRD-PARTY PLAINTIFFS").

**BACKROUND**

1.    This proceeding was initiated by Plaintiff's Mirabilis Ventures, Inc. ("MIRABILIS") and Nexia Strategy Corporation ("NEXIA"), by the filing of a Complaint against multiple Defendants, including CURRY and HAILSTONES. The Complaint alleges that CURRY and HAILSTONES, along with their new businesses, PALAXAR GROUP, LLC and PALAXAR HOLDINGS, LLC absconded with an anti-fraud certification program, referred to as the Nexia Certification Program ("Nexia Certification"), which CURRY allegedly created while working for MIRABILIS and NEXIA.

2.    On or about February 11, 2008 THIRD PARTY PLAINTIFFS filed their Joint Answer to the First Amended Complaint, and Counterclaims and Third-Party Complaint against THIRD PARTY DEFENDANT and nine additional third parties.

3.    On or about March 6, 2008 THIRD PARTY PLAINTIFFS filed their Joint Answer to the Second Amended Complaint, and Counterclaims and Third-Party Complaint against THIRD PARTY DEFENDANT and nine additional third parties.

4.    The Third-Party Plaintiff's Complaint apparently is directed against SADRIANNA in his individual capacity.

5.    In its Third-Party Complaint, the THIRD-PARTY PLAINTIFF's allege eleven claims against a number of Counter and Third-Party Defendants. However, the only claim against SADRIANNA is found in Count II, for fraud in the

2

inducement. Count II also makes claims against Dr. Robert Pollack ("POLLACK"), Frank Amodeo ("AMODEO"), MIRABILIS and NEXIA.

### RELIEF SOUGHT AND GROUNDS FOR SAME

6.      SADRIANNA seeks dismissal of each and every count of THIRD PARTY PLAINTIFF'S Complaint that has been filed against SADRIANNA.

7.      The grounds for this Motion to Dismiss are more specifically set forth in the Memorandum of Law, infra. Generally, the grounds are the count fails to allege a cause of action for the underlying tort of fraud in the inducement with the particularity required by 2007 Federal Rule of Civil Procedure 9(b).

### MEMORANDUM OF LAW

### INTRODUCTION

THIRD PARTY PLAINTIFF CURRY alleges that in reliance on promises made by AMODEO and POLLACK, CURRY signed a written employment agreement with NEXIA. SADRIANNA allegedly signed the written employment agreement. By conclusory allegations CURRY states that SADRIANNA made known false representations to CURRY to induce her to sign the employment contract and continue her employment with NEXIA. No detail is provided as to what those representations were and what promises and/or assurances were made by SADRIANNA.

SADRIANNA had not been involved with the Nexia Certification Program or the Companies' patent rights, the issues which give rise to this action, and no such acts were pled. The THIRD PARTY PLAINTIFF"s claims against SADRIANNA are insufficiently pled to state a claim and should be dismissed with prejudice.

3

## STANDARD OF REVIEW

Generally, federal civil complaints need only state, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Each averment should be "simple, concise, and direct," with no technical form of pleading required. Fed. R. Civ. P. 8(d)(1). However, "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed. R. Civ. P. 9(b).

In reviewing a motion to dismiss, the court is required to view that complaint in the light most favorable to the plaintiff and accept all allegations as true. *Brooks v. Blue Cross and Blue Shield of Florida, Inc.,* 116 F.3d 1364, 1369 (11th Cir. 1997). While the plaintiff's factual allegations are accepted as true. *South Florida Water Management Dist. v. Montalvo,* 84 F.3d 402, 406 (11th Cir. 1996), Plaintiff must plead "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). In ruling on a motion to dismiss, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

THIRD PARTY PLAINTIFF CURRY's claim against SADRIANNA fails to meet this standard.

## FAILURE TO PLEAD FRAUD WITH PARTICULARITY

Fed R. Civ. P 9(b) requires the allegations of fraud be pled with particularity. See, e.g. *Durham v. Business Management Associates*, 847 F. 2d 1505, 1511-1512 (11th Cir.

1988). This is also true of claims for fraud in the inducement which are dependent upon

1988). This is also true of claims for fraud in the inducement which are dependent upon fraud. *Tindall v Gibson* 156 F.Supp 2d 1292, 1298 (M.D. Fla. 2001); *Federal Deposit Ins. Corp. v. Fireman's Fund Ins. Co.*, 271 F. Supp. 689, 690 (S.D. 1967).

The reasons for the Rule are several: to provide defendants in fraud actions with sufficient notice of the acts with which they are charged, so as to enable them to frame a response, and to protect the defendants against spurious charges of immoral behavior, *Durham, supra*, at 1511; to prevent fishing expeditions to uncover unknown wrongs, *NCR Credit Corp v. Reptron Electronics, Inc. v. NCR Corp*, 155 F.R.D. 690, 692 (M.D. Fla, 1994); and to guard against creating an impression of "guilt by association." *United States ex.rel. v. Clausen Laboratory Corporation of America, Inc.*, 290 F. 3rd. 1301, 1308 (11th Cir. 2002), citing *United States ex.rel. Cooper v. Blue Cross & Blue Shield of Fla., 19 F. 3rd 562,567 (11th Cir. 1994)*. The Rule requires that, as a minimum, a complaint must allege the date, time, place and circumstances of the alleged fraudulent conduct. *Durham, supra* at 1511-1512. The 11th Circuit further requires "what the defendants obtained as a consequence of the fraud." See. *Brooks v. Blue Cross and Blue Shield of Fla.*, 116 F 3d 1364, 1371 (11th Cir. 1997). THIRD PARTY PLAINTIFF CURRY has failed to meet these requirements.

THIRD PARTY PLAINTIFF CURRY states that SADRIANNA countersigned an employment contract but does not state the date or time of the signing, how the agreement was signed or the circumstances surrounding the signing. THIRD PARTY PLAINTIFF CURRY makes some vague assertions that she relied on SADRIANNA as an attorney and CPA that promises would be kept. Rule 9(b) does not countenance

inferences from conclusory innuendoes; rather, the Rule requires specific, particularized allegations as to time, place and circumstances, *Durham, supra.*[1]

In addition to providing, the time, date, place, and circumstances of the alleged fraud [the "who, what, when, where and how," *Viacom Inc. v. Hartbridge Merchant Services, Inc.*, 20 F. 3rd 771, 778 (7th Cir. 1994)], Rule 9(b) requires a plaintiff to differentiate its allegations when suing one or more Defendants, as in this case, and to inform each defendant separately of the allegations surrounding, "his alleged participation in the fraud." *Clausen, supra.*, 290 F. 3rd at 1310; *Haskin v. R. J. Reynolds Tobacco Co.*, 995 F. Supp. 1437, 1439 (M.D. Fla. 1998), *citing Viacom, supra.* at 778. THIRD PARTY PLAINTIFF CURRY's claim has not met these requirements in its fraud claim.

In Paragraph 32, THIRD PARTY PLAINTIFF CURRY states that:

> "Sadrianna made representations to Curry, which upon information and belief; he knew to be false . . . ,"

Allegations of fraud cannot ordinarily be based "upon information and belief," except as to "matters peculiarly within the opposing party's knowledge". *Schlick v. Penn-Dixie Cement Corp.*, 507 F.2d 374, 379 (2d Cir. 1974), *cert denied*, 421 U.S. 976, 95 S. Ct. 1976, 44 L.Ed. 2d 467 (1975). To satisfy Fed. R. Civ. P. 9(b), in the latter instance, the allegations must be accompanied by a statement of the facts, upon which the belief is founded. *Segal v. Gordon*, 467 F.2d 602,608 (2d Cir. 1972). THIRD PARTY PLAINTIFF CURRY's allegations fail to meet this requirement.

---

[1] The elements of fraud in the inducement are:"1() a misrepresentation of a material fact; (2) knowledge of the person making the statement that the representation is false;(3) intent by the person making the statement that the representation would induce another to rely and act on it, and (4) that the plaintiff suffered injury in justifiable reliance on the representation." *Susan Fixel, Inc. v. Rosenthal & Rosenthal, Inc.*, 842 So. 2d 204, 209 (Fla. 3d DCA 2003). All four elements must be shown.

In Paragraph 35 THIRD PARTY PLAINTIFF CURRY states that she ". . . signed her written employment agreement in part based on false assurances of [SADRIANNA] that Mirabilis' and Nexia's promises would be fulfilled." Again, THIRD PARTY PLAINTIFF CURRY does not enumerate what those false assurances and promises were and how they were not fulfilled.

In Paragraph 41 THIRD PARTY PLAINTIFF CURRY states that in June of 2006 she learned that:

> ". . . the manufacturing domains were moved to Amodeo's personal control with the agreement and participation of [SADRIANNA] and Robert Pollack"

This paragraph fails to state how SADRIANNA allegedly agreed and participated in transferring the manufacturing domains to AMODEO, it fails to state the time and place SADRIANNA allegedly agreed and participated with AMODEO and POLLACK; it fails to allege what SADRIANNA obtained as a consequence of SADRIANNA's alleged agreement and participation to move such domains.

In Paragraph 43 THIRD PARTY PLAINTIFF CURRY states that:

> ". . . Amodeo, Nexia, Mirabilis, Pollack and Sadrianna misrepresented material facts which they knew or should have known to be false at the time they were made in an effort to induce Third Party Plaintiff to enter into her employment contract and to continue her employment at Nexia"

Paragraph 43 fails to plead with the required particularity. THIRD PARTY PLAINTIFF CURRY failed to plead precisely the what, when, where and how required by Rule 9(b). THIRD PARTY PLAINTIFF CURRY fails to plead what SADRIANNA allegedly misrepresented, the time and place that these alleged facts were misrepresented, the

context in which these alleged material facts were misrepresented, and what SADRIANNA obtained as a consequence of these alleged misrepresented material facts.

In Paragraph 44 THIRD PARTY PLAINTIFF CURRY states that:

> ". . . Sadrianna . . . intended that Third Party Plaintiff [CURRY] rely on [his] misrepresentations in order to induce her to accept and continue employment with Nexia"

THIRD PARTY PLAINTIFF CURRY failed to plead precisely what the misrepresentations were; the time and place that these alleged misrepresentations were made, the context of the alleged material misrepresentations, and what SADRIANNA obtained as a consequence of these alleged misrepresentations.

WHEREFORE, THIRD PARTY DEFENDANT JAMES V SADRIANNA request this Court issue an Order dismissing the Third-Party Complaint against him filed by DEFENDANT/THIRD PARTY PLAINTIFF'S, PALAXAR GROUP, LLC., ET.AL. and grant such further relief as the Court deems proper.

Dated: April 10, 2008

Respectfully Submitted,

James V Sadrianna, Pro Se
Third-Party Defendant

8

    I HERBY CERTIFY that a true and correct copy of the foregoing has been furnished by Priority Mail to counsel listed below this 10th day of April, 2008 at the addresses indicated:

Jane S. Raskin, Esq.
Raskin & Raskin, P.A.
2601 South Bayshore Drive
Suite 725
Miami, FL 33133
Counsel for Third Party Plaintiff
Edith Curry, Palaxar Group, LLC
and Palaxar Holdings, LLC

And a true and correct copy of the foregoing has been furnished by First Class Mail to either, counsel, representative and/ or parties listed below this 10th day of April, 2008 at the addresses indicated:

J. Russell Campbell
Balch & Bingham, LLP
P O Box 306
Birmingham, AL 35201-0306
Counsel for Mirabilis Ventures, Inc. and Nexia
Strategy Corporation

Kathleen B. Havener
Kathleen B. Havener, Attorney at Law, LLC
1511 Russell Road
Chagrin Falls, OH 44022
Counsel for Third Party Plaintiff
Frank Hailstones

Jason Klein, Esq.
Shutts & Bowen, LLP
300 S. Orange Avenue
Suite 1000
Orlando, FL 32801
Counsel for Third Party Defendant
AQMI Strategy Corporation

Craig S. Warkol
Bracewell & Giuliani, LLP
1177 Avenue of the Americas
New York, NY 10036
Counsel for Third Party Plaintiff
Frank Hailstones

Darryl M. Bloodworth, Esq.
Dean, Mead, Egerton, Bloodworth,
Capouano & Bozarth, P.A.
P O Box 2346
Orlando, FL 32802-2346
Counsel for Robert Pollack

John Edwin Fisher, Esq.
Fisher, Rushmer, Werrenrath, Dickson
Talley & Dunlap, P.A.
P O Box 712
Orlando, FL 32802-0712
Counsel for Third Party Defendants Aaron C.
Bates & Matthew S. Mokwa

Frank Amodeo
2875 S Orange Avenue
Suite 500
PMB 1810
Orlando, FL 32806
Third Party Defendant

James Robert Lussier
Mateer & Harbert, P.A.
225 E Robinson Street – Suite 600
P O Box 2854
Orlando, FL 32802-2854
Counsel for Wellington Capital Group, Inc.

James E. Shepherd, Esq.
Pohl & Short, P.A.
280 W. Canton Street – Suite 410
P.O. Box 3208
Winter Park, FL  32790
Counsel for Yaniv Amar

Terence Chu
5637 Country Hills Lane
Glen Allen, VA  23059-5424

James V. Sadrianna, Pro Se
10025 Chatham Oaks Court
Orlando, FL  32836
Phone    407-810-8595
Facsimile 407-351-1407
jsadrianna@cfl.rr.com