UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| MIRABILIS VENTURES, INC. and<br>NEXIA STRATEGY CORPORATION,<br><br>Plaintiffs,<br>-vs.-<br><br>PALAXAR GROUP, LLC;<br>PALAXAR HOLDINGS, LLC;<br>FRANK HAILSTONES; EDITH CURRY<br>a/k/a EDITH BROADHEAD; and<br>TERENCE CHU,<br><br>Defendants,<br><br>vs.<br><br>MIRABILIS VENTURES, INC., et al.<br><br>Counterclaim and Third<br>Party Defendants. | Case No.: 6:07-CV-1788-ORL-28-KRS |

## REPLY IN SUPPORT OF MOTION TO DISMISS OF TERENCE CHU

In their Response to my Motion to Dismiss, Plaintiffs Mirabilis Ventures, Incorporated ("MVI") and Nexia Strategy Corporation ("Nexia) have raised no fact or argument that renders me subject to personal jurisdiction in Florida based on the so-called "co-conspirator theory" or otherwise. Plaintiffs' complaint against me lacks even the most fundamental allegation of any conspiracy claim—that I agreed with anyone to accomplish anything. My contacts with the State of Florida are utterly insufficient to render it constitutionally permissible to hale me into Court in Florida under the due process clause of the Fourteenth Amendment to the United States Constitution. And—again because Plaintiffs failed to allege that I agreed with anybody to

accomplish anything—the allegations against me set forth in the Second Amended Complaint fail to state a claim upon which relief can be granted.

## I. PLAINTIFFS' CLAIM AGAINST ME SHOULD BE DISMISSED UNDER FED. R. CIV. P. 12(B)(2).

### A. Plaintiffs Have not Demonstrated Minimum Contacts With Florida Sufficient to Allow me to be Haled Into Court in That State.

A federal court sitting in diversity may properly exercise jurisdiction over a person only if two requirements are met: (1) the state long-arm statute is satisfied; and (2) the due process clause of the Fourteenth Amendment to the United States Constitution permits it. Plaintiffs have no argument that my contacts with the state are more than I have already set forth in the Affidavit attached to my original Motion to Dismiss. They vaguely suggest that my visit to Florida in 2005 had some purpose other than to visit my friend and colleague Edith Curry and to meet her new colleagues. But nothing about that visit contributes anything to Plaintiffs' position that I am subject to jurisdiction here. Whom I visited and whom I met are both irrelevant. Plaintiffs have not asserted facts regarding anything I did that should make me subject to jurisdiction here. *See, e.g. Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 (11th Cir.1999), citing *Sculptchair, Inc. v. Century Arts Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996). *See also* Fla. Stat. § 48.193.

Plaintiffs have failed even to establish a *prima facie* case for personal jurisdiction, as they must do under *Snow v. DirecTV*, Inc., 450 F.3d 1314, 1318 (11th Cir. 2006), which provides that "the plaintiff must establish a prima facie case of personal jurisdiction over a nonresident defendant by presenting enough evidence to withstand a motion for directed verdict." *Id.*, citing *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir.1990).

### B. I am not Subject to Jurisdiction Under a Co-Conspirator Theory.

The only claim against me is that I "conspired with and aided Hailstones and Curry with the establishment of Palaxar Group LLC and Palaxar Holdings LLC with actual knowledge that the sole purpose for the establishment and incorporation was to use and/or market the product known as Nexia Certification for personal gain or benefit," with "knowledge that the product referred to as Nexia Certification was owned by and paid for by Plaintiffs." Plaintiffs cite *Platypus Wear, Inc. v. Clarke Modet & Co.*, 515 F. Supp. 2d 1288, 1293 (S.D. Fla. 2007) to support their position that I am subject to jurisdiction under a co-conspirator theory. But that case actually supports my position that I am *not* subject to this Court's jurisdiction.

Similarly, the *Snow* case, *supra*, supports dismissal of the case against me; *i.e.*:

> [Plaintiff] relies solely on vague and conclusory allegations presented in his complaint, which are insufficient to establish a prima facie case of personal jurisdiction over [Defendant Chu]. *See Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1217-18 (11th Cir.1999) (per curiam) (finding a plaintiff's vague allegations of a conspiracy insufficient to establish an actionable conspiracy subjecting the defendant to personal jurisdiction).

*Snow*, 450 F.3d 1318, n.3. The court cannot exercise jurisdiction over a defendant under a co-conspirator theory when the complaint alleges no more than a vague conclusory statement, and fails even to allege an agreement to do *anything*. Plaintiffs have no evidence, because there is none, that I ever entered into an agreement with anyone, or committed any act to further such an agreement, to take property that I believed to belong to one person or entity and use it for the personal gain or benefit of another person or persons, including myself. This Court should not exercise jurisdiction over me as a co-conspirator.

## II. PLAINTIFFS' CLAIM AGAINST ME SHOULD BE DISMISSED UNDER FED. R. CIV. P. 12(B)(2).

Although the Court cannot reach this question if it holds that it lacks personal jurisdiction over me, the very same facts that prove that this Court lacks jurisdiction over me under a co-conspirator theory establish that Plaintiffs have failed to state a claim upon which relief can be granted. *See Posner*, 178 F.3d at 1218, n.11. A conspiracy *requires* an agreement to commit an actionable tort. Plaintiffs do not even allege that I came to an agreement with anyone to commit an actionable tort. Despite the liberality of notice pleading, "it is still necessary that a complaint contain either direct or inferential allegations respecting the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice*, 253 F.3d 678, 683 (11th Cir. 2001). Plaintiffs have alleged none.

Plaintiff's allegations against me have no substance whatsoever. In the event that the Court reached the question, their complaint against me should be dismissed pursuant to Rule 12(b)(6) because it fails to state a claim upon which relief can be granted.

Respectfully submitted,

_____
Terence Chu, Pro Se

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 10, 2008, I submitted for filing the foregoing Reply in Support of Motion to Dismiss of Terence Chu by overnight courier. I further certify that on April 10, 2008, a copy of the foregoing Motion to Dismiss has been furnished by U.S. Mail to the following counsel and parties:

Kathleen B. Havener
KATHLEEN B. HAVENER,
ATTORNEY AT LAW, LLC
15511 Russell Road
Chagrin Falls, OH 44022
(216) 288-6009
Fax (440) 893-9326
kbhavener@gmail.com

Attorney for Defendants Curry, Hailstones, Palaxar Group, LLC and Palaxar Holdings, LLC

Aaron C. Bates
Bates Mokwa
3660 Maguire Boulevard
Suite 102
Orlando, Florida 32803

Attorney for Plaintiffs

Darryl M. Bloodworth
L. Reed Bloodworth
Dean Mead Egerton Bloodworth, et al.
P.O. Box 2346
Orlando, Florida 32802-2346

Attorneys for Third-Party Defendant
Robert Pollack M.D.

Martin R. Raskin
Jane Serene Raskin
RASKIN & RASKIN, P.A.
2601 South Bayshore Drive
Suite 725
Miami, Florida 33133
Telephone: (305) 444-3400
Facsimile: (305) 445-0266
mraskin@raskinlaw.com

Attorneys for Defendant Curry, Palaxar Group, LLC and Palaxar Holdings, LLC

J. Russell Campbell
Allen M. Estes
Balch & Bingham
1901 Sixth Avenue North
Suite 2700
Birmingham, AL 35203-4644

Attorneys for Plaintiffs

James R. Lussier
Mateer & Harbert, P.A.
Two Landmark Center, Suite 600
225 E. Robinson Street
Orlando, FL 32801

Attorney for Third Party Defendant
Wellington Capital Group, Inc.

| | |
|---|---|
| Jack C. McElroy<br>Jason H. Klein<br>Shutts & Bowen LLP<br>300 S. Orange Ave., Suite 1000<br>Orlando, Florida 32801<br><br>Attorneys for Third Party Defendant<br>AQMI Strategy Corporation | John Edward Fisher<br>Fisher Rushmer Werrenrath Dickson Talley &<br>Dunlap P.A.<br>P.O. Box 712<br>Orlando, FL 32802-0712<br><br>Counsel for Third Party Defendants<br>Aaron Bates and Matthew Mokwa |
| James E. Shepherd<br>Pohl & Short, P.A.<br>280 W. Canton Ave., Suite 410<br>P.O. Box 3208<br>Winter Park, FL 32790<br><br>Attorney for Third Party Defendant<br>Yaniv Amar | James Sadrianna<br>10025 Chatham Oaks Court<br>Orlando, FL 32836<br><br>Third Party Defendant |

Frank Amodeo
614 Lake Avenue
Orlando, Florida 32801

Third Party Defendant

_____
Terence Chu, Pro Se