UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| MIRABILIS VENTURES, INC. and<br>NEXIA STRATEGY CORPORATION,<br><br>    Plaintiffs,<br>-vs.-<br><br>PALAXAR GROUP, LLC;<br>PALAXAR HOLDINGS, LLC;<br>FRANK HAILSTONES; EDITH CURRY<br>a/k/a EDITH BROADHEAD; and<br>TERENCE CHU,<br><br>    Defendants,<br><br>vs.<br><br>MIRABILIS VENTURES, INC., et al.<br><br>    Counterclaim and Third<br>    Party Defendants. | Case No.: 6:07-CV-1788-ORL-28-GJK |

**OPPOSITION OF DEFENDANT/THIRD PARTY PLAINTIFF EDITH CURRY
TO MOTION TO DISMISS OF THIRD PARTY
DEFENDANT JAMES SADRIANNA**

    Defendant/Counterclaim and Third Party Plaintiff Edith Curry ("Curry") filed a third-party claim against James Sadrianna. That claim alleges fraud in the inducement regarding Curry's employment agreement with Nexia, and in particular that—along with Frank Amodeo, Robert Pollack, Mirabilis Ventures, Inc. ("MVI") and Nexia Strategy Corporation ("Nexia")—Sadrianna made promises to Curry which he knew would not be fulfilled and upon which Curry relied in accepting her employment with Nexia. Sadrianna has filed a motion to dismiss alleging that the Third Party Complaint does not

1

plead fraud with sufficient particularity pursuant to Fed. R. Civ. P. 9 (b). For the reasons stated below, the motion to dismiss should be denied.

I.   **THE STANDARD FOR RULING ON A MOTION TO DISMISS**

In ruling on a Motion to Dismiss, all facts are taken from the complaint. *See Aldana v. Del Monte Fresh Produce N.A., Inc., Bandegua*, 416 F.3d 1242, 1244-45 (11th Cir. 2005), citing *Chepstow Ltd. v. Hunt,* 381 F.3d 1077, 1080 (11th Cir. 2004) (citations omitted). Ambiguities are construed in the light most favorable to the non-movant—in this case—Curry. *Miccosukee Tribe of Indians of Fla. v. So. Everglades Restoration Alliance,* 304 F.3d 1076, 1084 (11th Cir. 2002). The district court may dismiss the complaint only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Jones v. Am. Gen. Life & Accident Ins. Co.,* 370 F.3d 1065, 1069 (11th Cir. 2004) (citing *Cryder v. Oxendine,* 24 F.3d 175, 176 (11th Cir. 1994) (internal quotations omitted)).

A court reviewing the sufficiency of a complaint on a motion to dismiss must read the complaint as a whole. *Magluta v. Samples,* 375 F.3d 1269, 1274-75 (11th Cir. 2004). A formulaic misstep by counsel is not fatal under the notice pleading standard of Federal Rule of Civil Procedure 8(a) (where fair notice is all that is required). See generally, *Swierkiewicz v. Sorema, N.A.,* 534 U.S. 506, 122 S. Ct. 992, 998, 999, 152 L. Ed. 2d 1 (2002) (interpreting Rule 8(a) as focusing the "litigation on the merits of a claim"). See also 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1286 (3d ed. 2004) (describing a pleading as judged "by the quality of its substance rather than according to its form or label and, if possible, it will be construed to give effect to all its averments").

## II.   THE STANDARD FOR PLEADING FRAUD IN THE INDUCEMENT

Rule 9(b) of the Federal Rules of Civil Procedure provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." This Rule "serves an important purpose in fraud actions by alerting defendants to the 'precise misconduct with which they are charged' and protecting defendants 'against spurious charges of immoral and fraudulent behavior.' " *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364 (11th Cir. 1997) citing to *Durham v. Business Management Associates*, 847 F.2d 1505, 1511 (11th Cir.1988) (quoting *Seville Indus. Machinery Corp. v. Southmost Machinery Corp.*, 742 F.2d 786, 791 (3d Cir.1984), cert. denied, 469 U.S. 1211, 105 S.Ct. 1179, 84 L.Ed.2d 327 (1985)).

However, "Rule 9(b) must be read in conjunction with Rule 8(a) [of the Federal Rules of Civil Procedure], which requires a plaintiff to plead only a short, plain statement of the grounds upon which he is entitled to relief." *O'Brien v. National Property Analysts Partners*, 719 F.Supp. 222, 225 (S.D.N.Y.1989) (citing *Ross v. A.H. Robins Co.*, 607 F.2d 545, 557 n. 20 (2d Cir.1979), *cert. denied*, 446 U.S. 946, 100 S.Ct. 2175, 64 L.Ed.2d 802 (1980)). See also Durham, 847 F.2d at 1511 ("The application of [Rule 9(b) ] must not abrogate the concept of notice pleading."); *Berk v. Ascott Investment Corp.*, 759 F.Supp. 245, 254 (E.D.Pa.1991).

Rule 9(b) may be satisfied if the complaint sets forth:

(1) precisely what statements were made in what documents or oral representations or what omissions were made, and

(2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and

>  (3) the content of such statements and the manner in which they misled the plaintiff, and
> 
>  (4) what the defendants "obtained as a consequence of the fraud."

*Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, supra; *Fitch v. Radnor Industries, Ltd.*, No. 90-2084, 1990 WL 150110, at *2 (E.D.Pa. Sept.27, 1990) (quoting *O'Brien*, 719 F.Supp. at 225). See also *Leonard v. Stuart-James Co.*, 742 F.Supp. 653, 659 (N.D.Ga.1990) (Motion to dismiss granted where complaint failed to allege "specifically when, where, by whom, or specifically what the representation was."). However, "alternative means are also available to satisfy the rule." Durham, 847 F.2d at 1512 (citing *Seville Indus.*, 742 F.2d at 791 (list containing allegations of fraud describing nature and subject of statements found to be sufficient, even where precise words used were not alleged)).

### III. CURRY HAS SATISFIED THE PLEADING REQUIREMENTS AND THE THIRD PARTY COMPLAINT AGAINST SADRIANNA SHOULD NOT BE DISMISSED.

The Amended Counterclaims and Third-Party Complaint ("Third-Party Complaint") more than sufficiently alleges fraud in the inducement against Sadrianna. Curry sufficiently pled "precisely what statements were made in what documents or oral representations or what omissions were made."

As to the "time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same," Paragraph 31 of the Third-Party Complaint alleges that on June 17, 2005, "in reliance on a number of promises by Amodeo and Robert Pollack, Curry signed a written employment agreement with Nexia." Paragraphs 31 and 32 allege that Sadrianna was aware of these promises, that he was aware that they were false, and that Sadrianna assured her, as an attorney and a CPA, that

4

those promises would be kept. Curry need not give the exact dates of Sadrianna's misrepresentations, since she provides a sufficiently narrow time frame from which Sadrianna is on notice as to when his fraudulent statements were made. See *Medalie*, 87 F.Supp.2d at 1307. Moreover, Plaintiffs cannot be expected to specify the exact time and particular place of each factual omission and misrepresentation. See *id.,* citing *Onesti v. Thomson McKinnon Sec., Inc.,* 619 F.Supp. 1262, 1265 (N.D.Ill.1985) ("Plaintiffs cannot be expected to specify the exact time and particular place of each factual omission and misrepresentation. The complaint adequately specifies the transactions and the approximate time frame, the contents of the alleged misrepresentations and the essence of omitted information, and the identities of those involved.").

As to "the content of such statements and the manner in which they misled the plaintiff," the Third-Party Complaint alleges that Sadrianna falsely promised Curry that the promises made to her, including that she would be empowered to run her own business, would be kept, and that in reliance on Sadrianna's false promises, Curry signed an employment contract with Nexia. See Paragraphs 31, 33, 43 and 44 of the Third-Party Complaint. That "business," as specified in paragraph 34 of the Third-Party Complaint, was "an accounting operations center for all Mirabilis and Nexia's Professional Employee Operations ("PEOs") in Richmond, Virginia, which Curry would manage."

Finally, as to "what the defendants obtained as a consequence of the fraud," the Third-Party Complaint alleges that Sadrianna, though his misrepresentations, caused Curry to enter into an employment contract – and continue her employment -- with Nexia. See Paragraphs 31, 33, and 45 of the Third-Party Complaint.

## **CONCLUSION**

The Third Party Complaint against Sadrianna plainly satisfies all of the requirements set down by the Eleventh Circuit for pleading fraud in the inducement with particularity. As a result, Sadrianna clearly has fair notice of the claim against him. Accordingly, Curry urges this Court to deny Sadrianna's Motion to Dismiss the Third-Party Complaint against him.

Respectfully submitted,

/s/ Martin R. Raskin

| | |
|---|---|
| KATHLEEN B. HAVENER | MARTIN R. RASKIN |
| ATTORNEY AT LAW, LLC | Florida Bar No. 315206 |
| 15511 Russell Road | JANE SERENE RASKIN |
| Chagrin Falls, OH 44022 | Florida Bar No. 848689 |
| Telephone: 216-288-6009 | RASKIN & RASKIN, P.A. |
| Fax: 440-893-9326 | 2601 South Bayshore Drive |
| Email: kbhavener@gmail.com | Suite 725 |
| | Miami, Florida  33133 |
| Attorney for Defendants Curry, Hailstones, Palaxar Group, LLC and Palaxar Holdings, LLC | Telephone: (305) 444-3400 |
| | Facsimile: (305) 445-0266 |
| | mraskin@raskinlaw.com |
| | |
| | Attorneys for Defendant Curry, Palaxar Group, LLC and Palaxar Holdings, LLC |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 17, 2008, I electronically filed the foregoing Response of Defendant/Third Party Plaintiff Edith Curry to the Motion to Dismiss of Third Party Defendant James Sadrianna with the Clerk of Court using the CM/ECF system which will send a notice of electric filing to the appropriate attorneys.

I further certify that on April 17, 2008, a copy of the foregoing has been furnished by U.S. Mail to:

Terence Chu
5637 Country Hills Lane
Glen Allen, VA 23059

Defendant


James Sadrianna
10025 Chatham Oaks Court
Orlando, FL 32836

Third Party Defendant


                                                /s/ Martin R. Raskin
                                                MARTIN R. RASKIN