**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| MIRABILIS VENTURES, INC. and ) | Case No.:  6:07-CV-1788-ORL-28-GJK |
| NEXIA STRATEGY CORPORATION, ) | |
| ) | |
| Plaintiffs, ) | |
| -vs.- ) | |
| ) | |
| PALAXAR GROUP, LLC; ) | |
| PALAXAR HOLDINGS, LLC; ) | |
| FRANK HAILSTONES; EDITH CURRY ) | |
| a/k/a EDITH BROADHEAD; and ) | |
| TERENCE CHU, ) | |
| ) | |
| Defendants, ) | |
| ) | |
| Vs. ) | |
| ) | |
| MIRABILIS VENTURES, INC., et al. ) | |
| ) | |
| Counterclaim and Third ) | |
| Party Defendants. ) | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS'**
**MOTION TO EXTEND DEADLINE TO RESPOND TO**
**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

　　　Defendants Frank Hailstones ("Hailstones"), Edith Curry ("Curry"), Palaxar Group, LLC, and Palaxar Holdings, LLC (collectively referred to herein as "Defendants"), by and through their undersigned attorneys, hereby oppose the motion of Plaintiffs Mirabilis Ventures, Inc. and Nexia Strategy Corp (collectively referred to herein as "Plaintiffs") to extend their deadline to respond to Defendant's Motion for Summary Judgment.  In support hereof, Defendants state as follows:

## I. INTRODUCTION

Plaintiffs have not only had their allotted time to respond, but have already received a 30-day extension of time in which to submit affidavits or other facts justifying their opposition to Defendants' Summary Judgment Motion.  They now seek an additional 90-day continuance, pursuant to Fed. R. Civ. P. 56(f), based on their asserted need to take the depositions of Defendants Hailstone and Curry prior to filing their response. The requested continuance should be denied.  A party seeking the protection of Rule 56(f) may not rely on a vague assertion that additional discovery will produce needed facts.  Rather, he must specifically demonstrate "'how postponement of the ruling will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.'"   Wallace v. Brownell Pontiac-GMC Co., Inc., 703 F.2d 525, 527 (11th Cir. 1983), quoting Willmar Poultry Co. v. Morton-Norwich Products, Inc., 520 F.2d 289, 297 (8th Cir. 1975).

Plaintiffs have not demonstrated – indeed they cannot demonstrate – how the deposition testimony of Hailstones and Curry could possibly enable them to rebut the material facts as set forth in the Defendants' Summary Judgment Motion.  They have had ample time to take discovery and, of equal importance, are uniquely in possession of the business records that would contain the necessary support for their claims—if any such thing existed, which it does not.   In stark fact, after seven months, a preliminary injunction proceeding, two complete rounds of paper discovery (issuing solely from Defendants to Plaintiffs), and staggering legal fees paid by Defendants, Plaintiffs remain unable to present evidence sufficient to establish the existence of the most basic disputed material fact as to which they will bear the burden of proof at trial—their alleged ownership of the intellectual property heretofore referred to as "Nexia Certification."  As the Court observed in Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986):

> One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims . . . Rule 56 must be construed with due regard not only for the rights of persons asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a jury, ***but also for the rights of persons opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis.***

(Emphasis added.)  Plaintiffs' claims are factually unsupported and ill-motivated.  Defendants are entitled to have the Court rule on their summary judgment motion without delay.

## II.    PROCEDURAL BACKGROUND

Plaintiffs filed their initial Complaint and accompanying Motion for Preliminary Injunction in state court on October, 12, 2007, and the case was removed to this Court on November 9, 2007.  The gravamen of the Complaint is that Curry, while employed by the Plaintiff corporations, was tasked with developing an anti-fraud certification program known as "Nexia Certification" for the benefit of Plaintiffs; that Curry and Hailstones developed "Nexia Certification" using confidential and proprietary information gathered from Plaintiffs; and that Curry and Hailstones then misappropriated "Nexia Certification" for their own benefit using a newly created corporation, Palaxar.

On January 18, 2008, the Parties exchanged documents and witness lists pursuant to the Mandatory Initial Disclosure provision of the Court's Case Management Order.  On January 27, 2008, the Court, *sua sponte*, held a hearing on Plaintiff's Motion for Preliminary Injunction.  In connection therewith, Defendants filed detailed affidavits of Defendants Hailstones and Curry (with relevant documents attached), as well as affidavits of other former officers and employees of Mirabilis and/or Nexia, all in support of Defendants' assertion that Plaintiffs' claims are barred by the fundamental fact that Curry, rather than Plaintiffs, owns "Nexia Certification." The Court denied the Motion for Preliminary Injunction on the basis that Plaintiffs had not

established a likelihood of success on the merits of their claims.  Thereafter, on February 4, 2008, and April 14, 2008, the Defendants timely responded to two sets of interrogatories, two sets of requests for admission and two requests for production of documents that had been propounded by Plaintiffs.  There are no discovery requests outstanding, nor have Plaintiffs moved to compel further responses to any of their discovery requests.

On March 17, 2008, Defendants filed their Joint Motion for Summary Judgment.  On March 18, 2008, Plaintiffs noticed the depositions of Curry and Hailstones for April 15 and 16, 2008.  Plaintiffs agreed to reschedule the Curry and Hailstones depositions for April 25 and May 6, 2008 due to scheduling conflicts of the deponents and their counsel.  In return, Defendants agreed that they would not oppose Plaintiffs' motion for a 30-day extension of time to respond to the Summary Judgment Motion.

On or about April 21, 2007, Assistant United States Attorney Randall Gold informed counsel for Plaintiffs and Defendants that he intended to file an emergency motion to stay discovery in advance of Ms. Curry's deposition on April 25; AUSA Gold inquired as to the parties' position on his motion.  Defendants' counsel informed AUSA Gold that they did not object to the proposed stay.  Plaintiffs' counsel suggested that they would likely object to a stay, but asked AUSA Gold for an opportunity to meet and confer with him prior to his filing the motion.  They offered to postpone the Curry deposition in order to provide time for them to confer with AUSA Gold.  When the suggested postponement of Curry's deposition was presented to undersigned counsel, Curry had already traveled from her home in Virginia to Orlando, and counsel had travelled from Ohio to Orlando at Curry's expense, to begin preparing for Curry's deposition.  Defense counsel nevertheless agreed to reschedule the Curry and Hailstone's depositions for May 6 and 7, 2008, but sought — and received — assurances from

Plaintiffs' counsel that the postponement of the depositions would not result in a motion to further continue the briefing schedule on Defendants' Motion for Summary Judgment.  On May 1, 2008, Plaintiffs' counsel notified Defendants' counsel that they were, for a second time, postponing the Curry and Hailstones depositions, now set for May 6 and 7, and "would seek acceptable dates for rescheduling in the next week."  Plaintiffs' counsel did not seek to reschedule the depositions.  Instead, they filed this Motion to Extend the Deadline to Respond to the Summary Judgment Motion—wherein they announced that they would not oppose a Government motion for a stay of discovery, but suggested that the motion for summary judgment should not be ruled upon until they have had the opportunity to depose and cross-examine Hailstones and Curry with respect to the voluminous sworn testimony presented in support of their Summary Judgment Motion.

## III.    LEGAL ARGUMENT

In Celotex Corp. v. Catrett, supra, 477 U.S. at 322, the Supreme Court addressed the burden placed on a party opposing a motion for summary judgment:

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

"The Court has instructed that 'the substantive law will identify which facts are material' and that the trial judge 'must view the evidence presented through the prism of the substantive evidentiary burden' in ruling on a summary judgment motion."  Fernandez v. Bankers National Life Insurance Co., 906 F.2d 559, 564 (11th Cir. 1990), quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Whether a nonmoving party has had "adequate time for discovery" in order to meet its burden in opposing summary judgment is dealt with under Rule 56(f) of the Federal Rules of Civil Procedure. <u>Id</u>. Rule 56(f) provides:

> **(f) When Affidavits Are Unavailable.** If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> **(1)**     deny the motion;
>
> **(2)**     order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be  undertaken; or
>
> **(3)**     issue any other just order.[1]

In certain circumstances, a postponement or denial of a summary judgment motion under Rule 56(f) may be appropriate where the opposing party has been afforded no opportunity for discovery, has been unable to obtain responses to outstanding discovery requests on issues critical to the case, where there is an outstanding motion to compel discovery relevant to the summary judgment motion, or where it is necessary for a party to challenge the affidavits submitted in support of the motion in order to determine whether he can furnish opposing affidavits. <u>Snook v. Trust Co. of Ga.</u>, 859 F.2d 865, 870-71 (11th Cir. 1988) (court failed to rule on motion to compel production of relevant documents). <u>See</u> <u>WSB-TV v. Lee</u>, 842 F.2d 1266, 1269 (11th Cir. 1988) (party opposing summary judgment afforded "no opportunity for discovery"); <u>Cowan v. J.C. Penney Company, Inc.</u>, 790 F.2d 1529, 1532 (11th Cir. 1986) (moving party failed to comply with order compelling answers to interrogatories requesting information "critical to the issues in dispute"); <u>Parrish v. Board of Commissioners of the Alabama State Bar</u>, 533 F.2d 942, 948 (5th Cir. 1976) (in which court had not ruled on

---

[1]  In the Eleventh Circuit, a party need not file an affidavit in order to invoke the protection of Rule 56(f); the written representation of a party's attorney is sufficient. <u>Snook v. Trust Co. of Ga.</u>, 859 F.2d 865, 871 (11th Cir. 1988).

outstanding motion to compel production of test answer sheets in case alleging racial discrimination in grading of bar examination).  No such circumstances are present here.

Moreover, a general allegation of need for additional discovery is insufficient to invoke the protection of Rule 56(f).  Rather, a party must demonstrate **specifically**, "how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.'"  Wallace v. Brownell Pontiac-GMC Co., Inc., 703 F.2d 525, 527 (11th Cir. 1983), quoting Willmar Poultry Co. v. Morton-Norwich Products, Inc., 520 F.2d 289, 297 (8th Cir. 1975).  See Morrow v. Israel Aircraft Industries, Ltd., No. 2:05-CV-295-FtM-34DNF, 2007 WL 2826148 (M.D. Fla. Sept. 27, 2007).

In the case before the Court, Plaintiffs have failed to articulate how deposing Hailstones and Curry will enable them to rebut Defendants' showing of the absence of a genuine issue of fact as to the "element essential to [Plaintiffs'] case, and on which [Plaintiffs] will bear the burden of proof at trial," Celetex, supra, at 322, to wit, their alleged ownership of "Nexia Certification."  Nor can Defendants possibly make such a showing on the existing record.

As set forth in the Joint Motion for Summary Judgment, each count of the Complaint is dependent on proof that Plaintiffs, rather than Curry, are the rightful owners of "Nexia Certification."  The substantive law governing ownership of such intellectual property provides that an inventor owns the rights to her property absent an assignment **in writing**, 35 U.S.C. §261, or, in the case of an employer/employee relationship, the existence of an employment contract which "by express terms or unequivocal inference" shows that the inventor was hired "for the express purpose of producing" the invention. City of Cocoa v. Leffler, 803 So.2d 869 (Fla. 5th DCA 2002).  See Defendants' Joint Motion for Summary Judgment and Incorporated

Memorandum of Law (DE 75) at 13-14.  Plaintiffs do not require the depositions of Hailstones and Curry to rebut Defendants' statement of the law if they believe it to be in error.  That they have failed to rubut Defendants' statement speaks volumes.

It is likewise difficult to imagine how "cross-examining" Hailstones and Curry on their Affidavits could have been necessary to "enable Plaintiffs to determine whether they can furnish opposing affidavits" on the issue of *their own* alleged ownership of "Nexia Certification."  See Plaintiffs' Motion to Extend Deadline at 2, quoting Snook, supra, 859 F.2d at 870.  Plaintiffs' Complaint itself alleges that Curry invented "Nexia Certification" while in their employ.  Second Amended Complaint at ¶¶16– 20 and 23-27.  Curry's status as inventor was never in dispute.  The language of Curry's employment contract is also an undisputed part of the record.  Submitted by Plaintiffs' in connection with their Motion for Preliminary Injunction; it makes no reference to "Nexia Certification" or any other invention.  Plaintiffs consequently have no need to cross-examine Curry about these agreed facts.

The only other material fact that could be relevant to the ownership issue would be the existence of a writing assigning ownership of "Nexia Certification" from Curry to Plaintiffs.  Curry has, under oath, unequivocally denied assigning "Nexia Certification" to Plaintiffs, and Plaintiffs have produced neither a writing nor any evidence of the existence of a writing to contradict her.  In fact, they do not even allege that such a writing exists.  They cannot credibly assert that cross-examining Curry and/or Hailstones is necessary to enlighten them on the issue whether they are able to meet their burden of producing evidence of a written document executed by Curry assigning "Nexia Certification" to them.

The second, independent basis for Defendants' Motion for Summary Judgment is the existence of two written agreements – the Assignment Agreement and the Separation

Agreement – which establish Curry's rightful claim to "Nexia Certification."  <u>See</u> Summary Judgment Motion at 15-17.  Plaintiffs do not dispute the authenticity of these agreements. Instead, they contend that they are void under Florida law because they were not approved by the Mirabilis board of directors.  <u>See</u> Transcript of Hearing on Motion for Preliminary Injunction at pp. 10-13 (attached as App. Tab D to Motion for Summary Judgment).  In their Summary Judgment Motion, Defendants argue that the Florida statutes relied on by Plaintiffs do not apply to the Assignment and Separation Agreements and that the lack of board approval by Mirabilis is legally irrelevant to the validity of the agreements.  Plaintiffs do not need to cross-examine Hailstones and Curry to determine whether they (Plaintiffs) are able to provide affirmative evidence that the agreements did not, in fact, receive board approval and/or to contest Defendants' analysis of the cited Florida statutes, if they choose to do so.

## IV.    CONCLUSION

Defendants' Joint Motion for Summary Judgment is ripe for resolution.  Plaintiffs commenced their action seven months ago.  They have conducted adequate discovery and "no serious claim can be made that [Plaintiffs were] in any sense 'railroaded' by a premature motion for summary judgment.  <u>Celotex</u>, <u>supra</u>, at 326.  The issues raised in Defendants' Motion for Summary Judgment turn on the application of substantive intellectual property law to the essential element of Plaintiffs' case as to which they bear the burden of proof—their alleged ownership of "Nexia Certification."  Plaintiffs have not demonstrated and cannot demonstrate how the depositions of Hailstones and Curry will enable them to rebut Defendants' evidentiary showing that Curry is the owner of that product.  Accordingly, the Motion to Extend Deadline to Respond to Defendants' Motion for Summary Judgment should be denied and the Court should take the Summary Judgment motion under advisement forthwith.

Respectfully submitted,


KATHLEEN B. HAVENER
ATTORNEY AT LAW, LLC
15511 Russell Road
Chagrin Falls, OH 44022
Telephone: 216-288-6009
Fax: 440-893-9326
Email: kbhavener@gmail.com

Attorney for Defendants Curry, Hailstones,
Palaxar Group, LLC and Palaxar Holdings,
LLC

/s/ Jane Serene Raskin
MARTIN R. RASKIN
Florida Bar No. 315206
JANE SERENE RASKIN
Florida Bar No. 848689
RASKIN & RASKIN, P.A.
2601 South Bayshore Drive
Suite 725
Miami, Florida  33133
Telephone: (305) 444-3400
Facsimile: (305) 445-0266
Email:  mraskin@raskinlaw.com

Attorneys for Defendant Curry,
Palaxar Group, LLC and Palaxar
Holdings, LLC

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on May 24, 2008, I electronically filed the foregoing Response to Plaintiffs' Motion for Extension of Time to Respond to Defendants' Motion for Summary Judgment with the Clerk of Court using the CM/ECF system which will send a notice of electric filing to the appropriate attorneys.

I further certify that on May 24, 2008, a copy of the foregoing has been furnished by U.S. Mail to:

Terence Chu
5637 Country Hills Lane
Glen Allen, VA 23059
Defendant

<u>/s/ Jane Serene Raskin____</u>
JANE SERENE RASKIN