UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| MIRABILIS VENTURES, INC. and <br> NEXIA STRATEGY CORPORATION, <br><br> Plaintiffs, <br><br> -vs.- <br><br> PALAXAR GROUP, LLC; <br> PALAXAR HOLDINGS, LLC; <br> FRANK HAILSTONES; EDITH CURRY <br> a/k/a EDITH BROADHEAD; and <br> TERENCE CHU, <br><br> Defendants, <br><br> vs. <br><br> MIRABILIS VENTURES, INC., et al. <br><br> Counterclaim and Third <br> Party Defendants. | Case No.: 6:07-CV-1788-ORL-28-GJK |

**RESPONSE OF DEFENDANTS EDITH CURRY, FRANK HAILSTONES, PALAXAR GROUP, LLC, AND PALAXAR HOLDINGS, LLC TO "SUGGESTION OF PENDENCY OF REORGANIZATION PROCEEDINGS" FILED BY ATTORNEY FOR MIRABILIS VENTURES, INC.**

Plaintiff and Counterclaim Defendant Mirabilis Ventures, Inc. ("MVI") filed for Bankruptcy Protection on May 27, 2008 in the case styled *In re: Mirabilis Ventures, Inc.*, Case No. 6:08-BK-04327. Today the attorney representing MVI in its request for proceedings for reorganization under Chapter 13 "suggests" to this Court that the action before this Court is stayed pursuant to 11 U.S.C. § 362.

Section 362 provides, in pertinent part, that the filing of a petition in bankruptcy operates as a stay, applicable to all entities, of:

1

> the commencement or continuation [ ] of a judicial [ ] action or proceeding *against* the debtor that was or could have been commenced before the commencement of the [bankruptcy case], or to recover a claim *against* the debtor that arose before the [bankruptcy case.]

*See also In re Chestnut Hill Rehab. Hospital*, __ B.R. __, 2008 WL 1733679 (Bkrtcy. M.D. Fla., March 25, 2008) at *1; In re Dolen, 265 B.R. 471, 478, (Bkrtcy. M.D. Fla. 2001). More particularly, the provisions of the automatic stay under Section 362 <u>do not apply when an action was initiated by the debtor or to recover a claim by the debtor</u>. *See Roberts v. Commissioner*, 175 F.3d 889 (11th Cir. 1999)

The pending Motion for Summary Judgment is based on claims brought *by the debtor* and another Plaintiff, not against the debtor. The only portions of this case that may be subject to an automatic stay are the Counterclaims against Mirabilis, none of which are being addressed under the Motion for Summary Judgment currently before the Court. Nexia Strategy Corporation and the other Counterclaim Defendants are not entitled to protection by the bankruptcy code for any reason.

The bankruptcy attorney for MVI also cited 11 U.S.C. § 108(b) as a possible reason for providing relief in this situation. While it is not clear what relief MVI's attorney is referring to, it appears that MVI is "suggesting" that it is entitled to an additional sixty (60) days in which to file a response to the Motion for Summary Judgment. However, 11 U.S.C. § 108(b) provides them with no such relief. The relevant language of 11 U.S.C. § 108(b) states:

> if applicable non-bankruptcy law, an order entered in a non-bankruptcy proceeding, or an agreement fixes a period within which the debtor . . . may file any pleading, demand, notice, or proof of claim or loss, cure a default, or perform any other similar act, and such period **has not expired before the date of the filing of the petition**, the trustee

> may only file, cure, or perform, as the case may be, before the later of—
>
> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
>
> (2) 60 days after the order for relief.

Notably, however, for Section 108 to apply, the time period for the pleading, notice, proof of claim or any other similar act ***must not have expired*** by the time the bankruptcy petition is filed. In this matter, MVI's petition for bankruptcy was filed on May 27, 2008. But MVI's deadline to respond to Defendants' Motion for Summary Judgment was May 20, 2008, a full week earlier. MVI's filing of a motion to extend the time to file its response did not change MVI's May 20, 2008 deadline. Thus, Section 108 does not apply and MVI is not entitled to an additional time to file a response to Defendants' Motion for Summary Judgment.

Accordingly, the Motion for Summary Judgment is fully briefed and ripe for decision and should not be impacted by Mirabilis' bankruptcy petition.

Respectfully submitted,

/s/ Kathleen B. Havener

| | |
|---|---|
| MARTIN R. RASKIN | KATHLEEN B. HAVENER |
| Florida Bar No. 315206 | KATHLEEN B. HAVENER |
| JANE SERENE RASKIN | ATTORNEY AT LAW LLC |
| Florida Bar No. 848689 | 15511 Russell Road |
| RASKIN & RASKIN, P.A. | Chagrin Falls, OH 44022 |
| 2601 South Bayshore Drive | Telephone: 216-288-6009 |
| Suite 725 | Facsimile: 440-893-9326 |
| Miami, Florida 33133 | kbhavener@havenerlaw.com |
| Telephone: (305) 444-3400 | |
| Facsimile: (305) 445-0266 | Attorney for Defendants Curry, Hailstones, |
| mraskin@raskinlaw.com | Palaxar Group, LLC and Palaxar Holdings, LLC |

Attorneys for Defendant Curry,
Palaxar Group, LLC and Palaxar Holdings, LLC

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 29, 2008, I electronically filed the foregoing Response of Defendants Edith Curry, Frank Hailstones, Palaxar Group, LLC, and Palaxar Holdings, LLC to Suggestion of Pendency of Reorganization Proceeding with the Clerk of Court using the CM/ECF system which will send a notice of electric filing to the appropriate attorneys.

I further certify that on May 29, 2008, a copy of the foregoing has been furnished by U.S. Mail to:

Terence Chu
5637 Country Hills Lane
Glen Allen, VA 23059

Defendant


Frank Amodeo
614 Lake Avenue
Orlando, Florida 32801

Third Party Defendant


/s/ Kathleen B. Havener
KATHLEEN B. HAVENER