UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MIRABILIS VENTURES, INC., and
NEXIA STRATEGY CORPORATION,

    Plaintiffs,

v.

PALAXAR GROUP, LLC;
PALAXAR HOLDINGS, LLC;
FRANK HAILSTONES;
EDITH CURRY,
   a/k/a EDITH BROADHEAD; and
TERENCE CHU,

    Defendants,

v.                                                    Case No. 6:07-cv-01788-Orl-28GJK

MIRABILIS VENTURES, INC. AND
NEXIA STRATEGY CORPORATION,
and THIRD PARTY DEFENDANTS:

AQMI STRATEGY CORPORATION;
WELLINGTON CAPITAL GROUP, INC;
YANIV AMAR; FRANK AMODEO;
AARON BATES; MATTHEW MOKWA;
ROBERT POLLACK;
JAMES SADRIANNA.

**UNITED STATES' UNOPPOSED MOTION TO INTERVENE
AND STAY DISCOVERY**

    The United States of America, by and through the undersigned Assistant United States Attorney, pursuant to F.R.Civ.Pro. 24, and without opposition from either the plaintiffs, the defendants, or the third-party defendants, moves this Court to allow the United States to intervene in this matter for the limited purpose of obtaining a stay of discovery in the instant case until the resolution of the

criminal investigation and/or prosecution of the Plaintiffs and/or their agents,[1] and in support thereof, states as follows:

### **Background**

1. The United States is presently investigating plaintiffs Mirabilis Ventures (Mirabilis), Nexia Strategy Corporation (Nexia), Frank L. Amodeo, and others for a systematic and pervasive theft of payroll taxes due to the Internal Revenue Service (IRS) in the approximate amount of $182 million, as well as conspiracy, wire fraud, and money laundering.  This investigation began in August 2006, and the United States is in the process of reviewing approximately 3,000,000 documents, 3,000,000 e-mails, and 5,000 hours of videotape.  These documents encompass the records of approximately eighty-five (85) companies.  There are hundreds of witnesses involved and approximately 1,800 victim companies and 27,000 victim employees of the wire fraud.

2. The organizations which stole the funds are known as Personal Employee Organizations (PEOs), which provide comprehensive and integrated resource management services, including payroll services, to small and medium sized companies.  According to the contracts signed by the clients when the PEOs started providing services to the clients, the PEOs became the co-employer of its clients' employees and assumed the liabilities and responsibilities for reporting and paying over to the Internal Revenue Service the payroll wages and the payroll taxes of the worksite employees.

---

[1] The United States has couched the criminal issue as "and/or" because if the criminal investigation is closed without criminal charges, the civil actions could proceed immediately.  On the other hand, if criminal charges are brought as the result of the investigation, the United States would request that the stay remain in place.  It is expected that this investigation could take another four to six months.

3. The Plaintiffs' action deals with a dispute as to who owns the rights to an anti-fraud software program which existed prior to the Plaintiffs collaborating with the defendants to continue to develop the program. The claims allege a breach of contract, breach of fiduciary duty, misappropriation of trade secrets and confidential information, conversion, civil conspiracy, injunctive relief, and unjust enrichment.

4. The defendants' counterclaims relate to an alleged breach of contract, fraud in the inducement, breach of separation agreement, breach of termination agreement, civil conspiracy to commit slander, slander _per se_, intentional interference with advantageous business relationship, indemnity, and abuse of process.[2]

5. Plaintiffs have previously scheduled and re-scheduled the depositions of defendants Edith Curry and Frank Hailstones in an attempt for all parties to resolve the instant motion.[3] Curry and Hailstones are witnesses in the United States' criminal investigation. A surface reading of the complaint and counterclaim might suggest that the criminal investigation and the civil case do not substantially overlap. A review of the discovery requests in the civil case, however, reflect that there is: 1) evidence being sought that is irrelevant to the civil case, 2) a significant overlap between the allegations in the criminal investigation and the civil case, and 3) substantial prejudice that the United

---

[2] It should be noted that two of Plaintiffs' attorneys are defendants in the counterclaim. This raises substantial ethical issues, as this will force those two Plaintiffs' attorneys to be both advocates and witnesses in this case. See Rule 4-3.7, Rules Regulating The Florida Bar. The United States submits that this issue should also be resolved before any additional discovery is taken.

[3] The depositions are being held in abeyance until the instant motion is resolved.

States would suffer if the requested relief is not granted.  The potential for discovery in the civil case will serve to undermine the limited discovery permitted in the criminal investigation, resulting in unfair prejudice to the United States.

6.   The United States is in possession of Plaintiff's First Set of Requests for Admission to Frank Hailstones and similar requests for admission to Edith Curry (Exhibits 1 and 2).  Contained in the request for admissions are requests that deal with the PEOs and the theft of the payroll taxes.  See Requests for Admissions 6 and 9, Hailstones Requests; Requests for Admissions 11, 12, and 13, Curry Requests.

7.   Similarly, in Plaintiff's Second Set of Interrogatories and Requests for Production of Documents to Palaxar Group LLC, Palaxar Holdings, LLC, Hailstones, and Curry (Exhibit 3), to the extent that the interrogatories relate to the answers in the Requests for Admissions, Interrogatory 6 and Production Request 1 deal in part with the criminal investigation, i.e., the PEOs and the theft of the payroll taxes.  Moreover, Production Request 12 may seek information which relates to the United States' investigation.  In all of these instances, the requested information is irrelevant to either the Complaint or the Counterclaim, and, if divulged, may well prejudice the United States' investigation.

8.   The United States, therefore, requests that this Court permit the United States to intervene for the limited purpose of staying the discovery in the instant case.

9.   Pursuant to Rule 3.01(g), undersigned counsel has contacted counsel for all parties as well as the third party defendants who have been served, none of whom oppose the granting of the instant motion.

**MEMORANDUM OF LAW**

A. **INTERVENTION**

Federal Rule of Civil Procedure 24(a)(2) provides that a party may intervene as a matter of right in an action when the party "claims an interest related to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest . . . ."  In the absence of a right to intervention, Rule 24(b)(2) provides the Court with broad discretion to permit intervention "when [the] applicant's claim or defense and the main action have a question of law or fact in common."

Courts routinely grant intervention as a matter of right to allow the government to seek a stay of discovery where the government is conducting a criminal investigation of a party to the action, or where the action is closely related to the government investigation. See, e.g., SEC v. Chestman, 861 F.2d 49, 50 (2d Cir. 1988); SEC v. Doody, 186 F. Supp. 2d 379, 381 (S.D.N.Y. 2002); Philip Morris Inc. v. Heinrich, 1996 WL 363156, *18-19 (S.D.N.Y. June 28, 1996). Similarly, courts grant permissive intervention pursuant to Rule 24(b)(2) under the same conditions and rationale.  See, e.g., Twenty First Century Corp. v. LaBianca, 801 F. Supp. 1007, 1009 (E.D.N.Y. 1992); Bridseport Harbour Place I, LLC v. Ganim, 269 F. Supp.2d 6, 8 (D. Conn. 2002); SEC v. Downe, 1993 WL 22126, *11 (S.D.N.Y. Jan. 26, 1993).

Here, the United States submits that this Court should allow the United States to intervene under either prong of Rule 24 because, as described below, a stay is necessary to prevent civil discovery from undermining the criminal

investigation and/or criminal prosecution, and because no injury will be suffered by the parties as a result of the stay.

B.     **STAY OF DISCOVERY**

The same underlying facts are in part at issue in both the criminal investigation and the instant civil case. A stay of discovery, therefore, is necessary to prevent the broad civil discovery allowed in this civil case from circumventing the more limited discovery available to the Plaintiffs should they be defendants in the criminal case. See Campbell v. Eastland, 307 F.2d 478, 487 (5th Cir. 1962) (A litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery and thereby obtain documents he would not otherwise be entitled to for use in his criminal suit. Judicial discretion and procedural flexibility should be utilized to harmonize the conflicting rules and to prevent the rules and policies applicable to one suit from doing violence to those pertaining to the other). See also United States v. One 1964 Cadillac Coupe DeVille, 41 F.R.D. 352, 353 (S.D.N.Y. 1966) (Where both civil and criminal proceedings arise out of the same or related transactions, the government is ordinarily entitled to a stay of all discovery in the civil action until disposition of the criminal matter.").

In determining whether to stay discovery, the Court should balance the following considerations:

1. the private interest of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed;

2. the private interests of and burden on the defendant;

3. the convenience to the courts;

4. the interest of persons not parties to the civil litigation; and

5. the public interest.

<u>Twenty First Century Corp.</u>, 801 F. Supp. at 1010 (quotations/citations omitted).

The following factors militate in favor of a stay:

1. The private interests of the defendants will not be diminished. The criminal investigation is scheduled to be completed within six months, and the parties' respective rights will not be altered during that time period. Moreover, the Plaintiffs, though opposed to a stay, may very well benefit from one because the United States necessarily will have to elicit testimony at a criminal trial related to elements of the Plaintiffs' civil claims. <u>See Twenty First Century Corp.</u>, 801 F. Supp. at 1009 (related criminal case "may streamline later civil discovery since the transcripts from the criminal case will be available to the civil parties").

2. For similar reasons, the private interests of the defendants here will not be impacted. This is perhaps best shown by the fact that the defendants do not oppose this motion.

3. The Court likely will benefit from the proposed stay as well. By permitting the criminal investigation and/or criminal prosecution to proceed unfettered, the Court will facilitate the narrowing or elimination of factual issues in the civil litigation. <u>See In re Grand Jury Proceedings</u>, 995 F.2d 1013, 1018 n.11 (11th Cir. 1993) ('Although stays delay civil proceedings, they may prove useful as the criminal process may determine and narrow the remaining civil issues."). Indeed, evidence introduced at the criminal trial may encourage a settlement between the parties in the civil actions.

    4.     A stay is required to prevent injury to the public interest.  This will occur should the defendants in the criminal investigation and/or criminal investigation attempt to take unfair advantage of the broad civil discovery rules applicable here to the detriment of the United States and its witnesses.  <u>See Twenty First Corp.</u>, 801 F. Supp. at 1009 (granting stay, in part, because "[allowing civil discovery to proceed . . . may afford defendants an opportunity to gain evidence to which they are not entitled under the governing criminal discovery rules"); <u>Bridseport Harbour Place</u>, 269 F. Supp.2d at 8 ("Courts are very concerned about the differences in discovery afforded to parties in a civil case and those of a defendant in a criminal case.").

    5.     As stated above, the United States submits that the ethical issues facing Plaintiffs' counsel should be resolved before this case goes forward.  Allowing this case to go forward without resolving the ethical issue may well prove detrimental to the defendants.  For example, if the Plaintiffs were to lose this case, they might well seek to overturn any decision against them based upon the conflict of interest relating to their attorneys.  If the case were reversed on that basis, it would clearly not be in the interest of judicial economy.

The United States clearly would be prejudiced by permitting civil discovery to proceed herein.  Plaintiffs' counsel has scheduled the depositions of Curry and Hailstones.  Because the Plaintiffs' discovery requests make clear that they seek to plow some of the same ground in the civil case as in the criminal investigation and/or criminal prosecution stemming from the same fraudulent conspiracy, the

testimony Plaintiffs seek likely will be that of United States trial witnesses. Should there be a criminal case, the defense may very well receive an advantage unfairly by this early preview of the testimony of United States witnesses, while no such opportunity is afforded to the United States vis-a-vis defense witnesses.

This is not the only possible prejudice to the United States if a stay is not imposed. The Plaintiffs in the civil actions have requested e-mails evidencing communications between Curry and Hailstones. These documents are most likely not Rule 16 materials which would have to be produced in a criminal case. In the absence of a discovery stay, these materials might be obtained by the defendants in the event there is a criminal trial because of their disclosure in the civil actions -- even if the Court ultimately sides with the United States if there is a discovery dispute in a criminal case. The requested stay would eliminate this possibility.

In sum, by permitting the United States to intervene and granting the United States's request for a stay of the discovery, the Court will prevent serious interference with the United States' investigation and/or prosecution of a criminal case, while freezing in place the respective rights of the parties to the civil actions. Given this fact, and that the defendants do not oppose the granting of this motion, the Court should permit the United States to intervene and enter an order staying discovery until the criminal investigation or a criminal trial is complete, whichever is later.

C.   **CONCLUSION**

Accordingly, the United States submits that the requested relief is warranted pending the completion of the criminal investigation and/or criminal prosecution. It is clear that, after weighing the relevant factors, including severe

prejudice to the United States' criminal investigation and/or criminal prosecution, the public interest in the criminal investigation and/or prosecution and legitimate concerns of judicial efficiency, the Court should grant a stay of discovery. The potential prejudice to the United States' prosecution far outweighs the minimal cost to the Plaintiffs of waiting several additional months to pursue their claims against the defendants.

Respectfully submitted,

ROBERT E. O'NEILL
United States Attorney

By:   ***I. Randall Gold***
Assistant United States Attorney
Deputy Chief, Orlando Division
Florida Bar Number 0268062
501 W. Church Street, Suite 300
Orlando, Florida 32805
Telephone:   407/648-7500
Facsimile: 407/648-7643
E-Mail:   randy.gold@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on June 3, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

| | |
|---|---|
| Martin R. Raskin, Esq.<br>Jane Serene Raskin, Esq.<br>2601 S. Bayshore Drive<br>Suite 725<br>Miami, Fl. 33133<br><br>Attorneys for Edith Curry,<br>Palaxar Group LLC, and<br>Palaxar Holdings LLC | Kathleen Havener, Esq.<br>200 Public Square<br>Suite 3300<br>Cleveland, Oh. 44114<br><br>and<br><br>Craig S. Warkol, Esq.<br>1177 Avenue of the Americas<br>New York, N.Y. 10036<br><br>Attorneys for Frank Hailstones |
| Aaron C. Bates, Esq.<br>3660 Maguire Blvd.<br>Suite 102<br>Orlando, Fl. 32803<br><br>and<br><br>J. Russell Campbell, Esq.<br>Allen M. Estes, Esq.<br>P.O. Box 306<br>Birmingham, Ala. 35201<br><br>Attorneys for Mirabilis Ventures, Inc.<br>and Nexia Strategy Corporation | John Edwin Fisher<br>Fisher, Rushmer, et al.<br>P.O. Box 712<br>Orlando, Florida 32802-0712<br><br>Attorney for Third Party Defendants<br>Aaron Bates and Matthew Mokwa |
| James E. Shepherd, Esq.<br>Pohl & Short<br>280 W. Canton Avenue<br>Suite 410<br>P.O. Box 3208<br>Winter Park, Florida 32790<br><br>Attorney for Yaniv Amar | Jack C. McElroy, Esq.<br>Shutts & Bowen, LLP<br>300 S. Orange Avenue<br>Suite 1000<br>Orlando, Florida 32801<br><br>Attorney for AQMI Strategy Corp. |

I hereby certify that on June 3, 2008, a true and correct copy of the foregoing document and the notice of electronic filing was sent by United States Mail to the following non-CM/ECF participant(s):

| | |
|---|---|
| Terence Chu<br>5637 Country Hills Lane L<br>Glen Allen, Va. 23059 | James Sadrianna[4]<br>10025 Chatham Oaks Court<br>Orlando, Florida 32836 |
| Defendant | Third-Party Defendant |

*s/ I. Randall Gold*
I. Randall Gold
Assistant United States Attorney
Deputy Chief, Orlando Division
Florida Bar No. 268062
501 W. Church Street - Suite 300
Orlando, Florida 32805
Telephone:   (407) 648-7500
Facsimile: (407) 648-7643
E-mail: randy.gold@usdoj.gov

---

[4]  Although Mr. Sadrianna is pro se in this action, he is represented in the criminal investigation by Noel P. McDonell, Esq., Macfarlane Ferguson & McMullen One Tampa City Center, Suite 2000, P. O. Box 1531, Tampa, Florida 33602.  A courtesy copy of this motion is being mailed to Ms. McDonell.