**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MIRABILIS VENTURES, INC. and**
**NEXIA STRATEGY CORPORATION,**

      **Plaintiffs,**

**v.**                  **CASE NO.: 6:07-CV-1788-ORL-28-KRS**

**PALAXAR GROUP, LLC;**
**PALAXAR HOLDINGS, LLC;**
**FRANK HAILSTONES; EDITH CURRY**
**a/k/a EDITH BROADHEAD; and**
**TERENCE CHU,**

      **Defendants,**

**v.**

**AQMI STRATEGY CORPORATION,**
**YANIV AMAR, FRANK AMODEO,**
**AARON BATES, MATTHEW MOKWA,**
**and JAMES SADRIANNA,**

      **Third-Party Defendants.**

---

**ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED THIRD PARTY**
**COMPLAINT AGAINST AQMI STRATEGY CORPORATION**

Third-Party Defendant, AQMI STRATEGY CORPORATION ("AQMI"), by and through their undersigned attorneys, answers Third-Party Plaintiffs', PALAXAR GROUP HOLDINGS, LLC ("Palaxar"); FRANK HAILSTONES ("Hailstones"); and EDITH CURRY a/k/a EDITH BROADHEAD ("Curry") (collectively at times, "Third-Party Plaintiffs") Third-Party Complaint, and states as follows:

<u>THE PARTIES</u>

1.      Upon information and belief, AQMI admits the allegations set forth in Paragraph 1.

2.      Upon information and belief, AQMI admits the allegations set forth in Paragraph 2.

3.      Upon information and belief, AQMI admits the allegations set forth in Paragraph 3.

4.      Upon information and belief, AQMI admits the allegations set forth in Paragraph 4.

5.      Upon information and belief, AQMI admits the allegations set forth in Paragraph 5.

6.      AQMI admits the allegations set forth in Paragraph 6.

7.      Upon information and belief, AQMI admits the allegations set forth in Paragraph 7.

8.      AQMI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 and, therefore, denies such allegations.

9.      AQMI admits the allegations set forth in Paragraph 9.

10.     Upon information and belief, AQMI admits the allegations set forth in Paragraph 10.

11.     Upon information and belief, AQMI admits the allegations set forth in Paragraph 11.

12.     AQMI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 and, therefore, denies such allegations.

13.     AQMI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 and, therefore, denies such allegations.

<u>ALLEGATIONS RELEVANT TO ALL CLAIMS</u>

14.     No response is required by AQMI.  However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 14.

15.     No response is required by AQMI.  However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 15.

16.     To the extent the allegations of this paragraph assert that Amodeo was an officer or director of AQMI and Wellington Capital Group, Inc., such allegations are admitted. AQMI denies the remaining allegations set forth in Paragraph 16.

17.     To the extent the allegations of this paragraph assert that AQMI was a shareholder of Mirabilis, such allegations are denied.  To the extent the allegations of this paragraph assert that Mirabilis properly issued Class A (Black Stock) or that Amodeo executed a Shareholder's Agreement wherein he was issued Class A (Black Stock), such allegations are denied.  AQMI denies the remaining allegations set forth in Paragraph 17.

18.     AQMI admits the allegations set forth in Paragraph 18.

19.     AQMI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 and, therefore, denies such allegations.

20.     AQMI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 and, therefore, denies such allegations.

21.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 21.

COUNT 1:  BREACH OF CONTRACT / CURRY VS. WELLINGTON CAPITAL

22.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 22.

23.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 23.

24.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 24.

25.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 25.

26.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 26.

27.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 27.

28.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 28.

COUNT 2:  FRAUD IN THE INDUCEMENT / CURRY VS. AMODEO, MIRABILIS, NEXIA, POLLOCK, AND SADRIANNA

29.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 29.

30.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 30.

31.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 31.

32.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 32.

33.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 33.

34.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 34.

35.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 35.

36.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 36.

37.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 37.

38.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 38.

39.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 39.

40.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 40.

41.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 41.

42.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 42.

43.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 43.

44.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 44.

45.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 45.

## COUNT 3:  BREACH OF SEPARATION AGREEMENT / CURRY VS. MIRABILIS AND NEXIA

46.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 46.

47.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 47.

48.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 48.

49.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 49.

50.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 50.

51.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 51.

52.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 52.

53.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 53.

54.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 54.

55.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 55.

56.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 56.

COUNT 4:  BREACH OF TERMINATION AGREEMENT / HAILSTONES V. MIRABILIS

57.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 57.

58.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 58.

59.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 59.

60.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 60.

61.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 61.

62.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 62.

63.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 63.

64.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 64.

65.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 65.

66.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 66.

67.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 67.

68.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 68.

69.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 69.

COUNT 5:  CIVIL CONSPIRACY TO COMMIT SLANDER / CURRY, HAILSTONES, AND PALAXAR V. NEXIA, MIRABILIS, AMODEO, AMAR, BATES, AND MOKWA

70.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 70.

71.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 71.

72.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 72.

73.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 73.

74.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 74.

75.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 75.

76.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 76.

77.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 77.

78.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 78.

79.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 79.

80.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 80.

81.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 81.

82.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 82.

83.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 83.

84.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 84.

85.      No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 85.

86.      No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 86.

87.      No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 87.

88.      No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 88.

89.      No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 89.

90.      No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 90.

COUNT 6:  SLANDER *PER SE*:  COUNTERCLAIM PLAINTIFFS V. MIRABILIS, NEXIA, AND MOKWA

91.      No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 91.

92.      No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 92.

93.      No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 93.

94.      No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 94.

95.      No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 95.

96.      No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 96.

97.      No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 97.

98.      No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 98.

99.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 99.

100.    No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 100.

## COUNT 7:  SLANDER *PER SE*:  CURRY AND HAILSTONES V. MIRABILIS, NEXIA, AMAR

101.    No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 101.

102.    No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 102.

103.    No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 103.

104.    No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 104.

105.    No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 105.

106.    No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 106.

107.    No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 107.

108.    No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 108.

109.    No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 109.

110.    No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 110.

## COUNT 8:  INTENTIONAL INTERFERENCE WITH ADVANTAGEOUS BUSINESS RELATIONSHIP / CURRY AND HAILSTONES V. MIRABILIS, NEXIA, AMODEO, AMAR, BATES AND MOKWA

111.    No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 111.

112.    No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 112.

113.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 113.

114.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 114.

115.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 115.

116.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 116.

117.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 117.

## COUNT 9:  CIVIL CONSPIRACY TO INTENTIONALLY INTERFERE WITH ADVANTAGEOUS BUSINESS RELATIONSHIPS:  CURRY, HAILSTONES, AND PALAXAR V. NEXIA, MIRABILIS, AMODEO, AMAR, BATES AND MOKWA

118.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 118.

119.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 119.

120.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 120.

121.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 121.

122.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 122.


COUNT 10:  INDEMNITY / CURRY AND HAILSTONES V. MIRABILIS AND NEXIA

123.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 123.

124.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 124.

125.     No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 125.


COUNT 11:  INDEMNITY / CURRY AND HAILSTONES V. AQMI

126.     AQMI incorporates its answers in Paragraphs 1-125 above as if fully set forth herein.

127.    To the extent that the allegations contained in this paragraph refer to or quote language from the Mirabilis – AQMI Consulting Agreement (*See* Dkt. 82, Ex. 1), such document speaks for itself.  To the extent that the allegations contained in this paragraph assert that AQMI is contractually obligated to indemnify the former officers and directors of Mirabilis or Nexia, particularly Curry and Hailstones, for liabilities arising from the wrongdoings they committed while employed as officers and directors of Mirabilis and Nexia, such allegations are denied.  AQMI denies the remaining allegations set forth in Paragraph 127.

128.    AQMI denies the allegations set forth in Paragraph 128.


## COUNT 12:  CURRY, HAILSTONES, AND PALAXAR V. NEXIA AND MIRABILIS / ABUSE OF PROCESS

129.    No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 129.

130.    No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 130.

131.    No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 131.

132.    No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 132.

133.    No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 133.

134.    No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 134.

135.    No response is required by AQMI. However, to the extent that the allegations contained in this paragraph relate to AQMI, AQMI denies the allegations set forth in Paragraph 135.

## PRAYERS FOR RELIEF

AQMI denies that Third-Party Plaintiffs are entitled to any relief against them whatsoever, including the specific relief requested in Paragraphs 1-16 of the section of the Counterclaim entitled PRAYERS FOR RELIEF.

AQMI DENIES EACH AND EVERY ALLEGATION IN THE THIRD PARTY COMPLAINT THAT IS NOT EXPRESSLY ADMITTED HEREIN AND DENIES THAT THIRD-PARTY PLAINTIFFS ARE ENTITLED TO THE RELIEF REQUESTED.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Third Party Complaint, and each claim against AQMI therein, fails to state a claim upon which relief can be granted.  To state a viable claim for contractual indemnity, a complainant must allege the existence of a contract or an agreement to indemnify.  Florida law requires that a complaint alleging an action in indemnity set forth the factual allegations

designating the basis for the right to indemnity. *Perkins State Bank v. Connolly* 632 F.2d 1306, 1315 (5th Cir. (Fla.) 1980).   Hailstones and Curry do not allege that a contract exists between themselves and AQMI, and they can prove no set of facts in support of a claim which would entitle them to contractual indemnity.   There is no explanation of the nature of the duty owed by AQMI, no explanation how AQMI allegedly breached this duty, and no allegation that Hailstones or Curry suffered any injuries as a result of AQMI's alleged breach.   Without a contract and without express indemnification language, Hailstones and Curry fail to state a cause of action against AQMI for indemnity.

## SECOND DEFENSE

Third-Party Plaintiffs have failed to mitigate their alleged damages.

## THIRD DEFENSE

Third-Party Plaintiffs' claims are barred by the doctrines of unclean hands or *in pari delicto*.

## FOURTH DEFENSE

Third-Party Plaintiffs' claims are barred by the doctrine of estoppel, waiver, acquiescence, lack of standing, release, and/or consent.

## FIFTH DEFENSE

Third-Party Plaintiffs' damages, if any, were the result of a superseding, intervening cause.

## SIXTH DEFENSE

AQMI pleads the affirmative defense of failure of consideration.

AQMI HEREBY RESERVES THE RIGHT TO ASSERT OTHER AFFIRMATIVE DEFENSES WHEN AND IF APPROPRIATE DURING THIS ACTION.

/s/ Cory L. Taylor
JACK C. McELROY, ESQ.
Florida Bar No. 0818150
jmcelroy@shutts.com
CORY L. TAYLOR, ESQ.
Florida Bar No. 0646377
ctaylor@shutts.com
**SHUTTS & BOWEN, LLP**
300 S. Orange Avenue, Suite 1000
Orlando, Florida 32801
Telephone:  407-423-3200
Facsimile:  407-425-8316
ATTORNEYS FOR THIRD PARTY
DEFENDANT, AQMI STRATEGY
CORPORATION

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 3, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notice of electronic filing to the following:

Aaron C. Bates, Esq.
abates@goldbergbates.com

J. Russell Campbell, Esq.
rcampbell@balch.com

Martin R. Raskin, Esq.
mraskin@raskinlaw.com

Kathleen B. Havener, Esq.
kbhavener@hahnlaw.com

I further certify that on June 3, 2008, a copy of the foregoing has been furnished by U.S.

Mail, postage prepaid to:

Allen Estes, Esq.
Balch & Bingham, LLP
P.O. Box 306
Birmingham, AL 35201

**/s/ Cory L. Taylor**_____
CORY L. TAYLOR, ESQ.
Florida Bar No. 0646377

23