## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

CASE NO.: 6:07-CV-1788-ORL-28-GJK

MIRABILIS VENTRUES, INC. and
NEXIA STRATEGY CORPORATION,

      Plaintiff,

vs.

PALAXAR GROUP, LLC;
PALAXAR HOLDINGS, LLC
FRANK HAILSTONES; EDITH CURRY
a/k/a EDITH BROADHEAD; and
FICTITIOUS DEFENDANTS 1 through 8

      Defendants/Third –Party Plaintiffs,

vs.

JAMES V. SADRIANNA; et al.

      Third-Party Defendants.

_____/

### ANSWER AND AFFIRMATIVE DEFENSES OF
### THIRD PARTY DEFENDANT JAMES V. SADRIANNA

COMES NOW the Third Party Defendant James V. Sadrianna (hereinafter "Sadrianna") and files this, his Answer and Affirmative Defenses to the Third Party Plaintiff's First Amended Counterclaim and Third Party Claims as follows:

### THE PARTIES

1.    Sadrianna is without knowledge or information sufficient to form a belief as to the truth of the allegation set forth in Paragraph 1, and, therefore denies such allegations.

2.    Upon information and belief Sadrianna admits the allegation set forth in Paragraph 2.

3.    Sadrianna is without knowledge or information sufficient to form a belief as to the truth of the allegation set forth in Paragraph 3, and, therefore, denies such allegation.

4.    Upon information and belief Sadrianna admits the allegations set forth in Paragraphs 4-5.

5.    Upon information and belief Sadrianna admits the allegations set forth in Paragraphs 6-7.

6.    Upon information and belief, Sadrianna admits to the allegations in Paragraph 8, that Yaniv Amar was a resident of Miami-Dade County, Florida but Sadrianna is without knowledge or information to form a belief of the nature of Yaniv Amar's citizenship and whether at what exact times Mr. Amar was an executive at Mirabilis and/or one of its affiliate companies.

7.    Upon information and belief Sadrianna admits the allegations set forth in Paragraphs 9- 10.

8.    Upon information and belief, Sadrianna admits that Matthew Mokwa served as counsel for Mirabilis Ventures, Inc. and/or one of its affiliates, but Sadrianna is without sufficient information to form a belief as to the truth of the remaining allegations set forth in Paragraph 11 and, therefore, denies such allegations.

9.    Upon information and belief, Sadrianna admits that Robert Pollack served as a Board of Directors of Mirabilis from January 3, 2005, through December 14, 2006 and served as a Vice President of Mirabilis Ventures, Inc. from October 1,

2004, through January 25, 2006. Robert Pollack has had the following titles with either Nexia Strategy Corporation or Mirabilis Ventures, Inc. from May 2005 through July 2006 (Executive Vice President of Corporate Development, Executive Vice President of Operations, Executive Vice President - Analysis and Executive Vice President – Strategy).   Sadrianna is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 12, and, therefore, denies such allegations.

10.     Sadrianna admits he is a resident and citizen of Orange County, Florida. Sadrianna admits that he was President of Nexia Strategy Corporation from June 1, 2005 to August 31, 2005.  Sadrianna admits he was President of Mirabilis Ventures, Inc. from September 1, 2005 to January 25, 2006.  Upon information and belief Sadrianna admits he was a Director of Mirabilis from October, 2005 until December 14, 2006 when he tendered his resignation.  Upon information and belief Sadrianna admits that he had the title of Executive Vice President of Acquisitions for Mirabilis Ventures, Inc. from February 2006 to December, 2006.

## ALLEGATIONS RELEVANT TO ALL CLAIMS

11.     Upon information and belief Sadrianna admits that Curry was a Director of Mirabilis Ventures, Inc. from January 1, 2005 until October 2006.  Curry held the title of President of Nexia Strategy Corporation from October, 2005 until her resignation in October of 2006.  Curry was the Secretary/Treasurer of Mirabilis Ventures, Inc. from January 1, 2005 to September 30, 2005.  Curry also had the title of Senior Vice President of Nexia Strategy Corporation from May, 2005 to

September, 2005. Sadrianna is without knowledge or information sufficient to form a belief as to Curry being employed by Nexia Strategy Corporation until October 2006 as stated in Paragraph 14, and therefore denies such allegation.

12. Upon information and belief Sadrianna admits that Hailstones joined Mirabilis Ventures, Inc. on October 3, 2005 when Mirabilis acquired a 25% equity interest in Hailstones' company, Axena, Inc as asserted in Paragraph 15. Sadrianna is without knowledge or information sufficient to form a belief as the allegation that Frank Amodeo committed that Mirabilis Ventures, Inc. would pay all future expenses of Axena, and, therefore, denies such allegations.

13. Sadrianna is without knowledge or information sufficient to form a belief as to the truth of the allegation as set forth in Paragraph 16, and, therefore, denies such allegations.

14. Sadrianna is without knowledge or information sufficient to form a belief as to the truth of the allegation as set forth in Paragraph 17, and, therefore, denies such allegations.

15. Upon information and belief Sadrianna admits the allegation set forth in Paragraph 18.

16. Sadrianna is without knowledge or information sufficient to form a belief as to the truth of the allegation as set forth in Paragraph 19, and, therefore, denies such allegation.

17. Sadrianna denies the allegations set forth in Paragraph 20.

18. Upon information and belief Sadrianna admits to the allegation that Frank Amodeo is the sole member of Wellington Capital, Inc. Sadrianna is without

4

knowledge or information sufficient to form a belief as to the truth of the remaining allegations as set forth in Paragraph 21, and, therefore, denies such allegations.

## COUNT 1: BREACH OF CONTRACT/CURRY VS. WELLINGTON CAPITAL (JANUARY 2005 AGREEMENT)

19.    On March 28, 2008 Curry filed a Voluntary Dismissal of this count against Wellington Capital. To the extent the allegations contained in Paragraph 22 – 28 relate to Sadrianna, Sadrianna denies the allegations.

## COUNT 2: FRAUD IN THE INDUCEMENT/CURRY V. AMODEO, MIRABILIS, NEXIA, POLLACK AND SADRIANNA (Nexia Employment Agreement)

20.    Sadrianna incorporates his answers in Paragraph 1 – 19 above as if fully set forth herein.

21.    Sadrianna is without knowledge or information sufficient to form a belief as to the truth of the allegation as set forth in Paragraph 30, and, therefore, denies such allegations.

22.    Sadrianna admits that he countersigned a written Nexia Strategy Corporation employment agreement with Curry on June 22, 2005. Upon information and belief Curry may have subsequently signed an employment agreement with Common Paymaster Corporation. Sadrianna denies the remaining allegations as set forth in Paragraph 31.

23.    Sadrianna denies the allegations set forth in Paragraph 32.

24.    Sadrianna admits that Curry signed a written Nexia Strategy Corporation employment agreement and is without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as set forth in Paragraph 33, and, therefore, denies such allegation.

25.    Sadrianna denies the allegations set forth in Paragraph 34.

26.    Sadrianna admits that Curry signed a written Nexia Strategy Corporation employment agreement. Sadrianna denies the remaining allegations set forth in Paragraph 35.

27.    Sadrianna is without knowledge or information sufficient to form a belief as to the truth of the allegation as set forth in Paragraph 36, and, therefore, denies such allegation.

28.    Sadrianna is without knowledge or information sufficient to form a belief as to the truth of the allegation as set forth in Paragraph 37, and, therefore, denies such allegation.

29.    Sadrianna is without knowledge or information sufficient to form a belief as to the truth of the allegation as set forth in Paragraph 38, and, therefore, denies such allegation.

30.    Sadrianna is without knowledge or information sufficient to form a belief as to the truth of the allegation as set forth in Paragraph 39, and, therefore, denies such allegation.

31.    Sadrianna is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 40, and, therefore, denies such allegations.

32.    Sadrianna is without knowledge or information sufficient to form a belief as to the truth of the allegation as set forth in Paragraph 41, and, therefore, denies such allegation.

33.    Sadrianna is without knowledge or information sufficient to form a belief as to the truth of the allegation as set forth in Paragraph 42, and, therefore, denies such allegation.

34.    To the extent that the allegations in Paragraphs 43-44 assert that Curry could and did rely on Sadrianna in accepting employment with Nexia Strategy Corporation such allegations are denied.  Sadrianna is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations as set forth in Paragraphs 43-44 as they pertain to Frank Amodeo, Nexia Strategy Corporation, Mirabilis Ventures, Inc. and Robert Pollack, and, therefore, denies such allegations as it pertains to these individuals and/or entities.

35.    Sadrianna denies the allegations set forth in Paragraph 45.

## COUNT 3 THROUGH COUNT 12

36.    Counts 3 through Count 12 are not directed against Sadrianna. To the extent the allegations contained in Paragraph 46 – 135 relate to Sadrianna, Sadrianna denies the allegations.

## PRAYERS FOR RELIEF

Sadrianna denies each and every allegation in the Third Party Claim that is not expressly admitted herein and denies that the Third Party Plaintiffs are entitled to the relief requested.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Third Party Claim against Sadrianna fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Third Party Claim against Sadrianna is barred by the doctrine of estoppels, waiver, acquiescence, lack of standing, release, and/or consent.

### THIRD DEFENSE

The Third Party Plaintiffs have failed to please fraud with the specificity required by the Federal Rule of Civil Procedure

### FOURTH DEFENSE

Sadrianna pleads the defense of truth.

### FIFTH DEFENSE

Sadrianna pleads that the Third Party Plaintiffs are not entitled to punitive damages.

Sadrianna hereby reserves the right to assert other affirmative defenses when and if appropriate during this action.


Respectfully Submitted,


James V Sadrianna, Pro Se


8

## CERTIFICATE OF SERVICE

I HERBY CERTIFY that the forgoing Answer and Affirmative Defense has been furnished by Priority Mail to the Clerk of the Court and a true and correct copy of the foregoing has been furnished by Priority Mail to the individual listed below this 3rd day of June, 2008 at the addresses indicated:

Jane S. Raskin, Esq.
Raskin & Raskin, P.A..
2601 South Bayshore Drive
Suite 725
Miami, FL 33133
Counsel for Third Party Plaintiff
Edith Curry, Palaxar Group, LLC
and Palaxar Holdings, LLC

And a true and correct copy of the foregoing has been furnished to by First Class Mail to either, counsel, representative and/ or parties listed below this 3rd day of June, 2008 at the addresses indicated:

J. Russell Campbell
Balch & Bingham, LLP
P O Box 306
Birmingham, AL 35201-0306
Counsel for Mirabilis Ventures, Inc. and Nexia
Strategy Corporation

Kathleen B. Havener
Kathleen B. Havener, Attorney at Law, LLC
1511 Russell Road
Chagrin Falls, OH 44022
Counsel for Third Party Plaintiff
Frank Hailstones

Cory L. Taylor, Esq.
Shutts & Bowen, LLP
300 S. Orange Avenue
Suite 1000
Orlando, FL 32801
Counsel for Third Party Defendant
AQMI Strategy Corporation

Craig S. Warkol
Bracewell & Giuliani, LLP
1177 Avenue of the Americas
New York, NY 10036
Counsel for Third Party Plaintiff
Frank Hailstones

Darryl M. Bloodworth, Esq.
Dean, Mead, Egerton, Bloodworth,
Capouano & Bozarth, P.A.
P O Box 2346
Orlando, FL 32802-2346
Counsel for Robert Pollack

John Edwin Fisher, Esq.
Fisher, Rushmer, Werrenrath, Dickson
Talley & Dunlap, P.A.
P O Box 712
Orlando, FL 32802-0712
Counsel for Third Party Defendants Aaron C.
Bates & Matthew S. Mokwa

Frank Amodeo
2875 S Orange Avenue
Suite 500
PMB 1810
Orlando, FL 32806
Third Party Defendant

James Robert Lussier
Mateer & Harbert, P.A.
225 E Robinson Street – Suite 600
P O Box 2854
Orlando, FL 32802-2854
Counsel for Wellington Capital Group, Inc.

James E. Shepherd, Esq.
Pohl & Short, P.A.
280 W. Canton Street – Suite 410
P.O. Box 3208
Winter Park, FL  32790
Counsel for Yaniv Amar

Terence Chu
5637 Country Hills Lane
Glen Allen, VA  23059-5424

Elizabeth A. Green
Latham, Shuker, Eden & Beaudine, LLP
390 N. Orange Avenue – Suite 600
P O Box 3353
Orlando, FL  32802-3353
Counsel for Mirabilis Ventures, Inc

James V. Sadrianna, Pro Se
10025 Chatham Oaks Court
Orlando, FL  32836
Phone     407-810-8595
Facsimile 407-351-1407
jsadrianna@cfl.rr.com