**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| MIRABILIS VENTURES, INC. and NEXIA STRATEGY CORPORATION, <br><br>  Plaintiffs, <br><br> -vs.- <br><br> PALAXAR GROUP, LLC; PALAXAR HOLDINGS, LLC; FRANK HAILSTONES; EDITH CURRY a/k/a EDITH BROADHEAD; and TERENCE CHU, <br><br>  Defendants, <br><br> vs. <br><br> MIRABILIS VENTURES, INC., et al. <br><br>  Counterclaim and Third Party Defendants. | Case No.: 6:07-CV-1788-ORL-28-GJK <br><br><br><br><br><br><br><br><br><br><br><br><br><br> **DEFENDANTS' REQUEST FOR RECONSIDERATION AND PARTIAL RELIEF FROM STAY** |

Defendants Palaxar Group, LLC, Palaxar Holdings, LLC, Frank Hailstones, and Edith Curry (collectively "Defendants"), by and through undersigned counsel, hereby move the Court to Reconsider its June 10, 2008 Order staying this case in its entirety and to order a partial relief from that stay for the limited purposes of (1) ruling on Defendants' pending Motion for Summary Judgment, and (2) permitting Defendants to effectuate service of process on third-party defendant Frank Amodeo. As set forth below, the Court's decision to stay all the claims in this case was not mandated by the Bankruptcy Code's automatic stay provision. And, while this Court has the discretion to stay claims outside the scope of the automatic stay, it must exercise that discretion

1

consistent with a balancing of the competing interests of the parties. Here, the stay works a severe hardship on Defendants. By contrast, there has been no showing by anyone that a lifting of the stay for the limited purposes sought herein will negatively affect the rights of the debtor or the other parties.

I.  **PROCEDURAL BACKGROUND**

This litigation was filed against Defendants on October 12, 2007. Shortly after filing suit, Plaintiffs Mirabilis Ventures, Inc. ("MVI") and Nexia Strategy Corporation ("Nexia") (collectively "Plaintiffs"), Defendants' former employers, issued a series of inflammatory press releases reporting that Curry and Hailstones had been accused of "abscond[ing] with [Plaintiffs'] corporate assets."

Shortly thereafter, two attorneys for Plaintiffs Nexia and Mirabilis, as well as a former Mirabilis executive (who declared that he was present as a "witness"), along with a process server, flew from Florida and Alabama respectively to Scottsdale, Arizona. Knowing that Curry and Hailstones were speaking at a professional conference, Plaintiffs' representatives publicly served the lawsuit on Curry and Hailstones in the presence of between 50 and 75 of their professional colleagues who were in attendance at a conference of audit managers.

In January 2008, this Court denied Plaintiffs' Motion for Preliminary Injunction, based on their failure to establish a likelihood of success on the merits. On March 17, 2008, Defendants filed their Motion for Summary Judgment. Despite having received a thirty (30) day extension to reply, on the day before their response was due, Plaintiffs filed a Motion (Dkt. 134)—which Defendants opposed (Dkt. 138)—seeking further time in which to respond to Defendants' Motion. This Court denied Plaintiffs' request for

additional time (Dkt. 139), rendering Defendant's Motion for Summary Judgment ripe for review and unopposed.

On May 27, 2008, Plaintiff Mirabilis filed for bankruptcy protection in the case styled *In re: Mirabilis Ventures, Inc.*, Case No. 6:08-BK-04327 (the Bankruptcy Case) and "suggested" to this Court that all proceedings should be stayed. (Dkt. 143). Defendants objected (Dkt. 144), arguing that Section 362 of the Bankruptcy Code provides, in pertinent part, that the filing of a petition in bankruptcy operates as a stay *only* of:

> the commencement or continuation [ ] of a judicial [ ] action or proceeding *against* the debtor that was or could have been commenced before the commencement of the [bankruptcy case], or to recover a claim *against* the debtor that arose before the [bankruptcy case.]

*See also In re Chestnut Hill Rehab. Hospital*, __ B.R. __, 2008 WL 1733679 (Bkrtcy. M.D. Fla., March 25, 2008) at *1; *In re Dolen*, 265 B.R. 471, 478, (Bkrtcy. M.D. Fla. 2001). Defendants further argued and that the only portions of the case that are subject to an automatic stay are the Counterclaims against MVI. Nexia Strategy Corporation and the other Counterclaim and Third Party Defendants are not entitled to protection by the Bankruptcy Code for any reason.

On June 3, 2008, the United States Attorney for the Middle District of Florida filed an unopposed motion for a stay of discovery. (Dkt 146). On June 10, 2008, at the request of the United States Attorney, and without objection by any party, this Court issued a stay of discovery. (Dkt. 150). Later the same day, over the objection of Defendants, the Court stayed the entire case (Dkt. 151), and on June 12, 2008, the Court

denied all pending motions as moot (Dkt. 152), although the Defendants' Motion for Summary Judgment is fully briefed and ripe for decision.

## II.    THE COURT'S GRANT OF THE STAY WAS ENTERED WITHOUT THE APPROPRIATE ANALYSIS.

A district court retains jurisdiction independent of the bankruptcy court to determine whether a proceeding pending before it is subject to the automatic stay under § 362(a)(1) of the Bankruptcy Code.  *See Holland v. High Power Energy*, 248 B.R. 53 56-57 (S.D. W. Va. 2000).  Even though the bankruptcy court is the exclusive forum to consider a motion for relief from the *automatic stay*, this court may determine whether a matter before it is stayed by a party's bankruptcy filing.  *See Singleton v. Fifth Third Bank of Western Ohio (In re Singleton)*, 230 B.R. 533, 538-39 (6th Cir. BAP 1999).

To determine the application of § 362(a)(1), a court must disaggregate all of the complaints, counterclaims, cross-claims, third-party claims, and motions for Rule 11 sanctions that are part of the lawsuit. *See In re Mid-City Parking, Inc.*, 332 B.R. 798, 807 (Bkrtcy. N.D. Ill. 2005), citing *Parker v. Bain (In re Parker),* 68 F.3d 1131, 1137-38 & nn. 9-10 (9th Cir.1995) (multiple citations omitted).  The court must then determine with respect to each component whether, at its inception, the claim was "against the debtor." *See id., citing Parker,* 68 F.3d at 1135-38; *see also Taylor v. Barnett Bank, N.A.,* 737 So.2d 1105, 1105-06 (Fla.Dist.Ct.App.1998) (numerous citations omitted).  To the extent that the claim was not "against the debtor" at its inception because the debtor was a plaintiff, its further prosecution is not stayed pursuant to § 362(a)(1).  *See Mid-City Parking* at 807-808 (numerous citations omitted).  An action or proceeding stayed as to the debtor *is not stayed* as to its co-defendants or non-debtor third parties.  *Id.*

4

Of course this court has the inherent equitable power granted under 28 U.S.C.A. § 1334, as well as the power to efficiently manage its docket, to grant relief by staying a third party suit or one brought by the debtor.  But such power is not limitless.  "Proper use of this authority 'calls for the judgment which may weigh competing interests and maintain an even balance.'"  *Williford v. Armstrong World Industries, Inc.*, 715 F.2d 124, 127 (4th Cir. 1983), citing *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936).  The party seeking a stay "***must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative***."  *Id.* (emphasis added).

No party has made any showing to this Court, much less a showing of clear and convincing circumstances" that outweighs the harm that is occurring daily to Defendants because of the Court's imposition of the stay.  Accordingly, Defendants respectfully seek relief from this Court's stay of proceedings for two limited purposes: (1) to obtain a ruling on the Defendants' unopposed Motion for Summary Judgment filed March 17, 2008, and (2) to obtain service of process on Frank Amodeo who has heretofore evaded service in this lawsuit.

### III. THE STAY SHOULD BE LIFTED TO PERMIT A RULING ON DEFENDANTS' UNOPPOSED MOTION FOR SUMMARY JUDGMENT

The severe and actual harm to the Defendants caused by the Court's discretionary stay of Plaintffs' claims against them clearly outweighs any potential harm to Defendants that would result from a lifting of the stay to permit ruling on the pending summary judgment motion. In this case, justice delayed truly is justice denied. Plaintiffs' highly publicized claims of theft against Defendants have caused them severe personal and financial hardships and those hardships are perpetuated by the imposition of the Court's stay.

Both Defendants are professionals in the financial services industry. Curry is an attorney and an accountant with two decades of experience in the financial services and anti-fraud industries. Hailstones is a Chartered Public Accountant with a long history of outstanding service at PricewaterhouseCoopers and elsewhere. Nevertheless, in the process of applying for any job opening in their chosen field, Defendants are asked, "Have you ever been accused of theft by a former employer?" The status quo requires them to respond affirmatively to that question but prevents them from providing an explanation sufficient to clear them of the taint of the Plaintiffs' allegations, because the claims of theft, although unsupported, have been stayed by this Court's discretionary decision.

Ms. Curry has been unable to find appropriate employment since the damage done to her reputation by Mr. Amodeo's failure to keep his promises in Virginia and by the taint of this lawsuit despite Ms. Curry's monumental efforts. Mr. Hailstones was forced by Plaintiffs' actions to leave his home in Orlando and reside in the United Kingdom, where he too has found it impossible to find a suitable position. Finally, Ms. Curry's anti-fraud product is jeopardized by the Plaintiffs' accusation that she absconded with certain intellectual property which is unquestionably hers and hers alone. Marketing that product is difficult while the ownership of the patent(s) remains clouded in doubt and Defendants remain under suspicion of theft. *See* Affidavit of Terence Chu in Support of Defendants' Request for Reconsideration and Partial Relief From Stay, attached hereto as Exhibit 1 and incorporated by reference herein. Although this Court refused to grant Plaintiffs' Motion for Preliminary Injunction, its imposition of the stay and failure to rule on the Defendants' Motion for Summary Judgment is, in effect, operating to inhibit

Defendants' development and sale of the product. *See id.* The very thing the patent laws were designed to protect—an individual's right to commercialize and market an invention for the public benefit—is prevented by the imposition of the stay.

Additionally, the costs of defending this lawsuit have been financially devastating to Defendants. Attorneys' fees, travel and other costs associated with defending this case have already run into hundreds of thousands of dollars. Despite subjecting the Defendants to the ordeal and financial costs of this lawsuit, the Plaintiffs have not been able to produce any credible evidence to support the basic element of their case—their ownership of the intellectual property at issue—making the Defendants' subjection to such costs all the more offensive. Indeed, given the lack of evidence that the Plaintiffs have been able to produce to support their case, subjecting the Defendants to the humiliation and expense of this lawsuit may very well have been the primary goal of the Plaintiffs. This scenario is consistent with statements that Frank Amodeo made to all employees of Mirabilis in February 2006 when he threatened to "destroy" and "bury under a mound of paper" anyone who failed to do as Amodeo directed. Mr. Hailstones and Ms. Curry cooperated with the ongoing investigation of United States Attorney for the Middle District of Florida contrary to the wishes of Mr. Amodeo. This lawsuit and the costs of defending it are the means by which Mr. Amodeo has punished them. While the Defendants may ultimately put their lives back together and even recover some portion of the costs of defending this lawsuit from Plaintiffs and/or other parties, that process cannot occur until the Defendants have obtained a final ruling on the ownership. Any further delay or stay in this proceeding only compounds the impact of the financial hardship that the Defendants have endured.

## IV.     THE STAY SHOULD BE LIFTED TO PERMIT SERVICE OF THE THIRD-PARTY COMPLAINT ON FRANK AMODEO.

Despite repeated attempts at his home, his parents' home, the corporate condominium, his workplace and even in Nebraska where Mr. Amodeo was under court order to appear for a deposition (but failed to appear) in another case, Defendants have been unable to serve Mr. Amodeo. On June 10, 2008, in Orange County Probate Court, Mr. Amodeo sought—and obtained—the appointment of a guardian to manage his legal and business affairs.

Mr. Amodeo is not the debtor in the bankruptcy case. Accomplishing service of process on Mr. Amodeo will not impact the debtor. Defendants/Counterclaim Plaintiffs seek the Court's indulgence in granting a relief from stay for the purpose of completing service of process on Mr. Amodeo—who this far has successfully evaded service—by serving his legal guardian, Harvey Moore, MD, 101 South Kennedy, Suite 3040, Tampa, FL 33602, with the Counterclaims and Third Party Complaint. In the alternative, Defendants/Counterclaim Plaintiffs seek the Court's permission to serve Mr. Amodeo by publication.

## IV.     CONCLUSION

Defendants' respectfully request that the Court reconsider its decision to stay the case in its entirety and grant relief from the stay in order to rule on the Defendants' Motion for Summary Judgment, including an award of attorneys' fees against Nexia (or its attorneys) pursuant to the Florida Trade Secrets Act, and to permit service of process upon Mr. Amodeo.

Respectfully submitted,

/s/ *Kathleen B. Havener*
KATHLEEN B. HAVENER
KATHLEEN B. HAVENER,
ATTORNEY AT LAW, LLC
15511 Russell Road
Chagrin Falls, OH 44022
Phone: 216-288-6009
Fax: 440-893-9326
kbhavener@havenerlaw.com

Attorney for Defendants Curry, Hailstones, Palaxar Group, LLC and Palaxar Holdings, LLC

MARTIN R. RASKIN
Florida Bar No. 315206
JANE SERENE RASKIN
Florida Bar No. 848689
RASKIN & RASKIN, P.A.
2601 South Bayshore Drive
Suite 725
Miami, Florida  33133
Telephone: (305) 444-3400
Facsimile: (305) 445-0266
mraskin@raskinlaw.com

Attorneys for Defendant Curry,
Palaxar Group, LLC and Palaxar Holdings, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June __, 2008, I electronically filed the foregoing Request of Defendants Edith Curry, Frank Hailstones, Palaxar Group, LLC, and Palaxar Holdings, LLC for relief from stay in order to serve Mr. Amodeo and Motion for Reconsideration of Stay Order with the Clerk of Court using the CM/ECF system which will send a notice of electric filing to the appropriate attorneys.

I further certify that on June ___, 2008, a copy of the foregoing has been furnished by U.S. Mail to:

Terence Chu
5637 Country Hills Lane
Glen Allen, VA 23059

Defendant

Frank Amodeo
614 Lake Avenue
Orlando, Florida 32801

Third Party Defendant

                                            /s/ Jane Serene Raskin___
                                             JANE SERENE RASKIN