**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MIRABILIS VENTURES, INC. and NEXIA STRATEGY CORPORATION,

Plaintiffs,

-vs.-

PALAXAR GROUP, LLC; PALAXAR HOLDINGS, LLC; FRANK HAILSTONES; EDITH CURRY a/k/a EDITH BROADHEAD; and TERENCE CHU,

Defendants,

vs.

MIRABILIS VENTURES, INC., et al.

Counterclaim and Third Party Defendants.

Case No.: 6:07-CV-1788-ORL-28-GJK

**DEFENDANTS' MOTION TO REINSTATE AND FOR A STATUS CONFERENCE**

After conferring with opposing counsel, and noting that Assistant United States Attorney, I. Randall Gold does not oppose, Defendants Palaxar Group, LLC, Palaxar Holdings, LLC, Frank Hailstones, and Edith Curry. by and through undersigned counsel, and Terence Chu, pro se (collectively "Defendants"), hereby move the Court to grant relief from its June 10, 2008 Orders staying discovery in this case and staying this case in its entirety in to order the case reinstated for the purposes of (1) allowing Defendants to dismiss their claims against Mirabilis (other than pursuing claims for attorneys' fees under F.S.A. § 688.005 and otherwise); (2) reinstating the Motions that were pending at the time of the stay; (3) allowing Mirabilis and Nexia to depose Defendants Curry and

Hailstones to the extent necessary and to respond to Defendants' Motion for Summary Judgment; (4) obtaining a ruling on Defendants' pending Motion for Summary Judgment and Terence Chu's pending Motion to Dismiss;[1] and (5) permitting the case to proceed. In particular Defendants request that the Court permit them to proceed with their Third Party Claims against the remaining parties.

First, the Court's original decision to stay all the claims in this case was not mandated by the Bankruptcy Code's automatic stay provision. Second, the Plaintiffs' request was for a 60 day stay – over 17 months ago. Third, while this Court had the discretion to stay claims outside the scope of the automatic stay, the Court may also grant a relief from its own stay, consistent with a balancing of the competing interests of the parties. Here, the stay continues to work a severe hardship on Defendants. By contrast, a lifting of the stay for the purposes sought herein will have no negative impact on the rights of the debtor or any other party intervening in this case.

## I. PROCEDURAL BACKGROUND

This litigation was filed against Defendants on October 12, 2007. Immediately after filing suit, Plaintiffs Mirabilis Ventures, Inc. ("MVI") and Nexia Strategy Corporation ("Nexia") (collectively "Plaintiffs"), Defendants' former employers, issued a series of inflammatory news articles and press releases reporting that Curry and Hailstones had "abscond[ed] with [Plaintiffs'] corporate assets" and implied Defendants were additionally "responsible for $220 million missing from MVI." The entire basis of Plaintiff's lawsuit was the single affidavit of MVI's then president, Jodi Jaiman; an

[1] If this Court grants Defendants' Motion for Summary Judgment, Defendant Chu's Motion to Dismiss should likewise be granted, because not only would the Court lack personal jurisdiction over Chu, but also, the Plaintiffs would have failed to state a claim against him upon which relief can be granted.

affidavit which she later recanted. The original affidavit of Jodi Jaiman is attached hereto as Exhibit 1.

Within two days of filing suit, two attorneys for Plaintiffs MVI and Nexia[2] and, as well as a former Mirabilis executive (who declared that he was present as a "witness"), along with a process server, flew from Florida and Alabama respectively to Scottsdale, Arizona. Knowing that Curry and Hailstones were speaking at a professional conference, Plaintiffs' representatives publicly served the lawsuit on Curry and Hailstones in the presence of between 50 and 75 of their professional colleagues who were in attendance at a conference of audit managers.

In January 2008, this Court denied Plaintiffs' Motion for Preliminary Injunction, based on Plaintiffs' failure to establish a likelihood of success on the merits. On March 17, 2008, Defendants filed their Motion for Summary Judgment. Despite having already received one thirty (30) day extension to reply, nevertheless on May 19, 2008, the day before their response was due and while they were preparing for their bankruptcy filing, Plaintiffs filed a Motion (Dkt. 134)—which Defendants opposed (Dkt. 138)—seeking further time in which to respond to Defendants' Motion. On May 27, 2008 this Court denied Plaintiffs' request for the 90 day extension (Dkt. 142), On the very same day, May 27, 2008 Plaintiff Mirabilis filed for bankruptcy protection in the case styled *In re: Mirabilis Ventures, Inc.*, Case No. 6:08-BK-04327[3] (the Bankruptcy Case) stating the reason for the bankruptcy:

---

[2] Only four months prior to the reported episode, the two attorneys had been in-house counsel at MVI and simultaneously counsel for AQMI Strategy and Presidion Solutions.

[3] Jason Klein, counsel for AQMI Strategy in this case withdrew only days before MVI filed bankruptcy and now, on behalf of Latham, Shuker and Beaudine represents MVI in the bankruptcy.

> The Chapter 11 filing comes primarily as a result of an *in rem* civil forfeiture action filed by the United States of America against certain assets MVI, which effectively caused the Debtor to be unable to pursue claims and litigation against various third parties.

Mirabilis' bankruptcy counsel "suggested" to this Court that all proceedings should be stayed ***for 60 days***. (Dkt. 143). Defendants objected (Dkt. 144), arguing that Section 362 of the Bankruptcy Code provides, in pertinent part, that the filing of a petition in bankruptcy operates as a stay ***only*** of:

> the commencement or continuation [ ] of a judicial [ ] action or proceeding ***against*** the debtor that was or could have been commenced before the commencement of the [bankruptcy case], or to recover a claim ***against*** the debtor that arose before the [bankruptcy case.]

*See In re Chestnut Hill Rehab. Hospital*, 387 B.R. 285 (Bkrtcy. M.D. Fla., March 25, 2008); *In re Dolen*, 265 B.R. 471, 478, (Bkrtcy. M.D. Fla. 2001). Defendants further argued that the only portions of the case that are subject to an automatic stay were the Counterclaims against Mirabilis and its subsidiary Nexia. The Third Party Defendants were not entitled to protection by the Bankruptcy Code for any reason.

On June 3, 2008, the United States Attorney for the Middle District of Florida filed an unopposed motion for a stay of discovery. (Dkt 146). On June 10, 2008, at the request of the United States Attorney, and without objection by any party, this Court issued a stay of discovery. (Dkt. 150). Later the same day, over the objection of Defendants, the Court stayed the entire case (Dkt. 151), and on June 12, 2008, the Court denied all pending motions as moot and administratively closed the case. (Dkt. 152). On June 17, 2008, Defendants Hailstones and Curry filed a Request for Reconsideration and Partial Relief from Stay (Dkt. 153), seeking reconsideration of the Court's imposition of a stay, requesting a ruling on Defendants' Motion for Summary Judgment, and

permission to serve Third Party Defendant Frank Amodeo. On July 9, 2008, the Court granted partial relief from the stay for the purpose of allowing Defendants to obtain service on Frank Amodeo, but declined Defendants' further requests for relief (Dkt 154).

II. THE COURT WAS NOT REQUIRED TO ENTER THE STAY.

A district court retains jurisdiction independent of the bankruptcy court to determine whether a proceeding pending before it is subject to the automatic stay under § 362(a)(1) of the Bankruptcy Code. *See Holland v. High Power Energy*, 248 B.R. 53 56-57 (S.D. W. Va. 2000). Even though the bankruptcy court is the exclusive forum to consider a motion for relief from the ***automatic stay***, this court may determine whether a matter before it is stayed by a party's bankruptcy filing. *See Singleton v. Fifth Third Bank of Western Ohio (In re Singleton)*, 230 B.R. 533, 538-39 (6th Cir. BAP 1999).

To determine the application of § 362(a)(1), a court must disaggregate all of the complaints, counterclaims, cross-claims, third-party claims, and motions for Rule 11 sanctions that are part of the lawsuit. *See In re Mid-City Parking, Inc.*, 332 B.R. 798, 807 (Bkrtcy. N.D. Ill. 2005), citing *Parker v. Bain (In re Parker)*, 68 F.3d 1131, 1137-38 & nn. 9-10 (9th Cir.1995) (multiple citations omitted). The court must then determine with respect to each component whether, at its inception, the claim was "against the debtor." *See id., citing Parker*, 68 F.3d at 1135-38; *see also Taylor v. Barnett Bank, N.A.*, 737 So.2d 1105, 1105-06 (Fla.Dist.Ct.App.1998) (numerous citations omitted). To the extent that the claim was not "against the debtor" at its inception because the debtor was a plaintiff, its further prosecution is not necessarily stayed pursuant to § 362(a)(1). *See Mid-City Parking* at 807-808 (numerous citations omitted). An action or proceeding stayed as to the debtor ***need not be not stayed*** as to its co-defendants or non-debtor third parties. *Id.*

Of course, this Court has the inherent equitable power granted under 28 U.S.C.A. § 1334, as well as the power to efficiently manage its docket, to grant relief by staying a third party suit or one brought by the debtor. But such power is not limitless. "Proper use of this authority 'calls for the judgment which may weigh competing interests and maintain an even balance.'" *Williford v. Armstrong World Industries, Inc.*, 715 F.2d 124, 127 (4th Cir. 1983), citing *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936). The party seeking a stay "***must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative***." *Id.* (emphasis added).

No party has made any showing to this Court that any clear and convincing circumstances outweigh the harm that is occurring daily to Defendants because of the Court's imposition of the stay. Accordingly, Defendants respectfully seek relief from this Court's stay of proceedings and the reinstatement of the case for purposes of: (1) permitting Defendants to dismiss their Counterclaims against Mirabilis (other than a request for attorneys' fees and in particular attorneys' fees pursuant to F.S.A. § 688.005); (2) allowing Mirabilis and Nexia to depose Defendants Curry and Hailstones to the extent necessary and to respond to Defendants' Motion for Summary Judgment; (3) obtaining a ruling on Defendants' pending Motion for Summary Judgment and Terence Chu's Motion to Dismiss; and (4) permitting Defendants to proceed with their Third Party Claims against the remaining parties.

## III. THE BANKRUPTCY WAS FILED FOR REASONS OTHER THAN THAT THE DEBTOR WAS INSOLVENT.

On May 14, 2008, prior to the filing of MVI's bankruptcy, MVI's bankruptcy counsel, Ms. Elizabeth Green ("Ms. Green") met with representatives of the office of the United States Attorney for the Middle District of Florida and the Internal Revenue

Service. During that meeting, MVI's bankruptcy counsel stated that she had been engaged by Frank L. Amodeo, as the controlling person of debtor MVI, and that together they were considering filing for bankruptcy protection for MVI under Chapter 11. Ms. Green stated that the ***sole*** reason for filing the bankruptcy petition was to "use" the bankruptcy to continue civil litigation which, if settled or won, would provide funds for Frank Amodeo (who was since indicted for conspiracy, failure to remit payroll taxes, wire fraud, and obstruction of an agency investigation, and pled guilty to five counts of the 27-count indictment) to pay back the IRS so that Amodeo could present this fact to the sentencing judge in the(then-expected) criminal case against him in the hope that Amodeo would be granted leniency. *See* United States Motion to Dismiss [Bankruptcy] Case Based Upon its Bad Faith Filing (with accompanying exhibits) filed September 23, 2008, in the United States Bankruptcy Court for the Middle District of Florida, Orlando Division, Case No. 6:08-bk-o4327-KSJ, collectively attached hereto as Exhibit 2.

Attached as Exhibit 3 to this Motion to Reinstate is a statement of Elizabeth Green filed on June 3, 2008, in advance of the first status conference in the bankruptcy case, in which Ms. Green stated, in pertinent part, the reason Mirabilis filed for bankruptcy protection:

> The Chapter 11 filing comes primarily as a result of an *in rem* civil forfeiture action filed by the United States of America against certain assets MVI, which effectively caused the Debtor to be unable to pursue claims and litigation against various third parties. In an effort to preserve equity for all of its creditors and other potential creditors, the Debtor filed its voluntary petition on May 27, 2008.

Additionally, Exhibit A to the government's motion (Exhibit 2 to this Motion to Reinstate), is an affidavit executed by Jodi Jaiman, President of Mirabilis at the time this

case was filed, which states that Frank Amodeo directed Mirabilis' Chapter 11 Bankruptcy to be filed–not to reorganize the business—but to "save the litigation," in a desperate attempt to help him recover a portion of the $181 million referenced in his plea agreement.

The debtor entered into an offer and compromise with the U.S. government. The hearing on the bad faith filing was repeatedly postponed. Finally, on August 26, 2009, the bankruptcy court denied all pending motion to dismiss the bankruptcy on the basis of a bad faith filing, while refusing to hold an evidentiary hearing. But the mere fact that the bankruptcy was alleged to have been filed in bad faith renders the stay of this case all the more oppressive.

Every day that Defendants are prevented from obtaining a ruling and proceeding with their Third Party claims in this case is yet another day that Ms. Curry and Mr. Hailstones are prevented from rehabilitating their good names, finding suitable employment, marketing the intellectual property at issue, and making money sufficient to support themselves and their families. At the same time, the attorneys and witnesses in this case—who denied on the record that Frank Amodeo had any involvement in this matter or with controlling MVI, and conversely, when it served their purposes, swore on the record (or were acknowledged as cooperating with making the representation) to the bankruptcy court that Frank Amodeo was the person who controlled MVI all along,[4] who are thus guilty of express misrepresentations to this Court, are blithely proceeding with

[4] *Compare* Transcript of Proceedings before this Court on January 25, 2008 at p. 12, attached hereto as Exhibit 4, *with* Affidavit of Jodi Jaiman to the Bankruptcy Court executed September 16, 2008, attached as Exhibit A to the filing that constitutes Exhibit 2, *with* Exhibit 1 itself at pp.2-3, ¶¶ 3, 4, the affidavit of Jodi Jaiman filed in this case.

their lives, employable and gainfully employed. Apparently, the old adages "crime doesn't pay" and "cheaters never prosper" were false.

## IV. THE COURT MAY ALLOW PLAINTIFFS TO DEPOSE CURRY AND HAILSTONES WITHOUT FEAR THAT THE GOVERNMENT'S INTEREST IN PROTECTING THE CRIMINAL PROCESS WILL BE HARMED.

In its July 9, 2008 Order, this Court stated that—although it had not overlooked its denial of Mirabilis' second motion for an extension of time to respond to the summary judgment motion—it would not rule on Defendants' summary judgment motion "without, at a minimum, permitting the filing of a response by the debtor, Mirabilis[,]" and allowing MVI to conduct the depositions of Defendants Curry and Hailstones once the stay of discovery is lifted. The stay of discovery was occasioned by the intervention of the government in the case and its concern that Plaintiffs intended to abuse the discovery process by obtaining information via discovery in the civil case to which they would not be entitled in the criminal arena.[5] The government has indicated that it does not oppose this Motion to Reinstate.

Just as they were ***seventeen months ago*** (and indeed had arranged to appear, Ms. Curry having arrived in Orlando before Defendants postponed her deposition scheduled for April 26, 2008), Defendants Curry and Hailstones remain ready to be deposed by Plaintiffs to the extent necessary for the Court to rule on Defendants' motions. Given that (1) Defendants intend to dismiss their Counterclaims against Mirabilis;[6] and (2) the

[5] In Case No. 08-cr-176-0 rl-28GJK, Amodeo pled guilty to five of the twenty-seven counts of the indictment and., On May 14, 2009 Ms. Curry testified at Amodeo's Sentencing Hearing as a witness for the United States. On May 26, 2009, this Court sentenced Amodeo to 22½ years of imprisonment plus restitution and forfeiture of assets.

[6] Should Defendants prevail in defending the trade secrets claim, Defendants do not abandon their request for attorneys' fees as provided for in F.S.A. § 688.005, which is not a counterclaim, but a request for relief

government's interests will be protected, since it will have the right to attend the depositions of Defendants Curry and Hailstones and interpose objections as necessary, there is no danger that the Plaintiffs will be able to abuse the discovery process by seeking responses relevant to anything beyond their own claims against the Defendants.

## V. THE SEVERE HARM TO THE DEFENDANTS CREATED BY THE DISCRETIONARY STAY OUTWEIGHS ANY POTENTIAL HARM TO PLAINTIFFS.

The severe and actual harm to the Defendants caused by the Court's discretionary stay of Plaintiffs' claims against them clearly outweighs any potential harm to Plaintiffs or to the government that might result from a lifting of the stay to grant the requested relief. In this case, justice delayed truly is justice denied. Plaintiffs' highly publicized claims of theft against Defendants have caused them severe personal and financial hardships and those hardships are perpetuated by the continuation of the Court's stay.

Both Defendants are professionals in the financial services industry. Curry is an attorney and an accountant with two decades of experience in the financial services and anti-fraud industries. Hailstones is a Chartered Public Accountant with a long history of outstanding service at PricewaterhouseCoopers and elsewhere. Nevertheless, in the process of applying for any job opening in their chosen field, Defendants are asked, "Have you ever been accused of theft by a former employer?" The status quo requires them to respond affirmatively to that question but prevents them from providing an explanation sufficient to clear them of the taint of the Plaintiffs' allegations, because the claims of theft, although unsupported, have been stayed by this Court's discretionary decision.

---

pursuant to the Florida version of the Uniform Trade Secrets Act, nor do Defendants waive any equitable claim they may have for attorneys' fees from Mirabilis and Nexia.

Despite monumental efforts, Ms. Curry has been unable to find appropriate employment since the damage done to her reputation by Mr. Amodeo's failure to keep his promises in Virginia and by the taint of this lawsuit. Her family has been separated as a result. Mr. Hailstones was forced by Plaintiffs' actions to leave his home in Orlando and reside in the United Kingdom, where he too found it difficult to find a comparable position. Finally, Ms. Curry's anti-fraud product is jeopardized by the Plaintiffs' accusation that she absconded with certain intellectual property which Defendants argue is unquestionably hers and hers alone. Marketing her product has proved virtually impossible while the ownership of the patent(s) remains clouded in doubt and Defendants remain under suspicion of theft. *See* Affidavit of Terence Chu in Support of Defendants' Request for Reconsideration and Partial Relief From Stay (Dkt 153-2), incorporated by reference herein. Although this Court refused to grant Plaintiffs' Motion for Preliminary Injunction, its imposition of the stay, and perpetuating the impediments to obtaining a ruling on the Defendants' Motion for Summary Judgment is effectively operating to inhibit Defendants' development and sale of the product. *See id.* The very thing the patent laws were designed to protect—an individual's right to commercialize and market an invention for the public benefit—is prevented by the imposition and continued operation of the stay.

Additionally, the costs of defending this lawsuit have been financially devastating to Defendants. Attorneys' fees, travel and other costs associated with defending this case have already run in excess of half a million dollars. Despite subjecting the Defendants to the ordeal and financial costs of this lawsuit, the Plaintiffs have not been able to produce any credible evidence to support the basic element of their case—their ownership of the

intellectual property at issue—making the Defendants' subjection to such costs all the more offensive. Indeed, given the lack of evidence that the Plaintiffs have been able to produce to support their case, subjecting the Defendants to the humiliation and expense of this lawsuit may very well have been the primary goal of the Plaintiffs. This scenario is consistent with statements that Frank Amodeo made to all employees of Mirabilis in February 2006 when he threatened to "destroy" and "bury under a mound of paper" anyone who failed to do as Amodeo directed. Mr. Hailstones and Ms. Curry cooperated with the ongoing investigation of United States Attorney for the Middle District of Florida, contrary to the wishes of Mr. Amodeo. This lawsuit and the costs of defending it are the means by which Mr. Amodeo has punished them.

While the Defendants may ultimately put their lives back together and even recover some portion of the costs of defending this lawsuit from Plaintiffs and/or other parties, that process cannot occur until the Defendants have obtained a final ruling on the ownership of the intellectual property. Any further delay or stay in this proceeding only compounds the impact of the financial hardship that the Defendants have endured. The disparity between the Plaintiffs, whose consistent misrepresentations have crippled the Defendants' ability to earn a living, and the Defendants, who despite their innocence of any malfeasance are unable to go on with their lives, is downright shameful.

## IV. CONCLUSION

Defendants' respectfully request that the Court grant relief from the stay and reinstate this case for the purpose of: (1) permitting Defendants to dismiss their Counterclaims against Mirabilis (other than appropriate requests for attorneys' fees); (2) allowing Mirabilis and Nexia to depose Defendants Curry and Hailstones to the extent

necessary and to file a response to Defendants' Motion for Summary Judgment; (3) obtaining a ruling on Defendants' pending Motion for Summary Judgment (including an award of attorneys' fees against MVI and Nexia—or their attorneys—pursuant equitable considerations as well as to the Florida Trade Secrets Act if appropriate) and Terence Chu's Motion to Dismiss; and (4) permitting Defendants to proceed with their Third Party Claims against the remaining parties. Furthermore, Defendants respectfully request that the Court schedule a status conference in the case at its earliest convenience.

Respectfully submitted,

Date____________________________

MARTIN R. RASKIN
Florida Bar No. 315206
JANE SERENE RASKIN
Florida Bar No. 848689
RASKIN & RASKIN, P.A.
2601 South Bayshore Drive
Suite 725
Miami, Florida 33133
Telephone: (305) 444-3400
Facsimile: (305) 445-0266
mraskin@raskinlaw.com

Attorneys for Defendant Curry, Palaxar Group, LLC and Palaxar Holdings, LLC

/s/ Kathleen B. Havener____
KATHLEEN B. HAVENER
THE HAVENER LAW FIRM, LLC
15511 Russell Road
Chagrin Falls, OH 44022
Phone: 440-893-0188
Cell: 216-288-6009
Fax: 440-893-9326
kbhavener@havenerlaw.com

Attorney for Defendants Curry, Hailstones, Palaxar Group, LLC and Palaxar Holdings, LLC

/s/__Terence Chu_______

Terence Chu
5637 Country Hills Lane
Glen Allen, VA 23059

Pro Se

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 15, 2009, I electronically filed the foregoing Motion of Defendants Edith Curry, Frank Hailstones, Palaxar Group, LLC, Palaxar Holdings, LLC for Relief From Stay, to Reinstate the Case, and for Status Conference with the Clerk of Court using the CM/ECF system which will send a notice of electric filing to the pro se parties.

/s/ *Kathleen B. Havener*
KATHLEEN B. HAVENER