IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MIRABILIS VENTURES, INC. and
NEXIA STRATEGY CORPORATION,

    Plaintiffs,

v.                            CASE NO.: 6:07-CV-1788-ORL-28-KRS

PALAXAR GROUP, LLC;
PALAXAR HOLDINGS, LLC;
FRANK HAILSTONES; EDITH CURRY
a/k/a EDITH BROADHEAD; and
FICTITIOUS DEFENDANTS 1-8.

    Defendants.

### DECLARATION OF JODI JAIMAN

1. My name is Jodi Jaiman. I am a resident of Orange County, Florida. I am over the age of 19 and of sound mind.

2. I am currently the president of Mirabilis Ventures, Inc ("Mirabilis") and Nexia Strategy Corporation ("Nexia").

3. I am currently the sole director of Nexia.

4. Mirabilis is the sole shareholder of Nexia.

5. I have reviewed the Complaint, Defendants' Answers, and Exhibits A and B to Defendants' Answers.

6. I have also reviewed the meeting minutes for the Board of Directors Meetings and Shareholders' Meetings for Mirabilis and Nexia from the beginning of 2006 through the present date.



EXHIBIT 1

944727.1

7. Neither the Board of Directors for Mirabilis nor Nexia authorized, approved or ratified the transactions reflected in Exhibits A or B to Defendants' Answers.

8. Mirabilis, in its capacity as the sole shareholder of Nexia, did not authorize, approve, or ratify the transactions reflected in Exhibits A or B to Defendants' Answers.

9. Further, the By-laws for both Mirabilis and Nexia prohibit the transactions reflected in Exhibits A and B to Defendants' Answers without the authorization, approval or ratification of the Board of Directors.

10. Frank Hailstones did not have the authority to execute Exhibits A and B to Defendants' Answers on behalf of Mirabilis or Nexia without the authorization, approval or ratification of the Board of Directors for Mirabilis and Nexia.

11. Additionally, Frank Hailstones did not have the authority to execute Exhibits A and B to Defendants' Answers on behalf of Mirabilis or Nexia without the authorization, approval or ratification of Mirabilis, in its capacity as the sole shareholder of Nexia.

12. The facts set forth in this declaration are based on my personal knowledge or knowledge available to me in my capacity as president of Mirabilis.

13. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the facts set forth in this declaration are true to the best of my knowledge.

_____
Jodi Jaiman
Date: Dec. 5, 2007

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MIRABILIS VENTURES, INC. and
NEXIA STRATEGY CORPORATION,

    Plaintiffs,

v.                        CASE NO.: 6:07-CV-1788-ORL-28-KRS

PALAXAR GROUP, LLC;
PALAXAR HOLDINGS, LLC;
FRANK HAILSTONES; EDITH CURRY
a/k/a EDITH BROADHEAD; and
FICTITIOUS DEFENDANTS 1-8.

    Defendants.

## DECLARATION OF JODI JAIMAN IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

1. My name is Jodi Jaiman. I am a resident of Orange County, Florida. I am over the age of 19 and of sound mind.

2. I am currently the president of Mirabilis Ventures, Inc ("Mirabilis") and Nexia Strategy Corporation ("Nexia").

3. I am currently the sole director of Nexia.

4. Mirabilis is the sole shareholder of Nexia.

5. I make this declaration based both on my personal knowledge or knowledge available to me in my capacity as President of Mirabilis, and a review of business records maintained by Plaintiffs in the ordinary course of business.

6. I have reviewed all pleadings and motions filed to date in this matter.

7. I have also reviewed the following records in possession of Plaintiffs: the Board of Directors Meeting Minutes and Shareholders' Meeting Minutes for Mirabilis and Nexia from

1

the beginning of 2006 through the present date (attached hereto as "Exhibit 1"); the Bylaws for Mirabilis and Nexia (attached hereto as "Exhibit 2"); the financial records reflecting expenses incurred and paid by Plaintiffs related to the development and creation of Nexia Certification (attached hereto as "Exhibit 3"); the employment contracts and employee handbooks for Hailstones and Curry (attached hereto as "Exhibit 4"); Hailstones' and/or Curry's notes and other documentation created while Curry and Hailstones were employed by Plaintiffs related to the creation and development of Nexia Certification (attached hereto as "Exhibit 5"); correspondence in Plaintiffs' possession from the United States Patent and Trademark Office related to the patent application for Nexia Certification (attached hereto as "Exhibit 6"); other correspondence and documentation in Plaintiffs' possession related to the positions, duties and actions of Hailstones and Curry while employed by Plaintiffs (attached hereto as "Exhibit 7"); print-outs from Palaxar's website and brochures demonstrating Defendants' use and marketing of Nexia Certification (attached hereto as "Exhibit 8"); and Exhibits A and B to Defendants' Answers which Defendants contend reflect an assignment of Nexia Certification to Curry (attached hereto as "Exhibit 9").

8. My personal knowledge and the documents that I have reviewed which are attached hereto as Exhibits 1-9 demonstrate the following:

a. Hailstones and Curry are former officers and/or directors of Plaintiffs. While employed by Plaintiffs, Curry and Hailstones were tasked with developing and managing Nexia, a business consulting company which focused on advising corporate clients in the areas of corporate governance, risk management and internal controls. Mirabilis and its affiliates invested significant resources into Nexia upon the recommendation and request of Curry and Hailstones. One of Nexia's core products was an anti-fraud certification program referred to as

Nexia Certification. *See* Exhibit 5. During the development and management of Nexia and the creation of Nexia Certification, Hailstones and Curry had access to, and did in fact gather, confidential and proprietary information and trade secrets. In addition, Hailstones and Curry developed numerous business opportunities, contacts and relationships with potential clients through their employment with Plaintiffs and at the expense of Plaintiffs. As part of the development and management of Nexia, Curry was tasked with obtaining a patent for Nexia Certification for the benefit of Plaintiffs. Curry was aware at all pertinent times that Nexia Certification was created for and owned by Plaintiffs. *See* Exhibit 5. Mirabilis, as Nexia's parent corporation, paid all fees associated with the research and development of Nexia Certification and the accompanying patent application totaling at least of $1.5 million ($1,500,000.00). *See* Exhibit 3.

    b.    During the time period made the basis of this lawsuit, Nexia was comprised of Curry, Hailstones, and a few other employees based in Richmond, Virginia, all, or most of which, upon information and belief, now hold positions with Palaxar Holdings LLC and/or Palaxar Group LLC (collectively referred to as "Palaxar"), a named defendant in this lawsuit. Also, during the time period made the basis of this lawsuit, Nexia's only assets were Nexia Certification and the significant business opportunities, contacts, and potential client relationships developed by Hailstones and Curry while employees of Plaintiffs.

    c.    Hailstones and Curry each were bound by employment contracts, which contain provisions prohibiting the misappropriation of trade secrets and providing for the protection of confidential information obtained while performing their duties as employees of Plaintiffs. *See* Exhibit 4. The employment contracts for Hailstones and Curry also provide that upon the employees' termination, they are prohibited from disclosing or making available any confidential

3

information to any person or entity within a specific period of time after their termination without Plaintiffs' consent. *See* Exhibit 4.

d.   The Bylaws for both Nexia and Mirabilis provide a Business Ethics Code, a Business Conflicts Policy, a Professional Integrity Policy, and a Non-Disclosure of Confidential Information Policy. *See* Exhibit 2. These provisions and policies prohibit the Defendants' actions and form the basis of this lawsuit. Specifically, among other prohibitions, the provisions and policies prohibit an employee from having a personal interest that conflicts with Plaintiffs, from acting to cause conflicts with Plaintiffs, and from disclosing confidential and proprietary information gained while employed by Plaintiffs.

e.   While employed by Plaintiffs, Hailstones and Curry, conspired to use, and subsequently thereafter used, confidential and proprietary information and Nexia Certification, which was developed at Plaintiffs' expense, for their own personal benefit and gain, and/or the benefit and gain of others. While Hailstones and Curry were still employed by Plaintiffs, they organized a competing entity, Palaxar Group LLC and/or Palaxar Holdings LLC, which would in turn implement and market Nexia Certification. Both Hailstones and Curry are founding members of Palaxar Group LLC and/or Palaxar Holdings LLC. *See* Exhibit 8.

f.   Hailstones and Curry drafted and signed documents while employed by Plaintiffs purporting to transfer rights to Nexia Certification to themselves. *See* Exhibit 9. Hailstones and Curry drafted and signed such documents without the authorization, approval or ratification of the Board of Directors for Plaintiffs. *See* Exhibit 1. Furthermore, Mirabilis, in its capacity as the sole shareholder of Nexia, did not authorize, approve, or ratify the transactions reflected in Exhibit 9. The By-laws for both Mirabilis and Nexia prohibit the transactions reflected in Exhibit 9 without the authorization, approval or ratification of the Board of Directors. *See*

Exhibit 2. The Board of Directors Meeting Minutes demonstrate that the Board of Directors for neither Plaintiff authorized, approved or ratified the documents attached as Exhibit 9. *See* Exhibit 1.

While Hailstones signed the documents attached as Exhibit 9 purporting to act in his capacity as President of Mirabilis, Hailstones did not have the authority to execute the documents attached as Exhibit 9 on behalf of Mirabilis or Nexia without the authorization, approval or ratification of the Board of Directors for Mirabilis and Nexia. Additionally, Hailstones did not have the authority to execute such documents on behalf of Mirabilis or Nexia without the authorization, approval or ratification of Mirabilis, in its capacity as the sole shareholder of Nexia.

    g.    After the organization of the competing entity, Palaxar, Hailstones and Curry left the employment of Plaintiffs taking with them confidential and proprietary information, trade secrets, and property belonging to Plaintiffs, including Nexia Certification. Furthermore, Hailstones and Curry took with them all business contacts developed through the creation of Nexia Certification while employed by Plaintiffs. Defendants have in effect stolen Nexia Certification and all of the intangible goodwill of Nexia from Plaintiffs. Based on the documents attached as Exhibit 8, Palaxar is currently offering for sale to others the patent-pending fraud solution program developed by Hailstones and Curry at Mirabilis' expense while employed by Plaintiffs. The property Defendants have sold, and continue to market, belongs to Plaintiffs.

    9.    Defendants' use of Nexia Certification, as well as the confidential information and business contacts/relationships accessed and developed while employed by Plaintiffs, has damaged, and continues to damage, Plaintiffs and has deprived Plaintiffs of the benefit of property which they rightfully own. Such damage includes, but is not limited to, the amount

invested by Plaintiffs into the development and management of Nexia at the recommendation and request of Curry and Hailstones, the amount invested by Plaintiffs into the development and creation of Nexia Certification, all fees and charges associated with the pending patent application for Nexia Certification, the use and enjoyment of Nexia Certification, and any and all profits, benefits or recognition received by Defendants as a result of Nexia Certification and their usurpation of Nexia's corporate opportunities.

10. Plaintiffs will continue to suffer damage, deprivation and irreparable harm related to Defendants' possession and use of Nexia Certification and Nexia's confidential information unless Defendants are estopped from any further use of Nexia Certification and Nexia's confidential information.

11. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the facts set forth in this declaration are true to the best of my knowledge.

Jodi L. Jaiman

Date: 1.4.08