IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILED

2009 OCT 30 PM 12: 13

MIRABILIS VENTURES, INC. and
NEXIA STRATEGY CORPORATION,
    Plaintiff,

v.    Case No.: 6:07-cv-1788-ORL-28-KRS

PALAXAR GROUP, LLC;
PALAXAR HOLDINGS, LLC;
FRANK HAILSTONES; EDITH CURRY
a/k/a EDITH BROADHEAD; and
FICTITIOUS DEFENDANTS 1-8,
    Defendants.
_____/

## Motion to Appoint Guardian Ad Litem

Comes now, Frank L. Amodeo, a cross claim defendant; hereinafter referred to as Amodeo. Amodeo believes Amodeo has a motion to dismiss pending but is unsure in part because of the reasons set forth below; Amodeo moves the Court to appoint a guardian ad litem to represent Amodeo's interests.

1. Amodeo was declared legally incompetent by the State of Florida on or about May 26, 2008.

2. The Defendants became aware of this incompetency during the summer of 2008 possibly when Assistant U.S. Attorney Randall Gold announced the incompetency at a bankruptcy court hearing for Mirabilis Ventures on or about June 14, 2008 and certainly at some day before the Defendant's served pleadings on Amodeo's then general guardian Harvey Moore, Ph.D.

3. This order of incompetency remains in full force and effect. As such Amodeo lacks the legal authority to contract or represent Amodeo's interests before this Court or in this action.

4. This Court has authority to appoint a guardian ad litem pursuant to Federal Rule of Procedure 17(c).

5. The Eleventh Circuit Court of Appeals and the District Court for the Middle District of Florida have determined an incompetent is entitled to a guardian ad litem appointed by the Court in civil litigation. Burke v. Smith 252F.3d 1260 (11th Cir 2001); Greenworth Life Insurance Co. v. Sehorne 2008 U.S. Dist LEXIS 30369 (April 2008 M.D. of Fla.); Scannavino v. Fla. Dept. of Corrections 242 F.R.D.662, 2007 U.S. Dist LEXIS 41579 (M.D. of Fla. 2007).

6. The Supreme Court has determined that the prior determination of state courts are to be given preclusive effect in federal courts pursuant to the principle that federal courts are required by the full faith and credit provisions of federal law currently embodied in 28 USCS

1

§1738. This principle is long established, priginally found in the Act of 1790; Mills v. Duryee(1813) 11 US 481; Thompson v. Williams (1874) 85 U.S. 457, 21 L.ED 897; American Surety Co. v. Baldwin(1832) 287 US 156; 77 L.Ed 231, 53 S,Ct 98; Allen v. McMurry(1980) 449 US 90, 66 L.Ed 2d 308, 101 S.Ct 411; kremer v. Chemical Construction Corp.(1982) 72 L.Ed 2d, 102 S.Ct 1883; Demosthenes v. Baal(1990) 495 U.S. 731, 109 L.Ed 2d 762, 110 S.Ct 2223.

7. Since Amodeo has substantial interests in the outcome of these proceedings, substantial duties to claimants in the case and has been declared incompetent, and since Amodeo lacks a general representative; Amodeo is entitled to appointmant of a guardian ad litem.

Wherefore, Amodeo respectfully requests the Court appoint a guardian ad litem and sunch other and further relief as the Court deems appropriat and fair.

Respectfully submitted this 26 day of October 2009.

Frank L. Amodeo
F.C.C.-Low
P.O.Box 1031
Coleman, Florida 33521

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26 day of October 2009, I served the Foregoing on all parties named below, by first class mail:

1. Martin R. Raskin
   Jane Serene Raskin
   RASKIN & RASKIN, P.A.
   2601 South Bayshore Drive
   Suite 725
   Miami, Florida 33133
   **Attorneys for Edith Curry,
   Palaxar Group LLC,
   and Palaxar Holdings LLC.**

2. Craig S. Warkol
   BRACEWELL & GIULIAN LLP
   1177 Avenue of the Americas
   New York, N.Y. 10036

   **Attorneys for Frank Hailstone**

3. Aaron C. Bates, Esq.
   GOLDBERG BATES, PLLC
   Florida Bar No. 011749
   3660 Maguire Boulevard
   Suite 102
   Orlando, Florida 32803

4. J. Russell Campbell
   BALCH & BINGHAM LLP
   Florida Bar No. 901423
   P.O. Box 306
   Birmingham, Alabama 35201

Frank L. Amodeo