# WRITTEN CONSENT OF THE BOARD OF DIRECTORS OF MIRABILIS VENTURES, INC., A NEVADA CORPORATION, IN LIEU OF A MEETING

The undersigned, constituting all of the Board of Directors of Mirabilis Ventures, Inc., a Nevada corporation (the "Corporation"), hereby make the following written statement pursuant to, and in accordance with, Nevada Law, in lieu of holding a meeting of the Board of Directors, and hereby approve, adopt and consent to the following corporate actions:

**RESOLVED**, that the Board of Directors do hereby authorize Frank L. Amodeo to waive the attorney-client privilege of confidentiality, on behalf of and in the name of the Corporation, in connection with Richard E. Berman, Esq. and the law firm of Berman, Kean & Riguera, P.A. ("BKR") representation of the Corporation and its related affiliates and subsidiaries, for the sole and limited purpose of allowing Mr. Berman and BKR to comply with the request for production of documents pursuant to that certain U.S. Attorney's Office grand jury subpoena, and be it;

**FURTHER RESOLVED**, that the Board of Directors do hereby authorize Frank L. Amodeo to waive the attorney-client privilege with Mr. Berman and BKR in connection with their representation of the following subsidiary and/or affiliated companies:

Absolute Packaging Engineered Solutions, LLC
AEM, Inc.
Allstaff Personnel Management, Inc.
Axena, Inc.
BenComp National Corp.
Cadent Administrators, Inc.
Cadent Underwriters, Inc.
Common Paymaster Corporation
Community Health Solutions of America, LLC
Nexia Strategy Corporation
Siren Resources, Inc.
Universal Analytics, Inc.

**FURTHER RESOLVED**, that Frank L. Amodeo and any of the officers or directors of the Corporation are hereby authorized and directed in the name of, and on behalf of, this Corporation to take any and all such actions as they shall deem necessary or advisable to carry out the foregoing resolutions.

Dated: November 21, 2007.

**DIRECTORS:**

By: _____
Its: Shane Williams
      Director

By: _____
Its: Jay Stollenwerk
      Director

# MIRABILIS VENTURES, INC.

## ACTION BY WRITTEN CONSENT
## IN LIEU OF A BOARD OF DIRECTORS MEETING

On this the 10th day of September, 2007, pursuant to the authority of the Nevada Revised Statutes, the undersigned, constituting all of the Directors of Mirabilis Ventures, Inc., a Nevada corporation (the "Corporation"), do hereby affirmatively vote for, consent to, adopt and approve the following resolutions by written consent in lieu of a Board of Directors meeting.

**WHEREAS**, the Corporation purchased 100% of the issued and outstanding shares of common stock of North American Communications, Inc., a Utah corporation ("NACI") from Wellington Capital Group, Inc. the sole shareholder at that time, pursuant to that certain Stock Purchase Agreement dated August 31, 2006;

**WHEREAS**, the Board of Directors resolutions authorizing and approving the purchase of NACI at that time have been lost or misplaced;

**WHEREAS**, the Board of Directors now desire to execute the following resolutions authorizing that certain NACI Stock Purchase Agreement; and,

**NOW, THEREFORE:**

**BE IT RESOLVED**, that the form, terms and conditions of that certain Stock Purchase Agreement dated August 31, 2006 for the sale of 100% of the issued and outstanding shares of common stock of NACI, by and among the Corporation and Wellington Capital Group, Inc., and the transactions contemplated thereby, be and hereby is in all respects authorized, approved, ratified and adopted by the Board of Directors; and be it,

**FURTHER RESOLVED**, that the Board of Directors do hereby agree to modify and correct the prior Board of Directors resolutions dated May 4, 2007 as follows: the Board of Directors hereby remove Gary E. Oksutcik as the registered agent of the Corporation, effective immediately, and the Board of Directors shall appoint a new registered agent as soon as commercially reasonable after the date of these resolutions; and be it,

**FURTHER RESOLVED**, that any acting officer or director of the Corporation, or their designee, shall be, and hereby is, authorized, empowered, and directed, in the name of and on the behalf of the Corporation, to take all such additional actions and to execute and deliver such additional agreements, documents and instruments as he or she may deem necessary or appropriate to implement the provisions of the foregoing resolutions, the authority for the taking of such action and the execution and delivery of such agreements, documents, and instruments to be conclusively evidenced thereby.

Dated: September 10, 2007.

**DIRECTORS:**

By: _____  
Shane Williams, Director

By: _____  
Jay Stollenwerk, Director

## Scott Goldberg

**From:** Mark Bernet [mbernet1@verizon.net]
**Sent:** Tuesday, May 29, 2007 9:06 AM
**To:** Scott Goldberg
**Subject:** Resignation

Scott:

Please accept this as my formal resignation as Registered Agent for Mirabilis Ventures, Inc. You should immediately file the appropriate papers with the Florida Secretary of State. Please understand that I will <u>not</u> forward any process or other papers served on me as Registered Agent for Mirabilis Ventures from this date forward.

Please call me should you have any questions or comments.

Mark J. Bernet

5/30/2007

## MIRABILIS VENTURES, INC.

## ACTION BY WRITTEN CONSENT
## IN LIEU OF A BOARD OF DIRECTORS MEETING

On this the 17th day of May, 2007, and pursuant to the authority of Nevada Statutes, the undersigned, constituting all of the Directors of MIRABILIS VENTURES, INC., a Nevada corporation (the "Corporation"), do hereby affirmatively vote for, consent to, adopt and approve the following resolutions by written consent in lieu of a Board of Directors meeting.

**BE IT RESOLVED**, that the Board of Directors do hereby authorize the removal of Dan Myers, and any other person who may be a signatory on any bank account of the Corporation prior to the date of these resolutions, as signatory on any and all bank accounts of the Corporation, effective immediately; and be it,

**FURTHER RESOLVED**, that the Board of Directors do hereby authorize, approve and appoint Jay Stollenwerk, Treasurer of the Corporation, as the only bank signatory on any and all bank accounts of the Corporation, and to take all such actions that he deems necessary in connection with the bank accounts of the Corporation, effective immediately; and be it,

**FURTHER RESOLVED**, that the Board of Directors do hereby authorize Jay Stollenwerk to open or close any and all banking accounts on behalf of the Corporation; and be it,

**FURTHER RESOLVED**, that the Board of Directors do hereby expressly agree that the Corporation shall indemnify and hold Jay Stollenwerk harmless from any and all actions, claims, liabilities and causes of actions of any kind or nature which may be asserted against Jay Stollenwerk in connection with his services on behalf of the Corporation: and be it,

**FURTHER RESOLVED**, that any of the officers and/or directors of the Corporation are hereby authorized and directed in the name of, and on behalf of, this Corporation to take any and all such actions as they shall deem necessary or advisable to carry out the foregoing resolutions.

Dated: May 17, 2007.

**DIRECTORS:**

By: /s/ Jay Stollenwerk, Director

By: /s/ Shane Williams, Director

Message
Page 1 of 1

### Fernando Simo

**From:** Fernando Simo [Fernando.simo@simofam.com]
**Sent:** Tuesday, May 15, 2007 5:03 PM
**To:** 'jaystollenwerk@aqmistrategy.com'
**Subject:** Mirabilis Resignation

Jay,

As you know, I have not been involved in understanding the running of the Mirabilis' Operations and/or any activity or dealings of the company since late January 2007. As a result, I would like to resign from the Board of Directors of Mirabilis effective, May 1, 2007. Please confirm receipt of this email by replying to it. Thank you.

Best Regards.

Fernando Simo
Email: fernando.simo@simofam.com
Web: www.simofam.com
Cellular Phone: 407-361-8886
Home: 321-939-4264

Click Here

5/16/2007

### Jay Stollenwerk

**From:** Fernando Simo [Fernando.simo@simofam.com]
**Sent:** Wednesday, May 16, 2007 5:22 PM
**To:** Jay Stollenwerk
**Subject:** FW: Mirabilis Resignation

Jay,

Sorry. I sent it to the wrong email. Let me know if you receive this.

Best Regards.

Fernando Simo
Email: fernando.simo@simofam.com
Web: www.simofam.com
Cellular Phone: 407-361-8886
Home: 321-939-4264

-----Original Message-----
**From:** Fernando Simo [mailto:Fernando.simo@simofam.com]
**Sent:** Tuesday, May 15, 2007 5:03 PM
**To:** 'jaystollenwerk@aqmistrategy.com'
**Subject:** Mirabilis Resignation

Jay,

As you know, I have not been involved in understanding the running of the Mirabilis' Operations and/or any activity or dealings of the company since late January 2007. As a result, I would like to resign from the Board of Directors of Mirabilis effective, May 1, 2007. Please confirm receipt of this email by replying to it. Thank you.

Best Regards.

Fernando Simo
Email: fernando.simo@simofam.com
Web: www.simofam.com
Cellular Phone: 407-361-8886
Home: 321-939-4264

5/16/2007

# WRITTEN CONSENT OF THE BOARD OF DIRECTORS OF MIRABILIS VENTURES, INC., A NEVADA CORPORATION, IN LIEU OF A MEETING

The undersigned, constituting all of the Board of Directors of Mirabilis Ventures, Inc., a Nevada corporation (the "Corporation"), hereby make the following written statement pursuant to, and in accordance with, Nevada Law, in lieu of holding a meeting of the Board of Directors, and hereby adopt the following corporate actions:

**RESOLVED**, that the Board of Directors do hereby acknowledge and accept the resignations of Fernando Simo as President, William Walsh as Treasurer, and Richard E. Berman as Secretary of the Corporation effective as of the date of their resignation letters or as of the date of these resolutions, whichever is sooner, and be it;

**FURTHER RESOLVED**, that the Board of Directors appoint the following individuals to serve as officers of the Corporation commencing immediately on the date hereof and continuing thereafter until such time as their successors have been nominated, qualified, elected and/or appointed:

| | |
|---|---|
| Jodi Jaiman | - President |
| Shane Williams | - Vice President |
| Jay Stollenwerk | - Secretary and Treasurer |

and be it;

**FURTHER RESOLVED**, that the Board of Directors do hereby authorize and approve the removal of Philip Kaprow as Registered Agent and do hereby appoint Mark J. Bernet as Registered Agent, effective immediately. In addition, Jay Stollenwerk, as Secretary, is hereby authorized to file the 2007 Florida Annual Report and amend the October 2006 Nevada Annual List filing on behalf of the Corporation to reflect the changes in officers, directors and Registered Agent, and be it;

**FURTHER RESOLVED**, that any acting officer of the Corporation, or their designee, shall be, and hereby is, authorized, empowered, and directed, in the name of and on the behalf of the Corporation, to take all such additional actions and to execute and deliver such additional agreements, documents and instruments as he or she may deem necessary or appropriate to implement the provisions of the foregoing resolutions, the authority for the taking of such action and the execution and delivery of such agreements, documents, and instruments to be conclusively evidenced thereby.

Dated: March 13, 2007; at 1:30 pm.

**DIRECTORS:**

_____        _____
Fernando Simo, Director                 Jay Stollenwerk, Director

_____
Shane Williams, Director

## WRITTEN CONSENT OF THE BOARD OF DIRECTORS OF MIRABILIS VENTURES, INC., A NEVADA CORPORATION, IN LIEU OF A MEETING

The undersigned, constituting all of the Board of Directors of Mirabilis Ventures, Inc., a Nevada corporation (the "Corporation"), hereby make the following written statement pursuant to, and in accordance with, Nevada Law, in lieu of holding a meeting of the Board of Directors, and hereby adopt the following corporate actions:

**RESOLVED**, that the remaining member of the Board of Directors does hereby acknowledge and accept the resignations of Frank Hailstones, William Walsh, Jason Carlson, Laurie Holtz and Richard E. Berman as directors of the Corporation, effective as of the date of their resignation letters or as of the date of these resolutions, whichever is sooner, and be it;

**FURTHER RESOLVED**, that in order to fill the vacancies on the Board of Directors, the remaining member of the Board of Directors does hereby appoint the following individuals to serve on the Board of Directors of the Corporation, commencing immediately and continuing thereafter until such time as their successors have been nominated, qualified, elected and/or appointed:

    Shane Williams    - Director
    Jay Stollenwerk    - Director
    Fernando Simo    - Director

and be it;

**FURTHER RESOLVED**, that the Board of Directors of the Corporation shall consist of a total of Three (3) directors, which shall now constitute the entire Board of Directors of the Corporation, and be it:

**FURTHER RESOLVED**, that any acting officer of the Corporation, or their designee, shall be, and hereby is, authorized, empowered, and directed, in the name of and on the behalf of the Corporation, to take all such additional actions and to execute and deliver such additional agreements, documents and instruments as he or she may deem necessary or appropriate to implement the provisions of the foregoing resolutions, the authority for the taking of such action and the execution and delivery of such agreements, documents, and instruments to be conclusively evidenced thereby.

Dated: March 13, 2007; at 1:00 pm.

**DIRECTORS:**

By: _/s/ Fernando Simo_
Its: Sole Director

**MIRABILIS VENTURES, Inc.**
Internal Memorandum

Date:   1 March 2007

To:     Mark Bernet, Esq.
        General Counsel & Corporate Secretary

From:   William F. Walsh

Subj:   Resignation

I hereby resign from my employment with Mirabilis Ventures, Inc. ("MVI") and from all officer and director positions that I may have been appointed, assigned or elected to with MVI or any related company, corporation, partnership or the like. This resignation is to be effective at the earlier of your acceptance of this resignation or 31 March 2007.

I request that you provide me with a copy of the current MVI Directors & Officers liability insurance policy and with copies of the MVI Articles of Incorporation and Bylaws.

Please forward a check for my remaining sums due to me at:

1107 Forsyth Lane
West Chester, PA 19382

Thank you

*[signature: W.F. Walsh]*

Michael A. Stanley
8001 Lockridge Court
Orlando, FL 32835

March 1, 2007

Mirabilis Ventures, Inc.
Common Paymaster
111 North Orange Avenue
20th Floor
Orlando, FL 32801

Dear Mark Bernet and Mirabilis Board of Directors:

As discussed on Tuesday February 20, 2007, I will be resigning from my position effective March 17, 2007. This resignation is for "Good Reason" due to a "Change in Control" as defined in paragraph 4 of my employment agreement.

Sincerely,

*[signature]*

Michael A. Stanley
President
Mirabilis Ventures – Human Resources Portfolio

February 27, 2007

Mr. Bill Walsh
SunTrust Building 28th Floor
200 S. Orange Avenue
Orlando, FL 32810

Dear Mr. Walsh:

**I hereby resign from my position as Vice President of Philanthropy for Mirabilis Ventures Inc. This is effective, immediately.**

Sincerely,

*Andrea C. Batchelor*

Andrea Coudriet Batchelor

To the Members of the Board of Directors

Mirabilis Ventures, Inc.

c/o Mark Burnett, ESQ. General Counsel

Dear Mark,

 I hereby resign as a member of the Board of Directors, and as Chairman thereof.

Respectfully,

*James Holtz*

February 26, 2008

Received
MAR 03 2008

**Horton S. Johnson**
**3211 Northglenn Drive**
**Orlando, Fl  32806**
407-492-4948

---

February 26, 2007

Bill Walsh, President
Mirabilis Ventures, Inc.
200 S. Orange Ave., 28th Floor
Orlando, FL  32801

Re: Resignation

Dear Mr. Walsh:

I hereby tender my resignation from the position of Executive Vice President of Mirabilis Ventures, Inc., effective immediately.

Sincerely,

*/s/ Horton S. Johnson*

Frank Hailstones
734 Lake Biscayne Way
Orlando
32824

31 January, 2007

**Mirabilis and Mirabilis Affiliates**
**Resignation as Officer and Director**

Please note that I am officially tendering my resignation, effective January 31, 2007, from all officer and board positions held in Mirabilis and any Mirabilis affiliates.

*[signature]*

Frank Hailstones
31 January, 2007

## MINUTES OF THE JANUARY 17, 2007 SPECIAL MEETING
## OF THE BOARD OF DIRECTORS OF MIRABILIS VENTURES, INC.

AT A SPECIAL MEETING of the Board of Directors held on January 17, 2007:

Present in person were directors Fernando Simo, Bill Walsh, Frank Hailstones and Jason Carlson, present by telephone were directors Laurie Holtz and Richard Berman.

Also present as an invited guest was the Company's General Counsel, Mark Bernet.

Mr. Holtz, as Chair, called the meeting to order. The Directors waived formal notice and also waived the reading of the minutes of the last meeting of the Board.

Mr. Simo explained that the original purpose of the meeting was to discuss the changed circumstances regarding the Board's prior resolution, passed in its December 14, 2006 meeting, authorizing the sale of certain PEO companies and/or assets. Mr. Simo summarized that the transaction that had been approved by the December 14, 2006 resolution was not the transaction that had occurred or that is in the process of occurring. Mr. Simo explained that AEM, Inc., a subsidiary of the Company, had acquired a substantial amount of PEO assets from a company known as BCA, Inc. (as opposed to AEM, Inc. selling its PEO assets to a company called PaySource, Inc., as had been contemplated earlier).

Mr. Bernet reported that he had not been able to locate any documents that implemented the particular transaction described by Mr. Simo, but that he also understood from his investigation that AEM had acquired PEO assets from BCA, and that AEM either owned or was at least managing over $600 million in PEO assets. Mr. Bernet said that he is not aware of the particulars of the reported transaction, but has been told by Frank Amodeo and others that under the transaction AEM will make significant payments to BCA for the benefit of the IRS, to be applied to the "legacy" tax obligations of the Paradyme, Presidion and SunShine Companies.

Mr. Simo stated that based on current estimates, AEM's current value is approximately $250 million and, after excluding $75 – 140 million as legacy tax debts (which would not be owed by AEM), there is significant value to the shareholders of the Company.

Mr. Hailstones said that as matters now stand, we cannot confirm that the transaction as explained has occurred (Mr. Bernet said that in his investigation he could not locate the particular documents). He therefore suggested that Mr.

Bernet investigate the matter further and then report back to the Board. Mr. Bernet said that he is in the midst of an investigation of all of the PEO transactions but that he would focus on the particular transactions at issue.

Mr. Bernet explained that the transaction is in reality one in which the AEM board would need to act, and that the Company's Board would not be involved.

Mr. Simo then explained that the Board is increasingly concerned that it does not have control over its affairs. Mr. Holtz and Mr. Hailstones reminded the Board that they had prepared draft questions with the intention of having them presented to Mr. Amodeo, but that to date the questions have not been presented. Mr. Bernet noted that presenting the questions to Mr. Amodeo first would entail a lengthy meeting and then a substantial amount of time locating and reviewing the documents that Mr. Amodeo will reference in his responses. Mr. Hailstones noted that it is incumbent on the Board to at least attempt to identify all of its obligations (whether arising under employment agreements with Common Paymaster Corporation, guaranties, etc.) and then to try to deal with them. Mr. Bernet reported that to date he is simply responding to issues as they arise, and that the only way to attempt to assemble all of the obligations to which Mr. Hailstones referred would be to continue to attempt to investigate and locate. Mr. Bernet noted that the Directors should have no personal liability for any of the obligations of the Company. Mr. Berman noted that the Company has D & O insurance, although it isn't clear that it would cover *ultra vires* actions by former officers and directors. Mr. Hailstones said that he will re-send the list of questions he and Mr. Holtz had developed to Mr. Bernet, so that they can be put into a proper format, supplemented and then provided to Mr. Amodeo.

Mr. Simo said that Mr. Amodeo wants to meet with the Board on January 30, 2007, presumably to announce that he will exercise formal control over the company. He wants to meet with Mr. Holtz and Mr. Berman in advance of January 30.

Mark J. Bernet
Acting Secretary

Dated: January 19, 2007

Richard E. Berman
2101 W. Commercial Blvd.
Suite 2800
Fort Lauderdale, FL 33300

December 26, 2007

Board of Directors
Mirabilis Ventures, Inc
Orlando, Florida

Gentleman:

I hereby tender my resignation, effective immediately, as the Corporate Secretary for Mirabilis Ventures, Inc. as well as any other corporate office that I made be deemed to hold in this company. Those present in Orlando and working full time for the Company should fulfill corporate offices.

Please notify the Secretary of State of the foregoing and please remove all reference to me as an officer or a person holding any position other than as a director of Mirabilis Ventures, Inc. from corporate materials and corporate web sites.

Thank you.

Very truly yours,

Richard E. Berman

## MINUTES OF SPECIAL MEETING OF BOARD OF DIRECTORS OF MIRABILIS VENTURES, LLC, HELD ON DECEMBER 28, 2006

A Special Meeting of the Board of Directors was held at 11:00 a.m. EST on December 28, 2006. Present at the meeting in person were Chair Laurie Holtz, Director Richard Berman and Director Bill Walsh. Present by telephone were Director Frank Hailstones, Director Jason Carlson and Director Fernando Simo. Also present by invitation, by telephone, was the Company's General Counsel, Mark Bernet.

The Chair called the meeting to order. Notice was waived, the reading of the minutes of the last meeting of the Board was waived. Mr. Bernet acted as secretary for the meeting.

Mr. Bernet suggested the following agenda for the meeting:

- A report from Mr. Walsh and Mr. Hailstones concerning their conversation of December 22, 2006, with Frank Amodeo, relating to the funding issues of the Company.

- A discussion concerning a potential $9 million tax credit held by AEM, Inc., and Marty Flynn's request that a portion of that credit be used to pay delinquent taxes owed by SecureSolution.

- A discussion concerning the issuance of "target" letters by the United States Attorney to Marty Flynn, Bob Palumbo, Bob Konicki, Dan Meiers and Bob Curry.

- A discussion concerning the status of the sale of the PEO assets.

Mr. Holtz began the discussion concerning the sale of the PEOs. He raised some concern over the value of the assets, but he acknowledged that obtaining accurate valuations quickly is not possible, certainly not before the scheduled closing. He is concerned that there may be significant tax liabilities owed by the MVI PEOs, but the extent isn't known, although he acknowledged that most of the PEO assets being sold appear to be owned by the Wellington companies. Mr. Bernet reported that in his conversation with Mike Stanley prior to the Board's meeting, Stanley reported that he could not value the companies.

Holtz said that the PEO sales are another example of the control that Frank Amodeo has over MVI. Holtz said that Mr. Amodeo has always had control of MVI, but that he was to turn control of MVI over to professional business managers and an independent board of directors. So far, this has not happened, but the current Board needs to take steps to assure that it occurs.

Mr. Holtz acknowledged that the Board has previously approved the sale of the PEOs and that it cannot "undo" that authorization without subjecting the company to significant damage claims. On the other hand, the Board has not been advised of the status of the sales. Mr. Holtz believes that there should be no more surprises, and he

suggested that the Board should authorize its general counsel, Mr. Bernet, to investigate and ask detailed questions about not only the PEO sales but also about the other assets that are owned by MVI, and other deals in which MVI has been or is involved. Mr. Holtz reiterated that MVI should not seek to avoid the PEO sales, but that it must have its questions addressed.

Mr. Holtz then announced that, given the cash flow projections of the Company for 2007, he did not feel justified in accepting his $300,000 annual compensation, and he advised that he has submitted a letter to Mr. Walsh requesting that he not receive further compensation until he advises otherwise. For personal financial reasons, Mr. Holtz also tendered his 4,750 shares of MVI Green stock to Mr. Walsh, with the request that the shares be returned to the treasury of the company. Copies of Mr. Holtz's letters and of his stock certificate (the original of which was given to Mr. Walsh) are attached to these minutes. Mr. Berman also provided letters to Mr. Walsh advising (i) that he wished to receive no further compensation from the Company until further notice, (ii) that he resigned as the company's secretary, effective immediately; and (iii) that he tendered his 4,750 shares of MVI stock to the Company. Copies of Mr. Berman's letters and of his Stock Power of Attorney are attached to these minutes. Mr. Holtz noted that by virtue of these actions the Company would have at least $45,000 less in monthly obligations, some of which he suggested should be allocated to the senior employees. Mr. Walsh suggested that Mr. Bernet should be appointed as the new corporate secretary. Mr. Bernet said that he would let the Board know on 12/29/2006 if he will accept such an appointment.

Mr. Hailstones agreed that the Board must be involved in the sale of the assets of the PEOs it owns. There was a general discussion concerning whether the value of $21 million for those assets was fair. Mr. Holtz said that MVI must consider that the entire sale price of $220MM for the entire sale transaction (which includes the MVI PEO asset sales and the Presidion PEO asset sales) is a fair price, but that the sellers should agree to a post-losing "true-up" at which valuation issues would be addressed and corrected, if necessary.

The Board then resolved that it would direct Mr. Bernet to participate in the PEO sales to determine the structure and status, and to report back to the Board. Mr. Holtz emphasized again that he did not believe that the sale authority should be rescinded. The resolution passed unanimously.

Mr. Holtz and Mr. Berman then led a discussion concerning the Board's need for further information concerning its assets and the transactions in which it is involved. Mr. Holtz suggested that the Board should develop a list of questions to ask Mr. Amodeo.

Mr. Walsh then led a discussion concerning the meeting last week involving Mr. Walsh, Mr. Hailstones and Mr. Amodeo. Mr. Walsh stated that Mr. Amodeo agreed that after December 31, 2006, MVI will control all of its bank accounts, and that only MVI would be permitted to commit MVI to any transactions. Mr. Walsh told Mr. Amodeo that MVI has a cash need of approximately $17 million for 2007, in response to which Mr. Amodeo suggested that Titanium would retain SimDag until at least April 1, since most of its funding needs would be fulfilled by that time. Even with that adjustment,

MVI will be at negative $2 million by Q12007, and negative $6 million by Q42007. Mr. Walsh said that Mr. Amodeo agreed to cover the cash shortfall for a 6 month period. Mr. Walsh also said that Mr. Amodeo had requested a meeting with Mr. Holtz, Mr. Berman and Mr. Walsh after the Board meeting was concluded.

Mr. Berman reported that he has $1.9 million in his law firm's trust account, relating to the Bella Costa transaction. Because SimDag will not become a part of MVI by the scheduled closing date of the Bella Costa deal, Mr. Berman requested directions with respect to those funds.

Mr. Simo inquired about the Lake Worth transaction. Mr. Walsh reported that he personally inspected the project and that he saw no value in the project. SimDag had intended to purchase the project for roughly 25 cents on the dollar. Again, if MVI does not acquire SimDag until 2Q2007, this transaction is not MVI's concern.

Mr. Holtz said the he would prefer that Mr. Bernet accompany him, Mr. Walsh and Mr. Berman to their meeting with Mr. Amodeo.

The meeting was adjourned at 1:00 pm.

Dated as of December 28, 2006.

_____
Mark J. Bernet, Acting Secretary