UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| MIRABILIS VENTURES, INC. and  )<br>NEXIA STRATEGY CORPORATION,  )<br>  )<br>Plaintiffs,  )<br>  )<br>-vs.-  )<br>  )<br>PALAXAR GROUP, LLC;  )<br>PALAXAR HOLDINGS, LLC;  )<br>FRANK HAILSTONES; EDITH CURRY  )<br>a/k/a EDITH BROADHEAD; and  )<br>TERENCE CHU,  )<br>  )<br>Defendants,  )<br>  )<br>vs.  )<br>  )<br>MIRABILIS VENTURES, INC., et al.  )<br>  )<br>Counterclaim and Third  )<br>Party Defendants.  )<br>  ) | Case No.: 6:07-CV-1788-ORL-28-GJK |

**RESPONSE OF DEFENDANTS CURRY AND HAILSTONES TO JOINT
MOTION TO SEVER COUNTS 5, 6, 7, 8, AND 9 OF THE AMENDED
<u>THIRD PARTY COMPLAINT</u>**

Defendants/Counterclaim and Third-Party Plaintiffs Edith Curry and Frank Hailstones, by and through undersigned counsel, hereby oppose the Joint Motion to Sever Counts 5, 6, 7, 8 and 9 of the First Amended Counterclaims and Third-Party Claims of Defendants, and in support hereof, state as follows:

Plaintiffs / Counterclaim Defendants Mirabilis Ventures, Inc. ("Mirabilis") and Nexia Strategy Corporation ("Nexia") and Third-Party Defendants Yaniv Amar ("Amar"), Matthew S, Mokwa ("Mokwa"), and Aaron C. Bates ("Bates"), have moved to sever Counts 5, 6, 7, 8 and 9 of the First Amended Counterclaims and Third-Party

1

Claims of Defendants, claiming that those counts arise out of separate transactions and occurrences and involve completely unrelated questions of law and fact from the original action. They further claim that failure to sever counts 5, 6, 7, 8, and 9 will result in significant confusion and procedural delay and will unfairly prejudice them. The moving parties are wrong on both counts.

Federal Rule of Civil Procedure 20 (a) (permissive joinder) provides in pertinent part that

> [a]ll persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

The fact that joinder is appropriate in this case is evident from the face of the counterclaims. For example, the Palaxar defendants allege in their counterclaims that the claims made against them were for purposes other than to recover the asset sued for, i.e., the so-called "Nexia Certification." Specifically, the counterclaims allege a plot by Mirabilis, Nexia Strategy, Amodeo, Bates, Mokwa, and Amar to intimidate Curry and Hailstones to prevent and/or impede their cooperation with the United States Attorney ¶ 132; to discredit the testimony of Curry and Hailstones in the event of their testimony against any defendants who may be charged as a result of said investigation ¶ 133; and improperly to invoke the Directors and Officers portion of Mirabilis' General Commercial Liability policy and its excess insurance policy ¶ 134.

Counterclaim and Third Party Defendants assert that Counts 5, 6, 7, 8 and 9 of the counterclaims should be severed since they are unrelated in time and subject matter to Plaintiffs' complaint. Those counts deal with the "serving party" during which attorneys

Bates and Mokwa and Yaniv Amar flew across the country where they joined a process server to accost Hailstones and Curry at a professional conference in Scottsdale, Arizona. As the counterclaims plainly assert, that conduct was part of an overall conspiracy to accomplish the goals set forth above and further to embarrass, humiliate, and discredit Hailstones and Curry in front of their colleagues and peers and to adversely affect their ability to market the anti-fraud product that lies at the heart of this lawsuit. Like the filing of the initial complaint against the Palaxar Defendants, the "serving party" was simply one more in a series of transactions and occurrences related to the overall conspiracy. As such, the same questions of law and facts are common to all defendants and joinder is proper.

Movants cite the following factors which should be considered in determining whether severance should be granted:

> (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common question of law or fact; (3) whether the settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims.

Fisher v. CIBA Specialty Chemicals Corp., 245 F.R.D. 539, 541 (S.D. AL. 2007) *citing* Dispute v. Corporate Executive Board, 223 F.R.D. 7, 12 (D.D.C. 2004); *see also* Morris v. Northrop Grumman Corp., 37 F. Supp. 2d 556, 580 (E.D.NY 1999).

As set forth above, the claims contained within the counterclaims and third party complaints arise out of the same transaction or series of transactions and involve common questions of law or fact. Denying severance will also promote judicial economy since one trial is more economical than two. And, since the evidence of the improper motives

3

and activities of the movants permeate both cases, such evidence will be introduced in both, causing no additional prejudice to the parties.  Finally, while there likely will be some additional witnesses and documentary proof in pursuit of the counterclaims, because of the close connection between the two cases, most of the witnesses and documents will necessarily overlap.

WHEREFORE, based on the forgoing, joinder was proper in this case and the court should deny the joint motion to sever counts 5, 6, 7, 8, and 9.

Respectfully submitted,

KATHLEEN B. HAVENER
ATTORNEY AT LAW, LLC
15511 Russell Road
Chagrin Falls, OH 44022
Telephone: 216-288-6009
Fax: 440-893-9326
Email: kbhavener@gmail.com

Attorney for Defendants Curry, Hailstones, Palaxar Group, LLC and Palaxar Holdings, LLC

/s/ Martin R. Raskin
MARTIN R. RASKIN
Florida Bar No. 315206
JANE SERENE RASKIN
Florida Bar No. 848689
RASKIN & RASKIN, P.A.
2601 South Bayshore Drive
Suite 725
Miami, Florida  33133
Telephone: (305) 444-3400
Facsimile: (305) 445-0266
mraskin@raskinlaw.com

Attorneys for Defendant Curry, Palaxar Group, LLC and Palaxar Holdings, LLC

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 22, 2008, I electronically filed the foregoing Response of Defendants Curry and Hailstones to Joint Motion to Sever Counts 5, 6, 7, 8, and 9 of the Amended Third Party Complaint by Plaintiffs / Counterclaim Defendants and Third Party Defendants Mirabilis Ventures Inc., Nexia Strategy Corporation, Yaniv Amar, Matthew S. Mokwa and Aaron C. Bates with the Clerk of Court using the CM/ECF system which will send a notice of electric filing to the appropriate attorneys and parties.

I further certify that on May 22, 2008, a copy of the foregoing has been furnished by U.S. Mail to:

Terence Chu
5637 Country Hills Lane
Glen Allen, VA 23059

Defendant

/s/ Martin R. Raskin
MARTIN R. RASKIN