**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| MIRABILIS VENTURES, INC. and<br>NEXIA STRATEGY CORPORATION,<br><br>                    Plaintiffs,<br>-vs.-<br><br>PALAXAR GROUP, LLC;<br>PALAXAR HOLDINGS, LLC;<br>FRANK HAILSTONES; EDITH CURRY<br>a/k/a EDITH BROADHEAD; and<br>TERENCE CHU,<br><br>                    Defendants,<br><br>vs.<br><br>MIRABILIS VENTURES, INC., et al.,<br><br>                    Counterclaim and Third<br>                    Party Defendants. | Case No.:  6:07-CV-1788-ORL-28-GJK |

**DEFENDANTS' JOINT MOTION TO STRIKE THE AFFIDAVIT OF R.W.
CUTHILL ATTACHED TO PLAINTIFF MIRABILIS VENTURES'
MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**[1]

In the event that the Court is satisfied that Plaintiff's Opposition (Dkt. 193) shall

be considered after reviewing its response (Dkt. 202) Defendants' Request for Ruling on

Motion for Summary Judgment (Dkt. 191), Defendants Palaxar Group, LLC, Palaxar

Holdings, LLC, Frank Hailstones, and Edith Curry (collectively "Defendants"), by and

through undersigned counsel, hereby move this Court to Strike Portions of the Affidavit

of R.W. Cuthill attached to Plaintiff Mirabilis Ventures' ("MVI") Memorandum of Law

---

[1] Defendants conferred with opposing counsel on Monday, February 15, 2010 and Thursday, February 18, 2010.

in Opposition to Defendant's Motion for Summary Judgment (Dkt. 193) ("Opposition").[2]

The portions of Mr. Cuthill's Affidavit that should be stricken are inappropriate for this

Court's consideration because (1) Mr. Cuthill is not competent to testify to certain of the

facts on which he purports to give sworn testimony; and (2) Mr. Cuthill's Affidavit, by

virtue of the very exhibits MVI included,  is demonstrably false in several respects.

## ARGUMENT

**MVI's Opposition to Defendants' Joint Motion for Summary Judgment Fails to Comport with Fed.R.Civ.P. 56 and is not Properly Supported.**

*First*, the *only* possible value to this case of the testimony of R.W. Cuthill is as a

custodian of records.  *Second*, Fed.R.Civ.P.  56(e)(1) requires  that  a  supporting  or

---

[2] The Opposition *itself* is improper for at least two reasons: (1) it was not timely filed as required by this Court's order of December 2, 2009 (Dkt. 178); and (2) *it is not signed by Counsel for Plaintiff Nexia Strategy Corporation* ("Nexia") pursuant to Local Rule 2.03(a) and Fed.R.Civ.P 11. Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name — or by a party personally if the party is unrepresented.  The paper must state the signer's address, e-mail address, and telephone number.

Although the language of the Opposition attempts to mask this defect by referring always to "Plaintiffs" in the plural, by order of this Court (Dkt. 169), Broad & Cassel represent *only* MVI, not Nexia—a fact brought to both law firms' attention more than 7 weeks ago.  Balch & Bingham remain Counsel of Record for Nexia.  To withdraw as counsel for a party, Local Rule 2.03(b) mandates that the attorney must seek written leave of Court *and* provide 10 days notice to opposing counsel.  Balch & Bingham has done neither with respect to *either* Plaintiff.

Attached are (1) a letter sent to Balch & Bingham by a *pro se* Defendant, (2) the response from Balch & Bingham—which denies representing MVI (a statement that is untrue) but does not deny representing Nexia, and (3) the same *pro se* Defendant's request for explanation (*See* Exhibits 1, 2, and 3, attached hereto), and at least one other effort by Defendants to determine the status of Balch & Bingham's representation status and which law firms represented which Plaintiffs (*see* Excerpt of Deposition of Edie Curry at p. 86, line 11 through p. 87, line 11, attached hereto as Exhibit 4).  Despite Defendants' multiple requests for clarification, Defendants queries have gone unanswered both by Balch & Bingham and by Broad & Cassel.   (Counsel for MVI compounds its offense by purporting to file its Response to Defendants' Request for Ruling on Defendant's Motion for Summary Judgment (Dkt. 202) as Counsel for both MVI and Nexia.  They are not.)

Ultimately, however, no attorney of record for Nexia signed or filed the supposed "Plaintiffs'" Opposition.  To the extent that the Opposition appears to be on behalf of Nexia as well as MVI, it is deliberately misleading and contrary to this Court's order (Dkt 169).  *Nexia has filed no Opposition to Defendants' Joint Motion for Summary Judgment.*

opposing affidavit be (1) based on personal knowledge; (2) set forth facts that would be admissible in evidence; and (3) show that the affiant is competent to testify on the matters stated.  Because of the timing of his employment with MVI, beginning as it did on May 27, 2008, more than six months after this case was filed and on the same day MVI filed its petitions for bankruptcy protection, *see* Cuthill Aff. at ¶2, he cannot possibly have personal knowledge of the circumstances and events surrounding the allegations made against Defendants in this case.  He cannot testify regarding any of those facts or circumstances that occurred at any time period relevant to this matter.  Accordingly, ¶¶ 4 through 7 of his Affidavit should be stricken because Mr. Cuthill is not a competent witness to testify as to the facts contained therein.

For example, with respect to ¶4—a statement that may very well be true—Mr. Cuthill cannot have gleaned the information he recites as to the identities of MVI and Nexia from his own personal knowledge nor is his statement based on his review of corporate books and records.  To the extent Mr. Cuthill purports to swear to the truth of that statement, he cannot, as he is incompetent to testify to it.  As to ¶5, Mr. Cuthill cannot have gleaned from corporate books and records that Mr. Amodeo was not an Officer or Director of Mirabilis, nor, as stated in ¶6, can he have determined by a review of the corporate books and records that Mr. Amodeo held less that 1% of the total shares outstanding.

Indeed, with respect to ¶5 and 6, comparing the Exhibits to his Affidavit with the Affidavit itself, Mr. Cuthill's Affidavit is demonstrably false and appears to have been submitted in bad faith pursuant to Rule 56(g).  Exhibit 1 to the Cuthill Aff. (at Dkt. 198-

2), part of the corporate books and records Mr. Cuthill attests to relying on, contains the following:

- At pages 12-13 of 54, the Minutes of a Special Joint Meeting of Directors and Shareholders of MVI signed by Frank Amodeo as Chairman;

- At pages 14-15 of 54, a nearly identical document prepared with Yaniv Amar as signer, but this second document is unsigned and bears an initialed note at the top which says, "Didn't occur, per Frank Amodeo;"

- At page 19 of 54, a Waiver of Notice of a Special Meeting of Shareholders of MVI to occur July 20, 2005 is signed by Frank Amodeo as Sole Shareholder. There is an initialed note over the signature made 18 months later, on December 14, 2006, which appears to indicate that Frank Amodeo signed as proxy for another. The entire signature block bears a scrawl atop it, the meaning of which is indecipherable;

- At pages 23-24 of 54, the Minutes of a Special Joint Meeting of Directors and Shareholders dated February 15, 2005, signed by Frank Amodeo as Chairman. The Waiver of Notice of the Special Meeting is likewise signed by Frank Amodeo as Sole Director and Shareholder;

- At page 26 of 54, the Minutes of a Special Meeting of Directors and Shareholders signed by Frank L. Amodeo as Chairman and a Waiver of Notice of the Special Meeting is likewise signed by Frank Amodeo as Sole Director and Shareholder.

Each of these attachments belies the statements in the Cuthill. Aff.  at ¶¶5-6.  MVI has produced not a single document evidencing Mr. Amodeo's resignation or removal as Chairman of MVI—and certainly none during the relevant time periods of this case.  Mr. Cuthill's statements are insufficient to establish that these "facts" concerning Mr. Amodeo preserve particular issues for trial.  As for the statements and the Affidavit having been submitted in bad faith, nothing can excuse, and there is no greater breach of good faith, than false statements of fact.

Concerning ¶7, Mr. Cuthill cannot have gleaned from the corporate books and records of MVI and Nexia, whether Nexia received value for the "Nexia Certification" from Ms. Curry or Mr. Hailstones.  Accordingly, he cannot competently testify to that

statement.  Nor is the statement relevant, given that Ms. Curry's Separation Agreement (which both Ms. Curry and Mr. Hailstones explained at length in their affidavits in support of Defendants' Motion for Summary Judgment) plainly set forth a contractual arrangement for such consideration and the circumstances under which it was to be paid. Mr. Cuthill fails to mention the contract or MVI's and Nexia's adherence to it.

Accordingly, Paragraphs 4 through 7 of Mr. Cuthill's Affidavit should be stricken.

**Third**, Fed.R.Civ.P. 56(e)(2) further requires an opposing party's response to be properly made and supported.  A party opposing summary judgment may not rely merely on allegations or denials in its own pleadings; rather, its response must—by affidavits or as otherwise provided in the rule—set out specific facts showing a genuine issue of fact for trial.  If the opposing party does **not** so respond, summary judgment should, if appropriate, be entered against that party.  R.W. Cuthill's affidavit sets out no specific facts showing any genuine issue for trial.  Indeed it could not, since Mr. Cuthill was not at Mirabilis or Nexia at the relevant times.  Thus, his Affidavit is insufficient under Rule 56(e)(2) to support MVI's Opposition.  *See, e.g., Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Brinson v, Raytheon*, 571 F.3d 1348, 1351 (11th Cir. 2009).

## CONCLUSION

Based on the foregoing, the Defendants' respectfully requests that the Court strike Paragraphs 4 through 7 of MVI's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment and grant Defendant's Motion for Summary Judgment as required by Fed.R.Civ.P. 56(c) and this Court's Amended Case Management and

Scheduling Order because MVI has established no genuine issue for trial under Rule 56(e)(2).   Defendants ask that the Court grant summary judgment with respect to Nexia, which has failed to respond to Defendants' Motion at all.   Defendants intend to seek an award of reasonable expenses, including attorneys' fees, costs, and sanctions against MVI and Nexia—and their attorneys—with respect to MVI's submission of false statements in Mr. Cuthill's Affidavit, and any other remedies this Court finds just and proper.

Respectfully submitted,

/s/ *Kathleen B. Havener*
KATHLEEN B. HAVENER
THE HAVENER LAW FIRM, LLC
15511 Russell Road
Chagrin Falls, OH 44022
Phone: 440-893-0188
Cell: 216-288-6009
Fax: 440-893-9326
kbhavener@havenerlaw.com

Attorney for Defendants Curry, Hailstones, Palaxar Group, LLC and Palaxar Holdings, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 19, 2010, I electronically filed the foregoing Motion of Defendants Edith Curry, Frank Hailstones, Palaxar Group, LLC, Palaxar Holdings, LLC to Strike Plaintiffs' Opposition to Defendants' Joint Motion for Summary Judgment with the Clerk of Court using the CM/ECF system, and that I will send a notice of electric filing to the pro se parties.

/s/ *Kathleen B. Havener*
KATHLEEN B. HAVENER