EXHIBIT 2

**BALCH & BINGHAM LLP**
Alabama • Georgia • Mississippi • Washington, D.C.

Attorneys and Counselors
1901 Sixth Avenue North
Suite 1500
Birmingham, AL 35203
(205) 251-8100
(205) 226-8799 Fax
www.balch.com

Allen M. Estes
(205) 226-8717

(205) 488-5705 (direct fax)
aestes@balch.com

January 5, 2010

BY EMAIL

Mr. Terence Chu
5637 Country Hills Lane
Glen Allen, VA 23059

  Re: *Mirabilis Ventures, Inc. v. Palaxar, et al.*
    Case No.: 6:07-CV-1788-ORL-28-GJK

Dear Mr. Chu:

  I have reviewed your letter received on December 16, 2009 and the draft motion accompanying the letter. As a preliminary matter, you should know by now that Balch & Bingham no longer represents Mirabilis Ventures, Inc. ("MVI") in this litigation; we could not dismiss the case against you even if we were so inclined. The Broad & Cassell firm represents MVI and will make any litigation decisions in consultation with their client.

  While we are no longer counsel for MVI, below I outline the facts relevant to the institution of claims against you. This letter does not address the generalized allegations, claims or statements in your correspondence unrelated to this particular action.

  First, it appears you have confused your personal beliefs regarding the merits of the case with both the good faith standard under Rule 11 and the motion to dismiss standard of Rule 12. The claim asserted against you in the Second Amended Complaint is neither frivolous nor baseless. It is actually supported, in part, by your own sworn testimony, as well as public statements/representations by you and your partners.

  The original complaint did not mention you. Only after you voluntarily submitted an affidavit admitting that you were a "founding member of Palaxar Group, LLC" and that you managed the ongoing operations of Palaxar did MVI allege that you worked with Eddie Curry and Frank Hailstones to form Palaxar with the intent to profit from an anti-fraud product MVI paid for and owned. See Second Amended Complaint at ¶¶ 28, 32. Also, after reviewing your affidavit, research discovered additional public statements and representations from you connecting you to Palaxar. At the same time, public pronouncements made or approved by Palaxar indicated that Palaxar was attempting to profit from the anti-fraud product. These facts alone provide a more than sufficient basis for the claim made against you. You are, of course, entitled to defend yourself through the appropriate litigation processes, but an improper Rule 11 motion is not a meritorious part of any defense.

Mr. Terence Chu
January 5, 2010
Page 2

      Second, your claim that "additional evidence" supporting MVI's claim against you has not emerged "during the past 26 months" is irrelevant and fails to account for, among other things, the litigation stay in place during that time. It is my understanding that discovery is commencing with depositions of Ms. Curry and Mr. Hailstones scheduled for next week. If you wish to give a deposition I am certain MVI's counsel will accommodate you in Orlando. Also, your demand for the production of evidence against you should be made through proper discovery channels, directed at MVI through its counsel Broad & Cassell.

      Third, any claim (express or implied) that attorneys at Balch & Bingham misused the judicial system, acted in bad faith, "knowingly filed a pleading full of false allegations", "conducted no factual investigation whatsoever", or misrepresented facts to the Court is not supported by the affidavits, transcripts and other documents you cite. By way of example only, your claim that I denied during the preliminary injunction hearing that Mr. Amodeo "had any authority within MVI and/or Nexia or involvement in this matter" is incorrect. It was openly discussed at the hearing that Mr. Amodeo had discussions with Ms. Curry regarding the anti-fraud product. The transcript page (12) you cite out of context (comparing it to statements of other persons unrelated to the Palaxar transactions and legal arguments) merely evidences MVI's argument that, under Florida law and MVI's bylaws, no individual (Mr. Amodeo included) had authority to transfer the anti-fraud asset without board of directors or majority shareholder approval. To claim that this legal argument was a misrepresentation is disingenuous at best.

      Fourth, as you note in your draft motion, the prevailing party on a Rule 11 motion may be awarded reasonable expenses, including attorney's fees. As detailed in this letter, your threatened motion is not well grounded in law or fact. As such, there is a substantial likelihood you will not prevail. If that happens, we will most likely seek our expenses. I expect the other parties to the motion would do so as well.

      Finally, I do not view your letter as satisfying the good faith meet and confer requirements of the Court. If, after reviewing this letter, you still intend to file any motion against myself, my partner or my firm, you should first contact me (and all other affected parties) to schedule a suitable meet and confer session in person or over the telephone.

                        Very truly yours,

                        *Allen Estes*

                        Allen M. Estes

AME:eb

1077694.1

Mr. Terence Chu
January 5, 2010
Page 3

cc:     Mr. Russ Campbell
        Mr. Todd Norman
        Mr. Roy Scott Kobert
        Ms. Nicolette Vilmos
        Mr. Martin Raskin
        Ms. Kathleen Haevner
        Mr. Aaron Bates
        Mr. Matt Mokwa
        Mr. Randall Gold
        Ms. Jane S. Raskin

1077694.1