**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| MIRABILIS VENTURES, INC. and NEXIA STRATEGY CORPORATION, ) ) ) | Case No.: 6:07-CV-1788-ORL-28-GJK |
| Plaintiffs, ) | |
| -vs.- ) ) | |
| PALAXAR GROUP, LLC; ) PALAXAR HOLDINGS, LLC; ) FRANK HAILSTONES; EDITH CURRY ) a/k/a EDITH BROADHEAD; and ) TERENCE CHU, ) ) | |
| Defendants, ) ) | |
| vs. ) ) | **DEFENDANTS' REPLY IN SUPPORT OF THEIR JOINT MOTION FOR SUMMARY JUDGMENT** |
| MIRABILIS VENTURES, INC., et al. ) ) | |
| Counterclaim and Third ) Party Defendants. ) | |

| | |
|---|---|
| MARTIN R. RASKIN | KATHLEEN B. HAVENER |
| Florida Bar No. 315206 | THE HAVENER LAW FIRM, LLC |
| JANE SERENE RASKIN | 15511 Russell Road |
| Florida Bar No. 848689 | Chagrin Falls, OH 44022 |
| RASKIN & RASKIN, P.A. | Phone: 440-893-0188 |
| 866 South Dixie Highway | Cell: 216-288-6009 |
| Coral Gables, FL 33146 | Fax: 440-893-9326 |
| Telephone: (305) 444-3400 | kbhavener@havenerlaw.com |
| Facsimile: (305) 445-0266 | |
| mraskin@raskinlaw.com | Attorney for Defendants Curry, Hailstones, Palaxar Group, LLC and Palaxar Holdings, LLC |
| Attorneys for Defendant Curry, Palaxar Group, LLC and Palaxar Holdings, LLC | |
| | Date: March 1, 2010 |

Defendants Palaxar Group, LLC, Palaxar Holdings, LLC, Frank Hailstones, and Edith Curry, by and through undersigned counsel (collectively "Defendants"), hereby reply to the Opposition of Mirabilis Ventures, Inc. ("MVI") to Defendants' Joint Motion for Summary Judgment ("Opposition").[1]

MVI properly, albeit belatedly,[2] addresses this as an intellectual property case. *See* Opposition at 11-18. But MVI ignores that, under black letter intellectual property law, MVI has not and cannot demonstrate any genuine issue of ***material*** fact.[3] Accordingly, Defendants are entitled to summary judgment as a matter of law. *See Johnson v. Bd. of Regents,* 263 F.3d 1234, 1243 (11th Cir.2001)(citation omitted).

## I. Even if MVI's Supposedly "Disputed Issues" Are Correct, Summary Judgment is Warranted under Intellectual Property Law.

Each of MVI's supposedly "disputed issues of material fact" is irrelevant and immaterial and fails to defeat summary judgment. Plaintiff's issues are addressed seriatim below:

### a. Curry and Hailstones were bound by their employment contracts which provided ownership of Nexia Certification to Plaintiff.

Defendants acknowledge that Ms Curry had an employment contract with Nexia (not MVI). But her employment contract does not show "by express terms or

---

[1] This reply is submitted on the presumption that the Court will accept Plaintiff MVI's late-filed Opposition to Defendants' Joint Motion for Summary Judgment (the "Motion"). In addition, Defendants have argued that Nexia Strategy Corporation has filed no Opposition to their Motion for Summary Judgment. In the event that the Court rejects Defendants' argument, this reply is intended to address the arguments of both Mirabilis Ventures, Inc. and Nexia.

[2] In the preliminary injunction hearing, counsel for MVI and Nexia stated: "There is no patent. [Under] patent law, you must have a written assignment of the patent. It's not applicable here." *See* Transcript of Proceedings of January 25, 2008 at 39, attached hereto as Exhibit 1.

[3] "An issue of fact is 'material' if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." *Allen v. Tyson Foods,* 121 F.3d 642, 646 (11th Cir.1997). An issue of fact is genuine if the record taken as a whole could lead a reasonable jury to find for the nonmoving party. *Id.*

unequivocal inference . . . that [Ms. Curry] was hired for the express purpose of producing the thing [to be] patented." *See City of Cocoa v. Leffler*, 803 So.2d 869 (Fla. 5th DCA 2002 (quoting *State Bd. Of Education v. Bourne*, 7 So.2d 838 (Fla 1942). Such an agreement is required if an employer is to own the right to an invention created or perfected by an employee—even during her employment.

Similarly, even if Mr. Hailstones had signed the supposed Employment Agreement that MVI submitted as Exhibit 5 to its Opposition,[4] it would make no difference. Mr. Hailstones' illusory employment agreement does not specify that MVI employed him to invent the thing to be patented. Accordingly, MVI's claims fail.

**b. Frank Amodeo did not have decision making authority**.

There is no dispute on the record as to Amodeo's control and decision making authority over MVI. The sole basis for MVI's assertion to the contrary is the Affidavit of W,R. ("Bill") Cuthill, which Defendants have moved to strike based on Mr. Cuthill's incompetence as a witness and the demonstrated inconsistency between his purported testimony and the very documents (attached as exhibits to his Affidavit) that are the sole source of his purported knowledge. *See* Dkt. 203, incorporated by reference herein. Remarkably, the Cuthill affidavit and Plaintiff's Opposition continue selectively to ignore Amodeo's guilty plea and conviction in *United States v. Amodeo*, 09-CR-176-ORL-28-GJK, in which Amodeo's control and decision making authority over MVI were plainly established, and of which this Court may take judicial notice.

---

[4] Mr. Hailstones ***never signed an employment agreement with either Plaintiff***, see Hailstones' Dep. (Exhibit 3 to MVI's Opposition) at 39, ln. 16 - 41, ln.1, in which Mr. Hailstones explains that, because of his employment status (as a citizen of the UK working in the US), ***his employment had to remain with Axena***. The document that bears a signature that "looks like his" was ***Exhibit 61*** at Mr. Hailstones' deposition and is an agreement between Mirabilis and Axena. The Employment Agreement attached to MVI's Opposition as Exhibit 5, on the other hand, is unsigned, and was ***Exhibit 62*** to Mr. Hailstones' deposition. MVI apparently substituted one document for the other in the hope that Defendants would not notice.

### c. Nexia was in the business of fraud deterrence prior to the employment of Curry and Hailstones.

Defendants do not deny that Nexia was "considering . . . providing fraud deterrence consulting" when Ms. Curry joined. *See* Curry Dep. at 124, lines 3-13.[5] Whatever the nature of Nexia's business portfolio at any time, however, absent a written charge directed to Ms. Curry to invent the thing to be patented, MVI's claim must fail.

### d. Nexia Certification was finalized during the term of Curry and Hailstones employment.

Once again, MVI entirely misses the mark.  Even if Nexia Certification had been finalized during Ms. Curry's and Mr. Hailstones' employment with Nexia (and all the evidence is to the contrary), MVI did not hire them to invent it, nor does it even allege that it did.  Even if Defendants, during working hours, spent their employer's time and money to both invent and perfect Nexia Certification, absent express and unequivocal written proof of their having been employed for the purpose of doing so and an assignment from the inventors to their employer, Plaintiff would have no more than a "shop right" to the invention.[6]  The assignment documents—had they been honored—would have given them far more than that.

### e. Amodeo did not have authority to assign the rights of Nexia or MVI.

As set forth above, Plaintiffs have offered no competent evidence to rebut Defendants' evidence of Amodeo's control and decision making authority at MVI.  Nor

---

[5] Ms. Curry's entire deposition is Exhibit 2 to Plaintiff's Opposition.

[6] A "shop right" is that which arises when an employee, during his hours of employment, working with his employers' materials, conceives and perfects an invention for which he obtains a patent; in such a situation, the inventor must accord the employer a ***nonexclusive*** right to practice the invention. *See, e.g.,* U.S. v Dubilier Condenser Corp., 289 U.S. 178, 188, 53 S.Ct. 554, 558 (1933)(emphasis supplied).

3

have they offered any facts or law to rebut the validity of the Assignment and Separation Agreements entered into between Curry and MVI. *See* Motion at pp. 15-17. The Assignment Agreement and Separation Agreement each provides an independent basis for entry of summary judgment in favor of Defendants.

### f. Nexia owned the intellectual property rights to Nexia Certification.

Plaintiff ignores the single most important fact in this case—and it is undisputed—that before she ever heard of Nexia or MVI, Ms. Curry created a method for using individuals' personal financial behavior to assess those individuals' suitability for positions of trust. *See* Motion at 6, ¶ 7. She brought her invention to Nexia. MVI misconstrues Ms. Curry's deposition testimony in its Opposition at p. 12, ¶ 19. Ms. Curry acknowledged that her algorithm was "trade secreted," but ***not*** by Nexia or MVI. Because she has never disclosed the algorithm to anyone, it was and continues to be hers and hers alone.

### g. Defendants did not pay Nexia for an Assignment of any alleged rights from Nexia to Curry and Hailstones.

No evidence before this Court indicates that Ms. Curry or Mr. Hailstones was required to pay Nexia for any assignment. MVI acknowledges that no promissory note was executed. Pursuant to the agreement that MVI now argues was invalid, Ms. Curry's company would pay to Newco, the entity that MVI or Nexia failed to create, the first $500,000 in profits from Ms. Curry's marketing of her invention. MVI has not established that there has ever been a penny of such profits, and there has been none.

### h. Hailstones and Curry opened Palaxar in violation of their employment agreement.

Defendants do not dispute that Ms. Curry opened Palaxar as a shell company when it became evident that she was leaving Nexia and that her separation agreement

4

would acknowledge her independent development of her invention. *See* Motion at pp. 9-10, ¶¶ 16-18. Nor do they dispute that Palaxar EMEA—the only entity in which Mr. Hailstones was involved and not a party to this case—was formed in March 2007, after Mr. Hailstones had been terminated by MVI—and a date by which MVI elsewhere attests that it was insolvent.[7] However, absent competent, admissible evidence to raise an issue of material fact as to 1) Ms. Curry's ownership of the intellectual property at issue; 2) the validity of the Assignment Agreement; *and* 3) the validity of the Separation Agreement; the formation and activities of the Palaxar entities are neither material nor relevant. No such evidence has been produced by Plaintiffs.

### i. Defendants are offering to sell and use Nexia Certification.

Although not called Nexia Certification since Ms. Curry's departure, Defendants do not dispute that Ms. Curry markets her patent pending anti-fraud solutions, which are multiple. For the reasons stated in the immediately preceding section, this fact is both immaterial and irrelevant.

## II.     MVI Cannot Succeed in its Trade Secrets Claim.

To prevail on a claim under the Florida Trade Secrets Act, Plaintiff must prove that (1) it possessed secret information and took reasonable steps to protect its secrecy and (2) the secret it possessed was misappropriated. *Pegasus Imaging Corp. v. Allscripts Healthcare Solutions, Inc.,* Slip Copy, 2010 WL 497720 (M.D. Fla. February 10, 2010) (*citing Border Collie Rescue, Inc. v. Ryan,* 418 F.Supp.2d 1330, 1338 (M.D. Fla. 2006); Fla. Stat. § 688.002.) In a trade secret action, Plaintiff bears the burden of demonstrating that the specific information it seeks to protect is a trade secret. *Id.* (*citing American Red*

---

[7] See Complaint in *In re: Mirabilis Ventures, Inc., v Paul Glover*, Case No.: 6:08-bk-04327-KSJ, page 11 at paragraph 55, where MVI asserts that as of "March 6, 2007 [it] was insolvent."

*Cross v. Palm Beach Blood Bank, Inc.,* 143 F.3d 1407, 1410 (11th Cir.1998)).  MVI can prove neither and has brought forth no evidence of either of these elements.

MVI has made no effort to prove that it took *any* steps to protect the supposed trade secret that it calls "Nexia Certification."  No document referring to "Nexia Certification" is marked "confidential," "trade secrets," "proprietary," or anything of the kind.  Plaintiff overlooks this element because they cannot win this case under the Florida Trade Secret Act's provisions.  Moreover, "Nexia Certification" was never in the possession of MVI or Nexia.  MVI's own evidence establishes this point.  Without Ms. Curry's algorithm, "Nexia Certification" was meaningless, and Ms. Curry never disclosed the algorithm.  Without evidence that any trade secret at issue was ever "possessed" by MVI or Nexia, it cannot have been misappropriated.

## CONCLUSION

For the reasons set forth herein, and in Defendants' Joint Motion for Summary Judgment, Defendants respectfully urge this Court to grant summary judgment to Defendants in this matter.

| | |
|---|---|
| Date:  March 1, 2010 | Respectfully submitted, |
| MARTIN R. RASKIN<br>Florida Bar No. 315206<br>JANE SERENE RASKIN<br>Florida Bar No. 848689<br>RASKIN & RASKIN, P.A.<br>866 South Dixie Highway<br>Coral Gables, FL 33146<br>Telephone: (305) 444-3400<br>Facsimile: (305) 445-0266<br>mraskin@raskinlaw.com<br><br>Attorneys for Defendant Curry, Palaxar Group, LLC and Palaxar Holdings, LLC | /s/ *Kathleen B. Havener*<br>KATHLEEN B. HAVENER<br>THE HAVENER LAW FIRM, LLC<br>15511 Russell Road<br>Chagrin Falls, OH 44022<br>Phone: 440-893-0188<br>Cell: 216-288-6009<br>Fax: 440-893-9326<br>kbhavener@havenerlaw.com<br><br>Attorney for Defendants Curry, Hailstones, Palaxar Group, LLC and Palaxar Holdings, LLC |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 1, 2010, I electronically filed the foregoing Defendants Joint Reply in Support of Their Motion for Summary Judgment, with the Clerk of Court using the CM/ECF system which will send a notice of electric filing to the appropriate attorneys.

I further certify that on March 1, 2010, a copy of the foregoing has been furnished by U.S. Mail to:

Frank L. Amodeo B-3
48883-019
Federal Correction Complex – Low
P.O. Box 1031
Coleman, FL 33521

Third Party Defendant

/s/ *Kathleen B. Havener*
KATHLEEN B. HAVENER

7