IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MIRABILIS VENTURES, INC. and                          Case No. 6:07-CV-1788-ORL-28-KRS
NEXIA STRATEGY CORPORATION,

     Plaintiffs,

v.

PALAXAR GROUP, LLC.;
PALAXAR HOLDINGS, LLC;
FRANK HAILSTRONES; EDITH CURRY
a/k/a EDITH BROADHEAD; and
TERENCE CHU,

     Defendants.

v.

MIRABILIS VENTURES, INC. and
NEXIA STRATEGY CORPORATION,

And THIRD PARTY CORPORATION,
WELLINGTON CAPITAL GROUP, INC.,
YANIV AMAR, FRANK AMODEO,
AARON BATES, MATTHEW MOKWA,
ROBERT POLLACK, JAMES SADRIANNA.

---

**RESPONSE TO DEFENDANTS' JOINT MOTION TO STRIKE THE AFFIDAVIT OF
R.W. CUTHILL ATTACHED TO PLAINTIFFS' MEMORANDUM OF LAW IN
OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

     Counsel for Plaintiffs, MIRABILIS VENTURES, INC. and NEXIA STRATEGY

CORPORATION ("Plaintiffs"), hereby files their Response to Defendants' Motion to Strike (D.E.

203).  The particular grounds upon which this response is based are as follows:

1.     On February 15, 2010, Plaintiffs' filed their opposition to Defendants' Motion for

Summary Judgment (DE  193).

1

2.    On February 19, 2010, Defendants filed a motion to strike the Affidavit of R.W. Cuthill based upon the allegations that 1) Mr. Cuthill's affidavit is not competent to testify to certain facts and 2) Mr. Cuthill's affidavit is false based upon the exhibits that were filed.

3.    Defendants' argument that Mr. Cuthill is not competent to testify regarding certain facts in his affidavit, asserts that (1) Mr. Cuthill was not employed at Mirabilis at the time that the documents he relies upon were created and (2) that Mr. Cuthill's asserted facts are "demonstrably false" based on allegations his statements are contradicted by other statements in the record.

4.    Mr. Cuthill swore under oath in his affidavit that he made the statements in his affidavit based upon his position as President of Mirabilis and the custodian of records for Mirabilis. *See* paragraphs 2 and 3 of Affidavit of R.W. Cuthill, Jr.  Taking these statements as true, as must be done for purposes of summary judgment, it is plain that Mr. Cuthill is familiar with corporate books, records and financial transactions of Mirabilis and has reviewed them to determine the facts asserted in his affidavit. Further, in each instance, Mr. Cuthill attached and cited the records he relied upon.

5.    Defendants argue, without one citation to any authority, that because Mr. Cuthill was not at Mirabilis at the time some of the records were created, he cannot testify as records custodian of those records.  This legal proposition is flatly contradicted by Federal case law on the subject. *United States v. Sutton*, 795 F.2d 1040, 1057 (Temp. Ct. App. 1986) ("The custodian need not even have been employed by the business when the records were created or received."); *Stahl v. Baxter Healthcare Corp.*, 2008 WL 4488937 (E.D. Mo. 2008) ("That he began his employment after the dates in question does not disqualify him as a proper records custodian . . . . "); *DIRECTV, INC. v. Reyes*, 2006 WL 533364 (N.D. Ill. 2006) ("[O]bjection that (custodian) . . .

2

not employed . . . at the time the . . . information was entered into the computer system is overruled, because the business records exception does not require the qualified witness to have personal knowledge of the record's creation.") Thus, Defendants' first argument as to the qualification of Mr. Cuthill as records custodian is simply incorrect.

6.    In the case of *Home Design Servs. v. Turner Heritage Homes, Inc.*, 2009 U.S. Dist. LEXIS 120247, 6-8 (N.D. Fla. Dec. 28, 2009), the court held that the corporate representative and President of the Plaintiff corporation, was competent to testify in an affidavit regarding Plaintiff's business practices, mailing lists, and publications. *See id.* In the court's analysis the court considered whether the facts set forth in the affidavit, as well the Exhibits attached to the affidavit, would be admissible in evidence pursuant to the business records exception to the hearsay rule, codified under Federal Rule of Evidence 803(6):

> "The plain language of Rule 803(6) permits the introduction of business records that would otherwise be inadmissible as hearsay evidence provided that 'the testimony of the custodian or other qualified witness' verifies the record-keeping procedure of the document in question and confirms that such document is created as part of normal business practice. Fed.R.Evid. 803(6)." *United States v. Dickerson*, 248 F.3d 1036, 1048 (11th Cir. 2001). "'It is not essential that the offering witness be the recorder or even be certain of who recorded the item. It is sufficient that the witness be able to identify the record as authentic and specify that it was made and preserved in the regular course of business.'" *United States v. Atchley*, 699 F.2d 1055, 1059 (11th Cir. 1983) (quoting *United States v. Jones*, 554 F.2d 251, 252 (5th Cir. 1977)).

7.    Mr. Cuthill is the President and custodian of records for Mirabilis and is competent and authorized to review and authenticate the corporate records and financial documents of Mirabilis. Mr. Cuthill did not need to be present at Mirabilis at the time the corporate records and financials were created in order to authenticate the documents and provide testimony based upon the

4840-6021-4277.1
43582/0007 NCV ncv

documents.  If the Defendants believe evidence exists that contradicts Mr. Cuthill's review of the corporate documents, then those are factual issues which can be litigated by the parties.

8.     Next, on three occasions, Defendants assert that either Mr. Cuthill "cannot have gleaned the information . . . from his own personal knowledge nor . . . his review of the corporate books and records" or that the statement is "demonstrably false." (D.E. 203).   In each instance, Defendants statements are facially illogical and do not rely upon any factual support.

9.     First, Defendants assert that paragraph 4 which states the general nature of the business of Mirabilis and Nexia and the ownership of Nexia stock by Mirabilis "cannot have been gleaned from corporate books and records."  Defendants cite nothing to support this assertion and it makes no logical sense.

10.    When one reviews all of the business records of a company, even an unsophisticated observer can often determine the general business done by that company.  Documents such as correspondence, invoices, asset sheets and the like often can give one a strong understanding of the business of that organization.   Similarly, corporate records as to stock ownership are expected to be found in the corporate books as well as asset and liability reports, documents and spreadsheets of a company.   Thus, Defendants' assumptions that these things cannot be in Mirabilis's corporate records simply do not hold water. Mr. Cuthill's statements under oath must be taken as true for purposes of summary judgment.

11.    Next, Defendants argue that Mr. Cuthill's statements about what the corporate books and records show about Mr. Amodeo's positions and stock ownership with the company are "demonstrably false".  For this, Defendants rely upon several instances in which Mr. Amodeo's makes statements giving himself more power or ownership that is at odds with Mr. Cuthill's review.  Apparently, Defendants cannot comprehend that Mr. Amodeo's statements may have

4

been incorrect or false.  Mr. Cuthill has attested to the facts disclosed by the corporate books and records of the Company of which he is President.  Simply because there may be evidence from Mr. Amodeo which Defendants wish to rely upon that contradicts this reading of the corporate records is not a sufficient basis to strike Mr. Cuthill's affidavit.  To the contrary, such disputed facts are precisely what this Court should consider in denying Defendants' Motion for Summary Judgment.  This Court should allow Mirabilis to weigh its corporate records against Mr. Amodeo's credibility to determine which is more accurate.

12.     Third, Defendants assert that Mr. Cuthill "cannot have gleaned" from the corporate records what Mirabilis' wholly owned subsidiary, Nexia, received from Defendants for the Nexia Certification.  Again, corporate books and records, including financial records such as ledgers, often disclose the receipts of a corporation.  To suggest that such review for those assets is "impossible" again does not comport with the common understanding.  This is a factual dispute that must be tried.

13.     Finally, in a lengthy footnote, Defendants also contend that the law firm of Broad and Cassel does not represent Nexia.  This was not raised in Defendants' Motion for Summary Judgment or in a motion prior to this footnote and should not be heard in this context.  Further, there is no basis given by Defendants how this issue is not moot since at a minimum Mirabilis responded to the summary judgment motion disproving it.  However, even though the footnote should be rejected for these reasons, ultimately the underlying premise is demonstrably incorrect. In the Bankruptcy Court's Order Approving *Motion for Approval of Compromise of Controversy By and Between Debtors and The United States of America* the Bankruptcy Court approved the compromise between the Debtors and the United States of America.  A copy of the motion is attached hereto as Exhibit "1."  As part of the compromise, Mirabilis maintained all rights to the

5

instant law suit of behalf of itself and Nexia.  *See Exhibit "B" to Motion for Approval.*
Defendants wish for this Court to ignore that Order.  However, the Order plainly gives Mirabilis
all rights to pursue this action and it is doing so.

14.     Furthermore, Mirabilis has standing to pursue the law suit on behalf of Nexia as the
100% shareholder of Nexia.  *See Debtor's schedules attached hereto as Exhibit "2."*  Nexia is a
dissolved Florida corporation.  Pursuant to Florida law, "title to all property of the (dissolved)
corporation was transferred to the directors as trustees for the shareholder and creditors of the
dissolved corporation."  *Liszka v. Silverado Steak and Seafood Co., Inc.*, 703 So.2d 1226 (Fla. 5th
DCA 1998).  Thus, Mirabilis has all the right to pursue this claim, in addition to the claim being
transferred to it by Court Order.

WHEREFORE, the Plaintiffs request that the Court deny Defendants' Joint Motion to
Strike the Affidavit of R.W. Cuthill (D.E. 203).

DATED this 5th day of March, 2010.

/s/ Nicolette Corso Vilmos

NICOLETTE CORSO VILMOS
Florida Bar No. 0469051
TODD NORMAN
Florida Bar No. 62154
Broad and Cassel
390 N . Orange Avenue, Suite 1400
Orlando, FL 32801
Post Office Box 4961
Orlando, FL 32802-4961
(407) 839-4200 Telephone
(407) 650-0955 Facsimile

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by
either CM/ECF notice or U.S. Mail this 5th day of March, 2010 to Kathleen B. Havener, Esq.,
The Havener Law Firm, LLC, 15511 Russell Road, Chagrin Falls, OH 44022; Frank Amodeo,
FCC-Low, B3, P.O. Box 1031, Coleman, FL 33521-1031; Terence Chu, 5637 Country Hills

4840-6021-4277.1
43582/0007 NCV ncv

Lane, Glen Allen, VA 23059; Martin R. Raskin and Jane Serene Raskin, Raskin & Raskin, P.A., 2601 South Bayshore Drive, Suite 725, Miami, Florida 33133; Kathleen S. Davies, The Davies Law Firm, 126 E Jefferson St, Orlando, FL 32801; James Vincent Sadrianna, 10025 Chatham Oaks Court, Orlando, FL 32836, James Robert Lussier, Mateer & Harbert, PA, 225 E Robinson St., Ste 600, Orlando, FL 32802-2854; James Everett Shepherd, Pohl & Short, PA, 280 W Canton Ave., Ste 410, Winter Park, FL 32790; John Edwin Fisher, Fisher, Rushmer, Werrenrath, Dickson, Talley & Dunlap, PA, 20 N Orange Ave., Ste 1500, Orlando, FL 32802-0712; Darryl M. Bloodworth & L. Reed Bloodworth, Dean, Mead, Egerton, Bloodworth, Capouano & Bozarth, PA, 800 N Magnolia Ave., Ste 1500, Orlando, FL 32802-2346 and US Attorney's Office, Suite 300, 501 W Church St, Orlando, FL 32805.

/s/ Nicolette Corso Vilmos

Nicolette Corso Vilmos, Esquire
Florida Bar No: 0469051

4840-6021-4277.1
43582/0007 NCV ncv

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

In re:                                    CASE NO. 6:08-bk-04327-KSJ

MIRABILIS VENTURES, INC.,                 CHAPTER 11

　　　　　　　　　　Debtor.
_____/

## MOTION FOR APPROVAL OF COMPROMISE OF CONTROVERSY
## BY AND BETWEEN DEBTORS AND THE UNITED STATES OF AMERICA

---

### NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING

Pursuant to Local Rule 2002-4, the Bankruptcy Court will consider this motion, objection, or other matter without further notice or hearing unless a party in interest files an objection within twenty (20) days from the date of service of this motion.  If you object to the relief requested in this motion, you must file your objection with the Clerk of the Bankruptcy Court at 135 W. Central Blvd., Suite 950, Orlando, Florida 32801, and serve a copy on Elizabeth Green, Esq., Latham, Shuker, Eden & Beaudine, LLP, P.O. Box 3353, Orlando, Florida 32802-3353.

If you file and serve an objection within the time permitted, the Bankruptcy Court will schedule a hearing and you will be notified.  If you do not file an objection within the time permitted, the Bankruptcy Court will consider that you do not oppose the granting of the relief requested in the motion, will proceed to consider the motion without further notice or hearing, and may grant the relief requested.

---

**MIRABILIS VENTURES, INC.** ("Mirabilis"), along with its related entities), Hoth

Holdings, LLC ("Hoth"), and AEM, INC. ("AEM")(collectively, "Debtors"), by and through

their undersigned attorneys, and pursuant to Federal Rules of Bankruptcy Procedure 2002(a)(3)

and 9019(a), hereby file this Motion for Approval of Compromise of Controversy By and

Between Debtors and the United States of America ("Motion") and, in support, state as follows:



EXHIBIT

1

## **Background Facts and Procedural Posture**

1.      On May 27, 2008, the Debtors filed voluntary petitions for relief with the United

States Bankruptcy Court for the Middle District of Florida: *In re Mirabilis Ventures, Inc.*, Case

No. 6:08-bk-04327-KSJ, *In re Hoth Holdings, LLC*, Case No. 6:08-bk-04328-KSJ, and *In re*

*AEM, Inc.*, Case No. 6:08-bk-04681 ("Bankruptcy Cases"). (Bankr. Doc. No. 1).

2.      The Debtors continue to operate their businesses and manage their properties as

debtors-in-possession under sections 1107 and 1108 of the Bankruptcy Code.

3.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §1334.  Venue

in this district is proper pursuant to 28 U.S.C. §1409.

4.      The statutory predicate for the relief sought herein is Bankruptcy Code section

105.

5.      On April 25, 2008, the United States of America ("USA") filed an *in rem* Civil

Forfeiture Complaint Case No. 6:08-cv-00067-MSS-KRS in the District Court for the Middle

District of Florida, Orlando Division ("Civil Complaint") against certain property owned by

Mirabilis. (Civil Complaint Doc No. 1).    On September 4, 2008 the USA amended the Civil

Complaint, to add additional property, including property owned by Mirabilis. (Civil Complaint

Doc. No. 67).

6.      On August 6, 2008, the United States of America ("USA") indicted Frank L.

Amodeo ("Amodeo"), for conspiracy, failure to remit payroll taxes, wire fraud, and obstruction

of an agency investigation.  *See United State of America v. Frank L. Amodeo*, Case No.: 08-cr-

176-Orl-28-GJK (Dist. Court Doc. No. 1).

7.      The indictment contains criminal forfeiture provisions which seek the forfeiture, *inter alia*, of all assets of the estates of the Debtors and their related entities.

8.      On August 14, 2008, USA filed a motion to intervene and to stay the Debtors' bankruptcy cases with this Court ("Intervener Motion")(Bankr. Doc. No. 48).

9.      In the Motion, USA seeks to stay the Bankruptcy Case in an effort to pursue a forfeiture action against property of the Debtors including, but not limited to, proceeds seized in the various law firm trust accounts, vehicles, real estate, and other personal property. (Bankr. Doc. No. 48)

10.     Furthermore, USA represented to the Bankruptcy Court that if the items are forfeited, "they will become property of the United States and will not remain in the related bankruptcy estates." (Bankr. Doc. No. 48 at para. 6).

11.     On September 23, 2008, Amodeo plead guilty to five counts of the indictment. (Dist. Court Doc. No. 28 and 33).  The plea agreement included an agreement by Amodeo to forfeit all of the proceeds of his conspiracy charged in Count One, including the assets of the Debtors' bankruptcy estates.

12.     On September 23, 2008, USA filed a Motion to Dismiss the Bankruptcy case based upon its bad faith filing alleging that the sole purpose of the filing was for Mr. Amodeo's personal benefit (the "Dismissal Motion")(Bankr. Doc. No. 71).

13.     On September 29, 2008, the Intervener Motion was scheduled to be heard before this Court.  However, the hearing was postponed by joint stipulation of both parties, and the Dismissal Motion and the Intervener Motion were set for October 17, 2008.

14.     On September 29, 2008 the USA filed a motion in the Amodeo Criminal Case for entry of a Preliminary Order of Forfeiture ("Forfeiture Motion")(District Court Case Doc. No. 40). In its Motion, the USA sought the forfeiture of a significant number of assets, including the Debtors' assets, and authority to seize of all of the assets sought for forfeiture.

15.     On October 2, 2008, the District Court entered a Preliminary Order of Forfeiture ("Preliminary Forfeiture Order"). (Dist. Court Doc. No. 46).   Pursuant to the Preliminary Forfeiture Order, the USA may seize property forfeited under the Order immediately, regardless of the Debtors' appeal.

16.     On October 3, 2008, the Debtors filed an Emergency Motion to Enforce Automatic Stay and for Sanctions in the Bankruptcy Case ("Sanctions Motion"). (Bankr. Doc. No. 89).

17.   On October 30, 2008 the USA indicted Mirabilis and AEM, alleging conspiracy to divert payroll taxes.   The Mirabilis and AEM incitements include criminal forfeiture counts.

### The Controversy

18.     The crux of the controversy between the Debtors and the USA is whether the USA has the legal right and authority to seize property of the Debtors, which is largely the subject of the Intervener Motion, Dismissal Motion, Forfeiture Motion and Sanctions Motion. USA has asserted in the District Court Case that Frank Amodeo used funds and assets of the Debtors to commit fraud against third parties, and that by Frank Amodeo's own admission, those assets, some of which are titled to the Debtors, are subject to criminal and civil forfeiture.

19.     USA believes that it is  entitled to seize property of the Debtors despite the current Bankruptcy Cases and the automatic stay, because civil and criminal forfeitures are

exempt from the application of the automatic stay pursuant to 11 U.S.C. §§ 362(b)(1) and (4). The USA further believes that the Debtors do not have a claim to the forfeitable property superior to that of the USA as set defined in 21 U.S.C. § 853(n)(6); therefore, while the Debtors may assert a claim in the forfeiture proceeding, the USA believes such claim will be denied by the district court.

20.     Debtors have asserted, among other things, that the civil and criminal forfeiture actions by the USA are a violation of the automatic stay provision of the Bankruptcy Code that the actions of the USA are not exempt from the automatic stay, and that any claim or action is to enforce pecuniary claims of the USA and are therefore not subject to seizure. The Debtors have also asserted that the District Court does not have jurisdiction over the Debtors' assets and any relief granted by the District Court regarding the Debtors' assets is not proper. Furthermore, the Debtors assert that the action of the USA violate the Due Process Clause of the Fifth Amendment of the United States Constitution by failing to provide adequate and timely notice of a taking. Lastly, the Debtors allege that the USA's actions violate public policy and the Bankruptcy Code's intent because granting such relief would allow the USA to side-step the Bankruptcy process to the detriment of the Debtors, the Debtors' creditors and other parties in interest.

21.     Debtors have asserted that by attempting to seize, funds, lawsuit proceeds and other property that may belong to the Debtors and its creditors, USA's continued collection actions are unlawful.

22.     Furthermore, the Debtors and USA disagree as to what property is subject to forfeiture, if such forfeiture was allowed.

### The Compromise

23.     On October 8, 2008, and subsequent to this date, Debtors counsel and USA met to discuss possible global resolutions of all issues which have been raised, or could be raised, between USA and the Debtors, including the resolution of all outstanding motions.

24.     In full and final resolution of these issues, claims and demands, the parties have agreed that it is in the best interest of all parties to reach an agreement related to the administration of assets of the Debtors.  The Debtors' assets will be divided between those that will continue to be administered by the Debtors' bankruptcy estate and those forfeited to the USA

25.     The following assets, as more fully set forth in **Exhibit "A"**, shall be forfeited to the USA:

        a.     The equity interest of Mirabilis and the Unsecured Claims of Mirabilis and its related entities in the WinPar bankruptcy estate, Case No. 07-11908, pending in the Eastern District of Tennessee, shall be forfeited to the USA.   However, the Mirabilis bankruptcy estate will retain all rights to the funds, if any, generated by the WinPar estate as a result of the fraudulent transfer action styled, Richard P. Jahn, Jr. as Trustee v. Atlantic American Capital Group, LLC et. al. filed on August 6, 2008. (WinPar Adv. Doc. No. 1) ("WinPar Fraudulent Transfer Action").  If for any reason the validity of Atlantic American's lien is determined by the forfeiture court(s) the funds related to the WinPar Fraudulent Transfer Action will be transferred to the forfeiture court pending entry of a final judgment of forfeiture.

        b.     The note in the principal amount of $5,500,000.00 dated May 27, 2007 payable to Mirabilis from Conrad D.  Eigenmann, Jr. ("Eigenmann Note") shall be forfeited to

the USA, however, the payment due on the note in January 2009, which is based upon a formula and will be not less than $100,000.00, shall be paid to the Mirabilis bankruptcy estate and administered by the Mirabilis bankruptcy estate.    The USA agrees that for a period of 12 months, it will delay sale of the Eigenmann Note and will allow the Mirabilis estate to market for sale or otherwise attempt to compromise the Eigenmann Note, subject to approval by the USA.

        c.     All retainers seized from attorney's trust accounts, pursuant to warrants issued by the USA, which are the subject of the Civil and Criminal forfeiture actions shall be forfeited to the USA.

        26.     Assets to be retained and administered by the Debtors bankruptcy estates, as more fully set forth in **Exhibit "B"** are as follows:

        a.     The funds, if any, generated by the WinPar estate as a result of pending the WinPar Fraudulent Transfer Action against Atlantic American.  If for any reason the validity of Atlantic American's lien is determined by the forfeiture court(s) the funds related to the WinPar Fraudulent Transfer Action will be transferred to the forfeiture court pending entry of a final judgment of forfeiture.

        b.     Any causes of action of the Debtors against insurance carriers, or for malpractice against professionals shall be retained by the Debtors estates.

        c.     All causes of action, including but not limited to fraudulent transfer causes of action shall be retained by the Debtors, provided however, that the Debtors will not bring fraudulent transfer actions to recover assets set forth on **Exhibit "A"**.

        d.     The fraudulent transfer action filed by Hoth Holdings against Coastal Equity Partners, LLC et. al. on August 1, 2008. ("Hoth Adversary") (Hoth Adv Doc. No. 1) shall

remain an asset of the Hoth bankruptcy estate, and any proceeds from the Hoth Adversary shall remain property of the bankruptcy estate.   The USA agrees not to directly forfeit the property located at 3801 Carolina Ave, Richmond, Virginia, which is the subject of the Hoth Adversary, subject to the provisions of Paragraph 28 below.

e.      The note payable to AEM from O2HR dated June 1, 2007 in the amount of $2,235,800.00   shall be an asset of the AEM bankruptcy estate.   The note payable to National Med-Staff, Inc. dated June 1, 2007 in the amount of $188,300.00 shall be an asset of the Mirabilis bankruptcy estate ("O2HR Notes").      The USA agrees not to directly forfeit the O2HR Notes, subject to the provisions of Paragraph 28 below.

27.    Any and all property of the Debtors' estates not specifically set forth herein shall remain property of the bankruptcy estates.   Likewise, any and all property set forth on **Exhibit "A"**, and not specifically set forth above, shall be forfeited to the USA.

28.    In addition, the Debtors shall amend the schedules to include an unsecured forfeiture claim in the Mirabilis and AEM cases for USA in the amount of $200,000,000.00 ("Forfeiture Claim").   The Debtors will propose a plan of reorganization which creates a liquidating trust and consolidates the AEM and Mirabilis cases.  R. W. Cuthill, Jr.  ("Cuthill") will serve as the Trustee, and the USA, as an unsecured creditor, will retain an oversight role. The Plan will provide that subsequent to confirmation, professional fees paid by the trust will be noticed to creditors on a ten day negative notice basis and may be subject to objection.   In the event an objection is filed, the court will retain jurisdiction pursuant to the plan to resolve any dispute related therein.  Any and all funds paid to the USA by the bankruptcy estates shall be forfeited to the USA in partial satisfaction of the money judgment already entered against

defendant Frank Amodeo. Because the USA seeks entry of corresponding money judgments against defendants Mirabilis and AEM in the pending Indictment and such money judgments would create joint and several liability against all three defendants, any funds credited towards the money judgment entered against defendant Frank Amodeo would also be in partial satisfaction of any money judgments entered against Mirabilis and AEM.

29.     The Debtors shall pay LM Liquidators, Inc. to continue to act as the repository for the electronic and paper documents of Mirabilis and its affiliates and subsidiaries located at 4602 35th Street SW, Orlando, FL. and 1604 Premier Road, Orlando, Florida. These payments will include payment for labor and reimbursement of expenses such as rent, utilities, security, maintenance, and other expenses associated with the safekeeping of the documents. The USA and the Debtors shall cooperate in maintaining the documents which shall remain in the sole custody and control of the USA.

30.     The Debtors will withdraw and/or will agree not to file any claims in the related forfeiture cases and hereby waive their right to any future notice in such actions.

31.     All pending motions filed by the USA, in the bankruptcy cases, and all pending motions filed by the Debtors against the USA shall be withdrawn with prejudice.

32.     The Debtors will pursue all claims objections, if applicable, and USA will assist in providing information, permitted by law, related to the claims objections.

33.     Cuthill shall voluntarily be available to testify and will share all work papers with USA, provided that there is not conflict of interest.

34.     Debtors have reviewed the payment of attorney's fees to Leventhal and Slaughter, P.A., A. Brian Phillips, P.A., Sands, White & Sands, P.A., and Robert E. Panoff, P.A. ("Criminal

Attorneys") and agree that the bankruptcy estate may not have claims for repayment of the attorney's fees to the criminal attorneys or the attempt to recover the attorneys fees from the criminal attorneys would not be in the best interest of the estate.

35.     This agreement will remain in full force and effect between the USA and the Debtors until entry of an order on the compromise by the Bankruptcy court.

36.     Debtors believe that this compromise is in the best interest of the creditors of the Debtors' estate because it avoids the time, expense, and uncertainty of litigating the issues presented in this motion and enables the Debtors to concentrate their efforts on the current case.

**WHEREFORE**, Mirabilis Ventures, Inc., respectfully requests that this Court enter an order granting the Motion for Approval of the Compromise of Controversy by and between the Debtors and the United States of America and granting such further relief that this Court deems just and proper.

**DATED** this 25th day of November, 2008.

| | |
|---|---|
| /s/ I. Randall Gold<br>I. Randall Gold, Esq.<br>Florida Bar No.: 0268062<br>United States Attorney's Office<br>501 West Church Street, Suite 300<br>Orlando, FL 32805<br>Telephone: (407) 648-7500<br>Facsimile: (407) 648-7643<br><br>/s/ Anita M. Cream<br>Anita M. Cream, Esq.<br>Florida Bar No.: 056359<br>United States Attorney's Office<br>400 N. Tampa Street, Suite 3200<br>Tampa, FL 33602<br>Telephone: (813) 274-6301<br>Facsimile: (813) 274-6220 | /s/ Elizabeth A. Green<br>Elizabeth A. Green, Esq.<br>Florida Bar No.: 0600547<br>Latham, Shuker, Eden & Beaudine, LLP<br>390 N. Orange Ave., Suite 600<br>Orlando, FL 32801<br>Telephone: (407) 481-5800<br>Facsimile: (407) 481-5801 |

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re:                                            CASE NO. 6:08-bk-04327-KSJ

**MIRABILIS VENTURES, INC.,**                     CHAPTER 11

                    **Debtor.**
_____/

### CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the **MOTION FOR APPROVAL OF COMPROMISE OF CONTROVERSY BY AND AMONG DEBTORS AND THE UNITED STATES OF AMERICA** has been furnished by electronic transmission and/or U.S. First Class mail, postage prepaid, to: Mirabilis Ventures, Inc., c/o R.W. Cuthill, Jr., President, c/o 341 N. Maitland Ave, Suite 210, Maitland, Florida 32751; I. Randall Gold, United States Attorney's Office, 501 West Church Street, Suite 300, Orlando, FL 32805; all creditors as shown in the matrix attached hereto; and the United States Trustee, 135 W. Central Blvd., Suite 620, Orlando, FL 32801 on this 25th day of November 2008.

                                        /s/ Elizabeth A. Green
                                        Elizabeth A. Green, Esq.

## Debtor's Asset List

The properties subject to forfeiture in the pending criminal and/or civil forfeiture cases are:

(a)    3801 Carolina Avenue, Richmond, VA;

(b)    The funds, if any, generated by the fraudulent transfer lawsuit from the sale of 509 Riverfront Parkway, Chattanooga, TN;

(c)    January 2009 payment due under a promissory note in the amount of $5,500,000.00 dated on or about May 27, 2007 between Mirabilis Ventures, Inc. and Conrad D. Eigenmann, Jr.;

(d)    The assets of the following corporations, including but not limited to the below listed lawsuits and/or settlements:

<u>Corporations:</u>

AEM, Inc., d/b/a Mirabilis HR,
Hoth Holdings, LLC,
Mirabilis Ventures, Inc.,

<u>Lawsuits:</u>

| Style of case | Location | Case No. |
|---|---|---|
| Mirabilis Ventures, Inc. v. Jeffrey Reichel | Broward County, Florida | CACE 07011827 |
| Mirabilis Ventures, Inc, and Nexia Strategy Corp. v. Palaxar Group, LLC, et al. | Orange County, Florida | 07-co-13191 (37) |
| Mirabilis Ventures, Inc. v. Forge Capital Partners, LLC, et al. | Orange County, Florida | 07-CA-13828 (33) |
| Mirabilis Ventures, Inc. v. J.C. Services, Inc., et al. | U.S.D.C., M.D. Fl. | 6:06-cv-1957-Orl-22KRS |
| AEM, Inc. d/b/a Mirabilis HR v. Sheryl Okken, Progressive Employer Services, LLC, et al. | Brevard County, Florida | 05-2007-CA-006526 |

| Style of case | Location | Case No. |
|---|---|---|
| RKT Constructors, Inc. v. Del Kelley and Robi Roberts | Orange County, Florida | 2007-CA-012599-0 |
| Mirabilis Ventures, Inc. v. Stratis Authority, Inc., et al. | Orange County, Florida | 07-ca-13826 (37) |
| Mirabilis Ventures, Inc. v. Premier Servicing, LLC and Robert Konicki | Orange County, Florida | 07-ca-33197 (34) |
| Mirabilis Ventures, Inc. v. Robert Lowder, et al. | Orange County, Florida | 2006-CA-005742-0 |
| Kenneth Hendricks, et al. v. Mirabilis Ventures, Inc., et al. (Counterclaim) | U.S.D.C., M.D.Fl. | 8:07-cv-661-T17EAJ |
| Kenneth Hendricks, et al. v. Mirabilis Ventures, Inc., et al. (Counterclaim) | Hillsborough County, Florida | DC-07-014201J |
| Berman, Kean & Riguera, P.A. v. Mirabilis Ventures, Inc., et al. (Counterclaim) | Broward County, Florida | 07-024968 (21) |
| Paysource, Inc. And Robert Sacco v. Mirabilis Ventures, Amodeo, et al. (Counterclaim) | U.S.D.C., S.D. Ohio | 3:07cv0129 |
| Prime Acquisition Group, LLC v. Ionic Services, Inc., et al. (Counterclaim) | Palm Beach County, Florida | 502007CA02242 |
| Briarcliff Village, LLC v. Mirabilis Ventures, Inc. | Clay County, Missouri | 07CY-CV09414 |
| William Gregory v. Floyd Road v. Mirabilis Ventures, Inc. (Counterclaim) | Hillsborough County, Florida | 07-CA-010780 |
| Coastal Equity Partners, LLC v. Pacific Atlantic Capital Corp., et al. (Counterclaim) | Henrico County, Virginia | CL07-1960 |

| Style of case | Location | Case No. |
|---|---|---|
| Liberty Property Limited Partnership v. Mirabilis Ventures, Inc., et al. (Counterclaim, settled) | Duval County, Florida | 162007CA003642 |
| Tranmere Rovers Football Club v. Mirabilis Ventures, Inc. (Counterclaim, settled) | Liverpool, England | 7LV30022 |
| Mark Lang v. Mirabilis Ventures, Inc. (Counterclaim, settled) | Orange County, Florida | 48-2007-CA-002929-0 |
| David Chaviers, Norman Chaviers, Kellie Ledbetter and Tom Hancock v. Mirabilis Ventures, Inc. And Frank Amodeo, et al. (Counterclaim, settled) | U.S.D.C., N.D. Ala. | CV-07-0442-cls |
| Carlton Fields v. Mirabilis Ventures, Inc. (Counterclaim, settled) | Hillsborough County, Florida | 07-CC-038145 |
| Brevard County v. RKT Constructors, Inc. (Counterclaim, settled) | Brevard County, Florida | 05-2007-CA-12251 |
| Bellsouth v. RKT Constructors, Inc., et al. (Counterclaim, settled) | Orange County, Florida | 05-2007-CA-9660-0 |
| Capital Office Products of Volusia County, Inc., v. Mirabilis Ventures, Inc. (Counterclaim, settled) | Volusia County, Florida | 2007-34950 COCI |
| CDW Corporation, Inc. v. Information Systems, Inc. (Counterclaim, settled) | Cook County, Illinois | 2007-L-002446 |
| RKT Constructors, Inc. v. Florida Department of Transportation (Settled) | Broward County, Florida | 05-2003-CA-047397 |

| Style of case | Location | Case No. |
|---|---|---|
| RKT Constructors, Inc. v. Florida Department of Transportation (Settled) | Broward County, Florida | 05-2006-CA-060518 |

      (e)    Any and all property of the following bankruptcy estates, including funds which now constitute or have constituted funds of the estate:

| Style of case | Location | Case No. |
|---|---|---|
| Sam Hopkins, Trustee v. Todd Pattison and Mirabilis Ventures, Inc. | U. S. Bankruptcy Court, D. Idaho | 08-08005-JDP |
| In Re: Mirabilis Ventures, Inc. | U. S. Bankruptcy Court, M.D. Fl. | 6:08-bk-04327-KSJ |
| In Re: Hoth Holdings, LLC | U. S. Bankruptcy Court, M.D. Fl. | 6:08-bk-04328-KSJ |
| In Re: AEM, Inc. | U. S. Bankruptcy Court, M.D. Fl. | 6:08-bk-04681 |
| In Re: North American Communications | U. S. Bankruptcy Court, D. Utah | 2:07-bk-24900 |

### Government Asset List

The properties subject to forfeiture in the pending criminal and/or civil forfeiture cases are:

(a)    614 Lake Avenue, Orlando, FL;

(b)    709 Euclid Avenue, Orlando, FL;

(c)    1159 Delaney Avenue, Orlando, FL;

(d)    Proceeds from the sale of 509 Riverfront Parkway, Chattanooga, TN – Mirabilis Equity interest and unsecured claims of Mirabilis and its affiliates;

(e)    4905 Research Drive, Huntsville, AL;

(f)    102 West Whiting Street, Tampa, Florida;

(g)    2006 BMW 750Li, VIN #WBAHN8353GDT30059;

(h)    2006 Black Harley Davidson, VIN #1HD1BWB156Y077592;

(i)    2006 Mercedes Benz CLS 500C Coupe, VIN #WDDDJ75X46A032858;

(j)    2006 Mercedes Benz CLS 55AMG, VIN # WDDDJ76X66A055945;

(k)    Gates Learjet Model 25D Aircraft No. 4488W;

(l)    $253,487.45.00 in proceeds seized from the Trust Account of the law firm of Balch Bingham LLP;

(m)    $101,393.86 in proceeds seized from the Trust Account of the law firm of Shutts & Bowen;

(n)    $42,419.72 in proceeds seized from the Trust Account of the law firm of Mateer and Harbert;

(o)    $100,000.00 in proceeds seized from the Trust Account of the law firm of Maher, Guily, Maher PA;

(p)    $105,922.96 in proceeds seized from the Trust Account of the law firm of Martin, Pringle, Oliver, Wallace, & Baur LLP;

(q)    $50,000 In proceeds seized from the Trust Account of the law firm of Bieser, Greer & Landis LLP;

(r)    $8,518.30 in proceeds seized from the Trust Account of the law firm of Allen, Dyer, Doppelt, Milbrath & Gilchrist PA;

(s)    $25,000 in proceeds seized from the Trust Account of the law firm of Valenti, Hanley & Robinson PLLC;

(t)     $10,000 in proceeds seized from the Trust Account of the law firm of Brown, Stone, & Nimeroff LLC;

(u)     $21,900 in proceeds seized from the Trust Account of the law firm of Hunt Rudd PA;

(v)     $41,029.54 in proceeds seized from the Trust Account of the law firm of Ford & Harrison PA;

(w)     $12,528.51 in proceeds seized from the Trust Account of the law firm of Broad & Cassel;

(x)     $20,754.19 in proceeds seized from the Trust Account of the law firm of Latham, Shuker, Barker, Eden, & Beaudine LLC;

(y)     $13,100.99 in proceeds seized from Fifth Third Bank Account No. 7440599020 in the Name of Soone Business Development;

(z)     $37,629.16 in proceeds seized from the trust account of the law firm of Charles W. McBurney, Jr.;

(aa)    A promissory note in the amount of $3,500,000.00 dated on or about May 7, 2007 between Wellington Capital and Worker's Temporary Staffing, Inc., including payments of $63,000.00 per month;

(bb)    All payments due under the promissory note in the amount of $5,500,000.00 dated May 27, 2007 between Mirabilis Ventures, Inc. and Conrad D. Eigenmann, Jr. after the January 2009 payment;

(cc)    The assets of the following corporations, including but not limited to the below listed lawsuits and/or settlements:

Anthony T. Sullivan v. AQMI Strategy (07-CA-0015981-0);
Michael Mapes, et al. v. Wellington Capital Group, Inc.(8:07cv77);
Dutko Global Advisors LLC v. AQMI Strategy Corporation (48-2007-CA-018164-0);
Providence Property & Casualty Insurance Co, et al. v. Paradyme, Inc., d/b/a Presidion Solutions VI (4:07-CV-202)
Presidion Corporation v. Arrow Creek, Inc., et al. (50-2006-CA-0014170)

Corporations:

AQMI Strategy Corporation,
Nexia Strategy Corporation,
Presidion Solutions, Inc.,
Professional Benefit Solutions, Inc.,
   d/b/a Presidion Solutions VII, Inc.
Quantum Delta Enterprises, Inc.,
      d/b/a Siren Resources, Inc.,
         Titanium Technologies, Inc.,
      f/k/a Titanium Consulting Services, Inc.,
Tenshi Leasing, Inc.
Wellington Capital Group, Inc.

Exhibit A