FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MIRABILIS VENTURES, INC. and     Case No. 6:07-CV-1788-ORL-28-GJK
NEXIA STRATEGY CORPORATION,

        Plaintiffs,

vs.

PALAXAR GROUP, LLC;
PALAXAR HOLDINGS, LLC;
FRANK HAILSTONES; EDITH CURRY
a/k/a EDITH BROADHEAD; and
TERENCE CHU,

        Defendants,

vs.

MIRABILIS VENTURES, INC., et al.
FRANK L. AMODEO, et al.,

        Third Party Defendant,

        Third Party Plaintiff

_____/

NOTICE OF FILING ADDITIONAL
SWORN STATEMENT OF FACTS

Comes Now Frank L. Amodeo; the above stated third party Defendant and Plaintiff, and files an additional statement of facts for the period of January 2007 through September 2009.

This statement, when combined with the statement of facts submitted and filed on December 3, 2009, provides a reasonably comprehensive history of the case and will be referenced and incorporated into various third party complaints Amodeo is filing as well as responses to various motions pending before this court.

Respectfully submitted this 5th day of March, 2010.

                                          Frank L. Amodeo
                                 Federal Correction Complex-Low
                                           P.O. Box 1031
                                        Coleman, Fla 33521
                                             B-3; 48883-019

## CERTIFICATE OF SERVICE

A copy of the brief and appendix on DVD are being served upon all parties in this action and the parties listed in the certificate of interested parties and persons by U.S. Mail on the 9th day of March.

_____
Frank L. Amodeo

# Endnotes

i        Stipulated Statement of Facts; Video Recordings introduced at sentencing; Mock Deposition Transcript and Recording.

ii       Stipulated Statement of Facts; Declaration Statement of Facts; Financial Records of Mirabilis Ventures, Inc.'s Chapter 11.

iii      Stipulated Statement of Facts. Actual documents evidencing the discussion exist but were not entered at sentencing because the government stipulated to the communications as part of the stipulated Statement of Facts.

iv       Sign-in sheet for Mock Deposition suppose to have been entered with transcript at sentencing.

v        Appendix "2„Appellate Brief.

vi       Declaration Statement of Facts; Polygrapher Report in Addendum F of both Statement of Facts.

vii      Declaration Statement of Facts; Testimony of Amodeo during sentencing.

viii     Plea agreement Statement of Facts; McLean Psychiatric Report; Letter of Dr. Choras.

ix       Declaration Statement of Facts.

x        Declaration Statement of Facts.

xi       Representations of Sands at sentencing; Stipulated Statement of Facts, i.e. the Position Paper.

xii      Sentencing Transcripts.

xiii     Conversation with Agents McCade and Smith in Amodeo's condominium in or about April 2009. Declaration of Amodeo filed on October 14, 2009 in this case and in the District Court.

xiv      Originally several week dispute amongst Amodeo's attorneys [Panoff, Phillips, etc., both professional level tax attorneys did not understand and took polar opposite positions on forfeiture.] See affidavit and complaint in forfeiture action filed by attorney Nicole Andrejko and agent Steven McCabe.

xv       Statements by Panoff, Slaughter, Gold, Phillips to Amodeo on several occasions. Tax liens filed against Professional Benefits Solution, Inc. in the public record.

xvi      Letter from Agent Patterson approved by AUSA Corbett attached to Statement of Facts. Undercover tape of conversations with Jim Baiers, Esquire and Craig Vanderburg.

xvii     Initiated memo by Dan Myers, CPA Amodeo's Power of Attorney with the Internal Revenue Service confirming conversation with Agent McNealy dated June 2005.

xviii    Referenced in Statement of Facts admitted into the record at sentencing and stipulated to by the Government.

xix      Statement of Facts admitted at sentencing and stipulated to by the Government. Various comments by Kenton Sands, Esq. at sentencing with regards to disagreement between Amodeo and Gold about what the statement of facts in the plea agreement meant.

xx       Polygraph results attached as addendum F to the Statement of Facts filed with Amodeo's declaration. [For some unknown and unexplained reason, Amodeo's attorneys never submitted the addenda into the record at sentencing even those stipulated to by the Government.]

xxi      Undercover tape of Robert Pollack, MD which Amodeo attempted to introduce at sentencing but the court system could not readily play and the Government objected to being introduced in snippets. [Breaching promise to permit full hearing of issues.].

xxii     Id.

xxiii    Memorandum introduced at sentencing and attached to Amodeo's October 14, 2009 Declaration.

xxiv    Notes of James Baiers, Esq. from interrogation of Baiers conducted by Edie Curry, Esq. and former FBI Organize Crime Investigation supervisor Brian Taylor dated October 2005 contained in Curry Notebook attached to Amodeo's Declaration. And possibly introduced into evidence at sentencing.

xxv    April 19, Chairman Video entered into the record at sentencing.

xxvi    E-mail of Tom Sadaka, Esq. and Kelly Tomeo, Esq. confirming legality of business model. Requisitioned by the security company's former law enforcement personnel - separate investigation had been approved by Amodeo.

xxvii    Sign-in sheet submitted with Stipulated Statement of Facts; Transcript admitted at sentencing; video recording admitted but not played at sentencing.

xxviii    Mock deposition transcript page 86 and 87.

xxix    Stipulated Statement of Facts.

xxx    Undercover tape of Baiers and Vanderburg. Amodeo's testimony at sentencing. Vanderburg reported this to other attorneys in the companies.

xxxi    Statements by Judge Antoon II to Kenton Sands about wanting to know more about vague statement of facts. Sands skirting issue to avoid cancellation of the plea.

xxxii    Comment by Slaughter to Amodeo at defense table to remember the answers during the plea colloquy.

xxxiii    Sands' comments at sentencing. Memo admitted at sentencing. Stipulated Statement of Facts admitted at sentencing.

xxxiv    Id.

xxxv    Amodeo's discussion with Slaughter when Amodeo was required to draft a prose motion to cancel plea; although Sands and Slaughter said they would adopt the motion as their own except for the conflict of Sands and Slaughter being witnesses.

xxxvi    Amodeo's testimony at sentencing. Amodeo's statement in colloquy. Stipulated Statement of Facts.

xxxvii    Id.

xxxviii    Id.

xxxix    Id.

xl    Statement of Facts in plea agreement. Declaration of Amodeo. Stipulated Statement of Facts.

xli    Sands statements at sentencing; Stipulated Statement of Facts; Declaration of Amodeo.

xlii    Comments of Judge Antoon II and Kenton Sands at sentencing.

xliii    Amodeo has not been provided the documents because, as an incompetent, was not entitled to such; but case was before the Honorable Belvin Perry Orange County Circuit Court.

xliv    The panel reports are suppose to be attached to PSI and included in addenda of Stipulated Statement of Facts admitted at sentencing.

xlv    Order of Judge Perry in public record of Orange County Circuit Court; In re Amodeo.

xlvi    Report of McLean Hospital admitted at sentencing.

xlvii    Admissions of AUSA Gold at sentencing; Admission of AUSA Gold at bankruptcy hearing on June 14, 2009.

xlviii    Testimony of Dr. Danzinger at sentencing. Report of McLean and Harvard team. Testimony by Dr. Peter Choras of McLean prevented by refusal to extend hearing to allow for appearance, a letter requesting same introduced at sentencing.

| | |
|---|---|
| xlix | American Psychiatric Association: Diagnostic and Statistical Manual of Mental Health Disorders, Fourth Edition Text Revision, Washington, DC (200). (Hereinafter DSM-IV); Stipulated Statement of Facts. |
| l | DSM-IV. |
| li | DSM-IV; Stipulated Statement of Facts. McLean Psychiatric Report. |
| lii | McLean Psychiatric Evaluation. |
| liii | Id; Stipulated Statement of Facts. |
| liv | Statement of Gold and Slaughter during plea colloquy. |
| lv | DSM-IV; Diagnosis supporting prescriptions of Dr. Krotenberg and Dr. Vukovich. |
| lvi | Gold comment during colloquy. |
| lvii | Order of Magistrate Kelly during bond hearing on or about September 2, 2008. |
| lviii | Amodeo statement about medication, during change of plea hearing. |
| lix | Amodeo testimony at sentencing; May 26, 2009 determination by Orange County Jail that Amodeo belonged in Acute Mental Health based on the amount of medication Amodeo was taking. Determination by Bureau of Prisons to reduce Depakote to one-half prescribed level and eliminate Geodon and Seroquel. |
| lx | Stipulated Statement of Facts; McLean Psychiatric Report; Orange County Psychiatric Panel Report. |
| lxi | Declaration of Amodeo; Statement of Facts with addenda. |
| lxii | McLean Psychiatric Report. |
| lxiii | Statement of Slaughter and Sands at sentencing. Grudging admission of Gold at sentencing. |
| lxiv | Stipulated Statement of Facts. |
| lxv | Undercover tapes referenced throughout sentencing. Stipulated Statement of Facts. |
| lxvi | Statement of Herb Hoelter, Slaughter recommended paid expert to Amodeo and others including Amodeo's civil attorneys Aaron Bates and Matt Mokwa. |
| lxvii | Stipulated Statement of Facts. |
| lxviii | Stipulated Statement of Facts; Gold's admission to bankruptcy court; Amodeo's testimony at sentencing. |
| lxix | Report submitted to Gold, Andrejko and agents after misleading affidavit submitted by McCabe in the forfeiture; Stipulated Statement of Facts. |
| lxx | Affidavit of Amodeo filed with Declaration of October 14, 2009; testimony [in part] of Amodeo at sentencing. |
| lxxi | Meeting of Amodeo's Condominium in April 2009; Comments made by AUSA Anita Cream to members of the audience before a status conference in the case of USA vs. AEM, Inc. et. al. on or about August 28, 2009. |
| lxxii | Witness asked name be withheld out of fear of reprisal until witness can testify with court protection. |
| lxxiii | Statement of Sands to Judge Antoon II at sentencing. |
| lxxiv | Declaration of Amodeo. |
| lxxv | Sands on third and final day of sentencing the illusory nature of the acceptance of responsibility departure. |
| lxxvi | Video of Mock Deposition entered at sentencing; sign-in sheet of Mock Deposition entered into the record at sentencing; Motion to Disqualify filed by United States. |
| lxxvii | Transcript of Mock Deposition entered at Sentencing; Video of Mock Deposition. |
| lxxviii | Slaughter repeats comment about 9-1-1 during statement to the court at sentencing. |
| lxxix | Id. |

lxxx    Arranged an interview between Amodeo and former IRS Commissioner Gibbs.

lxxxi    Plea Colloquy transcript; Stipulated Statement of Facts.

lxxxii    Slaughter's statement to the court during sentencing; Stipulated Statement of Facts.

lxxxiii    Slaughter also was disqualified in a previous case for same reason before Judge Antoon II. United States vs. Terry Allen, 2004, U.S. Dist. LEXIS 29911 (M.D. FLA. 2004).

lxxxiv    E-mail shown to Amodeo by Slaughter at the request of Panoff dated on the same day as Amodeo first met with polygrapher Richard Kiefer. See Declaration Statement of Facts Addendum 'F', and Amodeo's testimony at sentencing.

lxxxv    Mirabilis Ventures, Inc. Chapter 11 docket number 101, case number 6:08-BK-04327KSJ, paragraph 34, November 25, 2009.

lxxxvi    Diagnosis of Dr. Choras, McLean Psychiatric Evaluation.

lxxxvii    Sands tells court during sentencing, Sands is the first to discover that the memorandum did not state what other attorneys believed; Memorandum of February 2006 entered at sentencing.

lxxxviii    Gold stipulates to the statement during Amodeo's testimony. [Even if this was just what Amodeo believed as the Government admits, it extinguishes intent].

lxxxix    Declaration of Amodeo filed in this case, the District Court and various civil proceedings.

xc    Declaration of Amodeo. Plea Agreement Statement of Facts which reference 'reckless disregard to read the Berman memorandum of February 2006'.

xci    Amodeo's sister was told this by Sandy at Real Time Reporter while attempting to compile transcripts for Amodeo to prepare this brief.

xcii    Stipulated Statement of Facts; Declaration of Amodeo; Testimony of Amodeo.

xciii    Id.

xciv    Id.

xcv    Stipulated Statement of Facts; Amodeo's testimony at sentencing; Slaughter's comments to the court at sentencing.

xcvi    Government's motion to disqualify Slaughter; Gold's representation during sentencing.

xcvii    Amodeo's Declaration; Gold acknowledges making statement but alleges a different meaning.

xcviii    Slaughter representations at sentencing; Gold representations in bankruptcy court; Stipulated Statement of Facts.

xcix    Jenck's material provided to Kenton Sands at sentencing, in particular Edith Curry. Statement of Special Agent Smith regarding other witnesses.

c    Judge Antoon II comments during final day of sentencing.

ci    Comment of witness to Government during debriefings, witness fears reprisal and desires court protection before being named.

cii    Judge Antoon II mentions Amodeo's good-deed to Katrina victims on final day of sentencing.

ciii    List of charitable actions and events in addenda to Declaration Statement of Facts; but inadvertently omitted from Stipulated Statement of Facts.

civ    Court comments on how court is watching Amodeo; discussion with Slaughter as to whether Amodeo controlling sentencing hearing. [Transcripts of Sentencing.]

cv        Government's motion to disqualify.

cvi       Government's motion and Gold's representations to the court at beginning of sentencing hearing.

cvii      Gold's motion and request in open court at the commencement of sentencing.

cviii     Amodeo's statement from the defense table during sentencing.

cix       Sands' representations to court in response to Judge Antoon II's questions.

cx        Id.

cxi       Amodeo's request in open court at sentencing.

cxii      Court's ruling in open court.

cxiii     United States vs. Terry Allen, supra

cxiv      Gold's comment to the court at colloquy that if Slaughter is permitted to withdraw, it would take over a year for new counsel to prepare [not expressed to court but to agents and defense counsel by Gold: a new attorney; especially an appointed one could not control Amodeo; thus Amodeo would take the case to trial.].

cxv       Next to the last day of sentencing financial conflict brought to court's attention by Government and/or comment by Amodeo. May have arisen when Sands noted the Government was using this financial interest (malpractice lawsuits against Berman, Holtz, etc.) to try and get out of 3 level departure for acceptance of responsibility.

cxvi      Presentence Investigation Report. Sands representation at sentencing.

cxvii     Court order to proceed on next last day of sentencing.

cxviii    Transcripts of sentencing.

cxix      Introduction of Dr. Choras letter at sentencing.

cxx       Declaration of Amodeo.

cxxi      Judge Antoon's pronouncement on second or third day of sentencing.

cxxii     Amodeo's testimony during sentencing.

cxxiii    Booking records of Orange County Jail.

cxxiv     Standard Procedure of Orange County Jail.

cxxv      Order of Judge Kelly at bond hearing.

cxxvi     Testimony of Dr. Danzinger at sentencing; McLean Psychiatric Evaluation.

cxxvii    Judge Antoon comment about observing Amodeo during sentencing.

cxxviii   DSM IV

cxxix     Admission of Gold during September plea hearings. Representation of Slaughter throughout the proceedings. Statement of multiple lay person (witnesses) to Government during debriefings: 'Amodeo was a different person during 2005 and 2006.' Witnesses fear disclosure of names because of prior Government threats unless testimony protected by the court.