IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| MIRABILIS VENTURES, INC. and<br>NEXIA STRATEGY CORPORATION,<br><br>    Plaintiffs,<br><br>v.<br><br>PALAXAR GROUP, LLC.;<br>PALAXAR HOLDINGS, LLC;<br>FRANK HAILSTRONES; EDITH CURRY<br>a/k/a EDITH BROADHEAD; and<br>TERENCE CHU,<br><br>    Defendants.<br><br>v.<br><br>MIRABILIS VENTURES, INC. and<br>NEXIA STRATEGY CORPORATION,<br><br>And THIRD PARTY CORPORATION,<br>WELLINGTON CAPITAL GROUP,<br>INC.,<br>YANIV AMAR, FRANK AMODEO,<br>AARON BATES, MATTHEW MOKWA,<br>ROBERT POLLACK, JAMES<br>SADRIANNA.<br><br>    Third Party Defendants. | Case No. 6:07-CV-1788-ORL-28-KRS |

**<u>MIRABILIS' MOTION AND SUPPORTING MEMORANDUM OF
LAW TO EXTEND THE DEADLINE TO FILE AN AMENDED
COMPLAINT AND ADD PARTIES OR IN THE ALTERNATIVE MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT AND ADD PARTIES</u>**

Plaintiff, Mirabilis Ventures, Inc. (in its corporate capacity and as Assignee of right of Nexia) by and through undersigned counsel and pursuant to Fed. R. Civ. P. 15, hereby moves for leave to file a proposed Third Amended Complaint to 1) add party defendants to this action; and 2) amend the case style of this action to reflect the properly named Plaintiff in this action, and in support thereof states as follows:

## **INTRODUCTION**

Mirabilis seeks to amend the Complaint in this action to add Michael A. Dement and Laurie S. Holtz as Defendants to this action. During preparation for the depositions of Ms. Curry and Mr. Hailstones, which were limited in scope to issues raised in Defendants' motion for summary judgment, counsel discovered evidence which gives rise to causes of action against Michael A. Dement and Laurie S. Holtz. Specifically, the proposed Third Amended Complaint will seek to assert claims against Michael A. Dement and Laurie S. Holtz, who like Ms. Curry and Mr. Hailstones, were employees of the Mirabilis related entities and are now claiming certain rights to, and have benefited from, the intellectual property which is the subject of this action.

Additionally, Mirabilis seeks leave to amend to reflect the properly named Plaintiff in this action. The Defendants have argued that Plaintiff, Nexia, is owned

by the government in this action and Mirabilis does not have standing on behalf of Nexia. Mirabilis asserts that the compromise approved by the Bankruptcy Court assigned Mirabilis all rights to the instant law suit, including the rights of Nexia. Mirabilis seeks leave to amend the named Plaintiff in the complaint as follows "Mirabilis Ventures, Inc., in its corporate capacity and as Assignee of right of Nexia."[1]

## MEMORANDUM OF LAW

Pursuant to Fed. R.Civ. P. 15(a), leave to amend "shall be freely given when justice so requires." The policy of the federal rules "is to permit liberal amendment to facilitate determination of claims on the merits[.]" *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). Thus, "absent undue delay, bad faith or repeated failure to cure deficiencies…or undue prejudice to the opposing party, the leave sought should be freely given." *Marco's Franchising, LLC v. Marco's Italian Express, Inc.*, 239 F.R.D. 686, 688 (M.D.Fla. 2007); *see also United States v. Palmetto Government Benefits Administrators*, 477 F.Supp. 2d 1187, 1197 (S.D.Fla. 2007) (*citing Foman v. Davis*, 371 U.S. 178, 182 (1962) for the proposition that "leave to amend must be granted absent a specific,

---

[1] Because the issues related to the ownership and rights of Nexia were determined pursuant to the Bankruptcy Court's Order Approving *Motion for Approval of Compromise of Controversy By and Between Debtors and The United States of America,* Mirabilis is filing a motion with the Bankruptcy Court in order to obtain clarification of Mirabilis' rights as to Nexia and this litigation.

significant reason for denial." (emphasis in original)).

## I. Request for Leave to Add Michael A. Dement and Laurie S. Holtz as Defendants

Mirabilis seeks leave of Court to file a proposed Third Amended Complaint to 1) add Michael A. Dement and Laurie S. Holtz as defendants to this action. Currently, the Second Amended Complaint alleges causes of action against the current Defendants for 1) Breach of Contract; 2) Breach of Fiduciary Duty; 3) Misappropriation of Trade Secrets and Confidential Information; 4) Conversion; 5) Civil Conspiracy; 6) Injunction; and 7) Unjust Enrichment.

While preparing for the depositions of Ms. Curry and Mr. Hailstones, Mirabilis learned that Michael A. Dement and Laurie S. Holtz, former employees of the Mirabilis related entities, are named inventors on four fraud deterrence and monitoring patent applications filed with the United States Patent and Trademark Office. *See* example of one patent application attached hereto as Exhibit "1." Additionally, Mirabilis learned that Laurie S. Holtz is associated with Palaxar and listed on Palaxar's website as being part of Palaxar's "advisory counsel."

Mirabilis is requesting the Court to allow it to bring the pending causes of action for 1) Breach of Contract; 2) Breach of Fiduciary Duty; 3) Misappropriation of Trade Secrets and Confidential Information; 4) Conversion; 5) Civil Conspiracy; 6) Injunction; and 7) Unjust Enrichment against Michael A. Dement and Laurie S. Holtz.

Wherefore, as a result of the limited discovery taken in this cause of action and the recent discovery of this new evidence, Mirabilis respectfully requests that the Court extend the deadline for Mirabilis to amend its complaint and to add parties so that Mirabilis may have the opportunity to gather more information and properly and thoughtfully plead the allegations against Michael A. Dement and Laurie S. Holtz.  In the alternative, should the Court not allow additional time, Mirabilis respectfully requests the Court to grant its request for leave to amend the complaint to add Michael A. Dement and Laurie S. Holtz as Defendants.

**II.    Request to Amend the Style of the Case to Reflect the Properly Named Plaintiff**

It is Mirabilis' position that the Bankruptcy Court's Order Approving *Motion for Approval of Compromise of Controversy By and Between Debtors and The United States of America* provided that Mirabilis obtained the right, on behalf if itself and Nexia, to pursue the instant law suit.  However, that issue appears to be contested by the parties.  As a result, Mirabilis is filing a motion with the Bankruptcy Court seeking clarification of the Bankruptcy Court's Order Approving *Motion for Approval of Compromise of Controversy By and Between Debtors and The United States of America*.

In compliance with this Court's Amended Case Management Order, D.E. 190, Mirabilis is seeking leave of this Court to amend the case style of this action to reflect the properly named Plaintiff in this action, which Mirabilis believes

should be "Mirabilis Ventures, Inc., in its own corporate capacity and as Assignee of right of Nexia."

### III. The Court Should Grant Mirabilis' Requests for Leave to Amend the Complaint, Add Party Defendants and Modify the Case Style

Mirabilis is requesting to file an amended complaint and to add parties in accordance with the Court's deadline for adding parties and amending pleadings. *See* Amended Case Management Order (D.E. 190); *see also Warfield v. Stewart*, 2009 WL 425996, at *5 (M.D. Fla. Feb. 20, 2009) (ordering that motion for leave to amend filed within the Court's own deadlines should be granted).

Mirabilis has not delayed in seeking leave to amend.  In *Warfield*, 2009 WL 425996, at *3-4, this Court permitted the plaintiffs to amend their complaint to reflect additional evidence learned during the course of discovery.  Specifically, after the complaint was filed, plaintiffs discovered additional critical misrepresentations and omissions by defendants, and thus sought to amend the complaint to add additional claims based on this newly discovered evidence.  *Id*. at *4.  The Court agreed with plaintiff's position and permitted amendment to assert new claims and theories.  *Id*.; see also *Taylor v. Florida State Fair Authority*, 875 F.Supp. 812, 815 (M.D.Fla. 1995) (permitting amendment of complaint on the basis of newly discovered evidence, where litigation was still in early stages).

As a result of Mirabilis' bankruptcy, the instant case is in its very early stages.  The parties have engaged in very limited discovery and thus the additional

defendants would not be prejudiced. The existing Defendants cannot possibly be prejudiced by the addition of additional parties that their own testimony and documentary evidence have unearthed. As such, no prejudice to the existing Defendants would result from the proposed amendment.

Consequently, Mirabilis respectfully requests this Court to reach the same conclusion as the courts in *Warfield* and *Taylor*, and allow Mirabilis to file an amended complaint adding Michael A. Dement and Laurie S. Holtz and changing the case style to reflect the properly named plaintiff.

## CERTIFICATION OF GOOD FAITH CONFERRAL

The undersigned hereby certifies that undersigned has conferred with the parties in a good faith effort to resolve the disputes raised herein, but was unsuccessful. Specifically, the parties object to the relief sought by the Mirabilis.

/s/ Nicolette Corso Vilmos
Todd K. Norman
Florida Bar No.: 62154
Nicolette Corso Vilmos, Esquire
Florida Bar No,: 0469051
**BROAD AND CASSEL**
390 N. Orange Ave., Suite 1400
Orlando, FL  32801
Phone: 407-839-4200
Fax: 407-425-8377

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by either CM/ECF notice or U.S. Mail this 12th day of March, 2010 to Kathleen B. Havener, Esq., The Havener Law Firm, LLC, 15511 Russell Road, Chagrin Falls, OH 44022; Frank Amodeo, FCC-Low, B3, P.O. Box 1031, Coleman, FL 33521-1031; Terence Chu, 5637 Country Hills Lane, Glen Allen, VA 23059; Martin R. Raskin and Jane Serene Raskin, Raskin & Raskin, P.A., 2601 South Bayshore Drive, Suite 725, Miami, Florida 33133; Kathleen S. Davies, The Davies Law Firm, 126 E Jefferson St, Orlando, FL 32801; James Vincent Sadrianna, 10025 Chatham Oaks Court, Orlando, FL 32836, James Robert Lussier, Mateer & Harbert, PA, 225 E Robinson St., Ste 600, Orlando, FL 32802-2854; James Everett Shepherd, Pohl & Short, PA, 280 W Canton Ave., Ste 410, Winter Park, FL 32790; John Edwin Fisher, Fisher, Rushmer, Werrenrath, Dickson, Talley & Dunlap, PA, 20 N Orange Ave., Ste 1500, Orlando, FL 32802-0712; Darryl M. Bloodworth & L. Reed Bloodworth, Dean, Mead, Egerton, Bloodworth, Capouano & Bozarth, PA, 800 N Magnolia Ave., Ste 1500, Orlando, FL 32802-2346 and US Attorney's Office, Suite 300, 501 W Church St, Orlando, FL 32805..

*/s/ Nicolette Corso Vilmos*

_____
Nicolette Corso Vilmos
Florida Bar No: 0469051