## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | | |
|---|---|---|
| MIRABILIS VENTURES, INC. and<br>NEXIA STRATEGY CORPORATION, | ) )<br>) | Case No.:  6:07-CV-1788-ORL-28-GJK |
| Plaintiffs, | ) ) | |
| -vs.- | ) ) | |
| PALAXAR GROUP, LLC;<br>PALAXAR HOLDINGS, LLC;<br>FRANK HAILSTONES; EDITH CURRY<br>a/k/a EDITH BROADHEAD; and<br>TERENCE CHU, | ) )<br>) )<br>) )<br>) ) | |
| Defendants, | ) ) | |
| vs. | ) ) | **JOINT OPPOSITION OF DEFENDANTS<br>CURRY, HAILSTONES, PALAXAR<br>HOLDINGS, LLC AND PALAXAR<br>GROUP, LLC TO EXTENSION OF<br>TIME TO FILE AMENDED<br>COMPLAINT OR FOR LEAVE TO<br>AMEND AND TO AMEND STYLE OF<br>THE CASE** |
| MIRABILIS VENTURES, INC., et al. | ) ) ) | |
| Counterclaim and Third<br>Party Defendants. | ) ) ) | |
| _____ | ) | |

Plaintiff  Mirabilis Ventures, Inc. ("MVI")—on the day that had been set by the parties as

the deadline for motions for leave to amend pleadings—filed a Motion for an Extension of Time

to Amend their complaint.  Defendants Edie Curry ("Ms. Curry") and Frank Hailstones ("Mr.

Hailstones"), Palaxar Holdings, LLC and Palaxar Group, LLC ("Palaxar") (collectively

"Defendants") oppose the motion for extension of time, or for leave to amend, and to amend the

style of the case for multiple reasons.  Most importantly Plaintiff's stated ground for the need for

an extension or leave to amend is false.

## I.   MVI KNEW ABOUT POTENTIAL CLAIMS AGAINST MSSRS. HOLTZ AND DEMENT MORE THAN TWO YEARS AGO.

This case was filed on October 12, 2007, amid press releases, inflammatory newspaper headlines, and unnecessary drama.  Service of process was executed two days later after two attorneys for MVI[1] and one former employee of MVI—all from Florida—accompanied by an Alabama process server had traveled by air to Scottsdale, Arizona, where Ms. Curry and Mr. Hailstones were speaking at a conference.  There they served Ms. Curry and Mr. Hailstones personally with the summons and complaint in the presence of at least 40 of their colleagues.

In the 29 months since that episode, Plaintiff's counsel now assert that they have not had the necessary time to do a reasonable investigation—even of their own documents filed with this Court more than 2 years ago—to know that potential claims existed against two other co-inventors of the intellectual property that is at the heart of this case.[2]

MVI's purported reason for needing an extension of time is as follows:

> During preparation for the depositions of Ms. Curry and Mr. Hailstones, which were limited in scope to issues raised in Defendants' motion for summary judgment, counsel discovered evidence which gives rise to causes of action against Michael A. Dement and Laurie S. Holtz. Specifically, the proposed Third Amended Complaint will seek to assert claims against Michael A. Dement and Laurie S. Holtz, who like Ms. Curry and Mr. Hailstones, were employees of the Mirabilis related entities and are Now claiming certain rights to, and have benefited from, the intellectual property which is the subject of this action.

---

[1] One of the attorneys, Aaron Bates, was also accompanied by his personal attendant.

[2] Plaintiff's assertions are even more difficult to believe when evidence shows that in September 2008—four months after this case was stayed—Balch & Bingham engaged local counsel in Virginia to retrieve the court files for Ms. Curry's 2000 divorce and custody cases from Henrico County Circuit Court.  *See* Exhibit 1, attached hereto.  After the stay (when that Balch & Bingham had not withdrawn from this case, at the same time they were working with MVI as "special litigation counsel" in the Bankruptcy Court), Balch & Bingham billed over 180 additional hours of litigation support to MVI.  Ms. Curry's divorce and child custody support court files could not conceivably have been for any case of MVI's except this one.

Based on numerous filings and even oral argument[3] in this case, there can be no doubt that MVI's stated reasons for requesting an extension of time are misrepresentations at best.  All of the following demonstrate that the stated reasons for Plaintiff's counsel to seek an extension to amend its Complaint are demonstrably untrue, and that MVI knew about potential causes of action against Mr. Holtz and Dement *long* before the depositions of Ms. Curry and Mr. Hailstones:

- *First*, Plaintiff MVI *produced* both the Assignment Agreement by MVI transferring and all right, title, and interest of MVI to the four co-inventors, who included *Mr. Holtz* and *Mr. Dement* ("Assignment Agreement I); and the Assignment Agreement by which the four co-inventors, who included *Mr. Holtz and Mr. Dement*, transferred title to Ms. Curry ("Assignment Agreement II").

- *Second,* along with their Answer to the Complaint filed November 21, 2007 (Dkt. 8), Ms. Curry and the Palaxar entities filed as Exhibit B (Dkt 8-2) Assignment Agreement I, by which MVI as Assignor transferred any and all interest it may have had in the subject intellectual property to *all four inventors*.  *Mr. Dement* and *Mr. Holtz* were named in and signed this document as Assignees.

- *Third*, in their Joint Memo Contra to Plaintiffs' Motion for Preliminary Injunction (Dkt. 40-2), filed January 23, 2008, Defendants plainly stated:

  > In fact, to leave no doubt as to the ownership status of Nexia Certification, MIRABILIS assigned and disclaimed any rights, title, and interest it may have otherwise had in Nexia Certification in favor of CURRY. Two agreements evidence this transfer – an assignment agreement dated August 1, 2006, between MIRABILIS and CURRY, HAILSTONES, *Laurie Holtz*, and *Michael Dement* (the "Assignment Agreement"), and a separation agreement dated October 26, 2006 between MIRABILIS and CURRY (the "Separation Agreement"). These agreements were extensively negotiated. Each was personally approved by Frank Amodeo, *Laurie Holtz* (Chairman of MIRABILIS' Board), and Richard

---

[3] *See* January 25, 2008 Preliminary Injunction Hearing Transcript, (included as Exhibit D to Defendants' Joint Motion for Summary Judgment, at page 13, lines 16-22, where Mr. Estes, on behalf of MVI and Nexia, describing one of the assignment documents, stated:

  > And then if you go right to the right, Mr. Hailstones also signs on behalf of himself because he's assigning it away to himself and four other people, one of which is Miss Curry, his co-defendant, the other is Miss *Laurie Holtz* [sic], who filed an affidavit in this case on behalf of the defendants, and then Mr. *Mike Demint* [sic], and I don't know where he is.

Berman (a MIRABILIS Board member and its Chief Legal Counsel). *See* Hailstones Aff. at ¶¶ 27-28, 36-38; and the Affidavit of Defendant EDITH CURRY, contemporaneously filed herewith ("Curry Aff."), at ¶¶ 15-19.

(Emphasis added.)  Mr. Hailstones' Affidavit, specifically in Paragraphs 27-28 and 36-38, states that he was instructed by Frank Amodeo to sign, on behalf of MVI, as the assignor, Assignment Agreement I identifying himself, Ms. Curry, *Mr. Holtz*, and *Mr. Dement* as the assignees.

- *Fourth*, In Ms. Curry's Affidavit attached to the same filing, she states at Paragraph 5 that she and *Michael Dement* had been working on a commercial application of her intellectual property before they came to Nexia.  She further discusses Assignment Agreement I by and between MVI and the four inventors—herself, Mr. Hailstones, *Mr. Holtz*, and *Mr. Dement*—as well as Assignment Agreement II, transferring any right, title, and interest in the intellectual property from Mr. Hailstones, *Mr. Holtz*, and *Mr. Dement* to Ms. Curry.  *See* Curry Affidavit at ¶ 16.

- *Fifth*, as noted above, Plaintiff's counsel *read aloud* to the Court from the first Assignment Agreement transferring any interest in the intellectual property from MVI to all four inventors, and referred to both *Mr. Holtz* and *Mr. Dement* by name.  *See supra*, n.2.

- *Sixth*, Assignment Agreement II, transferring any right, title, and interest in the intellectual property from Mr. Hailstones, *Mr. Holtz*, and *Mr. Dement* to Ms. Curry was referred to and submitted with Defendants' Joint Motion for Summary Judgment filed March 17, 2008 (Dkt. 75), ¶ 15, and Appendix, Tab F-Ex. D.

- *Finally*, even if MVI had initially become aware of the potential causes of action against Michael Dement and Laurie Holtz in its preparations for the depositions of Ms. Curry and Mr. Hailstones, those depositions were completed over two months ago.

Accordingly, even discovery of the relevant facts at that time should have allowed MVI and its counsel to complete a thorough investigation and to timely file any amendment to add parties.

There are further examples, equally obvious, of Plaintiff's knowledge of potential claims against Mr. Dement and Mr. Holtz peppered throughout the docket in this case, including documents submitted by Plaintiff.[4]  Without belaboring the point, Defendants merely call to the Court's attention *some* of the prior uses of the precise documents naming Mr. Holtz and Mr.

---

[4] At least 53 documents on the Court's docket in this case, including 14 submitted by Plaintiff, demonstrate that MVI not only knew the identities of all four inventors when the patent application was filed in 2006, but further that they had reviewed and printed Palaxar's website (listing Laurie Holtz, among others, as a member of Palaxar's Board of Advisors) on June 25, 2007 – three and a half months before the service of process.

Dement as co-inventors of the intellectual property now belonging to Ms. Curry individually which put the Plaintiff on notice nearly 2½ years ago that potential claims existed.

Moreover, Plaintiff submitted to this Court (Dkt. 24-9) which included material downloaded from Defendant Palaxar's website on June 25, 2007.  When MVI downloaded and printed that publicly available information, they knew or should have known that Palaxar had an Advisory Council, and that **Mr. Holtz** was (and he remains) a member of that Council.  What MVI lacks altogether is the slightest basis for concluding that service on Palaxar's Advisory Council is in any way compensated, by money or otherwise.  MVI has no reasonable basis for alleging that Palaxar's Advisory Council has ever even convened, much less received compensation of any kind.

As for potential profit to be gained by Mr. Dement or Mr. Holtz, the allegation is patently absurd.  There is not a scrap of evidence that any person has received a dime of revenue from the intellectual property that is the subject of this case, let alone profited from Ms. Curry's invention. There is considerable evidence to the contrary.  In addition, it is **undisputed** that all inventors assigned their rights of ownership to Ms. Curry individually—a fact which MVI has known since 2006.[5]  It is nonsensical for MVI to allege that Mr. Dement or Mr. Holtz to be "claiming rights to or benefiting from" something they don't own, and haven't owned since August 2006.  No such profit exists.  None is likely to exist until this lawsuit is concluded.  Even if there were to be a future stream of profits (which there currently is not), Plaintiff has no reasonable basis for alleging that either Mr. Dement or Mr. Holtz is to receive any part of it.

---

[5] This is also now admitted by Frank Amodeo in his affidavit (Dkt. 216) in which he states, "Further, I would be glad to help the attorney prepare the concept and document…After this, I had discussions with Laurie Holtz, Frank Hailstones and Richard Berman concerning what Mirabilis was going to do…" *See* Affidavit of Frank Amodeo, ¶¶ 13-16.

## II.    PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME OR FOR LEAVE TO AMEND SHOULD BE DENIED.

The deadline to move to amend complaints is exactly that: a deadline.  The parties agreed to it and the Court incorporated it into its Case Management Order.  Even referring to evidence that counsel says it became aware of in early January as "newly discovered evidence" is disingenuous, but when that very information has been available and at Plaintiff's fingertips for at least 2½ years ago, counsel's representations amount to outright deception.

Notably, over two years ago, on January 4, 2008 in Plaintiff's Opposed Motion for Expedited Discovery and Leave to Supplement with Legal Memorandum in Support Thereof (Dkt. 25) states, at ¶ 7:

> Plaintiffs have contemporaneously served Defendants with a Declaration of Jodi Jaiman, the current president of Mirabilis and Nexia, attaching Exhibits demonstrating that the Plaintiffs' Motion for Preliminary Injunction is due to be granted.  The Declaration and Exhibits served on Defendants…include, without limitation: …***the application to the United States Patent and Trademark Office, [and] …printouts from Palaxar's website.***[6]

Yet in the Motion before the Court, Plaintiff's counsel represents to this Court that:

> While preparing for the depositions of Ms. Curry and Mr. Hailstones, Mirabilis learned that Michael A. Dement and Laurie S. Holtz, former employees of the Mirabilis related entities, are named inventors on four fraud deterrence and monitoring patent applications filed with the United States Patent and Trademark Office….Additionally, Mirabilis learned that Laurie S. Holtz is associated with Palaxar and listed on Palaxar's website as being part of Palaxar's "advisory counsel…Wherefore, as a result of the limited discovery taken in this cause of action and the recent discovery of this new evidence, Mirabilis respectfully requests that the Court extend the deadline for Mirabilis to amend its complaint and to add parties so that Mirabilis may have the opportunity to

---

[6] Exhibits are considered part of the pleading to which they are attached for all purposes. Fed.R.Civ.P. 10(c). When attached exhibits contradict the allegations of a pleading, ***the exhibits govern***.  *See Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007).  Plaintiff's own exhibits attached to a number of pleadings contradict their assertions in this motion and therefore, this motion should be denied.

6

> gather more information and properly and thoughtfully plead the
> allegations against Michael A. Dement and Laurie S. Holtz.

The first statement in Plaintiff's own filing two years ago gives the lie to its second statement in the Motion for Extension of Time.

Given the record before the Court, including Plaintiff's counsel's misrepresentations in MVI's Motion, the Motion to extend time or for leave to amend appears to have been filed in bad faith. *See Steinert v. The Winn Group, Inc.*, 190 F.R.D. 680, 684-85, (D.Kan. 2000) (an amendment will be denied where movant's bad faith is apparent from evidence of record.). Accordingly, Plaintiff's Motion should be denied.

Defendants acknowledge that, according to Fed. R.Civ. P. 15(a), leave to amend "shall be freely given when justice so requires." The policy of the federal rules "is to permit liberal amendment to facilitate determination of claims on the merits[.]" *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). Thus, "***absent*** undue delay, bad faith or repeated failure to cure deficiencies…or undue prejudice to the opposing party,...." *see Marco's Franchising, LLC v. Marco's Italian Express, Inc.*, 239 F.R.D. 686, 688 (M.D.Fla. 2007), a motion for leave to amend is usually granted. *See also United States v. Palmetto Government Benefits Administrators*, 477 F.Supp. 2d 1187, 1197 (S.D.Fla. 2007) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("leave to amend must be granted ***absent a specific, significant reason for denial.***") (emphasis added)). Surely outright falsehoods in Plaintiff's Motion provide the Court with a significant reason to deny Plaintiff's Motion for an Extension of Time or to Amend.

Moreover, the Court does not consider the provisions of Rule 15(a) in a vacuum. This case is governed by a scheduling order that was the result of Plaintiff's and Defendant's participation in setting the appropriate dates. In *Sly Magazine, LLC v. Weider Publications L.L.C.,* 241 F.R.D. 527 (S.D.N.Y. 2007), the Court noted that:

> Where a scheduling order has been entered, the lenient standard under Rule 15(a), which provides that leave to amend "shall be freely given," must be balanced against the requirement under Rule 16(b) that the Court's scheduling order "shall not be modified except upon a showing of good cause."

*Id.*, *citing Grochowski v. Phoenix Constr.,* 318 F.3d 80, 86 (2d Cir.2003).  In the instant case, in pertinent part, the Case Management Order (Dkt. 190) expressly states that "A motion to extend an established deadline normally will be denied."  Case Management Order at ¶ II(B)(2).  Surely Plaintiff's counsel's failure to review the record, including ***their own documents***, over a period of nearly 2 years, or worse, its misrepresentations about their supposed "newly discovered evidence" fails to satisfy the "good cause" standard in Rule 16(b) of the Federal Rules of Civil Procedure which applies to requests for modifications to a scheduling order.

Finally, granting the Motion for Extension of Time will inevitably result in undue delay to the prejudice of Defendants, whose Motion for Summary Judgment is fully briefed and ripe for decision.  In addition, since the lawsuit was instituted, neither Defendant has been able to find employment because of Plaintiff's allegations of "theft," and the question concerning ownership of Ms. Curry's intellectual property remains unresolved.[7]  Given the preposterous reasons Plaintiff MVI has provided for its Motion, this prejudice is sufficient to deny Plaintiff leave to file an amended complaint.

## III.  <u>PLAINTIFF'S MOTION TO AMEND THE STYLE OF THE CASE SHOULD BE DENIED</u>.

Plaintiff seeks to amend the style of the case, which would in effect amount to a decision by this Court concerning the currently disputed ownership of Nexia and who holds the right to press Nexia's claim against Defendants.  Defendants oppose Defendant's Motion to Amend the

---

[7] In effect, Plaintiff's tactics in this lawsuit have allowed them to achieve that which it could not achieve by means of an Injunction issued by the Court.  MVI has brought Defendants' marketing of the anti-fraud suite of products to a standstill.

Style of the Case.[8]   Defendants argued their position on this issue in their Objection to the Motion to Substitute Counsel (Dkt. 215).  Even Plaintiff acknowledges that it has sought a ruling in the Bankruptcy Court to support its position which has not yet resulted in a decision.   In addition, Defendants anticipate that the United States intends to make clear to this Court (and the Bankruptcy Court) its position that the government owns Nexia, as a result of the compromise between the government and MVI in the Bankruptcy Court.   Accordingly, Defendants respectfully urge this Court to deny the Plaintiff's Motion to Amend the Style of the Case.

## CONCLUSION

For the reasons set forth herein and in Defendants Objection to Plaintiff's Motion to Substitute Counsel (Dkt. 215), Defendants respectfully urge this Court to deny Plaintiff's Motion for Extension of Time, for Leave to Amend, and to Amend the Style of the Case.

Date: March 17, 2010

MARTIN R. RASKIN
Florida Bar No. 315206
JANE SERENE RASKIN
Florida Bar No. 848689
RASKIN & RASKIN, P.A.
2601 South Bayshore Drive
Suite 725
Miami, Florida 33133
Telephone: (305) 444-3400
Facsimile: (305) 445-0266
mraskin@raskinlaw.com

Attorneys for Defendants Curry,
Palaxar Group, LLC and Palaxar Holdings, LLC

/s/ *Kathleen B. Havener*____
KATHLEEN B. HAVENER
THE HAVENER LAW FIRM, LLC
15511 Russell Road
Chagrin Falls, OH 44022
Phone: 440-893-0188
Cell: 216-288-6009
Fax: 440-893-9326
kbhavener@havenerlaw.com

Attorney for Defendants Curry, Hailstones,
Palaxar Group, LLC and Palaxar Holdings, LLC

---

[8] Counsel for Plaintiff failed to confer with Defendants' counsel on this issue before it filed its Motion to Amend the Style of the Case with the Court.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on March 17, 2010, I electronically filed the foregoing Opposition to Plaintiff's Motion for an Extension of Time of for Leave to Amend, and Motion to Amend Style of the Case with the Clerk of Court using the CM/ECF system and have sent a notice of electric filing to the pro se parties.

Terence Chu (via email)

Frank L. Amodeo B-3 (via Priority Mail)
48883-019
Federal Correctional Complex – Low
P.O. Box 1031
Coleman, FL 33521

<u>/s/</u> *Kathleen B. Havener*
KATHLEEN B. HAVENER