FILED

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

'10 MAR 18 12: 09

COURT

| | |
|---|---|
| MIRABILIS VENTURES, INC. and<br>NEXIA STRATEGY CORPORATION,<br><br>Plaintiffs,<br><br>-vs.-<br><br>PALAXAR GROUP, LLC;<br>PALAXAR HOLDINGS, LLC;<br>FRANK HAILSTONES; EDITH CURRY<br>a/k/a EDITH BROADHEAD; and<br>TERENCE CHU,<br><br>Defendants,<br><br>vs.<br><br>MIRABILIS VENTURES, INC., et al.<br><br>Counterclaim and Third<br>Party Defendants. | Case No.:  6:07-CV-1788-ORL-28-GJK |

_Pro Se_ **DEFENDANT TERENCE CHU'S MOTION TO STRIKE OR IN THE ALTERNATIVE OPPOSING PLAINTIFF'S MOTION FOR SUBSTITUTION OF COUNSEL**

Without waiving his defense of lack of personal jurisdiction, Defendant Terence Chu ("Chu"), _pro se_, respectfully files this Motion to Strike or, in the Alternative, Opposing Plaintiff's Motion for Substitution of Counsel and Incorporated Memorandum of Law.  Balch & Bingham should not be permitted to withdraw from this lawsuit because it has already demonstrated it will unnecessarily delay this case[1] and Plaintiff and Balch & Bingham should not be rewarded for acting as though withdrawal

---

[1] The Court may deny a motion to withdraw where "withdrawal cannot be accomplished without material adverse effect on the interests" of the other parties to the litigation. In re Albert, 277 R.R. 38, 49-50 (Bankr. S.D.N.Y. 2002).  Such adverse effects may exist where counsel's intention to withdraw has disrupted discovery proceedings or settlement discussions or where the parties intent to bring potentially dispositive motions in the near-term. _See id._ at 41, 49-50/

were a *fait accompli,* simply because they "declared" they were no longer a part of this case, in violation of The Local Rules of this District, and disregarding this Court's authority.

1. On December 15, 2009, Chu sent notice of his intent to file a Rule 11 motion (in which Chu clearly provides his mailing address, telephone number and email address) against Plaintiff's counsel to Broad and Cassel ("B&C"), Balch & Bingham ("Balch") and Bates Mokwa ("Bates") (Collectively "MVI Counsel"). [Exhibit A][2]

2. On January 5, 2010, Chu received a response from only Balch & Bingham. [Exhibit B].

3. On January 6, 2010, Chu responded to Mirabilis Ventures, Inc. ("MVI") Counsel Balch seeking clarification [Exhibit C]. To date, Chu has not received any communication from either B&C or Balch in response to his January 6, 2010 inquiry save a large envelope postmarked March 1, 2010 from B&C [Exhibit D] containing B&C's motions and pleadings dating back to November 2009 - neither of which had been previously served upon Chu, or with respect to which opposing counsel had previously conferred with Chu.

4. On March 9, 2010, B&C filed a Motion to Substitute Counsel (DE 209) - once again - without conferring with Chu. March 9, 2010, Chu notified B&C and Balch that they again, failed to confer [Exhibit E] and on March 10, 2010 Chu was directed by Balch that "all communication related to MVI/Nexia litigation should be directed to

---

[2] Chu has since learned that, before the case was stayed, after conferring with *other* opposing counsel (but not Chu) to advise that B&C intended to file a motion to substitute for Bates - who, because they are counter-defendants had to withdraw and to which the other Defendants did not object, it instead filed a Motion to Substitute for Balch (to which the Defendants *would* object) Upon inquiry from opposing counsel, B&C substituted a corrected Motion to Substitute for Bates. B&C's Motion to Substitute for Balch was denied as moot. This acknowledged mistake surely cannot constitute "notice" to anyone that B&C eventually intended to substitute for Balch.

Broad and Cassel." [Exhibit F]. Again, despite several requests, neither B&C nor Balch has responded to Chu's inquiry or to his requests for documentation of Balch's original request or conferral.

5. March 12, 2010, B&C filed a motion for an extension of time to amend complaint citing "new information" in this 41 month case (DE 217). Interestingly, B&C's "newly discovered information" had been submitted to this Court by Balch over two years ago and had even been discussed by Mr. Estes at the Preliminary Injunction Hearing on January 25, 2008.[3]   Accordingly, permitting Balch to withdraw will most certainly cause an intentional delay in this case.[4] *See Rophaiel v. Alken Murry Corp.,* No. 94-9064, 1996 WL 306457, at *2 (withdrawal may not be used for improper purposes such as to intentionally delay a case), also *(absent undue delay, bad faith or repeated failure to cure deficiencies...or undue prejudice to the opposing party) Marco's Franchising, LLC v. Marco's Italian Express, Inc.,* 239 F.R.D. 686, 688 (M.D.Fla. 007). In addition, on January 4, 2008:  Plaintiff's (co-signed by Balch) Opposed Motion for Expedited Discovery and Leave to Supplement with Legal Memorandum in Support Thereof (DE 25) paragraph 7 references the information B&C now claims to be "newly discovered"

> ...Plaintiffs have contemporaneously served Defendants with a Declaration of Jodi Jaiman, the current president of Mirabilis and Nexia, attaching Exhibits demonstrating that the Plaintffs' Motion for Preliminary Injunction is due to be granted. The Declaration and Exhibits served on Defendants...include, without limitation: *...the application to the United States Patent and Trademark Office, ...printouts from Palaxar's website.* (emphasis added)

---

[3] At least 53 documents submitted to this Court since **December, 2007** discuss at length the "information" that is "newly discovered" to B&C.

[4] Contrary to Balch's statement in their Reply (DE 218) at ¶ 3, "Balch & Bingham is not abandoning or withdrawing from the case such that Plaintiffs will have no counsel or the case will be delayed."

6. A *pro se* party is subject to the same law and rules of conduct as a party who is represented by counsel, including adherence to the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida. *Steward v. Int'l Longshoreman's Ass'n, Local 1408*, No. 3:05-cv-1094, 2007 U.S. Dist. LEXIS 91985, *3 (M.D. Fla. Dec. 14, 2007). This rule applies equally to the *pro se* party himself and to other counsel in the case. It should be noted that counsel for co-Defendants have conferred on every occasion, even though they are not "opposing" counsel.

7. Pursuant to Local Rule 2.03 (b) "No attorney, having made a general appearance under subsection (a) of this rule, shall thereafter abandon the case or proceeding in which the appearance was made, or withdraw as counsel for any party therein, except by written leave of Court obtained *after giving ten (10) days notice to the party or client affected thereby*, and to opposing counsel." [Emphasis added].

8. No attorney representing MVI has ever made any attempt to confer with Chu, as required by Local Rule 3.01(g), regarding the instant motion or any other motion since this case was reinstated on December 2, 2009.

9. While researching Balch's most recent claims of having withdrawn from this case, Chu discovered on September 8, 2008, in the U.S. Bankruptcy Court for the Middle District of Florida, in Case No. 6:08-bk-04327-KSJ, Balch filed a verified statement, under penalty of perjury, pursuant to Federal Rules of Bankruptcy Procedure Rule 2014, as part of its request to be Special Counsel to Debtor MVI *nunc pro tunc* to May 27, 2008, [Exhibit G] stating:

> *...Balch and its individual attorneys do not represent Mirabilis Ventures, Inc.* ("Debtor")...any creditors or other parties-in-interest in this case, their respective attorneys and accountants, the United States trustee, or any person

4

employed in the office of the Unites States trustee. [] The factual statements set forth in this verified statement have been made based on (1) a personal review by me and my staff of the list of creditors of Mirabilis, (2) a computer search of Balch's client list, an (3) a memorandum circulated to all of Balch's attorneys requesting information as to whether a conflict would exist if this representation were undertaken.   These efforts did not reveal any conflicts.

As of the date the certified statement was executed, and certainly dating back to its effective date, May 27, 2008, Balch was then and is now listed counsel of record for MVI in the instant case as well as Hendricks et al v. Mirabilis Ventures, Inc., 8:07-cv-00661-VMC-AEP ("Hendricks") [Exhibit H].

Bankruptcy Rule 2014 provides in pertinent part:

an order approving employment ... shall be made only on application... stating the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services rendered, any proposed arrangement for compensation, *and to the best of the applicant's knowledge, all of the person's connections with the debtor,* creditors, or any other party in interest, their respective attorneys and accountants. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, or any other party in interest, their respective attorneys and accountants.

10.   Bankruptcy Code §327 authorizes the debtor-in-possession to retain legal counsel to assist it in any bankruptcy-related matter. It provides as follows:

[T]he trustee, with the court's approval, may employ one or more attorneys . . . that do not hold or represent an interest adverse to the estate, and *that are disinterested persons*, to represent or assist the trustee in carrying out the trustee's duties under this title. 11 U.S.C. §327(a).

(Emphasis added.)   Courts applying Section 327 require that (1) the retention is reasonably necessary, (2) the attorney seeking to be retained is disinterested, and (3) the

attorney does not hold an adverse interest. Furthermore, the requirements for retention create *ongoing duties to remain disinterested* and devoid of any adverse interest throughout the course of employment. *In re Rusty Jones, Inc.,* 134 B.R. 321, 341 (Bankr. N.D.Ill. 1991); *In re Diamond Mortgage Corporation of Illinois,* 135 B.R. 78, 93 (Bankr. N.D.Ill. 1990).

11. The Bankruptcy Code requires that a professional must *be* disinterested in order to be retained and must thereafter *remain* disinterested. The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), Pub.L. No. 109-8, 119 Stat. 23. For cases filed after October 17, 2005, the Bankruptcy Code defines a "disinterested person" as a person that:

(A) is not a creditor, an equity security holder, or an insider;

(B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and

(C) does not have an interest materially adverse to the interest of the estate *or any class of creditors* or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

11 U.S.C. §101(14). (Emphasis added).

12. The Bankruptcy Code further defines many of these qualities of disinterestedness. The definition of a "creditor" is defined to include any entity that has a claim against the debtor. 11 U.S.C. §101(10). Finally, while the Bankruptcy Code does not further define a person having an interest materially adverse to the estate or its creditors, the Seventh Circuit has defined it to be "sufficiently broad to include any professional with an 'interest or relationship that would even faintly color the

6

independence and impartial attitude required by the Code.' "*In re Crivello*, 134 F.3d 831, 835 (7th Cir. 1998). Section 327 is rooted in a "congressional intention to hold professionals performing duties for the estate to strict fiduciary standards." *See, e.g., In re Envirodyne Indus., Inc.*, 150 B.R. 1008, 1016 (Bankr. N.D. Ill.1993). The section's main policy objective is to assure that a professional employed in the case will devote undivided loyalty to the client. *See In re Lee*, 94 B.R. 172, 178 (Bankr.C.D. Cal. 1988). "Conflicting loyalties produce inadequate representation, . . .which threatens the interests of both the debtor and the creditors, and **compromises the ability of the court** to mete out justice." (emphasis added.)

13. At the time that Balch requested to be appointed special counsel to MVI, they were certainly not "disinterested parties" as required by the Bankruptcy Code. Balch failed to disclose to the Bankruptcy Court their representation of MVI in the instant case or the Hendricks case; nor did they timely or appropriately withdraw their representation in the instant case or disclose their conflict to Defendant.

14. Accordingly, Balch should be sanctioned by this Court for failure to comply with the Bankruptcy Rules, FRCP, *or* to timely withdraw as counsel in this matter. Their failure to do one or the other demonstrates perjury in the Bankruptcy Court and sanctionable conduct in this Court and has caused undue delay in this case, harming Defendant. Any further delay at this point would only benefit MVI, which is plainly unfair in light of all the evidence currently before this Court. *See Rophaiel, 1996 WL 306457, at *2* (denying motion to withdraw where withdrawal could be used for unfair purposes.)

WHEREFORE, Defendant Terence Chu respectfully request the Court to enter an order striking or, in the alternative, denying MVI Counsel's Motion for Substitution of Counsel, because withdrawal by counsel will material adverse effects on Defendants and unduly delay the proceedings.   Defendant respectfully requests Court also grant such further relief, including sanctions against both Balch & Bingham and Broad and Cassel for their present conduct, as the Court deems fit and proper.

Respectfully submitted,

Date: March 16, 2010

Terence Chu, *pro se*
5637 Country Hills Lane
Glen Allen, VA 23059
804-363-2666
terencchu@yahoo.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. mail this 16th day of March, 2010 to Kathleen B. Havener, Esq., The Havener Law Firm, LLC, 15511 Russell Road, Chagrin Falls, OH 44022; Frank Amodeo, FCC-Low, B3, P.O. Box 1031, Coleman, FL 33521-1031; Martin R. Raskin and Jane Serene Raskin, Raskin & Raskin, P.A., 2601 South Bayshore Drive, Suite 725, Miami, Florida 33133; Kathleen S. Davies, The Davies Law Firm, 126 E Jefferson St, Orlando, FL 32801; James Vincent Sadrianna, 10025 Chatham Oaks Court, Orlando, FL 32836; James Everett Shepherd, Pohl & Short, PA, 280 W Canton Ave., Ste 410, Winter Park, FL 32790; US Attorney's Office, I. Randall Gold, Suite 300, 501 W Church St, Orlando, FL 32805; John Russell Campbell, Balch & Bingham, LLP Suite 600, 1901 Sixth Ave N, Birmingham, AL 35203; Allen M. Estes, Balch & Bingham, LLP, Suite 1500, 1901 Sixth Ave N, Birmingham, AL 35203; and Elizabeth A. Green, Baker & Hostetler, LLP, 200 S Orange Ave - Ste 2300, PO Box 112, Orlando, FL 32802-0112.

Respectfully submitted,

Date: March 16, 2010

Terence Chu, *pro se*
5637 Country Hills Lane
Glen Allen, VA 23059
804-363-2666
terencchu@yahoo.com

Terence Chu
5637 County Hills Lane
Glen Allen, VA 23059
804.363.2666 (cell)
terencchu@yahoo.com

December 15, 2009

**VIA FACSIMILE AND REGULAR MAIL**

Allen M. Estes, Esquire, Esq.
Balch & Bingham, LLP
Suite 1500
1901 Sixth Ave N
Birmingham, AL 35203
(205) 226-8798 (fax)

Todd K. Norman, Esq.
Roy Scott Kobert, Esq.
Broad and Cassel
390 N. Orange Avenue, Suite 1400
Orlando, FL 32801
(407) 425-8377 (fax)

John Russell Campbell, Esq.
Balch & Bingham, LLP
1901 Sixth Ave N, Suite 2600
Birmingham, AL 35203
(205) 488-5859 (fax)

Nicolette Vilmos, Esq.
Broad and Cassel
390 N. Orange Avenue, Suite 1400
Orlando, FL 32801
(407) 425-8377 (fax)

RE: *Mirabilis Ventures, Inc. v. Palaxar, et al.*, Case No.: 6:07-CV-1788-ORL-28-GJK

Dear Mr. Estes, Mr. Campbell, Mr. Norman, Mr. Korbert, and Ms. Vilmos:

Please be advised of my intent to file a motion for sanctions against you and your firm (a copy of which is attached) in the above-captioned case. As provided by the Federal Rules of Civil Procedure, in the event that that you and your client dismiss this action against me, with prejudice, within the next twenty-one (21) days, I will not file this motion.

Two years ago when this case was originally filed, it was simply a meritless case. During the past 26 months, not a single fact or shred of evidence has emerged that supports your client's claims against me. However, with respect to your client, I now know (among other things) that this litigation (as well as numerous slanderous news articles and press releases) was prepared using laundered funds[1]. In addition, it has been further revealed that this case was filed by an admitted perjurer[2] who later recanted her testimony and, as the sole affiant for Mirabilis (with the assistance

---

[1] This litigation was funded by AQMI Strategy, (a non-party to the instant case) using the $5.5M Sunz Insurance refund stolen by Frank Amodeo while he was in plea negotiations with the Department of Justice and which was subsequently seized from the trust funds of various law firms including Balch & Bingham, Latham, Shuker, Eden & Beaudine, LLP. See Amodeo Sentencing Transcript, Day 2, 5/13/09, pg 176 at 6 - 25.

[2] Jodi Jaiman - see Ms. Jaiman's various affidavits filed in Pennsylvania, Florida, Texas, Ohio, Alabama as well as her and Jay Stollenwerk's affidavit filed In re: MIRABILIS VENTURES, INC. : Case No. 6:08-bk-04327-KSJ Document 71 filed 09/23/08.



of MVI's former in-house counsel, Aaron Bates[3] et al.), reinstated a defunct corporation with the express purpose of seeking both money and information[4] with which to assist a convicted felon (Frank Amodeo), then the target of a federal investigation who was negotiating a plea agreement (also with the assistance of Mr. Bates) - as the US Attorney was about to indict him on 27 counts including money laundering, wire fraud, and tax evasion.

My motions together with Palaxar's motions, and the corresponding exhibits illustrate the complete lack of merit of your client's case. Regardless of the circumstances surrounding the preparation and filing of both the initial and amended complaints, more than ample time has elapsed for you to review the record (including the several hundred documents already submitted in discovery) and sufficiently investigate the claims asserted. The plethora of files, documents and evidence submitted in this case, the MVI Bankruptcy, and Mr. Amodeo's criminal case, demonstrate the complete lack of merit of your client's claims, as well as highlights the *actual knowledge* possessed by the Mirabilis attorneys' at the time this complaint was filed.

Please consider this as my conferring with each of you (as well as Bates Mokwa) for the purposes of filing this motion for sanctions. If you still believe that your client has valid claims against me, I demand that you apprise me of the evidentiary basis for your claims. Beyond Ms. Jaiman's demonstrably perjured affidavits; I know of none.[5] If you are unable to provide such evidence, you should immediately dismiss the claims against me, with prejudice.

Sincerely,

Terence Chu
pro se

Enclosures

cc:     The Havener Law Firm, LLC
        Raskin & Raskin, PA
        Bates Mokwa, PA
        I. Randall Gold, AUSA

---

[3] Aaron Bates - who, prior to forming Goldberg Bates which then later became Bates Mokwa, was in-house counsel for Mirabilis, AQMI, Presidion Solutions and Wellington Capital according to various legal documents filed across the country.

[4] See United States Motion to Intervene and Stay Discovery - Case 6:07-cv-01788-JA-GJK Document 146 filed 06/03/08.

[5] According to Frank Amodeo's testimony during his sentencing, and that of his criminal attorney Harrison (Butch) Slaughter, Amodeo admits that he and Mr. Slaughter maintained sole possession of all Mirabilis documents, files and records until his incarceration on May 26, 2009. See Amodeo Sentencing Transcript, Day 2, 5/13/09, pg 75 at 9 - 14, and pg 165 at 9 - 21.



### BALCH & BINGHAM LLP

Alabama • Georgia • Mississippi • Washington, D.C.

Attorneys and Counselors
1901 Sixth Avenue North
Suite 1500
Birmingham, AL 35203
(205) 251-8100
(205) 226-8799 Fax
www.balch.com

Allen M. Estes
(205) 226-8717

(205) 488-5705 (direct fax)
aestes@balch.com

January 5, 2010

<u>BY EMAIL</u>

Mr. Terence Chu
5637 Country Hills Lane
Glen Allen, VA 23059

> Re:   *Mirabilis Ventures, Inc. v. Palaxar, et al.*
>       Case No.: 6:07-CV-1788-ORL-28-GJK

Dear Mr. Chu:

I have reviewed your letter received on December 16, 2009 and the draft motion accompanying the letter. As a preliminary matter, you should know by now that Balch & Bingham no longer represents Mirabilis Ventures, Inc. ("MVI") in this litigation; we could not dismiss the case against you even if we were so inclined. The Broad & Cassell firm represents MVI and will make any litigation decisions in consultation with their client.

While we are no longer counsel for MVI, below I outline the facts relevant to the institution of claims against you. This letter does not address the generalized allegations, claims or statements in your correspondence unrelated to this particular action.

First, it appears you have confused your personal beliefs regarding the merits of the case with both the good faith standard under Rule 11 and the motion to dismiss standard of Rule 12. The claim asserted against you in the Second Amended Complaint is neither frivolous nor baseless. It is actually supported, in part, by your own sworn testimony, as well as public statements/representations by you and your partners.

The original complaint did not mention you. Only after you voluntarily submitted an affidavit admitting that you were a "founding member of Palaxar Group, LLC" and that you managed the ongoing operations of Palaxar did MVI allege that you worked with Eddie Curry and Frank Hailstones to form Palaxar with the intent to profit from an anti-fraud product MVI paid for and owned. See Second Amended Complaint at ¶¶ 28, 32. Also, after reviewing your affidavit, research discovered additional public statements and representations from you connecting you to Palaxar. At the same time, public pronouncements made or approved by Palaxar indicated that Palaxar was attempting to profit from the anti-fraud product. These facts alone provide a more than sufficient basis for the claim made against you. You are, of course, entitled to defend yourself through the appropriate litigation processes, but an improper Rule 11 motion is not a meritorious part of any defense.


Exhibit B

Mr. Terence Chu
January 5, 2010
Page 2

Second, your claim that "additional evidence" supporting MVI's claim against you has not emerged "during the past 26 months" is irrelevant and fails to account for, among other things, the litigation stay in place during that time. It is my understanding that discovery is commencing with depositions of Ms. Curry and Mr. Hailstones scheduled for next week. If you wish to give a deposition I am certain MVI's counsel will accommodate you in Orlando. Also, your demand for the production of evidence against you should be made through proper discovery channels, directed at MVI through its counsel Broad & Cassell.

Third, any claim (express or implied) that attorneys at Balch & Bingham misused the judicial system, acted in bad faith, "knowingly filed a pleading full of false allegations", "conducted no factual investigation whatsoever", or misrepresented facts to the Court is not supported by the affidavits, transcripts and other documents you cite. By way of example only, your claim that I denied during the preliminary injunction hearing that Mr. Amodeo "had any authority within MVI and/or Nexia or involvement in this matter" is incorrect. It was openly discussed at the hearing that Mr. Amodeo had discussions with Ms. Curry regarding the anti-fraud product. The transcript page (12) you cite out of context (comparing it to statements of other persons unrelated to the Palaxar transactions and legal arguments) merely evidences MVI's argument that, under Florida law and MVI's bylaws, no individual (Mr. Amodeo included) had authority to transfer the anti-fraud asset without board of directors or majority shareholder approval. To claim that this legal argument was a misrepresentation is disingenuous at best.

Fourth, as you note in your draft motion, the prevailing party on a Rule 11 motion may be awarded reasonable expenses, including attorney's fees. As detailed in this letter, your threatened motion is not well grounded in law or fact. As such, there is a substantial likelihood you will not prevail. If that happens, we will most likely seek our expenses. I expect the other parties to the motion would do so as well.

Finally, I do not view your letter as satisfying the good faith meet and confer requirements of the Court. If, after reviewing this letter, you still intend to file any motion against myself, my partner or my firm, you should first contact me (and all other affected parties) to schedule a suitable meet and confer session in person or over the telephone.

Very truly yours,

Allen M. Estes

AME:eb

Mr. Terence Chu
January 5, 2010
Page 3

cc:     Mr. Russ Campbell
        Mr. Todd Norman
        Mr. Roy Scott Kobert
        Ms. Nicolette Vilmos
        Mr. Martin Raskin
        Ms. Kathleen Haevner
        Mr. Aaron Bates
        Mr. Matt Mokwa
        Mr. Randall Gold
        Ms. Jane S. Raskin

Terence Chu
5637 County Hills Lane
Glen Allen, VA 23059
804.363.2666 (cell)
terencchu@yahoo.com

January 6, 2010

VIA EMAIL

Allen M. Estes, Esquire
Balch & Bingham, LLP
1901 Sixth Ave. N, Suite 1500
Birmingham, AL 35203

RE: *Mirabilis Ventures, Inc. v. Palaxar, et al.*, Case No.: 6:07-CV-1788-ORL-28-GJK

Dear Mr. Estes:

Thank you for your email and letter response dated January 5, 2010. To date, you are the only party to have responded.

Please clarify your assertion that you no longer represent Mirabilis Ventures, Inc. ("MVI"). I have reviewed the case docket and both you and your firm are listed as "Lead Attorney". In addition, both the case docket and Palaxar's outside counsel confirm that the motion of Broad and Cassel to replace you and your firm as counsel for MVI (Doc. #167) was denied on the same day that Broad and Cassel's motion to substitute for Bates Mokwa (Doc. #168) was granted (see order of Magistrate Kelly, dated November 11, 2009 (Doc. #169). Accordingly, it is my understanding that I am required by local rules to "meet and confer" with you.

With respect to that issue, I believe that I have met my obligations to you. I could not find any provision of the local rules that defines "meet and confer" as requiring me to actually meet or call you in advance of filing my motion. My email and facsimile to you provided you with both notice and the opportunity to comment, which you clearly have. The fact that you chose, as did I, to communicate your views via email and written letter rather than call me, simply confirms my belief.

Sincerely,

Terence Chu

Terence Chu
pro se

CC:   John Russell Campbell, Esq.          Todd K. Norman, Esq.
      Roy Scott Kobert, Esq.               Nicolette Vilmos, Esq.
      I. Randall Gold, AUSA                Kathleen Havener, Esq.
      Raskin & Raskin, PA                  Bates Mokwa, PA



Exhibit C



# Exhibit D

Current Folder: **Sent**

Compose   Addresses   Folders   Options   Search   Help

Message List | Delete | Edit Message as New                    Previous | Next          Forward | Forward as Attachment | Reply | Reply All

|  |  |
|---|---|
| **Subject:** | RE: MVI Motion to substitute counsel |
| **From:** | terence.chu@palaxar.com |
| **Date:** | Wed, March 10, 2010 3:47 pm |
| **To:** | "Nicolette Vilmos" <nvilmos@broadandcassel.com> |
| **Cc:** | "\"Todd K. Norman\" <tnorman@broadandcassel.com>; rcampbell <@balch.com> |
| **Bcc:** | kbhavener@havenerlaw.com (more) |
| **Priority:** | Normal |
| **Read receipt:** | requested |
| **Options:** | View Full Header | View Printable Version | Download this as a file |

Nicolette,

Mr. Estes is asserting this motion is not necessary, that Balch and
Bingham do not represent MVI and Nexia. Are you saying that his
assertions are not accurate and that your motion is necessary after
all? So, Balch and Bingham have not withdrawn as counsel prior to
your motion yesterday?


Sincerely,
Terence Chu


Quoting Nicolette Vilmos <nvilmos@broadandcassel.com>:

> Mr. Chu,
>
> I will amend our motion to substitute to reflect your objection to
> our motion to substitute. However, the local rules do not afford
> you 10 days to contemplate your objection after we confer. You have
> the right to file an objection to our motion. My only obligation
> it  to inform the court whether or not you have an objection to the
> relief we are seeking.
>
> Please correct me if I am wrong, I understand from your email that
> you do object to the substitution of counsel. If that is correct I
> will notify the court.
>
> Thank you,
> Nicolette
>
> -----Original Message-----
> From: terence.chu@palaxar.com [mailto:terence.chu@palaxar.com]
> Sent: Wednesday, March 10, 2010 11:42 AM
> To: Todd K. Norman
> Cc: Nicolette Vilmos; 'rcampbell@balch.com'; 'aestes@balch.com';
> kbhavener@havenerlaw.com; mraskin@raskinlaw.com; randy.gold@usdoj.gov



Exhibit E

```
> Subject: RE: MVI Motion to substitute counsel
>
> Todd,
>
> I fail to see how the good faith certificate relates to Broad and
> Cassel and Balch and Bingham's failure to confer and failure to comply
> with local rules regarding withdrawal of counsel and filing of motions.
>
> And yes, I do object to substitution of counsel but since I was
> repeatedly not afforded the courtesy (in compliance with local rules)
> of the 10 day notice and conferral requirements, I have not had the
> time to research and outline my objection.  As it stands currently, my
> objection - and motion to strike would be based on the total disregard
> for my rights as a pro se defendant - failure to give me proper notice
> or even the courtesy of a response to my inquiries on this very issue.
>   See my letter to you dated January 6, 2010 - over two months ago in
> which you and Balch & Bingham have yet to respond.
>
> I am currently out of town dealing with a death in the family.  I will
> not be home until late Saturday.
>
> Sincerely,
> Terence Chu
>
>
>> I'm getting a copy of the motion so I can determine what the good
>> faith certificate said.
>>
>> Do you have an objection to the substitution of counsel?  If so,
>> please let me know what it is.
>>
>>
>> Thanks,
>>
>> Todd K. Norman
>>
>>
>>
>>
>>                    Todd   K. Norman
>> Partner
>> 390 North Orange Avenue
>> Suite 1400
>> Orlando, FL   32801-4961
>> Telephone: 407.839.4200
>> Facsimile: 407.425.8377
>> BIO
>> Direct Line:
>> Direct Facsimile:
>> E-mail: tnorman@broadandcassel.com
>>
>>
>>
>>
>> www.broadandcassel.com
>>
>>
>>
>>
>> -----Original Message-----
>> From: terence.chu@palaxar.com [mailto:terence.chu@palaxar.com]
```

```
>> Sent: Wednesday, March 10, 2010 11:23 AM
>> To: Nicolette Vilmos; Todd K. Norman
>> Cc: rcampbell@balch.com; aestes@balch.com
>> Subject: Re: MVI Motion to substitute counsel
>>
>> Nicolette and Todd,
>>
>> I have not received the courtesy of a reply to my request regarding
>> your withdrawal of your motion to substitute counsel - as it was
>> filed in violation of local rules.  Please advise.
>>
>> Sincerely,
>> Terence Chu
>>
>>> Gentlemen,
>>>
>>> You were inadvertently omitted from this communication.  Please advise
>>> as to when we are to confer on the above motion.
>>>
>>> Thank you,
>>> Terence Chu
>>>
>>> From: terence.chu@palaxar.com [mailto:terence.chu@palaxar.com]
>>> Sent: Tuesday, March 09, 2010 5:39 PM
>>> To: tnorman@broadandcassel.com; nvilmos@broadandcassel.com
>>> Cc: kbhavener@havenerlaw.com; ediecurry@verizon.net;
>>> mraskin@raskinlaw.com
>>> Subject: Motion to substitute counsel
>>>
>>> Todd and Nicolette,
>>>
>>> I was surprised to hear of your motion to substitute counsel because
>>> no one has conferred with me regarding this motion pursuant to local
>>> rule 3.01(g) and Rule 2.03 (b).  Please advise whether you are going
>>> to withdraw your motion or whether I will have to move to strike it.
>>>
>>> I was also surprised on March 3, 2010 to receive a packet of filings
>>> dating back to November, 2009 when I had not been contacted prior.
>>>
>>> Please advise.
>>>
>>>
>>> Thank you,
>>> Terence Chu
>>> terencchu@yahoo.com
>>> 804-363-2666 (cell)
>>
>>
>>
>>
>> Pursuant to federal regulations imposed on practitioners who render
>> tax advice ("Circular 230"), we are required to advise you that any
>> tax advice contained herein is not intended or written to be used
>> for the purpose of avoiding tax penalties that may be imposed by the
>>  Internal Revenue Service. If this advice is or is intended to be
>> used or referred to in promoting, marketing or recommending a
>> partnership or other entity, investment plan or arrangement, the
>> regulations under Circular 230 require that we advise you as
>> follows: (1) this writing is not intended or written to be used, and
>>  it cannot be used, for the purpose of avoiding tax penalties that
>> may be imposed on a taxpayer; (2) the advice was written to support
```

>> the promotion or marketing of the transaction(s) or matter(s)
>> addressed by the written advice; and (3) the taxpayer should seek
>> advice based on the taxpayer's particular circumstances from an
>> independent tax advisor.
>>
>> THE INFORMATION CONTAINED IN THIS TRANSMISSION IS ATTORNEY
>> PRIVILEGED AND CONFIDENTIAL. IT IS INTENDED FOR THE USE OF THE
>> INDIVIDUAL OR ENTITY NAMED ABOVE. ANY ATTACHMENTS TO THIS
>> TRANSMISSION ARE FOR THE SOLE PURPOSE OF CONVEYING THE DIRECT
>> WRITTEN AND COMMONLY VISIBLE COMMUNICATION CONTAINED THEREIN. NO
>> TRANSMISSION OF UNDERLYING CODE OR METADATA IS INTENDED. USE OF ANY
>> ATTACHMENT FOR ANY PURPOSE OTHER THAN RECEIPT OF THE DIRECT WRITTEN
>> COMMUNICATION CONTAINED THEREIN IS STRICTLY PROHIBITED. IF THE
>> READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY
>>  NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPY OF THIS
>> COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS
>> COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY AND RETURN THE
>> ORIGINAL MESSAGE TO THE SENDER. THANK YOU.
>>
>
>
>
>
> Pursuant to federal regulations imposed on practitioners who render
> tax advice ("Circular 230"), we are required to advise you that any
> tax advice contained herein is not intended or written to be used
> for the purpose of avoiding tax penalties that may be imposed by the
>  Internal Revenue Service. If this advice is or is intended to be
> used or referred to in promoting, marketing or recommending a
> partnership or other entity, investment plan or arrangement, the
> regulations under Circular 230 require that we advise you as
> follows: (1) this writing is not intended or written to be used, and
>  it cannot be used, for the purpose of avoiding tax penalties that
> may be imposed on a taxpayer; (2) the advice was written to support
> the promotion or marketing of the transaction(s) or matter(s)
> addressed by the written advice; and (3) the taxpayer should seek
> advice based on the taxpayer's particular circumstances from an
> independent tax advisor.
>
> THE INFORMATION CONTAINED IN THIS TRANSMISSION IS ATTORNEY
> PRIVILEGED AND CONFIDENTIAL. IT IS INTENDED FOR THE USE OF THE
> INDIVIDUAL OR ENTITY NAMED ABOVE. ANY ATTACHMENTS TO THIS
> TRANSMISSION ARE FOR THE SOLE PURPOSE OF CONVEYING THE DIRECT
> WRITTEN AND COMMONLY VISIBLE COMMUNICATION CONTAINED THEREIN. NO
> TRANSMISSION OF UNDERLYING CODE OR METADATA IS INTENDED. USE OF ANY
> ATTACHMENT FOR ANY PURPOSE OTHER THAN RECEIPT OF THE DIRECT WRITTEN
> COMMUNICATION CONTAINED THEREIN IS STRICTLY PROHIBITED. IF THE
> READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY
>  NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPY OF THIS
> COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS
> COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY AND RETURN THE
> ORIGINAL MESSAGE TO THE SENDER. THANK YOU.
>

Current Folder: **Mirabilis Lit**

Compose  Addresses  Folders  Options  Search  Help

Message List | Delete                     Previous | Next          Forward | Forward as Attachment | Reply | Reply All

**Subject:** RE: MVI Motion to substitute counsel
**From:** "Estes, Allen" <AEstes@balch.com>
**Date:** Wed, March 10, 2010 11:24 am
**To:** "'terence.chu@palaxar.com'" <terence.chu@palaxar.com>
**Cc:** "Campbell, Russ" <rcampbell@balch.com>
**Priority:** Normal
**Options:** View Full Header | View Printable Version | Download this as a file

```
Mr. Chu:

Your initial email was correctly addressed.  Communications related to the MVI/Nexia
litigation should be directed to Mr. Norman and Ms. Vilmos.  They are handling the
case.

If you need to speak to me, my phone number is below.

Allen M. Estes
Balch & Bingham LLP
1901 Sixth Avenue North
Suite 1500
Birmingham, Alabama 35203-4642
(205) 226-8717 - Phone

-----Original Message-----
From: terence.chu@palaxar.com [mailto:terence.chu@palaxar.com]
Sent: Tuesday, March 09, 2010 6:08 PM
To: Campbell, Russ; Estes, Allen
Subject: MVI Motion to substitute counsel

Gentlemen,

You were inadvertently omitted from this communication.  Please advise as to when we
are to confer on the above motion.

Thank you,
Terence Chu

From: terence.chu@palaxar.com [mailto:terence.chu@palaxar.com]
Sent: Tuesday, March 09, 2010 5:39 PM
To: tnorman@broadandcassel.com; nvilmos@broadandcassel.com
Cc: kbhavener@havenerlaw.com; ediecurry@verizon.net; mraskin@raskinlaw.com
Subject: Motion to substitute counsel

Todd and Nicolette,

I was surprised to hear of your motion to substitute counsel because no one has
conferred with me regarding this motion pursuant to local rule 3.01(g) and Rule 2.03
(b).  Please advise whether you are going to withdraw your motion or whether I will
have to move to strike it.

I was also surprised on March 3, 2010 to receive a packet of filings dating back to
November, 2009 when I had not been contacted prior.
```



Exhibit F

Please advise.

Thank you,
Terence Chu
terencchu@yahoo.com
804-363-2666 (cell)

Current Folder: **Sent**

Compose  Addresses  Folders  Options  Search  Help

Message List | Delete | Edit
Message as New                    Previous | Next          Forward | Forward as Attachment | Reply | Reply All

| | |
|---|---|
| **Subject:** | RE: Motion to substitute counsel |
| **From:** | terence.chu@palaxar.com |
| **Date:** | Wed, March 10, 2010 10:30 am |
| **To:** | "Nicolette Vilmos" <nvilmos@broadandcassel.com> (less) |
| | tnorman@broadandcassel.com |
| **Cc:** | kbhavener@havenerlaw.com (less) |
| | mraskin@raskinlaw.com |
| **Priority:** | Normal |
| **Read receipt:** | requested |
| **Options:** | View Full Header | View Printable Version | Download this as a file |

Nicolette,

This notice appears to be confirming an agreement between the parties
to mediate, however I was not given prior notice from either Broad and
Cassel or Balch and Bingham regarding this event. Essentially, you are
sending this to me without any prior conferring as to my availability
or scheduling issues.  The question about whether I agree to mediate
is not what you should be asking - I understand Judge Antoon ordered
mediation.  The issue is why was I not consulted prior to this "notice"?

Currently I am out of town dealing with a death in the family and do
not have access to my calendar.

Sincerely,
Terence Chu

Quoting Nicolette Vilmos <nvilmos@broadandcassel.com>:

>
> Mr. Chu,
>
> Please see attached notice setting mediation by the mediator.
> Please advise as to whether you agree to this mediation.
>
> Nicolette
>
> Pursuant to federal regulations imposed on practitioners who render
> tax advice ("Circular 230"), we are required to advise you that any
> tax advice contained herein is not intended or written to be used
> for the purpose of avoiding tax penalties that may be imposed by the
>  Internal Revenue Service. If this advice is or is intended to be
> used or referred to in promoting, marketing or recommending a
> partnership or other entity, investment plan or arrangement, the
> regulations under Circular 230 require that we advise you as
> follows: (1) this writing is not intended or written to be used, and
>  it cannot be used, for the purpose of avoiding tax penalties that
> may be imposed on a taxpayer; (2) the advice was written to support

```
> the promotion or marketing of the transaction(s) or matter(s)
> addressed by the written advice; and (3) the taxpayer should seek
> advice based on the taxpayer's particular circumstances from an
> independent tax advisor.
>
> THE INFORMATION CONTAINED IN THIS TRANSMISSION IS ATTORNEY
> PRIVILEGED AND CONFIDENTIAL. IT IS INTENDED FOR THE USE OF THE
> INDIVIDUAL OR ENTITY NAMED ABOVE. ANY ATTACHMENTS TO THIS
> TRANSMISSION ARE FOR THE SOLE PURPOSE OF CONVEYING THE DIRECT
> WRITTEN AND COMMONLY VISIBLE COMMUNICATION CONTAINED THEREIN. NO
> TRANSMISSION OF UNDERLYING CODE OR METADATA IS INTENDED. USE OF ANY
> ATTACHMENT FOR ANY PURPOSE OTHER THAN RECEIPT OF THE DIRECT WRITTEN
> COMMUNICATION CONTAINED THEREIN IS STRICTLY PROHIBITED. IF THE
> READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY
>  NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPY OF THIS
> COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS
> COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY AND RETURN THE
> ORIGINAL MESSAGE TO THE SENDER. THANK YOU.
>
```

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

In re:                                     CASE NO.  6:08-bk-04327-KSJ

MIRABILIS VENTURES, INC.                   CHAPTER 11

                    Debtor.
_____/

### VERIFIED STATEMENT PURSUANT TO RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE IN SUPPORT OF APPLICATION OF MIRABILIS VENTURES, INC., TO EMPLOY J. RUSSELL CAMPBELL AND THE LAW FIRM OF BALCH & BINGHAM LLP, AS SPECIAL COUNSEL *NUNC PRO TUNC* TO MAY 27, 2008

I, J. Russell Campbell, in accordance with F.R.B.P. 2014, make the following verified statements:

1.      I am a partner with the firm of Balch & Bingham LLP, ("Balch") and have been duly admitted to practice in the United States District Courts for the Middle District of Florida.

2.      Except as set forth below, Balch and its individual attorneys do not represent Mirabilis Ventures, Inc. ("Debtor"), any creditors or other parties-in-interest in this case, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

3.      Balch holds a general unsecured claim against the Debtor in the amount of $34,677.29.

4.      Other than Balch's general unsecured claim, Balch does not hold or represent any interest adverse to the Debtor.  Balch does not represent or hold any interest adverse to the Debtor with respect to the matters on which Balch seeks to be employed.

5.      Other than as stated herein, the undersigned is not aware of any conflict or potential conflict relating to the employment of Balch as special counsel for Mirabilis in this case.



Exhibit G

6.    The factual statements set forth in this verified statement have been made based on (1) a personal review by me and my staff of the list of creditors of Mirabilis, (2) a computer search of Balch's client list, and (3) a memorandum circulated to all of Balch's attorneys requesting information as to whether a conflict would exist if this representation were undertaken. These efforts did not reveal any conflicts.

I verify, under penalty of perjury, that the foregoing is true and correct.

DATED this 8th day of September 2008.

J. Russell Campbell
Florida Bar No.: 901423
**BALCH & BINGHAM LLP**
1901 Sixth Avenue North
Suite 1500
Birmingham, Alabama 35203-4642
Tel: 205-226-3438
Fax: 205-488-5859
Email: rcampbell@balch.com

2.

Matrix for local noticing
6
6:08-bk-04327-KSJ
e District of Florida
do
ep  8 16:30:49 EDT 2008

ax Management
Key West Ave.
ille, MD 20850-3339

Commercial Ins. Corp.
N.W. 155th Street
201
Lakes, FL 33016-5844

rt Weisman
eckst and Lee LLP
001
rn PA 19355-0701

on Lewis
Anne Krupman
orth Broadway
Plains, NY 10601-2310

th & Diane Hendricks
EC Parkway
t, WI 53511-4466

rget Solutions
Woodley Park Place
o, FL 32765-5104

i Leasing
S. Orange Ave.
500 PMB 1810
do, FL 32806-5455

Advantage Collection Prof
2775 Jade Street
Mora, MN 55051-6240

Brandywine Grande C. LP
c/o Cantor Arkema, PC
1111 East Main Street
Richmond, VA 23219-3531

Forge Capital Partners LLC
c/o Bart Valdes
609 W Horatio St
Tampa FL 33606-2272

Horton Johnson
3211 Northglenn Drive
Orlando, FL 32806-6371

Jeffrey Reichel
c/o Jill E. Kelso, Esquire
Akerman Senterfitt
P.O. Box 231
Orlando, Florida 32802-0231

LeClair Ryan Trust
P.O. Box 2499
Richmond, VA 23218-2499

PaySource USA VII, Inc.
650 Poe Ave.
Dayton, OH 45414

Titanium Technologies
2875 S. Orange Ave.
Suite 500 PMB 1810
Orlando, FL 32806-5455

American Express
2965 West Corporate Lakes Bl
Weston, FL 33331-3626

Buchanan Ingersoll & Rodney
401 E Jackson St.
Suite 2500
Tampa, FL 33602-5236

Fred Sandlin
161 Mallard Lane
Daytona Beach, FL 32119-8331

Humana/RMS
77 Hartland Street
Suite 401
East Hartford, CT 06108-3253

John Burcham
3415/A Bahia Drive
Ft. Lauderdale, FL 33316

LexisNexis
P.O. Box 7247-7090
Philadelphia, PA 19170-7090

Saxon Gilmore, PA
201 E. Kennedy Blvd.
Suite 600
Tampa, FL 33602-5819

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

rk J. Barnet
ty
ate

End of Label Matrix
Mailable recipients      22
Bypassed recipients       1
Total                    23

**8:07-cv-00661-VMC-AEP** Hendricks et al v. Mirabilis Ventures, Inc. et al
Virginia M. Hernandez Covington, presiding
Anthony E. Porcelli, referral
**Date filed:** 04/16/2007
**Date terminated:** 11/10/2009
**Date of last filing:** 11/09/2009

# Attorneys

**Chad K. Alvaro**
Mateer & Harbert, PA
225 E Robinson St - Ste 600
PO Box 2854
Orlando, FL 32802-2854
407/425-9044
407/423-2016 (fax)
calvaro@mateerharbert.com
*Assigned: 12/18/2007*
*TERMINATED: 06/04/2008*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

representing

**Presidion Solutions, Inc.**
C/O: Frank Amodeo
2875 South Orange Ave., Suite 500
PMB 1018
Orlando, FL 32801
*(Defendant)*
PRO SE

**Aaron C. Bates**
Bates Mokwa, PLLC
126 E Jefferson St
Orlando, FL 32801
407/893-3776
407/893-3779 (fax)
abates@batesmokwa.com
*Assigned: 06/20/2007*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

representing

**Mirabilis Ventures, Inc.**
*(Counter Claimant)*

**Mirabilis Ventures, Inc.**
*(Defendant)*

**AQMI Strategy Corporation**

Registered Agent
HENDRY, STONER, CALANDRINO
& BROWN, PA
20 N ORANGE AVE STE 600
Orlando, FL 32801
*(Third Party Custodian)*


Exhibit H

**Morris J. Brooks, Jr.**
Law Office of Morris J. Brooks, Jr.
200 Randolph Ave., Suite 200
Huntsville, AL 35801
256/539-6000
mbrooks@leo-law.com
*Assigned: 04/16/2007*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

representing

**Amfinity Capital, LLC**
*(Plaintiff)*

**Diane M. Hendricks**
*(Counter Defendant)*

**Kenneth A. Hendricks**
*(Counter Defendant)*

**Kenneth A. Hendricks**
*TERMINATED: 03/27/2008*
*(Plaintiff)*

**Diane M. Hendricks**
*TERMINATED: 09/01/2009*
*(Plaintiff)*

**Diane M. Hendricks**
*(Plaintiff)*

**John Russell Campbell**
Balch & Bingham, LLP
Suite 2600
1901 Sixth Ave N
Birmingham, AL 35203
205/226-3438
205/488-5859 (fax)
rcampbell@balch.com
*Assigned: 10/16/2007*
*ATTORNEY TO BE NOTICED*

representing

**Mirabilis Ventures, Inc.**
*(Counter Claimant)*

**Mirabilis Ventures, Inc.**
*(Defendant)*

**Charles Allen Carlson**

representing

**Amfinity Capital, LLC**

Barnett, Bolt, Kirkwood, Long &
McBride
601 Bayshore Blvd - Ste 700
PO Box 3287
Tampa, FL 33601-3287
813/253-2020 ext: 107
813/251-6711 (fax)
CCarlson@barnettbolt.com
  *Assigned: 04/16/2007*
  *LEAD ATTORNEY*
  *ATTORNEY TO BE NOTICED*

*(Plaintiff)*

**Diane M. Hendricks**
*(Counter Defendant)*

**Kenneth A. Hendricks**
*(Counter Defendant)*

**Kenneth A. Hendricks**
*TERMINATED: 03/27/2008*
*(Plaintiff)*

**Diane M. Hendricks**
*TERMINATED: 09/01/2009*
*(Plaintiff)*

**Diane M. Hendricks**
*(Plaintiff)*

**J. Scott Gunn**
J.Scott Gunn, PA
Suite 2500
100 SE 3rd Ave
Ft Lauderdale, FL 33394
954/462-1323
954/462-1335 (fax)
scott@jscottgunn.com
  *Assigned: 06/06/2007*
  *TERMINATED: 11/01/2007*
  *LEAD ATTORNEY*
  *ATTORNEY TO BE NOTICED*

representing

**John W. Burcham, II**
34 Isla Bahia Drive
Ft. Lauderdale, FL 33316
954/270-9900
*(Defendant)*
PRO SE

**John D. Hanebrink**

representing

**Wellington Capital Group, Inc.**

Mateer & Harbert, PA
225 E Robinson St - Ste 600
PO Box 2854
Orlando, FL 32802-2854
407/425-9044
407/423-2016 (fax)
jhanebrink@mateerharbert.com
  *Assigned: 11/20/2007*
  *LEAD ATTORNEY*
  *ATTORNEY TO BE NOTICED*

**William J. Judge, Jr.**
Bavol Judge, PA
400 N Ashley St - Ste 2500
PO Box 1440
Tampa, FL 33601-1440
813-221-7111
813-221-7112 (fax)
bjudge@bavoljudge.com
  *Assigned: 05/18/2007*
  *TERMINATED: 10/16/2007*
  *LEAD ATTORNEY*
  *ATTORNEY TO BE NOTICED*

representing

1969 S ALAFAYA TR
SUITE 236
ORLANDO, FL 32828
*(Third Party Custodian)*

**Presidion Solutions, Inc.**
C/O: Frank Amodeo
2875 South Orange Ave., Suite 500
PMB 1018
Orlando, FL 32801
*(Defendant)*
PRO SE

**Presidion Corporation**
101 W. Big Beaver Road, Suite 1400
Troy, MI 48084
*(Defendant)*
PRO SE

**James E. Baiers**
Clark Hill PLLC
500 Woodward Ave.,Suite 3500
Detroit, MI 48226-3435
*TERMINATED: 09/03/2008*
*(Defendant)*
PRO SE

**Craig A. Vanderburg**
6689 Orchard Lake Road, Suite 283
West Bloomfield, MI 48322
*TERMINATED: 09/03/2008*
*(Defendant)*
PRO SE

Mirabilis Ventures, Inc.
*(Counter Claimant)*


Mirabilis Ventures, Inc.
*(Defendant)*


**Kurt E. Thalwitzer**
Mateer & Harbert, PA
225 E Robinson St - Ste 600
PO Box 2854
Orlando, FL 32802-2854
407/425-9044
407/423-2016 (fax)
kthalwitzer@mateerharbert.com
 *Assigned: 09/25/2007*
 *TERMINATED: 06/04/2008*
 *LEAD ATTORNEY*
 *ATTORNEY TO BE NOTICED*

representing

**Presidion Solutions, Inc.**
C/O: Frank Amodeo
2875 South Orange Ave., Suite 500
PMB 1018
Orlando, FL 32801
*(Defendant)*
PRO SE