# CONSULTANT AGREEMENT

THIS CONSULTANT AGREEMENT ("Agreement"), dated as of November 1, 2004, is entered into between **PRESIDION SOLUTIONS, INC.**, a Florida corporation ("PRESIDION") with an office at 755 W. Big Beaver #1700, Troy Michigan 48084, and **BROOKMEADE GROUP, LLC**, a Virginia limited liability corporation, with an office at 11916 Brookmeade Court, Glen Allen, Virginia, 23059 ("CONSULTANT").

**WHEREAS**, PRESIDION is in the professional employer services business (the "Business");

**WHEREAS**, CONSULTANT is in the business of providing consulting services to companies such as PRESIDION and the Business; and

**WHEREAS**, PRESIDION and CONSULTANT desire to enter into an agreement in which PRESIDION will retain the services of CONSULTANT, and CONSULTANT will agree to furnish its services to PRESIDION for the Business (the "Engagement") as an independent contractor to PRESIDION.

**NOW THEREFORE**, in consideration of the foregoing promises, and the mutual covenants and agreements contained herein, the parties agree as follows:

1.  **PURPOSE OF ENGAGEMENT.**

    (a) PRESIDION agrees to retain CONSULTANT to perform certain services in connection with the Engagement, and CONSULTANT agrees to furnish to PRESIDION such services on the terms and subject to the conditions set forth in this Agreement, all as detailed in Addendums to this Agreement executed by both parties from time to time for each individual project (individually, an "Addendum", and collectively, the "Addendums") for services, fees and reimbursable expenses in the form attached hereto as Exhibits and made a part hereof (the "Services"). Once an Addendum is executed, the scope of the Services may only be modified upon the mutual written agreement of the parties. In performing the Services, CONSULTANT agrees to provide its own resources, personnel and other materials at its own expense, unless

otherwise set forth in the Addendum. PRESIDION may make its facilities, equipment and personnel available to CONSULTANT to the extent necessary to perform the Services as the parties may mutually agree. It is expressly understood that CONSULTANT is an independent contractor of PRESIDION and that CONSULTANT shall use its professional discretion in determining the best means by which to perform the Services.

2. **TERM.** The term of this Agreement shall begin on the date hereof and shall continue until September 30, 2005.

3. **CONSULTANT'S COMPENSATION.** During the term of this Agreement, PRESIDION agrees to compensate CONSULTANT, to the extent set forth in each Addendum, in the amounts and at the times identified in such Addendum.

Payments shall be mailed to:

> Brookmeade Group, LLC.
> 11916 Brookmeade Court
> Glen Allen, VA 23059
> Attention: Edith C. Broadhead

4. **OWNERSHIP OF MATERIALS RELATED TO SERVICES.** The parties agree that all ideas, know-how, processes, information, drawings, documents, designs, models, inventions, copyrightable material and other tangible and intangible materials authored, prepared, created, made, delivered, conceived or reduced to practice, in whole or in part, by CONSULTANT in the course of providing the Services (collectively, the "Works"), are the sole and exclusive property of CONSULTANT to the extent that they do not contain PRESIDION confidential, copyrighted or otherwise protected material as outlined in Paragraph 10.

5. **COMPLIANCE WITH PRESIDION POLICIES AND BUDGETS.** CONSULTANT agrees to perform the Services to the best of CONSULTANT's abilities in accordance with PRESIDION's policies and the mutually agreed upon timetables. CONSULTANT's personnel performing the Services on PRESIDION's premises shall comply with PRESIDION's rules and regulations, provided such regulations do not violate. (1) any

applicable law, rule, or regulation; (2) any contracts with third parties; (3) or any third-party rights in any patent, trademark, copyright, trade secret, or any other proprietary or intellectual property right. Without limiting the foregoing, CONSULTANT shall perform the Services in a timely and professional manner in accordance with applicable professional standards.

6. **CONSULTANT'S WARRANTIES**. CONSULTANT warrants that:

**(a)** CONSULTANT's performance of the Services called for by this Agreement, including without limitation, the development and delivery of the Works, does not and shall not violate: (1) any applicable law, rule, or regulation; (2) any contracts with third parties; (3) or any third-party rights in any patent, trademark, copyright, trade secret, or any other proprietary or intellectual property right; and

**(b)** CONSULTANT has full authority and sufficient right, title, and interest in and to the Works.

7. **TERMINATION.** Either party may terminate this Agreement upon thirty (30) days written notice to the other. In the event the other party breaches a material term of this Agreement or an Addendum and the breach party has been notified in writing of the specifics of the breach, breaching party then has thirty (30) days to cure such breach. All fees and expenses payable for services rendered shall be due and payable immediately upon notice of cancellation.

8. **INDEMNIFICATION.** CONSULTANT hereby agrees to indemnify, defend and hold harmless PRESIDION and any partner, principal, employee or agent thereof (each of the foregoing being hereinafter referred to individually as an "Indemnified Party") from and against any and all claims, liabilities, losses, expenses (including attorney's fees and legal expenses related to such defense), fines, penalties, taxes or damages (collectively "Liabilities") asserted by any third party against any Indemnified Party for (a) personal injury or property damage to the extent such Liabilities arise out of or result from the negligence or willful misconduct of

CONSULTANT. PRESIDION shall promptly notify CONSULTANT, in writing, of any third party claim subject to indemnification and CONSULTANT shall, at PRESIDION's option, conduct the defense or settlement of any such third party claim at CONSULTANT's sole expense and PRESIDION shall cooperate with CONSULTANT in connection therewith.

9. **EXCLUSIVITY**. During the term of this Agreement, PRESIDION agrees that it will not engage the services of any other individual or company that competes with CONSULTANT or offers services similar to those offered by CONSULTANT, and any such engagement shall be considered a breach of this Agreement.

10. **PRESIDION CONFIDENTIAL INFORMATION**. All information, documents, reports, data, records, forms and other materials developed by CONSULTANT for PRESIDION or obtained by or disclosed to CONSULTANT in the course of performing any Services (including, but not limited to, PRESIDION's company records) are the proprietary, confidential and trade secret information of PRESIDION. CONSULTANT will deliver to PRESIDION all tangible forms of such proprietary confidential and trade secret information and all copies thereof (and all other property obtained from or through PRESIDION) when PRESIDION requests the same, or immediately upon termination of this Agreement, whichever occurs earlier. CONSULTANT agrees during the term of this Agreement and thereafter that it will take all steps reasonably necessary to hold PRESIDION's proprietary, confidential and trade secret information in trust and confidence. CONSULTANT shall not use or disclose to any person, firm or entity any proprietary, confidential or trade secret information of PRESIDION , without PRESIDION's express, prior written permission.

Nothing in this Agreement shall prohibit or limit either party's use of information (including, but not limited to, ideas, concepts, know-how, techniques, and methodologies) (i) previously known to it without an obligation of confidence, (ii) independently developed by or

for it. (iii) acquired by it from a third party which is not, to its knowledge, under an obligation of confidence with respect to such information, or (iv) which is or becomes publicly available through no breach of this Agreement.

If either party receives a subpoena or other validly issued administrative or judicial process demanding Confidential Information of the other party, it shall promptly notify the other of such receipt and tender to it the defense of such demand. The party receiving the subpoena shall thereafter be entitled to comply with such subpoena or other process to the extent permitted by law. Services provided hereunder in no event include BROOKMEADE acting as an expert witness or otherwise providing litigation support services.

11. **INDEPENDENT CONTRACTOR**. CONSULTANT agrees that CONSULTANT's relationship with PRESIDION is that of an independent contractor and nothing in this Agreement shall be construed as creating a partnership, joint venture or employer-employee relationship. No CONSULTANT employee or agent will be entitled to any of the benefits which PRESIDION may make available to its employees, such as group insurance, profit-sharing, or retirement benefits. CONSULTANT shall be solely responsible for complying with all applicable local, state and federal laws governing self-employed individuals, including but not limited to obligations such as payment of federal, state and local taxes, social security, disability and other contributions attributable to the rendition of Services hereunder to PRESIDION. CONSULTANT shall indemnify, hold harmless and defend PRESIDION from any and all claims, liabilities, damages, taxes, fines or penalties sought or recovered by any governmental entity, including but not limited to the Internal Revenue Service or any state taxing authority, arising out of CONSULTANT's alleged failure to pay such taxes or make such contributions. Nothing in this Agreement shall be deemed to constitute CONSULTANT or

PRESIDION the agent of the other. Neither CONSULTANT nor PRESIDION shall be or become liable or bound by any representation, act or omission whatsoever of the other.

12. **ASSIGNABILITY**. Neither party shall assign, subcontract or transfer this Agreement or the resulting obligations without the other party's express, prior written permission.

13. **NOTICES**. All notices permitted or required under this Agreement shall be in writing and shall be by personal delivery, a nationally recognized overnight courier service, facsimile transmission or certified or registered mail, return receipt requested. Notices shall be deemed given upon the earlier of actual receipt or one (1) day after deposit with the courier service, receipt by sender of confirmation of electronic transmission or five (5) days after deposit with the U.S. Postal Service. Notices shall be sent to the addresses listed below, or to such other address as either party may specify in writing.

If to PRESIDION:

    Presidion Corporation
    755 W. Big Beaver
    Suite 1700
    Troy, MI 48084

    Attention: Mr. Craig A. Vanderburg

If to CONSULTANT:

    Brookmeade Group, LLC, .
    11916 Brookmeade Court
    Glen Allen, VA 23059

    Attention: Edith C. Broadhead

14. **SEVERABILITY**. In the event that any term or provision of this Agreement shall be held to be invalid, void or unenforceable, then the remainder of this Agreement shall not be affected, impaired or invalidated, and each such term and provision of this Agreement shall be valid and enforceable to the fullest extent permitted by law.

15. **GOVERNING LAW**. This Agreement shall be governed by and construed in accordance with the laws of the State of Florida, without regard to the conflict of laws provisions thereof.

16. **INTEGRATION**. This Agreement constitutes the entire agreement of the parties hereto and supersedes all prior and contemporaneous representations, proposals, discussions, and communications, whether oral or in writing. This Agreement may be modified only in writing and shall be enforceable in accordance with its terms when signed by each of the parties hereto.

17. **SURVIVAL**. Paragraphs 5, 8, 10, 12, 13, 17, 19 and 20 shall survive the expiration or earlier termination of this Agreement.

18. **ATTORNEY'S FEES**. In the event any litigation, arbitration, or controversy between the parties hereto arises out of or in connection with this Agreement, the prevailing party in such litigation or controversy shall be entitled to recover from the other party or parties all reasonable attorneys' fees, expenses and suit costs, including those associated with any appellate proceedings or post-judgment collection proceedings.

20. **ENFORCEMENT**. In the event that any dispute shall occur or any questions shall arise between the parties hereto as to the interpretation of any of the provisions hereof which cannot be resolved by their agreement, then the determination of such dispute shall be first submitted to non-binding mediation, and shall thereafter be resolved by arbitration as provided in this Paragraph 20, and the arbitrators' decision shall be final and binding as between the parties and shall not be subject to appeal. Judgment may then be entered on any final arbitration award by any state or federal court having jurisdiction thereof. Notwithstanding the foregoing, in the event any party desires to enforce any provision of this Agreement by injunction or specific performance, or to obtain other equitable relief, such party may seek such relief by commencing a

proceeding in a trial court located in Orange County, Florida and shall not be required to arbitrate such dispute.

Any arbitration to be carried out under this Paragraph 20 shall be subject to the following provisions:

(a) The party desiring arbitration shall nominate an arbitrator and shall notify the other parties of such nomination. The notice shall set forth a brief description of the matter submitted for arbitration and, if appropriate, the section or clause hereof pursuant to which such matter is so submitted. The other parties shall, no later than thirty (30) days after receipt of such notice, collectively nominate an arbitrator, and the two (2) arbitrators shall select a third arbitrator (hereinafter called the "Chairman") to act jointly with them (the two arbitrators and the said Chairman collectively hereafter being called the "Arbitrators"). If the Arbitrators shall be unable to agree on the selection of such Chairman, the Chairman shall be designated by a judge of the applicable Florida Court in Orange County in upon an application by any party. The arbitration shall take place in Orlando, Florida and the Chairman shall fix the time and place for the purpose of hearing such evidence and representations as the parties hereto may present and, subject to the provisions hereof, the decision of the Arbitrators in writing shall be binding upon the parties both in respect to procedure and the conduct of the parties during the arbitration procedure and the final determination of the issues therein. The Arbitrators shall be instructed that time is of the essence in proceeding with their determination of the issue or issues at hand. The Arbitrators shall, after hearing any evidence and representations that the parties may submit, render a decision and reduce the same to writing and deliver one (1) copy thereof to each of the parties. The Arbitrator's decisions shall be in the form of approving one or the other of the party's settlement offers with respect to such dispute, as delivered most recently before commencement of the arbitration proceeding, without compromise. The majority of the Arbitrators may determine any matters of procedure for the arbitration not specified herein.

(b) If the parties receiving notice of the nomination of an Arbitrator by the party desiring arbitration fail within the said thirty (30) days to nominate an Arbitrator, the Arbitrator nominated by the party desiring arbitration may proceed

|     |     |
| --- | --- |
|     | alone to determine the dispute in such manner and at such time as he or she shall think fit, and his or her decision shall, subject to the provisions hereof, be binding upon the parties. |
| **(c)** | To the fullest extent permitted by applicable law, any controversy concerning whether a dispute is an arbitrable dispute or as to the interpretation or enforceability of this Paragraph 20 shall be determined by the Arbitrators. The arbitration proceedings, as well as the fact such proceedings occur, shall be kept confidential by the parties hereto and may only be disclosed to their personal representatives and legal, accounting and other professional advisors or as required by law and insofar as is necessary to confirm, correct, vacate or enforce the award. In the event of a breach of this provision, the Arbitrators are expressly authorized to assess damages and each of the parties hereto consents to the expansion of the scope of arbitration for such purpose. The pendency of any arbitration under this Paragraph 20 shall not relieve any party hereto of obligations under this Agreement or any of the other agreements related to the transaction contemplated by this Agreement. The designation of a situs or a governing law for this Agreement or the arbitration shall not be deemed an election to preclude application of the *Federal Arbitration Act* if it would be applicable. |
| **(d)** | Notwithstanding the foregoing, any arbitration may be carried out by a single arbitrator if the parties so agree. |
| **(e)** | Regarding attorneys' fees for actions or proceedings brought in any arbitration, the attorneys' fees incurred in connection with arbitration shall be apportioned among the parties to the arbitration as the Arbitrators may determine. The fees and other expenses of the arbitration shall be borne equally by PRESIDION and CONSULTANT if they are the sole parties to the arbitration, unless the Arbitrators determine otherwise. No party to the arbitration may seek, and the arbitrators shall not award, consequential, punitive or exemplary damages. |

IN WITNESS WHEREOF, the parties hereto have caused to be signed by their duly authorized representatives, as of the day and year first above mentioned.

PRESIDION SOLUTIONS, INC.

By: _____
Craig A. Vanderburg
Its: CEO

BROOKMEADE GROUP, LLC.

By: _____
Edith C. Broadhead
Its: President

# EXHIBIT A

## ADDENDUM TO CONSULTANT AGREEMENT

This Addendum to Consultant Agreement is made and entered into as of this 1st day of November, 2004, between **PRESIDION SOLUTIONS, INC.**, a Florida corporation ("PRESIDION"), and **BROOKMEADE GROUP, LLC.**, a Virginia limited liability corporation ("CONSULTANT").

### WITNESSETH:

**WHEREAS**, PRESIDION entered into a Consultant Agreement with CONSULTANT for certain services, dated November 1, 2004, a copy of which is attached hereto and made a part hereof (the "Consultant Agreement");

**WHEREAS**, the Consultant Agreement provides that an Addendum shall be executed to provide for the specific Services, Fees and Reimbursable Expenses for each individual project for the Engagement; and

**WHEREAS**, the parties desire that this document serve as the Addendum for the Consultant Agreement.

**NOW, THEREFORE**, in consideration of the premises and the mutual covenants and obligations herein contained, the parties agree as follows:

1. SERVICES TO BE PROVIDED BY CONSULTANT AND FEES AND EXPENSES TO BE RECEIVED

CONSULTANT shall provide the following Services for the following projects (the "Project"), and shall be entitled to the following fees and expenses:

   A. SERVICES TO BE PROVIDED

      i. Negotiate with the following creditors to restructure current debt agreements: Robert A. Gaines, Fred J. Sandlin and the Mercator Fund

Debentures. CONSULTANT shall use its best efforts to remove the existing personal guarantees and stock pledges. All restructured agreements must be approved by PRESIDION and the individual guarantors.

B. EXPENSES

i. CONSULTANT shall be reimbursed for actual, reasonable and necessary expenses incurred for the PROJECT.

C. FEES

i. CONSULTANT shall receive a fee of twenty five thousand dollars ($25,000) within three days of execution of this Addendum.

ii. CONSULTANT shall receive an amount of 50% of any reduction in principal for the above listed debt agreements. This amount shall be payable in monthly installments agreed upon by PRESIDION and CONSULTANT upon execution of the new debt agreements, but not to exceed 12 months from the execution date of the new agreements. In the event of a sale or dissolution of PRESIDION, this amount shall be due and payable immediately.

2. FULL AND FAIR DISCLOSURE.

PRESIDION understands the consulting services to be provided by CONSULTANT requires complete and full disclosure of any and all information relating to the debt agreements and relevant issues from PRESIDION. Failure to provide complete disclosure could adversely affect CONSULTANT'S performance. Should CONSULTANT discover relevant information has been withheld or misrepresented, CONSULTANT may terminate any portion of the contract without notice. CONSULTANT shall upon such event be deemed to have earned all consideration paid to date as well as be entitled to time and expenses not yet billed.

3. ITEMS TO BE PROVIDED BY PRESIDION.

PRESIDION shall provide the following items to CONSULTANT for the Project:

A. Assign account executives who will assist CONSULTANT in obtaining any and all relevant original documentation relating to the Project.

4. TERM.

The obligations of each party under the terms of this Addendum shall commence upon the date hereof, and shall be completed no later than December 31, 2004. PRESIDION's obligations for CONSULTANT's fees and expenses shall survive the expiration or earlier termination of this Addendum or the Consultant Agreement.

5. FORCE AND EFFECT.

Except as set forth above, all terms and obligations of PRESIDION and CONSULTANT as set forth in the Consultant Agreement shall remain in full force and effect. Any terms not otherwise defined herein shall have the same meaning as in the Consultant Agreement.

**IN WITNESS WHEREOF**, the parties have caused this Addendum to be duly executed the day and year first above written.

PRESIDION SOLUTIONS, INC.  
By: _____  
Craig A. Vanderburg  
Its: CEO

BROOKMEADE GROUP, LLC.  
By: _____  
Edith C. Broadhead  
Its: President

