IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA
COMPLEX BUSINESS LITIGATION COURT

FRANK L. AMODEO,

    Plaintiff,

v.

BERMAN, KEAN & RIGUERRA, P.A.,
and RICHARD E. BERMAN,

    Defendants.
    _____/

Case No.: 48-2008-CA-31333-O
Division: 32

## ORDER

Adjudged that:

This court denied the defendants' motion to dismiss plaintiff's First Amended Complaint and they have answered the plaintiff's lawsuit. Now, they are asking the court to grant their renewed motion to dismiss based upon collateral estoppel or alternatively, reconsider its prior decision. The plaintiff objects to the defendants' request for a second opportunity to argue their motion to dismiss and notes it should not be a substitute for a motion for summary judgment or judgment on the pleadings. Lowery v. Lowery, 654 So.2d 1218, 1219 (Fla. 2nd DCA 1995).

"Interlocutory rulings are subject to reconsideration by the trial court prior to entry of a final order in the cause." Andrews v. McGowan, 739 So.2d 132, 135 (Fla. 5th DCA 1999). "It is well settled in this state that a trial court has inherent authority to reconsider, as here, any of its interlocutory rulings prior to the entry of a final judgment or final order in the cause." Bettez v. City of Miami, 510 So.2d 1242, 1243 (Fla. 3rd DCA 1987). Under the circumstances, the court overrules the plaintiff's objections and will reconsider its ruling on the defendants' motion to dismiss Counts I (legal malpractice) and II (breach of fiduciary duty and self-dealing) based upon the doctrine of collateral estoppel.

Collateral estoppel is an affirmative defense which precludes the re-litigation of issues actually adjudicated in a prior lawsuit. It can be raised in a motion to dismiss if the basis for the defense appears in the complaint. All Pro Sports Camp, Inc. v. Walt Disney Company, 727 So.2d 363, 366 (Fla. 5th DCA 1999).

Ordinarily, when the court decides a motion to dismiss it cannot look beyond the four corners of the complaint. Regis Insurance Company v. Miami Management, Inc., 902 So.2d 966, 968 (Fla. 4th DCA 2005). However, when the court takes judicial notice of proceedings in a different case it may consider the issues actually adjudicated in the other case in deciding a motion to dismiss based upon collateral estoppel. All Pro; and City of Clearwater v. United States Steel Corporation, 469 So.2d 915, 916 (Fla. 2nd DCA 1985).

The First Amended Complaint avers that plaintiff was indicted on 27 criminal counts including conspiracy, failure to remit payroll taxes and wire fraud; he pled guilty to 5 counts; and as part of his plea the United States of America imposed a $181,000,000 money judgment against him. See, paragraphs 56, 57 and 63 of the First Amended Complaint. This court has taken judicial notice of the Indictment, Amended Plea Agreement, Corrected Judgment of Conviction and sentencing proceedings in the criminal case. On May 19, 2009 the plaintiff was sentenced to 270 months in prison and ordered to make restitution in the amount of $181,810,518.66. He is currently attempting to rescind both his plea and sentence.

Just because the court has taken judicial notice of matters in the federal case does not mean everything in that file is admitted, the rules of evidence still apply to matters judicially noticed by the court. Taylor v. State, 969 So.2d 489, 491 (Fla. 5th DCA 2007). Section 90.803(18) Florida Statutes creates an exception to the hearsay rule for admissions against interest made by a party or his representative. Admissions against interest made by the plaintiff or his lawyers in the case of United States of America v.

Frank L. Amodeo, Case No. 6:08-cr-176-Orl-28GJK (M.D. Fla.) are admissible in this case. Therefore, the Plaintiff's Motion to Strike Reference to Prior Proceedings Attached to and Incorporated in Defendants' Renewed Motion to Dismiss is denied and the Defendants' Motion to Strike Affidavits Attached to Plaintiff's Response to Renewed Motion to Dismiss is granted. Exhibits "A," "B" and "C" to the plaintiff's response are stricken and Exhibit "D" is inadmissible hearsay.

Because the criminal judgment and sentence come out of the federal court, federal principles of collateral estoppel apply. This requires: "(1) the issue at stake is identical to the one involved in the prior litigation; (2) the issue has been actually litigated in the prior suit; (3) the determination of the issue in the prior litigation was a critical and necessary part of the judgment in that action; and (4) the party against whom the earlier decision is asserted had a full and fair opportunity to litigate the issue in the earlier proceeding." Baxas Howell Mobley, Inc. v. BP Oil Company, 630 So.2d 207, 209 (Fla. 3rd DCA 1993).

The defendants argue it is apparent from the averments in the First Amended Complaint and the plaintiff's guilty plea and sentencing that he has admitted knowingly, willfully and intentionally committing the crimes he pled guilty to and therefore, he is collaterally estopped from prosecuting Counts I and II against them. The plaintiff says the issues are not the same. After reading the Indictment and the First Amended Complaint the court find the same issues of causation and damages are present in both cases, the plaintiff had the opportunity to litigate these issues, they were litigated in federal court and their resolution was necessary to the rendition of the court's judgment and sentence.

In Steele v. Kehoe, 747 So.2d 931, 933 (Fla. 1999), our Supreme Court held that without obtaining relief from his conviction and sentence a criminal defendant's own actions were presumed to be the proximate cause of his injury and therefore, he had to

obtain appellate or post-conviction relief before he could sue his former criminal defense attorney for legal malpractice. Similarly, in Orr v. Black & Furci, P.A., 876 F. Supp. 1270, 1276 (M.D. Fla. 1995), the court said it was the criminal defendant's guilty conduct that caused his injuries incurred as a result of his conviction and in Schreiber v. Rowe, 814, So.2d 396, 399 (Fla. 2002) the court said the better rule is to require a plaintiff as part of the causation element of his claim to prove by the greater weight of the evidence that he was innocent of the crimes charged in the underlying criminal proceeding. Unless the plaintiff can establish his innocence of the underlying criminal charges the law views his criminal conduct and not his attorney's malpractice as the legal cause of his damages. *See*, Zeidwig v. Ward, 548 So.2d 209, 213 (Fla. 1989); Troville v. State, 953 So.2d 637, 639 (Fla. 4th DCA 2007); Butler v. Mooers, 771 A.2d 1034, 1037 (Me. 2001); and Allen v. Martin, 203 P.3d 546, 564 (Colo. App. 2008). The rationale behind these decisions holds true regardless of whether the plaintiff is suing his former criminal defense lawyer or his civil attorneys for legal malpractice in connection with the events resulting in his conviction.

In its Corrected Judgment in a Criminal Case the United States District Court adjudicated the plaintiff guilty of Count I (Conspiracy to Defraud an Agency of the United States, to Commit Wire Fraud and to Obstruct an Agency Proceeding); of Counts VII, VIII and X (Failure to Collect and Remit Payroll Taxes); and Count XXVII (Obstruction of an Agency Proceeding); the remaining 22 counts were dismissed on motion of the government. Without conceding that he is collaterally estopped from bringing claims based upon the criminal counts he pled guilty to the plaintiff says he cannot be estopped with respect to the matters alleged in the counts that were dismissed and therefore at a minimum he has an approximate $75,000,000 damage claim against the defendants. This court disagrees. According to the First Amended Complaint the legal malpractice occurred between October, 2004 and July, 2006, when the plaintiff pled guilty to Counts I

and XXVII of the Indictment he admitted criminal responsibility for the wrongdoing alleged by the government during the period October, 2004 through August, 2006 and that he was responsible for all of the damages ($181,810,518.66) the court ordered him to repay to the federal government. Therefore, with one exception the plaintiff is collaterally estopped from suing the defendants in Counts I and II of his First Amended Complaint. Any attempt by plaintiff to re-plead Counts I and II to overcome the effect of collateral estoppel would be futile.

Although his other claims in Counts I and II are barred the plaintiff is entitled to seek disgorgement of any profits and/or attorney fees he paid the defendants because this claim exists regardless of whether he suffered damages or the defendants were the cause of his damages. *See*, Burrow v. Arce, 997 S.W.2d 229, 238 (Tex. 1999); and ABKCO Music Inc. v. Harrisongs Mustic, Ltd., 722 F.2d 988, 995 (2nd Cir. 1983).

Therefore, the Defendants, Richard E. Berman and Berman, Kean & Riguera, P.A.'S, (Amended) Renewed Motion to Dismiss Counts I and II of Plaintiff's First Amended Complaint or Alternatively Motion to Reconsider is granted in part and denied in part and:

1. Count I of the First Amended Complaint is dismissed in its entirety with prejudice.

2. Count II of the First Amended Complaint is dismissed with prejudice except to the extent it seeks disgorgement of profits and/or attorneys' fees paid to the defendants.

Ordered in Chambers at Orlando, Orange County, Florida on this 8 day of December, 2009.

Thomas B. Smith
Circuit Judge

5

Frank L. Amodeo v. Berman, Kean & Riguera, P.A. and Richard Berman,
Case No.: 48-2008-CA-31333-O

Copies furnished to:

    Michael Maher, Esquire
    J. Brent Smith, Esquire
    Jack Scarola, Esquire
    D. David Keller, Esquire
    Bradley M. Saxton, Esquire
    Roy Kobert, Esquire