IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MIRABILIS VENTURES, INC. and         Case No. 6:07-CV-1788-ORL-28-KRS
NEXIA STRATEGY CORPORATION,

    Plaintiffs,

v.

PALAXAR GROUP, LLC.;
PALAXAR HOLDINGS, LLC;
FRANK HAILSTONES; EDITH CURRY
a/k/a EDITH BROADHEAD; and
TERENCE CHU,

    Defendants.

v.

MIRABILIS VENTURES, INC. and
NEXIA STRATEGY CORPORATION,

And THIRD PARTY CORPORATION,
WELLINGTON CAPITAL GROUP, INC.,
YANIV AMAR, FRANK AMODEO,
AARON BATES, MATTHEW MOKWA,
ROBERT POLLACK, JAMES SADRIANNA.

    Third Party Defendants.

**MIRABILIS' REPLY TO (DE 219) JOINT OPPOSITION OF DEFENDANTS, TO MIRABILIS' MOTION TO EXTEND THE DEADLINE TO FILE AN AMENDED COMPLAINT AND ADD PARTIES OR IN THE ALTERNATIVE MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND ADD PARTIES**

MIRABILIS VENTURES, INC., a Florida corporation and as assignee of the litigation rights for Nexia Strategy Corporation (collectively "Mirabilis"), by and through the undersigned counsel, files this, its Reply to Joint Objection of Defendants to Mirabilis' Motion to Extend the Deadline to File an Amended Complaint and Add Parties or in the Alternative Motion for Leave

to File Amended Complaint and Add Parties. ("Mirabilis' Reply"), and states:

## I.  Background

1. On March 12, 2010 Mirabilis filed Motion to Extend the Deadline to File an Amended Complaint and Add Parties or in the Alternative Motion for Leave to File Amended Complaint and Add Parties ("Motion").

2. On March 17, 2010, Defendants filed their Joint Objection of Defendants to Mirabilis' Motion to Extend the Deadline to File an Amended Complaint and Add Parties or in the Alternative Motion for Leave to File Amended Complaint and Add Parties ("Joint Objection").

## II.  The Law

3. *Rule 15(a), Federal Rules of Civil Procedure*, provides that, "leave [to amend] shall be freely given when justice so requires." As a result, "there must be a substantial reason to deny a motion to amend." *Butler v. Crosby*, 2006 U.S. Dist. LEXIS 26029 (M.D. Fla. 2006), citing *Laurie v. Ala. Ct. of Crim. Appeals*, 256 F.3d 1266, 1269 (11th Cir. 2001). In deciding whether to grant leave to amend the district court must take into account several factors "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment." The district court may also consider whether undue prejudice to the movant will result from denying leave to amend. *Bamm, Inc. v GAF Corp.*, 651 F. 2d 389, 391 (5th Cir.1981), citing *Foman v. Davis. Accord, Pan-Islamic Trade Corp. v. Exxon Corp.*, 632 F.2d 539, 546 (5th Cir. 1980).

Mirabilis filed its motion within the Court ordered time frame and as such, there is no substantial reason for Mirabilis' motion for leave to amend to be denied.

4821-3804-9029.1
43582/0007

### III. Plaintiffs Did Not Delay Filing Their Motion

In their Joint Objection, Defendants argue Mirabilis Motion should be denied based on undue delay, and that Mirabilis should not be allowed to add the proposed additional defendants, Holtz and Dement, because Mirabilis was aware of potential claims against them long ago. Nonetheless, Defendants do acknowledge in the first sentence of their Joint Objection, that Mirabilis filed its Motion "on the day that had been set by the parties as the deadline for motions for leave to amend pleadings".

"[W]hether undue delay has occurred depends upon the length of the delay, the reason for the delay, and, most importantly, the prejudice suffered by the defendant." *State v. Conte*, 516 So. 2d 1115, 1116 (Fla. 2nd DCA 1987). Moreover, where the motion is filed within the consented to deadline set in the scheduling order, it will not be deemed unduly delayed. Nor will the motion for leave to amend be found "unduly" delayed simply because the amendment sought could have been accomplished from the inception of the suit. *Butler v. Crosby*, 2006 U.S. Dist. LEXIS 26029 (M.D. Fla. 2006).

In *Butler* the plaintiff's filed their motion for leave to amend to add parties and to additional claims for relief on November 30, 2005 and the deadline to amend pleadings in the case was November 30, 2005 pursuant to the amended case management and scheduling order. Over objection by the defendants, the court did not deem the plaintiff's motion to be unduly delayed even where it was filed over 12 months after the filing of the original complaint and 26 months after the filing of the complaint in a companion case filed by the plaintiff against the defendants. *Id*. at 17-18.

Likewise, Mirabilis' Motion was timely in accordance with the parties' agreed upon deadline and thus, not unduly delayed. There is no question that Mirabilis filed its Motion within

4821-3804-9029.1
43582/0007

the consented deadline agreed to by the Defendants in the governing Amended Case Management Order. Similar to our case here, in *Butler*, the defendants contended that the plaintiffs motion to amend should be denied because the proposed amendments were based on facts known to the plaintiffs at the time the suit was filed. Although the *Butler* court agreed that the plaintiffs could have included the proposed claims at the time they filed suit, the court was "not persuaded that this consideration constitutes a substantial reason warranting a denial of the Motion [to amend]."

Specifically, the Middle District court also concluded in *Butler*, that it would not deny the motion to amend "as unduly delayed merely because plaintiffs could have asked for this relief from the start of the suit." *Butler v. Crosby*, at 24.  In support of this conclusion the *Butler* court stated that where there may be a change in litigation strategy, in appropriate circumstances, it may justify an amendment despite the plaintiff's ability to have included the claims at the inception of the action.

Defendants repeatedly argue that because this action was instituted in October 2007 Mirabilis has had plenty of time to make the requested amendment.  However, they do not mention that on June 5, 2008 this Court entered an order staying this case during the pending the bankruptcy proceedings filed by Mirabilis.  Also on June 5, 2008, the Court entered another order permitting the United States to intervene in this case and staying discovery in this matter pending further order of the Court.

Defendants also fail to recognize that the undersigned counsel was substituted as counsel for Mirabilis on Order of this Court issued November 6, 2009. On December 2, 2009 the undersigned counsel attended a status conference at which time this Court lifted the stay and reopened this case. Additionally, the Court ordered Defendants Curry and Hailstones be deposed

4

within 45 days, and ordered Mirabilis' response to Defendants' motion for summary judgment within 30 days from the date of such depositions. The depositions of Defendant Curry took place on January 12, 2010 and the deposition of Defendant Hailstones took place on January 13, 2010. On February 15, 2010 Mirabilis filed its Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment. There is no indication of any delay, and certainly not of any undue delay.

As stated in the Motion, based upon information discovered by the undersigned counsel in preparation for the deposition of Defendants Curry and Hailstones, Mirabilis has determined that it should name Holtz and Dement as additional defendants. Moreover, pursuant to Rule 20(a)(2), *Federal Rules of Civil Procedure*, Persons may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

In *Butler* the Middle District court stated that: 1) as the plaintiffs' motion for leave to amend was filed on that date set in the amended case management and scheduling order as the deadline to amend a pleading, it was due to be reviewed pursuant to *Rule 15(a), Federal Rules of Civil Procedure*, and 2) as plaintiffs have alleged a right to relief arising out of the same transaction or occurrences and a common question of law or fact with regard to the new and existing parties, the Court finds that the proposed plaintiffs and defendant may be joined in this action pursuant to *Rule 20(a), Federal Rules of Civil Procedure*.

Again, like in *Butler*, and as stated in its Motion, Mirabilis seeks to add Holtz and Dement as defendants and assert against them the same causes of action as are asserted against the current Defendants which all are arising out of the same transaction, occurrence, or series of

transactions or occurrences. For all the above reasons, Mirabilis' Motion should be granted.

## IV. Plaintiffs Did Not File Their Motion In Bad Faith

Defendants' assert in their Joint Opposition that the undersigned counsel is being deceptive in stating that they became aware in early January, while preparing to take the depositions of Defendants Curry and Hailstones, of evidence which would support the Motion and addition of defendants to this action. In support of its argument to deny the motion based on bad faith, Defendants also allege that the undersigned counsel failed to review the record and their own documents for over two years.

However, the record clearly indicates that undersigned counsel had been representing Mirabilis for just over three (3) months at the time the Motion was filed and for just over one (1) month at the time the depositions of Curry and Hailstones were taken. Simply based on the record before the Court, there is no evidence of bad faith or dilatory motive.

## V. Undue Prejudice

Defendants also allege, without citing any legal basis, that granting the Motion will "inevitably result in undue delay to prejudice the Defendants, whose Motion for Summary Judgment is fully briefed and ripe for decision. In addition, Defendants argue that since the lawsuit was instituted, neither Defendant has been able to find employment because of Plaintiff's allegation of 'theft' and the question concerning ownership of Ms. Curry's intellectual property remains unresolved." However, these allegations are not substantial reasons to warrant denial of the Motion. Nor will allowing the amendment proposed by Mirabilis change the situation Defendants' complain of.

Finally, there is no prejudice where plaintiff's proposed amendments are based on the same facts alleged in the original complaint. *See Zarnick v. Painewebber, Inc.*, 1995 U.S. Dist.


LEXIS 1600 (M.D. Fla. 1995).

WHEREFORE, Mirabilis respectfully request entry of an Order 1) allowing more time to amend the Complaint or; 2) granting leave to amend the Complaint to add party defendants, and 3) such further relief as this Court deems just and proper.

/s/ Nicolette Corso Vilmos
Todd K. Norman
Florida Bar No.:  62154
Nicolette Corso Vilmos, Esquire
Florida Bar No,: 0469051
**BROAD AND CASSEL**
390 N. Orange Ave., Suite 1400
Orlando, FL  32801
Phone: 407-839-4200
Fax: 407-425-8377

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by either CM/ECF notice or U.S. Mail this 25th day of March, 2010 to Kathleen B. Havener, Esq., The Havener Law Firm, LLC, 15511 Russell Road, Chagrin Falls, OH 44022; Frank Amodeo, FCC-Low, B3, P.O. Box 1031, Coleman, FL 33521-1031; Terence Chu, 5637 Country Hills Lane, Glen Allen, VA 23059; Martin R. Raskin and Jane Serene Raskin, Raskin & Raskin, P.A., 2601 South Bayshore Drive, Suite 725, Miami, Florida 33133; Kathleen S. Davies, The Davies Law Firm, 126 E Jefferson St, Orlando, FL 32801; James Vincent Sadrianna, 10025 Chatham Oaks Court, Orlando, FL 32836, James Robert Lussier, Mateer & Harbert, PA, 225 E Robinson St., Ste 600, Orlando, FL 32802-2854; James Everett Shepherd, Pohl & Short, PA, 280 W Canton Ave., Ste 410, Winter Park, FL 32790; John Edwin Fisher, Fisher, Rushmer, Werrenrath, Dickson, Talley & Dunlap, PA, 20 N Orange Ave., Ste 1500, Orlando, FL 32802-0712; Darryl M. Bloodworth & L. Reed Bloodworth, Dean, Mead, Egerton, Bloodworth, Capouano & Bozarth, PA, 800 N Magnolia Ave., Ste 1500, Orlando, FL 32802-2346 and US Attorney's Office, Suite 300, 501 W Church St, Orlando, FL 32805..

/s/ Nicolette Corso Vilmos
_____
Nicolette Corso Vilmos
Florida Bar No: 0469051