# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

MIRABILIS VENTURES, INC., and
NEXIA STRATEGY CORPORATION,                    Case No.:  6:07-CV-01788-JA-GJK

        Plaintiffs,

-vs-

PALAXAR GROUP, LLC;
PALAXAR HOLDINGS, LLC;
FRANK HAILSTONES; EDITH CURRY
a/k/a EDITH BROADHEAD; and
TERENCE CHU,

        Defendants,
_____/
PALAXAR GROUP, LLC;
PALAXAR HOLDINGS, LLC;
FRANK HAILSTONES; EDITH CURRY
a/k/a EDITH BROADHEAD

        Third Party Plaintiffs,

-vs-

AQMI STRATEGY CORPORATION;
WELLINGTON CAPITAL GROUP, INC;
YANIV AMAR; FRANK AMODEO;
AARON BATES; MATTHEW MOKWA;
ROBERT POLLACK and JAMES SADRIANNA,

        Third Party Defendants.
_____

## <u>DEFENDANT YANIV AMAR'S ANSWER TO DEFENDANTS<br>FIRST AMENDED THIRD PARTY COMPLAINT</u>

Third Party Defendant Yaniv Amar, by and through his undersigned counsel, hereby

answers the First Amended Third Party Complaint and for his answers states:

1.      Admitted.

2.      Admitted.

3.      Admitted.

4.      Admitted.

5.      Admitted.

6.      Without knowledge.

7.      Without knowledge.

8.      Denied that Amar was an executive at Miabilis and/or one of its affiliate companies at times relevant to this action.

9.      Admitted.

10.     Admitted.

11.     Without knowledge.

12.     Without knowledge.

13.     Without knowledge.

14-21.  Without knowledge.

22-69. These allegations do not relate to Amar, and, therefore, he does not respond thereto.   To the extent these allegations are viewed as claims against these Amar, they are expressly denied.

70.     Amar incorporates his responses to Paragraphs 1-69 herein.

71.     Denied.

72.     Denied.

73.     It is admitted that Curry and Hailstones were served with the Complaint in this litigation in Scottsdale, Arizona, on October 15, 2007.  The remaining allegations of paragraph 73 are denied.

74.     Denied.

75.     Admitted that Amar knew that Curry and Hailstones were scheduled to attend the conference on said date.

76.     Admitted that Amar did nothing to prevent Curry and Hailstones from making a presentation at the conference.  The remaining allegations of Paragraph 76 are denied.

77.     Admitted that Amar did not prevent Curry and Hailstones from making a presentation at the conference.  The remaining allegations of paragraphs 77 are denied.

78.     The Plaintiffs' characterization of the Motion for Preliminary Injunction is denied.  The Motion speaks for itself.  Admitted that Curry and Hailstones were not served before October 14.  The remaining allegations of paragraphs 78 are denied.

79.     Admitted that on October 15, 2007 Amar was physically in the area when a process server served Curry and Hailstones.  The remaining allegations of paragraph 79 are denied.

80.     Denied.

81.     Denied.

82.     Denied.

83.     Denied.

84.     Denied.

85.     Denied.

86.     Denied.

87.     Denied that any slander occurred.

88.     Denied.

89.     Denied.

90.     Denied.

91-100.     These allegations do not relate to Amar, and, therefore, he does not respond thereto.  To the extent these allegations are viewed as claims against these Amar, they are expressly denied.

101.     Amar incorporates his responses to paragraphs 1-100 herein.

102.     Denied.

103.     Denied.

104.     Denied

105.     Denied.

106.     Denied.

107.     Denied.

108.     Denied

109.     Denied.

110.     Denied.

111.     Amar incorporates his responses to paragraphs 1-110 herein.

112.     Admitted that Hailstones and Curry were improperly marketing the anti-fraud solution.

113.     Admitted that Amar was aware that Curry and Hailstones were improperly developing business relationships to sell the anti-fraud solution.

114.     Denied.

115.     Denied.

116.     Denied.

117.     Denied.

118.    Amar incorporates his responses to paragraphs 1-117 herein.

119.    Denied.

120.    Denied.

121.    Denied.

122.    Denied.

123-135.   These allegations do not relate to Amar and, therefore, he does not respond thereto.  It is also expressly denied that third party Plaintiffs are entitled to recover any of the relief sought in Prayers for Relief numbers 1-17.

## AFFIRMATIVE DEFENSES

1.    The instant action is an improper third party claim. It does not arise from the facts and circumstances giving rise to the initial litigation. It should, therefore, be severed from the main action and/or abated.

2.    There was no publication of any of the alleged statements to any third party;;  the comments were directed only at Plaintiffs and no other persons at the convention heard the comments.  Therefore, all of the claims against Amar fail as a matter of law.

3.    Any statements allegedly made by Amar are protected by the litigation privilege and/or are protected by an absolute or qualified privilege because they were made in the context of the bringing of litigation.

4.    The statements attributed to Amar are a fair comment/characterization of statements made by others in public forums such as the newspaper and the internet and, therefore, do not constitute slander or intentional interference as a matter of law.

5.    The Complaint fails to state a cause of action against Amar because the statements themselves are not slanderous.

6.    There are no advantageous business relationships alleged by Plaintiffs that would have been interfered with by the actions alleged to be have been taken by Amar.

7.    Plaintiffs have failed to mitigate their damages.

8.    Plaintiffs have unclean hands.

9.    Plaintiffs are estopped from pursuing claims for defamation as

10.    The allegedly slanderous statements are truthful.

11.    The allegedly slanderous statements were made with legitimate motives.

12.    The allegedly slanderous statements constitute fair comment on a public issue.

13.    The allegedly slanderous statements constitute Amar's legitimate opinion on a public issue.

14.    The allegedly slanderous statements were not published with malice.

15.    To sustain a cause of action for conspiracy to commit defamation or conspiracy to intentionally interfere with contract, Plaintiffs must prove that Amar somehow participated in the alleged conspiracy with other Defendants.  Because no such participation exists in this matter, the conspiracy claims must fail as a matter of law.

s/ James E. Shepherd, Esq.
James E. Shepherd, Esq.
Florida Bar No.: 0947873
Pohl & Short, P.A.
280 W. Canton Avenue, Suite 410
P.O. Box 3208
Winter Park, FL   32790
407-647-7645 telephone
407-647-2314 fax
Shepherd@pohlshort.com
Attorneys for Third Party Defendant
Yaniv Amar

## Certificate of Service

I HEREBY CERTIFY that on the April 13, 2010, I electronically filed the foregoing with the Clerk of the Courts by using the CM/ECF system which will send a notice of electronic filing to the following: **Todd Norman, Esq., Broad and Cassel**, 390 N. Orange Avenue, 14th Floor, Orlando, FL 32801, tnorman@broadandcassel.com, **Martin R. Raskin, Raskin & Raskin, P.A.,** 2601 South Bayshore Drive, Suite 725, Miami, Florida 33133, mraskin@raskinlaw.com, **Kathleen B. Havener, Esq.,** 15511 Russell Road, Chagrin Falls, OH 44022, kbhavener@gmail.com, **Cory L. Taylor, Esq./Jack C. McElroy, Esq., Shutts & Bowen, LLP.,** 300 S. Orange Avenue, Suite 1000, Orlando, Florida 32801, ctaylor@shutts.com/jmcelroy@shutts.com, **James Robert Lussier, Mateer & Harbert, P.A.,** 225 E. Robinson Street, Suite 600, P.O. Box 2854, Orlando, Florida 32802-2854, jlussier@mateerharbert.com, **Terrence Chu,** 5637 Country Hills Lane, Glen Allen, Virginia 23059-5424, **James V. Sadrianna, Pro Se.,** 10025 Chatham Oaks Court, Orlando, Florida 32836, jsadrianna@cfl.rr.com; **Kathleen Davies, Esq., The Davies Law Firm**, 126 E. Jefferson Street, Orlando, FL 32801, KDavies@TheDaviesLawFirm.com, **I. Randall Gold, Esq., U.S. States Attorney's Office**, 501 W. Church Street, Suite 300, Orlando, FL 32805, randy.gold@usdoj.gov.


s/James E. Shepherd, Esq.
James E. Shepherd, Esq.

I FURTHER CERTIFY that on April 13, 2010, a copy of the foregoing has been furnished by U.S. Mail to:

**Terrence Chu,** 5637 Country Hills Lane, Glen Allen, Virginia 23059-5424

**Frank Amodeo, B-3**, 48883-019, Federal Correctional Complex – Low, P.O. 1031, Coleman, Florida 33521


s/James E. Shepherd, Esq.
James E. Shepherd, Esq.