# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MIRABILIS VENTURES, INC. and**
**NEXIA STRATEGY CORPORATION,**

      **Plaintiffs,**

**v.**                                **CASE NO.: 6:07-CV-1788-ORL-28-KRS**

**PALAXAR GROUP, LLC;**
**PALAXAR HOLDINGS, LLC;**
**FRANK HAILSTONES; EDITH CURRY**
**a/k/a EDITH BROADHEAD; and**
**TERENCE CHU,**

      **Defendants,**

**v.**

**AQMI STRATEGY CORPORATION,**
**WELLINGTON CAPITAL GROUP, INC.,**
**YANIV AMAR, FRANK AMODEO,**
**AARON BATES, MATTHEW MOKWA,**
**ROBERT POLLACK, JAMES SADRIANNA,**

      **Third-Party Defendants.**

_____

## JOINT MOTION TO RECONSIDER SEVERANCE OF COUNTS 5, 6, 7, 8, AND 9 OF THE AMENDED THIRD-PARTY COMPLAINT BY THIRD-PARTY DEFENDANTS MATTHEW S. MOKWA, AARON C. BATES, AND YANIV AMAR PURSUANT TO RULE 21 OR, IN THE ALTERNATIVE, MOTION TO AMEND THE AMENDED SCHEDULING ORDER

Third-Party Defendants, Matthew S. Mokwa ("Mokwa"), Aaron C. Bates ("Bates"), and Yaniv Amar ("Amar") (sometimes collectively referred to hereinafter as "Third-Party Defendants"), by and through their undersigned attorneys,[1] file the

---

[1] Amar's counsel filed a motion to withdraw which was granted on May 4, 2010. Accordingly, Amar is now proceeding *pro se.*

following Joint Motion to Reconsider Severance of Counts 5, 6, 7, 8 and 9 of the First

Third-Party Claims of Defendants Edith Curry ("Curry") and Frank Hailstones

("Hailstones") (sometimes collectively referred to hereinafter as "Third-Party Plaintiffs")

(See Dkt. #227) or, in the alternative, Motion to Amend the Amended Scheduling Order

(See Dkt. #190) and Incorporated Memorandum of Law.


## INTRODUCTION

Third-Party Defendants respectfully request this Court reconsider its Order

denying Third-Party Defendant's April 1, 2008 Motion to Sever.  See Dkt. #227.  Third-

Party Defendants base their request on two significant events.   First, Third-Party

Plaintiffs have dismissed counts 5, 6, 7, 8, and 9 of the Third-Party Complaint against

Mirabilis Ventures, Inc. ("Mirabilis") and have dismissed counts 5 and 9 against Nexia

Strategy Corporation ("Nexia").   (Mirabilis and Nexia shall sometimes collectively be

referred to hereinafter as "Plaintiffs").  See Dkt. #178 and #89.  Consequently, there are

no counterclaims against Mirabilis that require Third-Party Defendants joinder and the

counterclaims against Nexia are based *exclusively* on vicarious liability for Third-Party

Defendants' alleged acts.  See Dkt. #59.  Moreover, Nexia is a party to this action in

name only.  Nexia has been seized by the United States of America in a forfeiture action,

administratively dissolved, and its sole asset is this lawsuit, which it assigned to

Mirabilis.  See *In re Mirabilis Ventures, Inc.* in the United States Bankruptcy Court for

the Middle District of Florida, Dkt. # 145.

Second, Third-Party Defendants are suffering from extreme financial hardship and severe prejudice due to their joinder in the present action.  The significant legal fees associated with monitoring this very complex docket has forced Amar to terminate his relationship with his attorney and proceed *pro se* and Bates and Mokwa have been forced to substitute counsel and take on the burden of handling a significant amount of the legal work in this action themselves.

Moreover, Third-Party Defendants were expressly excluded from the February 10, 2010 Scheduling Order and no discovery has commenced with regard to the Third-Party claims.[2]  In fact, as of the date of this motion, Third-Party Defendants have not complied with the scheduling order or fulfilled many of the initial duties required of a plaintiff in federal court.[3]  Based in large part on the allegation that over 40 individuals witnessed the alleged defamatory statements, Third-Party Defendants find it virtually impossible to competently defend themselves under the terms of the standing scheduling order.  This is especially true in light of the fact that under the current scheduling order, each side is limited to only 10 depositions and the discovery deadline is August 6, 2010. (See Dkt. #190).

Counts 5, 6, 7, 8, and 9 of the Third-Party Complaint do not involve the original Plaintiffs, do not share any common questions of law or fact with the original action, and involve allegations that occurred in a different state after the filing of the original Complaint.  Moreover, the joinder of Third-Party Defendants is resulting in extreme

---

[2] See Dkt. #187, FN 1.

[3] Third-Party Plaintiffs have not served the initial orders on Third-Party Defendants issued by this Court, and have not served their Certificate of Interested Persons, Notice of Pendency of Related Cases, or Rule 26 disclosures.

financial hardship, severe prejudice and confusion.  Accordingly, Third-Party Defendants respectfully request this Court reconsider its Order denying the original Motion to Sever (See Dkt. #227), pursuant to Fed. R. Civ. P. 21.

In the event that this Court denies Third-Party Defendants' Motion to Reconsider, Third-Party Defendants respectfully move this Court to amend the Scheduling Order to take into account the claims against the Third-Party Defendants.

<u>MOTION TO RECONSIDER</u>

### a.  Standard of Review

District courts are given substantial discretion in ruling on motions for reconsideration.  Mackin v. City of Boston, 969 F.2d 1273, 1279 (1st Cir. 1992).  This Court has identified three primary grounds justifying reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice."  Beeders v. Gulf Coast Collection Bureau, 2009 U.S. Dist. LEXIS 84061, *4 (M.D. Fla. September 16, 2009) quoting Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994).  This motion focuses on elements 2 and 3.

### b.  Improper Joinder Under Rule 14(a) and/or Rule 13(h) [4]

There are only two procedural mechanisms by which to properly bring a third-party claim.  See United States Agricultural Processors v. Quinonez Hermanos, 73 F.R.D.

---

[4]  The parties hereby reincorporate relevant arguments raised in the original Motion to Sever and herein focus solely on the recent developments weighing in favor of a reconsideration of severance.

87, 89-90 (S.D. Fla. 1976).[5]  The first is pursuant to Rule 14(a) and the second is pursuant

to Rule 13(h).  Rule 14(a) reads in pertinent part:

> [A] defending party, as a third-party plaintiff, may cause a summons and
> complaint to be served upon a person not a party to the action *who is or*
> *may be liable to the third-party plaintiff for all or part of the plaintiff's*
> *claim against the third-party plaintiff.*

Fed. R. Civ. P. 14(a) (emphasis added).   Under Rule 14(a), third-party impleading "is

only available when the third party defendant's liability is secondary to, or derivative of,

the original defendant's liability on the original plaintiff's claim."  <u>Faser v. Sears,</u>

<u>Roebuck & Co.</u> 674 F.2d 856, 860 (11th Cir. 1982) *citing* <u>United States v. Joe Grasso &</u>

<u>Sons, Inc.</u> 380 F.2d 749, 751 (5th Cir. 1967).

Counts 5, 6, 7, 8 & 9 of the Third-Party Complaint do not constitute indemnity or

contribution and are in no way derivative to the claims of Plaintiffs.  Accordingly, joinder

of Third-Party Defendants pursuant to rule 14(a) is improper.

Fed. R. Civ. P. 13(h) provides that persons other than those made parties to the

original action may be made parties to a counterclaim or cross-claim in accordance with

the provisions of Fed. R. Civ. P. 19 and 20.   <u>See</u> Fed. R. Civ. P. 13(h).   It is well

established that Rule 13(h) requires that any joinder of a new party be anchored to

a counterclaim or cross-claim against an original party.   A Rule 13(h) "counterclaim or

cross-claim may not be directed solely against persons who are not already parties to the

original action but must involve at least one existing party."  <u>FDIC v. Bathgate</u>, 27 F. 3d

---

[5]  In <u>United States Agricultural Processors v. Quinonez Hermanos</u>, the Court went through a detailed
analysis of Rule 13 and Rule 14 regarding the joinder of third-party defendants and held that joinder is
improper when there is no claim for indemnity and no pending cross-claims or counterclaims.  <u>Id.</u> at 89-90
(S.D. Fla. 1976).

850, 70 (3d Cir. 1994) quoting 6 Wright & Miller, Fed. Prac. & Proc., Civ. 2d § 1435, at 270-71 (1990).

In the present case, Third-Party Plaintiff's are maintaining counts 5 & 9 against Third-Party Defendants without any counterclaim against the original Plaintiffs and are maintaining counts 6, 7, & 8 against Third-Party Defendants by joining them to counterclaims against Nexia, which are based entirely on theories of vicarious liability for the same claims that are being joined.  In reality, Third-Party Defendants are the real parties in interest to counts 6, 7, & 8, not Nexia.  Arguing that counts 6, 7, & 8 are counterclaims against Nexia, a defunct entity owned by the United States, and not third-party claims against new third-party defendants is disingenuous.  It should also be noted that Nexia is no longer an "opposing party" as that term is used in Rule 13 because it assigned its interest in this litigation to Mirabilis.  See 6 Wright & Miller, Fed. Prac. & Proc., Civ. 2d § 1404 (2010).

Furthermore, there is absolutely no connection in fact, time, law, or locality between the Third-Party claims and the Original Action.  In their response to the Motion to Sever, Third-Party Plaintiffs argue that Third-Party Defendants were properly joined pursuant to Rule 20.  See Dkt # 135.  Specifically Third-Party Plaintiffs argue "the claims contained within the counterclaims and third party complaints arise out of the same transaction or series of transactions and involve common questions of law or fact."  Id. at pg. 3.  Importantly, Third-Party Plaintiffs are applying Rule 20 to the *counterclaims* and the Third-Party Claims.  Now that the relevant counterclaims have been dismissed, joinder of the Third-Party Claims to the original action is improper.  The claims

contained within the original action and the third-party complaint *did not* arise out of the same transaction or series of transactions and *did not* involve any common questions of law or fact.

Moreover, it appears that Third-Party Defendants have attempted to disguise a case of malicious prosecution under the cloak of defamation and conspiracy.  In <u>Harris v. Steinem</u>, 571 F.2d 119 (2d Cir. 1978), the defendants counterclaimed for libel based on the complaint and several subsequent published statements concerning the lawsuit.   The Second Circuit reviewed the case and concluded that despite the artful drafting of the counterclaim in terms of libel, it was actually a claim for malicious prosecution, which is premature if filed before a favorable determination in the main proceeding.  <u>Id</u>. at 124. The court commented:

> We think that postponement of suits that will ordinarily not arise if plaintiff wins the main action and avoidance of the "dangerous potentialities of counterclaims (in the nature of) malicious prosecutions as a defensive strategem," are strong policy reasons supporting that line of cases.

<u>Id</u>. at 125.

<u>Harris</u> mirrors the case before this Court.   In the case *sub judice*, the Original Action involves a dispute between Plaintiffs and Defendants regarding an alleged misappropriation of intellectual property.  Counts 5, 6, 7, 8 and 9 of the Third-Party Complaint, however, arise out of alleged defamatory statements occurring *after* the filing of the complaint and involving the subject matter of the complaint.   For example, the primary count against Mokwa, a former attorney for Plaintiffs, alleges that he made a single defamatory statement:  "[s]ee, you are on the front page of the paper for stealing

assets." See Dkt. #59, ¶¶ 91-100.  A resolution of the main action may very well serve to obviate this claim as well as the other third-party claims at issue and avoid the prejudice and confusion discussed herein.

Most importantly, not severing the claims has greatly prejudiced Third-Party Defendants insofar as they have been required to defend a slander case in the shadow of a complex business and patent dispute which has resulted in an immense financial burden. Since the original Motion to Sever was filed, the docket of the Original Action has ballooned to 240 filings, virtually none of which involve Third-Party Defendants or counts 5, 6, 7, 8 and 9.  Third-Party Defendants are expending extraordinary amounts of time and money addressing issues that have nothing to do with the claims against them.

The significant financial prejudice has already begun to take its toll.  Amar can no longer afford counsel and has decided to go *pro se*.  Bates and Mokwa have spent tens of thousands of dollars in legal fees directly related to monitoring the Original Action's docket and have been forced to substitute counsel and assume much of the legal work themselves.

Moreover, significant confusion exists in the docket.  For example, Third-Party Defendants were not included in the Amended Case Management Schedule and are unsure if they are bound by its terms.[6]  See Dkt. #187, FN 1.  Furthermore, this Court's April 29, 2010 Order required four pages to accurately describe the posture of the case and the interrelation of the parties in ruling on a simple motion to substitute counsel.  See Dkt. #236.

---

[6] Third-Party Plaintiffs also appear to be unsure if their third-party claims are subject to the standing Scheduling Order (see FN 3 supra).

The confusion, delay and prejudice resulting from including Counts 5, 6, 7, 8 and 9 in the current action is significant.  It is also difficult to believe that Third-Party Defendants should be required to incur six-figure legal fees in defending a simple defamation case solely because they had the bad luck of having it joined with a multi-million dollar patent case.

WHEREFORE Third-Party Defendants Aaron C. Bates, Matthew S. Mokwa, and Yaniv Amar respectfully request this Court reconsider its previous Order and enter an order severing Counts 5, 6, 7, 8 and 9 from the above-captioned action so that they may proceed in a separate action.

## MOTION TO AMEND SCHEDULING ORDER

1.      On January 16, 2008 the Court entered its original Scheduling Order in the Original Action. See Dkt. #32.  The original Scheduling Order did not contemplate the Third-Party Complaint.

2.      On March 6, 2008 Third-Party Plaintiff's filed their Answer, Counterclaims, and Third-Party Claims.  See Dkt. #59.

3.      On April 1, 2008, Plaintiffs and Third-Party Defendants filed their Motion to Sever. See Dkt. #88.

4.      On June 5, 2008 the Court stayed this action. See Dkt. #151.

5.      On December 2, 2009 the Court lifted the stay. See Dkt. #178.

6.     On February 1, 2010 Plaintiffs, Third-Party Plaintiffs, and Palaxar executed and filed their case management report which did not consider or include the Third-Party claims.  See Dkt. #187, FN 1.

7.     On February 10, 2010, the Court entered its amended Scheduling Order. See Dkt. #190.

8.     On March 31, 2010 the Court entered its Order denying the Motion to Sever.  See Dkt. #227.


**Memorandum of Law**

Before a matter has been set on the trial calendar, a party may amend its pleadings with leave of the court—and "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); accord Foman v. Davis, 371 U.S. 178 (1962).  Factors that should be considered by the court in determining whether to grant leave to amend include (1) the merits of the proposed amendment, (2) whether there will be any prejudice to the opposing party, (3) timeliness, (4) whether the motion is brought in good faith, and (5) the motivation for bringing the motion at the particular time.  Radisson Hotels Int'l, Inc. v. Amelia Investments Inc., 1992 WL 167051, at *2 (M.D. Fla. July 6, 1992).  "The most important consideration in a court's determination of whether to grant leave to amend under Rule 15 is whether there will be any prejudice to opposing party." Id.

In this instance, the deadline for amendments to the Scheduling Order passed prior to the ruling on the Motion to Sever and, arguably, this motion to amend is filed after the date prescribed in the Scheduling Order.  If that is the case, Fed. R. Civ. P. 16(b)

would apply prior to applying Rule 15(a).   See Lamothe v. Bal Harbour 101 Condominium Assoc. Inc., 2008 WL 800041, at *2 (11th Cir. Mar. 27, 2008) (per curiam); Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1419 (11th Cir. 1998) (per curiam); Monticello Ins. Co. v. Nat'l Casualty Co., 2005 WL 1862706, at *3 (M.D. Fla. Aug. 4, 2005).   Rule 16(b) provides that a scheduling order "may be modified only for good cause."   Good cause exists when the schedule cannot "be met despite the diligence of the party seeking the extension."   Sosa, 133 F.3d at 1418 (quoting Rule 16 advisory committee note); see also Monticello Ins. Co., 2005 WL 1862706, at *3 (quoting Saewitz v. Lexington Ins. Co., 133 F. App'x 695, 700 (11th Cir. 2005)); Datastrip Int'l Ltd. v. Intacta Techs., Inc., 253 F. Supp. 2d 1308, 1317 (N.D. Ga. 2003) (noting when a court evaluates a motion to amend after the filing of a scheduling order, it "must apply the good cause rubric of Rule 16 before considering whether amendments are proper under Rule 15").

Therefore, the Court must apply Rule 16(b)(4) and determine whether good cause exists to amend prior to applying the liberal standard of Rule 15.   While the Motion to Sever was pending, Third-Party Plaintiffs were not actively pursuing their claims nor actively adhering to the Original or Amended Scheduling Order.[7]   Moreover, the Original Plaintiffs and Defendants expressly excluded Third-Party Defendants from the standing scheduling order.   Clearly, Plaintiff's, Defendants and Third-Party Defendants contemplated that a separate scheduling order or track designation would be ordered after the Motion to Sever was ruled upon.

---

[7] See FN 3 supra.

Moreover, significant prejudice will result to Third-Party Defendants if they are required to adhere to the Amended Scheduling Order, regardless of the diligence exerted. Problems include the fact that several deadlines have passed, no discovery has taken place, and depositions are limited to ten (10) per side despite the fact that the Third-Party Complaint alleges the existence of 40 fact witnesses.  Accordingly, in the event that the foregoing motion is denied, said amendment to the Amended Scheduling Order is critical to a fair adjudication of the Third-Party-Complaint.

WHEREFORE Third-Party Defendants Aaron C. Bates, Matthew S. Mokwa, and Yaniv Amar respectfully request that if the foregoing motion is denied, this Court grant leave for the parties to amend the standing Scheduling Order or designate the Third-Party claims on a different track

### LOCAL RULE 3.01(G) CERTIFICATION

The undersigned certify that, with respect to the foregoing motion, they have conferred with counsel for Third-Party Plaintiffs and they do not consent to the relief sought in the motion.

s/ Kathleen S. Davies
Kathleen Davies, Esq.
The Davies Law Firm, LLC
126 East Jefferson Street
Orlando, FL 32801
Ph.: (407) 540-1010
Fax: (407) 649-3038
kdavies@thedavieslawfirm.com
*Counsel for Aaron Bates and*
*Matthew Mokwa*

s/ Yaniv Amar
Yaniv Amar
3475 Mystic Point Drive, TH #10
Aventura, FL 33180
*Pro Se*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 8, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to all parties named on the attached Service List or in some other authorized manner for those counsel or parties who are not authorized to receive notices electronically.

s/ Kathleen S. Davies
Kathleen Davies

## SERVICE LIST

| | |
|---|---|
| Kathleen Havener<br>Havener Law Firm, LLC<br>15511 Russell Road<br>Chagrin Falls, Ohio 44022<br><br>Martin R. Raskin<br>Jane S. Raskin<br>RASKIN & RASKIN, P.A.<br>2601 South Bayshore Drive<br>Suite 725<br>Miami, Florida  33133<br>mraskin@raskinlaw.com<br>**Attorneys for Edith Curry, Frank Hailstones, Palaxar Group LLC, and Palaxar Holdings LLC**<br><br>Frank Amodeo<br>FCC - Low, B3<br>P.O. Box 1031<br>Coleman, FL 33521-1031<br>**Third-Party Defendant** | Todd K. Norman<br>Nicolette C. Vilmos<br>Broad and Cassel<br>390 N. Orange Avenue<br>Suite 1400<br>Orlando, FL 32801<br>tnorman@broadandcassel.com<br>nvilmos@broadcassel.com<br>**Attorneys for Mirabilis Ventures, Inc. and claims of Nexia Strategy Corp.**<br><br>Terence Chu<br>5637 Country Hills Lane L<br>Glen Allen, Virginia  23059.5424<br>**Defendant**<br><br>Yaniv Amar<br>3475 Mystic Point Drive, TH #10<br>Aventura, FL 33180<br>**Third-Party Defendant**<br><br>James V. Sadrianna<br>10025 Chatham Oaks Court<br>Orlando, Florida 32836<br>**Third-Party Defendant** |