UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MIRABILIS VENTURES, INC., and
NEXIA STRATEGY CORPORATION,

    Plaintiffs,

v.

PALAXAR GROUP, LLC;
PALAXAR HOLDINGS, LLC;
FRANK HAILSTONES; EDITH
CURRY a/k/a EDITH BROADHEAD;
and TERENCE CHU,

    Defendants,

v.

MIRABILIS VENTURES, INC., et al.,

    Third Party Defendants,

Case No. 6:07-cv-01788-Orl-28GJK

## UNITED STATES' NOTICE REGARDING A PENDING BANKRUPTCY HEARING AS TO THE OWNERSHIP OF NEXIA STRATEGY'S CLAIMS IN THIS LITIGATION

The United States of America, by and through undersigned counsel, hereby files its Notice regarding a pending hearing in Bankruptcy Court regarding the ownership of Nexia's claims in this litigation.

On March 29, 2010, the United States of America filed an objection (Doc. 225) to the motion of Broad and Cassel to be substituted as counsel for Nexia Strategy Corporation in place of Balch and Bingham. Doc. 209. The Court entered an Order on the Motion to Substitute Counsel on April 29, 2010. Doc. 236. In its Order, this Court granted the motion as to Mirabilis, but otherwise denied the motion. The Order further provided that Nexia was to retain counsel and file a notice of appearance within 14 days, after which current counsel could renew its

motion to withdraw.

As this Court is aware, there is a dispute concerning who represents the interests of Nexia in this litigation. In light of this dispute, debtor's counsel for Mirabilis Ventures, Inc. filed a Motion to Confirm Property of the Estate in the pending bankruptcy case. The United States filed a written response to that motion. In its motion, Mirabilis argued that, while Nexia Strategy was forfeited to the United States, the property rights that Nexia has in this litigation remain part of the debtor's bankruptcy estate pursuant to a settlement agreement reached in the bankruptcy case between Mirabilis and the United States.

A hearing was held before the Bankruptcy Court on April 22, 2010. On May 4, 2010, the Bankruptcy Court entered an Order setting an evidentiary hearing for May 19, 2010. A copy of that Order is attached as Exhibit A. In its Order, the Bankruptcy Court found the settlement agreement ambiguous as to the ownership of Nexia's claims in this federal court litigation. The purpose of the evidentiary hearing is to determine, through parol evidence, the intent of the parties in negotiating the settlement agreement in the bankruptcy case and whether Nexia's claims in this litigation remain part of the debtor's bankruptcy estate or were forfeited to the United States.

Until there is a ruling by the Bankruptcy Court on Mirabilis' motion, the United States believes that it cannot take any further action as to the representation of Nexia in this litigation. Once the issue is resolved in the Bankruptcy Court, the United States will notify this Court of that decision and who will be able to represent Nexia's interests.

Dated: May 12, 2010

Respectfully submitted,

A. Brian Albritton
United States Attorney

By: /s/ Scott H. Park
Scott H. Park
Assistant U. S. Attorney
Identifying No. USA084
501 W. Church Street, Suite 300
Orlando, Florida 32805
Telephone: 407/648-7500
Facsimile: 407/648-7643
E-Mail: scott.park@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the CM/ECF participants, and sent a copy by regular U.S. mail, postage paid, to the following non-CM/ECF participants:

Terence Chu
5637 Country Hills Lane
Glen Allen, VA 23059

Frank Amodeo
48883-019
B-3
FCC-Low
P.O. Box 1031
Coleman, FL 33521

/s/ Scott H. Park
Assistant United States Attorney

Exhibit A

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re                                    )
                                         )
MIRABILIS VENTURES, INC.,                )   Case No. 6:08-bk-04327-KSJ
                                         )   Chapter 11
        Debtor.                          )
                                         )
_____  )
                                         )

ORDER SETTING EVIDENTIARY HEARING ON
DEBTOR'S MOTION TO CONFIRM PROPERTY OF THE ESTATE UNDER THE COURT
APPROVED COMPROMISE WITH THE UNITED STATES OF AMERICA

This case came on for hearing on April 22, 2010, on the debtor's Motion to Confirm Property of the Estate under the Court Approved Compromise with the United States of America (Doc. No. 526). The debtor's motion seeks an order establishing its ownership rights to prepetition claims in ongoing litigation in federal district court that are held by one of the debtor's wholly owned subsidiaries, Nexia Strategy Corporation. The debtor argues that its ownership of Nexia's claims was established under a settlement agreement with the United States of America, which was approved by this Court on March 4, 2009 (Doc. No. 145). The USA asserts the opposite—that the settlement agreement granted it ownership of Nexia's claims.

The settlement agreement is ambiguous on this point. The lawsuit under dispute is referred to in the settlement agreement as "Mirabilis Ventures, Inc. and Nexia Strategy Corp. v. Palaxar Group, LLC, et al." and is specifically listed under section (d) of the Debtor's Asset List. The debtor argues that because the lawsuit is listed in this section, the parties intended that the debtor would retain the claims of both Mirabilis and Nexia. "Nexia Strategy Corporation," however, is listed under section (cc) of the Government Asset List. And the preamble to that section states that "[t]he assets of the following corporations, including *but not limited to* the below listed lawsuits and/or settlements" (emphasis added) are the government's assets. The government thus argues that under this section it received the right to all of Nexia's assets,

including its claims in the Palaxar lawsuit, despite no specific reference in section (cc) to the Palaxar lawsuit.

Because there is an ambiguity in the settlement agreement, the Court cannot settle this dispute by reference to the settlement agreement alone. The Court has therefore determined that an evidentiary hearing is required on the sole issue of the parties' intent at the time of drafting the settlement agreement regarding ownership of Nexia's claims in the Palaxar lawsuit.

Accordingly, it is

ORDERED that an evidentiary hearing shall be conducted on **May 19, 2010, at 2:00 p.m.** to allow the parties an opportunity to present parol evidence on the parties' intent.

DONE AND ORDERED in Orlando, Florida, on May 4, 2010.

KAREN S. JENNEMANN
United States Bankruptcy Judge

Copies furnished to:

Debtor: Mirabilis Ventures, Inc., c/o R.W. Cuthill, Jr., 341 N. Maitland Ave. #210, Maitland, FL 32751

Debtors' Attorney: Latham Shuker Eden & Beaudine LLP, attn. Justin Luna, 390 N. Orange Ave. Suite 600, Orlando FL 32801

Special Counsel for Debtor: Broad and Cassel, attn. Roy Kobert, 390 N. Orange Ave., Suite 1400, Orlando, FL 32801

Attorney for USA: Scott H. Park, Assistant U.S. Attorney, ID No. USA084, 501 W. Church St., Suite 300, Orlando, FL 32805