IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA,
ORLANDO DIVISION

| | |
|---|---|
| MIRABILIS VENTURES,INC, and<br>NEXIA STRATEGY CORPORATION,<br><br>Plaintiffs,<br><br>-vs.-<br><br>PALAXAR GROUP, LLC;<br>PALAXAR HOLDINGS, LLC;<br>FRANK HAILSTONES;<br>EDITH CURRY a/k/a EDITH<br>BROADHEAD; AND TERENCE CHU,<br><br>Defendants,<br><br>-vs.-<br><br>MIRABILIS VENTURES,INC.,et al.<br><br>    Counterclaim and<br>    Third Party Defendants | Case No.: 6:07-CV-1788-ORL-28-GJK |

## <u>MEMORANDUM IN OPPOSITION OF THIRD-PARTY PLAINTIFFS HAILSTONES AND CURRY TO JOINT MOTION OF THIRD-PARTY DEFENDANTS MOKWA, BATES, AND AMAR TO RECONSIDER SEVERANCE OF COUNTS 5, 6, 7, 8, AND 9 OF THE AMENDED COUNTERCLAIMS AND THIRD PARTY COMPLAINT</u>

Defendants/Counterclaim and Third-Party Plaintiffs Edith Curry ("Curry") and Frank Hailstones ("Hailstones"), by and through undersigned counsel, respectfully oppose the Joint Motion to Sever Counts 5, 6, 7, 8 and 9 of the Amended Counterclaims and Third-Party Claims against Third-Party Defendants Yaniv Amar ("Amar"), Matthew S. Mokwa ("Mokwa"), and Aaron C. Bates ("Bates") (collectively ("Movants"). Amar, Bates, and Mokwa have moved to

sever Counts 5, 6, 7, 8 and 9 of the Amended Counterclaims and Third-Party Claims of Defendants Curry and Hailstones, asserting primarily that—because Nexia is a party to this action "in name only" (and that Nexia "assigned" this case to MVI)[1]—the third party claims against the Movants cannot properly be joined.[2]  Nexia Movants further claim that failure to sever counts 5, 6, 7, 8, and 9 is causing the Movants severe financial hardship.[3]

Federal Rule of Civil Procedure 20 (a) provides in pertinent part that:

> [a]ll persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

---

[1] Curry and Hailstones disagree with Movants' assertion that this claim was assigned by Nexia to MVI.  *See* Dkt. 244 (Notice of United States Regarding a Pending Bankruptcy Hearing as to the Ownership of Nexia's Claims in this Litigation) and attached Exhibit (Bankruptcy Court's Order for Evidentiary Hearing).

Notably, in addition, Bates was also attorney of record for both MVI and Nexia in this case until November 6, 2009. If Nexia's "interest" in this litigation was "assigned" to MVI (and to date no document has indicated this fact), and Nexia was administratively dissolved in 2008, then—pursuant to Fed. R. Civ. P. 37(c)(1)(A), and Fla. R. Prof. Conduct 4-3.1—***Bates had an affirmative duty to disclose those facts regarding his client's status to Defendants and to this Court.***  Although such disclosures were not made until May 8, 2010—when the motion for reconsideration of severance was filed—Bates now wants this Court to consider those "facts" to his benefit.

[2] Amar, Bates, and Mokwa also moved to Amend the Scheduling Order.  Although Ms. Davies and Mr. Sadrianna participated in the scheduling conference and agreed to the dates submitted in the Draft Case Management Order filed by Broad & Cassel (Dkt. 187), the third parties were expressly excluded from this Court's Case Management Order (Dkt. 190).  Curry and Hailstones have no objection to amending the Case Management Order or entering into a separate Order governing the Third Party claims, ***so long as the trial is not delayed***.  Curry and Hailstones suggest that their counsel and those for the Third Party Defendants meet and confer within 10 days of this Opposition and promptly submit a proposed scheduling order to the Court governing the Third Party claims.

[3] Contrary to Movants' statement, Curry and Hailstones ***did*** file their Certificate of Interested Persons and Corporate Disclosure Statement (Dkt. 97) on April 3, 2008, exactly one week after Movants Bates and Mokwa and one day after Movant Amar.  Movants are correct that Curry and Hailstones have not served ***specific*** Initial Disclosures upon Movants since the stay was lifted.  Of course, Curry and Hailstones made Rule 26 disclosures prior to the stay. Curry and Hailstones, by their counsel, have requested extra time (until the end of this week) to serve their second set of initial disclosures specifically upon the Movants, a request to which Movants did not object.

Nexia is still in fact a party, and not "in name only." [4] The fact that joinder is appropriate in this case is evident from the face of the counterclaims. Considered as a whole, the counterclaims/third party claims allege a plot led by Third Party defendant Frank Amodeo ("Amodeo") *together with* MVI, Nexia, Bates, Mokwa, and Amar to intimidate Curry and Hailstones for the purpose of obtaining information they had provided to the United States Attorney in the investigation of Amodeo and MVI and/or to prevent and impede their further cooperation with the United States Attorney. *See* Answer and Amended Counterclaims (Dkt. 59) at ¶132. The counterclaim and third party defendants further hoped to discredit the testimony of Curry and Hailstones in the event they eventually testified against Amodeo (who was indicted as a result of said investigation), *see id.* at ¶133, and improperly to invoke the Directors and Officers portion of Mirabilis' General Commercial Liability policy and its excess insurance policy, *see id.* at ¶134, so that Amodeo could receive leniency at his eventual sentencing. (Dkt. 179 at page 16 of 18). It is now certain from publicly available information, sworn testimony, and documents submitted to this and other Courts that the claims made against Curry and Hailstones were for purposes far afield from–not merely "other than" to—recover the supposed "asset" sued for, *i.e.*, so-called "Nexia Certification"—including for all the purposes asserted by Curry and Hailstones.[5]

---

[4] Counts 5 and 9 of the counterclaims were voluntarily dismissed against both MVI and Nexia. (Dkt. 89.) Counts 6, 7, and 8 were dismissed against MVI but *not* against Nexia, and only to ease the reinstatement of the case after the stay. MVI's dismissal, however, does not impact the essential relationship of Counts 5 through 9 of the Counterclaims and Third Party Claims to the core of this case.

[5] *See, e.g.,* Dkt. 179, 185, 216 in this case. *See also In re Mirabilis Ventures, Inc.* (Case No. 6:08-bk-04327-KSJ) in the United States Bankruptcy Court for the Middle District of Florida, Claim #16 (attached as Exhibits 1-A and 1-B); *In re AEM, Inc.* (Case 6:08-bk-04681-KSJ) in the United States Bankruptcy Court for the Middle District of Florida, Dkt. 26 at page 12 (payments to "Goldberg Bates") (attached as Exhibit 2); *US v. Real Property* (Case No. 6:08-CR-176-ORL-28 (GJG), page 33 at ¶¶ 49-50 (attached as Exhibit 3).

The Movants assert that Counts 5, 6, 7, 8 and 9 of the counterclaims/third party claims should be severed since they believe that those claims are unrelated in time, place, and subject matter to Plaintiffs' complaint. These counts, however, deal directly with the "service of process spectacle" during which attorneys Bates and Mokwa and Yaniv Amar flew across the country where they joined a process server to accost Hailstones and Curry at a professional conference in Scottsdale, Arizona. As the counterclaims plainly assert, that conduct was part of an overall plan, which included not only the lawsuit itself but also the accompanying news articles, press releases, MVI blog site and posts thereto, to accomplish the goals enumerated above, and further to embarrass, humiliate, and discredit Hailstones and Curry before their professional colleagues and peers and to adversely impact their ability to market the anti-fraud product that lies at the heart of this lawsuit. Accordingly, the counterclaims and third party claims arise out of the same transaction or series of transactions or occurrences and involve common questions of law or fact as the defenses of Curry and Hailstones to the initial claim, and joinder is absolutely proper.

Severance of the counterclaims and third party claims will impede judicial economy, since the evidence of the improper motives and activities of the Movants permeate both the original claims and the counterclaims/third party claims, and will be introduced in the trial of both. Indeed, much of the evidence is already been presented to this Court in this and related cases.[6] Finally, while there likely will be some additional witnesses and documentary proof in pursuit of the counterclaims, because of the close connection between the two cases, most of the witnesses and documents will necessarily overlap. An additional trial will certainly prejudice Curry and Hailstones and cause undue hardship on them. Moreover, the joinder of the third party defendants does not make this case more complicated. If the claims of MVI and Nexia are

---

[6] *See, e.g., U.S, v Amodeo,* Case 6:08-cr-00176-JA-GJK and Exhibits 1 through 3 to this Memorandum in Opposition.

decided against Curry and Hailstones, *i.e.*, if Defendants are somehow found liable for absconding with MVI's and Nexia's assets, then the third party claims will fail.

Bates, Mokwa, and Amar assert that monitoring this case is causing them severe financial hardship.[7] It is not surprising that Bates and Mokwa find it difficult to replace an income stream of more than $780,000 in "retainer fees" paid to by Goldberg/Bates and Bates/Mokwa by Amodeo and Amodeo-related entities from July 2007 through January 2008.[8] But those circumstances are not compelling reasons either in fact or law to justify severing these claims. Even in the criminal context, financial hardship to a defendant arising from a lengthy and complex joint trial with a co-defendant "is outweighed by the need to avoid unnecessary and costly duplication of public expenditures and resources that a separate trial would entail." *U.S. v. Noriega*, 746 F. Supp. 1548, 1560 (S.D.Fla. 1990).

Accordingly, based on the foregoing, joinder was proper in this case, and the Court should deny the Joint Motion for Reconsideration of this Court's Order Denying the Joint Motion to Sever counts 5, 6, 7, 8, and 9.

Respectfully submitted,

/s/ Kathleen B. Havener
Kathleen B. Havener (0068906)
THE HAVENER LAW FIRM, LLC
15511 Russell Road
Chagrin Falls, OH 44022
Tel: 440-893-0188

---

[7] Although Bates relies on the contention of "severe financial hardship" and "having to take on the burden of handling a significant amount of the legal work in this action [himself]" to justify seeking reconsideration of this Court's order denying the prior motion to sever (Dkt. 227), third party plaintiffs have learned that, two weeks ***before*** the motion was filed, *i.e.*, on April 20, 2010, Bates began employment as an attorney with The Maher Firm in Winter Park, Florida, a position that will likely ease his financial hardship.  *See* Exhibit 4, Aaron Bates' "Facebook" page on April 20, 2010 noting his new status with The Maher Law Firm, and Exhibit 5, Aaron Bates' entry from the attorney directory of the Florida Bar.

[8] This amount is ***in addition to*** payments made for Bates, Mokwa, and Goldberg's health insurance, office rental and utility payments.  *See* Exhibit 1-A at pp. 5, 8, 10 and 11; Exhibit 1-B at p. 22, Exhibit 2 at p. 12, and Exhibit 3 at p. 33 at paragraphs 49-50.

Dir: 216-288-6009
Fax: 440-893-9326
kbhavener@havenerlaw.com

Attorney for Counterclaim and Third Party Plaintiffs Curry and Hailstones

MARTIN R. RASKIN
Florida Bar No. 315206
JANE SERENE RASKIN
Florida Bar No. 848689
RASKIN & RASKIN, P.A.
866 South Dixie Highway
Coral Gables, FL 33146
Telephone: (305) 444-3400
Facsimile: (305) 445-0266
mraskin@raskinlaw.com

Attorneys for Counterclaim/Third Party Plaintiff Curry

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 13, 2010, I electronically filed the foregoing Opposition of Counterclaim Plaintiffs Edith Curry and Frank Hailstones to the Joint Motion of Third Party Defendants Amar, Bates, and Mokwa for Reconsideration of the Court's Order on Their Motion to Sever Counts 5, 6, 7, 8, and 9 of the Counterclaims/Third Party Claims with the Clerk of Court using the CM/ECF system, and that I will send a notice of electric filing to the pro se parties:

Terence Chu (via email)

Frank L. Amodeo B-3 (via Federal Express)
48883-019
Federal Correctional Complex – Low
P.O. Box 1031
Coleman, FL 33521


                                                          /s/ *Kathleen B. Havener*
                                                          KATHLEEN B. HAVENER