IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MIRABILIS VENTURES, INC.**
**and NEXIA STRATEGY CORPORATION**,

    Plaintiffs,

vs.                                       CASE NO.: 6:07-CV-1788-ORL-28-KRS

**PALAXAR GROUP, LLC;**
**PALAXAR HOLDINGS, LLC;**
**FRANK HAILSTONES;**
**EDITH CURRY a/k/a EDITH BROADHEAD;**
**TERENCE CHU, et al.,**

    Defendants,

vs.

**MIRABILIS VENTURES, INC., et al.**

    Counterclaim and
    Third Party Defendants.
_____

### JOINT RESPONSE OF BATES MOKWA, PLLC, MATTHEW S. MOKWA AND AARON C. BATES TO DEFENDANT TERENCE CHU'S MOTION FOR SANCTIONS

    Bates Mokwa, PLLC ("Bates Mokwa"), Matthew S. Mokwa ("Mokwa"), and Aaron C. Bates ("Bates") file the following Joint Response to Defendant Terence Chu's Motion for Sanctions.

#### INTRODUCTION

    On May 6, 2010 *Pro Se* Defendant Terence Chu ("Chu") filed his Motion for Sanctions and Incorporated Memorandum of Law. The Motion seeks monetary sanctions

1

against seven attorneys and three law firms and is brought pursuant to (i) Fed. R. Civ. P. 11; (ii) 28 U.S.C. § 1927; (iii) Local Rule 4.18; and (iv) the Court's inherent authority.

The crux of Chu's Motion is that the Second Amended Complaint (Dkt. #56) in this action is "frivolous and baseless." Chu does not state with any particularity which portions of the Second Amended Complaint are sanctionable or which attorneys are liable. Chu's Motion is a blanket disparagement of all attorneys who have participated in this matter and consists primarily of misrepresentations and conclusory statements.

As a preliminary matter it should be noted that *pro se* defendants are generally not entitled to attorneys fees pursuant to Rule 11 or § 1927. See Massengale v. Ray, 267 F.3d 1298, 1302-1303 (11th Cir. 2001); Pickholt v. Rainbow Technologies, Inc., 284 F.3d 1365, 1374-1376 (Fed. Cir. 2002). This is the case even if the *pro se* defendant is an attorney. See id.

It should further be noted that Mokwa has not entered an appearance in the present matter or signed a single pleading or paper.[1] Moreover, Chu has not alleged any facts against Mokwa that are sanctionable under Rule 11 or 28 U.S.C. § 1927. Accordingly, there is no basis in law warranting Chu's prayer for sanctions against Mokwa.

## MEMORANDUM OF LAW

I.   Sanctions Pursuant to Rule 11.

---

[1] Fed. R. Civ. P. 11 applies only to individuals who sign a pleading, motion or other paper in violation of Rule 11, Business Guides, Inc. v. Chromatic Communications Enterprises, Inc., 111 S. Ct. 922, 929 (1991).

2

A district court has the discretion to award sanctions pursuant to Rule 11 when a party files a pleading that (1) has no reasonable factual basis; (2) has no reasonable chance of success based on the legal theory used or that cannot be advanced as a reasonable basis to change existing law; or (3) was filed in bad faith or for an improper purpose.  See Worldwide Primates, Inc. v. McGreal, 87 F.3d 1252, 1254 (11th Cir. 1996).

In determining whether to impose sanctions, the district court determines "whether the party's claims are objectively frivolous--in view of the facts or law--and then, if they are, whether the person who signed the pleadings should have been aware that they were frivolous; that is, whether he would have been aware had he made a reasonable inquiry."  Id. at 1254.

"Although sanctions are warranted when the claimant exhibits a deliberate indifference to obvious facts, they are not warranted when the claimant's evidence is merely weak but appears sufficient, to support a claim under existing law."  Baker v. Alderman, 158 F.3d 516, 524 (11th Cir. 1998).

In the case *sub judice,* Plaintiffs filed their Second Amended Complaint sounding in the following seven counts: (1) Breach of Contract; (2) Breach of Fiduciary Duty; (3) Misappropriation of Trade Secrets and Confidential Information; (4) Conversion; (5) Civil Conspiracy; (6) Injunctive Relief; and (7) Unjust Enrichment.  The crux of the Second Amended Complaint is that Plaintiffs' former high ranking directors and officers, Frank Hailstones ("Hailstones") and Edith Curry ("Curry"), misappropriated certain corporate assets and transferred those assets to Palaxar Group, LLC and Palaxar Holdings LLC (collectively referred to hereinafter as "Palaxar").

Prior to filing the Complaint, counsel conducted significant research regarding the factual allegations of the Complaint as well as the legal argument.  Amongst other things, (i) counsel spoke to former and current officers and directors of Mirabilis and Nexia; (ii) counsel reviewed all of the corporate governance of Mirabilis and Nexia; (iii) counsel reviewed thousands of pages of documents related to Mirabilis and Nexia; (iv) counsel reviewed audio/video recordings of the former officers and directors of Mirabilis and Nexia; (v) counsel reviewed financial records of Mirabilis and Nexia; and (v) counsel reviewed certain corporate and promotional documents of Palaxar.

Counsel came to the conclusion that Plaintiff's allegations that its former officers and directors were engaged in self-dealing and not acting in the best interest of Plaintiffs were well founded and supported by evidence and law.  The specific documents and facts that formed the foundation for counsel's conclusion are summarized in **Exhibit A** attached hereto and incorporated herein.  Amongst other things, they include:

(1)   The Corporate Governance documents of Plaintiffs which demonstrate that Hailstones was Vice President of Mirabilis from January 1, 2006 through December 31, 2006; President of Mirabilis from January 1, 2006 through December 31, 2006; Director of Mirabilis from January 25, 2006 through January 31, 2007; and the President of Nexia from October 27, 2006 through January 31, 2007;

(2)   The Corporate Governance documents of Plaintiffs which demonstrate that Curry was the Secretary and Treasurer of Mirabilis from January 2, 2005 through October 10, 2005; Director of Mirabilis from January 1, 2005 through October 10, 2006; and President of Nexia from July 1, 2005 through October 27, 2006;

(3) Numerous emails and other documents which demonstrate that Curry and Hailstones worked extensively on creating a suite of anti-fraud services for the benefit of Plaintiffs while employed as officers and directors of Plaintiffs;

(4) Numerous emails and other documents which demonstrate that Plaintiffs invested significant amounts of time, resources, and money into creating Nexia Certification at the recommendation of Curry and Hailstones;

(5) Documents evidencing Palaxar was actively marketing and advertising the antifraud services developed by Plaintiffs;

(6) Documents evidencing Hailstones , Curry, and Chu were the founders of Palaxar; and

(7) Corporate Governance documents of Plaintiffs which demonstrate that neither the Board of Directors of Nexia nor the Board of Directors of Mirabilis authorized the transfer of Nexia Certification or any other assets of Nexia or Mirabilis to Palaxar.

Counsel further concluded that the aforementioned transfer violated, amongst other things, the Bylaws of Nexia, the Bylaws of Mirabilis, the employment agreements of Curry and Hailstones, Fla. Stat. §§ 607.0830, 607.0832, 688.001 *et. sec*., and Curry's and Hailstones' common law duty of loyalty to their employer. The unauthorized transfer of assets also constituted common law conversion and unjust enrichment. Accordingly, counsel filed the current lawsuit at the request of their clients.

On January 14, 2008, Chu submitted an affidavit in this action. In the affidavit Chu averred that (i) he was a founding Member of Palaxar; (ii) he worked with the law firm LeClair Ryan to organize and set up Palaxar; and (iii) he was responsible for

5

managing the operations of Palaxar. Moreover, on at least one occasion, Chu traveled to Florida — at the specific request of Curry — and met with members of Mirabilis and Nexia. Cognizant of the fact that Palaxar was formed while Curry and Hailstones were still employed by Plaintiffs and after reviewing the affidavit and speaking in detail with Plaintiffs, the decision was made to amend the Complaint and add Chu as a defendant to certain counts. Accordingly, on February 11, 2008, Plaintiffs filed their Second Amended Complaint which included Chu as a Defendant. The specific facts and legal theory supporting the addition of Chu into this action are discussed in detail in Plaintiffs' Response to Chu's Motion to Dismiss (Dkt. #90) and **Exhibit 1**.

Counsel represents to this Court that this action was filed in good faith and for the proper purpose of recovering or being compensated for the assets misappropriated by Defendants. Counsel further notes that the law firm of Bates Mokwa, PLLC terminated its engagement with Plaintiffs in or about June 2008 and Bates Mokwa, PLLC was substituted for Broad & Cassel, PLLC as the attorney of record in this matter pursuant to the Court's November 6th Order. See Dkt. #169.

Accordingly, counsel does not believe that there is any basis for this court to find that undersigned counsel violated Rule 11.

II.     Sanctions Pursuant to 28 U.S.C. § 1927.

"A claim for sanctions under 28 U.S.C. § 1927 involves, in part, two essential requirements: (1) the attorney must engage in unreasonable and vexatious conduct; and (2) the conduct must multiply the proceedings." Hodges v. Publix Super Mkts., Inc. 2010

U.S. App. LEXIS 7309, 9-11 (11th Cir. 2010). "An attorney multiplies proceedings unreasonably and vexatiously . . . only when the attorney's conduct is so egregious that it is tantamount to bad faith. Id. Bad faith, in turn, is measured objectively, and exists where an attorney knowingly or recklessly pursues a frivolous claim." Id.

As described above, counsel went through great detail to investigate the claims of Plaintiffs prior to filing the aforementioned lawsuit. The analysis above and the documents attached as **Exhibit A** demonstrate that counsel acted reasonably and in good faith when filing the lawsuit. Counsel's reasonableness is buttressed by the fact that Plaintiffs are under new management, in R.W. Cutthill, Jr., since the filing of the original complaint and Plaintiffs have continued to pursue the subject claims. Moreover, two other law firms have served as counsel of record for Plaintiffs in this matter and both found the claims to have merit.

Accordingly, counsel does not believe that there is any basis for this court to find that undersigned counsel violated Rule 11.

III.    Conclusion.

For the foregoing reasons, Matthew S. Mokwa, Aaron C. Bates and the law firm of Bates Mokwa, PLLC, respectfully request that this Court deny Defendant Terence Chu's Motion for Sanctions.

Respectfully submitted this 24th day of May, 2010.

s/ Aaron C. Bates
Aaron C. Bates, Esq.
Matthew S. Mokwa, Esq.
Bates Mokwa, PLLC
126 East Jefferson Street
Orlando, FL 32801
Ph.: (407) 893-3776
Fax: (407) 893-3779
abates@batesmokwa.com
mmokwa@batesmokwa.com
*Individually and on behalf of the Firm*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 24, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to all parties named on the attached Service List or in some other authorized manner for those counsel or parties who are not authorized to receive notices electronically.

s/ Aaron C. Bates
Aaron C. Bates, Esq.

**SERVICE LIST**

| | |
|---|---|
| Kathleen Havener<br>Havener Law Firm, LLC<br>15511 Russell Road<br>Chagrin Falls, Ohio 44022<br><br>Martin R. Raskin<br>Jane S. Raskin<br>RASKIN & RASKIN, P.A.<br>2601 South Bayshore Drive<br>Suite 725<br>Miami, Florida  33133<br>mraskin@raskinlaw.com<br>**Attorneys for Edith Curry, Frank Hailstones, Palaxar Group LLC, and Palaxar Holdings LLC**<br><br>Frank Amodeo<br>FCC - Low, B3<br>P.O. Box 1031<br>Coleman, FL 33521-1031<br>**Third-Party Defendant** | Todd K. Norman<br>Nicolette C. Vilmos<br>Broad and Cassel<br>390 N. Orange Avenue<br>Suite 1400<br>Orlando, FL 32801<br>tnorman@broadandcassel.com<br>nvilmos@broadcassel.com<br>**Attorneys for Mirabilis Ventures, Inc. and claims of Nexia Strategy Corp.**<br><br>Terence Chu<br>5637 Country Hills Lane L<br>Glen Allen, Virginia  23059.5424<br>**Defendant**<br><br>Yaniv Amar<br>3475 Mystic Point Drive, TH #10<br>Aventura, FL 33180<br>**Third-Party Defendant**<br><br>James V. Sadrianna<br>10025 Chatham Oaks Court<br>Orlando, Florida 32836<br>**Third-Party Defendant** |