IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MIRABILIS VENTURES, INC.
and NEXIA STRATEGY CORPORATION,

    Plaintiffs,

vs.                                           CASE NO.: 6:07-CV-1788-ORL-28-KRS

PALAXAR GROUP, LLC;
PALAXAR HOLDINGS, LLC;
FRANK HAILSTONES;
EDITH CURRY a/k/a EDITH BROADHEAD;
TERENCE CHU, et al.,

    Defendants,

vs.

MIRABILIS VENTURES, INC., et al.

    Counterclaim and
    Third Party Defendants.

## DECLARATION OF AARON C. BATES

1.     My name is Aaron C. Bates. I am a resident of Orange County, Florida. I am over the age of 19 and of sound mind.

2.     From March 2006 to June 2007, I was employed by Mirabilis Ventures, Inc. and its subsidiaries (collectively "Mirabilis") as a staff attorney.

3.     From June 2007 through May 2010, I was a partner in Bates Mokwa, PLLC f/k/a Goldberg Bates, PLLC ("Bates Mokwa").

4.     In June 2007, Bates Mokwa was retained by Mirabilis to assist in the liquidation and wind-down of Mirabilis.

5.     Shortly thereafter, Mirabilis retained Balch & Bingham, LLP as legal counsel to represent the interests of Mirabilis and Nexia Strategy Company ("Nexia") in possible litigation

revolving around the development of an anti-fraud product referred to as Nexia Certification. Mirabilis and Nexia are the Plaintiffs in the pending action.

6. Before the filing of the original complaint, Balch & Bingham, Bates Mokwa, and Plaintiffs conducted an investigation to determine whether or not there was sufficient evidentiary support to assert the allegations set forth in the original complaint. Aside from asking Plaintiffs numerous questions (which were answered), the investigation process (which occurred prior to the filing of the original complaint and continued through the filing of the Second Amended Complaint) included, without limitation:

    a. Speaking to former and current officers and directors of Mirabilis and Nexia;

    b. Reviewing all of the corporate governance of Mirabilis and Nexia;

    c. Reviewing thousands of pages of documents related to Mirabilis and Nexia;

    d. Reviewing hours of audio/video of the former officers and directors of Mirabilis and Nexia;

    e. Reviewing financial records of Mirabilis and Nexia; and

    f. Reviewing certain promotional documents of Palaxar.

7. Before the filing of the original complaint, a draft (privileged/work-product) was circulated amongst Balch & Bingham, Bates Mokwa, and Plaintiffs. Plaintiffs reviewed the draft complaint (privileged/work-product) and verified the accuracy of all facts stated therein. Numerous revisions of the complaint (privileged/work-product) were reviewed and circulated amongst the attorneys and Plaintiffs to ensure that the original complaint accurately set forth Plaintiffs' understanding of the facts at that time.

8. Plaintiffs reviewed and approved the original complaint prior to its filing.

9. Balch & Bingham, Bates Mokwa, and Plaintiffs continued the investigation after the filing of the original complaint. Before the filing of the amended complaint adding Terrence

Chu as a defendant, a draft of the amended complaint (privileged/work-product) was again circulated amongst the attorneys and Plaintiffs. Plaintiffs reviewed the draft complaint (privileged/work-product) and verified the accuracy of all facts stated therein. Numerous revisions of the amended complaint (privileged/work-product) were reviewed and circulated to ensure that the amended complaint accurately set forth the Plaintiffs' understanding of the facts.

10. Plaintiffs reviewed and approved the am ended complaint prior to its filing.

11. An index containing an appendix of certain documents I reviewed (prior to the filing of the original complaint and each amended complaint), and documents which were obtained during the early-stages of discovery which supported the allegations made in the Second Amended Complaint, is attached hereto as **Exhibit 1** and incorporated by reference.[1]

12. In approximately May 2008, the law firm of Latham, Shuker, Eden & Beaudine, LLP ("Latham Shuker") began representing Plaintiffs in light of forthcoming bankruptcy proceedings.

13. At that time, Bates Mokwa was relieved of any authority to act on behalf of Plaintiffs by Mirabilis's liquidating President, R.W. Cuthill, Jr. At the direction of Elizabeth Green, Esq. (a partner with Latham Shuker), Bates Mokwa subsequently turned over all litigation files related to Plaintiffs to Latham Shuker, including the file related to this action.

14. Thereafter, on June 5, 2008, the Court entered an Order staying this case due to the bankruptcy proceedings initiated by Mirabilis.

15. Bates Mokwa, PLLC was formally substituted for Broad & Cassel, PLLC as the attorney of record in this matter pursuant to the Court's November 6th Order. See Dkt. #169.

16. On December 2, 2009, the Court lifted its stay.

---

[1] The Index and Appendix only address those allegations in the Second Amended Complaint which were denied, in whole or part, by Defendants.

17. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the facts set forth in this declaration are true to the best of my knowledge.

_____
Aaron C. Bates, Esq.