| EXHIBIT 1 | | | |
|---|---|---|---|
| | **Plaintiffs' Second Amended Complaint - Basis/Support for Allegations Made** | | |
| **Paragraph** | **Plaintiff's Allegation** | **Defendant's Response** | **Support Provided as Basis for Allegation** |
| 3 | Upon information and belief, Palaxar Group LLC and Palaxar Holdings LLC are both Virginia limited liability companies with their principal place of business in Henrico County, Virginia. | Defendants Curry, Hailstones, Palaxar Group, and Palaxar Holdings deny that Palaxar Group is a Virginia limited liability company but admit the remaining allegation set forth in Paragraph 3 of the Complaint | Incorporation records from the Commonwealth of Virginia State Corporation Commission. Appendix Tab 1. |
| 4 | Upon information and belief, Hailstones is a resident and citizen of the United Kingdom. Hailstones is a former officer and director of Mirabilis. Upon information and belief, Hailstones is a founding member and employee of Palaxar Group LLC and/or Palaxar Holdings LLC. | Defendants Curry, Hailstones, Palaxar Group, and Palaxar Holdings admit the allegations set forth in the first two sentences of Paragraph 4 of the Complaint and deny the allegation set forth in the last sentence of Paragraph 4 of the Complaint. | Palaxar promotion documents and Palaxar Ltd. Incorporation documents. Appendix Tabs 2 and 3. |
| 5 | Upon information and belief, Curry is a resident and citizen of Henrico County, Virginia. Curry is a former director of Mirabilis and a former officer of Nexia. Upon information and belief, Curry is a founding member and an employee of Palaxar Group LLC and/or Palaxar Holdings LLC. | Defendants Curry, Hailstones, Palaxar Group, and Palaxar Holdings admit the allegation set forth in the first two sentences of Paragraph 5 of the Complaint and deny the allegation set forth in the last sentence of Paragraph 5 of the Complaint. | Palaxar incorporation documents, Palaxar promotion documents, and Deposition of Edith Curry, P. 5, L. 13 - 16. Appendix Tabs 1, 2, 3, and 4. |
| 6 | Upon information and believe, Chu is a resident and citizen of Henrico County, Virginia. Chu is a founding member and an employee of Palaxar Group LLC and/or Palaxar Holdings LLC. | Defendants Curry, Hailstones, Palaxar Group, and Palaxar Holdings are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 6 of the Complaint and deny the allegations set forth in the last sentence of paragraph 6 of the Complaint. | Affidavit of Terence Chu at ¶ 3. Appendix Tab 5. |
| 10 | This Court has personal jurisdiction over all named defendants. | Defendants Curry, Hailstones, Palaxar Group, and Palaxar Holdings admit the allegations of personal jurisdiction set forth in Paragraph 10 of the Complaint as to themselves but are without knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 10 of the Complaint as to Terence Chu. | See Dkt. # 90. Particularly, Chu admits that he traveled to Florida in 2005—at the specific request of his co-conspirator Edith Curry—and met with members of Mirabilis and Nexia. Chu Affidavit, ¶ 25(d). Appendix Tabs 5 and 6. |
| 12 | During the time period made the basis of this suit, Mirabilis was an equity fund that invested in a variety of ventures. | Defendants Curry, Hailstones, Palaxar Group, and Palaxar Holdings are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 12 of the Complaint. | Corporate Governance of Mirabilis and Nexia. See Dkt. # 198-1 and 2; Appendix Tab 7. |
| 13 | During the time period made the basis of this suit, Nexia was a wholly owned subsidiary of Mirabilis which provided a broad range of general business consulting services. | Defendants Curry, Hailstones, Palaxar Group, and Palaxar Holdings admit that during the relevant time period, Nexia was a wholly owned subsidiary of Mirabilis and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegation set forth in paragraph 13 of the Complaint. | Corporate Governance of Mirabilis and Nexia. See Dkt. # 198-1 and 2; Appendix Tabs 4 and 7. |

EXHIBIT 1

**Plaintiffs' Second Amended Complaint - Basis/Support for Allegations Made**

| Paragraph | Plaintiff's Allegation | Defendant's Response | Support Provided as Basis for Allegation |
|---|---|---|---|
| 14 | From September 9, 2005, through December 31, 2005, Hailstones served as Vice President of Mirabilis. From January 1, 2006, through December 31, 2006, Hailstones served as President of Mirabilis. Hailstones also served as a Director for Mirabilis from January 25, 2006, to January 31, 2007. Also, from October 27, 2006, to January 31, 2007, Hailstones served as the President of Nexia. | Defendants Curry, Hailstones, Palaxar Group, and Palaxar Holdings deny the allegations contained in the first sentence and admit the remaining allegations contained in paragraph 14 of the Complaint. | Corporate Governance of Mirabilis and Nexia, Mirabilis acquisition documents signed by Defendants, Mirabilis Auditor Representation Letter. See Dkt. # 198-1 and 2; Appendix Tabs 7, 8, and 9. |
| 15 | From January 3, 2005 through October 10, 2005, Curry served as the Secretary and Treasurer of Mirabilis. From January 1, 2005, through October 10, 2006, Curry also served as a Director for Mirabilis. Also, from July 1, 2005, to October 27, 2006, Curry served as President of Nexia. | Defendants Curry, Hailstones, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 15 of the Complaint. | Corporate Governance of Mirabilis and Nexia, Mirabilis acquisition documents signed by Defendants, Mirabilis Auditor Representation Letter. See Dkt. # 198-1 and 2; Appendix Tabs 7, 8, and 9. |
| 16 | While serving as President of Nexia and a Director of Mirabilis, Curry was tasked with creating an anti-fraud certification program for the benefit of Plaintiffs referred to as the Nexia Certification Program ("Nexia Certification"). Plaintiffs' purpose in creating Nexia Certification was to market and sell Nexia Certification as a suite of anti-fraud services to businesses. | Defendants Curry, Hailstones, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 16 of the Complaint. | Nexia Certification work product and development documents created while Defendants were employed by Plaintiff and Curry Depo. P. 185, L. 15 - 19; P. 186, L. 14 - 19. Appendix Tabs 4 and 10. |
| 17 | As part of the Nexia Certification project, Curry was tasked with obtaining a patent for Nexia Certification for the benefit of Plaintiffs from the United States Patent and Trademark Office. | Defendants Curry, Hailstones, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 17 of the Complaint. | Nexia Certification Patent Application and Curry Depo. P. 243, L. 10 - 14. Appendix Tabs 4 and 11. |
| 18 | Pursuant to an agreement between Curry and Plaintiffs, Nexia was to be the owner and title-holder of the pending patent. | Defendants Curry, Hailstones, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 18 of the Complaint. | Employment Agreements of Defendants, March 2, 2006 E-mail from Curry, Curry Depo. P. 57, L. 18 - 21; P. 59, L. 6 - 13. Appendix Tabs 4, 12, and 13. |
| 19 | Mirabilis, as Nexia's parent corporation, paid all fees associated with the research and development of Nexia Certification and the accompanying patent application. | Defendants Curry, Hailstones, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 19 of the Complaint. | Funds paid for the creation and development of Nexia Certification. See Dkt. # 24-5. Appendix Tab 14. |
| 20 | Through their employment with Plaintiffs and/or throughout the process of developing Nexia Certification, Hailstones and Curry had access to and did in fact gather confidential and proprietary information for the purpose of developing Nexia Certification including, but not limited to, confidential information regarding Plaintiffs' development of products to be offered and/or marketed to other companies. | Defendants Curry, Hailstones, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 20 of the Complaint. | Nexia Certification work product and development documents created while Defendants were employed by Plaintiff and Curry Depo. P. 185, L. 15 - 19; P. 186, L. 14 - 19. Appendix Tabs 4 and 10. |

| EXHIBIT 1 | | | |
|---|---|---|---|
| | **Plaintiffs' Second Amended Complaint - Basis/Support for Allegations Made** | | |
| **Paragraph** | **Plaintiff's Allegation** | **Defendant's Response** | **Support Provided as Basis for Allegation** |
| 23 | During the process of developing Nexia Certification, Hailstones and Curry accessed, gathered and compiled confidential and proprietary information. Hailstones and Curry breached their employment contracts and fiduciary duties by conspiring to use such information and Nexia Certification, which was developed at Plaintiffs' expense, for their own personal benefit and gain, and/or the benefit and gain of others. | Defendants Curry, Hailstones, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 23 of the Complaint. | Nexia Certification work product and development documents created while Defendants were employed by Plaintiff, funds paid for the creation and development of Nexia Certification, Palaxar promotional documents, and Curry Depo. P. 185, L. 15 - 19; P. 186, L. 14 - 19. Appendix Tabs 2, 4, 10, and 14. |
| 24 | Upon information and belief, Hailstones and Curry named themselves as the inventors on the patent application for Nexia Certification entitling the program as: "Methods of Deterring, Detecting, and Mitigating Fraud by Monitoring Behaviors and Activities of an Individual and/or Individuals within an Organization." The patent application was submitted while Hailstones and Curry were employed by Plaintiffs. | Defendants Curry, Hailstones, Palaxar Group, and Palaxar Holdings admit that Curry and Hailstones, along with Laurie Holtz and Michael Dement, were named on the cited patent applications but deny the remaining allegations contained in Paragraph 24 of the Complaint. | Palaxar Patent Application and Curry Depo. P. 243, L. 10 - 14. Appendix Tabs 4 and 11. |
| 25 | Furthermore, upon information and belief, Hailstones and Curry failed to name Nexia as the "owner" or "title-holder" of the patent and/or assign the rights of the patent application to Nexia as agreed upon. | Defendants Curry, Hailstones, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 25 of the Complaint. | Nexia Certification Patent Application. Appendix Tab 11. |
| 26 | As part of their conspiracy to convert Nexia Certification and the confidential and proprietary information gathered while employed by Plaintiffs for their own personal benefit and gain, and/or the benefit and gain of others, Hailstones and Curry drafted and signed documents purporting to transfer rights to Nexia Certification to themselves. Defendants drafted and signed such documents without the authorization, approval or ratification of the Board of Directors for Plaintiffs. | Defendants Curry, Hailstones, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 26 of the Complaint. | Mirabilis and Nexia Corporate Governance and e-mails between Defendants. Appendix Tabs 7 and 15. |
| 27 | Also, while Hailstones and Curry were still employed by Plaintiffs, they organized a competing entity, Palaxar Group LLC and/or Palaxar Holdings LLC, which would in turn implement and market what has been referred to above as Nexia Certification. | Defendants Curry, Hailstones, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 27 of the Complaint. | Palaxar incorporation documents, Palaxar promotion documents, and Deposition of Edith Curry, P. 5, L. 13 - 16. Appendix Tabs 2, 3, and 4. |
| 28 | Upon information and belief, while Hailstones and Curry were still employed by Plaintiffs, Chu conspired with and aided Hailstones and Curry with the establishment and incorporation of Palaxar Group, LLC and Palaxar Holdings, LLC with actual knowledge that the sole purpose for the establishment and incorporation of both Palaxar entities was to use and/or market the product referred to as Nexia Certification for Personal gain and/or benefit. Upon information and belief, Chu had actual knowledge that the product referred to as Nexia Certification was paid for and owned by Plaintiffs. | Defendants Curry, Hailstones, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 28 of the Complaint. | Affidavit of Chu. Appendix Tabs 5 and 6. |
| 29 | Upon information and belief, Hailstones and Curry named Palaxar Group LLC and/or Palaxar Holdings LLC as the owner or title-holder on the patent application and have assigned the rights of the patent to Palaxar Group LLC and/or Palaxar Holdings LLC and/or are using the pending patent for the benefit of Palaxar Group LLC and/or Palaxar Holdings LLC. | Defendants Curry, Hailstones, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 29 of the Complaint. | Palaxar promotion documents and Palaxar Patent Application. Appendix Tabs 2 and 11. |

| EXHIBIT 1 | | | |
|---|---|---|---|
| | **Plaintiffs' Second Amended Complaint - Basis/Support for Allegations Made** | | |
| **Paragraph** | **Plaintiff's Allegation** | **Defendant's Response** | **Support Provided as Basis for Allegation** |
| 30 | On September 11, 2006, while Hailstones and Curry were still employed by Plaintiffs, Palaxar Group, LLC was incorporated as a Virginia limited liability company. Palaxar Holdings LLC was incorporated as a Virginia Limited Liability Company on December 18, 2006. | Defendants Curry, Hailstones, Palaxar Group, and Palaxar Holdings deny the allegation contained in the first sentence and admit the allegation contained in the second sentence of Paragraph 30 of the Complaint. | Incorporation records from the Commonwealth of Virginia State Corporation Commission. Appendix Tab 1. |
| 31 | Both Hailstones and Curry are founding members of Palaxar Group LLC and/or Palaxar Holdings LLC. | Defendants Curry, Hailstones, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 31 of the Complaint. | Palaxar incorporation documents, Palaxar promotion documents, and Deposition of Edith Curry, P. 5, L. 13 - 16. Appendix Tabs 1, 2, 3, and 4. |
| 32 | Chu is also a founding member of both Palaxar Group LLC and Palaxar Holdings LLC. Chu manages the ongoing operations of both Palaxar Group LLC and Palaxar Holdings LLC. | Defendants Curry, Hailstones, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 32 of the Complaint. | Affidavit of Chu. Appendix Tabs 5 and 6. |
| 33 | Defendants Palaxar Group LLC, and Palaxar Holdings LLC admit that Palaxar Holdings markets a patent-penging anti-fraud solution is now offering for sale to others the patent-pending fraud solution program, Nexia Certification, developed by Hailstones and Curry at Mirabilis' expense while employed by Plaintiffs. | Defendants Curry, Hailstones, Palaxar Group, and Palaxar Holdings admit that Palaxar Holdings is offering for sale a patent-pending anti-fraud solution but deny the remaining allegations contained in Paragraph 33 of the Complaint. | Nexia Certification work product and development documents created while Defendants were employed by Plaintiff, funds paid for the creation and development of Nexia Certification, Palaxar promotional documents, and Curry Depo. P. 185, L. 15 - 19; P. 186, L. 14 - 19. Appendix Tabs 2, 4, 10, and 14. |
| 34 | Also, while employed by Plaintiffs, Hailstones and Curry entered into business negotiations with third-parties for the implementation of the patent-pending Nexia Certification. | Defendants Curry, Hailstones, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 34 of the Complaint. | Employment Agreements of Defendants and e-mails of Defendants. Appendix Tabs 12 and 15. |
| 35 | Upon information and belief, Hailstones and Curry closed one or more deals negotiated during their employment with Plaintiffs, for the benefit of Palaxar Group LLC and/or Palaxar Holdings LLC. | Defendants Curry, Hailstones, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 35 of the Complaint. | Nexia Certification work product and development documents created while Defendants were employed by Plaintiff, funds paid for the creation and development of Nexia Certification, Palaxar promotional documents, and Curry Depo. P. 185, L. 15 - 19; P. 186, L. 14 - 19. Appendix Tabs 2, 4, 10, and 14. |
| 36 | Upon information and belief, Defendants continue to market the Nexia Certification as their own. Specifically, Defendants participated in a conference located in Scottsdale, Arizona from October 14, 2007, through October 18, 2007, entitled the "58th Audit Directors & Managers Symposium," at which Defendants discussed and/or offered for sale the anti-fraud solutions program referred to above as Nexia Certification. | Defendants Curry, Hailstones, Palaxar Group, and Palaxar Holdings admit that Palaxar Holdings markets a patent-pending anti-fraud solution. Defendants further admit that they participated in a conference located in Scottsdale, Arizona from October 14 through October 18, 2007 entitled the "58th Audit Directors & Managers Symposium," but deny all the remaining allegations contained in Paragraph 36 of the Complaint. | Palaxar promotional documents. Appendix Tab 2. |

| EXHIBIT 1 | | | |
|---|---|---|---|
| | **Plaintiffs' Second Amended Complaint - Basis/Support for Allegations Made** | | |
| **Paragraph** | **Plaintiff's Allegation** | **Defendant's Response** | **Support Provided as Basis for Allegation** |
| 37 | The property Defendants have sold, upon information and belief, and continue to market, belongs, in law and in equity, to Plaintiffs. Defendants' use of this property as their own has damaged Plaintiffs and deprived Plaintiffs of the benefit of property which they rightfully own. | Defendants Curry, Hailstones, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 36 of the Complaint. | Nexia Certification work product and development documents created while Defendants were employed by Plaintiffs, funds paid for the creation and development of Nexia Certification, Palaxar promotional documents, Employment Agreements of Defendants, e-mails of Defendants, and Curry Depo. P. 185, L. 15 - 19; P. 186, L. 14 - 19. Appendix Tabs 2, 4, 10, 12, 14, and 15. |
| 40 | Hailstones and Curry breached their employment contracts by disclosing and communicating confidential information and trade secrets gathered in the course of their employment to other persons, businesses, and/or corporate entities, including Palaxar Group LLC and/or Palaxar Holdings LLC. | Defendants Curry, Hailstones, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 40 of the Complaint. | Employment Agreements, Nexia Certification work product and development documents created while Defendants were employed by Plaintiffs, Palaxar promotional documents, and e-mails of Defendants. Appendix Tabs 2, 4, 10, 12, and 15 |
| 41 | Specifically, Defendants are using Nexia Certification by marketing, offering and/or selling Nexia Certification for their own benefit and gain, or the benefit and gain of others. | Defendants Curry, Hailstones, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 41 of the Complaint. | Palaxar promotional documents. Appendix Tab 2. |
| 42 | Plaintiffs have been damaged as a direct and proximate result of the breach of the employment contracts. | Defendants Curry, Hailstones, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 42 of the Complaint. | Employment Agreements of Defendants, funds paid for the creation and development of Nexia Certification, Curry Depo. P. 234, L. 4 - 7. Appendix Tabs 4, 12, and 14. |
| 45 | Pursuant to Hailstones' and Curry's employment contracts, Plaintiffs' Bylaws, and Fla. Stat. §§ 607.0830 and 607.0832, Defendants breached their fiduciary duties through self dealing and use of Plaintiffs' property for their personal benefit. Hailstones and Curry breached such duties by, among other things, drafting and signing documents purporting to transfer rights to Nexia Certification to themselves. Hailstones and Curry drafted and signed such documents without the authorization, approval or ratification of the Board of Directors for Plaintiffs. | Defendants Curry, Hailstones, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 45 of the Complaint. | Mirabilis and Nexia Corporate Governance and e-mails between Defendants. Appendix Tabs 7 and 15. |
| 46 | Plaintiffs have been damaged as a direct and proximate result of Defendants' actions. | Defendants Curry, Hailstones, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 46 of the Complaint. | Employment Agreements of Defendants, funds paid for the creation and development of Nexia Certification, Curry Depo. P. 234, L. 4 - 7. Appendix Tabs 4, 12, and 14. |
| 49 | Hailstones and Curry acquired trade secret and confidential information through their employment with Plaintiffs. Such trade secret and confidential information included information regarding Nexia Certification. | Defendants Curry, Hailstones, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 49 of the Complaint. | Nexia Certification work product and development documents created while Defendants were employed by Plaintiffs, Employment Agreements of Defendants, e-mails of Defendants, and Curry Depo. P. 185, L. 15 - 19; P. 186, L. 14 - 19. Appendix Tabs 4, 10, 12, and 15. |

| EXHIBIT 1 | | | |
|---|---|---|---|
| | **Plaintiffs' Second Amended Complaint - Basis/Support for Allegations Made** | | |
| **Paragraph** | **Plaintiff's Allegation** | **Defendant's Response** | **Support Provided as Basis for Allegation** |
| 50 | Specifically, such trade secret and confidential information included research, studies and strategies developed during their employment with Plaintiffs relating to Nexia Certification. | Defendants Curry, Hailstones, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 50 of the Complaint. | Nexia Certification work product and development documents created while Defendants were employed by Plaintiffs and Curry Depo. P. 185, L. 15 - 19; P. 186, L. 14 - 19. Appendix Tabs 4 and 10. |
| 51 | Defendants violated Florida's Uniform Trade Secrets Act, Fla. Stat. § 688.001 et seq., by willfully and maliciously misappropriating the trade secrets and confidential information acquired through their employment with Plaintiffs by using such information for their own advantage and to the harm of Plaintiffs. | Defendants Curry, Hailstones, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 51 of the Complaint. | Nexia Certification work product and development documents created while Defendants were employed by Plaintiff, funds paid for the creation and development of Nexia Certification, Palaxar promotional documents, and Curry Depo. P. 185, L. 15 - 19; P. 186, L. 14 - 19. Appendix Tabs 2, 4, 10, and 14. |
| 52 | Plaintiffs have been damaged as a direct and proximate result of Defendants' actions. | Defendants Curry, Hailstones, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 52 of the Complaint. | Employment Agreements of Defendants, funds paid for the creation and development of Nexia Certification, Curry Depo. P. 234, L. 4 - 7. Appendix Tabs 4, 12, and 14. |
| 54 | Plaintiffs invested substantial money and time in the research and development of Nexia Certification in preparation for offering and selling this anti-fraud program to other businesses. | Defendants Curry, Hailstones, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 54 of the Complaint. | Nexia Certification work product and development documents created while Defendants were employed by Plaintiff, funds paid for the creation and development of Nexia Certification, and Curry Depo. P. 185, L. 15 - 19; P. 186, L. 14 - 19. Appendix Tabs 4, 10, and 14. |
| 55 | Plaintiffs' substantial investment in the development of Nexia Certification was made with the understanding that Nexia would be named as the "owner" or "title-holder" on the patent application and/or assigned the rights to the pending patent. The patent application was submitted to the U.S. Patent Office by Plaintiffs' employees in their capacity as officers and/or directors of either Mirabilis or Nexia. | Defendants Curry, Hailstones, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 55 of the Complaint. | Nexia Certification work product and development documents created while Defendants were employed by Plaintiff, Nexia Certification Patent Application, funds paid for the creation and development of Nexia Certification, and Curry Depo. P. 185, L. 15 - 19; P. 186, L. 14 - 19. Appendix Tabs 4, 10, 11, and 14. |
| 56 | Defendants converted the pending patent, as well as in excess of $2.3 million invested by Plaintiffs into the development of such patent, to their own use. | Defendants Curry, Hailstones, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 56 of the Complaint. | Employment Agreements of Defendants, Palaxar promotion documents, funds paid for the creation and development of Nexia Certification, Curry Depo. P. 234, L. 4 - 7. Appendix Tabs 2, 4, 12, and 14. |
| 57 | Upon information and belief, this conversion of the Plaintiffs' patent application was for the improper and self-serving benefit of Defendants. | Defendants Curry, Hailstones, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 57 of the Complaint. | Palaxar promotion documents. Appendix Tab 2. |

| | | | |
|---|---|---|---|
| **EXHIBIT 1** | | | |
| | **Plaintiffs' Second Amended Complaint - Basis/Support for Allegations Made** | | |
| Paragraph | Plaintiff's Allegation | Defendant's Response | Support Provided as Basis for Allegation |
| 58 | Also, in furtherance of their conversion, Hailstones and Curry drafted and signed documents purporting to transfer rights to Nexia Certification to themselves. Hailstones and Curry drafted and signed such documents without the authorization, approval or ratification of the Board of Directors for Plaintiffs. | Defendants Curry, Hailstones, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 58 of the Complaint. | Mirabilis and Nexia Corporate Governance and e-mails between Defendants. Appendix Tabs 7 and 15. |
| 59 | Plaintiffs have been damaged as a direct and proximate result of Defendants' actions. | Defendants Curry, Hailstones, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 59 of the Complaint. | Employment Agreements of Defendants, funds paid for the creation and development of Nexia Certification, Curry Depo. P. 234, L. 4 - 7. Appendix Tabs 4, 12, and 14. |
| 62 | Defendants conspired with each other to accomplish an unlawful purpose and commit the wrongs alleged herein. Specifically, Defendants conspired to misappropriate confidential and proprietary information and Nexia Certification, both gathered and/or created through their employment with Plaintiffs, for their own advantage and to the harm of Plaintiffs. | Defendants Curry, Hailstones, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 62 of the Complaint. | Nexia Certification work product and development documents created while Defendants were employed by Plaintiffs, Employment Agreements of Defendants, e-mails of Defendants, and Curry Depo. P. 185, L. 15 - 19; P. 186, L. 14 - 19. Appendix Tabs 4, 10, 12, and 15. |
| 63 | Defendants committed overt acts in pursuance of the conspiracy. Such acts include, but are not limited to, drafting and signing documents purporting to transfer rights in such confidential and proprietary information and Nexia Certification to Hailstones, Curry and/or Palaxar without the approval, authorization or ratification of the Board of Directors of Plaintiffs or shareholders of Nexia. | Defendants Curry, Hailstones, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 63 of the Complaint. | Mirabilis and Nexia Corporate Governance and e-mails between Defendants. Appendix Tabs 7 and 15. |
| 64 | Plaintiffs have been damaged as a direct and proximate result of the Defendants' actions. | Defendants Curry, Hailstones, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 64 of the Complaint. | Employment Agreements of Defendants, funds paid for the creation and development of Nexia Certification, Curry Depo. P. 234, L. 4 - 7. Appendix Tabs 4, 12, and 14. |
| 66 | Pursuant to Fla. Stat. § 688.001, et seq., Defendants have misappropriated Plaintiffs' property, confidential information and trade secrets. | Defendants Curry, Hailstones, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 66 of the Complaint. | Mirabilis and Nexia Corporate Governance and e-mails between Defendants. Appendix Tabs 7 and 15. |
| 72 | Therefore, pursuant to Fla. Stat. § 688.003, Plaintiffs seek injunctive relief from the actual and/or threatened misappropriation including, but not limited to, the Defendants being enjoined from selling, marketing, and/or offering Plaintiffs' property, confidential information and/or trade secrets to any third party. [FN 1 Contemporaneous with the filing of this Complaint, Plaintiffs have filed a Motion for Preliminary Injunction to prohibit Defendants' continued use of Plaintiffs' property, including, without limitations, Defendants' planned use of the property at the Arizona symposium entitled the "58th Audit Directors & Managers Symposium" to take place on October 14, 2007, through October 18, 2007.] | Defendants Curry, Hailstones, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 72 of the Complaint. | Nexia Certification work product and development documents created while Defendants were employed by Plaintiffs, funds paid for the creation and development of Nexia Certification, Palaxar promotional documents, Employment Agreements of Defendants, e-mails of Defendants, and Curry Depo. P. 185, L. 15 - 19; P. 186, L. 14 - 19. Appendix Tabs 2, 4, 10, 12, 14, and 15. |

| EXHIBIT 1 | | | |
|---|---|---|---|
| | **Plaintiffs' Second Amended Complaint - Basis/Support for Allegations Made** | | |
| **Paragraph** | **Plaintiff's Allegation** | **Defendant's Response** | **Support Provided as Basis for Allegation** |
| 74 | Through Defendants employment and/or relationship with Plaintiffs, Plaintiffs have conferred benefits upon Defendants including, but not limited to, access to confidential and proprietary information, company resources, and the anti-fraud model made the basis of the patent that is currently pending. | Defendants Curry, Hailstones, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 74 of the Complaint. | Nexia Certification work product and development documents created while Defendants were employed by Plaintiffs, funds paid for the creation and development of Nexia Certification, Palaxar promotional documents, Employment Agreements of Defendants, Nexia Certification Patent Application, e-mails of Defendants, and Curry Depo. P. 185, L. 15 - 19; P. 186, L. 14 - 19. Appendix Tabs 2, 4, 10, 11, 12, 14, and 15. |
| 75 | Defendants have taken advantage of and appreciated such benefits conferred by Plaintiffs. | Defendants Curry, Hailstones, Palaxar Group, and Palaxar Holdings deny the allegations contained in Paragraph 75 of the Complaint. | Nexia Certification work product and development documents created while Defendants were employed by Plaintiffs, funds paid for the creation and development of Nexia Certification, Palaxar promotional documents, e-mails of Defendants, and Curry Depo. P. 185, L. 15 - 19; P. 186, L. 14 - 19. Appendix Tabs 2, 4, 10, 14, and 15. |