# TAB 3

**File Copy**



# CERTIFICATE OF INCORPORATION OF A PRIVATE LIMITED COMPANY

Company No. 6165265

The Registrar of Companies for England and Wales hereby certifies that

PALAXAR (EMEA) LIMITED

is this day incorporated under the Companies Act 1985 as a private company and that the company is limited.

Given at Companies House, Cardiff, the 16th March 2007



N0 6165265A



THE OFFICIAL SEAL OF THE REGISTRAR OF COMPANIES



*Companies House*
— *for the record* —

The above information was communicated in non-legible form and authenticated by the Registrar of Companies under section 710A of the Companies Act 1985



**Companies House** — *for the record*

Electronic statement of compliance with requirements on application for registration of a company pursuant to section 12(3A) of the Companies Act 1985

| | |
|---|---|
| Company number | 6165265 |
| Company name | PALAXAR (EMEA) LIMITED |
| I, | FRANK HAILSTONES |
| of | 10 ABERCORN CLOSE<br>SELSDON RIDGE<br>SOUTH CROYDON<br>SURREY<br>UNITED KINGDOM<br>CR2 8TG |
| a | person named as a director of the company in the statement delivered to the registrar of companies under section 10(2) of the Companies Act 1985 |

make the following statement of compliance in pursuance of section 12(3A) of the Companies Act 1985

Statement: I hereby state that all the requirements of the Companies Act 1985 in respect of the registration of the above company and of matters precedent and incidental to it have been complied with.

## Confirmation of electronic delivery of information

This statement of compliance was delivered to the registrar of companies electronically and authenticated in accordance with the registrar's direction under section 707B of the Companies Act 1985.

WARNING: The making of a false statement could result in liability to criminal prosecution



**Companies House**
— for the record —

# 10(ef)

First directors and secretary and intended situation of registered office



XPNKVNW7

*Received for filing in Electronic Format on the:* 16/03/2007

| | |
|---|---|
| Company Name in full: | PALAXAR (EMEA) LIMITED |
| Proposed Registered Office: | 1-2 UNIVERSAL HOUSE<br>88-94 WENTWORTH STREET<br>LONDON<br>E1 7SA |

*memorandum delivered by an agent for the subscriber(s):* Yes

| | |
|---|---|
| Agent's Name: | BUSINESS INC LTD |
| Agent's Address: | 1-2 UNIVERSAL HOUSE<br>88-94 WENTWORTH STREET<br>LONDON<br>E1 7SA |

## Company Secretary

| | |
|---|---|
| Name | FRANK HAILSTONES |
| Address: | 10 ABERCORN CLOSE<br>SELSDON RIDGE<br>SOUTH CROYDON<br>SURREY<br>UNITED KINGDOM<br>CR2 8TG |

*Consented to Act:* Y   *Date authorised* 16/03/2007   *Authenticated:* Y

*Electronically Filed Document for Company number:* 6165265         Page: 1

## Director 1:

| | |
|---|---|
| *Name* | FRANK HAILSTONES |
| *Address:* | 10 ABERCORN CLOSE<br>SELSDON RIDGE<br>SOUTH CROYDON<br>SURREY<br>UNITED KINGDOM<br>CR2 8TG |
| *Nationality:* | BRITISH |
| *Business occupation:* | DIRECTOR/SECRETARY |
| *Date of birth:* | 22/11/1952 |

*Consented to Act:* Y    Date authorised 16/03/2007    *Authenticated:* Y

*Other Directorships:*    4212651    AXENA UK LTD

## Director 2:

| | |
|---|---|
| *Name* | EDITH LOUISE CURRY |
| *Address:* | 11916 BROOKMEADE COURT<br>GLEN ALLEN<br>RICHMOND<br>UNITED STATES<br>23059 |
| *Nationality:* | USA |
| *Business occupation:* | DIRECTOR |
| *Date of birth:* | 13/05/1959 |

*Consented to Act:* Y    Date authorised 16/03/2007    *Authenticated:* Y

## Authorisation

*Authoriser Designation:* SUBSCRIBER    *Date Authorised:* 16/03/2007    *Authenticated:* Yes

---

*End of Electronically Filed Document for Company number:* 6165265    Page: 2

THE COMPANIES ACTS 1985 TO 1989

PRIVATE COMPANY LIMITED BY SHARES

MEMORANDUM OF ASSOCIATION

- OF -

**Palaxar (EMEA) Limited**

1. The name of the Company is **Palaxar (EMEA) Limited**.

2. The registered office of the Company will be situate in England and Wales.

3. The objects for which the Company is established are:-

(A) To carry on business as a general commercial company.

(B) To carry on any other business which may in the opinion of the Board of Directors be advantageously carried on by the Company.

(C) To purchase, sell, exchange, improve, mortgage, charge, rent, let on lease, hire, surrender, license, accept surrender of, and otherwise acquire and deal with any freehold, leasehold or other property, chattels and effects; and to erect, pull down, repair, alter, develop, or otherwise deal with any building or buildings and adapt the same for the purposes of the Company's business.

(D) To purchase or otherwise acquire all or any part of the business or assets of any person, firm or company, carrying on or formed to carry on any business which this Company is authorised to carry on or possessed of property suitable to the purposes of this Company, and to pay cash or to issue any shares, stocks, debentures or debenture stock of this Company as the consideration for such purchase or acquisition and to undertake any liabilities or obligations relating to the business or property so purchased or acquired.

(E) To apply for, purchase or otherwise acquire any patents, licences or concessions which may be capable of being dealt with by the Company, or be deemed to benefit the Company and to grant rights thereout.

(F) To sell, let, license, develop or otherwise deal with the undertaking, or all or any part of the property or assets of the Company, upon such terms as the Company may approve, with power to accept shares, debentures or securities of, or interests in, any other company.

(G) To invest and deal with the moneys of the Company not immediately required for the purposes of the Company in or upon such securities and subject to such conditions as may seem expedient.

(H) To lend money to such persons, upon such terms and with or without security and subject to such conditions as may seem desirable.

(I) To guarantee the payment of any debentures, debenture stock, bonds, mortgages, charges, obligations, interest, dividends, securities, moneys or shares or the performance of contracts or engagements of any other company or person (including but without prejudice to the generality of the foregoing) the holding company of the Company or any company which is a subsidiary of such holding company within, in each case, the meaning of Section 736 and Section 736(A) of the Companies Act 1985 (the "Act") as amended by the Companies Act 1989, and to give indemnities and guarantees of all kinds and to enter into

partnership or any joint purse arrangement with any person, persons, firm or company.

(J) To borrow or raise money in such manner as the Company shall think fit, and in particular by the issue of debentures or debenture stock, charged upon all or any of the Company's property, both present and future, including it's uncalled capital, and to re-issue any debentures at any time paid off.

(K) To draw, make, accept, endorse, discount, execute and issue promissory notes, bills of exchange, debentures, warrants and other negotiable documents.

(L) To purchase, subscribe for, or otherwise acquire and hold shares, stocks or other interests in, or obligations of, any other company or corporation.

(M) To remunerate any person or company for services rendered or to be rendered in placing or assisting to place any of the shares in the Company's capital or any debentures, debenture stock or other securities of the Company or in or about the formation or promotion of the Company or the conduct of its business.

(N) To pay out of the funds of the Company all costs and expenses of or incidental to the formation and registration of the Company and the issue of its capital and debentures including brokerage and commission.

(O) To promote, or aid in the promotion of, any company or companies for the purpose of acquiring all or any of the property, rights and liabilities of this Company, or for any other purpose which may seem directly or indirectly calculated to advance the interests of this Company.

(P) To establish and support and aid in the establishment and support of funds or trusts calculated to benefit employees or ex-employees of the Company (including any Director holding a salaried office or employment in the Company) or the dependants or connections of such persons and to grant pensions and allowances to any such persons.

(Q) To remunerate the Directors of the Company in any manner the Company may think fit and to pay or provide pensions for, or make payments to, or for the benefit of, Directors and ex-Directors of the Company or their dependants or connections.

(R) To distribute any property of the Company in specie among the Members.

(S) To do all such other things as are incidental or conducive to the attainment of the above objects or any of them.

It is declared that the foregoing sub-clauses shall be construed independently of each other and none of the objects therein mentioned shall be deemed to be merely subsidiary to the objects contained in any other sub-clause.

4. The liability of the Members is limited.

5. The Share Capital of the Company is £1,000 divided into 1,000 shares of £1 each with power to increase or to divide the shares in the capital for the time being, into different classes having such rights, privileges and advantages as to voting and otherwise as the Articles of Association may from time to time prescribe.

We, the several persons whose Names and Addresses are subscribed are desirous of being formed into a Company in pursuance of this Memorandum of Association, and we respectively agree to take the number of Shares in the Capital of the Company set opposite our respective names.

| NAMES AND ADDRESSES OF SUBSCRIBERS | Number of shares taken by each subscriber |
|---|---|
| Frank Hailstones<br>10 Abercorn Close<br>Selsdon Ridge<br>South Croydon<br>Surrey | ONE |
| Edith Louise Curry<br>11916 Brookmeade Court<br>Glen Allen<br>Richmond<br>23059 | ONE |

DATED 16 March 2007

THE COMPANIES ACTS 1985 TO 1989

PRIVATE COMPANY LIMITED BY SHARES

ARTICLES OF ASSOCIATION

- OF -

**Palaxar (EMEA) Limited**

PRELIMINARY

1.   (a) The Regulations contained in Table A in the Schedule to the Companies (Tables A to F) Regulations 1985 as amended by the Companies (Tables A to F) (Amendment) Regulations 1985 and The Companies Act 1985 (Electronic Communications) Order 2000 (such Table being hereinafter called "Table A") shall apply to the Company save in so far as they are excluded or varied hereby and such Regulations (save as so excluded or varied) and the Articles hereinafter contained shall be the regulations of the Company.

(b) Any reference in these Articles to "the Act" shall mean the Companies Act 1985 as amended or extended by any other enactment or any statutory re-enactment thereof.

PRIVATE COMPANY

2.   The Company is a private company within the meaning of the Companies Act 1985.

ALLOTMENT OF SHARES

3.   The Directors of the Company are generally authorised for the purposes of Section 80 of the Act to allot, grant options over or otherwise deal with or dispose of the original shares in the capital of the Company at the date of its incorporation to such persons at such times and on such conditions as they think fit, subject to the provisions of that Section and Article 4 hereof and provided that no shares shall be issued at a discount. In accordance with Section 91 of the Act Sections 89(1) and 90(1) to 90(6) of the Act shall not apply to the Company.

4.   The general authority conferred on the Directors by regulation 3 of these Articles shall extend to all relevant securities (as defined by Section 80 of the Act) in the capital of the Company at the date of its incorporation during the period of five years from the date upon which the Company was incorporated but the Directors may, after the authority has expired, allot any shares in pursuance of an offer or agreement so to do made by the Company before the authority expired. The authority may be renewed varied or revoked by the Company in General Meeting.

SHARES

5.   The Company shall have a first and paramount lien on all shares, whether fully paid or not, standing registered in the name of any person indebted or under liability to the Company, whether he shall be the sole registered holder thereof or shall be one of two or more joint holders, for all moneys presently payable by him or his estate to the Company. Regulation 8 in Table A shall be modified accordingly.

6.   The liability of any Member in default in respect of a call shall be increased by the addition at the end of the first sentence of Regulation 18 in Table A of the words "and all expenses that may have been incurred by the Company by reason of such non-payment."

7.  Regulation 3 in Table A shall not apply to the Company and subject to the provisions of Chapter VII of Part V of the Act the Company may:-

(a) with the sanction of an Ordinary Resolution issue shares which are to be redeemed or are liable to be redeemed at the option of the Company or the shareholder.

(b) purchase its own shares (including any redeemable shares).

(c) make a payment in respect of the redemption or purchase, under Sections 159, 160 or 162 of the Act and the relevant power (a) or (b) above, of any of its own shares otherwise than out of distributable profits of the Company or the proceeds of a fresh issue of shares to the extent permitted by Sections 170, 171 and 172 of the Act.

TRANSFER OF SHARES

8.  (a) The Directors may, in their absolute discretion and without assigning any reason therefor, decline to register the transfer of a share, whether or not it is a fully paid share, and Regulation 24 in Table A shall not apply to the Company.

(b) Regulation 8(a) of these Articles shall not apply to any transfer to a person who is already a Member of the Company.

9.  Subject to Regulation 8 of these Articles, a Subscriber to the Memorandum of Association of the Company may freely transfer his share to any person firm or company.

10. A Member (other than a Subscriber to the Memorandum of Association of the Company) who desires to transfer shares to a person who is not already a Member of the Company shall give notice of such intention to the Directors of the Company giving particulars of the shares in question. The Directors as agents for the Member giving such notice may dispose of such shares or any of them to Members of the Company at a price to be agreed between the transferor and the Directors, or failing agreement, at a price fixed by the Auditors of the Company as the fair value thereof. If within twenty-eight days from the date of the said notice the Directors are unable to find a Member or Members willing to purchase all such shares, the transferor may dispose of so many of such shares as shall remain undisposed of in any manner he may think fit within three months from the date of the said notice.

11. The instrument of transfer of any share shall be executed by or on behalf of the transferor who shall be deemed to remain a holder of the share until the name of the transferee is entered in the register of members in respect thereof.

GENERAL MEETINGS

12. Every notice convening a General Meeting shall comply with the provisions of Section 372 of the Act as to giving information to Members in regard to their right to appoint proxies; and notices of and other communications relating to any General Meeting which any Member is entitled to receive shall be sent to the Directors and to the Auditor for the time being of the Company.

13. Regulation 41 in Table A shall be read and construed as if the words, "and if at the adjourned Meeting, the Meeting shall be dissolved" were added at the end.

DIRECTORS

14. (a) The first Director or Directors of the Company shall be the person or persons named as the first Director or Directors of the Company in the statement delivered under Section 10 of the Act.

(b) The number of the Directors shall be determined by Ordinary Resolution of the Company but unless and until so fixed there shall be no maximum number of Directors and the minimum number of Directors shall be one. In the event of the minimum number of

Directors fixed by or pursuant to these Articles or Table A being one, a sole Director shall have the authority to exercise all the powers and discretions conferred by Table A or these Articles and expressed to be vested in the Directors generally and Regulation 89 in Table A shall be modified accordingly.

(c) A Director shall not require any share qualification but shall nevertheless be entitled to attend and speak at any General Meeting of the Company or at any separate class meeting of the holders of any class of shares of the Company.

(d) Regulation 64 in Table A shall not apply to the Company.

### ALTERNATE DIRECTORS

15. (a) An alternate Director shall not be entitled as such to receive any remuneration from the Company except only such part (if any) of the remuneration otherwise payable to his appointor as such appointor may by notice to the Company from time to time direct, but shall otherwise be subject to the provisions of these Articles with respect to Directors. An alternate Director shall during his appointment be an Officer of the Company and shall not be deemed to be an agent of his appointor. Regulation 66 in Table A shall be modified accordingly.

(b) A Director or any other person may act as an alternate Director to represent more than one Director and an alternate Director shall be entitled at meetings of the Directors, or any committee of the Directors, to one vote for every Director whom he represents in addition to his own vote (if any) as a Director.

### BORROWING POWERS

16. The Directors may exercise all the powers of the Company to borrow money without limit as to the amount and upon such terms and in such manner as they think fit, and to grant any mortgage, charge or standard security over its undertaking, property and uncalled capital, or any part thereof, and, subject (in the case of any security convertible into shares) to Sections 80 and 380 of the Act to issue debentures, debenture stock, and other securities whether outright or as security for any debt, liability or obligation of the Company or of any third party.

### PROCEEDINGS OF DIRECTORS

17. Subject to the provisions of Section 317 of the Act, Regulation 94 in Table A shall not apply to the Company and a Director may vote as a Director in regard to any contract or arrangement in which he is interested or upon any matter arising thereout, and if he shall so vote his vote shall be counted and he shall be reckoned in estimating a quorum present at any meeting when any such contract or arrangement is under consideration.

18. It shall not be necessary for Directors to sign their names in any book which may be kept for the purpose of recording attendance at meeting.

19. All or any of the members of the board or any committee of the board may participate in a meeting of the board or that committee by means of a conference telephone or any communication equipment which allows all persons participating in the meeting to hear each other. A person so participating shall be deemed to be present in person at the meeting and shall be entitled to vote or be counted in a quorum accordingly. Such a meeting shall be deemed to take place where the largest of the group of those participating is assembled, or, if there is no such group where the Chairman of the meeting then is.

### DISQUALIFICATION OF DIRECTORS

20. The office of a Director shall be vacated if he becomes incapable by reason of illness or injury of managing and administering his property and affairs and Regulation 81 of Table A shall be modified accordingly.

ROTATION OF DIRECTORS

21. The Directors shall not be required to retire by rotation nor shall the Directors or any of them be required to retire from office at the first annual general meeting and Table A shall be modified accordingly.

THE SEAL

22. If the Company has a seal it shall be used only with the authority of the Directors or of a committee of the Directors. The Directors may determine who shall sign any instrument to which the seal is affixed and unless otherwise so determined it shall be signed by a Director and by the Secretary or by a second Director. The obligation under Regulation 6 of Table A relating to the sealing of share certificates shall apply only if the Company has a seal. Regulation 101 in Table A shall not apply to the Company.

INDEMNITY

23. (a) Regulation 118 in Table A shall not apply to the Company. Every Director or other officer of the Company shall be indemnified out of the assets of the Company against all losses or liabilities which he may sustain or incur in or about the execution and discharge of the duties of his office or otherwise in relation thereto, including any liability incurred by him in defending any proceedings, whether civil or criminal, in which judgment is given in his favour or in which he is acquitted or in connection with any application under Sections 144 or 727 of the Act in which relief is granted to him by the court, and no Director or other officer shall be liable for any loss, damage or misfortune which may happen to or be incurred by the Company in the execution of the duties of his office or in relation thereto. But this Article shall only have effect in so far as its provisions are not avoided by Section 310 of the Act.

(b) The Directors shall have power to purchase and maintain at the expense of the Company an insurance policy for any Director (including an alternate Director), Officer or Auditor of the Company against any such liability as is referred to in Section 310(1) of the Act.

NAMES AND ADDRESSES OF SUBSCRIBERS

Frank Hailstones
10 Abercorn Close
Selsdon Ridge
South Croydon
Surrey

Edith Louise Curry
11916 Brookmeade Court
Glen Allen
Richmond
23059

DATED 16 March 2007