# TAB 6

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MIRABILIS VENTURES, INC. and
NEXIA STRATEGY CORPORATION,

    Plaintiffs,

v.                            CASE NO.: 6:07-CV-1788-ORL-28-KRS

PALAXAR GROUP, LLC;
PALAXAR HOLDINGS, LLC;
FRANK HAILSTONES; EDITH CURRY
a/k/a EDITH BROADHEAD; and
TERENCE CHU,

    Defendants.

v.
MIRABILIS VENTURES, INC. and
NEXIA STRATEGY CORPORATION,

and THIRD PARTY DEFENDANTS:

AQMI STRATEGY CORPORATION,
WELLINGTON CAPITAL GROUP, INC.,
YANIV AMAR, FRANK AMODEO,
AARON BATES, MATTHEW MOKWA,
ROBERT POLLACK, JAMES SADRIANNA.

## PLAINTIFFS MIRABILIS VENTURES INC. AND NEXIA STRATEGY CORP.'S RESPONSE TO DEFENDANT TERENCE CHU'S MOTION TO DISMISS

Plaintiffs Mirabilis Ventures, Inc. ("Mirabilis") and Nexia Strategy Corporation ("Nexia"), by and through their undersigned attorneys, file the following response to Defendant Terence Chu's (hereafter "Chu" or "Defendant") Motion to Dismiss.

Chu argues that he is not subject to personal jurisdiction in this matter. He also argues, alternatively, that Mirabilis and Nexia have failed to state a compensable claim against him in their Second Amended Complaint. As discussed more fully below, this Court has personal

jurisdiction over Chu because he participated in a conspiracy with co-conspirators who are subject to the personal jurisdiction of this Court. Furthermore, the Second Amended Complaint adequately alleges a claim for civil conspiracy between Chu and his co-defendants. Chu's efforts to dispute the facts plead by Mirabilis and Nexia—which at this stage in the proceeding are presumed to be true—are premature. Accordingly, this Court should deny Chu's motion.

### *Personal Jurisdiction*

This court may exercise personal jurisdiction over Chu because he was a member of an actionable conspiracy involving persons subject to the personal jurisdiction of this Court.

> The "co-conspirator theory" [of personal jurisdiction] permits a state to assert jurisdiction over a non-resident defendant who has no direct contacts with that state. Although the precise contours of this theory have never been defined, the theory basically permits a state to assert jurisdiction over a non-resident defendant if: (1) jurisdiction can, under the traditional tests discussed below, be asserted over a "resident" defendant (*i.e.* one with sufficient ties to the state); (2) the plaintiff can demonstrate the existence of a conspiracy in which the non-resident defendant and the resident defendant participated; and (3) an overt act in furtherance of the conspiracy took place within the state.

*Hasenfus v. Secord*, 797 F. Supp. 958, 961 (S.D. Fla. 1989); *accord Platypus Wear, Inc. v. Clarke Modet & Co.*, 515 F. Supp. 2d 1288, 1292 (S.D. Fla. 2007). None of the co-defendants in this matter (Chu's co-conspirators) have contested this Court's exercise of personal jurisdiction. The complaint alleges multiple overt acts committed within Florida by the members of the conspiracy. Thus, the only issue under the standard articulated in *Hasenfus* is whether the Second Amended Complaint adequately demonstrates that Chu was a participant in the conspiracy.

> "The elements of civil conspiracy are: (1) an agreement or concerted action between two or more persons; (2) to participate in an unlawful act in an unlawful manner; (3) an injury caused by an unlawful overt act performed by one of the parties to the agreement; and (4) which overt act was done in furtherance of the common scheme."

*Gellert v. Richardson*, No. 1995-0256, 1995 U.S. Dist. LEXIS 11254, *4-5 (M.D. Fla. July 24, 1995). The Second Amended Complaint alleges, *inter alia*, that

> while Hailstones and Curry were still employed by Plaintiffs, <u>Chu conspired with and aided Hailstones and Curry with the establishment and incorporation of Palaxar Group LLC and Palaxar Holdings LLC</u> with actual knowledge that the sole purpose for the establishment and incorporation of both Palaxar entities was to use and/or market the product referred to as Nexia Certification for personal gain and/or benefit. Upon information and belief, <u>Chu had actual knowledge that the product referred to as Nexia Certification was owned by and paid for by Plaintiffs</u>.

*See* Second Amended Complaint ¶ 28. The Second Amended Complaint tracks the fundamental elements of a viable civil conspiracy claim against Chu: (1) that he agreed with co-defendants Hailstones and Curry; (2) to participate in a scheme to misappropriate the Nexia Certification software; (3) that Mirabilis and Nexia were harmed by the overt acts of all the defendants (*See* Second Amended Complaint ¶ 63); and (4) that the overt acts were done in furtherance of the scheme.

While Chu disputes the validity of the allegations contained in the Second Amended Complaint, they are more than sufficient to meet the pleading requirements needed to establish personal jurisdiction over Chu under the "conspiracy theory" of jurisdiction.

Furthermore, Chu's contacts with Florida and his involvement with the conspiracy's acts against Mirabilis and Nexia are not as limited as he claims. Chu admits that he traveled to Florida in 2005—at the specific request of his co-conspirator Edith Curry—and met with members of Mirabilis and Nexia. Chu Affidavit, ¶ 25(d). Yet, he attempts to limit the scope of this admission by avoiding any mention of the trip's purpose; stating only that he did not interview or receive a job offer from either Mirabilis or Nexia. The fact that Chu disputes a job interview (or offer) is wholly immaterial to either the claims in the case or the jurisdictional inquiry. Personal jurisdiction is established, however, by Chu's admission that he traveled to

meet with Mirabilis and Nexia at the request of the very people that Mirabilis and Nexia claim are his co-conspirators regarding the misappropriation of the Nexia Certification program.

### *Chu's Rule 12(b)(6) Motion*

In ruling on a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must "accept as true the factual allegations in the plaintiff's complaint and construe the facts in the light most favorable to the plaintiff as the non-moving party." *Chepstow Ltd. v. Hunt*, 381 F.3d 1077, 1080 (11th Cir. 2004) (citing *Spain v. Brown & Williamson Tobacco Corp.*, 363 F.3d 1183, 1186 (11th Cir. 2004)). Furthermore, "[a] motion to dismiss may be granted only when the defendant demonstrates 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.*

As discussed above, the Second Amended Complaint more than adequately states a claim of civil conspiracy against Chu and against his co-defendants. The bald statements in Chu's affidavit that he "didn't believe" the Nexia Certification software was owned by Mirabilis may create a fact issue to be resolved at a later stage of trial, but have no bearing on the adequacy of the complaint under Rule 12(b)(6). Chu has simply failed to demonstrate "beyond doubt" that Mirabilis and Nexia can prove no set of facts in support of their claims which would entitle them to relief against him. Conversely, if the trier of fact believes that Chu knowingly conspired with Curry and Hailstones as alleged in the complaint, Mirabilis and Nexia would clearly be entitled to relief. The issue of whether Chu knew or did not know is one that will only be resolved by submission it to the trier of fact. Accordingly, the Court should deny Chu's 12(b)(6) motion.

## CONCLUSION

For the foregoing reasons, Mirabilis and Nexia respectfully request that the Court deny the Defendant's 12(b)(2) and 12(b)(6) motions.

                            MIRABILIS VENTURES, INC. and
                            NEXIA STRATEGY CORPORATION,

                            s/ Allen M. Estes
                            One of the Attorneys for
                            Plaintiffs / Counterclaim Defendants
                            Mirabilis Ventures, Inc. and
                            Nexia Strategy Corporation

**Counsel:**

Aaron C. Bates, Esq.
BATES MOKWA, PLLC
Florida Bar No. 011749
3660 Maguire Boulevard
Suite 102
Orlando, FL 32803
Telephone: (407) 893-3776
Facsimile: (407) 893- 3779
abates@goldbergbates.com

J. Russell Campbell
Florida Bar No. 901423
Allen M. Estes (admitted *pro hac vice*)
BALCH & BINGHAM LLP
P. O. Box 306
Birmingham, Alabama 35201-0306
Telephone: (205) 251-80100
Facsimile: (205) 226-8798
rcampbell@balch.com
aestes@balch.com

964175.3                      5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 1, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to all parties named on the attached Service List or in some other authorized manner for those counsel or parties who are not authorized to receive notices electronically.

                                            s/ Allen M. Estes
                                            Allen M. Estes

## SERVICE LIST

Martin R. Raskin
Jane Serene Raskin
RASKIN & RASKIN, P.A.
2601 South Bayshore Drive
Suite 725
Miami, Florida 33133
mraskin@raskinlaw.com

**Attorneys for Edith Curry, Palaxar Group LLC, and Palaxar Holdings LLC**

Jack C. McElroy
Florida Bar No. 0818150
Jason H. Klein
Florida Bar No. 0016687
Shutts & Bowen, LLP
300 S. Orange Avenue, Suite 1000
Orlando, Florida 32801

**Attorneys for AQMI Strategy Corp.**

Frank Amodeo
614 Lake Avenue
Orlando, Florida 32801

**Third-Party Defendant**

James R. Lussier
Florida Bar Number 362735
Mateer & Harbert, P.A.
225 East Robinson Street, Suite 600
Post Office Box 2854
Orlando, Florida 32802-2854
jlussier@mateerharbert.com

**Attorneys for Wellington Capital Group, Inc.**

Kathleen Havener
Attorney at Law, LLC
15511 Russell Rd.
Chagrin Falls, Ohio 44022

and

Craig S. Warkol
BRACEWELL & GIULIANI LLP
1177 Avenue of the Americas
New York, N.Y. 10036
Craig.warkol@bgllp.com

**Attorneys for Frank Hailstones**

Terence Chu
5637 Country Hills Lane L
Glen Allen, Virginia 23059.5424

**Defendant**

Yaniv Amar
3475 Mystic Point Drive, TH #10
Aventura, Florida 33180

**Third-Party Defendant**

Robert Pollack
8767 The Esplanade #36
Orlando, Florida 32836

**Third-Party Defendant**

James Sadrianna
10025 Chatham Oaks Court
Orlando, Florida 32836

**Third-Party Defendant**