# TAB 8

Transfers from Presidion Solutions to MVI/Affiliates
Table of Contents

Debt Refinancing Agreement dated 8/30/06 between MVI and Solutions
Exhibits:

A. Paradyme Note
B. FCIC Deposits
C. Seller Notes (Excluding Burcham)
D. Burcham Note
E. Insurance Payments
F. Nexia
G. ISI Services
H. Worker's Compensation/Creative Insurance Co.
I. Payments to MVI
J. Promissory Note

ACTION, SUIT OR PROCEEDING BROUGHT TO RESOLVE ANY DISPUTE, WHETHER FOUNDED IN CONTRACT, TORT, OR OTHERWISE ARISING OUT OF, CONNECTED WITH, RELATED TO, OR INCIDENTAL TO THIS AGREEMENT, OR ANY OF THE DEBT DOCUMENTS OR THE TRANSACTIONS CONTEMPLATED HEREBY OR THEREBY.

7.12   **Attorneys' Fees.**   In the event any suit or other legal proceeding is brought for the enforcement of any of the provisions of this Agreement or any of the Debt Documents, the parties hereto agree that the prevailing party or parties shall be entitled to recover from the other party or parties, upon final judgment on the merits, reasonable attorneys' fees and costs, including attorneys' fees and costs for any appeal, incurred in bringing such suit or proceeding.

7.13   **Advice of Counsel.**   Each of the parties hereby acknowledge and represent that they have been separately represented and advised by counsel of their choice with respect to the subject matters of, and their entry into, this Agreement, that such counsel has reviewed and explained the provisions of this Agreement to them, and that the terms and provisions of this Agreement are the result of the free, voluntary and informed negotiation of the parties hereto acting independently of each other and with the advise of counsel.

7.14.   **No Inferences Regarding Drafting.**   The terms and provisions of this Agreement are mutual and shall be construed and enforced without regard to the fact that they may have been initially prepared and/or proposed by counsel for a particular party or parties.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of the day and year first written above.

BORROWER:

PRESIDION SOLUTIONS, INC.,
a Florida corporation

Signature:
Name:   Craig Vanderburg
Its:       President

LENDER:

MIRABILIS VENTURES, INC.,
a Nevada corporation

Signature:
Name:   FRANK HAILSTONES
Its:       President

Lender

Debt Restructuring Agreement – Mirabilis Ventures, Inc./ Presidion Solutions, Inc.
Page 9 of 22



Borrower

Mar 16 06 04:43p     Park Street Food Mart      7275442183          p.1

## AMENDMENT TO PURCHASE AND SALE AGREEMENT

The clauses below will be incorporated into and amend the Purchase and Sale Agreement (the "Agreement") by and between Mirabilis Ventures, Inc. ("Purchaser") and Floyd Road, LLC ("Seller") with an Effective Date of December 30, 2005 for the purchase and sale of the property described in Exhibit "A" attached to the Agreement and incorporated herein by reference (the "Property") with an effective date of March 15, 2005:

The Due Diligence Period, as that term is defined in the Agreement, is hereby extended through the date upon which the Seller has completed all environmental remediation (excluding any monitoring) required in a Phase III environmental assessment and report (the "Environmental Report") to the satisfaction of a third party engineering company, to be agreed upon by Purchaser and Seller.

Commencing on March 16, 2006, Purchaser's ability to terminate the Agreement under Article I (h) of the Agreement during the Due Diligence Period shall be limited as follows: Purchaser may terminate the Agreement under Article I (h) only if either: (1) the Environmental Report has not been delivered to the Purchaser or on or before June 15, 2006; or (2) the Seller fails to complete all environmental remediation (excluding monitoring) required in the Environmental Report to the satisfaction of a third party engineering company, to be agreed upon by Purchaser and Seller, before the date which is fifteen (15) days prior to the scheduled closing of the sale and purchase transaction of the Property as contemplated in the Agreement (the "Closing"). Any deadline set forth in the Agreement or this Amendment may be extended through the written agreement of the parties and no such extension shall be deemed a waiver of any right of any party to the Agreement.

The First Interim Deposit of $400,000.00 shall be delivered to the Escrow Agent at the end of the Due Diligence Period, as revised herein, provided that the Purchaser has not properly and timely terminated the Agreement as provided in the Agreement as modified by this Amendment.

The Second Interim Deposit shall be delivered to the Escrow Agent no later than fifteen (15) days prior to the Closing provided that the Purchaser has not properly and timely terminated the Agreement as provided in the Agreement and as modified by this Amendment.

Section 5.10(a) of the Agreement is hereby amended as follows: "Seller delivering, on or before May 15, 2006, to Purchaser:" is deleted in its entirety and replaced with "Seller delivering, on or before January 15, 2007, (or such later date as may be agreed to by the Purchaser and the Seller in writing), to Purchaser:"

"Purchaser"                                    "Seller"

Mirabilis Ventures, Inc.,                      Floyd Road, LLC,
A Nevada corporation                           a Florida limited liability company

By: _____                          By: _____
Frank Hailstones, President                    Walid Saba, Managing Member

Effective Date:   March 15, 2006               Effective Date:   March 15, 2006

## LOAN AGREEMENT

AGREEMENT, made this 18th day of July, 2006, by and between **FOX TECHNOLOGIES, INC.**, a Delaware Corporation ("**Borrower**") having an office at 3959 Fabian Way, Palo Alto, CA 94303 and **MIRABILIS VENTURES, INC.**, a Nevada Corporation ("**Lender**") having an office at 111 N. Orange Avenue, 20th Floor, Orlando, FL 32801.

## BACKGROUND

A. **Borrower** markets, distributes, and/or provides software products, solutions and services in the ordinary course of its business.

B. **Lender** has agreed to make available to **Borrower** a line of credit facility, subject to the terms and provisions hereof, of an amount not to exceed FIVE MILLION DOLLARS ($5,000,000.00), on the terms and conditions more specifically set forth.

C. The Line (as hereinafter defined), which terminates upon the Maturity Date, as defined in the Note (as hereinafter defined), shall provide working capital and payroll funding to the **Borrower**, and for no other purpose except as specifically allowed hereinafter.

**NOW, THEREFORE**, for valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the **Lender** and the **Borrower**, intending to be legally bound, agree as follows:

## ARTICLE I – DEFINITIONS AND CERTAIN RULES OF CONSTRUCTION

When used in this Agreement, the following initially capitalized terms shall have the meanings as specified:

1.1.   "**Advance**" shall mean any extension of credit by **Lender** to **Borrower** under the Line.

1.2.   "**Affiliate**" shall mean and include, as applied to any Person, any other Person directly or indirectly controlling, or through one or more Persons is controlled by, controlling or in common control with that Person. "**Control**" (including with correlative meanings, the terms "controlling," "controlled by" and under common control with"), as applied to any Person, means the possession, directly or indirectly, of the power to direct or cause the direction of the management and/or policies of that Person, whether through the ownership of voting securities, by contract, or otherwise.

1.3.   "**Borrower**" shall mean and include **FOX TECHNOLOGIES, INC.**, a Delaware corporation having an office at 3959 Fabian Way, Palo Alto, CA 94303.



1

**9.12.** **Compliance with Law.** **Borrower** and **Lender** recognize and agree that this Loan Agreement and each of the other Loan Documents is subject to, and agree to comply with, applicable local, state and federal statutes, rules and regulations. Any provision of applicable statutes, rules and regulations that invalidate any term of this Loan Agreement or any of the other Loan Documents, or would cause any of the parties hereto to be in violation of the law, shall be deemed to have superseded the terms of this Loan Agreement or any other such Loan Document; provided however that the **Borrower** covenants and agrees to use their best efforts to accommodate the terms and intent of this Loan Agreement and the other Loan Documents to the greatest extent possible.

**IN WITNESS WHEREOF, Borrower** and **Lender** have executed this Loan Agreement under seal, intending to be legally bound hereby, as of the day and year first above written.

<u>**BORROWER:**</u>    **FOX TECHNOLOGIES, INC.,** a
Delaware corporation

By: _____
Name:
Title:  President

<u>**LENDER:**</u>    **MIRABILIS VENTURES, INC.,** a
Nevada corporation

By: _____
Name:  FRANK HAILSTONES
Title:  President

21