# ATTACHMENT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| MIRABILIS VENTURES, INC. and NEXIA STRATEGY CORPORATION,<br><br>     Plaintiffs,<br><br>vs.<br><br>PALAXAR GROUP, LLC; PALAXAR HOLDINGS, LLC; FRANK HAILSTONES; EDITH CURRY a/k/a EDITH BROADHEAD; TERENCE CHU, et al.,<br><br>     Defendants,<br><br>vs.<br><br>MIRABILIS VENTURES, INC., et al.<br><br>     Counterclaim and Third Party<br>     Defendants. | Case No. 6:07-CV-1788-ORL-28-KRS<br>6:07-CV-1788-ORL-28-GJK |

## DECLARATION OF J. RUSSELL CAMPBELL

1.     My name is J. Russell Campbell. I am a resident of Jefferson County, Alabama. I am licensed to practice law in the State of Florida and admitted to practice in the Middle District of Florida.

2.     I am over the age of 19 and of sound mind.

3.     I am a partner in the law firm of Balch & Bingham, LLP and Chair the firm's Litigation Section. I have been practicing law since 1991. Before moving to Alabama, I practiced as a litigator with Steel, Hector & Davis in West Palm Beach, Florida. Since moving to Alabama, I have periodically worked on matters in Florida courts and/or for Florida clients. Allen Estes, who was admitted *pro hac vice* in this matter, is also a partner in Balch & Bingham.

1100149.1

4.     In 2007, Mirabilis Ventures, Inc. ("MVI") retained Balch & Bingham as legal counsel to represent the interests of MVI and Nexia Strategy Company ("Nexia") in possible litigation concerning the development and alleged misappropriation of an anti-fraud product referred to as Nexia Certification.

5.     Before filing the complaint in this case, Balch & Bingham conducted an investigation to determine whether there was sufficient evidence to substantiate Plaintiffs' accusations. The investigation process included, without limitation, the following:

a.     Eric Langley (my law partner) and I met face-to-face with representatives of MVI and Nexia, including Frank Amodeo, Jodi Jaiman, Jay Stollenwerk and others, on at least two occasions in Orlando, Florida. We also met with Aaron Bates (a former MVI employee) whose firm was handling the wind-down and liquidation of MVI, including acting as co-counsel in this matter. During these lengthy meetings, Plaintiffs' representatives explained to us the underlying facts. Both Eric Langley and I asked many questions and requested documents to support the allegations.

b.     Balch & Bingham (primarily through Eric Langley, Allen Estes, Lindsay Reese and me) held numerous conference calls and exchanged various e-mails with Plaintiffs' representatives to discuss the underlying facts, as well as the legal support for asserting causes of action based on the underlying facts. (While the fact that such discussions took place is not privileged, and is relevant to the motions filed by Defendant Chu and the Havener Defendants, the contents of these communications are privileged and/or work-product protected. We do not intend to waive any applicable privileges/protections).

c.     We requested, and Plaintiffs provided, thousands of pages of documents. The documents included, without limitation, the personnel files for the named defendants, files

related to the pending patent for Nexia Certification, documents related to MVI's funding the development of and patent application for Nexia Certification, audio/video tapes assembled and reviewed by Plaintiffs' representatives, financial records, board minutes, bylaws, employee handbooks, documents relating to the corporate activities of Plaintiffs and documents related to Palaxar Group LLC and Palaxar Holdings LLC.

   d. We reviewed the documents provided by Plaintiffs and created a timeline (work-product protected) to assist in understanding and verifying the underlying facts.

   e. Based on Plaintiffs' statements to us, the numerous documents provided and our review of the applicable law, we believed the claims had merit and easily satisfied Rule 11 standards.

   f. Before filing, a draft complaint (privileged/work-product) was circulated to Plaintiffs. Numerous revisions of the complaint were reviewed and re-circulated (privileged/work-product) to ensure that the complaint accurately set forth the Plaintiffs' understanding of the facts.  Again, the facts set forth in the complaint appeared consistent with the documents Plaintiffs provided and the other information we reviewed.

   6. We, with Plaintiffs' assistance, continued the investigation after filing the original complaint.  More documents were reviewed and additional telephone conferences and meetings were held.  Before filing the amended complaint adding Terrence Chu as a defendant, we again circulated to Plaintiffs a draft amended complaint (privileged/work-product).  Plaintiffs reviewed the draft amended complaint and the facts stated therein.  Again, the facts alleged in the amended complaint appeared consistent with the documents Plaintiffs provided and the other information we reviewed.

7.     In or about approximately May 2008, the law firm of Latham, Shuker, Eden & Beaudine LLP began representing Plaintiffs concerning bankruptcy proceedings and general litigation strategy. At that point, Balch & Bingham's role began to diminish. Then, just the very next month, on June 5, 2008, the Court entered an Order staying the case due to the bankruptcy proceedings initiated by MVI and administratively closing the case.

8.     I have read the Havener Defendants' accusations that I failed to disclose to the Bankruptcy Court our representation of MVI and Nexia while seeking to be appointed as special counsel. While I do not understand the significance of the accusation in the context of the pending motions, it is flatly wrong. First, the motion to appoint Balch & Bingham as special counsel clearly explains (with 4 references in just 3 pages) our prior representation of MVI in this case (and others). Our prior experience was relied upon as justification for the appointment. In one place, the motion states "Mirabilis desires to employ Campbell as its special counsel to continue to pursue existing commercial lawsuits against third parties." My declaration must be read with the motion it was intended to support; both were accurate, consistent and truthful.

9.     In  late October/early November 2009, I was contacted by a representative of Broad & Cassel LLP. I was told that Broad & Cassel would be taking over the representation of Plaintiffs in the pending litigation.

10.    Thereafter, I asked my partner, Allen Estes, to confirm with Mr. R.W. Cuthill, Jr., MVI's liquidating President, what I had been told. Mr. Estes confirmed that Broad & Cassel had been retained and that we were relieved of any authority to act on behalf of Plaintiffs in the pending litigation. Broad & Cassel filed the first motion to substitute on November 4, 2009. Since the filing of the motion to substitute, we have done no work on this matter other than (a) ask Broad & Cassel to follow-up on the motion to substitute and (b) respond to various

1100149.1                                                  4

(unfounded) allegations made against us by Defendant Chu, the other Defendants and Ms. Havener.

      11.    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the facts set forth in this declaration are true to the best of my knowledge.

J. Russell Campbell

ATTACHMENT B

Redacted

**From:** R W Cuthill Jr [mailto:rcuthill@msn.com]
**Sent:** Thursday, November 19, 2009 10:48 AM
**To:** Langley, Eric
**Cc:** Estes, Allen; Corbin, Katy
**Subject:** Re: Fee Application

Eric:

I plan on making payments 12/10/09.  You can close your files.  Broad and Cassel has taken over the cases.

Bill Cuthill
341 N. Maitland Ave., Ste. 210
Maitland, FL 32751
407-644-3761 Ext. 235
trusteeandexaminercuthill.com

This e-mail is intended for the use of the recipient and may contain confidential or privileged information.  Any person receiving this e-mail other then the intended recipient is prohibited from using or disseminating this information.  If you received this e-mail and are not the intended recipient, please notify the sender and destroy the e-mail.

Redacted

# ATTACHMENT C

**Redacted**

---

**From:** R. Scott Shuker [mailto:rshuker@lseblaw.com]
**Sent:** Tuesday, December 01, 2009 2:00 PM
**To:** kbhavener@havenerlaw.com; Janice Driggers - Bakerlaw; abates@batesmokwa.com; Estes, Allen; Campbell, Russ; jrasking@raskinlaw.com; Marty Raskin; kbhavener@gmail.com; cho@litchfordchristopher.com; ctaylor@shutts.com; jmcelroy@shutts.com; jlussier@mateerharbert.com; shepherd@pohlshort.com; jfisher@fisherlawfirm.com; dbloodworth@deanmead.com; rbloodworth@deanmead.com
**Cc:** Marshall A. Franklin; Elizabeth Green - Bakerlaw
**Subject:** RE: Mirabilis v Palaxar - District Court Case No. 6:07-cv-1788-ORL-28-KRS

It has.  Liz, make sure your motion is clear that Broad and Cassell will continue as counsel.

---

**From:** kbhavener@havenerlaw.com [mailto:kbhavener@havenerlaw.com]
**Sent:** Tuesday, December 01, 2009 2:45 PM
**To:** Janice Driggers - Bakerlaw; abates@batesmokwa.com; aestes@balch.com; rcampbell@balch.com; jrasking@raskinlaw.com; Marty Raskin; kbhavener@gmail.com; cho@litchfordchristopher.com; ctaylor@shutts.com; jmcelroy@shutts.com; jlussier@mateerharbert.com; shepherd@pohlshort.com; jfisher@fisherlawfirm.com; dbloodworth@deanmead.com; rbloodworth@deanmead.com
**Cc:** R. Scott Shuker; Marshall A. Franklin; Elizabeth Green - Bakerlaw
**Subject:** Re: Mirabilis v Palaxar - District Court Case No. 6:07-cv-1788-ORL-28-KRS

I am confused, since I understood that Mirabilis' representation had been outsourced to Broad + Cassell. That said, on behalf of Defendant Hailstones, I do not object.

Sent from my Verizon Wireless BlackBerry

---

**From:** "Driggers, Janice M." <jdriggers@baker.com>
**Date:** Tue, 1 Dec 2009 12:39:46 -0500
**To:** <abates@batesmokwa.com>; <aestes@balch.com>; <rcampbell@balch.com>; <jrasking@raskinlaw.com>; <mraskin@raskinlaw.com>; <kbhavener@gmail.com>; <cho@litchfordchristopher.com>; <jlussier@mateerharbert.com>; <shepherd@pohlshort.com>; <jfisher@fisherlawfirm.com>; <dbloodworth@deanmead.com>; <rbloodworth@deanmead.com>
**Cc:** R. Scott Shuker<rshuker@lseblaw.com>; Marshall A. Franklin<MFranklin@lseblaw.com>; Green, Elizabeth A.<egreen@bakerlaw.com>
**Subject:** Mirabilis v Palaxar - District Court Case No. 6:07-cv-1788-ORL-28-KRS

Dear Counsel:

Attached please find our draft Motion to Withdraw as Counsel in the above reference matter. Since Ms. Green has left Latham Shuker Eden & Beaudine LLP ("Latham Shuker") and the client has chosen to remain with

Latham Shuker, Ms. Green would like to file her Motion to Withdraw as Counsel today.

We ask that you please review the Motion and respond back with you approval or objections to the Motion to Withdraw as soon as possible.

Please let me know if you need anything else.

Thank you,
Janice Driggers

| Web site |

T 407.649.4093
F 407.841.0168
M
www.bakerlaw.com

**Janice Driggers**
Case Assistant
jdriggers@bakerlaw.com

Baker & Hostetler LLP
SunTrust Center, Suite 2300
200 South Orange Avenue
Orlando, Florida 32801-3432



This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

Internet communications are not assured to be secure or clear of inaccuracies as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. Therefore, we do not accept responsibility for any errors or omissions that are present in this email, or any attachment, that have arisen as a result of e-mail transmission.

# ATTACHMENT D

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MIRABILIS VENTURES, INC. and NEXIA )
STRATEGY CORPORATION,                )
                                     )
      Plaintiffs,              )
                                     )
vs.                             )
                                   )
PALAXAR GROUP, LLC; PALAXAR    )
HOLDINGS, LLC; FRANK HAILSTONES; )
EDITH CURRY a/k/a EDITH         )    Case No. 6:07-CV-1788-ORL-28-KRS
BROADHEAD; TERENCE CHU, et al.,  )           6:07-CV-1788-ORL-28-GJK
                                   )
      Defendants,            )
                                   )
vs.                             )
                                   )
MIRABILIS VENTURES, INC., et al.   )
                                   )
      Counterclaim and Third Party   )
      Defendants.            )

## DECLARATION OF ALLEN M. ESTES

1.     My name is Allen M. Estes.  I am a resident of Jefferson County, Alabama.  I am licensed to practice law in the State of Alabama and was admitted *pro hac vice* in this proceeding.

2.     I am over the age of 19 and of sound mind.

3.     I am a partner in the law firm of Balch & Bingham, LLP.  I have been practicing law since 2000.

4.     I have read the allegation that I attended a meeting at which both Elizabeth Green and Randy Gold were present and MVI's bankruptcy was discussed, and that I thus possessed information resulting from that meeting. Haevner Defendants' Motion for Reconsideration, at 5.

That is false.  I have never been in any meeting, in fact any room or location, with both Ms. Green and Mr. Gold at the same time.

5.      I have also read the claim that I defended Ms. Jodi Jaiman at a deposition "only twelve days after this case had been filed." Haevner Defendants' Motion for Reconsideration, at 3.  That is also false.  I was not at that deposition.

6.      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the facts set forth in this declaration are true to the best of my knowledge.

_____
Allen M. Estes

2