**ATTACHMENT A**

| | |
|---|---|
| From: | Kathleen Havener [kbhavener@havenerlaw.com] |
| Sent: | Tuesday, January 05, 2010 9:11 PM |
| To: | 'Kathleen Davies'; randy.gold@usdoj.gov; aestes@balch.com; jsadrianna@cfl.rr.com; shepherd@pohlshort.com; jraskin@raskinlaw.com; rcampbell@balch.com; 'AARON BATES'; 'Matt Mokwa'; nbuckner@deanmead.com; smarshall@deanmead.com; nvilmos@broadandcassel.com; mraskin@raskinlaw.com |
| Subject: | RE: Deposition schedule next week |

*Contrary to your understanding, Ms. Davies, it is our understanding that the depositions next week pertain only to Mirabilis and Nexia's claims against the Defendants sufficient to allow Plaintiffs to respond to the summary judgment motion. If you intend going beyond Plaintiffs' affirmative claims, we will object and consult the magistrate for an immediate ruling. We are absolutely willing to provide time for our clients to be deposed with respect to the counterclaims when the summary judgment motion is ruled upon.*

*If it is anyone's intention to go beyond the Plaintiffs' affirmative claims and question Ms. Curry or Mr. Hailstones with respect to the counterclaims, we suggest that we seek the magistrate's judgment in advance to determine what is fair game for these discovery depositions.*

*Best regards,*

*Kathleen*



**From:** Kathleen Davies [mailto:kdavies@thedavieslawfirm.com]
**Sent:** Tuesday, January 05, 2010 7:27 PM
**To:** Kathleen Havener; randy.gold@usdoj.gov; aestes@balch.com; jsadrianna@cfl.rr.com; shepherd@pohlshort.com; jraskin@raskinlaw.com; rcampbell@balch.com; AARON BATES; Matt Mokwa; nbuckner@deanmead.com; smarshall@deanmead.com; nvilmos@broadandcassel.com
**Cc:** kdavies@thedavieslawfirm.com
**Subject:** Re: Deposition schedule next week

Counsel:

Further to our previous conversations, I am writing to reiterate my understanding that the depositions scheduled for next week pertain only to the claims and counterclaims at issue between Mirabilis, Nexia, Palaxar, Ms. Curry, and Mr. Hailstones, and not the third-party claims against my clients. Since there is no scheduling order in place covering the third-party claims and the motion to sever remains unresolved, we have been unable to conduct any discovery (i.e. Rule 26 disclosures, paper discovery, etc.). See L.R. 3.05(c)(2)(B).

Please let me know if you disagree with this. Thanks.

Sincerely,

Kathleen Davies

On Jan 5, 2010, at 4:11 PM, Kathleen Havener wrote:

*Thank you all for your courtesy.*

*Best regards,*

*Kathleen*