**ATTACHMENT B**

From:
Sent:            Sunday, May 16, 2010 5:11 PM
To:              'Nicolette Vilmos'; Yaniv Amar'; Kathleen Havener; 'Martin Raskin'; Randy (USAFLM)' 'Gold
Cc:              raskinlaw@aol.com; aestes@balch.com; rcampbell@balch.com; abates@batesmokwa.com; jsadrianna@cfl.rr.com; Lisa Quinones,
                 Legal Secretary; 'Jane Raskin'; kdavies@thedavieslawfirm.com
Subject:         RE: Case Management Conference

It would have been difficult for me to attend this conference seeing as how I was in mediation that day.  My recollection is
however that the purpose of this conference was to set up the scheduling on the issues between Mirabilis and the Defendants
on the primary claims and so my attendance was not necessary.  Our Motion to Sever had not been ruled on and we had not even
filed an answer to the complaint.  I would not have agreed to a conference call on that date if the discussions were going
to be on setting discovery deadlines and other dates for the third party complaints, which will involve a significant amount
of discovery and depositions.  I was not on the call and we did not and would not have ever agreed to any of the discovery
deadlines or other dates contained in the scheduling order if they were to pertain to the third party claims.  Again, it was
our understanding that this order was directed to Mirabilis and the Defendants on the principal claims in this matter.  In
fact, I believe that I expressed that position to the Court at the status conference on December 2, 2010 when I explained
that there would be a significant amount of discovery concerning just the third party claims and we requested that the Court
rule on the motion to sever before becoming embroiled in that discovery.  I am prepared to explain my understanding to the
Court if necessary.