IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MIRABILIS VENTURES, INC. and
NEXIA STRATEGY CORPORATION,

Case No. 6:07-CV-1788-ORL-28-KRS

    Plaintiff,

v.

PALAXAR GROUP, LLC.;
PALAXAR HOLDINGS, LLC;
FRANK HAILSTRONES; EDITH CURRY
a/k/a EDITH BROADHEAD; and TERENCE
CHU,

    Defendants.

v.

MIRABILIS VENTURES, INC. and
NEXIA STRATEGY CORPORATION,

And THIRD PARTY CORPORATION,
WELLINGTON CAPITAL GROUP, INC.,
YANIV AMAR, FRANK AMODEO,
AARON BATES, MATTHEW MOKWA,
ROBERT POLLACK, JAMES SADRIANNA.

    Third Party Defendants.

## PLAINTIFFS' AMENDED MOTION TO STRIKE DEFENDANT TERENCE CHU'S SUPPLEMENT TO DEFENDANT CHU'S MOTION FOR SANCTION [D.E. #259] AND IN THE ALTERNATIVE, LEAVE TO RESPOND

Plaintiffs, MIRABILIS VENTURES, INC. and NEXIA STRATEGY CORPORATION[1],

and its undersigned attorneys, hereby moves to strike *Defendant Terence Chu's Supplement to*

---

[1] The Bankruptcy Court in *In re: Mirabilis Ventures, Inc.*, Case No. 6:08-bk-4327-KSJ, has found that the claims of Nexia in this litigation remain the property of the Debtor's estate in the Chapter 11 bankruptcy and, as such, can be litigated by Mirabilis. Both the United States and Mirabilis have filed Notices regarding said Bankruptcy Order (See D.E. #257, 258).

*Defendant's Motion for Sanctions and Incorporated Memorandum of Law* (D.E. #259), and states as follows:

## I.    PROCEDURAL HISTORY

1. On or about May 6, 2010, Defendant Chu filed its Motion for Sanctions with Memorandum of Law (D.E. #242).

2. On or about May 24, 2010, Attorney Aaron C. Bates of Bates Mokwa, PLLC filed his Response in Opposition to the Motion for Sanctions. (D.E. #251).

3. On or about May 24, 2010, Attorneys Allen Estes and Russ Campbell of Balch & Bingham, LLP filed their Response in Opposition to the Motion for Sanctions (D.E. #252).

4. On or about May 24, 2010, the Plaintiff, Mirabilis Ventures, Inc., filed its Response in Opposition to the Motion for Sanctions. (D.E. #254).

5. On or about June 8, 2010, Defendant Chu filed its Supplement to Defendant's Motion for Sanctions and Incorporated Memorandum of Law. (D.E. #259).

## II.    CHU'S SUPPLEMENT TO DEFENDANT'S MOTION FOR SANCTIONS AND INCORPORATED MEMORANDUM OF LAW SHOULD BE STRICKEN FOR LACK OF COMPLIANCE WITH LOCAL RULE 3.01

Chu's Supplemental Motion for Sanctions and Incorporated Memorandum of Law (D.E. #259) supplements his previously filed Motion for Sanctions (D.E. #242). Pursuant to Local Rule 3.01(c), no party shall file any reply *or further memorandum* directed to a motion or response unless the court grants leave. In this case, Defendant Chu has failed to seek leave of court to file this further memorandum in support of his Motion for Sanctions. Although Defendant Chu has sent numerous e-mails to counsel for Plaintiffs, none of the e-mails stated that it was conference pursuant to Local Rule 3.01 or can fairly be read as a request to file a supplemental motion for sanctions. Therefore, Defendant Chu failed to confer in good faith with

counsel for the Plaintiff prior to filing his supplemental motion. The Court should therefore strike Defendant Chu's Supplement to his Motion for Sanctions for lack of compliance with Local Rule 3.01(c) and (g). In the alternative, should this Court give credence to Defendant Chu's supplement, Plaintiffs respectfully request in the alternative that this Court grant leave to the Plaintiffs to substantively respond to Defendant Chu's Supplement.

### CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 3.01(g), on July 3, 2010, the undersigned contacted Terence Chu, Esquire, Defendant, in a good faith effort to resolve the relief requested in this Motion. Mr. Chu advised the undersigned that he opposed the relief requested in this Motion.

WHEREFORE, the Plaintiffs, Mirabilis Ventures, Inc., and Nexia Strategy Corporation, respectfully request that this Court strike Defendant Chu's Supplement to Defendant's Motion for Sanctions and Incorporated Memorandum of Law, and in the alternative, grant the Plaintiffs leave to respond to said Supplement, along with any other relief deemed just and proper.

/s/ Todd K. Norman
Todd K. Norman
Florida Bar No.: 62154
Nicolette Corso Vilmos
Florida Bar No.: 0469051
**BROAD AND CASSEL**
390 N. Orange Ave., Suite 1400
Orlando, FL 32801
Phone: 407-839-4200
Fax: 407-425-8377

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by CM/ECF notice this 7th day of July, 2010, to Kathleen B. Havener, Esq., The Havener Law Firm, LLC, 15511 Russell Road, Chagrin Falls, OH 44022; Frank Amodeo, FCC-Low, B3, P.O. Box 1031, Coleman, FL 33521-1031; Chu, 5637 Country Hills Lane, Glen Allen, VA 23059; Martin R. Raskin and Jane Serene Raskin, Raskin & Raskin, P.A., 2601 South Bayshore Drive, Suite 725, Miami, Florida 33133; Kathleen S. Davies, The Davies Law Firm, 126 E Jefferson St, Orlando, FL 32801; James Vincent Sadrianna, 10025 Chatham Oaks Court, Orlando, FL 32836, James Robert Lussier, Mateer & Harbert, PA, 225 E Robinson St., Ste 600, Orlando, FL 32802-2854; James Everett Shepherd, Pohl & Short, PA, 280 W Canton Ave., Ste 410, Winter Park, FL 32790; John Edwin Fisher, Fisher, Rushmer, Werrenrath, Dickson, Talley & Dunlap, PA, 20 N Orange Ave., Ste 1500, Orlando, FL 32802-0712; Darryl M. Bloodworth & L. Reed Bloodworth, Dean, Mead, Egerton, Bloodworth, Capouano & Bozarth, PA, 800 N Magnolia Ave., Ste 1500, Orlando, FL 32802-2346 and the US Attorney's Office, Suite 300, 501 W Church St, Orlando, FL 32805.

/s/ *Todd K. Norman*
Todd K. Norman
Florida Bar No: 62154
tnorman@broadandcassel.com