UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| MIRABILIS VENTURES, INC. and NEXIA STRATEGY CORPORATION, <br><br> Plaintiffs, <br><br> -vs.- <br><br> PALAXAR GROUP, LLC; PALAXAR HOLDINGS, LLC; FRANK HAILSTONES; EDITH CURRY a/k/a EDITH BROADHEAD; and TERENCE CHU, <br><br> Defendants, <br><br> vs. <br><br> MIRABILIS VENTURES, INC., et al. <br><br> Counterclaim and Third Party Defendants. | Case No.: 6:07-CV-1788-ORL-28-GJK <br><br><br> DEFENDANT TERENCE CHU'S OPPOSITION TO PLAINTIFFS MIRABILIS VENTURES, INC., AND NEXIA STRATEGY CORPORATION'S MOTION TO SUSPEND THE CURRENT DEADLINES SET FORTH IN THE AMENDED CASE MANAGEMENT ORDER [DOC. 190] |

COMES NOW the Defendant, without waiving his defense of lack of personal jurisdiction, Terence Chu, ("Chu") *pro se*, and pursuant to Fed. R. Civ. P. 26(g), 26(e), 37(c)(1)(A) and (C); hereby files his opposition to Plaintiff's fourth request for an extension in this case. Plaintiffs now state they "need the United States of America's appeal to be resolved to ensure the claims of Nexia in this litigation can be litigated by Mirabilis...and Plaintiffs believe they cannot adequately prepare for trial and meet the deadlines set forth in the Amended Case Management and Scheduling Order" and yet, they certify this request *on behalf of and presumably with the full-authority of* Nexia Strategy Corporation. Plaintiffs attested grounds for the need for yet another extension are false and filed in bad faith. Further, Plaintiffs cite their motion is pursuant to Fed. R. Civ. P. 26(b)(2), 30(a)(2) and 30(d)(2) - none of which have any applicability to the reasons Plaintiffs have certified to the Court.

1.  On December 2, 2009, this Court, lifting a 17-month stay of this case, held a status conference in which Plaintiffs' counsel, Broad and Cassel, requested a additional 60 day extension[1] because they were "new to the case." This Court denied that request outright stating, "No, you take the case as you find it." (Doc. 178). Despite that, Defendants voluntarily granted Plaintiffs 75 days to conduct depositions and respond to the Motion for Summary Judgment.

2.  On January 12 - 13, 2010, Plaintiffs completed depositions of Defendants Hailstones and Curry (Docs. 200 & 199)[2] whereby counsel for Defendants stated:

| | |
|---|---|
| MS. HAVENER: | Before we start questioning again; it's my understanding that Broad & Cassel took over representation of Mirabilis. |
| MR. NORMAN: | That's my understanding as well. |
| MS. HAVENER: | Therefore, I'm correct in understanding that no one is here to represent Nexia? |
| MR. NORMAN: | My understanding is that we represent both entities. |
| MR. CUTHILL: | Nexia is a wholly owned subsidiary of Mirabilis. I'm the president of Mirabilis. |
| MS. HAVENER: | That used to be the case, however in the ... |
| MR. CUTHILL: | It was administratively dissolved, the corporation. |
| MS. HAVENER: | In the bankruptcy settlement, Nexia Strategy Corporation was assigned to the Government. *So unless you're representing the Government's interest in Nexia, it's a problem.* I just wanted to have it on the record, that's all. (Emphasis added.) |
| MR. NORMAN: | Well, we'll have to clarify the issue. My understanding is that we were representing both, but we'll clarify as we go forward. |

---

[1] Note: This case had been stayed for 17 months at the request of Plaintiff's Bankruptcy counsel case styled *In re Mirabilis Ventures, Inc.*, Case No. 6:08-bk-04327-KJS (Doc. 143) after this Court denied (Doc. 142) Plaintiffs' third request for an extension of time (Docs. 134, 99 57).

[2] Doc. 199 at pp 86-87 at 15-25 and 1-11 respectively.

2

3. On February 10, 2010, this Court entered *The Amended Case Management and Scheduling Order* (Doc. 190). Pursuant to the Order, Designated lead counsel, Broad and Cassel, was required to contact opposing counsel and the mediator to reserve a conference date and file a Notice with the Court within 14 days of the Order. Broad and Cassel did not comply.

4. On March 3, 2010, this Court ordered the Plaintiffs to comply with the February 10, 2010 *Amended Case Management and Scheduling Order* and to file a Notice of Mediation within 7 days from the date of the Order. (Doc 207.)

5. On March 10, 2010, Plaintiffs filed a Notice of Compliance (Doc 213) scheduling Mediation for August 10, 2010 without first contacting or conferring with Defendant Chu. (Exhibit A.)

6. On March 12, 2010, Plaintiffs' filed a *Motion to Extend the Deadline to File an Amended Complaint and Add Parties or in the Alternative Motion for Leave to File Amended Complaint and Add Parties and Modify Case Style* (Doc. 217) stating:

> It is Mirabilis' position that the Bankruptcy Court's Order Approving *Motion for Approval of Compromise of Controversy By and Between Debtors and The United States of America* provided that Mirabilis obtained the right, on behalf of itself and Nexia to pursue the instant law suit. As a result, Mirabilis is filing a motion with the Bankruptcy Court seeking clarification of the Bankruptcy Court's Order Approving *Motion for Approval of Compromise of Controversy By and Between Debtors and The United States of America.*
>
> **Please note that Plaintiffs did not actually file their motion seeking clarification of the Bankruptcy Court's Order for another full month - April 15, 2010.**

7. On March 26, 2010, Plaintiffs' filed (Doc. 226) a *Notice of Withdrawal of [222] Reply to [219] Response in Opposition by Mirabilis Ventures* in which Plaintiffs' *without leave of either this Court or even filing their motion for clarification in Bankruptcy Court, unilaterally amended the style of the case to read*: "Mirabilis Ventures, Inc., a Florida corporation and as assignee of the litigation rights for Nexia Strategy Corporation (collectively "Mirabilis")." March 30, 2010, Defendant Chu sent an email to Plaintiffs' counsel asking for clarification regarding the Plaintiffs' arbitrarily amending the style of the instant case to which Plaintiffs have never responded. (Exhibit B.)

3

8.      On March 29, 2010, the United States Government filed their Opposition to Plaintiffs' Motion to Substitute Counsel. (Doc. 225).

9.      On April 6, 2010, Plaintiffs filed an *Amended Notice of Mediation* to be held in Orlando, Florida on June 29, 2010. (Doc 230). – Conspicuously absent from this filing was any reference to the contested ownership of Nexia Strategy Corporation.

10.     April 15, 2010, Plaintiffs' finally filed a *Motion to Confirm Property of the Estate Under the Court Approved Compromise with the United States of America* with the Bankruptcy Court for the Middle District of Florida, Orlando Division (D.E. 101). (Exhibit C.) In their motion, Plaintiffs' were seeking confirmation of ownership of Nexia Strategy Corporation's litigation claims against Defendants pursuant Plaintiffs' November 28, 2008 *Motion for Approval of Compromise of Controversy By And Among Debtors And the United States of America* (Bankr. Doc 101) (and approved by the Bankruptcy Court on March 4, 2009 (Bankr. Doc. 145)). It took Plaintiffs 22 months from the "Administrative Dissolution of Nexia Strategy Corporation;" 19 months after their Compromise of Controversy with the United States; 15 months after the Compromise of Controversy was approved by the Bankruptcy Court; and 7 months after the stay in this case was lifted to formally raise with this Court the very issue Defendants had sought to resolve at the December 2, 2009 Status Conference.

11.     June 2, 2010, the Bankruptcy Court for the Middle District of Florida, Orlando Division, granted Plaintiff's *Motion to Confirm the Property of the Estate Under the Court Approved Compromise with the United States of America.* (Bankruptcy Doc 562, 563.) after conducting a 3 hour Evidentiary Hearing on the Motion on May 19, 2010. In it's June 2, 2010 order, the Bankruptcy Court stated:

> Mr. Cuthill's further testified that he spent *significant time evaluating* whether Mirabilis or Nexia held more valuable claims against Palaxar, and that, in his estimation, Nexia held the more valuable claims. Mr. Cuthill stated that, for this reason, he always intended to retain Nexia's claims. In short, Mr. Cuthill's testimony established that he had evaluated the value of Nexia's claims, referenced the claims on his schedule shared with the government, and believed the parties agreed the debtor would retain control of Nexia's claims in the Palaxar Litigation, even though no specific discussion occurred. (Bankr. Doc 565). (Emphasis added)[3]

---

[3] In an incredible irony and further evidence of Plaintiffs' bad faith, Chu discovered an April 27, 2005 patent application filed by inventors Frank Amodeo and Robert W. Pollack (MVI and/or Nexia Board Members 2005-

4

Clearly, Plaintiffs were well aware of this issue months prior to raising it to this Court at this late juncture.

12. On June 16, 2010, the United States of America appealed to this Court the Bankruptcy Court's *Memorandum Opinion Granting Debtor's Motion to Confirm Property of the Estate* (Bankr. Doc 569)

13. June 28, 2010, Plaintiffs' counsel Broad and Cassel entered a *Notice of Appearance on Behalf of Nexia Strategy Corporation*, and by doing so, led Defendants to believe they had full-authority to represent Plaintiffs and attend court-ordered Mediation scheduled for the following day in Orlando, Florida.

14. June 30, 2010, - the day after the mediation began - Plaintiffs' filed *Plaintiffs Mirabilis Ventures, Inc., and Nexia Strategy Corporation's Motion to Suspend the Current Deadlines Set Forth in the Amended Case Management Order [D.E. #190]* stating:

> ...Plaintiffs need the United States of America's appeal to be resolved to *ensure that the claims of Nexia in this litigation can be litigated by Mirabilis*. They are waiting on a ruling on the United States of America's appeal so the Plaintiffs may renew its Motion for Leave to Amend and File a Third Amended Complaint ...as the Plaintiffs believe they cannot adequately prepare for trial and meet the deadlines set forth in the Amended Case Management and Scheduling Order. (Emphasis added)

I. **PLAINTIFFS HAVE KNOWN ABOUT NEXIA STRATEGY CORPORATION'S DISSOLUTION AND PURPORTED ASSIGNMENT AND DID NOT NOTIFY DEFENDANTS NOR TAKE APPROPRIATE STEPS TO RESOLVE THE CONFLICT.**

Plaintiffs negotiated the November 28, 2008 *Motion for Approval of Compromise of Controversy by and Among Debtors And the United States of America* over 19 months ago and it was approved by the Bankruptcy Court over 16 months ago. Defendants, including Chu, raised this issue with Plaintiffs on *numerous separate occasions* including; orally at the December 2, 2010 Status Conference, at the January 12, 2010 Deposition of Ms. Curry, in the February 19, 2010 *Defendants' Joint Motion to Strike the Affidavit of R. W. Cuthill* (Doc. 203), in the March 1, 2010 *Defendants' Reply in Support of Their Joint Motion for Summary Judgment*, (Doc. 206), and in several emails with Plaintiffs' counsel. And only now, after much time was spent to prepare, as well as the thousands of dollars of additional costs

---

2007) and Plaintiffs through their search of thousands of documents and hundreds of hours of video tapes have not mentioned this "asset" nor pursued Amodeo or Pollack. See Exhibit D.

expenses and mediation were incurred by Chu and other Defendants, do Plaintiffs assert the "need to await the outcome of the United States Government's appeal to determine Nexia Strategy Corporation's litigation authority."[4]

Plaintiffs have violated Fed. R. Civ. P. 26(g), 26(e), 37(c)(1) (A) and (C) by not disclosing to Chu that Nexia Strategy Corporation had been administratively dissolved as of August 28, 2008. In addition they failed to provide a Notice of Assignment (Exhibit E.) as required by Fed. R. Civ P. 25(c) regarding Substitution of Parties - Transfer of Interest.[5]

Plaintiffs have known about this controversy for almost two years and despite Plaintiffs' president R. W. Cuthill and lead counsel Todd Norman's commitment to "clarify it" in a January 12, 2010 deposition, Plaintiffs waited over *three months* to file their motion with the Bankruptcy Court. During that time, Plaintiffs filed have filed 22 papers with this Court - all, save the current motion, asserting their "ownership rights in" and Nexia Strategy Corporation's claims.

Plaintiffs' counsel have also repeatedly asserted to this Court they were in fact, authorized to represent Nexia Strategy Corporation, most recently on June 28, 2010.[6] Yet, two days later - Plaintiffs' counsel assert they can't proceed until the USG's appeal (filed 14 days earlier) is resolved. Plaintiffs therefore can not have it both ways - either they owned Nexia's litigation claims in the instant case, or they did not. Counsel for Plaintiffs either represented Nexia Strategy Corporation through June 30, 2010

---

[4] Plaintiffs' timing is curious as well. This Court's order (Doc. 190) required that mediation occur prior to August 27, 2010. Plaintiffs could have simply re-scheduled to a later date and still remain in compliance with the Court's order. Yet they elected to proceed at great harm and prejudice to the Defendants.

[5] If an interest is transferred, the action may be continued by or against the original party unless *the court, on motion, orders the transferee to be substituted in the action or joined with the original party*. The motion must be served as provided in Rule 25(a)(3). (Emphasis added.)

[6] This was another false statement by Plaintiff's counsel and has been patently false since the order of the *Motion for Approval of Compromise of Controversy By and Between Debtors and The United States of America* was entered by the Bankruptcy Court. That order transferred ownership of Nexia Strategy Corporation to the United States. This transfer was not contested by Plaintiffs even in their *Motion to Confirm Property of the Estate Under the Court Approved Compromise with the United States of America*. Furthermore, Plaintiffs failed to recognize this issue in any of their filings with this Court prior to the instant motion *despite Defendants' repeated requests for clarification.* Plaintiffs then have the audacity to request the Court suspend the current deadlines so that a controversy over ownership can be resolved – a 'controversy' that Plaintiff knew about and did nothing to resolve for several months.

or they did not. Accordingly, either the Plaintiffs' June 28, 2010 Notice or their June 30, 2010 Motion was filed in bad faith, as they are positionally inconsistent, mutually exclusive and therefore should be denied. The United States Government's motion opposing *Plaintiffs' Motion to Substitute Attorneys* was filed on March 29, 2010 (Doc. 225). On April 15, 2010, Plaintiffs' sought clarification from the Bankruptcy Court, but waited nearly *three months* before raising this "controversy" with this Court, while seeking their fourth-requested stay or extension of this case. At the very least, Plaintiffs could have rescheduled the June 29, 2010 Mediation. The fact that Plaintiff did not is consistent with Plaintiff's prior conduct in this case – which has consumed precious judicial resources was well as delayed the resolution of this case and increased the costs and burden to all Defendants. It should be noted that unlike Defendants, Mr. Cuthill, (the person directing Plaintiffs' legal strategy) profits from this very same strategy as his compensation is $450.00 per hour and any delay benefits him and Plaintiffs' counsel personally. For the Defendants, including Defendant Chu, the additional costs and delay add further harm onto the harm they have already suffered defending this baseless suit.

II. PLAINTIFFS HAVE FAILED TO DISCLOSE TO THIS COURT THEY HAVE ALREADY DEPOSED ONE OF THE PARTIES THEY SEEK TO ADD.

Plaintiffs seek a third amended complaint to add two additional defendants [Mr. Laurie Holtz and Mr. Michael Dement] citing Fed. R. Civ. P. 26(b)(2)[7], 30(a)(2)[8] and 30(d)(2)[9]. There is no new evidence to support that either Mr. Holtz or Mr. Dement have been involved in or in any way profited from 'Nexia Certification. To the extent that there is any new evidence, it proves the opposite. In fact, Plaintiffs have failed to disclose to the Court that they already have Mr. Holtz' five hour video-taped deposition conducted on February 23, 2010 - whereby Mr. Holtz testifies:

---

[7] Fed. R. Civ. P. 26(B)(2) - Duty to Disclose; General Provisions Governing Discovery (B) Discovery Scope and Limits (2) Limitations on frequency and extent

[8] Fed. R. Civ. P. 30(a)(2) - Deposition by Oral Examination (2) *With Leave.* A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2):

[9] Fed. R. Civ. P. 30(d)(2) - Duration; Sanction; Motion to Terminate or Limit (2) Sanction. The court may impose an appropriate sanction — including the reasonable expenses and attorney's fees incurred by any party — on a person who impedes, delays, or frustrates the fair examination of the deponent.

Q. Did you ever receive any economic benefit from Nexia Certification?
A. No.

III. <u>CONCLUSION.</u>

*Plaintiffs Motion to Modify (Suspend) the Current Deadlines Set Forth in the Amended Case Management Order* should be denied for bad faith. Plaintiffs have engaged in unreasonable and vexatious litigation as a part of these proceedings. See *Cruz v. Savage*, 896 F. 2d 626, 631 (1st Cir. 1990). The Movants have introduced no evidence substantiating the factual and legal allegations made after all of the aforementioned hearings, depositions and motions - yet Plaintiffs persist in their unsupportable claims in spite of ample sworn testimony and evidence to the contrary. A showing of bad faith defeats a claim that neglect was excusable, and a court should consider all relevant circumstances including: prejudice to the opposing party, "length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the [party], and whether the [party] acted in good faith." *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996) (citing *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 381 (1993)).

Plaintiffs have not been prejudiced in this proceeding in anyway. Every delay was the direct result of their action or inaction. Each one. The resulting harm to the *pro se* Defendant Chu has been enormous. In *Costa & Grissom Machinery Company, Inc. v. Qingdao Giantway Machinery Co., Ltd. et al (1:2008cv02948)* it further distinguished *pro se* litigants from litigants represented by counsel, stating that "*pro se* inmates, with limited access to legal materials, occupy a position significantly different from that occupied by litigants represented by counsel. *Moore v. State of Florida*, 703 F. 2d 516, 520 (11th Cir. 1983). Here, while the defendant is not an inmate, the principle articulated by the Eleventh Circuit still applies. *Pro se* litigants are significantly disadvantaged, and for this reason, opposing counsel and the court must be especially concerned with misrepresentations to the court."[10] After months of total silence,

---

[10] See Amended Case Management and Scheduling Order (Doc. 190) Section II (A): Counsel must respond promptly to inquiries and communications from opposing counsel. Board of Governors of the Florida Bar, *Ideals and Goals of Professionalism*, ¶ 6.10 and *Creed of Professionalism* ¶ 8 (adopted May 16, 1990), available at www.floridabar.org (Professional Practice - Henry Latimer Center for Professionalism). The Court will deny motions that fail to include an appropriate, complete Rule 3.01(g) certificate.

8

Plaintiffs' lead counsel, Broad and Cassel, finally replied to *pro se* Defendant Chu's numerous inquires and concluded by stating that his questions "do not warrant a response, in his opinion." (Exhibit F.)

Plaintiff has, throughout the course and conduct of this proceeding, represented and more importantly, acted, as if it was the rightful owner of either Nexia Strategy Corporation or its underlying claims (the "Nexia Claims"). Plaintiff has repeatedly asserted that ownership in all pleadings and negotiations. In point of fact, based on the Bankruptcy Court's decision, *which has not been stayed*, Plaintiff *currently is the legal owner* of the Nexia claims and will continue to be the owner of the Nexia claims unless and until the Bankruptcy court's decision on that matter is overturned.

Plaintiff will not be prejudiced while awaiting the outcome of the appeal of the Bankruptcy Court's order. If Plaintiff prevails on the appeal, Plaintiff will be in no different position than it has been in during the past two and a half years. The only parties who will be prejudiced by the results of the appeal would be the Defendants and/or the United States. From the perspective of the Defendants, if the United States prevails on its appeal, the Defendants have wasted time and money defending claims and pursuing the resolution of this case, but the Defendants have not asked to Court to delay its decision, in fact, have been urging the opposite. In addition, if the United States wins its appeal, it will be the rightful owner of the Nexia claims and, as such, may be able to claim it was prejudiced by a determination of this Court. *But, that is an issue for the United States to decide and can only be raised only by the United States, not by the Plaintiff.* In the meantime, the Plaintiff is asking this Court to stay its decision on this matter indefinitely for an appeal which may take months to be resolved or may be otherwise delayed or even withdrawn. Again, this delay may be fine with the Plaintiffs, but continues to cause harm to Defendant Chu.

This litigation has been delayed and disrupted by the actions of Plaintiff and its counsel and have caused unnecessary delay, needless increase in the costs of litigation, and harassment of the Defendant. Furthermore, Plaintiff and its counsel have treated this Court and Defendant Chu, cavalierly and with disdain by filing motions and other documents with incorrect parties, false statements, changing the style

of the case (and, therefore, the underlying parties) while ignoring the valid orders of this court. For such conduct to go unrecognized and uncorrected would result in no meaning to the oath of a witness, no meaning to the conduct among attorneys, and no rule of law. *Eagle Hospital Physicians, LLC v. SRG Consulting, Inc., et al.*, Case No.1:04-cv-1015-JOF, 2007 WL 249290, at *10-11 (N.D. Ga. Aug. 28, 2007) (citing *Lipin v. Bender*, 84 N.Y.2d 562 (N.Y. 1994)), aff'd, 561 F.3d 1298 (11th Cir. 2009).

Chu further seeks sanctions against Plaintiffs pursuant to this Court's Amended Scheduling Order, Section VI - Sanctions[11] for violating Section IV - Mediation for *not rescheduling* the mediation when Plaintiffs' settlement authority was in question; for filing the instant motion in bad faith; or in the alternative for lacking the authority and/or standing to file all 21 motions subsequent to Plaintiffs' January 12, 2010 commitment to "clarify [the Nexia Strategy Corporation litigation ownership controversy]" before its resolution. Chu further seeks sanctions under 28 U.S.C. § 1927, and this Court's inherent authority.

Date: July 6, 2010

Respectfully submitted,

/s/ Terence Chu

Terence Chu, *pro se*
5637 Country Hills Lane
Glen Allen, VA 23059
804-363-2666
terencchu@yahoo.com

---

[11] *Id.* at Section VI: The ***Court will impose sanctions on any party or attorney***: 1) who fails to attend and to participate actively in the meeting to prepare the Joint Pretrial Statement, or who refuses to sign and file the agreed document; 2) who fails to attend the Final Pretrial Conference, or who is substantially unprepared to participate; 3) who fails to attend the mediation and actively participate in good faith, or *who attends the mediation without full authority to negotiate a settlement, or who is substantially unprepared to participate in the mediation*; or 4) who otherwise fails to comply with this order. Sanctions may include but are not limited to an award of reasonable attorneys fees and costs, the striking of pleadings, the entry of default, the dismissal of the case, and a finding of contempt of court. *See* Fed.R.Civ.P. 16(f) and 37; Local Rules 9.05(c), (e); 28 U.S.C. § 1927. (Emphasis added.)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 6th day of July, 2010, I presented a true and correct copy of the foregoing via overnight USPS deliver to the Clerk of the Court for filing and uploading to the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF Participants:

Frank Amodeo, FCC-Low, B3, P.O. Box 1031, Coleman, FL 33521-1031; and
Yaniv Amar 3475 Mystic Point Drive, TH #10, Aventura, FL 33180.

                                              Respectfully submitted,

Date: July 6, 2010

                                              Terence Chu, *pro se*
                                              5637 Country Hills Lane
                                              Glen Allen, VA 23059
                                              804-363-2666
                                              terencchu@yahoo.com