IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MIRABILIS VENTURES, INC. and                       Case No. 6:07-CV-1788-ORL-28-KRS
NEXIA STRATEGY CORPORATION,

      Plaintiffs,

v.

PALAXAR GROUP, LLC.;
PALAXAR HOLDINGS, LLC;
FRANK HAILSTONES; EDITH CURRY
a/k/a EDITH BROADHEAD; and
TERENCE CHU,

      Defendants.

v.

MIRABILIS VENTURES, INC. and
NEXIA STRATEGY CORPORATION,

And THIRD PARTY CORPORATION,
WELLINGTON CAPITAL GROUP, INC.,
YANIV AMAR, FRANK AMODEO,
AARON BATES, MATTHEW MOKWA,
ROBERT POLLACK, JAMES SADRIANNA.

      Third Party Defendants.

**PLAINTIFFS' MOTION FOR ENTRY OF VOLUNTARY DISMISSAL WITHOUT
PREJUDICE AND SUPPORTING MEMORANDUM OF LAW**

Plaintiffs, MIRABILIS VENTURES, INC. and NEXIA STRATEGY CORPORATION[1],

("Plaintiffs) pursuant to Federal Rule of Civil Procedure 41(a)(2) hereby file this, its Motion for

---

[1] On November 28, 2008, Mirabilis Ventures, Inc., filed a Motion for Approval of Compromise of Controversy By and Amongst Debtors and The United States of America ("USA Settlement") in the pending bankruptcy action: In re: Mirabilis Ventures, Inc., Case No. 6:08-bk-4327-KSJ [Bankr. D.E. #101]. The USA Settlement was approved by the Bankruptcy Court on March 4, 2009 [Bankr. D.E. #145]. The USA Settlement specifically listed the claims of Nexia in this litigation as property of the Debtor's Estate.

Entry of Order of Voluntary Dismissal without Prejudice and Supporting Memorandum of Law, and states as follows:

1.      On May 27, 2008, the Mirabilis directors resigned and Mr. R.W. Cuthill was appointed President.  Mr. Cuthill is a former certified fraud examiner and an insolvency and fraud expert with extensive experience in fraud and bankruptcy cases.  That same day, the new President of Mirabilis signed a petition to file a voluntary bankruptcy case and Mirabilis became a Debtor. Mirabilis had been accused of being complicit in conspiring to steal approximately $210,000,000.00 of IRC 941 payroll tax payments.

2.      On October 27, 2009 the Bankruptcy Court entered its Order confirming the Debtor's Amended Plan of Liquidation, ("Plan").  The Bankruptcy Court concluded that "[t]he Debtors' business has not continued after the Petition Date and the sole goal of the Plan is to generate the maximum amount of Extraordinary Income possible for the benefit of the Holders of Allowed Claims."  (Bankruptcy D.E. 375 Paragraph X).  The Extraordinary Income is primarily the pursuit of litigation to recover assets.

3.      The undersigned law firm was engaged post confirmation to initiate or be substituted as counsel for Mirabilis and pursue causes of action for the benefit of the unsecured creditors of the Debtor, of which the Internal Revenue Service is the largest single creditor.

---

On March 9, 2009, the undersigned filed herein a Motion for Substitution of Counsel on behalf of Nexia [D.E. #209].  On March 29, 2010, the United States of America filed an Objection to the undersigned's Substitution of Counsel for Nexia, based upon its interpretation of the USA Settlement [D.E. #225].  As a result of the United States of America's objection, the Debtor filed a Motion to Confirm Property of the Estate Under the Court Approved Compromise [Bankr. D.E. # 526].  The Bankruptcy Court conducted an evidentiary hearing allowing parole evidence to interpret the Compromise.  On June 2, 2010, the Bankruptcy Court ruled and entered a judgment [Bankr. D.E. #562, 563] in favor of Mirabilis and found that the claims of Nexia in this litigation remained the property of the Debtor's bankruptcy estate and, as such, can be prosecuted by Mirabilis.

On June 16, 2010, the United States of America appealed to the United States District Court for the Middle District of Florida the Memorandum Opinion Granting Debtor's Motion to Confirm Property of the Estate [Bankr. D.E. #562], and the accompanying Order Granting Debtor's Motion to Confirm Property of the Estate, filed on June 2, 2010, [Bankr. D.E. #563][District Court Case Number on Appeal not yet Assigned].  Despite the pendency of such appeal, Mirabilis maintains that it has the right to file this Motion on behalf of Nexia.

4830-3918-7463.2
43582/0007

4.      On November 6, 2009, this Court granted the undersigned law firm's Amended Unopposed Motion for Substitution of Counsel on behalf of Plaintiff Mirabilis Ventures, Inc. (D.E. #169).

5.      On December 2, 2009, this Court granted the Defendants' Motion to reinstate case and lift stay.

6.      On June 26, 2010 the parties engaged in Court Ordered mediation in a good faith attempt to resolve the litigation between the parties.  However, the parties were unable to resolve this matter.

7.      Mirabilis Ventures Inc. exists for the sole purpose of pursing causes of action and recovery of assets for the benefit of the unsecured creditors.  Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, Plaintiffs seek an entry of dismissal without prejudice of the above-styled action.

## SUPPORTING MEMORANDUM OF LAW

Pursuant to the Plan, Bill Cuthill was approved as the Liquidating President for Mirabilis Ventures, Inc., ("Mirabilis"), Hoth Holdings, LLC ("Hoth"), and AEM, Inc. ("AEM").  The Plaintiffs have determined, utilizing its business judgment, that it is not in the best interest of the Debtors' bankruptcy estates to continue with the instant litigation because it appears unlikely that it will generate any beneficial net recovery for the creditors of the Debtors' bankruptcy estate, based on the status of the case post mediation.

WHEREFORE, Plaintiffs request this Court enter an order dismissing the above-styled action without prejudice, and such other and further relief that this Court deems just and proper.

## LOCAL RULE CERTIFICATION OF GOOD FAITH CONFERRAL

3

The undersigned hereby certifies that undersigned has conferred with the parties in a good faith effort to resolve the disputes raised herein, but was unsuccessful[2].

> /s/ Nicolette Corso Vilmos
> Todd K. Norman
> Florida Bar No.:  62154
> Nicolette Corso Vilmos, Esquire
> Florida Bar No,: 0469051
> **BROAD AND CASSEL**
> 390 N. Orange Ave., Suite 1400
> Orlando, FL  32801
> Phone: 407-839-4200
> Fax: 407-425-8377

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by either CM/ECF notice or U.S. Mail this 3rd day of August, 2010 to Kathleen B. Havener, Esq., The Havener Law Firm, LLC, 15511 Russell Road, Chagrin Falls, OH 44022; Frank Amodeo, FCC-Low, B3, P.O. Box 1031, Coleman, FL 33521-1031; Terence Chu, 5637 Country Hills Lane, Glen Allen, VA 23059; Martin R. Raskin and Jane Serene Raskin, Raskin & Raskin, P.A., 2601 South Bayshore Drive, Suite 725, Miami, Florida 33133; Kathleen S. Davies, The Davies Law Firm, 126 E Jefferson St, Orlando, FL 32801; James Vincent Sadrianna, 10025 Chatham Oaks Court, Orlando, FL 32836, James Robert Lussier, Mateer & Harbert, PA, 225 E Robinson St., Ste 600, Orlando, FL 32802-2854; James Everett Shepherd, Pohl & Short, PA, 280 W Canton Ave., Ste 410, Winter Park, FL 32790; John Edwin Fisher, Fisher, Rushmer, Werrenrath, Dickson, Talley & Dunlap, PA, 20 N Orange Ave., Ste 1500, Orlando, FL 32802-0712; and US Attorney's Office, Suite 300, 501 W Church St, Orlando, FL 32805..

> */s/ Nicolette Corso Vilmos*
> Nicolette Corso Vilmos
> Florida Bar No: 0469051

---

[2] Counsel for Frank Hailstones, Edith Curry a/k/a Edith Broadhead as well as Mr. Terence Chu advised that they do not oppose dismissal as long as it is with prejudice.  The USA advised that it does not oppose dismissal as long as it is with prejudice.

4830-3918-7463.2
43582/0007