UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MIRABILIS VENTURES, INC. and
NEXIA STRATEGY CORPORATION,

                Plaintiffs,

-vs-                                         Case No. 6:07-cv-1788-Orl-28KRS

PALAXAR GROUP, LLC; PALAXAR
HOLDINGS, LLC; FRANK HAILSTONES;
EDITH CURRY a/k/a EDITH
BROADHEAD; and TERENCE CHU,

                Defendants,

-vs-

MIRABILIS VENTURES, INC., NEXIA
STRATEGY CORPORATION, AQMI
STRATEGY CORPORATION,
WELLINGTON CAPITAL GROUP, INC.,
YANIV AMAR, FRANK AMODEO, AARON
BATES, MATTHEW MOKWA, ROBERT
POLLOCK, and JAMES V. SADRIANNA,

                Third-Party
                Defendants.

## ORDER

This case concerns the development and marketing of an anti-fraud certification program known as Nexia Certification. Defendant Terence Chu has moved to dismiss the claims against him by Plaintiffs Mirabilis Ventures, Inc. ("Mirabilis") and Nexia Strategy Corporation ("Nexia Strategy") for lack of personal jurisdiction and, in the alternative, for failure to state a claim upon which relief can be granted. (Doc. 79, reinstated at Doc. 197). Plaintiffs have filed a response in opposition. (Doc. 90). Having considered the parties'

submissions, the Court finds that it has personal jurisdiction over Chu and that summary judgment should be granted for Chu *sua sponte* on the Plaintiffs' civil conspiracy claim against him. Further, because all Defendants have been granted summary judgment on all of Plaintiffs' claims, Plaintiffs' Motion for Voluntary Dismissal (Doc. 280) will be denied as moot.

I. Background

In support of their civil conspiracy claim against Chu, Plaintiffs contend that Chu conspired with Hailstones and Curry to establish and incorporate Palaxar Group, LLC and Palaxar Holdings, LLC (collectively, "Palaxar Entities"), knowing "that the sole purpose for the establishment and incorporation of [the Palaxar Entities] was to use and/or market . . . Nexia Certification for personal gain and/or benefit." (Sec. Amend. Compl. ¶ 28). Chu also allegedly knew that Nexia Certification was owned by Plaintiffs. (*Id.*)

Chu submitted an affidavit in support of his motion to dismiss.[1] Chu concedes that he is a founding member of the Palaxar Entities and that he has managed the ongoing operations of the Palaxar Entities since their formation. (Chu Aff. ¶¶ 3-4). Chu maintains that at the time the Palaxar Entities were formed, he believed that Edie Curry, not Plaintiffs, owned Nexia Certification. (*Id.* ¶ 8). Chu has never formed a business relationship with Plaintiffs and has never operated, conducted, engaged in, or carried on a business in Florida. (*Id.* ¶¶ 11, 14, 24).

---

[1] Although Chu's affidavit is unsworn and his statements therein are not declared under penalty of perjury pursuant to 28 U.S.C. § 1746, Plaintiffs do not challenge the form of Chu's affidavit.

In 2005, Chu visited Curry in Florida and was introduced to several persons affiliated with Plaintiffs, including Frank Amodeo. (*Id.* ¶ 25). Chu maintains that the visit "was not for the purpose of interviewing and [that] no job related discussions . . . relating to Nexia [Strategy] or Mirabilis occurr[ed]" between Chu and any employee, officer, or shareholder of Nexia Strategy or Mirabilis. (*Id.*).

II. Personal Jurisdiction

The plaintiff bears the burden of establishing a prima facie case of personal jurisdiction by "[p]resent[ing] enough evidence to withstand a motion for directed verdict." *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006) (citations and internal quotation omitted). Where, as here, "the defendant submits affidavits contrary to the allegations in the complaint, the burden shifts back to the plaintiff to produce evidence supporting personal jurisdiction, unless the defendant's affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction." *Id.* "If the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff." *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002).

A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists. "[T]he exercise of jurisdiction must: (1) be appropriate under the state long-arm statute; and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). Chu maintains that he is not subject to jurisdiction under Florida's long-arm statute and that there are not sufficient minimum contacts to satisfy the Due Process Clause. Both of these claims are without merit.

A. Florida Long-Arm Statute

"Florida courts have held that the state's long-arm statute can support personal jurisdiction over any alleged conspirator where any other co-conspirator commits an act in Florida in furtherance of the conspiracy, even if the defendant over whom personal jurisdiction is sought individually committed no act in, or had no relevant contact with, Florida." *Id.* at 1281-82 (citations omitted); *see also Wilcox v. Stout*, 637 So. 2d 335, 337 (Fla. 2d DCA 1994) ("[I]f [plaintiff] has successfully alleged that any member of that conspiracy committed tortious acts in Florida in furtherance of that conspiracy, then all of the conspirators are subject to the jurisdiction of the state of Florida through its long-arm statute").

Plaintiffs sufficiently plead Chu's participation in a conspiracy by alleging that Chu knew that Nexia Certification was owned by Plaintiffs and conspired with Hailstones and Curry to establish and incorporate the Palaxar Entities for the purpose of using and marketing Nexia Certification for personal gain.[2] (Sec. Amend. Compl. ¶ 28). Plaintiffs plead tortious acts committed in Florida by members of the conspiracy by alleging that Hailstones and Curry breached their fiduciary duties to Plaintiffs and misappropriated Nexia Certification from Plaintiffs, (*id.* ¶¶ 43-52), that Plaintiffs' principal places of business were

---

[2] Chu argues for the application of the corporate shield doctrine, under which courts will not "force an individual to defend a suit brought against him personally in a forum with which his only relevant contacts are acts performed not for his own benefit but for the benefit of his employer." *Doe v. Thompson*, 620 So. 2d 1004, 1005 (Fla. 1993) (citing *Estabrook v. Wetmore*, 529 A.2d 956, 959 (N.H. 1987)). The corporate shield doctrine does not apply here because Plaintiffs allege that Chu participated in the conspiracy for his own personal gain and benefit, not for the benefit of the Palaxar Entities. (Sec. Amend. Compl. ¶ 28).

located in Orlando, Florida, (*id.* ¶¶ 1-2), and that a substantial part of the acts giving rise to this case took place in the Middle District of Florida, (*id.* ¶ 9). Resolving all disputes between these allegations and Chu's affidavit in Plaintiffs' favor, *Meier*, 288 F.3d at 1269, Florida's long-arm statute is satisfied.

### B. Minimum Contacts

The contacts between Chu and Florida satisfy the minimum contacts test for personal jurisdiction. Because the alleged conspiracy is an intentional tort, the sufficiency of contacts is determined by the *Calder* Effects Test articulated in *Calder v. Jones*, 465 U.S. 783 (1984). *Oldfiled v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1221 n.28. The *Calder* Effects Test requires a showing that "the defendant (1) committed an intentional tort (2) that was directly aimed at the forum, (3) causing an injury within the forum that the defendant should have reasonably anticipated." *Id.* (citing *Calder*, 465 U.S. at 789-90). Chu allegedly conspired with Hailstones and Curry to establish and incorporate the Palaxar Entities for the purpose of using and marketing Nexia Certification for personal gain. (Sec. Amend. Compl. ¶ 28). Plaintiffs further assert that Chu knew that Nexia Certification was owned by Mirabilis, (*id.*), and Chu concedes that he met with Curry and other persons affiliated with Mirabilis, including Frank Amodeo, in Florida in 2005. (Chu Aff. ¶ 25). Although Chu took no actions in Florida in furtherance of the alleged conspiracy, (Chu Aff. ¶¶ 11, 14, 24), his actions in furtherance of the alleged misappropriation of Nexia Certification were allegedly directed to Mirabilis in Florida and created a reasonably foreseeable injury to Mirabilis in Florida. Accordingly, Chu's alleged conduct satisfies the *Calder* Effects Test. *See Calder*, 465 U.S. at 789-90 (finding minimum contacts over authors who allegedly knew that the effect of their writings about an actress would have

a substantial effect in the state where the actress lived and worked); *Execu-Tech Bus. Sys., Inc. v. New Oji Paper Co. Ltd.*, 752 So. 2d 582, 585-86 (Fla. 2000) (finding minimum contacts over foreign defendants who never set foot in Florida because the claimed price-fixing conspiracy allegedly inflated paper prices in Florida). Accordingly, the Court has personal jurisdiction over Chu.

II. Summary Judgment

"[D]istrict courts are widely acknowledged to possess the power to enter summary judgments *sua sponte*, so long as the losing party was on notice that she had to come forward with all of her evidence." *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986). Accordingly, "where a legal issue has been fully developed, and the evidentiary record is complete, summary judgment is entirely appropriate even if no formal notice has been provided." *Artistic Entm't, Inc. v. City of Warner Robins*, 331 F.3d 1196, 1202 (11th Cir. 2003) (citing *Burton v. City of Belle Glade*, 178 F.3d 1175, 1204 (11th Cir. 1999)).

The Court recently granted summary judgment for all Defendants except Chu on Plaintiffs' civil conspiracy claim, having found no evidence in the record creating a genuine issue of material fact of an agreement to do an unlawful act or an overt act in furtherance of a tort or other wrong. (Doc. 285). An actionable conspiracy requires an agreement between two or more persons. *See, e.g., Charles v. Fla. Foreclosure Placement Ctr., LLC*, 988 So. 2d 1157, 1159-60 (Fla. 3d DCA 2008); *Walters v. Blankenship*, 931 So. 2d 137, 140 (Fla. 5th DCA 2006); *see also McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1036 (11th Cir. 2000) ("It is by now axiomatic that a conspiracy requires a meeting of the minds between two or more persons to accomplish a common and unlawful plan.") (citing *Bivens Gardens Office Bldg., Inc. v. Barnett Banks of Fla., Inc.*, 140 F.3d 898, 912 (11th

Cir. 1998)). Plaintiffs allege that Defendants conspired with each other and not with any third parties. (Sec. Amend. Compl. ¶¶ 28, 61-64). Because Plaintiffs had an opportunity to produce evidence to show an agreement between Defendants and failed to do so, and because Chu alone cannot be liable for civil conspiracy as pled, summary judgment will be granted for Chu on Plaintiff's civil conspiracy claim.

III. Motion for Voluntary Dismissal

Plaintiffs have filed a motion for voluntary dismissal without prejudice, and Defendants oppose that motion to the extent the dismissal is without prejudice. (Doc. 280.) Where, as here, an opposed motion for voluntary dismissal has been filed after the defendants have served their answer, an action may be dismissed only by court order on terms that the court considers proper. Fed. R. Civ. P. 41(a). Having granted summary judgment for all Defendants on all of Plaintiffs' claims, the Plaintiffs' motion for voluntary dismissal is moot.

IV. Conclusion

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** that the Motion to Dismiss Second Amended Complaint by Defendant Terence Chu, (Doc. 79, reinstated at Doc. 197), is **DENIED**. Summary judgment is **GRANTED** for Terence Chu on Plaintiffs' civil conspiracy claim in Count V of the Second Amended Complaint. The Motion for Voluntary Dismissal by Plaintiffs Mirabilis Ventures, Inc. and Nexia Strategy Corporation (Doc. 280) is **DENIED as moot**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on August 9, 2010.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party