IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| MIRABILIS VENTURES, INC, and NEXIA STRATEGY CORPORATION, <br><br>Plaintiffs, <br><br>-vs.- <br><br>PALAXAR GROUP, LLC; PALAXAR HOLDINGS, LLC; FRANK HAILSTONES; EDITH CURRY; AND TERENCE CHU, <br><br>Defendants, <br><br>-vs.- <br><br>MIRABILIS VENTURES, INC., et al. <br><br>    Counterclaim and <br>    Third Party Defendants | Case No.: 6:07-CV-1788-ORL-28-GJK |

**OPPOSED MOTION FOR SANCTIONS AGAINST BROAD & CASSEL AND R.W CUTHILL FOR BAD FAITH MEDIATION**

After conferring with opposing counsel, **who object** to this Motion, Defendants Edith Curry, Frank Hailstones, Palaxar Group, LLC and Palaxar Holdings, LLC, (collectively the "Palaxar Parties") respectfully submit this Motion for Sanctions for Bad Faith Mediation Against Broad & Cassel, R. W. (Bill) Cuthill, **as** liquidating president of Mirabilis Ventures, Inc. ("MVI"), **MVI itself,** and Nexia Strategy Corporation ("Nexia").[1]

---

[1] Despite still being listed as counsel of record for Nexia, Balch and Bingham did not attend the mediation.

This Court's Case Management Order clearly states:

> Each attorney acting as lead trial counsel, and each party (and in the case of a corporate party, a corporate representative) with full authority to settle, shall attend and participate in the mediation conference. . . . The Court *will impose sanctions* upon lead counsel and parties who do not attend and participate in good faith in the mediation conference.

*See* Amended Case Management and Scheduling Order (Doc. 190), Sec. IV(E)(3) at pp. 10-11 (emphasis added.).

It is plain on its face that neither Plaintiffs' counsel nor Mr. Cuthill participated in the mediation in good faith. Broad & Cassel noticed mediation on March 10, 2010 (Doc. 211), after being admonished by this Court (Doc. 207). Plaintiffs rescheduled mediation on April 6, 2010 (Doc. 230). After repeatedly asserting (notably, without leave of this Court) that Plaintiffs were "MIRABILIS VENTURES, INC., a Florida corporation and assignee of the litigation rights for Nexia Strategy Corporation (collectively"Mirabilis")…"(Doc. 226), Broad and Cassel entered an appearance on behalf of Nexia on the evening of **June 28, 2010**, the night before the mediation conference.[2] Only hours after the **June 29, 2010** mediation conference, for which Defendants flew from the United Kingdom and Virginia, respectively, and Defendants' counsel from Ohio to attend, Broad & Cassel filed a Motion to Suspend the Current Deadlines Set Forth in the Case Management Order. (Doc. 266) Plaintiffs stated that they were "unclear whether Mirabilis or the United States owned Nexia's cause of action" while the government's appeal of the Bankruptcy Court's ruling was pending.[3] The Mediator had not yet concluded the mediation nor declared an impasse. Nothing happened or could possibly have happened during that single 36-

---

[2] Indeed, the Notice of Appearance was modified on the actual day of the mediation to add the name of a second attorney from Broad & Cassel.

[3] Broad & Cassel continued to make representations supposedly on behalf of Nexia after the Motion to Suspend the Current Deadlines was filed.

hour period to alter Broad & Cassel's authority or that of Mr. Cuthill to represent the interests of Nexia. Accordingly, their claim of attending the mediation "with full authority to settle, and attending and participating in the mediation conference in good faith" as representatives of Nexia, was by their own admission and without question, both false and an act of bad faith.

A showing of bad faith defeats a claim that neglect was excusable, and a court should consider all relevant circumstances including: "prejudice to the opposing party, . . . whether it was within the reasonable control of the [party], and whether the [party] acted in good faith." *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996) (citing *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 381 (1993)).

The Palaxar Parties expended a great deal of time and money in attending and participating in the deposition. If this Court's management of its docket and rules as set by the Amended Case Management and Scheduling Order is to have any meaning whatsoever, the costs and attorneys' fees expended by the Palaxar Parties in preparing for and attending the mediation, as well as the cost for the mediator's time, should be paid by Plaintiffs, Plaintiffs' counsel and Mr. Cuthill. Should the court grant this Motion, Defendants will submit detailed billing records and receipts for the attorneys' fees and costs associated solely with the mediation.

Respectfully submitted this 19th day of August, 2010,

*Kathleen B. Havener*

_____
Kathleen B. Havener
(Ohio Bar No. 0068906)
THE HAVENER LAW FIRM, LLC
15511 Russell Road
Chagrin Falls, OH 44022-2669
Tel: (440) 893-0188
Fax: (440) 893-9326

Cell: (216) 288-6009
kbhavener@havenerlaw.com

Attorney for Defendants and Counterclaim Plaintiffs Edith Curry, Frank Hailstones, Palaxar Group, LLC, and Palaxar Holdings, LLC.

MARTIN R. RASKIN
Florida Bar No. 315206
JANE SERENE RASKIN
Florida Bar No. 848689
RASKIN & RASKIN, P.A.
866 South Dixie Highway
Coral Gables, FL 33146
Telephone: (305) 444-3400
Facsimile: (305) 445-0266
mraskin@raskinlaw.com

Attorneys for Defendants Edith Curry, Palaxar Group, LLC, and Palaxar Holdings, LLC

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished this 19th day of August, 2010, either via email or US Mail, upon Frank Amodeo, FCC-Low, B3, 48883-019, P.O. Box 1031, Coleman, FL 33521-1031 and via electronic mail to Terence Chu, 5637 Country Hills Lane, Glen Allen, VA 23059; Kathleen S. Davies, The Davies Law Firm, 126 E Jefferson St, Orlando, FL 32801; James Vincent Sadrianna, 10025 Chatham Oaks Court, Orlando, FL 32836; Yaniv Amar, 3475 Mystic Point Drive, TH #10, Aventura, Florida 33180; US Attorney's Office, I. Randall Gold, Suite 300, 501 W Church St, Orlando, FL 32805; US Attorney's Office, Scott Park, Suite 300, 501 W Church St, Orlando, FL 32805; John Russell Campbell, Balch & Bingham, LLP Suite 600, 1901 Sixth Ave N, Birmingham, AL 35203; Allen M. Estes, Balch & Bingham, LLP, Suite 1500, 1901 Sixth Ave N, Birmingham, AL 35203; Todd K. Norman, Nicolette Vilmos and Roy Scott Kobert, Broad and Cassel, Suite 1400, 390 N. Orange Avenue, Orlando, FL 32801, Elizabeth A. Green, Baker & Hostetler, LLP, 200 S Orange Ave - Ste 2300, PO Box 112, Orlando, FL 32802-0112, and Adam J. Loewy, Barry & Loewy, LLP, 401 Congress Ave., Suite 1540, Austin, TX 78701.

*Kathleen B. Havener*

---

Kathleen B. Havener