IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MIRABILIS VENTURES, INC. and
NEXIA STRATEGY CORPORATION,

     Plaintiffs,

v.                                                CASE NO.: 6:07-CV-1788-ORL-28-KRS

PALAXAR GROUP, LLC;
PALAXAR HOLDINGS, LLC;
FRANK HAILSTONES; EDITH CURRY
a/k/a EDITH BROADHEAD; and
TERENCE CHU,

     Defendants,

v.

AQMI STRATEGY CORPORATION,
WELLINGTON CAPITAL GROUP, INC.,
YANIV AMAR, FRANK AMODEO,
AARON BATES, MATTHEW MOKWA,
ROBERT POLLACK, JAMES SADRIANNA,

     Third-Party Defendants.
_____

**UNOPPOSED MOTION FOR ENLARGEMENT OF TIME TO
FILE DISPOSITIVE MOTIONS AND TO CONTINUE
THE TRIAL TERM UNTIL MARCH  1, 2010**

     COMES NOW Third-Party Defendants, Matthew S. Mokwa ("Mokwa"); Aaron

C. Bates ("Bates"); and Yaniv Amar ("Amar") (sometimes collectively referred to

hereinafter as "Third-Party Defendants"), by and through their undersigned counsel,[1]

pursuant to Fed. R. Civ. P. 6(b)1 and for their <u>unopposed</u> motion to extend the time to file

_____

[1] Yaniv Amar is acting *pro se.*

Dispositive Motions until November 4, 2010 and to continue the current trial term until March 1, 2011, state as follows:

PROCEDURAL HISTORY

On January 16, 2008 the Court entered its original Scheduling Order in the Original Action.  See Dkt. #32.  The original Scheduling Order did not contemplate the Third-Party Complaint.  On March 6, 2008, Third-Party Plaintiffs filed their Answer, Counterclaims, and Third-Party Claims.  See Dkt. #59.  On April 1, 2008, Third-Party Defendants filed their Motion to Sever.  See Dkt. #88.  On June 5, 2008 the Court stayed this action.  See Dkt. #151.  On December 2, 2009 the Court lifted the stay.  See Dkt. #178.

On February 1, 2010 Plaintiffs and Defendants executed and filed their case management report, which did not include Third-Party Defendants or contemplate the Third-Party Claims.  See Dkt. #187, FN 1.  On February 10, 2010, the Court entered its amended Scheduling Order (the "Scheduling Order").  See Dkt. #190.  On March 31, 2010 the Court entered its Order denying the Motion to Sever.  See Dkt. #227.  On May 8, 2010, Third-Party Defendants filed their Motion for Reconsideration of the Motion to Sever or, in the alternative, Motion to Amend the Scheduling Order to request additional time to account for the Third-Party Claims.  See Dkt. #241.  On May 21, 2010, the Court entered its Order denying the Motion for Reconsideration and Motion to Amend.  See Dkt. #249.  Accordingly, Third-Party Defendants appear to be bound by the deadlines and conditions of the standing Scheduling Order.  Pursuant to the Scheduling Order, trial is set for the term beginning February 1, 2011.  Additionally, all discovery is to be completed by August 6, 2010 and all dispositive motions are due by September 16, 2010.

On August 3, 2010 the Court entered its Order postponing Third-Party Plaintiff Frank Hailstones' ("Hailstones") August 4, 2010 deposition until such time as Hailstones recovered from surgery.  <u>See</u> Dkt. 283.  The Court further instructed the parties to engage in a good faith conference to see if they could agree on a time, place and manner for Hailstones Deposition.  <u>Id</u>. The parties have agreed to take the deposition of Hailstones on October 7, 2010 in Orlando, FL.  <u>See</u> Dkt. 285.

The Court further instructed the parties to confer with regard to the extension of any other deadlines that may be affected by the postponement of Hailstones' deposition. <u>See</u> Dkt. 283.  The parties have conferred and have reached an agreement to extend the dispositive motions deadline until November 4, 2010 (28 days after the deposition of Hailstones).  The parties have further agreed to continue the trial until the March 1, 2011 trial term, and to extend all other unexpired deadlines 30 days.

## DISCUSSION

A Court may amend its scheduling order upon a showing of good cause.  Fed. R. Civ. P. 16(b)4. "Rule 6(b)(1) gives the court wide discretion to grant a request for additional time that is made prior to the expiration of the period originally prescribed or prior to the expiration of the period as extended by a previous enlargement order." 4B Wright & Miller, Fed. Prac. & Proc. § 1165.  Further, District Courts enjoy broad discretion in deciding how best to manage the cases before them. <u>Chudasama v. Mazda Motor Corp.</u>, 123 F. 3d 1353, 1366 (11th Cir. 1997).  Moreover, a district court is entitled to broad discretion in managing pretrial discovery matters. <u>Klay v. All Defendants</u>, 425 F. 3d 977, 981 (11th. Cir 2005).

In the present case, Third-Party Defendants have worked diligently to meet all deadlines proscribed in the Scheduling Order.  Party-plaintiff Hailstones was properly noticed for deposition on August 4, 2010 well within the discovery deadline and with plenty of time to review the deposition transcript and file Third-Party Defendants' respective Motions for Summary Judgment.  However, due to Hailstones' surgery and doctor-imposed restrictions on travel, Hailstones' deposition has been postponed until October 7, 2010.  Accordingly, Third-Party Defendants ask this Court to extend the current deadline to file dispositive motions from September 16, 2010 until November 4, 2010.  Third-Party Defendants' also respectfully ask the Court to continue the trial for 30 days until the March 1, 2011 trial term and extend the deadline for all other unexpired case management deadlines for a commensurate 30 days.  Third-Party Defendants' are cognizant of the Court's requirement that the responses to all dispositive motions be filed more than 3.5 months before trial.    Moving the trial term from February 1, 2011 until March 1, 2011 will give the Court additional time to research and rule on the dispositive motions prior to trial.

Third-Party Defendants submit that good and compelling cause exists for the aforementioned extensions. The request for extension is not the result of inadvertence of the parties. The request is also not made for any improper purpose or to prolong this proceeding unnecessarily.   Rather, the additional time will permit Third-Party Defendants to depose party-plaintiff Hailstones prior to filing their respective Motions for Summary Judgment and allow them the critical time necessary to prepare said motions. Moreover, significant prejudice will result to Third-Party Defendants if they are forced to

file their Motions for Summary Judgment prior to having had the opportunity to depose Hailstones.

WHEREFORE, Third-Party Defendants' respectfully request that the Court enter an Order extending the deadline to file dispositive motions until November 4, 2010, extend all other case management deadlines 30 days, and continue the trial 30 days or for as long as the Court deems appropriate.

Respectfully submitted this 24th day of August, 2010.

s/ Kathleen S. Davies
Kathleen Davies, Esq.
The Davies Law Firm, LLC
126 East Jefferson Street
Orlando, FL 32801
Ph.: (407) 540-1010
Fax: (407) 649-3038
kdavies@thedavieslawfirm.com
*Counsel for Aaron Bates and
Matthew Mokwa*

s/ Yaniv Amar
Yaniv Amar
3475 Mystic Point Drive, TH #10
Aventura, FL 33180
*Pro Se*

ADAM J. LOEWY
Texas Bar No. 24041353
BARRY & LOEWY, LLP
The Frost Tower
401 Congress Avenue
Suite 1540
Austin, TX 78701
Ph.: (512) 852-4322
Fax: (512) 687-3441
aloewy@barryloewy.com
*Counsel for Matthew Mokwa*

ATHESEUS R. LOCKHART
Florida Bar No. 659134
MEIR, BONNER, MUSZYNSKI,
O'DELL & HARVEY, P.A.
260 Wekiva Springs, Road
Suite 2000
Longwood, FL 32779
Ph.: (407) 872-7774
Fax: (512) 872-7997
arl@fltrialteam.com
*Counsel for Aaron Bates*

<u>**LOCAL RULE 3.09(D) CERTIFICATION**</u>

The undersigned certifies that, she has conferred with the moving party and they have consented to the relief sought in the motion.

<u>**LOCAL RULE 3.01(G) CERTIFICATION**</u>

The undersigned certifies that, with respect to the foregoing motion, she has conferred with counsel for Third-Party Plaintiffs and they do not oppose the relief sought in the motion.   Counsel has also conferred with Third-Party Defendant James V. Sadrianna and he does not oppose the relief sought in the motion.

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on August 24, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to all parties named on the attached Service List or in some other authorized manner for those counsel or parties who are not authorized to receive notices electronically.

s/ Kathleen S. Davies
Kathleen Davies

6

## SERVICE LIST

| | |
|---|---|
| Kathleen Havener<br>Havener Law Firm, LLC<br>15511 Russell Road<br>Chagrin Falls, Ohio 44022 | Yaniv Amar<br>3475 Mystic Point Drive, TH #10<br>Aventura, FL 33180<br>**Third-Party Defendant** |
| Martin R. Raskin<br>Jane S. Raskin<br>RASKIN & RASKIN, P.A.<br>2601 South Bayshore Drive<br>Suite 725<br>Miami, Florida  33133<br>mraskin@raskinlaw.com<br>**Attorneys for Edith Curry, Frank Hailstones, Palaxar Group LLC, and Palaxar Holdings LLC** | James V. Sadrianna<br>10025 Chatham Oaks Court<br>Orlando, Florida 32836<br>**Third-Party Defendant**<br><br>Frank Amodeo<br>FCC - Low, B3<br>P.O. Box 1031<br>Coleman, FL 33521-1031<br>**Third-Party Defendant** |