FILED
2010 AUG 26 PM 12:09
US DISTRICT COURT
MIDDLE DISTRICT OF FL
ORLANDO

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MIRABILIS VENTURES, INC., and NEXIA STRATEGY CORPORATION,

Plaintiffs,

vs.

PALAXAR GROUP, LLC; PALAXAR HOLDINGS, LLC; FRANK HAILSTONES; EDITH CURRY a/k/a EDITH BROADHEAD; and TERENCE CHU,

Defendants,

vs.

MIRABILIS VENTURES, INC., et al FRANK L. AMODEO, et al,

Counterclaim and Third-Party Defendant,

vs.

UNITED STATES OF AMERICA, et al,

Crossclaim and Third-Party Defendants

CASE NO.: 6:07-CV-1788-ORL-28-GJK

**MOTION FOR RECONSIDERATION**

Comes Now Third Party Defendant, Frank L. Amodeo, pro se, and moves the Court for reconsideration of its Order granting the renewed motion to dismiss of Edith Curry and Frank Hailstones.

In support hereof, Third-Party Defendant/Counterclaim



Plaintiff, Frank L. Amodeo ("Amodeo") states as his basis as he set forth in his "Answer, Counterclaims, and Crossclaims, of the Cross-claim, Counterclaim Defendant Frank L. Amodeo" ("original answer") dated the 24th day of January 2010,

> "[Amodeo] is forced to make this general denial because Amodeo has not been served; nor is Amodeo in possession of any of the pleadings in this action; except for Curry's request to lift stay and Defendant Chu's request to appear by telephone at a hearing.
> "*Amodeo* appears to have been served by delivery of pleading to Amodeo's guardian while Amodeo was hospitalized.
> "Amodeo's guardian has not provided Amodeo with a copy of the pleading; nor has the State of Florida either removed Amodeo's legal infirmity; or to the best of Amodeo's knowledge, appointed a replacement guard-ian." Original Answer, pg. 1.(emphasis added)

Nevertheless, on February 15, 2010, Third-Party Claimants Curry and Hailstones filed a motion to dismiss (Doc 214). That motion was denied as moot by the Court on March 31, 2010.

After receiving the first motion to dismiss, Amodeo filed an amended Answer and Counterclaims against Curry and Hailstones (Doc 214). That pleading was also filed without benefit of ever *having* seen or been served with Curry's and Hailstone's claims against him.

As night follows day, Curry and Hailstones once again moved to dismiss (Doc 221). They claimed, in a subsequent filing (Doc 229) that "they were unable to deliver a copy of the motion to dismiss amended counterclaim to Amodeo by U.S. Mail." [sic]





Frankly, Amodeo finds that hard to believe. Perhaps if, like all other people who write to Amodeo on a daily basis, Curry and Hailstones were to simply address their mail to Amodeo and affix the proper postage for First Class mail to it, their "problems" will resolve by themselves.

ARGUMENT

Third-Party Defendant, Counterclaimant Frank L. Amodeo, can not possibly respond to a motion that he is never served with. No representation has ever been made to the Court by Curry or by Hailstones that Amodeo ever received their, as claimed, Federal Express "mailing" of their renewed motion to dismiss. This Court, as set forth in its Order, has received no proof of service or of receipt of that motion by Amodeo. Indeed, Amodeo has still never received it, nor has he, to this day, been served with Curry's and Hailstone's claims against him.

Yet, Curry and Hailstones expect Amodeo to respond to a motion to dismiss (a dispositive motion) that they still have not provided him with, and at the same time, expect to go forward with their claims that they, also, never served upon Amodeo. Although *he surely* appreciates the concern expressed by Curry and Hailstones in their notice concerning service of their motion to dismiss, perhaps justice would be better served if instead, they were to: (1) serve Amodeo with their claims against him, (2) provide Amodeo with a copy of their renewed motion to dismiss, by mailing it via First Class mail, with the proper postage fixed to it, and (3) allow Amodeo a reasonable amount of time to file an objection to it.





Once this is accomplished, then the Court will be in a much better position to rule on the Curry/Hailstones renewed motion to dismiss Third-Party Defendant Frank L. Amodeo's Counterclaims. A ruling thus made on the merits of the position of the respective parties, as opposed to the wranglings and manipulation *by clever* counsel.

Respectfully submitted,

8-10

Date

Frank L. Amodeo, pro se
48883019
Federal Correctional Complex
P.O. Box 1031
Coleman, FL 33521-1031

**SERVICE LIST**

| | |
|---|---|
| Kathleen Havener<br>Attorney at Law, LLC<br>15511 Russell Road<br>Chagrin Falls, Ohio 44022<br>and<br>Martin R. Raskin<br>Jane Serene Raskin<br>*RASKIN & RASKIN*, P.A.<br>2601 South Bayshore Drive<br>Suite 725<br>Miami, Florida 33133<br>mraskin@raskinlaw.com<br>**Attorneys for Edith Curry, Frank Hailstones, Palaxar Group LLC, and Palaxar Holdings LLC** | Todd K. Norman<br>Nicolette C. Vilmos<br>Broad and Cassel<br>390 N. Orange Avenue<br>Suite 1400<br>Orlando, FL 32801<br>tnorman@broadandcassel.com<br>nvilmos@broadcassel.com<br>**Attorneys for Mirabilis Ventures, Inc. and claims of Nexia Strategy Corp.**<br><br>Terence Chu<br>5637 Country Hills Lane L<br>Glen Allen, Virginia 23059.5424<br>**Defendant** |
| Kathleen Davies, Esq.<br>The Davies Law Firm, LLC<br>126 East Jefferson Street<br>Orlando, FL 32801<br>kdavies@thedavieslawfirm.com<br>**Attorney for Aaron Bates and Matthew Mokwa** | James E. Shepherd, Esq.<br>Florida Bar No. 0947873<br>Pohl & Short, P.A.<br>280 W. Canton Avenue, Suite 410<br>P.O. Box 3208<br>Winter Park, Florida 32790<br>**Attorneys for Yaniv Amar**<br><br>James Sadrianna<br>10025 Chatham Oaks Court<br>Orlando, Florida 32836<br>**Third-Party Defendant** |