**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**MIRABILIS VENTURES, INC. and
NEXIA STRATEGY CORPORATION,**

        **Plaintiffs,**

vs.

**PALAXAR GROUP, LLC, et al.
        Defendants,**

vs.

**MIRABILIS VENTURES, INC. et al..
        Counterclaim and Third
        Party Defendants**

**CASE NO.: 6:07-cv-1788-ORL-28GJK**

**OPPOSITION OF EDITH CURRY AND FRANK HAILSTONES
TO SECOND MOTION OF FRANK AMODEO FOR RECONSIDERATION
OF ORDER DISMISSING THIRD PARTY COUNTERCLAIMS**

Edith Curry ("Ms. Curry") and Frank Hailstones ("Hailstones") ("Defendants"), through their undersigned counsel, respectfully oppose Mr. Amodeo's Second Motion to Reconsider (Dkt. 299) this Court's Order Dismissing his Amended Counterclaims against them (Dkt. 291).[1] In his Second Motion for Reconsideration of the Court's Order, Mr. Amodeo asserts that he has never seen the original Counterclaims against him or the Motion to Dismiss his Amended Counterclaims. His statements are nonsense.

***First,*** as the Court is aware, Defendants, by special permission of the Court during the stay of these proceedings, served Mr. Amodeo, who had theretofore successfully ***evaded*** service. The Order permitted Defendants to serve Mr. Amodeo via

---

[1] Once again, Mr. Amodeo failed to comply with Local Rule 3.01 and this Court's Case Management Order (Dkt. 190) in that he failed to confer before filing this motion, just as he failed to confer before filing the prior motion.

his then-court appointed guardian (Dkt. 154). Service was successful on July 2, 2008 (Dkt. 155). Contrary to Mr. Amodeo's statement, he was not hospitalized at McLean Hospital for psychiatric treatment until more than a month later on August 6, 2008, the same day the Federal Grand Jury issued his 27-count indictment. *See In re: Guardianship of Frank Amodeo*, Case No.: 48-20089-CP-1369-O. In any case, Defendants met their legal responsibilities

**Second**, on February 20, 2008 (Dkt. 147), the counterclaims were also successfully served upon AQMI Strategy Corporation of which Mr. Amodeo was the president and only officer (Dkt. 177). AQMI filed its Answer and Affirmative Defenses on June 3, 2008 (Dkt. 147).

**Third**, and critical to this Court's assessment of Mr. Amodeo's assertions in this Second Motion for Reconsideration is his testimony to this very Court during his May 26, 2009 criminal sentencing hearing.[2] Because of a break-in to Ms. Curry's home that occurred between the time that this action was filed and Mr. Amodeo's sentencing—during which nothing in Ms. Curry's home other than documents relevant to this case were disturbed and/or stolen—the prosecutor questioned Mr. Amodeo's possession of a document (a personal email between Ms. Curry and Mr. Jim Leusner which post-dated this lawsuit, and which was not relevant to this case) that Mr. Amodeo discussed during his sentencing hearing but that neither Ms. Curry nor counsel believed had been produced to opposing parties.

When the prosecutor raised the issue of the break-in and inquired as to how Mr. Amodeo had possession of said document, Mr. Amodeo's counsel responded: "I can only say what Mr. Amodeo just told me 'that it came in the discovery with the Palaxar

---

[2] See *USA v. Frank L. Amodeo*, Case No. 6:08-CR-176-ORL-28GJK.

discovery.'" Transcript of Proceedings of May 26, 2009 at p. 8, line 17—p. 9 line 16 (Exhibit A). Minutes later, Mr. Amodeo's counsel aptly, even prophetically, stated, ". . . Frank could take a little civil case and turn that little civil case into a mountain and make it as appear he [hasn't] done anything wrong." *Id.* p. 29, lines 5-7.

If Mr. Amodeo had such access and familiarity with the discovery in this lawsuit that he could quote supposed documents from a case that had been stayed for nearly a year at the time of Mr. Amodeo's sentencing, and make such statements to this Court more than a year after he was served—it defies reason to conclude that he was unfamiliar with the most basic pleading.

Unfortunately for Mr. Amodeo, even he cannot have it both ways. He either had access to the documents Palaxar produced (as he represented at his sentencing hearing), and thus has known for more than 2 years of the basic claims against him as set forth in the Answer and Counterclaims (Dkt. 59) or he misrepresented the facts at his sentencing hearing and must accept the consequences.

*Fourth,* on October 30, 2009, Mr. Amodeo requested appointment of a guardian ad litem (Dkt. 165, denied-Dkt. 166) in which he ***acknowledges*** service to his guardian but does not raise any issue that "the [previous] guardian did not provide him with a copy of the complaint" as he does now.

*Fifth,* plaintive though his predicament might be, Mr. Amodeo certainly has actual knowledge of the counterclaims asserted against him in this action, and has had such knowledge since long before he was either hospitalized or incarcerated. The claims against him, however, are entirely unrelated to ***his*** counterclaims against Ms. Curry and Mr. Hailstones, which are the claims that the Court has dismissed (twice).

In any event, Mr. Amodeo was successfully served with process in this case. He was yet again provided a copy of virtually every pleading and every document produced in this case in May 2010 by undersigned counsel. Since June 1, 2010 Mr. Amodeo has been served by undersigned counsel with every document that she was required to serve and more. Accordingly, Ms. Curry and Mr. Hailstones respectfully urge the Court once again to deny Mr. Amodeo's Motion for Reconsideration which constitutes nothing more than his continued efforts to harass and abuse both Ms. Curry and Mr. Hailstones and this Court.

Respectfully submitted this 27th day of August, 2010,

*Kathleen B. Havener*
_____
Kathleen B. Havener
(Ohio Bar No. 0068906)
THE HAVENER LAW FIRM, LLC
15511 Russell Road
Chagrin Falls, OH 44022-2669
Tel: (440) 893-0188
Fax: (440) 893-9326
Cell: (216) 288-6009
kbhavener@havenerlaw.com

Attorney for Defendants and Counterclaim Plaintiffs Edith Curry, Frank Hailstones, Palaxar Group, LLC, and Palaxar Holdings, LLC.

MARTIN R. RASKIN
Florida Bar No. 315206
JANE SERENE RASKIN
Florida Bar No. 848689
RASKIN & RASKIN, P.A.
866 South Dixie Highway
Coral Gables, FL 33146
Telephone: (305) 444-3400
Facsimile: (305) 445-0266
mraskin@raskinlaw.com

Attorneys for Defendants Edith Curry, Palaxar Group, LLC, and Palaxar Holdings, LLC

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished this 27th day of August, 2010, either via email or US Mail, upon Frank Amodeo, FCC-Low, B3, 48883-019, P.O. Box 1031, Coleman, FL 33521-1031 and via electronic mail to Terence Chu, 5637 Country Hills Lane, Glen Allen, VA 23059; Kathleen S. Davies, The Davies Law Firm, 126 E Jefferson St, Orlando, FL 32801; James Vincent Sadrianna, 10025 Chatham Oaks Court, Orlando, FL 32836; Yaniv Amar, 3475 Mystic Point Drive, TH #10, Aventura, Florida 33180; US Attorney's Office, I. Randall Gold, Suite 300, 501 W Church St, Orlando, FL 32805; US Attorney's Office, Scott Park, Suite 300, 501 W Church St, Orlando, FL 32805; John Russell Campbell, Balch & Bingham, LLP Suite 600, 1901 Sixth Ave N, Birmingham, AL 35203; Allen M. Estes, Balch & Bingham, LLP, Suite 1500, 1901 Sixth Ave N, Birmingham, AL 35203; Todd K. Norman, Nicolette Vilmos and Roy Scott Kobert, Broad and Cassel, Suite 1400, 390 N. Orange Avenue, Orlando, FL 32801, Elizabeth A. Green, Baker & Hostetler, LLP, 200 S Orange Ave - Ste 2300, PO Box 112, Orlando, FL 32802-0112, and Adam J. Loewy, Barry & Loewy, LLP, 401 Congress Ave., Suite 1540, Austin, TX 78701.

_Kathleen B. Havener_
_____
Kathleen B. Havener