IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MIRABILIS VENTURES, INC. and
NEXIA STRATEGY CORPORATION,

       Plaintiff,

v.

PALAXAR GROUP, LLC.;
PALAXAR HOLDINGS, LLC;
FRANK HAILSTRONES; EDITH CURRY
a/k/a EDITH BROADHEAD; and TERENCE
CHU,

       Defendants.

v.

MIRABILIS VENTURES, INC. and
NEXIA STRATEGY CORPORATION,

And THIRD PARTY CORPORATION,
WELLINGTON CAPITAL GROUP, INC.,
YANIV AMAR, FRANK AMODEO,
AARON BATES, MATTHEW MOKWA,
ROBERT POLLACK, JAMES SADRIANNA.

       Third Party Defendants.

Case No. 6:07-CV-1788-ORL-28-KRS

---

**PLAINTIFFS' MIRABILIS VENTURES, INC. AND
NEXIA STRATEGY CORPORATION RESPONSE
TO EDITH CURRY, FRANK HAILSTONES, PALAXAR GROUP, LLC AND PALAXAR
HOLDINGS, LLC, OPPOSED MOTION FOR SANCTIONS AGAINST BROAD AND
CASSEL AND R.W. CUTHILL FOR BAD FAITH MEDIATION**
(D.E. 296)

Broad and Cassel and R.W. Cuthill, hereby respond to *Edith Curry, Frank Hailstones,*

*Palaxar Group, LLC and Palaxar Holdings, LLC,* (collectively the "Palaxar Defendants")

*Opposed Motion For Sanctions Against Broad and Cassel And R.W. Cuthill For Bad Faith Mediation* (D.E. 296) and in opposition thereto state as follows:

The Palaxar Defendants claim in the *Opposed Motion for Sanctions Against Broad & Cassel and R.W. Cuthill for Bad Faith Mediation* that Broad and Cassel and R.W. Cuthill should be sanctioned for bad faith in the mediation based upon the legally and factually incorrect assertion that Bill Cuthill did not have authority to settle the Nexia claim against the Palaxar Defendants. A close look at the Palaxar Defendants' motion shows that the motion relies at its heart upon misrepresentations of the underlying facts and pleadings and outright falsehoods. In an overly zealous and misguided attempt at "advocacy" the Palaxar Defendants fabricate supposed quotations out of whole cloth in support of their spurious claim. Even if this purported factual bases were true, which they are not, it could not legally support a basis for sanctions. As a result, the Palaxar Defendants motion should be denied.

## I.    PROCEDURAL HISTORY

1.    On June 3, 2008, the United States Government ("United States") filed its *Unopposed Motion to Intervene and Stay Discovery* (DE 146) in the instant litigation.

2.    On November 25, 2008, in the Bankruptcy Court for the Middle District of Florida, MIRABILIS VENTURES, INC. ("Mirabilis"), along with its related entities), Hoth Holdings, LLC ("Hoth"), and AEM, INC. ("AEM")(collectively, "Debtors"), filed their *MOTION FOR APPROVAL OF COMPROMISE OF CONTROVERSY BY AND AMONG DEBTORS AND THE UNITED STATES OF AMERICA* (Bank. DE 101) (the "Compromise"). An order granting the motion was entered on March 4, 2009 (Bank. DE 145). This Compromise resolved the dispute as to which party owned Nexia's claim herein in favor of Mirabilis.

4821-1371-4695.1
43582/0007

3.     The United States of America never filed a notice of appearance on behalf of Nexia, even after entering into the Compromise with the Debtor.

4.     On or about November 6, 2009, this Court granted the undersigned law firm of Broad and Cassel's Amended Unopposed Motion for Substitution of Counsel on behalf of Plaintiff, Mirabilis Ventures, Inc. (DE 169).

5.     On March 9, 2010, Broad and Cassel, on behalf of Mirabilis and Nexia filed a motion for substitution of counsel for the Balch & Bingham law firm. (DE 209).  The Palaxar Defendants opposed the motion at DE 215.

6.     On May 29, 2010, The United States of America, by A. Brian Albritton, United States Attorney for the Middle District of Florida, filed a Notice of Appearance as additional counsel for the United States, NOT for Nexia. (DE 224).

7.     On March 9, 2010, the United States filed its *Objection To Substitution Of Counsel For Nexia Strategy Corporation* wherein for the first time since the complaint the United States took the position that "Nexia is now the property of the United States." (DE 225, P. 1).

8.     On April 6, 2010, mediator Larry Watson filed a Notice of Mediation to be held on 9:00 a.m.; June 29, 2010 before Lawrence M. Watson, Jr.  (DE 230).  The United States received notice of the mediation.

9.     On April 29, 2010, this Court entered an Order (DE 236) granting in part and denying in part Mirabilis Ventures, Inc. ("Mirabilis") and Nexia Strategy Corporation ("Nexia") (collectively, the "Plaintiffs") Motion for Substitution of Counsel. (DE 209).  The Court ruled:

> Pursuant to Local Rule 2.03(e), a corporation may not proceed pro se. Therefore, Nexia is directed to retain substitute counsel and have substitute counsel file a notice of appearance on behalf of Nexia within fourteen (14) days. After the expiration of fourteen days or after substitute counsel makes an appearance, Estes and

4821-1371-4695.1
43582/0007

> Campbell will be permitted to renew their motion to withdraw as
> counsel of record for Nexia.

10. On May 13, 2010, Mirabilis filed a Notice in this Court *Regarding A Pending Bankruptcy Hearing As To The Ownership Of The Nexia Strategy Corporation's Claims* (DE 246). Mirabilis, as Debtor, filed a Motion to Establish Ownership of Nexia's Claims in the Palaxar Litigation with the Bankruptcy Court seeking confirmation pursuant to 11 U.S.C. §541(a) and 105(a) in Case No. 6:08-bk-04327-KSJ to establish its ownership rights to the claims held by Nexia in this federal litigation pursuant to the Compromise with the United States of America, which the Bankruptcy Court approved on March 4, 2009.[1]

11. It its notice, Mirabilis indicated that "the Plaintiff intends to renew its Motion for Substitution of Counsel as to Nexia upon an affirmative determination by the Bankruptcy Court regarding the ownership rights to the claims held by Nexia in this federal litigation." (DE 246). Additionally, Mirabilis requested "that this Court allow the Bankruptcy Court to make a ruling regarding the ownership of Nexia's claims in this federal litigation prior to requiring the filing of a notice of appearance on behalf of Nexia." (DE 246).

12. On May 17, 2010, this Court entered an Order (DE 247) on *Mirabilis' Motion And Supporting Memorandum Of Law To Extend The Deadline To File An Amended Complaint And Add Parties Or In The Alternative For Leave To File Amended Complaint And Add Parties* (DE 217). This Court ruled as follows:

> the motion is **DENIED without prejudice**. Mirabilis may renew
> the motion, if necessary, after it establishes ownership of the
> claims of Nexia Strategy Corporation in *In Re Mirabilis Ventures,
> Inc.*, Case No. 6:08-bk-4327-KSJ. Mirabilis and the United States
> shall file a status report with this Court after the bankruptcy Court

---

[1] A hearing was held before the Bankruptcy Court on April 22, 2010 on Mirabilis' Motion to Establish Ownership of Nexia's claims in this litigation. On May 4, 2010, the Bankruptcy Court entered an Order setting an evidentiary hearing for May 19, 2010. In its Order, the Bankruptcy Court initially found the settlement agreement ambiguous as to the ownership of Nexia's claims.

4821-1371-4695.1
43582/0007

enters an order regarding its May 19, 2010 evidentiary hearing. *See* Doc. Nos. 244, 246.

13.     On June 7, 2010, the United States Government and Mirabilis filed notices with this Court notifying the Court that "the Bankruptcy Court found that the claims of Nexia Strategy Corporation in this litigation remain the property of the debtor's estate in the Chapter 11 bankruptcy and, as such, can be litigated by Mirabilis." (DE 257 and DE 258).   In its *Memorandum Opinion Granting Debtor's Motion to Confirm Property of the Estate under the Court Approved Compromise with the Unites State of America* that was attached to *Notice of Filing Memorandum Opinion  and Order of Bankruptcy Court Regarding the Ownership of the Nexia Strategy Corporation's Claims* (DE 258) the Bankruptcy Court stated that it "concludes that, to the extent the parties intended anything with regard to Nexia's claims in the Palaxar Litigation, the parties intended that the debtor would retain possession....The debtor retains control over Nexia's claims in the Palaxar Litigation."

14.     In light of the Bankruptcy Court's affirmative ruling, on June 28, 2010, Broad and Cassel filed its Notice of Appearance on behalf of Nexia Strategy Corporation. (DE 263).  In Broad and Cassel's Notice of Appearance, Broad and Cassel notified the Court that the United States appealed the Bankruptcy Court's finding that that the claims of Nexia Strategy Corporation in this litigation remain the property of the debtor's estate in the Chapter 11 bankruptcy and, as such, can be litigated by Mirabilis. (DE 263).

15.     On June 29, 2010 the Parties conducted the Court Ordered mediation at the offices of Broad and Cassel.

16.     The United States did not appear or participate in the mediation.

17.     Broad and Cassel and Mr. Cuthill appeared at the mediation, spent over 8 hours in mediation on June 29, 2010 and made a good faith attempt to resolve the litigation between the

4821-1371-4695.1
43582/0007

parties.  The parties concluded the mediation, but did not impasse the mediation, on June 29,

2010 because the Palaxar Defendants had to make their plane departures that evening.  *See*

*Affidaivt of Nicolette Coso Vilmos, Esquire* ("Affidavit") attached hereto as Exhibit "A."  Broad

and Cassel and Bill Cuthill then spent several additional hours from June 30, 2010 through July

9, 2010 attempting to resolve the case, until an impasse was reached on July 9, 2010.  (DE 269

Mediation Report).

18.     Mr. Watson's mediation report indicates that each party appeared and "possessed the

requisite settlement authority."  (DE 269).

**II.     The Palaxar Defendants' Motion Is Without Merit**

19.     Local Rule 9.05(c) states that:

> Unless otherwise excused by the presiding judge in writing, all parties, corporate
> representatives, and any other required claims professionals (insurance adjusters,
> etc.), shall be present at the Mediation Conference with full authority to negotiate
> a settlement.  Failure to comply with the attendance or settlement authority
> requirements may subject a party to sanctions by the Court.

20.     The burden to show bad faith regarding settlement is on the movant.  *See Muegge v.*

*Heritage Oaks Gulf and Country Club, Inc.*, 2007 WL 1462396 (M.D. Fla. 2007).

21.     Palaxar Defendants' seek sanctions against Broad and Cassel and Bill Cuthill for "bad

faith mediation" claiming that Mirabilis and Bill Cuthill did not attend the mediation with full

authority to settle and participated in the mediation in bad faith.  The purported basis for this

spurious claim is that:

> Only hours after the June 29, 2010, mediation conference, for which Defendants
> flew from the United Kingdom and Virginia, respectively, and Defendants'
> counsel from Ohio to attend, Broad & Cassel filed a Motion to Suspend the
> Current Deadlines Set Forth in the Case Management Order. (Doc. 266)  Plaintiffs
> stated that they were **"unclear whether Mirabilis or the United States owned
> Nexia's cause of action"** while the government's appeal of the Bankruptcy
> Court's ruling was pending.

4821-1371-4695.1
43582/0007

*Opposed Motion for Sanctions Against Broad & Cassel and R. W. Cuthill for Bad Faith Mediation* at p. 2. (Emphasis Added)   The problem with this quote which the Palaxar Defendants' attributed to the Plaintiffs and rely upon as the talisman of their motion is that *it doesn't exist in the document attributed to it*.   Nowhere in the *Motion to Suspend the Current Deadlines Set Forth in the Case Management Order* does the quote appear—it is completely manufactured.   In the *Motion to Suspend the Current Deadlines Set Forth in the Case Management Order* the Plaintiffs are merely informing the Court that an appeal has been brought and therefore the deadlines should be extended.   *Nowhere in that document do the Plaintiffs claim that they are unclear as to who owns the Nexia claim.*   Plaintiffs have been consistent in all of their dealings before this Court with the Palaxar Defendants that they assert that they own the Nexia claim.   In fact, by the time of the mediation, the Plaintiffs had presented the issue to the presiding Bankruptcy Judge at an evidentiary hearing and obtained an express ruling of the Bankruptcy Court finding "the debtor retains control over Nexia's claims in the Palaxar Litigation." This "uncertainty" attributed to the Plaintiffs is completely manufactured and is a misrepresentation to this Court.

22.     Generally when this Court has imposed sanctions against parties regarding mediation, it is for parties who have failed to attend the mediation. *See Walter v. O2HR, LLC*, 2008 WL 2359915 (M.D. Fla. 2008) and *Soctt v. K.W. Max Investments, Inc.*, 2007 WL 80851 (M.D. Fla. 2007).

23.     Other courts have refused to find bad faith even when an executive fails to appear at mediation, but a party participates in mediation with a corporate representative and authority to settle within a certain range. *See Hijeck v. Menlo Logistics, Inc.,* 2007 WL 4322591 (N.D. Tex. 2007).

4821-1371-4695.1
43582/0007

24.      However, in the instant matter, the mediation was attended on behalf of Mirabilis and

Nexia by counsel for Mirabilis and Nexia and Bill Cuthill.[2]  Bill Cuthill is the President and

Director of Mirabilis. *See Affidavit*.  No one at Mirabilis has any more authority than Mr. Cuthill

to settle all of Mirabilis' claims.  There is no allegation that Bill Cuthill does not have authority

to settle on behalf of Mirabilis or on behalf of any cause of action owned or controlled by

Mirabilis.    The allegation is that, contrary to the express ruling of the Bankruptcy Court,

Mirabilis did not control Nexia's claim against the Palaxar Defendants.  However there is no

proof of that.  To the contrary a Federal Judge has already ruled that is false.  Mirabilis merely

acknowledged that, despite an order to the contrary, the United States appealed the determination

of Mirabilis' ownership of Nexia's cause of action against the Palaxar Defendants—an appeal

that all parties were aware of before, during, and after the mediation.  At all material times

Mirabilis has been consistent that it asserted ownership over the Nexia claim.

25.      Even though Mirabilis acknowledged that the United States appealed the issue, Mirabilis

had the *actual* authority to mediate on behalf of Nexia based upon the Bankruptcy Court's

finding that the claims of Nexia Strategy Corporation remain the property of the Debtor's estate

and can be litigated by Mirabilis.[3]  As of the mediation, that ruling was valid and binding and

constituted the status quo.  Nothing since has changed those facts.

---

[2] It should be noted that despite Local Rule 9.05(c)'s requirement that all parties personally appear unless excused in writing by the presiding judge, Terrence Chu did not attend but merely gave his authorization to settle to Edith Curry.  *See Affidavit*.  However, since Mirabilis understood that Ms. Curry had the authority to settle the matter it chose not to file a motion for sanctions against Mr. Chu.  In light of this clear and contemptuous violation, for the Palaxar Defendants to take the position that Mirabilis somehow violated Local Rule 9.05(c) takes real chutzpah.

[3] As noted earlier, the Palaxar Defendants had knowledge of the Bankruptcy Court's opinion as well as the United States' appeal.  If the Palaxar Defendants were concerned about the Plaintiffs having the requisite authority to settle, they could have requested a continuance of the mediation, but they did not.

26.    Not only did Mirabilis have the actual authority to mediate on behalf of Nexia based upon the Bankruptcy Court's earlier finding, Mirabilis and Bill Cuthill *actually attempted* to settle Nexia's claims held by Mirabilis against the Palaxar Defendants.  Mirabilis and Bill Cuthill were willing to settle any and all claims that it had control over against the Palaxar Defendants. In sum, these parties had authority to settle and attempted to resolve every claim they owned.

27.    Notably, despite receiving notice of the mediation the United States, did not participate in the mediation process whatsoever.  Apparently it reached the conclusion, probably correctly, that in light of the Bankruptcy Court's order, it would be futile to attempt to settle its title to Nexia's claim which had already been adjudicated negatively against the Palaxar Defendants.  Despite the fact that the United States appeared in this matter, was given notice of the mediation and chose not to participate in the Court ordered mediation process, the Palaxar Defendants did not move for sanctions against the United States.

28.    It is undisputed that Mirabilis attended the mediation with everybody it controlled regarding all claims it controlled against the Palaxar Defendants.   Mirabilis could not have brought one other single person under its control that had more authority to settle the claims than it did.  It could not have attempted to settle any additional claim.  Apparently, however, this is not good enough for the Palaxar Defendants.[4]

29.    To take the position urged by the Palaxar Defendants, it would be impossible for a party to engage in good faith mediation and attempt to settle a matter if a third party claimed, contrary to a valid court order, that it had some baseless claim to the dispute being mediated.  This would put every party ordered to mediation at the mercy of anyone with a filing fee.

---

[4] It is clear that nothing would have satisfied the Palaxar Defendants.  Apparently the Palaxar Defendants believed that under these circumstances it would have been *impossible* for Mirabilis to have mediated in good faith.

4821-1371-4695.1
43582/0007

30.    The Palaxar Defendants claim to have "expended a great deal of time and money in attending and participating in the deposition [sic]." What is left out is that the Plaintiffs also expended significant time and money attempting to resolve all of its claims against the Palaxar Defendants.  The Plaintiffs spent over 8 hours in mediation on June 29, 2010 and several hours in the days after mediation attempting to resolve the litigation.  However, on July 9, 2010, as noted in Mr. Watson's Mediation Report, the parties reached an impasse.  The issue of whether or not Broad and Cassel and Mr. Cuthill represented Nexia in no way undermined the mediation process and did not cause the impasse.[5]  This certainly is not indicative of a party that as mediated in bad faith.

31.    Not only can Mirabilis and Bill Cuthill show conclusively that it attended and conducted the mediation in good faith, this is confirmed by the mediator.  Mr. Watson's mediation report which was filed with full knowledge of the United States' already adjudicated claim specifically indicates, correctly, that each party attended mediation and "possessed the requisite settlement authority."  The Court should not allow an interested party to attempt to go behind this express finding by an impartial mediator as to such matters.  The Court should take the disinterested mediator at his word as further conclusive proof that Mirabilis and Bill Cuthill had the requisite authority to mediate in good faith.

**III.    Conclusion**

32.    The Palaxar Defendants have moved for sanctions against Broad & Cassel and Bill Cuthill claiming that they mediated in bad faith since they claim Mirabilis was confused about its ownership of the Nexia claim.  The alleged proof to this falsehood is a quote attributed to a

---

[5] Broad and Cassel and Mr. Cuthill understand and respect the confidential nature of the mediation process. However, if the Court deems it necessary, the parties, as well as Mr. Watson, have documentary evidence of Broad and Cassel and Mr. Cuthill's negotiations and good faith attempts to resolve this matter during mediation.

4821-1371-4695.1
43582/0007

particular Mirabilis motion.  The problem with this alleged proof, is that the quote does not exist

in the motion to which it is attributed.  Furthermore, at the time of the mediation, Mirabilis had a

valid court order stating that it owned the Nexia claim.  A third party had merely erroneously

asserted its entitlement to the claim—a dispute that everyone was aware of before, during and

after the mediation.  At all times material, Mirabilis asserted control over the claim, had actual

authority to settle the claim, and had actually attempted to settle the claim.  Mirabilis showed up

at mediation with everyone it had under its control to settle the claim.  It is unclear what could

have satisfied the Palaxar Defendants.  Finally, this position is further bolstered by the

mediator's assertion and representation that each party "possessed the requisite settlement

authority."  As such, the Palaxar Defendants' motion should be denied with prejudice.

WHEREFORE, Broad and Cassel and Bill Cuthill, respectfully request that the The

Palaxar Defendants' *Opposed Motion For Sanctions Against Broad and Cassel And R.W. Cuthill

For Bad Faith Mediation* (D.E. 296) be denied with prejudice, along with an award of attorney

fees and any other relief deemed just and proper.

/s/ Todd K. Norman
Todd K. Norman
Florida Bar No.: 62145
Nicolette Corso Vilmos
Florida Bar No.: 0469051
**BROAD AND CASSEL**
390 N. Orange Ave., Suite 1400
Orlando, FL  32801
Phone: 407-839-4200
Fax: 407-425-8377

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by
either CM/ECF notice or U.S. Mail this 2nd day of September, 2010 to Kathleen B. Havener,
Esq., The Havener Law Firm, LLC, 15511 Russell Road, Chagrin Falls, OH 44022; Frank

4821-1371-4695.1
43582/0007

Amodeo, FCC-Low, B3, P.O. Box 1031, Coleman, FL 33521-1031;  Chu, 5637 Country Hills Lane, Glen Allen, VA 23059; Martin R. Raskin and Jane Serene Raskin, Raskin & Raskin, P.A., 2601 South Bayshore Drive, Suite 725, Miami, Florida 33133; Kathleen S. Davies, The Davies Law Firm, 126 E Jefferson St, Orlando, FL 32801; James Vincent Sadrianna, 10025 Chatham Oaks Court, Orlando, FL 32836, James Robert Lussier, Mateer & Harbert, PA, 225 E Robinson St., Ste 600, Orlando, FL 32802-2854; James Everett Shepherd, Pohl & Short, PA, 280 W Canton Ave., Ste 410, Winter Park, FL 32790; John Edwin Fisher, Fisher, Rushmer, Werrenrath, Dickson, Talley & Dunlap, PA, 20 N Orange Ave., Ste 1500, Orlando, FL 32802-0712; and the US Attorney's Office, Suite 300, 501 W Church St, Orlando, FL 32805.

*/s/ Todd K. Norman*
Todd K. Norman
Florida Bar No.: 62145
Nicolette Corso Vilmos
Florida Bar No: 0469051

4821-1371-4695.1
43582/0007