IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MIRABILIS VENTURES, INC. and                    Case No. 6:07-CV-1788-ORL-28-KRS
NEXIA STRATEGY CORPORATION,

       Plaintiffs,

v.

PALAXAR GROUP, LLC.;
PALAXAR HOLDINGS, LLC;
FRANK HAILSTONES; EDITH CURRY
a/k/a EDITH BROADHEAD; and
TERENCE CHU,

       Defendants.

v.

MIRABILIS VENTURES, INC. and
NEXIA STRATEGY CORPORATION,

And THIRD PARTY CORPORATION,
WELLINGTON CAPITAL GROUP, INC.,
YANIV AMAR, FRANK AMODEO,
AARON BATES, MATTHEW MOKWA,
ROBERT POLLACK, JAMES SADRIANNA.

       Third Party Defendants.

## MOTION FOR RECONSIDERATION

      Plaintiffs, MIRABILIS VENTURES, INC., ("Mirabilis"), and NEXIA STRATEGY

CORPORATION ("Nexia") (together referred to as "Plaintiffs") pursuant to Rule 59 and

alternatively Rule 60 of the Federal Rules of Civil Procedure, by and through the undersigned

attorneys, files this Motion for Reconsideration and states as follows:

### I. FACTUAL AND PROCEDURAL BACKGROUND

1.     This Court entered an Order Granting the Motion for Summary Judgment [D.E. #75,

reasserted at D.E. #189] filed by Defendants Palaxar Group, LLC ("Palaxar Group"), Palaxar Holdings, LLC ("Palaxar Holdings"), Frank Hailstones ("Hailstones") and Edith Curry ("Curry") on August 6, 2010. (the "Order Granting Summary Judgment") [D.E. #285].

2.   The Court found that "Frank Amodeo ("Amodeo") was, at times, the Chairman, Sole Director and Shareholder of Mirabilis.  Amodeo frequently appointed and replaced Mirabilis officers and directors and exercised tight control over the affairs of both Mirabilis and Nexia Strategy."  See Pg. 2 of Order Granting Summary Judgment [D.E. #285].  The Court elaborated further regarding its findings in footnotes 1 and 2.  The Court then used its findings to determine that Frank Hailstones had authority to execute the Separation Agreement.

3.   The undersigned respectfully submits that the Court's findings are the result of a misapprehension that the statements and evidence relied upon by the Defendants came from independent third parties.  As will be shown in this motion, the information relied upon allegedly demonstrating Amodeo's control over Mirabilis came from Amodeo himself, a convicted felon.

4.   The Court's finding effectively accepts Defendants' contested factual arguments which are based solely upon documents that are derived from statements made by Amodeo. However, Amodeo's statements are contradicted by the evidence presented or authored by Mirabilis or third parties independent of Amodeo.  The undersigned respectfully submits that the Court misapprehended that it was deciding a material issue based solely upon statements originating with Amodeo when all other persons involved presented contrary evidence.

4850-8472-6023.3
43582/0007 DG

## II. STANDARD FOR RECONSIDERATION

While the Federal Rules of Civil Procedure do not specifically reference a motion for reconsideration, courts routinely recognize such motions as falling under Rules 59(e) or 60(b). The function of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." *Z.K. Marine, Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla.1992). Thus, it is appropriate for a party to bring a motion for reconsideration if the court has misapprehended or overlooked the applicable law or facts at issue or the Court was not presented with all of the relevant information. *Lamar Adver. Of Mobile, Inc. v. TLC Properties, Inc.*, 189 F.R.D. 480, 489 (M.D. Fla. 1999). "In particular, there are three major grounds which justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Ass'n for Disabled Americans, Inc. v. Amoco Oil Co.*, 211 F.R.D. 457, 477 (S.D. Fla. 2002) (citing *Offices Togolais Des Phosphates v. Mulberry Phosphates, Inc.*, 62 F. Supp. 2d 1316, 1331 (M.D. Fla. 1999).

"A motion for reconsideration is appropriate where the 'Court has patently misunderstood a party, or has made a decision outside of the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension....'" *Ass'n for Disabled Americans*, 211 F.R.D. at 477 (quoting *Z.K. Marine, Inc.*, 808 F. Supp. at 1563). The reconsideration decision is "committed to the sound discretion of the district judge" and a motion for reconsideration will be granted only in extraordinary circumstances. *Tristar Lodging, Inc. v. Arch Specialty Ins. Co.*, 434 F. Supp. 2d 1286, 1301 (M.D. Fla. 2006) (quoting *Am. Home Assurance Co. v. Glenn Estess & Assocs.*, 763 F. 2d 1237, 1238-39 (11th Cir. 1985); *See Gaisser v. Portfolio Recovery Assocs.*, LLC, 2009 U.S. Dist LEXIS 43807 (S.D. Fla. 2009). Although

4850-8472-6023.3
43582/0007 DG

the standard is strict, the motion will be granted if the moving party can point to controlling decisions or data that the court overlooked. *United States v. Zarabozo,* 2008 U.S. Dist. LEXIS 96363 (S.D. Fla. Nov. 26, 2008).

## III.  ARGUMENT

**A.**  **There Are Issues Of Material Fact As To Whether Amodeo Was the Chairman and Sole Director and Shareholder of Mirabilis.**

5.      As indicated in the Order, R.W. Cuthill, the President of Mirabilis since May 27, 2008, asserted in his Affidavit that '[b]ased upon Mirabilis' corporate books and records, Frank Amodeo was not an officer or Director of Mirabilis." *See* Footnote 1 to Order Granting Summary Judgment [D.E. #285] (*citing* Cuthill Aff. ¶5).

6.      In overcoming that evidence, the Court relied upon the minutes of a special joint meeting of the Mirabilis Directors and Shareholders, dated February 15, 2005, which was signed by Amodeo as "Chairman" and as "Sole Director and Shareholder." *See* Footnote 1 to Order Granting Summary Judgment [D.E. #285] (*citing* March Curry Aff., Ex. 6).

7.      Any reference to Amodeo as "Chairman" and as "Sole Director and Shareholder" of Mirabilis was made by Amodeo *himself.*  There are no Mirabilis corporate records that were not signed by Amodeo, himself, which verifies that Amodeo was, in fact, the Chairman, Sole Director or Shareholder of Mirabilis.  Indeed, in the records signed or drafted by Amodeo there is conflicting evidence as to whether he held himself as "Chairman" or "Sole Director and Shareholder" of Mirabilis.  In accepting this evidence, the Court is accepting the statements of Amodeo, which contradicts the evidence provided by the remaining officers and directors of Mirabilis.

8.      As stated by the Honorable Karen S. Jenneman in *In re: Mirabilis Ventures, Inc.,* Case No.: 08-4327 at the August 26, 2009 Status Conference, "[y]ou certainly could pin-point

things Amodeo said in his massive statements that he has made, but the Court cannot ignore the fact that there were significant questions of Amodeo's mental capacity. There's significant issues relating to his contradictory statements, say one thing one day, something else the next day, a third ting the third day." *See* excerpt of the Transcript of the August 26, 2009 Status Conference before the Honorable Karen S. Jennemann, *In re: Mirabilis Ventures, Inc.*, Case No. 08-4327 attached hereto as Exhibit "A."

9.    The Court considered and cited to the Affidavit of Laurie Holtz stating that "[c]ontrary to Cuthill's assertion, as of August 26, 2005, Amodeo held at least 24,000 shares of Mirabilis Class "A" common stock." However, the Holtz Affidavit merely attaches hearsay documents which he states he was handed and cannot authenticate. (*see* Holtz Aff. ¶3). Holtz does not verify the accuracy of those attachments. The attachment the Court relied upon, Exhibit 1, is a Financial Statement signed by Amodeo, which was apparently prepared to convince a lender to provide lending to Amodeo. It is not a Financial Statement of Mirabilis. It is signed solely by Amodeo. While it would not be argued that this is not some evidence of the status of stock ownership, it is a statement by a person convicted by this Court of criminal fraudulent conduct asserting his position of financial ownership of Mirabilis solely made for his personal gain. As such, at most, this should be considered as a material issue of fact and not as an admission by Mirabilis. Further, attached to the same Affidavit is Exhibit 2, which is a letter allegedly dictated by Amodeo to Holtz (the "Letter"). According to page 3 of the Letter, Amodeo states he was merely *the minority stockholder of Mirabilis*, contrary to his previous assertion.

10.    Indeed, on July 6, 2005, a mere five (5) months after the February 15, 2005 minutes allegedly signed by Amodeo, Yaniv Amar signed minutes on behalf of Mirabilis as the

4850-8472-6023.3
43582/0007 DG

Chairman, Director and Sole Shareholder.  A copy of the July 6, 2005 minutes was provided in Composite Exhibit "1" of Cuthill's Affidavit and is attached hereto as Exhibit "B."

11.     The September 22, 2005 Mirbailis Shareholders' Agreement, which is attached to Curry's March, 2008 Affidavit is not signed by Amodeo but instead is signed by Jason Carlson, as Director of Mirabilis Ventures, Inc.

12.     Pursuant to Composite Exhibit 1, Yaniv Amar was the original Director for Mirabilis. Amar was then replaced by Director/President Jason Carlson, Director/Vice President Robert Pollack, and Director/Secretary/Treasurer Edith Curry.

13.     As of October 5, 2005, according to the Affidavit of Robert Pollack, Vice President of Mirabilis, the officers for Mirabilis were James Sadrianna, as President, Robert Pollack, as Executive Vice President, James Vandervere, as Executive Vice President, Horton "Woody" Johnson, as Executive Vice President, Dan Myers, as Treasurer, and Tom Broadhead, as Secretary.  The directors for Mirabilis were Bruce Walko, as Chairman of the Board, James Sadrianna, Robert Pollack, Jason Carlson and Edith Curry.  A copy of the Affidavit of Robert Pollack was provided in Composite Exhibit "1" of Cuthill's Affidavit and is attached hereto as Exhibit "C."

14.     Pursuant to the January 25, 2006 Meeting of the Shareholders of Mirabilis, Frank Hailstones was recommended for President & CEO of Mirabilis, Fernando Simo was recommended for COO, Paul Glover was recommended for CFO and Richard Berman was recommended for Executive Vice President.  No reference to Amodeo as  Chairman, Director and/or Sole Shareholder of Mirabilis was ever referenced.

15.     In March, 2007, the directors were replaced by Jodi Jaiman as President, Shane Williams

as Vice President and Jay Stollenwerk as Secretary and Treasurer.

16.     Based upon the evidence referenced above, the Plaintiffs seek reconsideration in order to correct clear error and to prevent manifest injustice.  There are genuine issues of material fact as to whether or not Amodeo was ever the Chairman, Sole Director and/or Shareholder of Mirabilis, and as a result, the entry of Summary Judgment in favor of the Defendants was not proper.  In the alternative, should your Honor reach the same conclusion, the undersigned requests that the disputed facts set forth in Footnote 1 of the Order Granting Summary Judgment and any reference to Footnote 1 in the body of the Order be withdrawn as these are disputed facts that should not be resolved by a Summary Judgment Order.

**B.      There Are Issues Of Material Fact As To Whether Amodeo Held Common Stock In Mirabilis and Whether Such Stock Gave Amodeo Voting Control of Mirabilis**

17.     The Court acknowledged that R.W. Cuthill maintained in his affidavit that Amodeo held preferred stock representing less than 1% of the total shares outstanding and no common stock in Mirabilis.  *See* Footnote 1 to Order Granting Summary Judgment [D.E. #285] (*citing* Cuthill Aff. ¶6).

18.     However, as indicated above, the Court then relied upon a Personal Financial Statement of Amodeo which stated that on August 26, 2005, Amodeo held at least 24,000 shares of Mirabilis Class "A" common stock.  *See* Footnote 1 to Order Granting Summary Judgment [D.E. #285] (*citing* Holtz Aff., Ex. 1).  As discussed above, this document was signed by Amodeo and no third party verified it's accuracy in the record before the Court.

19.     Additionally, pursuant to Mirabilis Shareholders' Agreement presented by Defendant Curry (*See* March Curry Aff., Ex. 1), Amodeo would have needed 25,000 shares to have any kind of veto power.  Thus, while Plaintiffs assert that the Personal Financial

Statement is, at best, only some evidence of stock ownership which is contradicted by other evidence on the issue, even if it were accepted as true, Amodeo would still be 1,000 shares short of any kind of voting control of Mirabilis.

20.     As to this issue of stock ownership, Amodeo's statements for his own benefit are directly contradicted by the July 17, 2006 Independent Audit Report by James Moore & Co., P.L. ("Report"), that was attached to the affidavit of Laurie Holtz.  Pursuant to the Report, which covers both 2004 and 2005 calendar years and was issued approximately eleven (11) months after the Personal Financial Statement of Amodeo, only one hundred (100) shares of Mirabilis Class "A" common stock had been issued and were outstanding. Thus, according to this report of an independent auditor of Mirabilis' books and records, Amodeo's statements of stock ownership simply could not be accurate.

21.     The Court found that it is unclear from the evidence in the record, including the Mirabilis Shareholders' Agreement, whether these Class "A" shares or any other shares give Amodeo voting control of Mirabilis.  *See* Footnote 1 to Order Granting Summary Judgment [D.E. #285] (*citing* March Curry Aff. Ex. 1 at 2).

22.     The disputed evidence does not clarify how much, if any, common stock in Mirabilis was held by Amodeo. As such, Summary Judgment on that issue is not proper.  Further, the Court's ruling of authority based upon that finding also would be in error.  *See* Order Granting Summary Judgment, Page 21 [D.E. #285]. In the alternative, the disputed facts set forth in Footnotes 1 and 2 of the Order Granting Summary Judgment and any reference to Footnote 1 and 2 in the body of the Order should be withdrawn..

**C.     There Are Issues Of Material Fact As To Whether Amodeo Had Exclusive And Personal Control Over the Day-To-Day Affairs of Mirabilis.**

23.     This Court acknowledged that Hailstones believed that Amodeo attended and directed the

actions of most of the board meetings, appointed and replaced officers at his pleasure, and made all significant financial and administrative decisions for Mirabilis and Nexia Strategy. *See* Footnote 2 to Order Granting Summary Judgment [D.E. #285] (*citing* Doc. 7-20 January Hailstones Aff. ¶¶9, 20-26, Ex. A).

24.     The Court also acknowledged that Curry believed that Amodeo asserted exclusive and personal control over the day-to-day affairs of Mirabilis and Nexia Strategy. *See* Footnote 2 to Order Granting Summary Judgment [D.E. #285] (*citing* Doc. 41-7 January Curry Aff. ¶7; *see also* Holtz Aff. ¶5).

25.     The Court found that the Plaintiffs offered no evidence contradicting these statements and the corporate resolutions produced by Plaintiffs showing the frequent addition and removal of officers and directors from Mirabilis corroborated the assertions of Hailstones and Curry. *Id*.

26.     In contrast, the vast majority of the Board of Director minutes attached to Cuthill and Jodi Jaiman's ("Jaiman") affidavits show that Amodeo was **not** present for the board meetings.  For meetings where Amodeo was present, such as the March 23, 2006 Board of Directors meeting, Amodeo was considered nothing more than a **guest speaker**.  A copy of the March 23, 2006 Board of Director Meetings was provided in Composite Exhibit "1" of Cuthill's Affidavit and is attached hereto as Exhibit "D."

27.     The adding and removal of officers and directors of Mirbailis was determined by the Board of Directors, and not Amodeo, as referenced in the Board of Director minutes attached to Cuthill and Jaiman's affidavits.

28.     The Plaintiffs seeks reconsideration in order to correct clear error and to prevent manifest injustice.  Based upon the documents and affidavits referenced above, there are issues of

material fact as to whether or not Amodeo had exclusive and personal control over the day-to-day affairs of Mirabilis and Summary Judgment is therefore not proper.  In the alternative, the disputed facts set forth in Footnote 2 of the Order Granting Summary Judgment and any reference to Footnote 2 in the body of the Order should be withdrawn.

## IV. CONCLUSION

**WHEREFORE**, the Plaintiffs, Mirabilis Ventures, Inc., and Nexia Strategy Corporation respectfully request that the Court reconsider and vacate its August 6, 2010 Order [D.E. #285] granting Defendants Palaxar Group, Palaxar Holdings, Hailstones and Edith Curry's Motion for Summary Judgment.  In the alternative, the Plaintiffs respectfully request that disputed facts set forth in Footnote 1 and Footnote 2 of the Order Granting Summary Judgment and any reference to Footnote 1 and 2 of the Order be withdrawn as said footnotes clearly refer to disputed genuine issues of material fact.

## CERTIFICATE OF GOOD FAITH CONFERENCE

The undersigned counsel for Plaintiffs has conferred with counsel for the Defendants who oppose the relief requested in this motion.

/s/ Nicolette Corso Vilmos
Todd K. Norman
Florida Bar No.:  62154
Nicolette Corso Vilmos, Esquire
Florida Bar No,: 0469051
**BROAD AND CASSEL**
390 N. Orange Ave., Suite 1400
Orlando, FL  32801
Phone: 407-839-4200
Fax: 407-425-8377

4850-8472-6023.3
43582/0007 DG

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by either CM/ECF notice or U.S. Mail this 3rd day of September, 2010 to Kathleen B. Havener, Esq., The Havener Law Firm, LLC, 15511 Russell Road, Chagrin Falls, OH 44022; Frank Amodeo, FCC-Low, B3, P.O. Box 1031, Coleman, FL 33521-1031; Terence Chu, 5637 Country Hills Lane, Glen Allen, VA 23059; Martin R. Raskin and Jane Serene Raskin, Raskin & Raskin, P.A., 2601 South Bayshore Drive, Suite 725, Miami, Florida 33133; Kathleen S. Davies, The Davies Law Firm, 126 E Jefferson St, Orlando, FL 32801; James Vincent Sadrianna, 10025 Chatham Oaks Court, Orlando, FL 32836, James Robert Lussier, Mateer & Harbert, PA, 225 E Robinson St., Ste 600, Orlando, FL 32802-2854; James Everett Shepherd, Pohl & Short, PA, 280 W Canton Ave., Ste 410, Winter Park, FL 32790; John Edwin Fisher, Fisher, Rushmer, Werrenrath, Dickson, Talley & Dunlap, PA, 20 N Orange Ave., Ste 1500, Orlando, FL 32802-0712; and US Attorney's Office, Suite 300, 501 W Church St, Orlando, FL 32805..

*/s/ Nicolette C. Vilmos*
Nicolette Corso Vilmos, Esquire
Florida Bar No,: 0469051

-11-

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:  08-4327

IN RE:

MIRABILIS VENTURES, INC.,

  DEBTOR.

_____/

STATUS CONFERENCE

BEFORE:  THE HONORABLE KAREN S. JENNEMANN

DATE:  AUGUST 26, 2009

TIME:  2:06 P.M.

APPEARANCES:

ON BEHALF OF THE DEBTOR:  ELIZABETH GREEN, ESQUIRE

ON BEHALF OF BERMAN, KEENE:  BRAD SAXTON, ESQUIRE
    DAVID KELLER, ESQUIRE
ON BEHALF OF HANS BYER, ET AL:  JOSEPH VARNER, ESQUIRE
ON BEHALF OF JAMES MOORE:  CHARLES MELTZ, ESQUIRE
ON BEHALF OF FORGE CAPITAL:  BART VALDEZ, ESQUIRE
ON BEHALF OF RACKLIN COHEN
  DEFENDANTS:  JOSEPH DEMARIA, ESQUIRE



EXHIBIT
"A"

1        PROCEEDINGS

2            THE CLERK: ALL RISE.   THE COURT IS IN SESSION. THE

3    HONORABLE KAREN S. JENNEMANN PRESIDING. YOU MAY BE

4    SEATED.

5            CASE NUMBER 08-4327, MIRABILIS VENTURES, INC., AND ALL

6    RELATED CASES AND ADVERSARIES PROCEEDINGS. ALL

7    INTERESTED PARTIES, PLEASE COME FORWARD AND ENTER YOUR

8    APPEARANCES.

9            MS. GREEN: YOUR HONOR, ELIZABETH GREEN AND JUSTIN

10   LUNA, ON BEHALF OF THE DEBTORS.

11           MR. SAXTON: JUDGE, BRAD SAXTON AND DAVID KELLER ON

12   BEHALF OF BERMAN, KEENE AND REGARIA, DEFENDANTS IN ONE

13   OF THE ADVERSARY PROCEEDINGS.

14           MR. VARNER: GOOD AFTERNOON, JUDGE, JOE VARNER HERE

15   FOR HANS BUYER AND SAXTON, GILMER.

16           MR. MELTZ: JUDGE, CHUCK MELTZ ON BEHALF OF JAMES

17   MOORE AND COMPANY.

18           MR. VALDEZ: GOOD AFTERNOON, YOUR HONOR, BART

19   VALDEZ, ON BEHALF OF FORGE CAPITAL PARTNERS, ARGON

20   CAPITAL ADVISORS, ATLANTIC AMERICAN, ROBERT RAY, PETER

21   COHEN, VICE AND MORTGAGE AND SOLUTIONS FUNDING.

22           MR. DEMARIA: GOOD AFTERNOON, YOUR HONOR, JOE

23   DEMARIA ON BEHALF OF THE RACKLIN COHEN DEFENDANTS.

24           THE COURT:   AND ANYBODY ELSE CARE TO MAKE AN

25   APPEARANCE?

Case 6:07-cv-01788-JA-GJK Document 303 Filed 09/03/10 Page 14 of 25
Case 6:09-cv-01658-GAF Document 1-3 Filed 09/29/09 Page 15 of 45

13

1    STATES THAT WOULD RESULT IN CREDITORS ACTUALLY GETTING A

2    DISTRIBUTION IN THIS CASE. NOW, OF COURSE, ONE OF THOSE

3    ASSETS UNDERSTANDABLY IS THAT MAY BE BROUGHT BY THESE

4    ADVERSARY PROCEEDINGS, AND I UNDERSTAND THAT THE

5    MOVANTS WOULD LIKE NOT TO HAVE TO GO THROUGH THAT

6    PAINFUL PROCESS. THAT'S NOT A BASIS, HOWEVER, FOR FINDING

7    BAD FAITH BY THE DEBTOR. IT IS SIMPLY ONE OF THE THINGS THEY

8    NEED TO ACCOMPLISH IN ORDER TO ORDERLY LIQUIDATE THIS

9    CASE AS PERMITTED BY CHAPTER 11 OF THE BANKRUPTCY CODE.

10        SO I DO FIND THAT THERE IS NO BASIS GIVEN FOR A FINDING

11    OF BAD FAITH AND THAT I WILL NOT DISMISS THE CASE UNDER

12    THAT.

13        LASTLY, THERE WAS SOME ARGUMENT THAT THE FORGE

14    CREDITORS BROUGHT THAT MIRABILIS WAS MERELY A SHAME

15    CORPORATION WITH NO SEPARATE CORPORATE IDENTIFY FROM

16    MR. AMADEO PERSONALLY. PRIMARILY THEY RELY UPON VARIOUS

17    STATEMENTS MR. AMADEO MADE TO THE GOVERNMENT IN

18    CONNECTION WITH THE CRIMINAL PROCEEDINGS AND THE

19    SENTENCING PROCEEDINGS.

20        AND THAT THE DEBTOR WAS CONTROLLED BY MR. AMADEO

21    IN ORDER TO COMMIT MATS OF CRIMINAL TAX FRAUD, AND THAT

22    IN CITING TO THE DECISION OF FELDMAN VERSUS PRUDENTIAL

23    BASE SECURITY FOR THE PROPOSITION THAT COMPANY USE

24    CHIEFLY AS A SHAME FOR AN INDIVIDUAL TO PERPETRATE THESE

25    TYPES OF FRAUD ON CREDITORS DOES NOT MEET THE GOOD FAITH

1  STANDARD UNDER BANKRUPTCY CODE SECTION 1112.

2  AND THE COURT DOESN'T DISAGREE, ALTHOUGH WE WOULD

3  LISTEN FOR PROBABLY DAYS, IF NOT WEEKS ON THE VARIOUS

4  STATEMENTS THAT MR. AMADEO HAS FILED BOTH WITH THE

5  GOVERNMENT AND EVEN IN THIS CASE, BUT WHAT THE MOVANTS

6  ARE ASKING ME TO DO IS TO TAKE THOSE STATEMENTS

7  UNIMPEDED BY RATIONALITY, ANALYSIS, CRITICISM OR ANY TYPE

8  OF TRUTH FINDING EXERCISE. YOU CERTAINLY COULD PIN-POINT

9  THINGS MR. AMADEO SAID IN HIS MASSIVE STATEMENTS THAT HE

10  HAS MADE, BUT THE COURT CANNOT IGNORE THE FACT THAT

11  THERE WERE SIGNIFICANT QUESTIONS OF MR. ADAMEO'S MENTAL

12  CAPACITY. THERE'S SIGNIFICANT ISSUES RELATING TO HIS

13  CONTRADICTORY STATEMENTS, SAY ONE THING ONE DAY,

14  SOMETHING ELSE THE NEXT DAY, A THIRD THING THE THIRD DAY.

15  AND TO JUST PIN-POINT A FEW THINGS TO SAY THAT THIS

16  PARTICULAR DEBTOR IS A SHAME CORPORATION, I THINK IS

17  DISINGENUOUS.

18  IT MAY BE FACTUALLY AT SOME POINT WE WILL GET TO THE

19  PROOF OF WHETHER THE DEBTOR IS A SHAME CORPORATION OR

20  NOT, BUT TO DO SO JUST BASED SOLELY UPON MR. AMADEO'S

21  STATEMENT IS FACTUALLY UNPERSUASIVE AND NOT ONE UPON

22  WHICH I WOULD BASE THE DISMISSAL OF A CASE WHEN THERE IS

23  THE POTENTIALITY OF SIGNIFICANT DISTRIBUTION TO A GROUP OF

24  VERY LEGITIMATE CREDITORS, SOME OF WHICH, INDEED, MAY BE

25  FUNDED BY JUDGMENTS IN THE ADVERSARY PROCEEDINGS.

Case 6:07-cv-01788-JA-GJK   Document 303   Filed 09/03/10   Page 16 of 25
Case 6:09-cv-01656-GAP   Document 1-3   Filed 09/29/09   Page 16 of 45

15

1    SO IN RESOLVING THE MOTIONS TO DISMISS, I WILL DENY

2    THE MOTIONS.  I WOULD FIND THAT THERE ARE CERTAINLY

3    FACTUAL ISSUES AS TO WHETHER THE DEBTOR WAS INDEED AN

4    ALTER EGO OR SOME SORT OF SHAME CORPORATION,

5    SUBSTITUTION FOR MR. AMADEO, BUT THAT FACTUAL ISSUE IS NOT

6    ONE THAT I NEED TO RESOLVE AT THIS JUNCTURE BECAUSE WITH

7    THE APPOINTMENT OF MR. CUTHILL AND THE ACTIONS THAT HAVE

8    BEEN TAKEN IN THE CHAPTER 11 CASE, AND CONSIDERING THAT

9    WE ARE ON THE CUSP OF POTENTIALLY CONFIRMING THE PLAN IN

10   LESS THAN A MONTH, DISMISSAL WILL NOT BE THE AVENUE THAT

11   WE WILL BE PURSUING.

12   SO I WILL DENY THE MOTIONS TO DISMISS.  AGAIN,

13   RESERVING THE RIGHT OR FORCED TO WRITE A WRITTEN OPINION,

14   BUT WOULD PREFER NOT TO ON THE MOTION.

15   SO THE MOTIONS ARE DENIED.  I DON'T NEED ANY MORE

16   QUESTIONS UNLESS THERE'S ANY DISPUTE ABOUT WHAT I JUST

17   DID, WHICH WAS DENY THE MOTIONS TO DISMISS.

18   GOOD.  THEN LET ME MS. GREEN FILL ME IN ON WHERE WE'RE

19   AT.  I DON'T THINK THERE'S --- LET'S SEE, IS THERE ANYTHING IN

20   THE MAIN TWO CASES, HOTH AND MIRABILIS OR A&E THAT I NEED

21   TO KNOW ABOUT, AND THEN WE CAN TURN TO THE ADVERSARY

22   PROCEEDINGS.

23   MS. GREEN:  YOUR HONOR, IN THE MAIN CASES, THE DEBTOR

24   IS GOING TO FILE TO FILE TWO CLAIM OBJECTIONS THAT ARE

25   GOING TO HAVE TO BE SET WITH CONFIRMATION.

1        THE COURT:  OKAY.

2        MS. GREEN:  ONE OF WHICH IS TO THE SECURED CLAIMS

3    FILED BY ONE OF MR. AMADEO'S ENTITIES AND ONE OF WHICH

4    RELATED AN O2HR NOT, WHICH IS THE ESTATE OF HENDIX.  I'VE

5    BEEN TALKING WITH MR. CARSON, WHO REPRESENTS THE ESTATE

6    OF HENDIX, THAT ONE MAY BE RESOLVED.  BUT I WANTED TO

7    ALERT YOU THAT THOSE CLAIMS OBJECTIONS SHOULD BE FILED BY

8    TOMORROW.

9        THE COURT:  AND WE HAVE CONFIRMATION ON SEPTEMBER

10   THE 16TH, SO THAT'S NOT GOING TO BE 30 DAYS, SO THERE'S NOT

11   GOING TO BE TIME TO DO THAT BEFORE THE SET SCHEDULED

12   CONFIRMATION HEARING.

13       MS. GREEN:  SO THE QUESTION IS:  SHOULD WE MOVE THE

14   CONFIRMATION HEARING?

15       THE COURT:  VERY GOOD.  LET'S SEE.

16       MS. GREEN:  I THINK WE NEED TO DO THAT BECAUSE THEY

17   ARE CLAIMS THAT ARE FILED AND THEY'RE GOING TO HAVE TO BE

18   OBJECTED TO.

19       THE COURT:  ARE THE CLAIMS ON BEHALF OF MR. AMADEO'S

20   ENTITIES, DO THEY HAVE COUNSEL?

21       MS. GREEN:  NO, THEY DON'T, ALTHOUGH, IT'S ACTUALLY

22   THE DEBTOR'S CONTENTION THAT THOSE CLAIMS ARE OWNED BY

23   THE UNITED STATES BECAUSE ALL OF HIS ASSETS IN THOSE

24   ENTITIES WERE PART OF THE CRIMINAL PROCEEDINGS.

25       THE COURT:  DO YOU HAVE ANYBODY TO SERVE OR

# MINUTES OF

## MIRABILIS VENTURES, INC.

### SPECIAL JOINT MEETING OF THE BOARD OF DIRECTORS AND SHAREHOLDERS

### July 6, 2005

A special joint meeting of the shareholders and directors of Mirabilis Ventures, Inc., was held at 20 N. Orange Avenue, Orlando, Florida 32801 on July 6, 2005, at 2:00 pm. All of the shareholders and directors were present, having waived notice of the meeting. Yaniv Amar acted as Chairman of the meeting.

Upon motion duly made, seconded and approved by the Shareholders and Board of Directors, the following resolutions were unanimously adopted:

RESOLVED, that the Company is authorized and directed to enter into an Assignment Agreement, to transfer fifty-one percent (51%) of Company's total interest in AEM, INC., a Florida Corporation, to Laurie Andrea upon approval of a definitive agreement on terms acceptable to the Board of Directors.

RESOLVED FURTHER, that the appropriate officers of the Company are hereby authorized and directed to take all such actions as they shall deem necessary or advisable to carry out the foregoing resolution.

There being no further business, the meeting was adjourned at 3:00 pm.

_____
Yaniv Amar, Chairman

### WAIVER AND CONSENT

The undersigned, being all the shareholders and directors of Mirabilis Ventures, Inc., hereby waive notice of the Special Joint Meeting of the Board of Directors and Shareholders held on July 6, 2005, and consent to all actions taken thereat.

_____
Yaniv Amar, Director and Sole Shareholder



EXHIBIT

" B "

**FILED**
SECRETARY OF STATE
DIVISION OF CORPORATIONS
2005 OCT 24 PM 1: 52

## AFFIDAVIT OF ROBERT W. POLLACK, MD

STATE OF FLORIDA          )
COUNTY OF ORANGE          )

I, Robert W. Pollack, MD being first duly sworn, deposes and states:

1.     My name is Robert W. Pollack, MD.  I am an Executive Vice President and Director or Mirabilis Ventures, Inc., a Nevada corporation authorized to transact business in the state of Florida.

2.     As of October 1, 2005 the following is the proper list of officers for Mirabilis Ventures, Inc.:

| | |
|---|---|
| James V. Sadrianna | President |
| Robert W. Pollack, MD | EVP Strategy |
| James Vandevere | EVP Operations |
| Horton "Woody" Johnson | EVP Development |
| Dan Myers | Treasurer |
| Tom Broadhead, Esq. | Secretary/General Counsel |

3.     As of October 1, 2005 the following are the proper list of directors for Mirabilis Ventures, Inc.:

Bruce Walko, Chairman of the Board
James V. Sadrianna
Robert W. Pollack, MD
Jason Carlson
Edie Curry

4.     Recognizing the limit of 6 individuals being posted on the internet, the following individuals are intended to be identified by their name and respective title(s) on Sunbiz.org:

| | |
|---|---|
| Bruce Walko | Chairman/D |
| James V. Sadrianna | P/D |
| Robert W. Pollack, MD | EVP/D |
| Dan Myers | T |
| Tom Broadhead | S/General Counsel |
| Edie Curry | D |



**EXHIBIT**
"C"

5.      I have personally reviewed and have personal knowledge of the foregoing.

**FURTHER AFFIANT SAYETH NOT.**

Robert W. Pollack, MD, EVP

STATE OF FLORIDA      )
COUNTY OF ORANGE   )

The foregoing instrument was acknowledged before me this 21st day of October 2005, by Robert W. Pollack, MD, as EVP of Mirabilis Ventures, Inc. ☑ who is personally known to me or ☐ who has produced his/her State of Florida Driver's License No. _____ as identification and who did/did not take of oath.

Philip S. Kaprow, Notary Public

Philip S. Kaprow
Commission # DD311765
Expires June 28, 2008
Bonded Troy Fain - Insurance, Inc. 000-385-7019

MINUTES OF THE MARCH 23, 2006 MEETING
OF BOARD OF DIRECTORS OF
MIRABILIS VENTURES, INC.

The meeting of the Board of Directors of Mirabilis Ventures, Inc. convened at 11:16 a.m. on March 23, 2006.

Present at the meeting were Edie Curry, Dr. Robert Pollack, James V. Sadrianna, Jason Carlson, Bruce Walko, and Frank Hailstones constituting all of the Directors of the Corporation. Chairman Walko headed the meeting and, at the request of Chairman Walko, Philip S. Kaprow acted as Secretary.  Also present was Fernando Simo, Paul Glover, Alan Archer, Richard Berman, Frank Amodeo, Laurie Holtz, Shane Williams, Tom Broadhead, and Philip S. Kaprow.

The Chairman called the meeting to order and stated that a quorum of the Board of Directors was present for the conduct of business.

Upon motion duly made, seconded and unanimously carried, the Minutes from the February 15, 2006 Board of Director meeting were approved.

The board first reviewed the status of all committee work to be completed no later than April 1, 2006.

Thereafter, Frank Amodeo, guest speaker made a presentation to the Board of Directors on the subject of Corporate Governance, Acquisition, and Case Absolute Un-retractable Parameters.

Upon motion duly made, seconded and unanimously carried, the following resolution was carried:

**RESOLVED**, that on or before May 19, 2006, the Risk/Audit Committee present the board with proposed committee members and standard operating procedure for the selection and retention of legal counsel for each region of the Company;

**BE IT FURTHER RESOLVED**, that on or before May 19, 2006, the Compensation/Hiring Committee present the board with proposed changes to the Common Paymaster Employee Handbook and base pay and bonus compensation schedules;

**BE IT FURTHER RESOLVED**, that on or before May 19, 2006, the Executive Committee present the board with proposed standard operating procedure and guidelines for the use of corporate assets and vehicles;

**BE IT FURTHER RESOLVED**, that on or before May 19, 2006, the budgets for the remainder of fiscal year 2006 and a proposed rolling eighteen (18) month budget for Mirabilis Ventures, Inc. and each affiliate and subsidiary companies be presented to the board; and

**BE IT FURTHER RESOLVED**, that, on or before April 15, 2006 Mirabilis Ventures, Inc. shall either enter into a long-term contract with Berman, Kean, & Riguera, P.A. or in



EXHIBIT
"D"

the alternative to identify alternate legal counsel for the provision of general counsel services to Mirabilis Ventures, Inc. and all affiliate and subsidiary companies, and that said contract shall be presented to the board on or before May 19, 2006 for ratification.

The Board then considered the membership of various committees.

Upon motion duly made, seconded and unanimously approved, it was

**RESOLVED,** that the below committees of Mirabilis Ventures, Inc. are comprised of the following individuals and no other:

> Executive Committee:   Laurie Holtz, Frank Hailstones, James Sadrianna
> Audit/Risk Committee:  Richard Berman, Frank Hailstones, Edie Curry-Broadhead
> Compensation/Hiring Committee:  Larry Haber, Marty Flynn, Shane Cobb, Tom Broadhead
> Investment Committee:  Robert Pollack, MD, Tom Broadhead, Jason Carlson, Frank Hailstones, Paul Glover, Fernando Simo, Horton Johnson, Dan Myers, Richard Berman

**BE IT FURTHER RESOLVED,** that pursuant to the direction of the Class A Common Shareholders, subject to any preferred shareholders rights pursuant to the Company bylaws or shareholders agreement, that the following individuals shall comprise the Board of Directors, with their tenure commencing upon adjournment of this meeting:

> Laurie Holtz            Bruce Walko
> Richard Berman          Tom Broadhead
> Jason Carlson           Edie Curry-Broadhead
> James V. Sadrianna      Robert W Pollack, MD
> Frank Hailstones

**BE IT FURTHER RESOLVED,** that effective the adjournment of this meeting that Bruce Walko shall remain on the board, but shall yield his position as chairman to Laurie Holtz who shall thereafter be the new, full voting and participant chairman of the Board.

**BE IT FURTHER RESOLVED,** that effective the adjournment of this meeting, that Edie Curry-Broadhead shall become the Vice-Chair of Mirabilis Ventures, Inc.

The board next considered, and upon motion duly made, seconded, and unanimously approved the following:

**RESOLVED,** that the April 3, 2006 evening meeting by Frank Hailstones, is hereby authorized, ratified and approved;

**BE IT FURTHER RESOLVED,** that the April 7, 2006 Orlando Magic event is hereby authorized, ratified and approved;

**BE IT FURTHER RESOLVED,** that the development of a relationship with Continuum Enterprises as a preferred vendor provider is hereby authorized, ratified, and approved;

**BE IT FURTHER RESOLVED,** that the investment committee is authorized to commit $8,000,000 for acquisitions in April, 2006 and $8,000,000 for acquisitions in May, 2006, with the closings to take place on those acquisitions in subsequent months.

Thereafter the Board considered, and upon motion duly made, seconded, and unanimously approved it was:

**RESOLVED,** that the Consulting Agreement between AQMI Strategy Corporation and Mirabilis Ventures, Inc. for the consultation on discretionary bonuses is hereby ratified and approved.

Thereafter the Board considered, and upon motion duly made, seconded, and unanimously approved it was:

**RESOLVED,** that the following exception letters, tentatively approved by the Executive Committee are hereby ratified, affirmed, and approved:

| Date | Name |
| --- | --- |
| 1/25/06 | Fernando Simo |
| 1/27/06 | Jason Brownell |
| 1/31/06 | Michael Stanley |
| 2/13/06 | F.S. Winsett |
| 2/22/06 | Kellie Ledbetter |
| 2/22/06 | David Chaviers |
| 2/22/06 | Tom Hancock |
| 2/26/06 | Mark Lang |
| 2/25/06 | Lyle Gluck |
| 3/1/06 | Aaron Bates |
| 3/10/06 | Scott Fender |
| 3/15/06 | Steve Zadrick |
| 3/15/06 | Michael Hering |
| 3/18/06 | Sophie Kaye |
| 3/18/06 | Caprice LaCroix |
| 3/18/06 | Michael Miller |
| 3/18/06 | Daniel Mule |
| 3/18/06 | Sheri Pasqual |
| 3/18/06 | Carol Ruiz |
| 3/20/06 | Ronald Harrigan |
| 3/21/06 | James E. Abbott |
| 3/21/06 | Angelo J. Miceli |
| 3/22/06 | Jenny Freeman |
| 3/22/06 | Gregory Wolbers |
| 3/22/06 | Kelli M. Slaughter |

| 3/22/06 | Nancy A. Adams |
|---------|----------------|

**BE IT FURTHER RESOLVED,** that future exception letters be approved by the Risk/Audit Committee and ratified by the Board of Directors.

Thereafter, the Board considered, and upon motion duly made, seconded, and unanimously approved it was:

**RESOLVED,** that the following are entities created by Mirabilis Ventures, Inc., the creation and maintenance of which are hereby ratified, affirmed, and approved:

| Corporate Name | Month/Year |
|----------------|------------|
| Centerpoint CS, LLC | 1/06 |
| Lake Suites Hotel, Inc. | 3/06 |
| Mirabilis Baseball, LLC | 1/06 |
| Common Paymaster III Corporation | 2/06 |
| Common Paymaster H Corporation | 3/06 |
| Investment Title Services, Inc. | 3/06 |
| Statim Satelite Corporation | 1/06 |

Thereafter the board considered, and upon motion duly made, seconded, and unanimously approved it was:

**RESOLVED,** that the following acquisitions and capital expenditures undertaken by Mirabilis Ventures, Inc. are hereby ratified, affirmed, and approved:

| Corporate Name | Month/Year | Capital Expenditure |
|----------------|------------|---------------------|
| Centerpoint CS, LLC | 3/06 | Non-monetary consideration |
| SecureSolutions, LLC | 3/06 | $940,000.00 |
| RF Scientific, Inc. | 3/06 | $350,000.00 |
| It's Your Move, Inc. | 3/06 | $20,000.00 |
| LTSS, LLC | 3/06 | $1,250,000.00 |
| Hancock Group, LLC | 2/06 | $2,500,000.00 |
| Auke Hempenius Enterprises, Inc. | 2/06 | $9,000.00 |
| 3801 Carolina Avenue | 3/06 | $171,512.78 |
| World Wrestling Legends, LLC | 2/06 | $200,000.00 |
| Nexia Strategy, LTD | 2/06 | $150,000.00 |
| Lake Ellen | 3/06 | $100,000.00 |
| Premier HR, Inc. | 2/06 | $600,000.00 |
| Hendricks | 2/06 | $2,347,196.39 |

Thereafter the Board considered, and upon motion duly made, seconded, and unanimously approved it was:

**RESOLVED**, that the Agreement between AQMI Strategy Corporation and Mirabilis Ventures, Inc. dated November 1, 2004 for consultation services, be restated and ratified.

Thereafter, the Board considered, and upon motion duly made, seconded, and unanimously approved it was:

**RESOLVED**, that the actions taken by each director of Mirabilis Ventures, Inc. between February 15, 2006 and March 23, 2006 are hereby ratified and approved.

Thereafter there was a presentation by the Acquisition Division regarding the status of all projects being currently considered for acquisition by the Company.

Thereafter there was a presentation by Laurie Holtz on the subject of Business Alignment and Control.

The next meeting of the Board of Directors was then scheduled for May 19, 2006 at 12:00 PM at a location to be determined not less than ten (10) days before the meeting.

There being no further business before the meeting, the meeting was adjourned at 1:13 p.m.

Respectfully submitted,

Philip S. Keprow, Acting Secretary

Approved:

Bruce Walko, Chairman