UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILED
2010 SEP -7 PM 1: 39

| | |
|---|---|
| MIRABILIS VENTURES, INC. and<br>NEXIA STRATEGY CORPORATION,<br><br>Plaintiffs,<br>-vs.-<br><br>PALAXAR GROUP, LLC;<br>PALAXAR HOLDINGS, LLC;<br>FRANK HAILSTONES; EDITH CURRY<br>a/k/a EDITH BROADHEAD; and<br>TERENCE CHU,<br><br>Defendants,<br><br>vs.<br><br>MIRABILIS VENTURES, INC., et al.<br><br>Counterclaim and Third<br>Party Defendants. | Case No.: 6:07-CV-1788-ORL-28-GJK<br><br><br><br><br><br><br><br><br><br><br><br><br><br>DEFENDANT TERENCE CHU'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL MOTION FOR SANCTIONS AND PERMISSION TO EXCEED PAGE LIMITS |

COMES NOW DEFENDANT Terence Chu ("Defendant") *pro se,* and pursuant to Local Rule 3.01(c) and Fed. R. Civ. Pro. 15(a) and (d) Defendant requests permission to file a Supplemental Motion for Sanctions with new material evidence. In addition, *pro se* Defendant moves this Court on the following grounds for permission to exceed the page limits set forth in Local Rule 3.01(d).

I. **PROCEDURAL HISTORY**

1. On May 6, 2010 Defendant filed a *Motion for Sanctions with Memorandum of Law* pursuant to Fed. R. Civ. P. 11. (Doc. 242). On May 24, 2010 Aaron Bates, Matthew Mokwa,

and BatesMokwa, PLLC filed a *Response in Opposition to the Motion for Sanctions* (Doc. 251). Allen Estes, J. Russell Campbell and Balch & Bingham LLP filed a *Response in Opposition to Motion for Sanctions* (Doc. 252). Mirabilis Ventures filed its Response to Motion for Sanctions (Doc. 254). On May 25, 2010 Allen Estes, J. Russell Campbell and Balch & Bingham LLP filed the *Amended Response in Opposition to Motion for Reconsideration* (Doc. 255 correcting Doc. 253) after Defendant notified them of the demonstrably false statements made in their sworn affidavits.

2. On June 8, 2010 Defendant filed a *Supplement to Motion for Sanction* without first seeking permission of the court. (Doc. 259, Stricken Doc. 277). On July 12, 2010, Plaintiffs offered to dismiss the Palaxar law suit against all parties with prejudice only if Defendants would execute a release which included the Mirabilis/Nexia attorneys past and present.

3. On July 23, 2010, former Plaintiff Bankruptcy Counsel, Elizabeth Green ("Green") submitted her affidavit in response to a Motion for Sanctions in the case styled *Mirabilis Ventures, Inc. v. Buchanan, Ingersoll, & Rooney, et al.*, Case No.: 6:09-CV-01974-GAP-DAP. (Doc. 56) Concurrently, Plaintiffs' current Bankruptcy counsel Latham, Shuker, Eden & Beaudine, LLP ("Latham") submitted a Response to the Motion for Sanctions in the same case. (Doc. 59) These motions and the incorporated affidavits contain material evidence previously not disclosed or expressly denied to this Court.

4. On August 2, 2010 Defendant filed a *Motion to Compel Initial Disclosures* (Doc. 282). On August 3, 2010 Plaintiffs file their *Motion to Dismiss without Prejudice* (Doc. 280).

5. On August 6, 2010 this Court granted Co-Defendants' *Motion for Summary Judgment* (Doc. 285) and three days later *sua sponte* grants Defendant *Summary Judgment* as to Count V. - Civil Conspiracy, the single claim alleged against Defendant.

6. August 10, 2010 Counter Plaintiffs conducted a deposition of former MVI in-house counsel Matthew Mokwa in which new information was disclosed that is material to Defendant's petition for sanctions, and contains information that was expressly denied to this Court.

7. Defendant now seeks this Court's leave to supplement his *Motion for Sanctions* (Doc. 242) to incorporate the newly disclosed information. Incorporating this newly disclosed information has caused *pro se* Defendant's *Supplemental Sanctions Motion* to exceed the twenty (20) page limit set forth in Local Rule 3.01(d). As this Court is well aware, this is a complex case and *pro se* Defendant's *Motion for Sanctions* is based upon complicated facts. In order for *pro se* Defendant to adequately and accurately set forth his arguments, it requires *pro se* Defendant to add the recently disclosed information so this Court may have a clear understanding of the facts and *pro se* Defendant's arguments.

8. A party may amend its pleading with leave of the court - and "leave shall be freely given when justice so requires" Fed. R. Civ. P. 15(1); See *Foman v. Davis*, 371 U.S. 178(1962).

9. Further Fed. R. Civ. P. 37(c)(1) and (2) requires disclosure of this information to the court.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully moves the Honorable Court to grant Defendant's request for leave to file Supplement Motion for Sanctions and pursuant to Local Rules 4.01, attached hereto as Exhibit A.

Date: September 2, 2010

Respectfully submitted,

/s/ Terence Chu

Terence Chu, *pro se*
5637 Country Hills Lane
Glen Allen, VA 23059
804-363-2666
terencchu@yahoo.com

## LOCAL RULE 3.01(G) CERTIFICATION

The undersigned certifies that, with respect to the foregoing motion he has conferred with counsel for Co-Defendants, Plaintiffs, and unrepresented parties. Plaintiffs oppose the relief sought in the motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 2, 2010, mailed the foregoing via first class mail to the Clerk of the Court which will send notice of electronic filing to all parties named on the attached Service List or in some other authorized manner for those counsel or parties who are not authorized to receive notices electronically.

Frank Amodeo, FCC-Low, B3, P.O. Box 1031, Coleman, FL 33521-1031
Yaniv Amar 3475 Mystic Point Drive, TH #10, Aventura, FL 33180

Respectfully submitted,

Date: September 2, 2010

*Terence Chu*

Terence Chu, *pro se*
5637 Country Hills Lane
Glen Allen, VA 23059
804-363-2666
terencchu@yahoo.com