UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| MIRABILIS VENTURES, INC. and<br>NEXIA STRATEGY CORPORATION,<br><br>    Plaintiffs,<br>-vs.-<br><br>PALAXAR GROUP, LLC;<br>PALAXAR HOLDINGS, LLC;<br>FRANK HAILSTONES; EDITH CURRY<br>a/k/a EDITH BROADHEAD; and<br>TERENCE CHU,<br><br>    Defendants,<br><br>vs.<br><br>MIRABILIS VENTURES, INC., et al.<br><br>    Counterclaim and Third<br>    Party Defendants. | Case No.: 6:07-CV-1788-ORL-28-GJK<br><br><br><br><br><br><br><br><br><br><br><br><br><u>OPPOSITION OF DEFENDANTS EDITH</u><br><u>CURRY, FRANK HAILSTONES, PALAXAR</u><br><u>GROUP, LLC AND PALAXAR HOLDINGS,</u><br><u>LLC TO PLAINTIFFS' MOTION FOR</u><br><u>RECONSIDERATION</u> |

DEFENDANTS Edith Curry, Frank Hailstones, Palaxar Group, LLC, and Palaxar Holdings, LLC (collectively "Defendants"), by and through their undersigned counsel, hereby submit the following opposition to the Motion for Reconsideration ("Motion") filed by Plaintiffs, MIRABILIS VENTURES, INC., ("MVI"), and NEXIA STRATEGY CORPORATION ("Nexia") (collectively "Plaintiffs").

**PROCEDURAL HISTORY**

On August 3, 2010, Plaintiffs filed a Motion to Dismiss without Prejudice (Doc. 280) stating that Plaintiffs had determined, utilizing their business judgment, that it was not in the best

interest of the Mirabilis and related Debtors' ("Debtors") bankruptcy estates to continue with the instant litigation. Plaintiffs believed that it appeared unlikely that this case would generate any beneficial net recovery for the creditors of the Debtors' bankruptcy estate based on the status of the case post-mediation. (Doc. 280). Defendants objected on the ground that they would accept only a dismissal with prejudice. Three days later, this Court granted Defendants' Motion for Summary Judgment (Doc. 285) and, on August 9, 2010, *sua sponte* granted Summary Judgment to Co- Defendant Chu as to Count V - Civil Conspiracy, the single claim alleged against Co-Defendant (Doc. 287).

On September 3, 2010, Plaintiffs filed a Motion for Reconsideration (Doc. 303) in which they argue that the Court's findings are the result of a misapprehension that the statements and evidence relied upon by the Defendants came from independent third parties or the information relied upon allegedly demonstrating Amodeo's control over MVI came from Amodeo himself, a convicted felon. Further, Plaintiffs contend this Court misunderstood that it was deciding a material issue based "solely upon statements originating with Amodeo when all other persons involved presented contrary evidence." (*See* Motion at ¶4).

Regardless of its style, the Motion has one purpose: Plaintiffs want the Court to reinstitute their down-the-rabbit-hole charade that Plaintiffs were not controlled by Amodeo. The Motion is flawed in both theory and fact. Putting aside that Plaintiffs choose to ignore the evidence and information to be found in Amodeo's criminal indictment, (Doc. 1, Case No.:6:08-cr-00176) Amodeo's criminal plea agreement, (Doc. 38 Case No.: 6:08-cr-00176) this Court's sentencing of Amodeo, (Doc. 158 Case No.: 6:08-cr-00176) Judge Presnell's Orders in Case No. 6:09-cv-01974 and Case No. 6:09-cv-01658, MVI's indictment, (Doc. 1 Case No: 6:08-cr-00231), this Court's sentencing of MVI, (Doc. 156 Case No: 6:08-cr-00231), statements to the

Court of AUSA I. Randall Gold *and* Amodeo's criminal defense attorneys during Amodeo's five-day sentencing (May 12 - May 26, 2009), deposition testimony (in multiple cases) taken or attended by Plaintiffs of 7 former MVI executives and one former consultant, affidavits (in multiple cases) of 3 former MVI executives and one IRS Special Agent, Plaintiff's Motion ***raises no new law, facts, arguments or evidence*** relating to the issue before the Court.

Under this Court's precedent, Plaintiffs have failed to present sufficient grounds for this Court to even consider the Motion, much less to grant it. *See, e.g., Sec. and Exc. Comm'n v. Seahawk Deep Ocean Tech., Inc.*, 74 F.Supp. 2d 1188, 1192 (M.D. Fla.1999) (internal citations omitted) (denying motion to reconsider on grounds that the motion offered no new arguments, issues, case law or evidence and presented no basis on which the court should reconsider its order except that the party disagreed with the result).  Accordingly, the Motion should be denied.

### STANDARD FOR MOTION FOR RECONSIDERATION

"A Court will not alter a prior decision absent a showing of clear and obvious error where 'the interests of justice' demand correction." *Parry v. Outback Steakhouse of Florida, Inc*., Case No. 8:06-CV-00804-T-17TBM, 2006 WL 3313352, *2 (M.D. Fla. Nov. 14, 2006) (denying motion to reconsider because it did not present new case law and simply attempted to re-litigate the same argument the court had previously rejected).  The burden is on the moving party to "demonstrate why the court should reconsider its decision and 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" *Seahawk*, 74 F.Supp. 2d at 1192 (internal citations omitted), *supra*; *see also Parry*, 2006 WL 3313352 at *2.  "In the interest of finality and conservation of scarce judicial resources, reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *Seahawk*, 74 F.Supp. 2d at 1192.

This Court has recognized three grounds justifying reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice. *Id.* "With regard to the third ground, the Court cautions that any litigant considering bringing a motion to reconsider based upon that ground should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant." *Id.*

The Court should not reconsider a previous ruling "when the party's motion fails to raise new issues and, instead, only re-litigates what has already been found lacking." *Id*. "[M]otions for reconsideration 'should not be used to raise arguments which could, and should, have been made earlier. … Thus, a party who fails to present its strongest case in the first instance generally has no right to raise new theories or arguments in a motion for reconsideration.'" *Parry*, 2006 WL 3313352 at *2 (internal citations omitted). "The failure of a party to include arguments or evidence in its original motion is not a ground to reconsider a prior order. The Court will correct its own mistakes, not those of the parties." *Coleman v. Lazy Days RV Center, Inc.*, No. 8:05-CV-00930-T-17TBM, 2007 WL 2021832, *3 (M.D. Fla. July 12, 2007) (internal citations omitted) (denying motion for reconsideration for plaintiff's failure to present a proper basis).

**ARGUMENT**

**I.     The Motion Fails To Set Forth Any Justifiable Reason For Reconsideration.**

The Motion fails to set forth any justifiable reason for granting reconsideration. Specifically, the Motion fails to articulate or demonstrate: (1) an intervening change in controlling law; (2) newly available evidence; or (3) the need to correct clear error or manifest injustice. In fact, the Motion fails even to state that any of these reasons is the grounds upon which the Plaintiffs seek reconsideration. Failing to identify or support one of the three reasons

4

recognized by this Court as justifiable grounds for seeking reconsideration of a previous order, the Motion is facially deficient and fails to "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Seahawk*, 74 F.Supp. 2d 1188 at 1192, *supra*. *See also Sherwin v. Sprint PCS Limited P'ship*, No. 98-314-CIV-FTM17D, 1999 WL 694721, *2 (M.D. Fla. Aug. 11, 1999) (denying motion to reconsider for failure to set forth sufficient law or facts). Indeed, the Motion merely reiterates Plaintiffs' position that there remain genuine issues of material fact concerning Mr. Amodeo's control of Mirabilis. Plaintiffs are wrong. And, to quote Judge Presnell in his June 18, 2010 Order granting summary judgment to Defendants in *MVI v. Saxon Gilmore, et. al*, "Enough is enough."

### A. The Motion Fails To Present Any Intervening Change In Controlling Law.

The Motion fails to set forth any change in controlling law and makes absolutely no argument that there has been an intervening change in controlling law since the Court entered its Order on August 6, 2010.

### B. The Motion Fails To Present Any Newly Available Evidence.

The Motion does not cite a single piece of evidence, or even allege that any evidence exists, that was not known or available at the time the Plaintiffs' filed their Objection to the Motion for Summary Judgment (Doc. 193) on February 15, 2010. Plaintiffs simply seek to re-litigate the precise issue this Court has already considered and ruled upon in this case as well as two criminal cases. Plaintiffs simply are unhappy with the result. This is an abuse of the purpose and application of a motion for reconsideration. *Seahawk*, 74 F.Supp. 2d 1188 at 1192.

Every allegation and argument set forth in the Motion is totally devoid of merit. Plaintiffs simply disagree with the Court's conclusions. *Parry*, 2006 WL 3313352 at *2 (internal citations omitted) ("[M]otions for reconsideration 'should not be used to raise arguments which

could, and should, have been made earlier….Thus, a party who fails to present its strongest case in the first instance generally has no right to raise new theories or arguments in a motion for reconsideration.'"); *see also Coleman*, 2007 WL 2021832 at *3 ("'The failure of a party to include arguments or evidence in its original motion is not a ground to reconsider a prior order. The Court will correct its own mistakes, not those of the parties.'")

### C. The Motion Fails To Demonstrate A Need To Correct Clear Error Or Manifest Injustice.

The Motion fails to establish that Plaintiffs are entitled to reconsideration based on an intervening change in controlling law or on any newly admissible evidence. Therefore, the final ground upon which the Plaintiffs could possibly reply is an assertion that reconsideration is necessary to correct clear error or manifest injustice. The Motion, however, does not mention the need to correct clear error or manifest injustice.

### D. The Motion Directly Conflicts with Plaintiffs' (and Counsel's) Position in a Related Case.

After Plaintiff's filed their Motion for Reconsideration in ***this*** case on September 3, 2010, on September 7, 2007 (*i.e.*, on the next business day), in a ***related*** case (*Mirabilis Ventures, Inc. v. Berman, et. al*, Case No: 6:09-cv-00175 before Judge Presnell ("the *Berman* case"), the defendants filed their Second ***Unopposed*** Request to take Judicial Notice of three District Court Rulings (Doc. 72 in the *Berman* case). One of the three Orders that MVI did not object to the Court's judicially noting is this Court's order on Defendants' Motion for Summary Judgment. Judge Presnell granted Defendants' Request for Judicial Notice in the *Berman* case this morning, September 9, 2010 (Doc. 73).

Oddly, ***in the Berman case***, Plaintiff (MVI), by and through its counsel, Broad and Cassel (in that case as well as this), expressly ***did not oppose*** the Motion for Judge Presnell to

6

take judicial notice of this Court's Order (see attached Exhibit 1–*including this Court's Order on the Motion for Summary Judgment as Exhibit C*).  But in this case, Plaintiffs *simultaneously asked this Court to reconsider the same Order*.  MVI's dichotomous positions are absolutely irreconcilable.  Even more astounding, however, is Broad & Cassel's positional conflict—which would be utterly unbelievable were it not plainly set forth in the two opposing Motions in respective Courts.

## CONCLUSION

Plaintiffs have failed to set forth facts or law sufficient to establish that: (1) a change in the controlling law has occurred; (2) new evidence has become available; or (3) there is a need to correct clear error or manifest injustice.  Accordingly, the Motion for Reconsideration should be denied.

Date: September 9, 2010

MARTIN R. RASKIN
Florida Bar No. 315206
JANE SERENE RASKIN
Florida Bar No. 848689
RASKIN & RASKIN, P.A.
866 South Dixie Highway
Coral Gables, Florida 33146
Telephone: (305) 444-3400
Facsimile: (305) 445-0266
mraskin@raskinlaw.com

Attorneys for Defendants Curry,
Palaxar Group, LLC and Palaxar Holdings, LLC

/s/ Kathleen B. Havener

KATHLEEN B. HAVENER
THE HAVENER LAW FIRM, LLC
15511 Russell Road
Chagrin Falls, OH 44022
hone: 440-893-0188
Cell: 216-288-6009
Fax: 440-893-9326
kbhavener@havenerlaw.com

Attorney for Defendants Curry, Hailstones,
Palaxar Group, LLC and Palaxar Holdings, LLC

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on September 9, 2010, I caused to be filed the foregoing Opposition to Motion for Reconsideration via ECF which will send notice of electronic filing to all parties registered to receive service electronically, and I served copies via email upon Terence Chu and Yaniv Amar, and by first class mail upon Frank Amodeo, FCC-Low, B3, P.O. Box 1031, Coleman, FL 33521-1031.

Date: September 9, 2010

                                                  */s/ Kathleen B. Havener*

                                           Kathleen B. Havener (OH Bar No, 0068906)
                                           Attorney for Defendants Curry, Hailstones,
                                           Palaxar Group, LLC and Palaxar Holdings, LLC.