IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MIRABILIS VENTURES, INC. and
NEXIA STRATEGY CORPORATION,

Case No. 6:07-CV-1788-ORL-28-KRS

     Plaintiff,

v.

PALAXAR GROUP, LLC.;
PALAXAR HOLDINGS, LLC;
FRANK HAILSTRONES; EDITH CURRY
a/k/a EDITH BROADHEAD; and TERENCE
CHU,

     Defendants.

v.

MIRABILIS VENTURES, INC. and
NEXIA STRATEGY CORPORATION,

And THIRD PARTY CORPORATION,
WELLINGTON CAPITAL GROUP, INC.,
YANIV AMAR, FRANK AMODEO,
AARON BATES, MATTHEW MOKWA,
ROBERT POLLACK, JAMES SADRIANNA.

     Third Party Defendants.

_____

**PLAINTIFFS' OPPOSITION TO DEFENDANT TERRANCE CHU'S
MOTION AND MEMORANDUM FOR ENTRY OF FINAL JUDGMENT
[D.E. #304]**

Plaintiffs, MIRABILIS VENTURES, INC. and NEXIA STRATEGY CORPORATION,

and its undersigned attorneys, hereby oppose *Defendant Terence Chu's Motion and*

*Memorandum For Entry of Final Judgment* (D.E. #304), and states as follows:

I.      **PROCEDURAL HISTORY**

1.      On or about May 6, 2010, Defendant Chu filed his motion for Sanctions with Memorandum of Law (D.E. #242).

2.      On or about May 24, 2010, the Plaintiff, Mirabilis Ventures, Inc., filed its Response in Opposition to the Motion for Sanctions. (D.E. #254).

3.      On or about June 8, 2010, Defendant Chu filed its Supplement to Defendant's Motion for Sanctions and Incorporated Memorandum of Law. (D.E. #259).

4.      On June 29, 2010 the Parties conducted the Court Ordered mediation at the offices of Broad and Cassel.  Mr. Chu did not attend the mediation.

5.      On July 1, 2010, mediator, Larry Watson invoiced the parties for the mediation. Because Mr. Chu did not attend the mediation, Mr. Chu did not incur any mediation costs.  A copy of Mr. Watson's invoice is attached hereto as Exhibit "1."

6.      On August 6, 2010 this Court entered an Order granting summary judgment in favor of Defendants, Palaxar Group, Palaxar Holdings, LLC., Frank Hailstones and Edith Curry. (D.E. 285).

7.      On August 9, 2010, this Court entered an Order granting summary judgment in favor of Terrance Chu on Plaintiffs' civil conspiracy claim against Mr. Chu.  (D.E. 287).

8.      On September 2, 2010, Mr. Chu filed his *Motion For Leave to File Supplemental Motion For Sanctions and Permission to Exceed Page Limits.* (D.E. 305).

9.      On September 3, 2010, the Plaintiffs filed a *Motion for Reconsideration.* (D.E. 303).

2

II.  **MR. CHU'S REQUEST FOR A FINAL JUDGMENT AS TO SANCTIONS AND COSTS IS PREMATURE**

In Mr. Chu's *Motion And Memorandum For Entry of Final Judgment* (D.E. #304) he is asking this Court to enter a final judgment awarding him sanctions, mediation costs, costs and fees. This Court should deny Mr. Chu's request because 1) the Court has not ruled on Mr. Chu's motion for sanctions; 2) Mr. Chu did not incur mediation costs; and 3) Mr. Chu did not incur attorneys' fees because he is a pro se litigant.

As a prerequisite to a Federal Rule of Civil Procedure 54(b) certification, the Court must evaluate whether there is any just reason to delay the appeal of individual final judgments. The question requires the district court to balance judicial administrative interests and relevant equitable concerns. *See Ebrahimi v. City of* Huntsville Bd. of Educ., 114 F.3d 162 (11th Cir. Ala. 1997). The *Ebrahimi* recognized that "Fed. R. Civ. P. 54(b) certifications must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties. *See id;* (citing *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981))

Entering a final judgment in favor of Mr. Chu is premature and would not promote efficient judicial administration of this case. Currently the third party claims are still pending and being litigated.  Moreover, Mr. Chu's motion for sanctions and the Plaintiffs' Motion for Reconsideration have not been ruled upon.  Additionally, Palaxar Group, LLC., Palaxar Holdings, LLC, Frank Hailstones and Edith Curry have three causes of action pending against Nexia (Counterclaim Counts 6, 7 & 8).  Because of the nature of this litigation there is just reason to delay the entry of a final judgment until all of the outstanding claims have been adjudicated and all motions have been ruled upon.

4813-8214-7591.1
43582/0007

Specifically, many of the costs, such as the mediation involved both claims that have been resolved and some which are still pending. For example, the only specific costs Mr. Chu requests are the mediation costs. However, the mediation involved some claims on which this Court has entered summary judgment and others that are still pending. Depositions costs similarly involved multiple claims, only some of which have been adjudicated. It will not be until a final adjudication that this Court can apportion those costs, if appropriate, as part of a final judgment.

Moreover, Mr. Chu has not demonstrated that his case was exceptional or that he would suffer any unusual hardship if the entry of a final judgment was delayed until the final disposition of the entire case and the outstanding motions were ruled upon. In fact, Mr. Chu has not incurred attorneys' fees or mediation costs and therefore does not even have an entitlement to request such. Finally, any equitable considerations supporting the propriety of a Rule 54(b) certification in favor of Mr. Chu would not appear sufficient to overcome the associated injury to the interests of the judicial administration of this case.

WHEREFORE, the Plaintiffs, Mirabilis Ventures, Inc., and Nexia Strategy Corporation, respectfully request that this Court deny Defendant, Mr. Chu's *Motion And Memorandum For Entry of Final Judgment*, along with any other relief deemed just and proper.

/s/ Nicolette Corso Vilmos
Nicolette Corso Vilmos
Florida Bar No.: 0469051
Todd K. Norman
Florida Bar No.: 62154
**BROAD AND CASSEL**
390 N. Orange Ave., Suite 1400
Orlando, FL  32801
Phone: 407-839-4200
Fax: 407-425-8377

4813-8214-7591.1
43582/0007

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by CM/ECF notice this 21st day of September, 2010, to Kathleen B. Havener, Esq., The Havener Law Firm, LLC, 15511 Russell Road, Chagrin Falls, OH 44022; Frank Amodeo, FCC-Low, B3, P.O. Box 1031, Coleman, FL 33521-1031; Chu, 5637 Country Hills Lane, Glen Allen, VA 23059; Martin R. Raskin and Jane Serene Raskin, Raskin & Raskin, P.A., 2601 South Bayshore Drive, Suite 725, Miami, Florida 33133; Kathleen S. Davies, The Davies Law Firm, 126 E Jefferson St, Orlando, FL 32801; James Vincent Sadrianna, 10025 Chatham Oaks Court, Orlando, FL 32836, James Robert Lussier, Mateer & Harbert, PA, 225 E Robinson St., Ste 600, Orlando, FL 32802-2854; James Everett Shepherd, Pohl & Short, PA, 280 W Canton Ave., Ste 410, Winter Park, FL 32790; John Edwin Fisher, Fisher, Rushmer, Werrenrath, Dickson, Talley & Dunlap, PA, 20 N Orange Ave., Ste 1500, Orlando, FL 32802-0712; and the US Attorney's Office, Suite 300, 501 W Church St, Orlando, FL 32805.

/s/ Nicolette Corso Vilmos
Florida Bar No.: 0469051

5

4813-8214-7591.1
43582/0007



# Upchurch Watson White & Max
### M E D I A T I O N   G R O U P

**Paragon Building**
**1060 Maitland Center Commons**
**Suite 440**
**Maitland, FL 32751**

Telephone: 407-661-1123
Toll Free: 800-863-1462
Facsimile: 407-661-5743
Website: www.uww-adr.com

July 1, 2010

Todd K. Norman, Esquire
Broad & Cassel
Post Office Box 4961
Orlando, FL 32802-4961

Kathleen B. Havener, Esquire
The Havener Law Firm, LLC
15511 Russell Road
Chagrin Falls, OH  44022

Kathleen S. Davies, Esquire
The Davies Law Firm, LLC
126 E. Jefferson Street
Orlando, FL 32801-1830

*************************************INVOICE *******************************

Re:   Mirabilis Ventures, Inc. vs. Palaxar Group, LLC, et al.
      Date of conference:  June 29, 2010

      **Invoice No. 10LMW-019**

Mediation services rendered by Lawrence M. Watson  Jr. and the firm's administrative fee which includes scheduling; review of mediation summaries; conduct mediation proceedings; and follow up needed:

      15.4 hours @ $575.00 per hour = Total Charge: ...............................$8,855.00

These charges are to be divided between the parties as follows:

**Norman for MIRABILIS** .......................$2,951.67     **Havener for PALAXAR**.................$2,951.67

**Davies for BATES, MOKWA**.................$2,951.66

PAYMENT FOR SERVICES IS DUE UPON RECEIPT.  <u>PLEASE MAKE CHECKS PAYABLE TO UPCHURCH WATSON WHITE & MAX</u> <u>(Federal I.D. No. 59-3415029) and RETURN A COPY OF THIS INVOICE WITH YOUR PAYMENT OR INDICATE THE INVOICE</u> <u>NUMBER ON YOUR CHECK.</u>

## PLEASE FORWARD PAYMENT TO THE MAITLAND OFFICE.  THANK YOU.



**EXHIBIT**

_1_

DAYTONA BEACH          MAITLAN          MIAMI          BIRMINGHAM