IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MIRABILIS VENTURES, INC. and　　　　　　　　Case No. 6:07-CV-1788-ORL-28-KRS
NEXIA STRATEGY CORPORATION,

　　　　Plaintiff,

v.

PALAXAR GROUP, LLC.;
PALAXAR HOLDINGS, LLC;
FRANK HAILSTRONES; EDITH CURRY
a/k/a EDITH BROADHEAD; and TERENCE
CHU,

　　　　Defendants.

v.

MIRABILIS VENTURES, INC. and
NEXIA STRATEGY CORPORATION,

And THIRD PARTY CORPORATION,
WELLINGTON CAPITAL GROUP, INC.,
YANIV AMAR, FRANK AMODEO,
AARON BATES, MATTHEW MOKWA,
ROBERT POLLACK, JAMES SADRIANNA.

　　　　Third Party Defendants.

**PLAINTIFFS' OPPOSITION TO DEFENDANT TERRANCE CHU'S
MOTION FOR LEAVE TO FILE SUPPLEMENTAL MOTION FOR SANCTIONS AND
PERMISSION TO EXCEED PAGE LIMITED [D.E. #305]**

　　　　Plaintiffs, MIRABILIS VENTURES, INC. and NEXIA STRATEGY CORPORATION,

and its undersigned attorneys, hereby oppose *Defendant Terence Chu's Motion For Leave To

File Supplemental Motion For Sanctions And Permission To Exceed Page Limits* (D.E. #305),

and states as follows:

I.    **PROCEDURAL HISTORY**

1.    On or about May 6, 2010, Defendant Chu filed his motion for Sanctions with Memorandum of Law (D.E. #242).

2.    On or about May 24, 2010, Attorney Aaron C. Bates of Bates Mokwa, PLLC filed his Response in Opposition to the Motion for Sanctions.  (D.E. #251).

3.    On or about May 24, 2010, Attorneys Allen Estes and Russ Campbell of Balch & Bingham, LLP filed their Response in Opposition to the Motion for Sanctions (D.E. #252).

4.    On or about May 24, 2010, the Plaintiff, Mirabilis Ventures, Inc., filed its Response in Opposition to the Motion for Sanctions. (D.E. #254).

5.    On or about June 8, 2010, Defendant Chu filed its Supplement to Defendant's Motion for Sanctions and Incorporated Memorandum of Law.  (D.E. #259).

6.    On August 6, 2010 this Court entered an Order granting summary judgment in favor of Defendants, Palaxar Group, Palaxar Holdings, LLC., Frank Hailstones and Edith Curry. (D.E. 285).

7.    On August 9, 2010, this Court entered an Order granting summary judgment in favor of Terrance Chu on Plaintiffs' civil conspiracy claim against Mr. Chu.  [D.E. 287].

8.    On September 2, 2010, Mr. Chu filed his *Motion For Leave to File Supplemental Motion For Sanctions and Permission to Exceed Page Limits.*  (D.E. 305).

II.   **MR. CHU FAILED TO COMPLY WITH THE MANDATORY CONDITIONS PRECEDENT IN ORDER TO SUPPLEMENT HIS RULE 11 MOTION AND MR. CHU'S MOTION TO SUPPLEMENT IS TIME BARRED**

Mr. Chu's *Motion for Leave to File Supplemental Motion For Sanctions and Permission to Exceed Page Limits* (D.E. #305) should be denied because he failed to comply with the mandatory conditions precedent and his request is time barred.

4825-0097-7927.1
43582/0007

The requirements of Federal Rule of Civil Procedure 11 ("Rule 11") are straightforward: The party seeking sanctions must serve the Rule 11 motion on the opposing party at least twenty-one days before filing the motion with the district court, and sanctions may be sought only if the challenged pleading is not withdrawn or corrected within twenty-one days after service of the motion. *See Fed. R. Civ. P. 11(c)(1)(A)*. Mr. Chu is asking the Court for leave to supplement his motion for sanctions to "incorporate newly disclosed information." (D.E. 305, P. 3). However, Mr. Chu does not allege that he has complied with the Rule 11 prerequisites, but wants the Court to allow him to supplement his motion nonetheless.

Moreover, because Rule 11 requires that the party submitting the challenged pleading be given an opportunity to withdraw the pleading, sanctions cannot be sought after summary judgment has been granted. *See Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144, 152 (4th Cir. 2002) (explaining that "the 'safe harbor' provisions of Rule 11(c)(1)(A) preclude the serving and filing of any Rule 11 motion after conclusion of the case"); *see also In re Pennie & Edmonds LLP*, 323 F.3d 86, 89 (2nd Cir. 2003) ("The 'safe harbor' provision functions as a practical time limit, and motions have been disallowed as untimely when filed after a point in the litigation when the lawyer sought to be sanctioned lacked an opportunity to correct or withdraw the challenged submission."); *Ridder v. City of Springfield*, 109 F.3d 288, 297 (6th Cir. 1997) (noting that because of the requirements of Rule 11(c)(1)(A), "a party cannot wait until after summary judgment to move for sanctions under Rule 11").

It is clear from the language of the rule that it imposes mandatory obligations upon the party seeking sanctions, so that failure to comply with the procedural requirements precludes the imposition of the requested sanctions. *See, e.g., Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995) ("The plain language of [Rule 11(c)(1)(A)] indicates that this notice and opportunity prior

3

to filing is mandatory.  Mr. Chu is requesting to supplement his motion for sanctions after this Court has issued summary judgment orders on August 6, 2010 and August 9, 2010, therefore Mr. Chu is procedurally barred from supplementing his motion for sanctions

WHEREFORE, the Plaintiffs, Mirabilis Ventures, Inc., and Nexia Strategy Corporation, respectfully request that this Court deny Defendant, Mr. Chu's *Motion for Leave To File Supplemental Motion For Sanctions and Permission to Exceed Page Limits*, along with any other relief deemed just and proper.

*/s/ Nicolette Corso Vilmos*
Nicolette Corso Vilmos
Florida Bar No.: 0469051
Todd K. Norman
Florida Bar No.: 62154
**BROAD AND CASSEL**
390 N. Orange Ave., Suite 1400
Orlando, FL  32801
Phone: 407-839-4200
Fax: 407-425-8377

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by CM/ECF notice this 21st day of September, 2010, to Kathleen B. Havener, Esq., The Havener Law Firm, LLC, 15511 Russell Road, Chagrin Falls, OH 44022; Frank Amodeo, FCC-Low, B3, P.O. Box 1031, Coleman, FL 33521-1031;  Chu, 5637 Country Hills Lane, Glen Allen, VA 23059; Martin R. Raskin and Jane Serene Raskin, Raskin & Raskin, P.A., 2601 South Bayshore Drive, Suite 725, Miami, Florida 33133; Kathleen S. Davies, The Davies Law Firm, 126 E Jefferson St, Orlando, FL 32801; James Vincent Sadrianna, 10025 Chatham Oaks Court, Orlando, FL 32836, James Robert Lussier, Mateer & Harbert, PA, 225 E Robinson St., Ste 600, Orlando, FL 32802-2854; James Everett Shepherd, Pohl & Short, PA, 280 W Canton Ave., Ste 410, Winter Park, FL 32790; John Edwin Fisher, Fisher, Rushmer, Werrenrath, Dickson, Talley & Dunlap, PA, 20 N Orange Ave., Ste 1500, Orlando, FL 32802-0712; and the US Attorney's Office, Suite 300, 501 W Church St, Orlando, FL 32805.

*/s/ Nicolette Corso Vilmos*
Nicolette Corso Vilmos, Esquire