# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MIRABILIS VENTURES, INC. and NEXIA STRATEGY CORPORATION,**

          **Plaintiffs,**

**-vs-**                         **Case No. 6:07-cv-1788-Orl-28GJK**

**PALAXAR GROUP, LLC; PALAXAR HOLIDNGS, LLC; FRANK HAILSTONES; EDITH CURRY a/k/a EDITH BROADHEAD; and FICTITIOUS DEFENDANTS 1-8,**

          **Defendants,**

**-vs-**

**MIRABILIS VENTURES, INC., NEXIA STRATEGY CORPORATION, and AQMI STRATEGY CORPORATION; et al.**

          **Third-Party Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **DEFENDANTS' MOTION FOR RECONSIDERATION OF ORDER GRANTING IN PART AND DENYING IN PART BALCH & BINGHAM'S MOTION TO SUBSTITUTE COUNSEL (Doc. No. 243)** |
| **FILED:** | May 10, 2010 |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

I. **BACKGROUND.**

On March 9, 2010, Mirabilis Ventures, Inc. ("Mirabilis") and Nexia Strategy Corporation ("Nexia") (collectively, the "Plaintiffs") filed a Motion for Substitution of Counsel (the "Motion for Substitution"). Doc. 209. The Motion for Substitution requested an order permitting the withdrawal of Allen M. Estes, Esq. and John Russell Campbell, Esq. of Balch & Bingham LLP ("Balch") as Plaintiffs' counsel of record and substituting Todd K. Norman, Esq. and Nicolette Vilmos, Esq. of Broad and Cassel as Plaintiffs' counsel of record. Doc. No. 209. On March 11, 2010, defendants Edith Curry ("Curry") and Frank Hailstones ("Hailstones") filed a response to the Motion for Substitution. Doc. No. 215. Curry and Hailstones argue that the Motion for Substitution should be denied because: 1) Balch did not file a notice of intent to withdraw; and 2) Nexia is the property of the United States government as a result of an order from a Bankruptcy Court and, therefore, Todd K. Norman, Esq. and Nicolette Vilmos, Esq. could not represent Nexia without the consent of the United States. Doc. No. 215 at 2-3. Curry and Hailstones requested that if the Court granted the Motion for Substitution of Counsel, then it retain jurisdiction over Balch with respect to its conduct in this case. *Id*. at 3. Curry and Hailstones did not provide any factual or legal support for their argument that the Court should retain jurisdiction over Balch.

On March 18, 2010, pro se Defendant Terence Chu ("Chu") filed a response in opposition ("Chu's Response") to the Motion for Substitution. Doc. No. 220. Chu argues that the Motion for Substitution should be denied because: 1) substituting counsel will unduly delay

2

the case; 2) Chu intended to file a Rule 11 motion against Estes and Campbell; and 3) no attorney representing Mirabilis made an attempt to confer with Chu prior to filing the Motion for Substitution. Doc. No. 220 at ¶ ¶ 1, 4 , 8. Attached to Chu's Response was a December 15, 2009 letter he sent to Messrs Estes, Norman, and others, advising that he would file a motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure unless the claims against him in this case were dismissed. Doc. No. 220 at 10-11. Rule 11(b), Federal Rules of Civil Procedure, requires that a motion for sanctions under Rule 11 must be served on the opposing party at least twenty-one days before filing the motion with the Court. *Id*. From what was stated in his letter, it appears that Chu did enclose a copy of his proposed Rule 11 motion therein, but the motion was not attached to Chu's Response and, at that time, Chu had not filed a Rule 11 motion. *See* Doc. No. 220 at 12.[1] Thus, the Court found that Chu failed to establish a basis for the Court to retain jurisdiction over Estes and Campbell. *See* Doc. No. 236 at 2-3.

On March 29, 2010, the United States (the "Government") filed an objection (the "Objection") to the Motion for Substitution as to Nexia. Doc. No. 225. The Government asserts that Nexia is the property of the Government pursuant to an order of forfeiture in *United States v. Amodeo*, Case No. 6:08-cr-176-Orl-28GJK. Doc. No. 225 at 1. Moreover, in a pending bankruptcy case, *In re Mirabilis Ventures, Inc.*, Case No. 6:08-bk-4327-KSJ, the Government asserted that the Bankruptcy Court entered an order "approving a compromise . . . whereby various assets were forfeited to the Government and not made part of the bankruptcy estate, including Nexia. . . ." Doc. No. 225 at 2. As a result, the Government maintains that Broad and

---

[1] On May 6, 2010, Chu filed a motion for sanctions. Doc. No. 242.

Cassel have "no authority to represent the interest of Nexia in this case," and Mirabilis has no authority to represent the interests of Nexia in this litigation.  Doc. No. 225 at 2.

On April 29, 2010, the Court entered an order (the "Order") granting in part and denying in part the Motion for Substitution.  Doc. No. 236.  Estes and Campbell (the Balch attorneys) were permitted to withdraw as counsel of record for Mirabilis, and Norman and Vilmos (the Broad and Cassel attorneys) were substituted as counsel of record for Mirabilis.  Doc. No. 236 at 3.  The Motion for Substitution of Counsel was otherwise denied.  Doc. No. 236 at 3-4.  The Court stated:

> Pursuant to Local Rule 2.03(e), a corporation may not proceed pro se.  Therefore, Nexia is directed to retain substitute counsel and have substitute counsel file a notice of appearance on behalf of Nexia within fourteen (14) days.  After the expiration of fourteen days or after substitute counsel makes an appearance, Estes and Campbell will be permitted to renew their motion to withdraw as counsel of record for Nexia.

Doc. No. 236 at 4.  Thus, due to the issues surrounding the ownership of Nexia, the Motion for Substitution was denied as to Nexia.[2]

---

[2] On May 13, 2010, Balch filed a notice with the Court stating it would renew its Motion for Substitution as to Nexia "upon an affirmative determination by the Bankruptcy Court regarding the ownership rights to the claims held by Nexia in this federal litigation."  Doc. No. 246 at 3.  On June 7, 2010, the Government and Mirabilis filed separate notices with the Court stating that the Bankruptcy Court found that "the claims of Nexia . . . in this litigation remain the property of the debtor's estate in the Chapter 11 bankruptcy and, as such, can be litigated by Mirabilis."  Doc. Nos. 257 at 1, 258.  However, on June 16, 2010, the Government filed a notice of appeal in the Bankruptcy Court regarding its order that Mirabilis may litigate the interests of Nexia in this case.  *See* Doc. No. 266 at 6; *see also In re Mirabilis Ventures, Inc.*, Case No. 6:08-bk-4327-KSJ, Doc. No. 569 (Jun. 16, 2010).  On June 28, 2010, Norman and Vilmos (the Broad and Cassel attorneys) filed a notice of appearance on behalf of Nexia in this case.  Doc. No. 263.  On August 25, 2010, the Government filed a Motion for Voluntary Dismissal of Appeal regarding its appeal of the Bankruptcy Court's order finding that Mirabilis may litigate the interests of Nexia in this case.  *See In re Mirabilis Ventures, Inc.*, Case No. 6:10-cv-1189-GAP, Doc. No. 7 (M.D. Fla. Aug. 25, 2010).  On August 26, 2010, the District Court entered an order dismissing the Government's appeal.  *Id*. at Doc. No. 8.  Accordingly, Mirabilis may litigate the interests of Nexia in this case.  To date, Balch has not renewed its Motion for Substitution as to Nexia and Estes and Campbell remain counsel of record as to Nexia.

On May 10, 2010, before the ownership of Nexia was determined by the Bankruptcy Court (*see* n. 2), Curry and Hailstones filed a Motion for Reconsideration of Order Granting In Part and Denying In Part Balch & Bingham's Motion to Substitute Counsel (the "Motion"). Doc. No. 243. In the Motion, Curry and Hailstones request that the Court reconsider its order denying Curry and Hailstones's request that the Court retain jurisdiction over Balch. Doc. No. 243 at 1-2. Curry and Hailstones state that if they ultimately prevail in this case, "they intend to move for an award of monetary sanctions against . . . [Estes, Campbell, and Balch] for their respective conduct in bringing or maintaining this lawsuit [sic] the frivolous and baseless complaint, amended complaint and motions filed on behalf of [Mirabilis] and Nexia . . . in this Court, despite actions in the Bankruptcy Court that triggered affirmative duties to dismiss this lawsuit at various stages of the litigation." Doc. No. 243 at 2.

Curry and Hailstones assert the following misconduct on the part of Estes, Campbell, and Balch:

1. They reinstated Nexia "for the sole purpose of allowing it . . . to pursue this litigation – although the litigation is in direct conflict with the provisions of [Mirabilis's] Articles of Incorporation, Curry's Employment Agreement, Curry's Separation Agreement, and the provisions of two Assignment Agreements" (Doc. No. 243 at 2);

2. The underlying motives for this litigation were: to seek money by invoking various Directors' and Officers' Liability insurance policies; to assist Frank Amodeo in his efforts to receive leniency at this criminal sentencing; to seek information to assist Mr. Amodeo in his criminal investigation and plea negotiations; and to issue inflammatory press releases regarding Curry and Hailstones;

5

3. At the time this litigation commenced, Balch was aware that Mr. Amodeo's criminal plea negotiations were ongoing and that his criminal counsel along with Mirabilis's in-house counsel were in possession of and reviewing documents concerning Mirabilis and other related companies;

4. Estes, Campbell and Balch "knew, but failed to disclose – either to this Court or to Defendants – that Balch would be unable to produce certain documents to Defendants that might incriminate Mr. Amodeo, in violation of Florida Rules of Professional Conduct 4-3.4(a), and that discovery would thus be incomplete and inevitably prejudicial to Defendants" (Doc. No. 243 at 3);

5. Balch continued to accept Mirabilis's funds to prosecute this case despite knowing that Mirabilis's then president, Jodi Jaiman, had offered deposition testimony in a related case, stating that Assistant United States Attorney I. Randall Gold had informed Jaiman and other Mirabilis officers that "further disbursement of [Mirabilis's] funds would amount to money laundering" (Doc. No. 243 at 3);

6. Pursuant to Rule 4-3.1, Florida Rules of Professional Conduct, Balch had a duty to dismiss the claims against Defendants on January 25, 2008, when it knew that Mirabilis and Nexia lack standing to bring their claims against the Defendants under either the patent law or under Florida's Uniform Trade Secrets Act;

7. On May 14, 2008, Estes knew that Mirabilis's bankruptcy counsel, Elizabeth Green, Esq., informed the Government that she was retained by Mr. Amodeo "as the controlling debtor of [Mirabilis]." Doc. No. 243 at 5. However, on January 25, 2008, in a hearing before this Court, Estes stated that "'Mr. Amodeo had no authority to

assign away the rights of Mirabilis or Nexia [and] at no point in time did Mr. Amodeo own more than about half a percent of Mirabilis'" (Doc. No. 243 at 5);

8. "At the May 14, 2008 meeting, Ms. Green further stated that the sole reason for filing the bankruptcy petition was to 'use' the bankruptcy to continue civil litigation which, if settled or won, would provide funds for Amodeo (who was then facing criminal indictment for conspiracy, failure to remit payroll taxes, wire fraud, and obstruction of an agency investigation, and who subsequently pled guilty to five counts of the 27-count indictment) to repay the IRS the approximately $220 [million] he admitted to stealing" (Doc. No. 243 at 5-6);

9. Balch propounded discovery upon Curry and Hailstones seeking information to aid Mr. Amodeo in his criminal proceedings which caused the Government to intervene and seek a stay of this case;

10. Balch failed to disclose to this Court or the Defendants its appointment as Special Counsel to Mirabilis in the Bankruptcy Court. Moreover, in the bankruptcy proceedings, on September 8, 2008, Campbell filed a verified statement providing that Balch and its attorneys do not represent Mirabilis;

11. Balch failed to disclose Nexia's September 2008 dissolution;

12. Balch failed to disclose that Jaiman recanted her affidavit that Amodeo had no authority over Mirabilis or Nexia; and

13. Balch has committed misconduct on behalf of Amodeo and Mirabilis in other cases.

Doc. No. 243 at 1-10. Based on the forgoing, Curry and Hailstones request that the Court reconsider its Order and retain jurisdiction over Estes, Campbell, and Balch until a final judgment has been reached. Doc. No. 243 at 20.

On May 25, 2010, Balch filed an Amended Response (the "Response") arguing that the Court should not reconsider its Order because the Motion presents no new evidence, arguments or law relating to the issue before the Court. Doc. No. 255 at 2. Balch maintains that Curry and Hailstones have failed to meet the standard justifying reconsideration, and thus the Motion should be denied. Doc. No. 255 at 1-9. While Balch argues that the Motion should be denied for failing to meet the standard for reconsideration, Balch also disputes the factual allegations of misconduct contained in the Motion. Doc. No. 255 at 10-15.

**II.     APPLICATION.**

Reconsideration of a previous order is an "extraordinary remedy to be employed sparingly." *Securities and Exchange Commission v. Seahawk Deep Ocean Technology, Inc.*, 74 F.Supp.2d 1188, 1192 (M.D. Fla. 1999). Therefore, "[a] Court will not alter a prior decision absent a showing of clear and obvious error where interests of justice demand correction." *Prudential Securities, Inc. v. Emerson*, 919 F.Supp. 415, 417 (M.D. Fla. 1996). Courts have recognized three grounds justifying reconsideration of a prior order:

> (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice.

*Seahawk*, 74 F.Supp.2d at 1192 (citing *Sussman v. Salem, Saxon, & Nielson, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994); *Kern-Tulare Water Dist. V. City of Bakerfield*, 634 F.Supp. 656, 665 (E.D. Cal. 1986)). Motions for reconsideration "should not be used to raise arguments which

could, and should, have been made earlier." *Prudential*, 191 F.Supp at 417; *see also Coleman v. Lazy Days RV Center, Inc.*, Case No. 8:05-cv-930-T-17TBM, 2007 WL 2021832 at *1 (M.D. Fla. Jul. 12, 2007). "The burden is on the moving party to '[s]et forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" *Parry v. Outback Steakhouse of Florida, Inc.*, Case No. 8:06-cv-804-T-17TBM, 2006 WL 3313352 at *2 (M.D. Fla. Nov. 14, 2006) (quoting *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294 (M.D. Fla. 1993)). "Thus, a party who fails to present its strongest case in the first instance generally has no right to raise new theories or arguments in a motion for reconsideration." *Parry*, 2006 WL 313352 at *2 (M.D. Fla. No. 14, 2006).

In this case, the Court finds that Curry and Hailstones have failed to meet the standard for the extraordinary remedy of reconsideration. The Motion fails to allege an intervening change in controlling law. *See* Doc. No. 243. While the Motion raises numerous allegations of misconduct against Estes, Campbell and Balch, all the allegations occurred prior to the filing of the Motion for Substitution. *See* Doc. No. 243. Thus, the Motion fails to allege newly discovered evidence warranting reconsideration of the Order. In their original response to the Motion for Substitution, Curry and Hailstones did not provide any facts or law in support of their request that the Court retain jurisdiction over Estes, Campbell, and Balch. Doc. No. 215. The allegations and arguments Curry and Hailstones have now presented could have been presented earlier.[3] Accordingly, the Court finds that Curry and Hailstones have failed to meet their burden. Thus, the Motion is **DENIED**.

---

[3] Curry and Hailstone also offer no explanation for why they did not promptly file motions for sanctions with this Court for the alleged misconduct in regard to the proceedings before it and with the Bankruptcy Court in regard to the proceedings before it.

**DONE** and **ORDERED** at Orlando, Florida on September 22, 2010.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:
Presiding District Judge
Counsel of record
Unrepresented parties