**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**MIRABILIS VENTURES, INC. and
NEXIA STRATEGY CORPORATION,**

    Plaintiffs,

v.                                                                CASE NO.: 6:07-CV-1788-ORL-28-KRS

**PALAXAR GROUP, LLC;
PALAXAR HOLDINGS, LLC;
FRANK HAILSTONES; EDITH CURRY
a/k/a EDITH BROADHEAD; and
TERENCE CHU,**

    Defendants,

v.

**AQMI STRATEGY CORPORATION,
WELLINGTON CAPITAL GROUP, INC.,
YANIV AMAR, FRANK AMODEO,
AARON BATES, MATTHEW MOKWA,
ROBERT POLLACK, JAMES SADRIANNA,**

    Third-Party Defendants.
_____

**MOTION TO DISMISS AMENDED THIRD-PARTY COMPLAINT
FOR LACK OF SUBJECT MATTER JURISDICTION
AND INCORPORATED MEMORANDUM OF LAW**

COMES NOW, Third-Party Defendants Matthew S. Mokwa ("Mokwa"); and

Aaron C. Bates ("Bates") (sometimes collectively referred to hereinafter as "Third-Party

Defendants"), by and through their undersigned counsel, and pursuant to Fed. R. Civ. P.

12(b)(1) move this Court to dismiss Counts 5, 6, 8 and 9 of the Amended Third-Party

1

Complaint ("Amended Complaint") (see Dkt. No. 59) for Lack of Subject Matter Jurisdiction and state as follows:

### INTRODUCTION AND SUMMARY

Counts 5, 6, 8, and 9 are permissive counterclaims filed by Frank Hailstones ("Hailstones") and Edith Curry ("Curry") (collectively "Third-Party Plaintiffs") against Mirabilis Ventures, Inc. ("Mirabilis") and Nexia Strategy Corporation ("Nexia"). Third-Party Defendants were joined to the counterclaims pursuant to Fed. R. Civ. P. 20(a).[1]

It is well established Federal Law that joinder of third-parties to a permissive counterclaim requires an independent basis for federal jurisdiction as to each defendant joined. See East-Bibb Twiggs Neighborhood Assn. v. Macon Bibb Planning & Zoning Commn., 888 F.2d 1576, 1578 (11th Cir. 1989); Munroe v. Partsbase, Inc., 2008 U.S. Dist. LEXIS 61213, *3 (S.D. Fla. August 11, 2008); and Radisson Hotels Int'l, Inc. v. Amelia Invs., Inc., 1992 U.S. Dist. LEXIS 9614, *10 (M.D. Fla. July 6, 1992).

The Amended Complaint does not raise any federal question. Accordingly, the Court's only remaining basis for jurisdiction over the Third-Party Defendants is 28 U.S.C. § 1332; diversity jurisdiction. "The party seeking to invoke federal diversity jurisdiction must affirmatively allege the citizenship of the parties and that the amount in controversy exceeds $75,000." Middleton v. Naqvi, 2008 U.S. Dist. LEXIS 5487, *5 (M.D. Ga. January 25, 2008) citing Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). Moreover, "[e]ven if the requirements for diversity jurisdiction are met for a

---

[1] Third-Party Plaintiffs have asserted state-law claims of defamation, tortious interference with business relationships, and civil conspiracy against Mokwa. Third-Party Plaintiffs have asserted civil conspiracy and tortious interference claims against Bates.

claim against one defendant, the district courts may not exercise supplemental jurisdiction as to claims against different defendants, when such claims do not meet the requisite amount in controversy." State Farm Mut. Auto. Ins. Co. v. Greater Chiropractic Ctr. Corp., 393 F. Supp. 2d 1317, 1323 (M.D. Fla. 2005).

The Amended Complaint is completely devoid of any allegations relating to the jurisdiction of this Court over Third-Party Defendants.  Moreover, the record evidence is unequivocally clear that the amount in controversy as to Mokwa and Bates is far less than $75,000.  For the foregoing reasons, and as more fully described below, Curry and Hailstones' state law claims fail to invoke the jurisdiction of this Court and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for want of subject matter jurisdiction.

## MEMORANDUM OF LAW

A. Legal Standard

Under 28 U.S.C. § 1332 federal courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs.  Id.  "In light of the federalism and separation of powers concerns implicated by diversity jurisdiction, federal courts are obligated to strictly construe the statutory grant of diversity jurisdiction … [and] to scrupulously confine their own jurisdiction to the precise limits which the statute has defined."  Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1268 (11th Cir. 2000) (citations omitted).  Subject matter jurisdiction statutes must also be strictly construed in

order to protect the independence of state courts. See <u>Healy v. Ratta</u>, 292 U.S. 263 (1934).

"A plaintiff satisfies the amount in controversy requirement by claiming a sufficient sum in good faith. Generally, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. However, where jurisdiction is based on a claim for indeterminate damages, the *Red Cab Co.* 'legal certainty' test gives way, and the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." <u>Federated Mut. Ins. Co. v. Mckinnon Motors</u>, LLC 329 F.3d 805, 807 (11th Cir. 2003) (citations omitted); <u>see</u> also <u>State Farm Mut. Auto. Ins. Co.</u>, 393 F. Supp. 2d at 1323.

If the plaintiff's complaint does not state an amount in controversy then the preponderance of the evidence standard applies. <u>Diversified Mortg. Inc. v. Merscorp, Inc.</u> 2010 U.S. LEXIS 55020, *4 (M.D. Fla. 2010); <u>State Farm</u>, 393 F. Supp. 2d at 1323. Moreover, "[a]ny claimed value that cannot be reduced to a monetary standard without unsupported speculation cannot be used to satisfy the jurisdictional minimum." <u>State Farm Mut. Auto. Ins. Co.</u> 393 F. Supp. 2d at 1323; <u>see</u> also <u>Hornbuckle v. Allied Prop. & Cas. Ins. Co.</u>, 2008 U.S. Dist. LEXIS 91344, *5 (S.D. Ind. October 30, 2008) (Evidence of mere possibility that an action could satisfy the amount in controversy requirement is insufficient.).

In deciding a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction the Court may consider matters outside of the Complaint and is "free to weigh the evidence

and satisfy itself as to the existence of its power to hear the case." <u>Lawrence v. Dunbar</u>, 919 F.2d 1525, 1529 (11th Cir. 1990).

    B. <u>Analysis</u>

The facts giving rise to Counts 5, 6, 8, and 9 occurred in a parking lot during the service of process of the Original Action. Specifically, the Amended Complaint alleges that Third-Party Defendants slandered Third-Party Plaintiffs and interfered with prospective business relationships. During the course of this litigation, Third-Party Plaintiffs have failed to identify a single witness who heard the slander and have failed to identify a single contract that Bates or Mokwa interfered with. After three years of litigation, it is patently clear that Third-Party Plaintiffs lack any evidentiary support for their claims.

Third-Party Plaintiffs do not have a damage expert, business valuation expert, medical bills, or any special damages. Even more shocking, Third-Party Plaintiffs have acknowledged that they do not intend to introduce evidence of damages at trial and believe that they are entitled to a multi-million dollar award under the doctrine of "presumed damages." Third-Party Plaintiffs' unsupported claims fail to invoke the jurisdiction of this Court.

First and foremost, the Amended Complaint fails to allege *any* amount in controversy. Therefore, Third-Party Plaintiffs bear the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. <u>See Diversified Mortg. Inc.</u>, 2010 U.S. LEXIS at *4; <u>State Farm</u>, 393 F. Supp. 2d at 1323.

Moreover, "[a]ny claimed value that cannot be reduced to a monetary standard without unsupported speculation cannot be used to satisfy the jurisdictional minimum." Id. Under the aforementioned legal standard, Third-Party Plaintiffs are unable to invoke the jurisdiction of this Court.

The lack of proof concerning damages is quite startling. For example, Bates' Interrogatory No. 9 asked the following question of Third-Party Plaintiffs:

> Describe the basis for all alleged damages and how such amounts were calculated …

Third-Party Plaintiffs' Answers to Bates' Interrogs. at No. 9, attached hereto as **Exhibit A** and incorporated herein by reference.[2]

Third-Party Plaintiffs responded:

> We have no intention of attempting to prove damages specific to the slander that occurred at trial and therefore have nothing to produce in discovery.

Id.

In a follow up letter to Third-Party Plaintiffs, asking them to again quantify their damages, counsel for Third-Party Plaintiffs responded:

> I remind you that our allegations are all based on slander *per se*, which requires no proof of damages. If our claim fails, there are no damages. If it succeeds, **the damages will not be based upon proof**.

See July 17, 2010 Letter from Kathleen Havener, Esq., attached hereto as **Exhibit C** and incorporated herein by reference (emphasis added).

---

[2] Mokwa asked similar questions concerning the damages sought by Third-Party Plaintiffs, to which they responded, "since [our] cause of action is for slander per se, [we] have no burden to establish damages." See Third-Party Plaintiffs' Answers to Mokwa's Interrogs. at No. 9 attached hereto as **Exhibit B** and incorporated herein by reference; see also id at No. 14.

6

In the deposition of Hailstones, Hailstones was asked to quantify his damages. Despite the repeated questions, Hailstones was unable to quantify his damages.

> [COUNSEL]: How much money are you going to ask the jury to award you for your alleged damages?
>
> [HAILSTONES]: I don't know.

Hailstones Depo. 14:15 – 17.[3]

* * *

> [COUNSEL]: So as you're here under oath, you cannot tell the jury what number you want them to award you?
>
> [HAILSTONES]: Yes.
>
> [COUNSEL]: You can't give a number right now?
>
> [HAILSTONES]: That's correct.

Id. at pg. 25:8 – 12.

* * *

> [HAILSTONES]: You asked me what I wanted, and I told you I wanted my reputation back. I told you, you asked me how much I wanted, and I told you, I hadn't had that discussion with my counsel yet because my primary goal was to get cleared, to get my reputation back. You're making an assumption I'm doing this for money.
>
> [COUNSEL]: Do you think there's anything the jury can give you to get your reputation back?
>
> [HAILSTONES]: Justice.[4]

Id. at 39:16 – 24.

---

[3] Hailstones' deposition transcript is attached hereto as **Exhibit D** and incorporated herein by reference.

[4] Seeking a remedy of "justice" is insufficient to meet the § 1332 amount in controversy requirement. See Bayene v. Farmland Foods, Inc., 2010 U.S. Dist. LEXIS 100492, *5 (D.C. Neb. September 22, 2010).

When Hailstones was asked to give an example of the opportunities that form the basis of Count 8, Hailstones responded: "I don't know if I'm able to because of the particulars of the relationships which have been developed or the proposals which have been developed." Id. at 35:14 – 36.

> [COUNSEL]: Can you give a specific example of a business relationship that was conspired to be interfered with due to the actions of my client, Matthew Mokwa.
>
> [HAILSTONES]: Well, your client, I presume, would not have been in a position to know which relationships we were being – we were pursuing; and, therefore conspiring against. But, generally, their actions had a global effect in the business relationships which were being pursued.
>
> [COUNSEL]: And, again, can you give one example of such a business relationship that's been negatively affected?
>
> [HAILSTONES]: I can only refer you again to my prior answer, which is I'm not at liberty to give you a specific relationship.
>
> [COUNSEL]: So let me get this straight, you've brought a lawsuit in federal court in the United States claiming that business relationships have been interfered with, and upon being questioned under oath, your answer is you can't discuss what those relationships are?
>
> [HAILSTONES]: Yes.

Id. at 42:7 – 25; 43:1 – 2.

In the deposition of Curry, Curry was also asked to quantify her damages. Curry responded that she believed that Mokwa owed her $5,000,000 and Bates owed her an additional $5,000,000. When Curry was asked how she got to that number, she stated "[l]ost opportunity, lost employment. Just damage to my reputation going forward."

Curry Depo. 112:20 – 21.[5]  When asked about the evidence supporting her claims, Curry clarified that she did not believe that she had to prove any damages:

> [COUNSEL]: Are you going to designate an expert?
>
> [CURRY]: I don't need to prove damages in this case, I believe.

Id. at 119:17 – 19.

*   *   *

> [COUNSEL]:  Is it your opinion that you do not need to prove damages?
>
> [CURRY]:  I believe damages are presumed in this case.
>
> [COUNSEL]:  So the answer is you do not believe you need to prove any damages in this case?
>
> [CURRY]:  I believe under what we plead, damages are presumed.  So that's my answer …

Id. at 121:14 – 20.

    Imperative to this case is the fact that the damages sought by Third-Party Plaintiffs are purely speculative and, therefore, cannot be counted towards the jurisdictional amount. See State Farm, 393 F. Supp. 2d at 1323.  The very reason for allowing "presumed damages" is that the damages are so speculative – they are impossible to prove. See Memphis Community Sch. Dist. v. Stachura, 477 U.S. 299, 310 (1986) ("When a plaintiff seeks compensation for an injury that is likely to have occurred but difficult to establish, some form of presumed damages may possibly be appropriate.").

---

[5] Curry's deposition transcript is attached hereto as **Exhibit E** and incorporated herein by reference.

"Presumed damages may roughly approximate the harm that the plaintiff suffered and thereby compensate for harms that may be *impossible* to measure." Id. (emphasis added).

Adding a further degree of speculation to the amount in controversy, both Curry and Hailstones testified that they are not aware of any individual who heard the alleged slander. Hailstones Depo. 28:11 – 15; Curry Depo. 69:25; 70:1 – 4. Third-Party Plaintiffs' theory of the case is that there were individuals within earshot and it is possible that one of those individuals might have heard the alleged slander. See Hailstones Depo. 29:18 – 22. Third-Party Plaintiffs' damages are pure speculation and are entirely insufficient in satisfying the requisite jurisdictional amount.

As discussed above, federal courts are courts of limited jurisdiction. Burns v. Windsor Ins., Co., 31 F.3d 1092, 1095 (11th Cir. 1994). Third-Party Plaintiffs bear the burden of proving by a preponderance of the evidence that the amount in controversy as to Mokwa is greater than $75,000 and the amount in controversy as to Bates is greater than $75,000. See Diversified Mortg. Inc., 2010 U.S. LEXIS 55020 at *4; State Farm, 393 F. Supp. 2d at 1323.

In the case *sub judice*, Third-Party Plaintiffs have not offered *any* evidence of their damages. In fact, Third-Party Plaintiffs have specifically stated that they do not intend, and are not required, to offer proof of damages. As stated in Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744 (11th Cir. 2010), the Court may not rely on conjecture, speculation or star gazing in order to determine the amount in controversy. Id. at 22-23. Accordingly, Third-Party Plaintiffs are unable to meet the preponderance of evidence standard necessary to invoke the jurisdiction of this Court.

## LOCAL RULE 3.01(G) CERTIFICATION

The undersigned certify that, with respect to the foregoing motion, they did not confer with counsel for Third-Party Plaintiffs, as this motion seeks to involuntarily dismiss their claims.

## LOCAL RULE 3.01(J) REQUEST FOR ORAL ARGUMENT

Pursuant to L.R. 3.01(j), the undersigned request oral argument on the instant motion.

**WHEREFORE**, Third-Party Defendants, Matthew Mokwa and Aaron Bates, move for an Order dismissing the Amended Complaint against them pursuant to Fed. R. Civ. P. 12(b)(1); awarding attorneys fees and costs; and for such other relief as the Court deems just and proper.

Respectfully submitted this 18th day of October, 2010.

| | |
|---|---|
| s/ Adam J. Loewy | s/ Atheseus R. Lockhart |
| ADAM J. LOEWY | ATHESEUS R. LOCKHART |
| Texas Bar No. 24041353 | Florida Bar No. 659134 |
| BARRY & LOEWY, LLP | MEIR, BONNER, MUSZYNSKI, |
| The Frost Tower | O'DELL & HARVEY, P.A. |
| 401 Congress Avenue | 260 Wekiva Springs, Road |
| Suite 1540 | Suite 2000 |
| Austin, TX 78701 | Longwood, FL 32779 |
| Ph.: (512) 852-4322 | Ph.: (407) 872-7774 |
| Fax: (512) 687-3441 | Fax: (407) 872-7997 |
| aloewy@barryloewy.com | arl@fltrialteam.com |
| *Counsel for Matthew S. Mokwa, Esq.* | *Counsel for Aaron C. Bates, Esq.* |

Kathleen Davies, Esq.
The Davies Law Firm, LLC
126 East Jefferson Street
Orlando, FL 32801

Ph.: (407) 540-1010
Fax: (407) 649-3038
kdavies@thedavieslawfirm.com
*Counsel for Aaron Bates and*
*Matthew Mokwa*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 18th, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to all parties named on the attached Service List or in some other authorized manner for those counsel or parties who are not authorized to receive notices electronically.

s/ Adam J. Loewy<br>Adam J. Loewy, Esq.

**SERVICE LIST**

| | |
|---|---|
| Kathleen Havener<br>Attorney at Law, LLC<br>15511 Russell Road<br>Chagrin Falls, Ohio 44022<br>and<br>Martin R. Raskin<br>Jane Serene Raskin<br>RASKIN & RASKIN, P.A.<br>2601 South Bayshore Drive<br>Suite 725<br>Miami, Florida  33133<br>mraskin@raskinlaw.com<br>**Attorneys for Edith Curry, Frank Hailstones, Palaxar Group LLC, and Palaxar Holdings LLC**<br><br>Frank Amodeo<br>FCC - Low, B3<br>P.O. Box 1031<br>Coleman, FL 33521-1031<br>**Third-Party Defendant** | Todd K. Norman<br>Nicolette C. Vilmos<br>Broad and Cassel<br>390 N. Orange Avenue<br>Suite 1400<br>Orlando, FL 32801<br>tnorman@broadandcassel.com<br>nvilmos@broadcassel.com<br>**Attorneys for Mirabilis Ventures, Inc. and claims of Nexia Strategy Corp.**<br><br>Yaniv Amar<br>3475 Mystic Point Drive, TH #10<br>Aventura, FL 33180<br>**Third-Party Defendant** |