**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

MIRABILIS VENTURES, INC. and
NEXIA STRATEGY CORPORATION,

    Plaintiffs,

v.                               CASE NO.: 6:07-CV-1788-ORL-28-KRS

PALAXAR GROUP, LLC;
PALAXAR HOLDINGS, LLC;
FRANK HAILSTONES; EDITH CURRY
a/k/a EDITH BROADHEAD; and
TERENCE CHU,

    Defendants,

v.

MIRABILIS VENTURES, INC. et al.

    Third-Party Defendants.
_____

**REPLY TO THIRD-PARTY PLAINTIFFS' MOTION IN OPPOSITION TO
THIRD-PARTY DEFENDANTS' MOTION TO DISMISS FOR LACK OF
SUBJECT MATTER JURISDICTION**

COMES NOW, Third-Party Defendants Matthew S. Mokwa ("Mokwa") and Aaron C. Bates ("Bates") (collectively "Third-Party Defendants"), by and through their undersigned counsel, and respond to Edith Curry ("Curry") and Frank Hailstones ("Hailstones") (collectively "Third-Party Plaintiffs") Joint Opposition to Bates and Mokwa's Motion to Dismiss for Lack of Subject Matter Jurisdiction (the "Response") (Dkt. No. 317) with the following memorandum of law (the "Reply Brief").

1

## MEMORANDUM OF LAW

A. <u>Introduction and Summary</u>

The purpose of this Reply Brief is to clarify the legal standard to be applied by the Court in ruling on Third-Party Defendants' Motion to Dismiss the Amended Third-Party Complaint for Lack of Subject Matter Jurisdiction (the "Motion to Dismiss"). <u>See</u> Dkt. No. 316.

On or about October 18, 2010, Third-Party Defendants filed the Motion to Dismiss. <u>Id</u>. The Motion to Dismiss argues that Third-Party Plaintiffs' state law slander and tortious interference claims fail to invoke the jurisdiction of this Court. <u>Id</u>. The Motion to Dismiss is a **factual attack** on Third-Party Plaintiffs' burden to prove the amount in controversy necessary to invoke the jurisdiction of this Court. The Motion to Dismiss requests this Court to review the admissible record evidence and to make a finding of fact as to whether the amount in controversy exceeds $75,000. Should this Court find that the admissible record evidence does not prove beyond a preponderance of the evidence that the amount in controversy is greater than $75,000 the Motion to Dismiss requests that the Court dismiss the action from federal court with instructions to file the Complaint in state court (should Third-Party Plaintiffs choose).

On or about October 20, 2010, Third-Party Plaintiffs filed their Response. The Response applies the wrong standard of law and fails to introduce **any** relevant admissible evidence regarding the amount in controversy. The Response relies exclusively on disparaging comments aimed at Third-Party Plaintiffs and their counsel as well as conclusory allegations of irrelevant improprieties. Despite attaching hundreds of

pages of Exhibits (most of which are inadmissible hearsay or completely irrelevant to the Motion), Third-Party Plaintiffs fail to introduce **one scintilla** of evidentiary support that the amount in controversy exceeds $75,000.

A. Preponderance of the Evidence Standard

In ruling on the Motion to Dismiss, the Court must apply the "preponderance of the evidence standard." "[W]here jurisdiction is based on a claim for inderminate damages, the *Red Cab Co.* 'legal certainty test' gives way, and the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." Federated Mut. Ins. Co. v. Mckinnon Motors, LLC 329 F.3d 805, 807 (11th Cir. 2003); see also Rance v. D.R. Horton, Inc., 2008 U.S. App. LEXIS 18064 (11th Cir. 2008); Bradley v. Kelly Serv., 2007 U.S. App. LEXIS 6380 * 3-4 (11th Cir. 2007); State Farm Mut. Auto. Ins. Co., 393 F. Supp. 2d 1317, 1323 (M.D. Fla. 2005); and Diversified Mortg. Inc. v. Merscorp, Inc. 2010 U.S. LEXIS * 4 (M.D. Fla. 2010) ("If the plaintiff does not specify damages, a lower burden of proof applies. In such a case the preponderance of the evidence standard applies." (citations omitted)).[1]

Bradley v. Kelly Serv., 2007 U.S. App. LEXIS 6380 (11th Cir. 2007), is directly on point. In Bradley the plaintiff brought a federal lawsuit, asserting diversity jurisdiction, alleging breach of contract, fraud, and negligent supervision of employees, and prayed for compensatory and exemplary damages, including embarrassment,

---

[1] In the Response, Third-Party Plaintiffs acknowledge that they "bear the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000"; however, Third-Party Plaintiffs go on to apply the legal certainty test. See Dkt. No. 317 at 3.

humiliation, loss of professional stature, loss of credit worthiness and interference with her banking relationship. Id. The Eleventh Circuit upheld the trial court's dismissal of Bradley's claims for want of subject matter jurisdiction and concluded:

> Bradley failed to meet her burden of proving beyond a preponderance of the evidence that her claim exceeds the jurisdictional threshold amount of $75,000. Aside from her conclusory assertions that her damages exceed $75,000, Bradley has only presented evidence consisting of copies of her resume, documentation relating to her professional training and current legal studies, as well as legal briefs filed in another pending lawsuit. Bradley has not presented any calculations as to the amount of loss resulting from Kelly's alleged misconduct. While she made general allegations that she suffered damages, Bradley never quantified these losses with any specific dollar figures. Accordingly, Bradley, at best, is speculating that her damages would exceed $75,000 and, thus, she has not met her burden.

Id. at 3-4.

  B. Type of Evidence Submitted

When deciding a "factual attack" to subject matter jurisdiction the Court may consider matters outside the pleadings, such as testimony and affidavits. See Lawrence v. Dunbar 919 F.2d 1525, 1529 (11th Cir. 1990). In reviewing the evidence "the trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction -- its very power to hear the case -- there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts

will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Id.

C. Record Evidence[2]

The deadline to conduct discovery in this matter concluded on August 6, 2010. See Dkt. No. 190. Accordingly, Third-Party Plaintiffs are in possession of all potentially discoverable evidence relevant to their claims. Nonetheless, Third-Party Plaintiffs' Response is devoid of any admissible evidence supporting the jurisdictional amount. In an attempt to explain their complete lack of evidentiary support, Third-Party Plaintiffs state the following:

> Third-Party Plaintiffs' damages are not speculative. Rather, they are subject to information restrictions that the parties cannot explicitly discuss.

Resp. at 3, n.3. This argument is ridiculous. If Third-Party Plaintiffs refuse to "discuss" their damages – they cannot expect to be compensated for them. Third-Party Plaintiffs' damages are beyond speculative – they are imaginary.

**WHEREFORE**, Third-Party Defendants, Matthew Mokwa and Aaron Bates, move for an Order dismissing the Amended Complaint against them pursuant to Fed. R. Civ. P. 12(b)(1); awarding attorneys fees and costs; and for such other relief as the Court deems just and proper.

Respectfully submitted this 1st day of November, 2010.

---

[2] Third-Party Defendants did not have the time or space to address all of the blatant factual misrepresentations contained in Third-Party Plaintiffs' Response. Third-Party Defendants respectfully ask this Court to not rely on any conclusory allegations of fact that are not supported by admissible evidence.

| | |
|---|---|
| s/ Adam J. Loewy | s/ Atheseus R. Lockhart |
| ADAM J. LOEWY | ATHESEUS R. LOCKHART |
| Texas Bar No. 24041353 | Florida Bar No. 659134 |
| BARRY & LOEWY, LLP | MEIR, BONNER, MUSZYNSKI, |
| The Frost Tower | O'DELL & HARVEY, P.A. |
| 401 Congress Avenue | 260 Wekiva Springs, Road |
| Suite 1540 | Suite 2000 |
| Austin, TX 78701 | Longwood, FL 32779 |
| Ph.: (512) 852-4322 | Ph.: (407) 872-7774 |
| Fax: (512) 687-3441 | Fax: (512) 872-7997 |
| aloewy@barryloewy.com | arl@fltrialteam.com |
| *Counsel for Matthew Mokwa, Esq.* | *Counsel for Aaron Bates, Esq.* |

Kathleen Davies, Esq.
The Davies Law Firm, LLC
126 East Jefferson Street
Orlando, FL 32801
Ph.: (407) 540-1010
Fax: (407) 649-3038
kdavies@thedavieslawfirm.com
*Counsel for Aaron Bates and Matthew Mokwa*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 1st, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to all parties named on the attached Service List or in some other authorized manner for those counsel or parties who are not authorized to receive notices electronically.

s/ Adam J. Loewy
Adam J. Loewy, Esq.

## SERVICE LIST

| | |
|---|---|
| Kathleen Havener<br>Attorney at Law, LLC<br>15511 Russell Road<br>Chagrin Falls, Ohio 44022<br>and<br>Martin R. Raskin<br>Jane Serene Raskin<br>RASKIN & RASKIN, P.A.<br>2601 South Bayshore Drive<br>Suite 725<br>Miami, Florida 33133<br>mraskin@raskinlaw.com<br>**Attorneys for Edith Curry, Frank Hailstones, Palaxar Group LLC, and Palaxar Holdings LLC**<br><br>Frank Amodeo<br>FCC - Low, B3<br>P.O. Box 1031<br>Coleman, FL 33521-1031<br>**Third-Party Defendant** | Todd K. Norman<br>Nicolette C. Vilmos<br>Broad and Cassel<br>390 N. Orange Avenue<br>Suite 1400<br>Orlando, FL 32801<br>tnorman@broadandcassel.com<br>nvilmos@broadcassel.com<br>**Attorneys for Mirabilis Ventures, Inc. and claims of Nexia Strategy Corp.**<br><br>Yaniv Amar<br>3475 Mystic Point Drive, TH #10<br>Aventura, FL 33180<br>**Third-Party Defendant** |