**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**MIRABILIS VENTURES, INC.** and
**NEXIA STRATEGY CORPORATION,**

    Plaintiffs,

v.                                                    CASE NO.: 6:07-CV-1788-ORL-28-KRS

**PALAXAR GROUP, LLC;
PALAXAR HOLDINGS, LLC;
FRANK HAILSTONES; EDITH CURRY**
a/k/a **EDITH BROADHEAD;** and
**TERENCE CHU,**

    Defendants,

v.

**AQMI STRATEGY CORPORATION,
WELLINGTON CAPITAL GROUP, INC.,
YANIV AMAR, FRANK AMODEO,
AARON BATES, MATTHEW MOKWA,
ROBERT POLLACK, JAMES SADRIANNA,**

    Third-Party Defendants.

_____

**MOTION TO EXCLUDE DR. CHARLOTTE WENZEL AS A WITNESS
FOR THIRD-PARTY PLAINTIFFS IN THIS CASE FOR FAILURE TO
DISCLOSE OR, IN THE ALTERNATIVE, EXTEND ALL UNEXPIRED
DEADLINES IN THE CASE MANAGEMENT ORDER AND RE-OPEN
DISCOVERY FOR THE SOLE PURPOSE OF DEPOSING DR. WENZEL AND
SUBPOENAING MS. CURRY'S MEDICAL AND PYCHIATRIC RECORDS.**

COMES NOW Third-Party Defendants Matthew S. Mokwa ("Mokwa") and

Aaron C. Bates ("Bates") (sometimes collectively referred to hereinafter as "Third-Party

Defendants"), by and through their undersigned attorneys, and for their motion to exclude

Dr. Charlotte Wenzel ("Dr. Wenzel") as a potential witness in this matter for failure to

1

disclose her as a witness or, in the alternative, motion to extend all unexpired deadlines in the Amended Case Management and Scheduling Order ("the CMSO") (Dkt. # 190 as amended by Dkt. #298) sixty (60) days and re-open discovery for the sole purpose of deposing Dr. Wenzel and subpoenaing Edith Curry's ("Curry") medical and psychiatric records state as follows:

1.     On or about February 10, 2010, this Court entered its CMSO requiring all parties to complete discovery in this action on or before August 6, 2010.  See Dkt. # 190, Sec. I.D. This included mandatory initial disclosure, without a party awaiting a discovery request, of the name of "each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(a). The CMSO also required the mandatory disclosure of all expert witnesses in connection with Fed. R. Civ. P. 26(a)(2) and 26(e) prior to Third-Party Plaintiffs' expert report deadline of June 11, 2010.

2.     On October 25, 2010, two weeks before the Dispositive Motion Deadline, counsel for Third-Party Plaintiffs sent a letter stating:

> This is to notify you that Third-Party Plaintiffs are adding the following person to our list of witnesses who are likely to have knowledge concerning at least one of the elements of Third Party Plaintiffs' claim, i.e., Ms. Curry's *damages*.[1] Dr. Charlotte Wenzel, 3108 North Parham Road Suite 200 A, Richmond, VA 23294, 804-273-9687.

See **Exhibit A** attached hereto (emphasis added).

3.     On January 14, 2008, Third-Party Plaintiffs served their Rule 26 initial disclosures. Dr, Wenzel was not listed as a potential witness or individual with

---

[1] It also appears that Third-Party Plaintiffs intend to offer Dr. Wenzel as an expert on damages, which is impermissible at this point.

knowledge relevant to Third-Party Plaintiffs' claims or damages.  See **Exhibit B** attached hereto.

4.     On May 18, 2010, Third-Party Plaintiffs supplemented their Rule 26 initial disclosures. Dr, Wenzel was again not listed as a potential witness or individual with knowledge relevant to Third-Party Plaintiffs' claims or damages. See **Exhibit C** attached hereto.

5.     On June 1, 2010, Third-Party Plaintiffs once again supplemented their Rule 26 initial disclosures. Dr, Wenzel was again not listed as a potential witness or individual with knowledge relevant to Third-Party Plaintiffs' claims or damages. See **Exhibit D** attached hereto.

6.     On June 26, 2010, Third-Party Defendants responded to the below discovery requests served by Bates as follows:

> **Interrogatory #6**: State the names, business and residence addresses, and business, residence and mobile phone numbers of all persons believed by you or known by you or your attorney to have knowledge pertaining to any of the issues which are the subject of this litigation, and specify the subject matter about which each such witness has knowledge.
>
> **Answer**: All currently known persons and available information have been provided in Third Party Plaintiffs' Initial and Supplemental Disclosures or in those of other parties.
>
> **Interrogatory #10**: Please identify all physicians or other practitioners of the healing arts who have examined or treated you within the last five years and include their names, titles, business addresses, all electronic mail addresses and all business telephone numbers.
>
> **Answer**: **Objection.** This discovery request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence. This request is also an invasion of THIRD PARTY PLAINTIFFS' right to privacy under Article I, section 23 of the Florida Constitution. This discovery request is so broad and

3

unlimited as to time and scope as to be oppressive, an unwarranted annoyance, and an embarrassment. *See Paxton v. Great American Ins. Co.,* 2009 WL 5064054, Case No. 08-81431-CIV (S.D. Fla. Dec. 16,2009) (citing *Barrata v. Homeland Housewares, LLC,* 242 F.R.D. 641, 642 (S.D.Fla.2007); *Farnsworth v. Centerfor DiseaseControl,* 758 F.2d 1545,1547 (11th Cir.1985)) (requiring balancing of requesting parties' need for information against harm to producing parties as a result of disclosure); *see also Columbia Broadcasting System, Inc. v. Superior Court of Los Angeles County, 263* Cal.App.2d 12, 19, 69 Cal.Rptr: 348, 352. (1968). Furthermore, this discovery request seeks to discover Plaintiffs' medical history and/or treatment which is completely unrelated to the issues in this litigation and in violation of Plaintiffs' constitutionally and statutorily protected right to privacy. The disclosure of medical history and medical records cannot be compelled in this action:

> Except in a medical negligence action or administrative proceeding when a health care practitioner or provider is or reasonably expects to be named as a defendant, information disclosed to a health care practitioner by a patient in the course of the care and treatment of such patient is confidential and may be disclosed only to other health care practitioners and providers involved in the care or treatment of the patient, or if permitted by written authorization from the patient or compelled by subpoena at a deposition, evidentiary hearing, or trial for which proper notice has been given.

F.S.A. § 456.057(8).  See **Composite Exhibit E** attached hereto

   7.   On June 20, 2010, Third-Party Defendants responded to the below discovery requests served by Mokwa as follows:

**Interrogatory #1:** Identify by name, title, last known telephone number and last known address all persons with knowledge of facts regarding any matter or issue raised by the Amended Third-Party Complaint against MOKWA. Identify the subject matter of each person's knowledge.

**Answer**: This information has already been provided in Rule 26(f) disclosure production or in the Supplemental Production.

**Interrogatory #9:** With regard to Count 5 of the Amended Third-Party Complaint, please state with specificity the damages suffered by CURRY and HAILSTONES that resulted from the alleged statement made by

4

MOKWA and the facts which form the basis for your damage computation. Please also identify all documents pertaining to such damages, and identify all persons with knowledge of facts forming the basis for your damage computation.

**Answer**: THIRD PARTY PLAINTIFFS object to this Interrogatory on the ground that, since their cause of action is slander *per se*, they have no burden to establish damages. In the case of slander *per se*, the complaining parties need not prove general damages. Such damages are assumed. In addition, under Florida law, a finding of liability for slander *per se*, coupled with an express finding that the slander was intended to injure plaintiff and did in fact cause injury, authorizes the jury to consider and assess punitive damages without any finding of an amount of compensatory damages.

To sustain a cause of action for slander under Florida law, a plaintiff must demonstrate that: (1) the defendant published a false statement; (2) about the plaintiff; (3) to a third party; and (4) the party suffered damages as a result of the publication. *Fun Spot of Florida, Inc. v. Magical Midway of Central Florida, Ltd.*, 242 F.Supp.2d 1183, 1187 (M.D. Fla. 2002) (Antoon, J.) (citing *Valencia v. Citibank Int'l*, 728 So.2d 330 (Fla.3d D.C.A.1999)). In this case, brandishing a copy of the Orlando Sentinel of October 13, 2007 bearing the banner headline, "Mirabilis Files Suit Against Former Executives," MOKWA loudly declared, "See? You are on the front page of the paper for stealing assets." AMAR said, "$220 million is missing while you were in charge and now you are here selling anti-fraud solutions. Where did the money go?"

Both MOKWA and AMAR accused CURRY and HAILSTONES of thievery. A statement that a person has committed a crime or done something illegal is one of the classic slander *per se* categories—that is, the pleader need not allege specific damages to state a cause of action. Further, even statements that fall short of accusing another of a serious crime, but that tend to injure a person in his or her business or profession, also fall into a classic slander *per se* category. Slander *per se* also includes falsehoods "directed at a person's professional competence or fitness to engage in a given profession." *Leavitt v. Cole*, 291 F.Supp.2d 1338, 1342 (M.D. Fla. 2003). (Presnell, J.) CURRY is an attorney and an accountant and HAILSTONES is a Chartered Public Accountant. That they would both suffer injury form an accusation of theft is inevitable.

See **Composite Exhibit F** attached hereto

8. As seen, again Dr. Wenzel was not disclosed to Third-Party Defendants after multiple requests and despite their affirmative obligation.

## MEMORANDUM OF LAW

As the Court noted in Moyer v. Disney World Co., 146 F. Supp. 2d 1249, 1252 (M.D. Fla. 2000), "[a] Scheduling Order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" Parties must comply with the Court's CMSO and supplement their Rule 26 disclosures at appropriate intervals. See id.; Fed. R. Civ. P. 26(e)(1). Parties who fail to satisfy these disclosure and supplementation requirements are precluded, pursuant to Fed. R. Civ. P. 37(c)(1), from using the undisclosed evidence "at trial, at a hearing, or on a motion," unless the failure is harmless. Fed. R. Civ. P. 37(c)(1). In reviewing for abuse of discretion a court's exclusion of a non-disclosed witness, the Court considers "(1) the importance of the testimony, (2) the reasons for the appellant's failure to disclose the witness earlier, and (3) the prejudice to the opposing party if the witness had been allowed to testify." Cooley v. Great Southern Wood Preserving, 138 Fed. Appx. 149, 161 (11th Cir. 2005) (quoting Bearint v. Dorell Juvenile, 389 F.3d 1339, 1353 (11th Cir. 2004)).

Curiously, after espousing no need to prove damages, Third-Party Plaintiffs appear to acknowledge that federal lawsuits generally require proof of damages. Every attempt by Third-Party Defendants to properly frame this case is destroyed by Third-Party Plaintiffs' scattershot theories of law and damages at the eleventh hour, resulting in

extreme prejudice to Third-Party Defendants' ability to try their case.[2] Third-Party Plaintiffs neither listed Dr. Wenzel in their discovery responses, initial disclosures under Rule 26(a), nor attempted to supplement their disclosures with this information under Rule 26(e). Third-Party Plaintiffs also disregarded their obligation to explain why they did not disclose Dr. Wenzel to Third-Party Defendants during the three year period they have been prosecuting this case or why Third-Party Defendants will not be prejudiced by her eleventh hour inclusion. Accordingly, Third-Party Defendants respectfully ask this Court to exclude Dr. Wenzel as a witness in this matter.

Should the Court grant the extraordinary remedy of allowing Dr. Wenzel to testify, Third-Party Plaintiffs urgently request this Court to extend all unexpired deadlines in the CMSO sixty (60) days and re-open discovery during that time period for the sole purpose of deposing Dr. Wenzel and subpoenaing Curry's relevant medical and psychiatric records, which Curry has now put at issue in this matter.

### LOCAL RULE 3.01(G) CERTIFICATION

The undersigned certify that, with respect to the foregoing motion, they conferred with counsel for Third-Party Plaintiffs who oppose the relief sought herein.

**WHEREFORE**, Third-Party Defendants, Matthew Mokwa and Aaron Bates, request that this Court enter an Order excluding Dr. Charlotte Wenzel as a potential witness in this matter for failure to disclose her as a witness or, in the alternative, extend

---

[2] As yet another example, Mr. Hailstones' ridiculously alleges for the first time this month that hearing problems have arisen during the progress of this case because of his extensive travel. Now, three years after this case started, Third-Party Defendants, for the first time, must defend the claim Mr. Hailstones will seek hearing loss as an element of his damages in this matter. See Dkt. #317, Resp. to Fed. R. Civ. P. 12(b)(1) Mot. to Dismiss, n. 10.

all unexpired deadlines in the Amended Case Management and Scheduling Order sixty (60) days and re-open discovery for the sole purpose of deposing Dr. Wenzel and subpoenaing Edith Curry's medical and psychiatric records.

Respectfully submitted this 8th day of November, 2010.

| | |
|---|---|
| s/ Atheseus R. Lockhart | s/ Adam J. Loewy |
| ATHESEUS R. LOCKHART | ADAM J. LOEWY |
| Florida Bar No. 659134 | Texas Bar No. 24041353 |
| MEIR, BONNER, MUSZYNSKI, O'DELL & HARVEY, P.A. | BARRY & LOEWY, LLP |
| 260 Wekiva Springs, Road | The Frost Tower |
| Suite 2000 | 401 Congress Avenue |
| Longwood, FL 32779 | Suite 1540 |
| Ph.: (407) 872-7774 | Austin, TX 78701 |
| Fax: (407) 872-7997 | Ph.: (512) 852-4322 |
| arl@fltrialteam.com | Fax: (512) 687-3441 |
| *Counsel for Aaron C. Bates, Esq.* | aloewy@barryloewy.com |
| | *Counsel for Matthew S. Mokwa, Esq.* |

Kathleen Davies, Esq.
The Davies Law Firm, LLC
126 East Jefferson Street
Orlando, FL 32801
Ph.: (407) 540-1010
Fax: (407) 649-3038
kdavies@thedavieslawfirm.com
*Counsel for Aaron Bates and Matthew Mokwa*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 8th, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to all parties named on the attached Service List or in some other authorized manner for those counsel or parties who are not authorized to receive notices electronically.

                                                s/ Atheseus R. Lockhart_____
                                                ATHESEUS R. LOCKHART

**SERVICE LIST**

| | |
|---|---|
| Kathleen Havener<br>Attorney at Law, LLC<br>15511 Russell Road<br>Chagrin Falls, Ohio 44022<br>and<br>Martin R. Raskin<br>Jane Serene Raskin<br>RASKIN & RASKIN, P.A.<br>2601 South Bayshore Drive<br>Suite 725<br>Miami, Florida  33133<br>mraskin@raskinlaw.com<br>**Attorneys for Edith Curry, Frank Hailstones, Palaxar Group LLC, and Palaxar Holdings LLC**<br><br>Frank Amodeo<br>FCC - Low, B3<br>P.O. Box 1031<br>Coleman, FL 33521-1031<br>**Third-Party Defendant** | Todd K. Norman<br>Nicolette C. Vilmos<br>Broad and Cassel<br>390 N. Orange Avenue<br>Suite 1400<br>Orlando, FL 32801<br>tnorman@broadandcassel.com<br>nvilmos@broadcassel.com<br>**Attorneys for Mirabilis Ventures, Inc. and claims of Nexia Strategy Corp.**<br><br>Yaniv Amar<br>3475 Mystic Point Drive, TH #10<br>Aventura, FL 33180<br>**Third-Party Defendant** |