# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| MIRABILIS VENTURES, INC. and<br>NEXIA STRATEGY CORPORATION,<br><br>Plaintiffs,<br>-vs.-<br><br>PALAXAR GROUP, LLC;<br>PALAXAR HOLDINGS, LLC;<br>FRANK HAILSTONES; EDITH CURRY<br>a/k/a EDITH BROADHEAD; and<br>TERENCE CHU,<br><br>Defendants,<br><br>vs.<br><br>MIRABILIS VENTURES, INC., et al.<br><br>Counterclaim and Third<br>Party Defendants. | Case No.: 6:07-CV-1788-ORL-28-GJK<br><br><br><br><br><br><br><br><br><br><br><br><br><br>**RESPONSE TO NOTICE OF FILING DEPOSITION TRANSCRIPT (DKT. 330) AND NOTICE OF FILING TRANSCRIPT OF DEPOSITION OF YANIV AMAR TAKEN BY PLAINTIFFS' ATTORNEY IN RELATED CASE NO. 6:2009-CV-00271 AND 6:2009-MC-00151** |

Pursuant to Federal Rule of Evidence 106[1] Defendants Edith Curry ("Curry"), Frank Hailstones ("Hailstones"), Palaxar Holdings, LLC and Palaxar Group, LLC (collectively "Defendants") respectfully request that the Court take notice of the *complete* October 5, 2010 deposition testimony of Yaniv Amar. Plaintiffs called the Court's attention (Doc. 330) to page 62 of the transcript, neglecting Mr. Amar's expanded responses beginning at Page 132.

---

[1] Rule 106 - Remainder of or Related Writings or Recorded Statements. When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which is otherwise admissible and which ought in fairness to be considered contemporaneously with it.

1

**Page 132, line 20 to 132, line 1.**

Q. And I think you testified before that it was never your impression that Mr. Amodeo had control over Mirabilis Ventures.

A. No, I didn't say that.

Q. Well, what did you say?

A. I said I didn't believe he ever had the sole control over Mirabilis Ventures.

**Page 149, lines 5 to 9.**

Q. What's your understanding of the situation around February 15, 2005, as to who owned the shares in Mirabilis?

A. My understanding was it was Frank [Amodeo] that owned the shares at that time.

**Page 151, line 9 to 152, line 4.**

Q. You don't ever recall being the sole shareholder? . . . [interruption due to coughing]

A. I recall incorporating the company in Nevada and handing Frank the company, the stock.

Q. And – that's interesting. Do you remember whether or not it was bearer stock?

A. I recall something to the effect that it was bearer stock.

Q. And you handed the bearer stock to Mr. Amodeo?

A. I don't' recall if there were actual certificates or not, but I recall being explained that bearer stock was whoever bears the stock owns the stock.

Q. Why did you hand the stock to Mr. Amodeo?

A. Because it was never my intention to be the owner of this company.

**Page 163, line 18 to 164, lines 3, 11-16.**

Q. Well, who did assign members to the Board of Directors?

A. I don't know, but it certainly was not me.

Q. But do you know who?

A. No.

Q. Wasn't it Mr. Amodeo?

A. I -- that's probably, you know -- He might have had some -- yeah, something to do with it, I don't know if he did or not, but I know it was not me.

* * *

Q. Did you give the bearer stock to anyone but Mr. Amodeo?

A. No.

Q. Are you aware of Mr. Amodeo's ever giving it to anyone else?

A. No.

**Page 276, line 14 to 277, line 1.**

Q. -- and you believe he [Frank Amodeo] set up this chain of responsibility, and all of these other people have chief responsibility for the issues that I've just mentioned; is that right?

A. I believe he put certain measures in place to protect the company from himself.

Q. But, nevertheless, when you wanted a word of permission or influence over a decision you were making, the person you went to was not this slew

of accountants and all these people that were going to protect Frank from himself, but to Frank himself; correct?

A. That would be correct.

Defendants also give notice of filing the original deposition of Yaniv Amar scheduled and taken by Plaintiffs' counsel, dated October 14, 2010, in related cases Nos.: 6:2009-cv-00271 and 6:2009-mc-00151. The following testimony, further illuminating Mr. Amar's position on Mr. Amodeo's control of Plaintiff Mirabilis, was elicited by defense counsel's questions posed at that deposition, at which Plaintiffs' counsel Todd Norman was in attendance.

**Page 466, lines 11-21.**

Q. When you submitted [your] resignation letter, it is addressed to "Dear Mr. Flynn," is that Marty Flynn?

A. Yes.

Q. You copied it to Frank Amodeo and Laurie Holtz?

A. Yes.

Q. Laurie was the chairman at the time?

A. Yes.

Q. Frank was ? The guy everybody reported to?

A. The Grand Puba.

**Page 482, lines 11-23.**

Q. Pay attention to the top email [referencing Deposition Exhibit 87]. Paul Glover to Dan Myers and Frank Amodeo. Paul Glover is the CFO at the time?

A. Yes.

Q. An accountant?

4

A. Yes.

Q. Dan Myers is an accountant?

A. Yes.

Q. Frank Amodeo is the head guy in charge?

A. Yes.

| | |
|---|---|
| Date: November 10, 2010 | Respectfully submitted, |
| | |
| MARTIN R. RASKIN | /s/ Kathleen B. Havener |
| Florida Bar No. 315206 | KATHLEEN B. HAVENER |
| JANE SERENE RASKIN | THE HAVENER LAW FIRM, LLC |
| Florida Bar No. 848689 | 15511 Russell Road |
| RASKIN & RASKIN, P.A. | Chagrin Falls, OH 44022 |
| 866 South Dixie Highway | Phone: 440-893-0188 |
| Coral Gables, Florida 33146 | Cell: 216-288-6009 |
| Telephone: (305) 444-3400 | Fax: 440-893-9326 |
| Facsimile: (305) 445-0266 | kbhavener@havenerlaw.com |
| mraskin@raskinlaw.com | |
| | Attorney for Defendants Curry, |
| Attorneys for Defendants Curry, | Hailstones, Palaxar Group, LLC and |
| Palaxar Group, LLC and Palaxar Holdings, LLC | Palaxar Holdings, LLC |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 10, 2010, I electronically filed the foregoing Response to Plaintiff's Notice Of Filing Deposition Transcript (Dkt. 330) and Notice of Filing Transcript of Deposition of Yaniv Amar In Related Case No. 6:2009-Cv-00271 And 6:2009-Mc-00151 using the CM/ECF system and have sent a copy of the document to the *pro se* parties and/or counsel who are not registered with the CM/ECF system.

Terence Chu (via email)

Yaniv Amar (via email)

Adam Loewy (via email)

Frank L. Amodeo B-3 (via Priority Mail)
48883-019
Federal Correctional; Complex – Low
P.O. Box 1031
Coleman, FL 33521

/s/ Kathleen B. Havener_____
KATHLEEN B. HAVENER