IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MIRABILIS VENTURES, INC. and
NEXIA STRATEGY CORPORATION,

     Plaintiffs,

v.                          CASE NO.: 6:07-CV-1788-ORL-28-KRS

PALAXAR GROUP, LLC;
PALAXAR HOLDINGS, LLC;
FRANK HAILSTONES; EDITH CURRY
a/k/a EDITH BROADHEAD; and
TERENCE CHU,

     Defendants,

v.

AQMI STRATEGY CORPORATION,
WELLINGTON CAPITAL GROUP, INC.,
YANIV AMAR, FRANK AMODEO,
AARON BATES, MATTHEW MOKWA,
ROBERT POLLACK, JAMES SADRIANNA,

     Third-Party Defendants.
_____

## THIRD-PARTY DEFENDANT AARON C. BATES' MOTION FOR SUMMARY JUDGMENT

     COMES NOW Third-Party Defendant Aaron C. Bates (hereinafter "Bates"), by and through his undersigned counsel, and pursuant to Fed. R. Civ. P. 56 hereby moves for summary judgment against Third-Party Plaintiffs Edith Curry ("Curry") and Frank Hailstones ("Hailstones") (Curry and Hailstones shall sometimes be collectively referred to hereinafter as "Third-Party Plaintiffs").

1

## INTRODUCTION AND PROCEDURAL SUMMARY

On or about February 19, 2008, Plaintiffs, Mirabilis Ventures, Inc. ("Mirabilis") and Nexia Strategy Corp. ("Nexia") (Mirabilis and Nexia shall sometimes be collectively referred to hereinafter as "Plaintiffs"), filed their amended complaint against Palaxar Group, LLC, Palaxar Holdings, LLC (collectively "Palaxar"), and Third-Party Plaintiffs (the "Original Action") (Curry, Hailstones, and Palaxar shall sometimes be collectively referred to hereinafter as "Defendants"). See Dkt. #56. The crux of the Original Action was that Third-Party Defendants, as high-ranking officers and directors of Plaintiffs, misappropriated certain assets of Plaintiffs and transferred those assets to Palaxar.[1] Bates, along with Balch & Bingham, were counsel of record for the Plaintiffs at the time of the filing of the Original Action. Bates has since been substituted as counsel for Plaintiffs by Broad and Cassel. See Dkt. #169. Balch & Bingham currently have a Renewed Motion for Substitution pending. See Dkt. #311.

On March 6, 2008, Third-Party Defendants filed their Amended Third-Party Complaint which included claims against Third-Party Defendants Yaniv Amar ("Amar"), Matthew S. Mokwa ("Mokwa"), and Bates (the "Amended Complaint"). See Dkt. #59. The Amended Complaint originally sounded in twelve (12) counts against ten (10) parties. Since its filing, however, all but five (5) parties have been dismissed from the Amended Complaint. Bates is one of the remaining parties.

---

[1] The Court entered Summary Judgment in favor of Palaxar and Third-Party Plaintiffs with regard to the Original Action. See Dkt. #285. Plaintiffs filed a Motion to Reconsider the same. See Dkt. #303. The Court has set a hearing on Plaintiffs' motion. See Dkt. #321.

Third-Party Plaintiffs have asserted three (3) claims against Bates: (1) Civil Conspiracy to Commit Slander (see Amended Comp. at Count 5); (2) Intentional Interference with Advantageous Business Relationship (see Amended Comp. at Count 8); and (3) Civil Conspiracy to Intentionally Interfere with Advantageous Business Relationships (see Amended Comp. at Count 9). The paucity of relevant, admissible evidence supporting Third-Party Plaintiffs' claims is truly remarkable.

In the case *sub judice*, the record is devoid of *any* relevant evidence concerning Bates, much less any material facts in dispute which would permit the maintenance of Third-Party Plaintiffs' claims against him. After three years of litigation, over 330 filings, and a bevy of baseless personal attacks on opposing parties and their counsel, Third-Party Plaintiffs have proven one thing: the absolute absence of a single undisputed material fact supporting their claims. Accordingly, Bates is entitled to judgment as a matter of law.

## STATEMENT OF UNDISPUTED FACTS

Hailstones served as an officer of Plaintiff Mirabilis Ventures, Inc. ("Mirabilis"), particularly its President and/or CEO, from approximately January 2, 2006 until December 31, 2006. Dkt. #75-20, ¶19; see also Dkt. #59, ¶4. Hailstones was also a member of Mirabilis' Board of Directors from approximately January 26, 2006 until January 31, 2007. Id. Curry served as an officer of Mirabilis, particularly its Secretary and Treasurer, from approximately October 2005 until October 31, 2005. Dkt. #41-7, ¶4; see also Dkt. #59, ¶5. Curry was also a member of Mirabilis' Board of Directors from

approximately October 2005 until October 31, 2006. Id. Curry served as the President of Nexia from approximately January 1, 2005 until October 31, 2006.  Id.

At all times material hereto, Bates was counsel of record for Plaintiffs.  Bates' law firm, Goldberg Bates, PLLC n/k/a Bates Mokwa, PLLC, and numerous other law firms, were engaged to wind-down the operations of Plaintiffs, including recovering and liquidating all of Plaintiffs' assets.  Dkt. #251-1, ¶4; see also Dkt. #252-1.  Particularly, Bates, along with Balch and Bingham, LLP ("Balch"), were engaged by Plaintiffs to institute litigation against Defendants for the recovery of the asset, and/or Plaintiffs' investment in development of the asset, known as Nexia Certification. Bates and Balch filed the Complaint. Id.  Bates and Balch conducted an extensive investigation prior to filing the Complaint against Defendants. Id. At the time of the filing of the Complaint against Defendants, Mirabilis (along with its affiliates and subsidiaries) were prosecuting or defending over 30 cases.  Bates was counsel of record in a majority of these cases. See Affidavit of Bates filed hereto as Exhibit A.

In or about September of 2007, while researching the address and method(s) for service of process of Hailstones, a non-resident alien defendant residing in the United Kingdom, it was discovered that he would be in Scottsdale, AZ for a one-time speaking engagement.  See Bates' Responses to Hailstones Discovery Requests filed hereto as Exhibit B. Shortly thereafter, Bates decided to travel to Scottsdale, AZ to ensure that Hailstones was served while he was in the United States.  Id. Subsequently, Bates asked Mokwa to accompany him to Scottsdale, AZ to ensure that Defendants were properly served with the Complaint. Id.

Bates, Mokwa, and Amar each traveled to Arizona on different flights departing on different days. Id.

Before departing for Arizona, Bates informed his paralegal to contact a process server in Arizona to meet him at the Renaissance Scottsdale Resort on the morning of October 15, 2007 before the conference began.   Id. Thomas Zollers ("Zollers") was retained as the process server for service of the Complaint. Id.   Bates traveled to Scottsdale, AZ in order to identify the Third-Party Plaintiffs for Zollers for purposes of service of process.  Id. Prior to the start of the conference, Third-Party Plaintiffs were spotted walking alone through a parking lot.  Bates pointed Third-Party Plaintiffs out to Zollers and he subsequently served the Complaint upon Third-Party Plaintiffs. Dkt. #328-11 at ¶1.  Mokwa and Amar were also present.

Thereafter, Third-Party Plaintiffs walked up to Bates, Mokwa, and Amar in the parking lot.  Third-Party Plaintiffs, Amar, and Mokwa had a brief conversation.  During this encounter, Bates did not speak.   Bates also did not audio or video record the encounter.

At all times material hereto, Bates had no knowledge of any business relationships of Third-Party Plaintiffs or Palaxar, existing or otherwise.  Moreover, Bates did nothing which could be construed as interference with an existing business relationship of Third-Party Plaintiffs or Palaxar.

**MEMORANDUM OF LAW**

1.      **Standard of Review.**

5

Summary judgment is proper if there are no genuine issues as to any material facts and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).  Rule 56 provides the standard for Summary Judgment and states, in pertinent part, that: "[t]he judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. Rule 56(c). The evidence must be construed in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The non-moving party must also provide more than a mere "scintilla" of evidence to avoid summary judgment. Id. at 252. A party moving for summary judgment therefore discharges its burden to defeat the claims against it by showing an absence of evidence to support the non-moving party's case. Comer v. Palm Bay, 171 F. Supp. 2d 1307, 2000 U.S. Dist. LEXIS 21915 (M.D. Fla. 2000).  As such, even when the facts are looked at in the light most favorable to the Third-Party Plaintiffs, their claims against Bates fail as a matter of law.

Moreover, of particular importance in this case, Third-Party Plaintiffs "must rely on more than conclusory statements or allegations unsupported by facts." Williams v. U.S., No. 6:08-cv-1771-Orl-31GJK, 2009 WL 3200687 at *2 (M.D. Fla. Sept. 29, 2009); see also Evers v. Gen. Motors Corp., 770 F.2d. 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value"). Therefore, if Third-Party Plaintiffs' response follows their pattern of nothing more "than a repetition of

[their] conclusional allegations," summary judgment is mandatory. <u>Morris v. Ross</u>, 663 F.2d 1032, 1034 (11th Cir. 1981).

**2.      Bates is immune from suit as a result of Florida's litigation privilege.**

Florida law provides attorneys an absolute privilege from civil liability for *any act relating to* or occurring during the course of a judicial proceeding, so long as the act has some relation to the proceeding." <u>Pack v. Unifund CCR Ptrns</u>, 2008 U.S. Dist. LEXIS 117481, *15-16 (M.D. Fla. 2008) (quoting <u>Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole</u>, 950 So. 2d 380, 384 (Fla. 2007)); <u>Jackson v. BellSouth Telecommunications</u>, 372 F.3d 1250, 1276 (11th Cir. 2004) (emphasis added). The litigation privilege applies to all common-law causes of action.  <u>Pack</u>, 2008 U.S. Dist. LEXIS 117481 at *16.  This includes defamation, tortious interference, and conspiracy. <u>See</u> <u>Jackson</u>, 372 F.3d 1250.

Service of a summons and complaint are not only "related to" a judicial proceeding, but actually are its impetus.  Without service, there is no proceeding. Additionally, it is undisputed that Bates' presence during the brief encounter giving rise to all of Third-Party Plaintiffs' claims was for the sole purpose of ensuring the proper and effective service of the Complaint upon Plaintiffs' former officers and directors.  It is also undisputed that Bates believed service during Third-Party Plaintiffs' presence in Scottsdale, AZ was particularly important because of the fact that Hailstones resided in a foreign country and was not a U.S. citizen.  Moreover, it is undisputed that Bates did absolutely nothing during the encounter at issue, including not speaking to Third-Party

Plaintiffs nor in any way recording the encounter.  Over the course of three (3) years, Third-Party Plaintiffs have offered *no* relevant evidence relating to Bates or which in any way suggests misconduct by Bates. Third-Party Plaintiffs have not even proffered a valid motivation or underlying basis for their alleged claims against Bates, much less which would serve to exempt him from immunity under Florida's litigation privilege.

Furthermore, Bates is a respected and accomplished member of the Florida and Federal bar.  Notwithstanding the same, while it is clear that Bates' conduct (to the extent his mere presence constitutes "conduct") was proper, even assuming *arguendo* that Bates accompaniment of Zollers during the service of the Complaint or his mere presence during the alleged slander of Third-Party Plaintiffs is somehow improper, "adequate remedies still exist for misconduct in a judicial proceeding, most notably the trial court's contempt power, as well as the disciplinary measures of the state court system and bar association."  Echevarria, 950 So. 2d at 384.

Based on these facts alone, Bates is completely immune from suit and all claims against him should be dismissed as a matter of law.

**3.     Third-Party Plaintiffs have wholly failed to show Bates tortiously interfered with their advantageous business relationships.**

In order to prove a prima facie case of tortious interference with a business relationship, Third-Party Plaintiffs must prove: 1.   the existence of a business relationship; 2.   knowledge of the relationship on the part of the defendant; 3.   an intentional and unjustified interference with the relationship by the defendant; and 4.

damage to the plaintiff as a result of the breach of the relationship. <u>Tamiami Trail Tours, Inc. v. Cotton</u>, 463 So. 2d 1126, 1127 (Fla. 1985); <u>see</u> <u>also</u> <u>Gossard v. Adia Services, Inc.</u>, 723 So. 2d 182, 184 (Fla. 1998).

As a principal matter, the alleged business that was interfered with consisted of speculative opportunities for Palaxar.  However, Palaxar is not a Third-Party Plaintiff and has brought no claims against Bates.  Moreover, the undisputed facts of this case reveal that Third-Party Plaintiffs have absolutely no evidence of Bates' tortious interference with their business relationships.  In fact, there were no relationships which existed which Bates could even interfere with.  Hailstones was asked to give an example of any such relationships during his deposition and was unable to identify any:

> [COUNSEL]:  Can you give a specific example of a business relationship that was conspired to be interfered with due to the actions of my client, Matthew Mokwa.
>
> [HAILSTONES]:  Well, your client, I presume, would not have been in a position to know which relationships we were being – we were pursuing; and, therefore conspiring against.  But, generally, their actions had a global effect in the business relationships which were being pursued.
>
> [COUNSEL]:  And, again, can you give one example of such a business relationship that's been negatively affected?
>
> [HAILSTONES]:  I can only refer you again to my prior answer, which is I'm not at liberty to give you a specific relationship.
>
> [COUNSEL]:  So let me get this straight, you've brought a lawsuit in federal court in the United States claiming that business relationships have been interfered with, and upon being questioned under oath, your answer is you can't discuss what those relationships are?

[HAILSTONES]:  Yes.

Hailstones Depo. at 42:7 – 25, 43:1 – 2;[2] see also Jan. Hailstones Depo. 8:2 – 11:23, 19:10-13;[3] Jan. Curry Depo. 7:20-8:15.[4]

Aside from the previously discussed fact that absolute immunity must be afforded to any act occurring during the course of a judicial proceeding, regardless of whether the act involves defamation or tortious interference with a business relationship so long as the act has some relation to the proceeding (see Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. United States Fire Insurance Co., 639 So. 2d 606, 608 (Fla. 1994)), Third-Party Plaintiffs' claim also fails because Bates' conduct was legal in of itself.  Where one does an act which is legal in itself, and violates no right of another person, even if it is true that the act is done from malice, or with other bad motive toward another, there is no viable cause of action. Ethyl Corporation v. Balter, 386 So. 2d 1220, 1225 (Fla. 3d DCA 1980), rev. denied, 392 So. 2d 1371 (Fla. 1981), cert. denied, 101 S.Ct. 3099 (1981).

Lastly, Third-Party Plaintiffs have offered no proof of damages. See Dkt. #316.


## CONCLUSION

For the reason stated herein, Bates is entitled to judgment as a matter of law on all counts.

---

[2] See Dkt. #316-5.

[3] See Dkt. #200-1.

[4] See Dkt. #199-1.

Respectfully submitted this 12th day of November, 2010.

s/ Atheseus R. Lockhart_____
ATHESEUS R. LOCKHART
Florida Bar No. 659134
MEIR, BONNER, MUSZYNSKI, O'DELL
& HARVEY, P.A.
260 Wekiva Springs, Road
Suite 2000
Longwood, FL 32779
Ph.: (407) 872-7774
Fax: (407) 872-7997
arl@fltrialteam.com
*Counsel for Aaron C. Bates, Esq.*
Kathleen Davies, Esq.
The Davies Law Firm, LLC
126 East Jefferson Street
Orlando, FL 32801
Ph.: (407) 540-1010
Fax: (407) 649-3038
kdavies@thedavieslawfirm.com
*Counsel for Aaron Bates and*
*Matthew Mokwa*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 12th, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to all parties named on the attached Service List or in some other authorized manner for those counsel or parties who are not authorized to receive notices electronically.

s/ Atheseus R. Lockhart_____
ATHESEUS R. LOCKHART

**SERVICE LIST**

| | |
|---|---|
| Kathleen Havener<br>Attorney at Law, LLC<br>15511 Russell Road<br>Chagrin Falls, Ohio 44022<br>and<br>Martin R. Raskin<br>Jane Serene Raskin<br>RASKIN & RASKIN, P.A.<br>2601 South Bayshore Drive<br>Suite 725<br>Miami, Florida  33133<br>mraskin@raskinlaw.com<br>**Attorneys for Edith Curry, Frank Hailstones, Palaxar Group LLC, and Palaxar Holdings LLC**<br><br>Frank Amodeo<br>FCC - Low, B3<br>P.O. Box 1031<br>Coleman, FL 33521-1031<br>**Third-Party Defendant** | Todd K. Norman<br>Nicolette C. Vilmos<br>Broad and Cassel<br>390 N. Orange Avenue<br>Suite 1400<br>Orlando, FL 32801<br>tnorman@broadandcassel.com<br>nvilmos@broadcassel.com<br>**Attorneys for Mirabilis Ventures, Inc. and claims of Nexia Strategy Corp.**<br><br>Yaniv Amar<br>3475 Mystic Point Drive, TH #10<br>Aventura, FL 33180<br>**Third-Party Defendant** |