UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MIRABILIS VENTURES, INC., and NEXIA STRATEGY CORPORATION,**

Plaintiffs,

-vs-  Case No. 6:07-cv-1788-Orl-28KRS

**PALAXAR GROUP, LLC, PALAXAR HOLDINGS, LLC, FRANK HAILSTONES, EDITH CURRY, and FICTITIOUS DEFENDANTS 1 THROUGH 8,**

Defendants,

-vs-

**AARON BATES, and MATTHEW MOKWA,**

Third-Party Defendants.

## ORDER

This case concerns the development and marketing of an anti-fraud certification program known as Nexia Certification. Third-Party Defendants Aaron Bates ("Bates") and Matthew Mokwa ("Mokwa") now move to dismiss Counts 5, 6, 8, and 9 of the Amended Third-Party Complaint for lack of subject-matter jurisdiction and for oral argument on the Motion. (Doc. 316). Third-Party Plaintiffs Edith Curry ("Curry") and Frank Hailstones ("Hailstones") have filed a response in opposition and have moved to sanction counsel for Bates and Mokwa under 28 U.S.C. § 1927 for filing the Motion to Dismiss. (Doc. 317).

Bates and Mokwa have filed a reply to the response and have not responded in opposition to the Motion for Sanctions. (Doc. 320). Having considered the parties' submissions, the Court finds that oral argument is not necessary on the Motion to Dismiss and that counsel for Bates and Mokwa should not be sanctioned under 28 U.S.C. § 1927 for filing the Motion to Dismiss. Further, the Court concludes that Curry and Hailstones have failed to adequately allege the requisite amount in controversy pursuant to 28 U.S.C. § 1332.[1] Accordingly, the Motion to Dismiss by Bates and Mokwa must be granted, and the Motion for Sanctions by Curry and Hailstones must be denied.

I. Background

Curry and Hailstones filed an Amended Third-Party Complaint asserting, *inter alia*, the following claims: civil conspiracy to slander against Bates and Mokwa (Count 5); slander *per se* against Mokwa (Count 6); intentional interference with advantageous business relationship against Bates and Mokwa (Count 8); and civil conspiracy to intentionally interfere with advantageous business relationship against Bates and Mokwa (Count 9). (Doc. 59 ("Curry Am. Compl.")). Each of these claims arises out of the service of the Complaint in this case on Curry and Hailstones at a conference in Scottsdale, Arizona. (*Id.* ¶¶ 73, 92, 111, 123). Curry and Hailstones seek damages "in an amount to be determined at trial" on each of the asserted claims, and "punitive damages as appropriate and allowed by law" including attorney's fees and costs. (*Id.* at 36-37). Bates and Mokwa move to dismiss the claims against them for lack of subject-matter jurisdiction. (Doc. 316).

---

[1] No party argues that federal question jurisdiction under 28 U.S.C. § 1331 is applicable here, and the Court agrees.

## II. Legal Standard

Subject-matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332 exists if there are: (1) completely diverse parties, meaning that each defendant is a citizen of a different state than each plaintiff; and (2) an amount in controversy exceeding $75,000. *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). The parties are completely diverse as alleged in the Amended Third-Party Complaint, (Curry Am. Compl. ¶¶ 1-13), and no party challenges the existence of complete diversity. Instead, the parties dispute whether there is sufficient proof of the minimum amount in controversy to establish diversity jurisdiction over the claims against Bates and Mokwa. (Docs. 316 & 317).

Initially, "[a] plaintiff satisfies the amount in controversy requirement by claiming a sufficient sum in good faith." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). If such a sum is claimed, then generally it " 'must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.' " *Id.* (quoting *Red Cab Co.*, 303 U.S. at 289). "However, where jurisdiction is based on a claim for indeterminate damages, the *Red Cab Co.* 'legal certainty' test gives way, and the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." *Id.* (citation omitted). When damages are given no dollar amount, they are indeterminate, *see Federated Mut. Ins. Co.*, 329 F.3d at 808 (holding that plaintiff's damages were indeterminate because he had not "placed any dollar amount" on them); *Russ v. Tift Cnty. Hosp. Auth.*, No. 7:10-cv-31(HL), 2010 WL 3951271, at *1 (M.D. Ga. Oct. 7, 2010) (slip

copy) ("Indeterminate damages are those that are not given a dollar amount."); and "[a] conclusory allegation that the jurisdictional amount is satisfied . . . is insufficient to meet the plaintiff's burden," *Bradley v. Kelly Servs., Inc.*, 224 F. App'x 893, 895 (11th Cir. 2007) (internal quotations and citations omitted).

### III. Analysis

Curry and Hailstones have not placed a dollar amount on their damages in any of their filings, and therefore they plead indeterminate damages against Bates and Mokwa on each of the claims at issue. (Curry Am. Compl. at 28, 29, 31, 32 & 36-37). Accordingly, the legal certainty test gives way, and Curry and Hailstones bear the burden of establishing by a preponderance of the evidence that there is more than $75,000 in controversy.[2] *Federated Mut. Ins. Co.*, 329 F.3d at 807.

First, Curry and Hailstones assert that they are entitled to "millions" in damages on the slander and interference with business relationship counts. (Doc. 317 at 4). However, they fail to provide any support for their claim,[3] and such a conclusory allegation is insufficient to meet their burden. *Bradley*, 224 F. App'x at 895. Second, Curry and Hailstones argue that the presumption of damages for their slander *per se* claim establishes

---

[2]In their response, Curry and Hailstones apparently assume that the legal certainty test applies and do not address *Federated Mutual*'s holding that the legal certainty test gives way when damages are indeterminate. (Doc. 317 at 3, 12). This Court has not found any authority abrogating *Federated Mutual*'s application to this case and therefore will apply its requirements rather than the legal certainty test.

[3]Some support for this claim may exist in the over one thousand pages of exhibits attached to Curry and Hailstones's response; however, no citation is provided and the Court will not waste its limited resources searching for something that could easily be supplied by the parties.

that the amount in controversy is over $75,000. (Doc. 317 at 4). This argument is without merit.

Although Florida law provides that general damages may be presumed in slander *per se* actions against non-media defendants, *Hoch v. Rissman, Weisberg, Barrett*, 742 So. 2d 451, 457 (Fla. 5th DCA 1999), such a presumption—in and of itself—does not satisfy the amount-in-controversy requirement for diversity jurisdiction under 28 U.S.C. § 1332. *See S. Volkswagen, Inc. v. Centrix Fin., LLC*, 357 F. Supp. 2d 837, 844 (D. Md. 2005) ("Although some damage can be presumed from a statement that is defamatory *per se*, that is a far cry from a good faith allegation of damages in an amount sufficient to invoke the jurisdiction of this Court."). Under Florida law, the presumption of damages operates to satisfy a plaintiff's prima facie case, but the presumption does not require an award of any certain <u>amount</u> of damages. Therefore, the presumption does not establish by a preponderance of the evidence that the amount in controversy is greater than $75,000.

## IV. Conclusion

In accordance with the foregoing, Third-Party Defendants Aaron Bates and Matthew Mokwa's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 316) is **GRANTED**, and Counts 5, 6, 8, and 9 of the Amended Third-Party Complaint (Doc. 59) are **dismissed without prejudice**. Third-Party Defendant Aaron Bates's Motion for Summary Judgment (Doc. 333) is **DENIED as moot**. Additionally, Third-Party Plaintiffs Edith Curry and Frank Hailstones's Motion for Sanctions (Doc. 317) pursuant to 28 U.S.C. § 1927 is **DENIED**. If

Third-Party Plaintiffs are able to remedy the jurisdictional deficiencies, they may file a Second Amended Third-Party Complaint **within fifteen days of this Order**.

**DONE and ORDERED** in Chambers, Orlando, Florida this 29 day of November, 2010.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party