# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**MIRABILIS VENTURES, INC. and**
**NEXIA STRATEGY CORPORATION,**

    **Plaintiffs,**

v.                                      **CASE NO.: 6:07-CV-1788-ORL-28-KRS**

**PALAXAR GROUP, LLC;**
**PALAXAR HOLDINGS, LLC;**
**FRANK HAILSTONES; EDITH CURRY**
**a/k/a EDITH BROADHEAD; and**
**TERENCE CHU,**

    **Defendants,**

v.

**AQMI STRATEGY CORPORATION,**
**WELLINGTON CAPITAL GROUP, INC.,**
**YANIV AMAR, FRANK AMODEO,**
**AARON BATES, MATTHEW MOKWA,**
**ROBERT POLLACK, JAMES SADRIANNA,**

    **Third-Party Defendants.**

_____

## MOTION TO DISMISS THIRD-PARTY PLAINTIFFS' SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(1) AND FED. R. CIV. P. 12(B)(6)

COMES NOW Third-Party Defendants Matthew S. Mokwa ("Mokwa") and Aaron C. Bates ("Bates") (collectively, "Third-Party Defendants"), by and through their undersigned attorneys, and for their motion to dismiss Frank Hailstones ("Hailstones") and Edith Curry's ("Curry") (collectively, "Third-Party Plaintiffs") Second Amended Complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted, state as follows:

1

**INTRODUCTION**

On March 6, 2008 Third-Party Plaintiffs filed their Amended Answer, Counterclaims, and Third-Party Complaint, which included Third-Party claims against Bates and Mokwa. See Dkt. No. 59. The Amended Third-Party Complaint originally sounded in twelve (12) counts against ten (10) parties. Thereafter, all but five (5) parties were dismissed from the Third-Party Complaint. On June 5, 2008 the Court stayed this action. See Dkt. No. 151. On December 2, 2009 the Court lifted the stay. See Dkt. No. 178. Discovery closed on August 6, 2010. See Dkt. No. 190, Sec. I.D.

Despite Third-Party Plaintiffs being in possession of all potentially discoverable evidence, they were incapable of proving beyond a preponderance of the evidence that the jurisdictional amount in controversy in the case at bar was greater than $75,000. Accordingly, on October 18, 2010, Third-Party Defendants moved this Court, pursuant to Fed. R. Civ. P. 12(b)(1), to dismiss Counts 5, 6, 8 and 9 of the Amended Third-Party Complaint for lack of subject matter jurisdiction (the "Motion to Dismiss"). See Dkt. No. 316. Subsequent thereto, Third-Party Defendants filed motions for summary judgment as to all remaining counts. See Dkt. Nos. 328 and 333.

On November 29, 2010, the Court granted Third-Party Defendants' Motion to Dismiss and denied Third-Party Defendants' motions for summary judgment as moot (the "November Order"). See Dkt. No. 345. As opposed to dismissing the Amended Third-Party Complaint from future prosecution in federal court and allowing Third-Party Plaintiffs to re-file in state court, the Court held that "[i]f Third-Party Plaintiffs are able to

remedy the [aforementioned] jurisdictional deficiencies, they may file a Second Amended Complaint **within fifteen days of this Order.**" Id. at 6 (emphasis in original).

One day later, Third-Party Plaintiffs filed their Second Amended Third-Party Complaint against Bates, Mokwa, Nexia Strategy Corporation, Yaniv Amar, and Frank Amodeo.[1] See Dkt. No. 346. The Second Amended Complaint alleges that "jurisdiction exists pursuant to 28 U.S.C § 1331 and 28 § 1332(a)(1) and (a)(3)." Id. at ¶ 9. However, Third-Party Plaintiffs raise no 28 U.S.C § 1331 federal question in their Second Amended Complaint and Third-Party Plaintiffs' failed to remedy their § 1332 jurisdictional deficiencies, as their complaint is devoid of any reference of determinable damages.

Additionally, Third-Party Plaintiffs admit that Third-Party Defendants were counsel to Plaintiffs in relation to this action. See id. at ¶¶ 7-8. And, the claims against Third-Party Defendants are related to, and stem from, the instant case. Accordingly, counts 3, 4, 6, and 7 of the Second Amended Complaint fails to state a claim upon which relief can be granted as to Third-Party Defendants because Third-Party Defendants are absolutely immune from civil liability pursuant to the Florida litigation privilege. See Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole, 950 So.2d 380 (Fla. 2007); Levin, Middlebrooks, Mabie, Thomas, Mayes, Mitchell, P.A. v. United States Fire Insurance Co., 639 So.2d 606 (Fla. 1994).

---

[1] The intent and purpose of filing suit against Nexia Strategy Corporation and Frank Amodeo is suspect. Nexia Strategy Corporation is a defunct company whose assets were forfeited to the United States of America and Frank Amodeo is serving a 22 year federal prison sentence after having a 181 million dollar money judgment entered against him. Adjudicating these claims does not seem like an appropriate use of judicial time and resources.

3

**MEMORANDUM OF LAW**

**I. Third-Party Plaintiffs' Second Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.**

A. Introduction

Third-Party Defendants hereby incorporate by reference their previously filed Motion to Dismiss (Dkt. No. 316) (the "Motion to Dismiss") and Reply Brief (Dkt. No. 320) into this Motion. Third-Party Defendants rely on the law and facts cited in the Motion to Dismiss and Reply Brief and only address the specific issue of whether Third-Party Plaintiffs' conclusory allegations cured their jurisdictional defects noted in the November Order.

B. Analysis

The Second Amended Complaint suffers from the same jurisdictional defects as the Amended Complaint. As this Court stated in its November Order: a conclusory allegation that the jurisdictional amount is satisfied is insufficient to meet the plaintiff's burden of proving federal jurisdiction. (Dkt. 345 at 4) (quoting Bradley v. Kelly Servs. Inc., 224 F. App'x 893, 895 (11th Cir. 2007)). Moreover, "[a]ny claimed value that cannot be reduced to a monetary standard without unsupported speculation cannot be used to satisfy the jurisdictional minimum." State Farm Mut. Auto. Ins. Co. 393 F. Supp. 2d 1317, 1323 (M.D. Fla. 2005).

In the Second Amended Complaint, Hailstones and Curry simply insert conclusory allegations that their damages are "in an amount far in excess of $75,000." (Dkt. 346 at ¶¶ 75, 86, 97, 104, and 111). Hailstones and Curry fail to allege what their

4

damages are or whether Hailstones suffered the damages or whether Curry suffered the damages. Accordingly, Curry and Hailstones damages are indeterminate and speculative.

Hailstones and Curry also assert conclusory, indeterminate dollar figures in their prayer for relief. With respect to Count 3, Curry and Hailstones ask for a minimum of $20,000,000; with respect to Court 4, Curry and Hailstones ask for a minimum of $5,000,000; with respect to Count 6, Curry and Hailstones ask for a minimum of $20,000,000; and with respect to Count 7 Curry and Hailstones ask for $20,000,000. Dkt. No. 346 at 23 ¶¶ 4, 5, 7, 8. Collectively, Curry and Hailstones prayed for a minimum amount of $65,000,000 in damages for counts 3, 4, 6, and 7.

In its November Order, this Court held that "Curry and Hailstones assert that they are entitled to 'millions' in damages…However, they fail to provide any support for their claim, such a conclusory allegation is insufficient to meet their burden." Dkt. 345 at 4. The Second Amended Complaint suffers from the identical defect. Hailstones and Curry's injuries have not been quantified and there is no evidence in the record regarding the extent of their injuries.

When deciding a "factual attack" to subject matter jurisdiction the court may consider matters outside the pleadings, such as testimony and affidavits. Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990). Third-Party Defendants particularly draw the Court's attention to Hailstones and Curry's representation, *under oath*, that:

> We have no intention of attempting to prove damages specific to the slander that occurred at trial and therefore have nothing to produce in discovery.

Third-Party Plaintiffs' Answers to Bates' Interrogs. at No. 9 (Dkt. 316-2).

5

Third-Party Defendants also draw the Court's attention to the letter from Hailstones and Curry's counsel stating:

> I remind you that our allegations are all based on slander *per se*, which requires no proof of damages. If our claim fails, there are no damages. If it succeeds, **the damages will not be based upon proof**.

July 17, 2010 Letter from Kathleen Havener, Esq., (emphasis added). (Dkt. 316-4).

As noted by the Court in its November Order, "Although Florida law provides that general damages may be presumed in slander *per se* actions against non-media defendants … such a presumption–in and of itself–does not satisfy the amount-in-controversy requirement for diversity jurisdiction under 28 U.S.C. § 1332." (Dkt. 345 at 5) (internal citations omitted).

Hailstones and Curry's injuries are not quantified in the Second Amended Complaint. There is no record evidence substantiating their claims. They do not have medical bills; they do not have a damage expert; they do not have a business valuation expert; and they have expressly represented under oath that they do not intend to prove damages. Their entire case is based on the presumption of damages in slander *per se* cases. While a lawsuit based on presumed damages may be acceptable in state court, it is not acceptable in federal court. Plaintiffs' speculative and indeterminate damages fail to invoke the jurisdiction of this court and must be dismissed for want of subject matter jurisdiction.

## II. Third-Party Plaintiffs, acting as attorneys for Plaintiffs in the instant action, are absolutely immune from the claims alleged in the Second Amended Third-Party Complaint.

A. Standard of Review.

Largely groundless claims should be exposed "at the point of minimum expenditure of time and money by the parties and the court." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1966 (2007) (quotation omitted). Dismissal is appropriate where, based upon a dispositive issue of law, the factual allegations of the complaint cannot support the asserted cause of action. Nietzke v. Williams, 490 U.S. 319, 326, (1989); Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006); Marshall Cty Bd. of Educ. v. Marshall Cty Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

"[T]he essence of absolute immunity is its possessor's entitlement not to have to answer for his conduct in a civil damages action," and is thus "an *immunity from suit* rather than a mere defense to liability." Jackson v. BellSouth Telecommunications, Inc., 181 F. Supp. 2d 1345, 1363 (S.D. Fla. 2001) (emphasis in original) (quoting Mitchell v. Forsyth, 472 U.S. 511, 525-526 (1985)). Accordingly, "the litigation privilege is properly dealt with at the motion to dismiss stage." Id. at n.15.

B. Analysis.

Florida law provides attorneys an absolute privilege from civil liability for any act relating to or occurring during the course of a judicial proceeding, so long as the act has some relation to the proceeding." Pack v. Unifund CCR Ptrns, 2008 U.S. Dist. LEXIS 117481, *15-16 (M.D. Fla. 2008) (quoting Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole, 950 So. 2d 380, 384 (Fla. 2007)); Jackson v. BellSouth Telecommunications, 372 F.3d 1250, 1276 (11th Cir. 2004). The litigation privilege applies to all common-law causes of action. Pack, 2008 U.S. Dist. LEXIS 117481 at *16.

This includes defamation, tortious interference, and conspiracy. See Jackson, 372 F.3d 1250.

In Levin, Middlebrooks, Mabie, Thomas, Mayes, and Mitchell, P.A. v. U.S. Fire Insurance Co., 639 So. 2d 606 (Fla. 1994), the Florida Supreme Court explained that, traditionally, defamatory statements made in the course of judicial proceedings are *absolutely privileged,* no matter how false or malicious the statements may be, so long as the statements are relevant. Consequently, the torts of perjury, libel, slander, defamation, and similar proceedings that are based on statements made in connection with a judicial proceeding are not actionable. Id. at 608. This immunity extends to counsel. Id.

The Florida Supreme Court held in Levin that the rationale behind the immunity afforded to defamatory statements is equally applicable to other misconduct occurring during the course of judicial proceedings. Just as participants in litigation must be free to engage in unhindered communication, so too must those participants be free to use their best judgment in prosecuting or defending a lawsuit without fear of having to defend their actions in a subsequent civil action for misconduct. Id. In the words of the court: "[w]e find that absolute immunity must be afforded to any act occurring during the course of a judicial proceeding, regardless of whether the act involves a defamatory statement or other tortious behavior such as the alleged misconduct at issue, so long as the act has some relation to the proceedings. Id.

In Boca Investors Group v. Potash, 835 So. 2d 273, 274 (Fla. Dist. Ct. App. 3d Dist. 2002), the plaintiff brought suit for tortious interference with a business relationship in an effort to recover damages suffered as a result of defendants having brought multiple lawsuits against plaintiff. The defendants moved for judgment on the pleadings based on

8

the absolute litigation privilege. The court granted the motion based on Levin. On appeal, the Court upheld the trial court, stating: "The privilege arises upon the doing of any act necessarily preliminary to judicial proceedings." Id. (quoting Burton v. Salzberg, 725 So. 2d 450, 451 (Fla. 3d DCA 1999)); see Procacci v. Zacco, 402 So.2d 425, 427 (Fla.4th DCA 1981) (filing of lis pendens is part of the judicial proceeding and within absolute privilege).

Other states have also held that the filing of pleadings and declarations in litigation have been deemed to be communicative conduct subject to the litigation privilege. See Rubin v. Green 4 Cal.4th 1187, 1195-1196 (1993) (filing of pleadings is communicative); Navellier v. Sletten, 106 Cal.App.4th 763, 770 (2003) ("Pleadings and process in a case are generally viewed as privileged communications."); Pollock v. University of Southern California, 112 Cal.App.4th 1416, 1431 (2003) (signing and filing of perjurious declaration in the course of litigation is communicative).

Third-Party Plaintiffs' claims all revolve around the instant case, particularly the filing and service of the summons and complaint. Such acts are not only "related to" a judicial proceeding, but actually are its impetus. Without service, there is no proceeding. The reality is that Curry and Hailstones are angry about the lawsuit that was brought against them and are using this proceeding as a mechanism to attack and intimidate anyone involved with the original lawsuit, including the attorneys.[2] This is precisely the reasoning behind the litigation privilege – the attorney's role as a zealous advocate for his client must be protected. This is precisely the reason for the litigation privilege – an

---

[2] Curry, Hailstones, Chu, and their counsel have threatened sanctions or brought claims against twelve attorneys related to this case, including: Aaron Bates, Matthew Mokwa, Russ Campbell, Allen Estes, Todd Norman, Nicolette Vilmos, Elizabeth Green, Scott Goldberg, Adam Loewy, Atheseus Lockhart, Kathleen Davies, and Michael Maher.

attorney must be able to zealously advocate his clients position without fear of becoming entangled in the same lawsuit. As Levin stated, participants in a lawsuit must be free to use their best judgment in prosecuting or defending a lawsuit without fear of having to defend their actions in a subsequent civil action for misconduct. Levin at 608.

Furthermore, Third-Party Defendants are respected and accomplished members of the Florida and Federal bar. While it is clear their conduct was proper, even assuming *arguendo* that Third-Party Defendants' conduct was somehow improper, "adequate remedies still exist for misconduct in a judicial proceeding, most notably the trial court's contempt power, as well as the disciplinary measures of the state court system and bar association." Echevarria, 950 So. 2d at 384.

Accordingly, Third-Party Defendants are completely immune from suit and all claims against them should be dismissed as a matter of law.

## LOCAL RULE 3.01(G) CERTIFICATION

The undersigned certify that, with respect to the foregoing motion, they did not confer with opposing counsel, as the instant motion seeks to involuntarily dismiss their claims.

**WHEREFORE**, Third-Party Defendants Matthew S. Mokwa and Aaron C. Bates respectfully request this Court enter an Order dismissing Third-Party Plaintiffs' Second Amended Complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted, granting attorney's fees and costs, and granting such further relief as the Court deems just and proper.

Respectfully submitted this 15th day of December, 2010.

s/ Adam J. Loewy
ADAM J. LOEWY
Texas Bar No. 24041353
BARRY & LOEWY, LLP
The Frost Tower
401 Congress Avenue
Suite 1540
Austin, TX 78701
Ph.: (512) 852-4322
Fax: (512) 687-3441
aloewy@barryloewy.com
*Counsel for Matthew S. Mokwa, Esq.*

s/ Atheseus R. Lockhart
ATHESEUS R. LOCKHART
Florida Bar No. 659134
MEIR, BONNER, MUSZYNSKI,
O'DELL & HARVEY, P.A.
260 Wekiva Springs, Road
Suite 2000
Longwood, FL 32779
Ph.: (407) 872-7774
Fax: (407) 872-7997
arl@fltrialteam.com
*Counsel for Aaron C. Bates, Esq.*

Kathleen Davies, Esq.
The Davies Law Firm, LLC
126 East Jefferson Street
Orlando, FL 32801
Ph.: (407) 540-1010
Fax: (407) 649-3038
kdavies@thedavieslawfirm.com
*Counsel for Aaron Bates and Matthew Mokwa*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 15, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to all parties named on the attached Service List or in some other authorized manner for those counsel or parties who are not authorized to receive notices electronically.

s/ Atheseus Lockhart
Atheseus Lockhart, Esq.

**SERVICE LIST**

| | |
|---|---|
| Kathleen Havener<br>Attorney at Law, LLC<br>15511 Russell Road<br>Chagrin Falls, Ohio 44022<br>and<br>Martin R. Raskin<br>Jane Serene Raskin<br>RASKIN & RASKIN, P.A.<br>2601 South Bayshore Drive<br>Suite 725<br>Miami, Florida 33133<br>mraskin@raskinlaw.com<br>**Attorneys for Edith Curry, Frank Hailstones, Palaxar Group LLC, and Palaxar Holdings LLC**<br><br>Frank Amodeo<br>FCC - Low, B3<br>P.O. Box 1031<br>Coleman, FL 33521-1031<br>**Third-Party Defendant** | Todd K. Norman<br>Nicolette C. Vilmos<br>Broad and Cassel<br>390 N. Orange Avenue<br>Suite 1400<br>Orlando, FL 32801<br>tnorman@broadandcassel.com<br>nvilmos@broadcassel.com<br>**Attorneys for Mirabilis Ventures, Inc. and claims of Nexia Strategy Corp.**<br><br>Yaniv Amar<br>3475 Mystic Point Drive, TH No. 10<br>Aventura, FL 33180<br>**Third-Party Defendant** |