UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MIRABILIS VENTURES, INC., and
NEXIA STRATEGY CORPORATION,

    Case No.: 6:07-CV-01788-JA-GJK

    Plaintiffs,

-vs-

PALAXAR GROUP, LLC;
PALAXAR HOLDINGS, LLC;
FRANK HAILSTONES; EDITH CURRY
a/k/a EDITH BROADHEAD; and
TERENCE CHU,

    Defendants,
_____/

PALAXAR GROUP, LLC;
PALAXAR HOLDINGS, LLC;
FRANK HAILSTONES; EDITH CURRY
a/k/a EDITH BROADHEAD

    Third Party Plaintiffs,

-vs-

AQMI STRATEGY CORPORATION;
WELLINGTON CAPITAL GROUP, INC;
YANIV AMAR; FRANK AMODEO;
AARON BATES; MATTHEW MOKWA,

    Third Party Defendants.
_____

**DEFENDANT YANIV AMAR'S ANSWER TO DEFENDANTS
SECOND AMENDED THIRD PARTY COMPLAINT**

Third Party Defendant Yaniv Amar, Pro Se, hereby answers the Second Amended Third

Party Complaint and for his answers states:

1. Admitted.

2. Admitted.

3. Admitted.

4. Without knowledge.

5. Denied that Amar was an executive at Miabilis and/or one of its affiliate companies at times relevant to this action.

6. Admitted.

7. Admitted.

8. Admitted.

9. Denied.

10. Without knowledge.

11. Without knowledge.

12. Without knowledge.

13. Without knowledge.

14-39. These allegations do not relate to Amar, and, therefore, he does not respond thereto. To the extent these allegations are viewed as claims against these Amar, they are expressly denied.

40. Amar incorporates his responses to Paragraphs 1-39 herein.

41. Without knowledge.

42. Without knowledge.

43. Denied.

44. Without knowledge.

45. Denied.

46. Without knowledge.

47. Denied.

48. Without knowledge.

49. Without knowledge.

50. Denied.

51. Denied.

52. Denied.

53. Without knowledge.

54. Denied.

55. Denied.

56. Denied.

57. Admitted that Amar knew that Curry and Hailstones were scheduled to attend the conference on said date.

58. Admitted that Amar did not prevent Curry and Hailstones from making a presentation at the conference. The remaining allegations of paragraphs 58 are denied.

59. Admitted that Amar, Mokwa, Bates, Groomes and Zollars met. The remaining allegations of Paragraph 59 are denied.

60. Denied.

61. Denied.

62. The Plaintiffs' characterization of the Motion for Preliminary Injunction is denied. The Motion speaks for itself. Admitted that Curry and Hailstones were not served before October 14. The remaining allegations of paragraphs 62 are denied.

63. Denied.

64. Admitted that on October 15, 2007 Amar was physically in the area when a process server served Curry and Hailstones. The remaining allegations of paragraph 64 are denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Without knowledge.

75. Denied that any slander occurred.

76. Denied.

77. Denied.

78-86. These allegations do not relate to Amar, and, therefore, he does not respond thereto. To the extent these allegations are viewed as claims against Amar, they are expressly denied.

87. Amar incorporates his responses to paragraphs 1-87 herein.

88. Denied.

89. Denied.

90. Denied

91. Denied.

92. Denied.

93. Denied.

94. Denied

95. Denied.

96. Denied.

97. Denied.

98. Amar incorporates his responses to paragraphs 1-98 herein.

99. Admitted that Hailstones and Curry were improperly marketing the anti-fraud solution.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Amar incorporates his responses to paragraphs 1-105 herein.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied

111. Denied.

112-123. These allegations do not relate to Amar and, therefore, he does not respond thereto. It is also expressly denied that third party Plaintiffs are entitled to recover any of the relief sought in Prayers for Relief numbers 1-12.

## AFFIRMATIVE DEFENSES

1. The instant action is an improper third party claim. It does not arise from the facts and circumstances giving rise to the initial litigation. It should, therefore, be severed from the main action and/or abated.

2. There was no publication of any of the alleged statements to any third party;; the comments were directed only at Plaintiffs and no other persons at the convention heard the comments. Therefore, all of the claims against Amar fail as a matter of law.

3. Any statements allegedly made by Amar are protected by the litigation privilege and/or are protected by an absolute or qualified privilege because they were made in the context of the bringing of litigation.

4. The statements attributed to Amar are a fair comment/characterization of statements made by others in public forums such as the newspaper and the internet and, therefore, do not constitute slander or intentional interference as a matter of law.

5. The Complaint fails to state a cause of action against Amar because the statements themselves are not slanderous.

6. There are no advantageous business relationships alleged by Plaintiffs that would have been interfered with by the actions alleged to be have been taken by Amar.

7. Plaintiffs have failed to mitigate their damages.

8. Plaintiffs have unclean hands.

9. Plaintiffs are estopped from pursuing claims for defamation as

10. The allegedly slanderous statements are truthful.

11. The allegedly slanderous statements were made with legitimate motives.

12. The allegedly slanderous statements constitute fair comment on a public issue.

13. The allegedly slanderous statements constitute Amar's legitimate opinion on a public issue.

14. The allegedly slanderous statements were not published with malice.

15. To sustain a cause of action for conspiracy to commit defamation or conspiracy to intentionally interfere with contract, Plaintiffs must prove that Amar somehow participated in the alleged conspiracy with other Defendants. Because no such participation exists in this matter, the conspiracy claims must fail as a matter of law.

Pro Se:

Yaniv Amar
3475 Mystic Pointe Dr. #10
Aventura, Fl 33180

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 15, 2010, I served all parties named on the attached Service List by U.S. Mail.

_____
Yaniv Amar

## SERVICE LIST

| | |
|---|---|
| U.S. District Court<br>Clerk's Office<br>401 West Central Boulevard<br>Suite 1200<br>Orlando, FL 32801-0120<br><br>Kathleen Havener<br>The Havener Law Firm, LLC<br>15511 Russell Road<br>Chagrin Falls, Ohio 44022<br>and<br>Martin R. Raskin<br>Jane S. Raskin<br>RASKIN & RASKIN, P.A.<br>2601 South Bayshore Drive<br>Suite 725<br>Miami, Florida 33133<br>mraskin@raskinlaw.com<br>**Attorneys for Edith Curry, Frank Hailstones, Palaxar Group LLC, and Palaxar Holdings LLC**<br><br>Frank Amodeo<br>FCC - Low, B3<br>P.O. Box 1031<br>Coleman, FL 33521-1031<br>**Third-Party Defendant** | Todd K. Norman<br>Nicolette C. Vilmos<br>Broad and Cassel<br>390 N. Orange Avenue<br>Suite 1400<br>Orlando, FL 32801<br>tnorman@broadandcassel.com<br>nvilmos@broadcassel.com<br>**Attorneys for Mirabilis Ventures, Inc. and claims of Nexia Strategy Corp.**<br><br>Terence Chu<br>5637 Country Hills Lane L<br>Glen Allen, Virginia 23059<br>**Defendant**<br><br>Kathleen S. Davies, Esq.<br>The Davies Law Firm, LLC<br>126 East Jefferson Street<br>Orlando, FL 32801<br>kdavies@thedavieslawfirm.com<br>**Attorney for Aaron Bates and Matthew Mokwa**<br><br>James V. Sadrianna<br>10025 Chatham Oaks Court<br>Orlando, Florida 32836<br>**Third-Party Defendant** |