# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MIRABILIS VENTURES, INC. and NEXIA
STRATEGY CORPORATION,

     **Plaintiffs,**

-vs-              Case No.  6:07-cv-1788-Orl-28GJK

PALAXAR GROUP, LLC; PALAXAR
HOLIDNGS, LLC; FRANK HAILSTONES;
EDITH CURRY a/k/a EDITH BROADHEAD;
and FICTITIOUS DEFENDANTS 1-8,

     **Defendants,**

_____

# REPORT AND RECOMMENDATION

## TO THE UNITED STATES DISTRICT COURT:

  This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **OPPOSED MOTION FOR SANCTIONS AGAINST BROAD & CASSEL AND R.W. CUTHILL FOR BAD FAITH MEDIATION (Doc. No. 296)** |
| **FILED:** | **August 19, 2010** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.  It is further recommended that Plaintiffs' request for an award of attorneys' fees and costs associated with responding to the Motion for Sanctions be **DENIED**.

I.    **BACKGROUND.**

On February 19, 2008, Mirabilis Ventures, Inc. ("Mirabilis") and Nexia Strategy Corporation ("Nexia") (collectively, the "Plaintiffs") filed a Second Amended Complaint (the "Complaint") against Palaxar Group, LLC ("Palaxar Group"), Palaxar Holdings, LLC ("Palaxar Holdings"), Edith Curry ("Curry"), Frank Hailstones ("Hailstones"), and Terence Chu ("Chu") (collectively, the "Defendants").   Doc. No. 56.   The Complaint alleged the following seven counts: breach of contract against Curry and Hailstones (Count I); breach of fiduciary duty against Curry and Hailstones (Count II); violation of Florida's Uniform Trade Secrets Act, Section 688.001, Florida Statutes, against Curry and Hailstones (Count III); conversion against Curry and Hailstones (Count IV); civil conspiracy against the Defendants (Count V); injunctive relief (Count VI); and unjust enrichment against Curry and Hailstones (Count VII).   Doc. No. 56.

The case concerns the development and marketing of an anti-fraud certification program known as Nexia Certification, which Plaintiffs alleged they own.   *See* Doc. Nos. 56, 285 at 1. The Complaint alleged that Curry and Hailstones, while employed by Plaintiffs, formed Palaxar Group and Palaxar Holdings to "implement and market" Nexia Certification for their own personal gain and benefit.   Doc. No. 56 at ¶¶ 27-28.   Plaintiffs claimed that Curry and Hailstones, while employed by Plaintiffs, converted Nexia Certification and misappropriated Plaintiffs' trade secrets and confidential information regarding Nexia Certification.   Doc. No. 56 at ¶¶ 48-60.   Plaintiffs alleged that Chu, as a founding member and manager of Palaxar Group and Palaxar Holdings, conspired with Hailstones and Curry to establish Palaxar Group and Palaxar Holdings for the sole purpose of using and marketing Nexia Certification.   *Id.*   at ¶¶ 27-28, 32.   Thus, Plaintiffs claimed that the Defendants engaged in drafting and signing documents

to transfer the rights of Nexia Certification to Hailstones and Curry without the approval, authorization, or ratification of Plaintiffs' board of directors or the shareholders of Nexia.  Doc. No. 56 at ¶ 63.

On March 6, 2008, Palaxar Group, Palaxar Holdings, Curry and Hailstones filed a Joint Answer, Affirmative Defenses, Counterclaims, and Third-Party Claims (the "Counterclaim and Third-Party Claim").  Doc. No. 59.   On August 3, 2010, Plaintiffs filed a Motion for Voluntary Dismissal Without Prejudice requesting that the Court dismiss the Complaint in its entirety without prejudice.  Doc. No. 280.

On August 6, 2010, the Court entered an order granting summary judgment in favor of Palaxar Group, Palaxar Holdings, Curry and Hailstones as to all of Plaintiffs' claims against them.  Doc. No. 285.  On August 9, 2010, the Court entered an order denying Chu's Motion to Dismiss for lack of personal jurisdiction (finding personal jurisdiction over Chu) but, sua sponte, entered summary judgment for Chu on Plaintiffs' civil conspiracy claim against him (Count V).  Doc. No. 287 at 2.  In its August 9, 2010 order, the Court denied Plaintiff's Motion for Voluntary Dismissal Without Prejudice as moot due to summary judgment having been granted in favor of Defendants as to all counts.  Doc. No. 287 at 2.

On November 17, 2010, the Court entered an order vacating its August 6, 2010 summary judgment order (Doc. No. 285) in favor of defendants Palaxar Group, Palaxar Holdings, Curry and Hailstones, and entered an order granting Plaintiffs' Ore Tenus Motion to Voluntarily Dismiss their claims with prejudice against those defendants.  Doc. No. 339.  Therefore, the claims against Palaxar Group, Palaxar Holdings, Curry and Hailstones have been voluntarily dismissed with prejudice (Doc. No. 339) and summary judgment has been entered in favor of

Chu (Doc. No. 287) as to the civil conspiracy claim (Count V).  On December 1, 2010, Curry and Hailstones filed their Second Amended Counterclaims and Third Party Claims (the "Amended Counterclaims and Third-Party Claims").  Doc. No. 346.  Chu has not asserted any counterclaims or third-party claims.  Therefore, the only remaining claims in the case are the Curry and Hailstone's Amended Counterclaims and Third-Party Claims.  Doc. No. 346.

### A.  Counsel for Plaintiffs.

On March 9, 2010, Plaintiffs filed a Motion for Substitution of Counsel (the "Motion for Substitution").  Doc. 209.  The Motion for Substitution requested an order permitting the withdrawal of Allen M. Estes, Esq. and John Russell Campbell, Esq. of Balch & Bingham LLP ("Balch") as Plaintiffs' counsel and substituting Todd K. Norman, Esq. and Nicolette Vilmos, Esq. of Broad and Cassel as Plaintiffs' counsel.  Doc. No. 209.

On April 29, 2010, the Court entered an order granting in part and denying in part the Motion for Substitution.  Doc. No. 236.  Estes and Campbell (the Balch attorneys) were permitted to withdraw as counsel of record for Mirabilis, and Norman and Vilmos (the Broad and Cassel attorneys) were substituted as counsel of record for Mirabilis.  Doc. No. 236 at 3.  The Motion for Substitution of Counsel was otherwise denied.  Doc. No. 236 at 3-4.  The Court stated:

> Pursuant to Local Rule 2.03(e), a corporation may not proceed pro se.  Therefore, Nexia is directed to retain substitute counsel and have substitute counsel file a notice of appearance on behalf of Nexia within fourteen (14) days.  After the expiration of fourteen days or after substitute counsel makes an appearance, Estes and Campbell will be permitted to renew their motion to withdraw as counsel of record for Nexia.

4

Doc. No. 236 at 4.  Thus, due to the issues surrounding the ownership of Nexia's claims in this case, the Motion for Substitution was denied as to Nexia.  Doc No. 309.

On May 13, 2010, Balch filed a notice with the Court stating it would renew its Motion for Substitution as to Nexia "upon an affirmative determination by the Bankruptcy Court regarding the ownership rights to the claims held by Nexia in this federal litigation."  Doc. No. 246 at 3.  On June 7, 2010, the Government and Mirabilis filed separate notices with the Court stating that the Bankruptcy Court found that "the claims of Nexia . . . in this litigation remain the property of the debtor's estate in the Chapter 11 bankruptcy and, as such, can be litigated by Mirabilis."  Doc. Nos. 257 at 1, 258.  However, on June 16, 2010, the Government filed a notice of appeal in the Bankruptcy Court regarding its order that Mirabilis may litigate the interests of Nexia in this case.  *See* Doc. No. 266 at 6; *see also In re Mirabilis Ventures, Inc.*, Case No. 6:08-bk-4327-KSJ, Doc. No. 569 (Jun. 16, 2010).  On June 28, 2010, Norman and Vilmos (the Broad and Cassel attorneys) filed a notice of appearance on behalf of Nexia in this case.  Doc. No. 263.  On August 25, 2010, the Government filed a Motion for Voluntary Dismissal of Appeal regarding its appeal of the Bankruptcy Court's order finding that Mirabilis may litigate the interests of Nexia in this case.  *See In re Mirabilis Ventures, Inc.*, Case No. 6:10-cv-1189-GAP, Doc. No. 7 (M.D. Fla. Aug. 25, 2010).  On August 26, 2010, the District Court entered an order dismissing the Government's appeal.  *Id*. at Doc. No. 8.  Accordingly, Mirabilis is entitled to litigate the interests of Nexia in this case.  On September 28, 2010, Balch renewed its Motion for Substitution as to Nexia.  Doc. No. 311.

## II.   THE MOTION FOR SANCTIONS.

The parties conducted Court ordered mediation on June 29, 2010.  Doc. No. 269.  *See also* Doc. No. 190 (order directing the parties to conduct mediation before August 27, 2010). The mediation lasted throughout that day and was not officially concluded until July 9, 2010. Doc. No. 302 at 6.  On July 9, 2010, the mediator filed a report stating that all parties attended the mediation with the authority to settle the case and with their counsel, but the parties reached an impasse.  Doc. No. 269.  R.W. Cuthill ("Cuthill"), who is Mirabilis's president, attended the mediation as the corporate representative of Mirabilis and Nexia.  Doc. No. 296 at 1-3.

On August 19, 2010, Curry, Hailstones, Palaxar Group, and Palaxar Holdings (collectively, the "Palaxar Defendants") filed an Opposed Motion for Sanctions Against Broad & Cassel and R.W. Cuthill for Bad Faith Mediation (the "Motion for Sanctions").  Doc. No. 296. In the Motion for Sanctions, the Palaxar Defendants allege that Broad and Cassel, Cuthill, Mirabilis, and Nexia failed to participate in good faith during the mediation.  Doc. No. 296 at 1-3.  More specifically, the Palaxar Defendants allege that Broad and Cassel and Cuthill knowingly misrepresented that they had the authority to represent the interests of Nexia at the mediation because there was uncertainty regarding the control of Nexia's claims at that time.  Doc. No. 296 at 2-3.  The Palaxar Defendants maintain that Mirabilis's bad faith is evidenced by: Broad and Cassel's June 28, 2010 notice of appearance on behalf of Nexia (Doc. No. 263); Broad and Cassel and Cuthill's attendance on behalf of Nexia at the June 29, 2010 mediation; and Mirabilis and Nexia's June 30, 2010 motion requesting a stay of the case (Doc. No. 266) pending the resolution of the Government's appeal of the Bankruptcy Court's June 7, 2010 order.  Doc. No. 296 at 2.  In short, the Palaxar Defendants contend that Broad and Cassel and Cuthill acted in

bad faith by asserting that they had the authority to mediate the claims of Nexia, while simultaneously requesting a stay due to the uncertainty as to who had the right to represent Nexia's interest in this case. *Id.* The Palaxar Defendants request sanctions against Mirabilis, Nexia, Broad and Cassel, and Cuthill in the form of attorneys' fees and costs associated with preparing for and attending the mediation, as well as the costs of the mediator. Doc. No. 296 at 1, 3.

On September 2, 2010, Plaintiffs filed a response (the "Response") to the Motion for Sanctions. Doc. No. 302. Plaintiffs argue that the Motion for Sanctions should be denied because Broad and Cassel and Cuthill had the authority to represent the interests of Nexia at the mediation. Doc. No. 302 at 9. Plaintiffs maintain that they "have been consistent in all of their dealings before this Court . . . that they assert that they own the Nexia claim." Doc. No. 302 at 7. Furthermore, Plaintiffs maintain that they mediated in good faith by spending over eight hours in mediation on June 29, 2010 and several hours over the coming days in an attempt to resolve the case. Doc. No. 302 at 10. Plaintiffs request that the Court deny the Motion for Sanctions and award Plaintiffs attorneys' fees and costs associated with responding to the Motion for Sanctions. Doc. No. 302 at 11.

III. **STANDARD OF REVIEW**.

The Palaxar Defendants request sanctions based upon the Court's Amended Case Management and Scheduling Order, which provides:

> Each attorney acting as lead trial counsel, and each party (and in the case of a corporate party, a corporate representative) with full authority to settle, *shall* attend and participate in the mediation conference. . . . The Court will impose sanctions upon lead counsel

and parties who do not attend and participate in good faith in the
mediation conference.

Doc. No. 190 at 10-11 (emphasis in original).   Rule 16(f)(1)(C), Federal Rules of Civil

Procedure provides that a court may sanction any party or its attorney who "fails to obey a

scheduling or other pretrial order." *Id.*

      Plaintiffs request that the Court award them attorneys' fees and costs associated with

responding to the Motion for Sanctions.  Doc. No. 302 at 11. In the Response, Plaintiffs do not

state the basis upon which they request attorneys' fees and costs associated with responding to

the Motion for Sanctions.  *Id.*  Accordingly, the Court concludes that Plaintiffs are invoking the

Court's inherent authority.   The Court has the inherent authority to control the proceedings

before it, which includes the authority to impose "reasonable and appropriate" sanctions.  *Martin*

*v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002).   "To exercise

its inherent power a court must find that the party acted in bad faith."  *Martin*, 307 F.3d at 1335.

"Inherent powers must be exercised with restraint and discretion."  *Footman v. Cheung*, 341

F.Supp.2d 1218, 1224 (M.D. Fla. 2004) (citing *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir.

1998)).

## IV.   **ANALYSIS**.

      While it is true that there was uncertainty as to who controlled Nexia's claim at the time

of the mediation, based upon the Government's appeal of the Bankruptcy Court's order,

Mirabilis's position has consistently been that it owns the right to litigate Nexia's claims in this

case. All parties in this case were aware of the Bankruptcy Court's order, the Government's

appeal, and Mirabilis's position that it controlled Nexia's claims in this case. It is now

8

unassailable that Mirabilis controlled Nexia's claims at the time of mediation. *See In re Mirabilis Ventures, Inc.*, Case No. 6:10-cv-1189-GAP, Doc. No. 7 (M.D. Fla. Aug. 25, 2010). There is nothing inconsistent or amounting to bad faith in Mirabilis attending the mediation on behalf of Nexia, asserting its right to control Nexia's claims based upon Bankruptcy Court's ruling, acknowledging the right to control those claims remains open because of the pending appeal, and requesting a stay of the case until the resolution of that appeal.  Accordingly, it is recommend that the Court find there is no basis for sanctions and **DENY** the Motion for Sanctions (Doc. No. 296).

Although the Palaxar Defendants were aware of the Bankruptcy Court's ruling that Nexia's claims were the property of Mirabilis and of the Government's appeal, the Palaxar Defendants did not move to postpone the mediation and actively participated in the mediation at which Broad and Cassel and Cuthill represented Nexia's interests. The Palaxar Defendants did not move for sanctions until more than one month after an impasse was declared.  However, the fact remains that there was uncertainty as to the issue of the ownership of Nexia's claims at the time the Motion for Sanctions was filed.[1]  While it is now clear the Motion for Sanctions lacks merit, it cannot be said that the motion was filed in bad faith. Accordingly, it is recommended that the Court **DENY** Plaintiffs' request for attorneys' fees and costs associated with responding to the Motion for Sanctions.

## V.    CONCLUSION.

Based on the forgoing, it is hereby **RECOMMENDED** that the Court:

1.  **DENY** Motion for Sanctions (Doc. No. 296); and

---

[1] At that time the Government's appeal of the Bankruptcy Court's ruling, finding Mirabilis owned Nexia's claims, remained pending.

2.  **DENY** Plaintiffs' request for attorneys' fees and costs (Doc. No. 302).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Recommended** at Orlando, Florida on December 20, 2010.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:
Presiding District Judge
Counsel of record
Unrepresented parties