# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MIRABILIS VENTURES, INC. and NEXIA STRATEGY CORPORATION,**

      **Plaintiffs,**

-vs-              **Case No. 6:07-cv-1788-Orl-28GJK**

**PALAXAR GROUP, LLC; PALAXAR HOLIDNGS, LLC; FRANK HAILSTONES; EDITH CURRY a/k/a EDITH BROADHEAD; and FICTITIOUS DEFENDANTS 1-8,**

      **Defendants,**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **RENEWED MOTION FOR SUBSTITUTION OF COUNSEL (Doc. No. 311)** |
| **FILED:** | September 28, 2010 |
| **THEREON** it is **ORDERED** that the motion is **GRANTED**. | |

  The factual background of this case is thoroughly discussed in the December 15, 2010 Report and Recommendation (Doc. No. 351 at 1-6), and is adopted herein by reference. On September 28, 2010, Nexia Strategy Corporation ("Nexia") filed a Renewed Motion for Substitution (the "Motion") requesting that the Court grant J. Russell Campbell, Esq, and Allen M. Estes, Esq. of the law firm of Balch & Bingham ("Balch") leave to withdraw as counsel of

record for Nexia and substitute Todd K. Norman, Esq. and Nicolette Corso Vilmos, Esq. of the law firm of Broad and Cassel ("Broad and Cassel") as counsel of record for Nexia. Doc. No. 311.

On October 7, 2010, Terence Chu ("Chu") filed a response ("Chu's Response") to the Motion requesting that the Motion be denied. Doc. No. 312. Chu maintains that the Motion should be denied because he has a Motion for Sanctions (Doc. No. 242) pending against, among others, the Balch attorneys, and a Motion to Supplement the Motion for Sanctions (Doc. No. 305). Doc. No. 312 at 1-6. Chu also maintains that the Motion should be denied because of the Balch attorneys' "subjective bad faith conduct" in this case. Doc. No. 312 at 4-6. On October 8, 2010, Edith Curry, Frank Hailstones, Palaxar Group, LLC, and Palaxar Holdings, LLC (the "Palaxar Defendants") filed response (the "Palaxar Response") adopting and joining in Chu's Response. Doc. No. 313. In addition, the Palaxar Defendants maintain that the Motion should be denied based on the arguments set forth in their May 10, 2010 Motion for Reconsideration (Doc. No. 243). Doc. No. 313 at 2.

On December 15, 2010, the undersigned entered a Report and Recommendation wherein recommending that the Court deny Chu's Motion for Sanctions (Doc. No. 242) and Chu's Motion to Supplement (Doc. No. 305). Doc. No. 351. On September 22, 2010, the Court entered an order denying the Palaxar Defendants' Motion for Reconsideration (Doc. No. 243) because it failed to: meet the standard for the extraordinary remedy of reconsideration, allege an intervening change in controlling law; or to allege newly discovered evidence warranting reconsideration. Doc. No. 309 at 9. The Court found that the Palaxar Defendants could have

presented those allegations and arguments earlier. Doc. No. 309 at 9. Based on the forgoing, the Motion is **GRANTED**.

**DONE** and **ORDERED** at Orlando, Florida on December 20, 2010.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:
Presiding District Judge
Counsel of record
Unrepresented parties