UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MIRABILIS VENTURES, INC. and )  Case No.: 6:07-CV-1788-ORL-28-GJK
NEXIA STRATEGY CORPORATION, )
 )
            Plaintiffs, )
-vs.- )
 )
PALAXAR GROUP, LLC; )
PALAXAR HOLDINGS, LLC; )
FRANK HAILSTONES; EDITH CURRY )
a/k/a EDITH BROADHEAD; and )
TERENCE CHU, )
 )
            Defendants, )
vs. )  ***PRO SE* DEFENDANT TERENCE CHU'S**
 )  **MOTION FOR RECONSIDERATION**
MIRABILIS VENTURES, INC., et al. )
 )
    Counterclaim and Third )
    Party Defendants. )

    Defendant, Terence Chu, Pro Se, ("Defendant") pursuant to Rule 59 and alternatively Rule 60 of the Federal Rules of Civil Procedure, files this *Motion for Reconsideration* and states as follows:

## I. FACTUAL AND PROCEDURAL BACKGROUND

    On February 19, 2008, Plaintiffs Mirabilis Ventures, Inc. ("MVI") and Nexia Strategy Corporation ("Nexia") (collectively "Plaintiffs"), filed the *Second Amended Complaint* (Doc. 56). The following month Co-Defendants filed their *Joint Motion for Summary Judgment* (Doc. 75), while Defendant filed his *Motion to Dismiss*. (Doc.79). On April 24, 2008, The United States of America issued a *Civil Cause for Forfeiture in rem*[1] causing Plaintiff to file for bankruptcy protection on May 28, 2008 in the case

---

[1] See *United States of America vs. Real Property* - Case 6:08-cv-00670-MSS-KRS (Doc. 1)

SCANNED

styled *In re: Mirabilis Ventures, Inc.*, Case No. 6:08-BK-04327 (the "Bankruptcy Case"); MVI moved to stay all proceedings for 60 days. (Doc. 43).

On June 3, 2008, the United States Attorney for the Middle District of Florida filed an *Unopposed Motion for a Stay of Discovery* (Doc. 146)[2] and the following week, this Court issued a *Stay of Discovery* (Doc. 150). Two days later the Court stayed the entire case (Doc. 151), denying all pending motions as moot, and administratively closing the case. (Doc. 152).

On September 16, 2008, the single affidavit upon which this entire case was initiated was recanted[3] wherein MVI President, Ms. Jaiman, stated the whole purpose of this (and other law suits) was not to recover assets rightfully belonging to MVI but rather to find funds to assist Amodeo in his criminal sentencing.

On December 2, 2009 this Court lifted the stay and reinstated the case and the following week, Defendant sent his *Notice of a Rule 11 Motion* to Counsel for Plaintiffs.

On May 6, 2010 Defendant filed his *Motion for Sanctions* (Doc. 242) and three months later a *Motion to Compel* (Doc. 282) because in the sixteen months after filing

---

[2] In the motion, AUSA Gold stated: A surface reading of the complaint and counterclaim might suggest that the criminal investigation and the civil case do not substantially overlap. A review of the discovery requests in the civil case, however, reflect that there is: 1) evidence being sought that is irrelevant to the civil case...[but would assist Frank Amodeo in his criminal case.]

[3] See *In re: Mirabilis Ventures, Inc.*, Case No. 6:08-BK-04327 (Bkcy. Doc. 71). In an affidavit filed as part of Assistant U. S. Attorney I. Randall Gold's Motion to Dismiss the Mirabilis Venture's Bankruptcy based on its Bad Faith Filing, Jaiman stated: Although [her prior] affidavits and documents may have stated otherwise...Amodeo was the person who controlled [Mirabilis and Nexia]. Amodeo knew he was the target of a federal grand jury investigation and he thought that if he paid the trust fund taxes to the IRS, a sentencing judge would be lenient with him. When seizure warrants were served on law firms which handled legal matters for [Amodeo-controlled companies] there was a concern by Amodeo about how to save the litigation cases to make sure the IRS received the funds referenced above for his benefit in the potential criminal case.

their complaint against Defendant, Plaintiffs had not yet produce FRCP 26 initial disclosures to Defendant.

On August 6, 2010, three days after Plaintiffs' finally permitted access to requested discovery documents and videos, this Court entered an Order Granting the Motion for Summary Judgment (Doc. 285) filed by Co-Defendants and two days later sua sponte granted Defendant an Order for Summary Judgment (Doc. 287). Defendant filed his Motion for Leave to File Supplemental Motion for Sanctions (Doc. 303).

On November 17, 2010, the Court entered an order vacating its August 6, 2010 Summary Judgment Order (Doc. 285) while granting Plaintiffs' *Ore Tenus Motion to Voluntarily Dismiss* their claims with prejudice (Doc. 339).

On December 15, 2010, this Court incorrectly stated (Doc. 351 p 15 at ¶E) Defendant's Supplemental Motion for Sanctions was not attached. Therefore, the Court was unable to properly consider the evidence in Defendant's motion. Defendant includes a certified copy of the docket report as Exhibit A indicating this was so noted on the Docket Entry 305.[4]

## II. STANDARD FOR RECONSIDERATION

While the Federal Rules of Civil Procedure do not specifically reference a motion for reconsideration, courts routinely recognize such motions as falling under Rules 59(e) or 60(b).

"A Court will not alter a prior decision absent a showing of clear and obvious error where 'the interest of justice' demand correction." Parry v. Outback Steakhouse of

---

[4] Docket 305: Docket Text: MOTION for leave to file supplemental motion for sanctions and to exceed page limits by Terence Chu *(proposed document submitted)*. [Emphasis Added.] Defendant also sent the Supplement Motion for Sanctions and all exhibits to Frank Amodeo and Yaniv Amar on September 7, 2010 via USPS Priority Mail.

Florida, Inc., No. 8:06-cv-00804-T-17TBM, 2006 WL 3313352, *2(M.D. Fla. Nov. 14, 2006). A motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." *Association for Disabled Americans, Inc. v. Amoco Oil Co.*, 211 F.R.D. 457, 477 (S.D. Fla. 2002) (citing *Offices Togolais Des Phosphates v. Mulberry Phosphates, Inc.*, 62 F. Supp. 2d 1316, 1331 (M.D. Fla. 1999), *Z.K. Marine, Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla.1992). District courts are given substantial discretion in ruling on motions for reconsideration. *Mackin v. City of Boston*, 969 F.2d 1273, 1279 (1st Cir. 1992). This Court has identified three primary grounds justifying reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Beeders v. Gulf Coast Collection Bureau*, 2009 U.S. Dist. LEXIS 84061, *4 (M.D. Fla. September 16, 2009) quoting *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994).

It is therefore appropriate for a party to bring a motion for reconsideration if the court has overlooked the applicable law or facts at issue *or the Court was not presented with all of the relevant information*. The reconsideration decision is "committed to the sound discretion of the district judge" and a motion for reconsideration will be granted only in extraordinary circumstances. *Tristar Lodging, Inc. v. Arch Specialty Ins. Co.*, 434 F. Supp. 2d 1286, 1301 (M.D. Fla. 2006) (quoting *Am. Home Assurance Co. v. Glenn Estess & Assocs.*, 763 F. 2d 1237, 1238-39 (11th Cir. 1985); *See Gaisser v. Portfolio Recovery Assocs., LLC*, 2009 U.S. Dist LEXIS 43807 (S.D. Fla. 2009). Although the standard is strict, the motion will be granted if the moving party can point to controlling decisions or **data that the court overlooked.** *United States v. Zarabozo,*

2008 U.S. Dist. LEXIS 96363 (S.D. Fla. Nov. 26, 2008). [Emphasis Added.] "The failure of a party to include arguments or evidence in its original motion is not a ground to reconsider a prior order. The Court will correct its own mistakes, not those of the parties." Coleman v. Lazy Days RV Center, Inc., No. 8:05-cv-00930-T-17TBM, 2007 WL 2021832, *3 (M.D. Fla July 12, 2007)(internal citations omitted).

### III. ARGUMENT

#### A. Defendant's Supplemental Motion Sanctions *was included* with the Motion for Leave to File (Doc. 305) which was timely filed and so noted on the Docket.

In this Court's Report and Recommendation (Doc. 351 at ¶E, pp 14 - 15), it states:

> In the Motion to Supplement, Chu states the Supplemental Motion for Sanctions is "Attached hereto as Exhibit A." Doc. No. 305 at 3. However, the supplemental motion for sanctions was not attached to the Motion to Supplement.

Defendant, however had attached his Supplemental Motion as Exhibit A as was noted on the Docket entry:

> Docket 305: Docket Text: MOTION for leave to file supplemental motion for sanctions and to exceed page limits by Terence Chu *(proposed document submitted)*. [Emphasis Added.][5]

#### B. Defendant's Supplemental Motion for Sanctions (Doc. 305) is not seeking Attorneys Fees.

Defendant's *Supplemental Motion for Sanctions* is not seeking Fed. R. Civ. P. 11 Sanctions but rather sanctions pursuant to pursuant to Fed. R. Civ. P. 26(a)(1)(A), 26(a)(1)(C), 26(a)(1)(E), 26(g)(1), 26(g)(3), 37(c)(1)(A) and (C), 37(c)(2), 37(d), 56(g), 28 USC §1927, Fla. R. Prof. Conduct, 4-3.3, 4-3.4, 4-4.1, 4-4.3, 4-4.4, 4-8.4

---

[5] Defendant has attached another copy of the *Supplemental Motion for Sanctions* to this Motion for Reconsideration.

and the Court's inherent authority. The issues raised in Defendant's *Supplemental Motion* were brought to the attention of Plaintiffs opposing counsel by Defendant via email communication and pursuant to Fla. R. Prof. Conduct in an effort to resolve them without the Court's involvement months before filing the *Supplemental Motion* and are therefore not subject to the Fed. R. Civ. P. 11 safe harbor provisions.

Moreover, Defendant is not, nor has he ever demanded a sanction of attorney fees; but rather to bring to the Court's attention evidence that he believes is sanctionable pursuant to Fed. R. Civ. P., 28 USC §1927, Fla. R. Prof Conduct and the Court's inherent authority.

### IV. CONCLUSION

**WHEREFORE**, Defendant respectfully requests that this Court reconsider and amend its December 15, 2010 *Report and Recommendation* (Doc. 351) and grant Defendant's *Motion for Leave to File Supplemental Sanctions* in light of the fact that Defendant *had submitted a copy of the proposed motion with Doc. 305 as is noted on the Docket Report*. Defendant further requests that this Court consider Defendant's *Motion for Sanctions* on the merits and in light of the initial disclosures and evidence finally produced by Plaintiffs some seventeen (17) months after this case was initiated.

Date: December 21, 2010

Respectfully submitted,

*/s/ Terence Chu*

Terence Chu, *pro se*
5637 Country Hills Lane
Glen Allen, VA 23059
804-363-2666
terencchu@yahoo.com

## **LOCAL RULE 3.01(G) CERTIFICATE OF GOOD FAITH CONFERENCE**

The undersigned *Pro Se* Defendant has conferred with opposing counsel and notes that Atheseus Lockhart, counsel for Aaron Bates, and Russell Campbell and Allen Estes, counsel for Nexia Strategy Corporation, oppose the relief requested in this motion.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 21, 2010, mailed the foregoing via first class mail to the Clerk of the Court whereby notice of electronic filing will be sent to all parties named on the attached Service List or in some other authorized manner for those counsel or parties who are not authorized to receive notices electronically.

Frank Amodeo, FCC-Low, B3, P.O. Box 1031, Coleman, FL 33521-1031
Yaniv Amar 3475 Mystic Point Drive, TH #10, Aventura, FL 33180

Respectfully submitted,

Date: December 21, 2010

*/s/ Terence Chu*

Terence Chu, *pro se*
5637 Country Hills Lane
Glen Allen, VA 23059
804-363-2666
terencchu@yahoo.com

| | | | |
|---|---|---|---|
| | *Docket Text:* REPLY to response to motion re [316] MOTION to Dismiss for Lack of Jurisdiction *pursuant Fed. R.Civ.P.12(b)(1)* filed by Aaron Bates, Matthew Mokwa. (Loewy, Adam) | | |
| 319 | *Filed & Entered:* | 10/29/2010 | Order on motion for leave to file |
| | *Docket Text:* ENDORSED ORDER granting [318] Motion for leave to file Reply; the Reply shall not exceed five (5) pages and shall be filed within five (5) days from the date of this Order. Signed by Judge John Antoon II on 10/29/2010. (BRS) | | |
| 317 | *Filed & Entered:* | 10/20/2010 | Memorandum in opposition |
| | *Docket Text:* MEMORANDUM in opposition re [316] Motion to Dismiss/Lack of Jurisdiction *pursuant to Rule 12(b)(1)* filed by Edith Curry, Frank Hailstones. (Attachments: # (1) Exhibit Mokwa Deposition, # (2) Exhibit Bates Deposition, # (3) Exhibit Affidavit of Thomas Zollars, # (4) Exhibit Mirabilis not Presidion Letter, # (5) Exhibit Letter from Bernet to Frisch, # (6) Exhibit Mokwa email re: Curry Separation, # (7) Exhibit Sadrianna Deposition, # (8) Exhibit Amar Deposition, # (9) Exhibit Amodeo Memo to Bates, # (10) Exhibit Amar Responses to Interrogatories, # (11) Exhibit Transcript of Amodeo Sentencing 51409)(Havener, Kathleen) | | |
| 318 | *Filed & Entered:*<br>*Terminated:* | 10/20/2010<br>10/29/2010 | Motion for leave to file |
| | *Docket Text:* MOTION for leave to file Reply to [317] Response in Opposition to Motion to Dismiss for Lack of Subject Matter Jurisdiction by Aaron Bates, Matthew Mokwa. (Loewy, Adam) Modified on 10/21/2010 (JET). | | |
| 316 | *Filed & Entered:*<br>*Terminated:* | 10/18/2010<br>11/29/2010 | Motion to Dismiss/Lack of Jurisdiction |
| | *Docket Text:* MOTION to Dismiss for Lack of Jurisdiction *pursuant Fed. R. Civ. P. 12(b)(1)* by Aaron Bates, Matthew Mokwa. (Attachments: # (1) Appendix, # (2) Exhibit A, # (3) Exhibit B, # (4) Exhibit C, # (5) Exhibit D, # (6) Exhibit E)(Loewy, Adam) | | |
| 315 | *Filed & Entered:* | 10/12/2010 | Response in opposition to motion |
| | *Docket Text:* RESPONSE in opposition re [310] MOTION for leave to file excess pages filed by Aaron Bates, Matthew Mokwa. (Davies, Kathleen) Modified on 10/13/2010 (JET). | | |
| 314 | *Filed & Entered:* | 10/11/2010 | Stipulation of Dismissal |
| | *Docket Text:* STIPULATION of Dismissal *of Curry Counterclaim Against James Sadrianna* by Edith Curry, James Vincent Sadrianna. (Havener, Kathleen) | | |
| 313 | *Filed & Entered:* | 10/08/2010 | Response in opposition to motion |
| | *Docket Text:* RESPONSE in opposition re [311] Renewed MOTION to substitute attorney *(Joining in response of Defendant Terence Chu [312])* filed by Edith Curry, Frank Hailstones, Palaxar Group, LLC, Palaxar Holdings, LLC. (Havener, Kathleen) | | |
| 312 | *Filed & Entered:* | 10/07/2010 | Response in opposition to motion |
| | *Docket Text:* RESPONSE in opposition re [311] Renewed MOTION to substitute attorney filed by Terence Chu. (LAK) | | |
| 310 | *Filed & Entered:* | 09/28/2010 | Motion for leave to file excess pages |
| | *Docket Text:* MOTION for leave to file excess pages *in Motion for Attorneys' Fees and Sanctions* by Edith Curry, Frank Hailstones, Palaxar Group, LLC, Palaxar Holdings, LLC. (Havener, Kathleen) | | |
| 311 | *Filed & Entered:* | 09/28/2010 | Motion to substitute attorney |
| | *Docket Text:* Renewed MOTION to substitute attorney by Nexia Strategy Corporation, Russ Campbell, Balch & Bingham LLP and Allen Estes. (Campbell, John) Motions referred to Magistrate Judge Gregory J. Kelly. Modified on 9/29/2010 (JET). | | |
| 309 | *Filed & Entered:* | 09/22/2010 | Order on motion for reconsideration |
| | *Docket Text:* ORDER denying [243] Defendants' Motion for reconsideration of order granting in part and denying part Balch & Bingham's motion to substitute counsel. Signed by Magistrate Judge Gregory J. Kelly on 9/22/2010. (PAB) | | |
| 307 | *Filed & Entered:* | 09/21/2010 | Response in opposition to motion |
| | *Docket Text:* RESPONSE in opposition re [304] MOTION for Final judgment filed by Mirabilis Ventures, Inc.. (Vilmos, Nicolette) | | |
| 308 | *Filed & Entered:* | 09/21/2010 | Response in opposition to motion |
| | *Docket Text:* RESPONSE in opposition re [305] MOTION for leave to file *Supplemental Motion for Sanctions and Permission to Exceed Page Limited* filed by Mirabilis Ventures, Inc.. (Vilmos, Nicolette) | | |
| 306 | *Filed & Entered:* | 09/09/2010 | Response in opposition to motion |
| | *Docket Text:* RESPONSE in opposition re [303] MOTION for reconsideration re [285] Order on motion for summary judgment filed by Edith Curry, Frank Hailstones, Palaxar Group, LLC, Palaxar Holdings, LLC. (Attachments: # (1) Exhibit Berman Defendants' Request for Judicial Notice)(Havener, Kathleen) | | |
| 304 | *Filed:*<br>*Entered:*<br>*Terminated:* | 09/07/2010<br>09/08/2010<br>12/02/2010 | Motion for judgment |
| | *Docket Text:* MOTION for entry of Final Judgment by Terence Chu. (SR) | | |
| 305 | *Filed:*<br>*Entered:* | 09/07/2010<br>09/09/2010 | Motion for leave to file |
| | *Docket Text:* MOTION for leave to file supplemental motion for sanctions and to exceed page limits by Terence Chu. (proposed document submitted) (LAK) | | |
| 303 | *Filed & Entered:*<br>*Terminated:* | 09/03/2010<br>12/02/2010 | Motion for reconsideration |
| | *Docket Text:* MOTION for reconsideration re [285] Order on motion for summary judgment by Mirabilis Ventures, Inc., and Nexia Strategy Corporation: exhibits attached. (Vilmos, Nicolette) Modified on 9/7/2010 (JET). | | |
| 302 | *Filed & Entered:* | 09/02/2010 | Response in opposition to motion |
| | *Docket Text:* RESPONSE in opposition re [296] MOTION for sanctions against Broad & Cassel and R.W. Cuthill *for Bad Faith Mediation* filed by Mirabilis Ventures, Inc., Nexia Strategy Corporation. (Attachments: # (1) Exhibit)(Norman, Todd) | | |
| 300 | *Filed & Entered:* | 08/27/2010 | Memorandum in opposition |

6:07-cv-01788-JA-GJK Mirabilis Ventures, Inc. et al v. Palaxar Group, LLC et al
John Antoon II, presiding
Gregory J. Kelly, referral
Date filed: 11/09/2007
Date of last filing: 12/15/2010

# History

| Doc. No. | Dates | Description |
|---|---|---|
| 351 | Filed & Entered: 12/15/2010 | Report and recommendation |
| | Docket Text: REPORT AND RECOMMENDATION re [242] MOTION for sanctions filed by Terence Chu, [305] MOTION for leave to file filed by Terence Chu. Signed by Magistrate Judge Gregory J. Kelly on 12/15/2010. (PAB) | |
| 349 | Filed & Entered: 12/02/2010 | Order on motion for judgment |
| | Docket Text: ORDER denying [304] Motion for Entry of Final Judgment filed by Terence Chu. Signed by Judge John Antoon II on 12/2/2010. (EK) | |
| 350 | Filed & Entered: 12/02/2010 | Order on motion for reconsideration |
| | Docket Text: ENDORSED ORDER denying as moot [303] Motion for Reconsideration. The Order [285] as to which reconsideration was requested has been vacated pursuant to Plaintiffs' voluntary dismissal with prejudice of the claims at issue. See Docs. 336 & 339. The motion for reconsideration is therefore moot. Signed by Judge John Antoon II on 12/2/2010. (EK) | |
| 346 | Filed & Entered: 12/01/2010 | Counterclaim |
| | Docket Text: Second COUNTERCLAIM against Nexia Strategy Corporation, Second THIRD PARTY COMPLAINT against Aaron Bates, Yaniv Amar, Frank Amodeo, Matthew Mokwa filed by Edith Curry, Frank Hailstones.(Havener, Kathleen) | |
| 347 | Filed & Entered: 12/01/2010 Terminated: 12/01/2010 | Motion for clarification |
| | Docket Text: Joint MOTION for clarification re [345] Order on Motion to Dismiss/Lack of JurisdictionOrder on motion for summary judgment by Edith Curry, Frank Hailstones, Matthew Mokwa. (Havener, Kathleen) | |
| 348 | Filed & Entered: 12/01/2010 | Order on motion for summary judgment |
| | Docket Text: ORDER granting [347] Motion for Clarification; denying as moot [328] Motion for Summary Judgment. Signed by Judge John Antoon II on 12/1/2010. (EK) | |
| 344 | Filed & Entered: 11/29/2010 | Order on motion for reconsideration |
| | Docket Text: ORDER granting [299] Motion for Reconsideration insofar as it requests an opportunity to respond to the [221] motion to dismiss; directing clerk to send copy of [221] to Frank Amodeo; and setting deadline for response. Signed by Judge John Antoon II on 11/29/2010. (EK) | |
| 345 | Filed: 11/29/2010 Entered: 11/30/2010 | Order on Motion to Dismiss/Lack of Jurisdiction |
| | Docket Text: ORDER granting [316] Motion to Dismiss for Lack of Jurisdiction and Counts 5, 6, 8, and 9 of the amended third-party complaint are dismissed without prejudice. Denying as moot [333] Motion for summary judgment. Edith Curry and Frank Hailstones's Motion for Sanctions (Doc. 317) is Denied. If third-party plaintiffs are able to remedy the jurisdictional deficiencies, they may file a second amended third-party complaint within fifteen days of this order. Signed by Judge John Antoon II on 11/29/2010. (DJD) | |
| 343 | Filed & Entered: 11/24/2010 | Order on motion for clarification |
| | Docket Text: ORDER that Third-Party Defendant James Sadrianna only, is dismissed from this case with prejudice, therefore, Denying as moot [264] Motion for clarification; Denying [266] Motion to suspend deadlines. Signed by Judge John Antoon II on 11/24/2010. (DJD) | |
| 341 | Filed & Entered: 11/23/2010 | Transcript |
| | Docket Text: TRANSCRIPT of telephonic hearing held on November 15, 2010 before Judge John Antoon II. Court Reporter/Transcriber Sandy Tremel, Telephone number 407-245-3110. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 12/14/2010, Redacted Transcript Deadline set for 12/27/2010, Release of Transcript Restriction set for 2/22/2011. (SKT) | |
| 342 | Filed & Entered: 11/23/2010 | Notice to counsel of filing of official transcript |
| | Docket Text: NOTICE to counsel of filing of OFFICIAL TRANSCRIPT. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the court reporter or view the document at the clerk's office public terminal. Court Reporter: Sandra K. Tremel (SKT) | |
| 340 | Filed & Entered: 11/18/2010 | Notice of withdrawal of motion |
| | Docket Text: NOTICE of withdrawal of motion by Aaron Bates, Matthew Mokwa re [324] MOTION to exclude Dr. Charlotte Wenzel as a witness for Third-Party Plaintiffs filed by Aaron Bates, Matthew Mokwa (Lockhart, Atheseus) | |
| 339 | Filed & Entered: 11/17/2010 | Order |
| | Docket Text: ORDER granting Plaintiffs' ore tenus motion [337] to voluntarily dismiss their claims against Defendants Palaxar Group, LLC, Palaxar Holdings, LLC, Edith Curry, and Frank Hailstones, with prejudice; dismissing Plaintiffs' claims against these Defendants with prejudice; VACATING the Order entered at docket entry 285; retaining jurisdiction on the issue of attorney's fees. Signed by Judge John Antoon II on 11/17/2010. (BRS) | |
| 336 | Filed & Entered: 11/15/2010 | Motion Hearing |
| | Docket Text: Minute Entry. Proceedings held before Judge John Antoon II: Telephonic Motion Hearing held on 11/15/2010 re [303] MOTION for reconsideration re [285] Order on motion for summary judgment filed by Mirabilis Ventures, Inc., Nexia Strategy Corporation. The Court vacates its order entered on August 6, 2010 (Doc. No. 285) granting defendants motion for summary judgment based on Plaintiffs Ore Tenus Motion for voluntary dismissal with prejudice. The Court retains jurisdiction on the issue of attorney's fees. Counsel for Mirabilis: Todd K. Norman; Counsel for Nexia Strategy Corp: John R. Campbell; Counsel for Palaxar Group, Frank Hailstones and Edity Curry: Kathleen Havener, Terrence Chu appeared pro se. Start time: 1:40 pm; End time: 2:10 p.m. Court Reporter: Sandy Tremel (DJD) | |

SCANNED

| 4 | Filed & Entered: | 11/13/2007 | Motion for extension of time to file answer or otherwise plead |
| --- | --- | --- | --- |
| | Terminated: | 11/15/2007 | |
| | Docket Text: (not signed-will be refiled) MOTION for extension of time to file answer or otherwise plead by Palaxar Group, LLC, Palaxar Holdings, LLC, Frank Hailstones, Edith Curry. (Raskin, Martin) Motions referred to Magistrate Judge Karla R. Spaulding. Modified on 11/15/2007 (LAK). ||||
| 1 | Filed: | 11/09/2007 | Notice of removal |
| | Entered: | 11/13/2007 | |
| | Docket Text: NOTICE OF REMOVAL from Orange County Circuit Court, case number 07-CA-13191 filed in State Court on 10/12/07. Filing fee $ 350, receipt number 26071 filed by all defendants. (Attachments: # (1) Civil Cover Sheet, # (2) State court documents, # (3) Notice of Compliance with 28USC1446, # (4) Declaration of Edith Curry)(LAK) ||||
| 2 | Filed: | 11/09/2007 | Complaint |
| | Entered: | 11/13/2007 | |
| | Docket Text: COMPLAINT against Palaxar Group, LLC, Palaxar Holdings, LLC, Frank Hailstones, Edith Curry, Fictitious Defendants 1 through 8 ; jury demand filed by Mirabilis Ventures, Inc., Nexia Strategy Corporation. Originally filed in Orange County Circuit Court.(LAK) ||||
| 3 | Filed: | 11/09/2007 | Motion for preliminary injunction |
| | Entered: | 11/13/2007 | |
| | Terminated: | 01/25/2008 | |
| | Docket Text: MOTION for preliminary injunction by Mirabilis Ventures, Inc., Nexia Strategy Corporation. Originally filed in Orange County Circuit Court. (LAK) ||||

| PACER Service Center |||| 
| --- | --- | --- | --- |
| Transaction Receipt ||||
| 12/15/2010 16:57:43 ||||
| PACER Login: | | Client Code: | |
| Description: | History/Documents | Search Criteria: | 6:07-cv-01788-JA-GJK |
| Billable Pages: | 28 | Cost: | 2.24 |