IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
oOo

MIRABILIS VENTURES, INC. and
NEXIA STRATEGY CORPORATION,
    Plaintiffs,

-v-

PALAXAR GROUP, LLC;
PALAXAR HOLDINGS, LLC;
FRANK HAILSTONES; EDITH CURRY
a/k/a EDITH BROADHEAD; and
TERENCE CHU,
    Defendants,

-v-

MIRABILIS VENTURES, INC., et.al.
    Counterclaim and Third
    Party Defendants.
_____/

Case No.:
6:07-cv-1788-Orl-28-GJK

MOTION TO EXTEND TIME
TO FILE ANSWER

COMES NOW, Frank L. Amodeo and moves the court for an extension of time to file a detailed and verified answer to the second amended counterclaim of Ms. Curry and Mr. Hailstones.

The extension of time will permit Mr. Amodeo to narrow the factual issues in the case significantly, thus avoid a tremendous unnecessary utilization of judicial and party resources.

As an example of the type of factual issue which can be narrowed by a detailed answer is: the importance of the Nexia Strategy, Inc. contract with Presidion Solution, Inc., negotiated in May and June of 2005.

The Nexia contract was negotiated in May, but because of the requirements of Presidion Corporation corporate governance

had to be delayed 20 days, thus was not implemented until June. This nuance will explain Ms. Curry's motivation for wanting to be more than a Mirabilis officer and Presidion shareholder, i.e. a Nexia Strategist. It explains how the money transferred; this is important to understanding what actually happened because a key piece of the reorganization plan was the transfer of the PEO assets of Presidion to Mirabilis' new subsidiary, AEM, Inc.. AEM, a subsidiary purchased, by Mirabilis at Ms. Curry's initiation. An acquisition negotiated and consummated under Ms. Curry's direct supervision.

Additionally the relevance, and veracity, of many of the Defendants' prior statements will be viewed in a different light; once it is understood this Nexia contract was the basis of the financing of Mirabilis, including Ms. Curry and Ms. Curry's friends from Richmond, Va.. If, my memory is correct contract, the involved the payments of $300,000.00 dollars per month from Presidion to Nexia. A business, Ms Curry identifies in May of 2005, as losing millions of dollars in the five months since January of 2005.

Why this is important is because the real reason Ms. Curry elected to defer the Brookmeade payments and await a capital event to cash out the Brookmeade contract is she was making six figures from Nexia. Interestingly, Ms. Curry noted at the time another advantage of this deferment would be adding another, an increasingly large, layer of perfected secured debt ahead of the IRS and other Presidion creditors.



Again, this type of detailed answer will take sometime now, but will narrow and identify the factual issues in controversy ultimately saving much more time than it costs; not to mention, providing context and a framework for analysis of the essential factual determinations.

Beyond the judicial economy reason for requesting an extension of time, there is the physical limitations on Mr. Amodeo, because of the incarceration. Limitation which hinder Mr. Amodeo's ability to fully and completely present Mr. Amodeo's claims and defenses in a standard period of time. Limitations such as Mail delays usually 10 days round trip to Orlando, malfunctioning equipment in the law library, lack of computerized word processing, etc...

Mr. Amodeo seeks until February 10, 2011, to provide a detailed, verified answer to the second counterclaim, replacing the general denial answer filed contemporaneously with this motion.

Wherefore, Mr. Amodeo respectfully request an extension of time until February 10, 2011, to answer the defendants' second amended counterclaim and such other relief as the court deems appropriate or fair.

Respectfully submitted on this 20th day of December, 2010, by:

Frank L. Amodeo #48883-019
Federal Correctional Complex
P.O. Box 1031 (Low)
Coleman, Florida 33521-1031

## CERTIFICATE OF SERVICE

This motion was mailed with postage prepaid to the court and deemed filed on December 20, 2010, a copy will be served upon all other parties through counsel of the record on or about December 22, 2010. Until which time Mr. Amodeo does not have copier cards or mail access for this quantity of service copies.

                        Respectfully submitted,

                        Frank L. Amodeo, pro se.