**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MIRABILIS VENTURES, INC. and**
**NEXIA STRATEGY CORPORATION,**

    **Plaintiffs,**

v.                                          **CASE NO.: 6:07-CV-1788-ORL-28-KRS**

**PALAXAR GROUP, LLC;**
**PALAXAR HOLDINGS, LLC;**
**FRANK HAILSTONES; EDITH CURRY**
**a/k/a EDITH BROADHEAD; and**
**TERENCE CHU,**

    **Defendants,**

v.

**AQMI STRATEGY CORPORATION,**
**WELLINGTON CAPITAL GROUP, INC.,**
**YANIV AMAR, FRANK AMODEO,**
**AARON BATES, MATTHEW MOKWA,**
**ROBERT POLLACK, JAMES SADRIANNA,**

    **Third-Party Defendants.**
_____

**RESPONSE IN OPPOSITION TO DEFENDANT TERENCE CHU'S**
**MOTION FOR RECONSIDERATION AND**
<u>**INCORPORATED MEMORANDUM OF LAW**</u>

        Bates Mokwa, PLLC ("Bates Mokwa"), Matthew S. Mokwa ("Mokwa"), and Aaron C. Bates ("Bates") (sometimes collectively referred to hereinafter as "Bates Mokwa") file the following response in opposition to *pro se* defendant Terence Chu's ("Chu") Motion for Reconsideration (Dkt. No. 361) of the Magistrate's Report and Recommendation to deny his Motion for Sanctions (Dkt No. 351).

1

## INTRODUCTION

On May 6, 2010, Chu filed his Motion for Sanctions against seven attorneys and three law firms, including Bates Mokwa, seeking sanctions pursuant to (i) Fed. R. Civ. P. 11; (ii) 28 U.S.C. § 1927; (iii) Local Rule 4.18; and (iv) the Court's inherent authority (the "Motion for Sanctions"). See Dkt. No. 351. On May 24, 2010, Bates Mokwa filed their response in opposition to Chu's Motion for Sanctions. See Dkt. No. 251. On June 8, 2010, Chu filed his Supplemental Motion for Sanctions. See Dkt. No. 259. On July 7, 2010, Plaintiffs filed their Amended Motion to Strike Chu's Supplemental Motion for Sanctions for failure to comply with L.R. 3.01(c) and 3.01(g). See Dkt. No. 264. On August 2, 2010 the Court granted Plaintiff's Motion to Strike Chu's Supplemental Motion for Sanctions. See Dkt. 274. On September 7, 2010, Chu filed his Motion for Leave to File his Supplemental Motion for Sanctions and Permission to Exceed Page Limits (the "Motion for Leave"). See Dkt. No. 305.

On December 15, 2010, Magistrate Kelly issued his 24-page Report and Recommendation, recommending that the District Court deny Chu's Motion for Sanctions and deny Chu's Motion for Leave (the "Report"). See Dkt. No. 351. On December 22, 2010, Chu filed his Motion for Reconsideration of the Report (the "Motion"). See Dkt. No. 361.

Chu's Motion should be denied because: (1) it is procedurally improper; and (2) to the extent the Motion is construed as Chu's objections to the Report, the objections are insufficient to warrant overturning the Magistrate's findings of fact and proposed disposition.

**DISCUSSION**

Chu's Motion urges the Court to reconsider the findings and recommendations contained in Magistrate Kelly's Report and Recommendation and cites Fed. R. Civ. P. 59(e) and 60(b) as authority therefor. Because the Report contains *proposed* findings of fact and recommendations, and is not a judgment or an order, Fed. R. Civ. P. 59 and 60 are inapplicable. See Fed. R. Civ. P. 59(e) (Allowing a court "to alter or amend a *judgment*.") (emphasis added); see also Hazel v. Lappin, 2010 U.S. Dist. LEXIS 653, *2 (N.D. W.Va. Jan. 6, 2010) ("The Magistrate Judge's Report and Recommendation is not a final judgment or order. Accordingly, Rule 60 of the Federal Rules of Civil Procedure is not applicable."); and Olde Fla. Invs., Ltd. v. Port of the Islands Cmty. Improvement Dist. (In re Olde Fla. Invs, Ltd.), 297 B.R. 848, 849 (Bankr. M.D. Fla. 2003) (Where a party does not seek in its motion either a new trial or an amendment of a final judgment, Fed. R. Civ. P. 59 is not applicable.).

A Motion for Reconsideration is an improper mechanism to attack a Report and Recommendation of a United States Magistrate Judge. A party seeking to challenge the findings in a Report and Recommendation must file "written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." Macort v. Prem, Inc., 208 F. App'x. 781, 783 (11th Cir. 2006) (quoting Heath v. Jones, 863 F.2d 815, 822 (11th Cir.1989)).

To the extent Chu's Motion is construed as his objections to the Report, Chu fails to identify what portions of the Report are objectionable or cite a specific basis for his objections. Chu is simply attempting to reargue the proposed disposition of his Motion

for Sanctions. This is an insufficient basis for objecting to a magistrate's report and recommendation. See id.

Moreover, the entire Motion is premised on the argument that his supplemental motion was attached to his Motion for Leave. The fact that the supplemental motion was allegedly attached to the Motion for Leave is irrelevant. L.R. 3.01(d) expressly holds that a proposed filing *shall not* be included as an attachment to a motion for leave. Accordingly, Chu's third attempt to relitigate his Motion for Sanctions should be denied.

## CONCLUSION

For all of the foregoing reasons, Chu's Motion for Reconsideration should be denied.

**WHEREFORE**, Aaron C. Bates, Matthew S. Mokwa, and the law firm of Bates Mokwa, PLLC, respectfully request that this Court enter an order denying *pro se* Defendant Terence Chu's Motion for Reconsideration, granting attorney's fees and costs, and granting such further relief as the Court deems just and proper.

Respectfully submitted this 5th day of January, 2011.

s/ Aaron C. Bates
Aaron C. Bates, Esq.
Matthew S. Mokwa, Esq.
Bates Mokwa, PLLC
126 East Jefferson Street
Orlando, FL 32801
Ph.: (407) 893-3776
Fax: (407) 893-3779
abates@batesmokwa.com
mmokwa@batesmokwa.com
*Individually and on behalf of the Firm*

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on January 5, 2011, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to all parties named on the attached Service List or in some other authorized manner for those counsel or parties who are not authorized to receive notices electronically.

                                                   s/ Aaron C. Bates
                                                   Aaron C. Bates, Esq.

**SERVICE LIST**

| | |
|---|---|
| Kathleen Havener<br>Havener Law Firm, LLC<br>15511 Russell Road<br>Chagrin Falls, Ohio 44022<br>and<br>Martin R. Raskin<br>Jane Serene Raskin<br>RASKIN & RASKIN, P.A.<br>2601 South Bayshore Drive<br>Suite 725<br>Miami, Florida  33133<br>mraskin@raskinlaw.com<br>**Attorneys for Edith Curry, Frank Hailstones, Palaxar Group LLC, and Palaxar Holdings LLC**<br><br>Frank Amodeo<br>FCC - Low, B3<br>P.O. Box 1031<br>Coleman, FL 33521-1031<br>**Third-Party Defendant** | Todd K. Norman<br>Nicolette C. Vilmos<br>Broad and Cassel<br>390 N. Orange Avenue<br>Suite 1400<br>Orlando, FL 32801<br>tnorman@broadandcassel.com<br>nvilmos@broadcassel.com<br>**Attorneys for Mirabilis Ventures, Inc. and claims of Nexia Strategy Corp.**<br><br>Yaniv Amar<br>3475 Mystic Point Drive, TH No. 10<br>Aventura, FL 33180<br>**Third-Party Defendant**<br><br>Terence Chu<br>5637 Country Hills Lane<br>Glen Allen, VA 23059 |