IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MIRABILIS VENTURES, INC. and
NEXIA STRATEGY CORPORATION,**

    Plaintiffs,

v.                                          **CASE NO.: 6:07-CV-1788-ORL-28-KRS**

**PALAXAR GROUP, LLC;
PALAXAR HOLDINGS, LLC;
FRANK HAILSTONES; EDITH CURRY
a/k/a EDITH BROADHEAD; and
TERENCE CHU,**

    Defendants,

v.

**AQMI STRATEGY CORPORATION,
WELLINGTON CAPITAL GROUP, INC.,
YANIV AMAR, FRANK AMODEO,
AARON BATES, MATTHEW MOKWA,
ROBERT POLLACK, JAMES SADRIANNA,**

    Third-Party Defendants.
_____

**MOTION FOR LEAVE TO FILE REPLY TO THIRD-PARTY PLAINTIFFS'
RESPONSE IN OPPOSITION TO THIRD-PARTY DEFENDANTS'
MOTION TO DISMISS SECOND AMENDED THIRD-PARTY COMPLAINT**

COMES NOW, Third-Party Defendants Matthew S. Mokwa ("Mokwa") and Aaron C. Bates ("Bates") (sometimes collectively referred to hereinafter as "Third-Party Defendants"), by and through their undersigned counsel, and for their Motion for Leave to File a Reply to Third-Party Plaintiffs' Response in Opposition to Third-Party Defendants' Motion to Dismiss the Second Amended Third-Party Complaint (see Dkt. No. 371), state as follows:

1

1.      On or about December 15, 2010, Third-Party Defendants filed their Motion to Dismiss the Second Amended Third-Party Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). See Dkt. No. 353.

2.      On or about January 13, 2011, Third-Party Plaintiffs filed their Response in opposition to the aforesaid motion.  See Dkt. No. 371.

3.      Pursuant to Local Rule 3.01(c), "[n]o party shall file any reply or further memorandum directed to the motion or response allowed in [Local Rule 3.01] (a) and (b) unless the Court grants leave."

4.      A reply is sought for the following reasons:

    a.      The Response incorrectly states that the proper legal standard for addressing the instant motion is the Red Cab. Co.[1] "legal certainty" test.  The caselaw is unequivocally clear that when a complaint seeks indeterminate damages the "legal certainty" test gives way to the preponderance of the evidence standard. See Federated Mut. Ins. Co. v. Mckinnon Motors, LLC 329 F.3d 805, 807 (11th Cir. 2003).  Third-Party Plaintiffs' alleged damages are indeterminate and lack any evidentiary support, other than their own opinions and suppositions. Accordingly, the correct legal standard is the preponderance of the evidence standard.

    b.      Additionally, Third-Party Plaintiffs have improperly sought to avoid the "preponderance of the evidence" standard and revert to the lower "legal certainty" standard by simply amending their complaint to include conclusory

---

[1] St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938).

2

allegations concerning the amount-in-controversy. However, discovery has closed and Third-Party Plaintiffs are required to provide evidence substantiating their damage claims.

      c.    Lastly, the alleged damages referenced in the Response are unrelated to the allegations pled in Counts 3, 4, 6 and 7 and are directly contradicted by Third-Party Plaintiffs' sworn testimony in the case *sub judice*.

5. Third-Party Defendants seek to file a short reply in order to address the aforementioned errors.

6. The proposed reply shall not exceed five (5) pages.

### LOCAL RULE 3.01(G) CERTIFICATION

The undersigned certify that, with respect to the foregoing motion, they have conferred with counsel for Third-Party Plaintiffs who oppose the relief sought herein.

**WHEREFORE**, Third-Party Defendants, Matthew Mokwa and Aaron Bates, request that this Court grant their Motion for Leave to File a Reply to Third-Party Plaintiffs' Response in Opposition to Third-Party Defendants' Motion to Dismiss Second Amended Third-Party Complaint.

Respectfully submitted this 17th day of January, 2011.

s/ Kathleen Davies
Kathleen Davies, Esq.
The Davies Law Firm, LLC
126 East Jefferson Street
Orlando, FL 32801

ATHESEUS R. LOCKHART
Florida Bar No. 659134
MEIR, BONNER, MUSZYNSKI,
O'DELL & HARVEY, P.A.

Ph.: (407) 540-1010
Fax: (407) 649-3038
kdavies@thedavieslawfirm.com
*Counsel for Aaron Bates and Matthew Mokwa*

260 Wekiva Springs, Road
Suite 2000
Longwood, FL 32779
Ph.: (407) 872-7774
Fax: (407) 872-7997
arl@fltrialteam.com
*Counsel for Aaron C. Bates, Esq.*

ADAM J. LOEWY
Texas Bar No. 24041353
BARRY & LOEWY, LLP
The Frost Tower
401 Congress Avenue
Suite 1540
Austin, TX 78701
Ph.: (512) 852-4322
Fax: (512) 687-3441
aloewy@barryloewy.com
*Counsel for Matthew S. Mokwa, Esq.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 17th, 2011, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to all parties named on the attached Service List or in some other authorized manner for those counsel or parties who are not authorized to receive notices electronically.

                                                s/  Kathleen Davies
                                                Kathleen Davies

## SERVICE LIST

| | |
|---|---|
| Kathleen Havener<br>Attorney at Law, LLC<br>15511 Russell Road<br>Chagrin Falls, Ohio 44022<br>and<br>Martin R. Raskin<br>Jane Serene Raskin<br>RASKIN & RASKIN, P.A.<br>2601 South Bayshore Drive<br>Suite 725<br>Miami, Florida  33133<br>mraskin@raskinlaw.com<br>**Attorneys for Edith Curry, Frank Hailstones, Palaxar Group LLC, and Palaxar Holdings LLC**<br><br>Frank Amodeo<br>FCC - Low, B3<br>P.O. Box 1031<br>Coleman, FL 33521-1031<br>**Third-Party Defendant** | Todd K. Norman<br>Nicolette C. Vilmos<br>Broad and Cassel<br>390 N. Orange Avenue<br>Suite 1400<br>Orlando, FL 32801<br>tnorman@broadandcassel.com<br>nvilmos@broadcassel.com<br>**Attorneys for Mirabilis Ventures, Inc. and claims of Nexia Strategy Corp.**<br><br>Yaniv Amar<br>3475 Mystic Point Drive, TH #10<br>Aventura, FL 33180<br>**Third-Party Defendant** |