UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| MVI VENTURES, INC. and<br>NEXIA STRATEGY CORPORATION,<br><br>        Plaintiffs,<br>-vs.-<br><br>PALAXAR GROUP, LLC;<br>PALAXAR HOLDINGS, LLC;<br>FRANK HAILSTONES; EDITH CURRY<br>a/k/a EDITH BROADHEAD; and<br>TERENCE CHU,<br><br>        Defendants,<br><br><br>vs.<br><br>MVI VENTURES, INC., et al.<br><br>        Counterclaim and<br>        Third Party<br>        Defendant | Case No.:  6:07-CV-1788-ORL-28-JA-GJK<br><br>**OPPOSITION OF THIRD PARTY PLAINTIFFS CURRY AND HAILSTONES TO MOTION OF THIRD PARTY DEFENDANTS MOKWA AND BATES TO FILE A REPLY TO CURRY'S AND HAILSTONES' OPPOSITION TO THEIR MOTION TO DISMISS BASED ON FED. R. CIV. P. 12(b)(1) AND 12(b)(6)** |

In response to the Motion of Bates and Mokwa to file a reply, Third Party Plaintiffs state as follows:

1. Third Party Defendants Bates and Mokwa are absolutely correct when they state in their request to file a reply that Curry and Hailstones in the Opposition filed with the Court (Dkt. 371) stated that the operative test is "to a legal certainty" pursuant to *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938).  Of course, the "legal certainty test" gives way to the "preponderance of the evidence" test set forth in Federated Mut. Ins. Co. v. Mckinnon Motors, LLC 329 F.3d 805, 807 (11th Cir. 2003) *when damages are indeterminate*.  In Curry's and Hailstones' Second Amended

Counterclaims and Third Party Claims, however, the requisite damages are alleged. Moreover, they are fully supported by the evidence, regardless of whether the Court applies the "legal certainty" or "preponderance of the evidence test."

2. While Bates and Mokwa are correct that discovery is closed, Mr. Lynch's affidavit is proper because he appears in Plaintiffs' Initial Disclosures. Third Party Defendants *chose* not to depose him. In addition, at the time of Initial Disclosures, Mr. McDaniel was not yet eighteen and it was not expected that he would be called as a witness. But the damages to Ms. Curry's family were explored at length during discovery. Finally, Curry and Hailstones have no objection to reopening discovery on damages should Bates and Mokwa want to depose these witnesses (and others if the parties submit Initial Disclosures based on the Second Amended Counterclaims and Third Party Claims.)

3. In its Order dismissing the third party claims (Dkt. 345), the Court noted that "[s]ome support may exist in the over one thousand pages of exhibits Curry and Hailstones submitted," noting that it was the parties' job to point out the existing evidence. Curry and Hailstones have complied with the Court's Order in their Opposition (Dkt. 371). Most importantly, Bates and Mokwa, in asserting that the "evidence" contradicts Curry's and Hailstones' own sworn testimony (and a letter from counsel that omitted one word), Bates and Mokwa may not simply pick and choose to cite certain sworn testimony of Curry and Hailstones and to ignore other sworn testimony by the same witnesses. Third Party Plaintiffs did testify to the amount of their damages both by affidavit and in depositions, and, regardless of the test applied, their claims should not be dismissed. A reply is unnecessary.

Respectfully submitted,

*/s/ Kathleen B. Havener*

_____
Kathleen B. Havener (0068906)
THE HAVENER LAW FIRM, LLC
15511 Russell Road
Chagrin Falls, OH 44022
Tel: 440-893-0188
Dir: 216-288-6009
Fax: 440-893-9326
kbhavener@havenerlaw.com

Attorney for Counterclaim/Third Party
Plaintiffs Curry and Hailstones

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 18, 2011, I electronically filed the foregoing Opposition to Bates and Mokwa's Motion for Permission to File Reply with the Clerk of Court using the CM/ECF system and have sent a copy of the document to the *pro se* parties and/or counsel who are not registered with the CM/ECF system.

Terence Chu (via email)

Yaniv Amar (via email)

Frank L. Amodeo B-3 (via Priority Mail)
48883-019
Federal Correctional Complex – Low
P.O. Box 1031
Coleman, FL 33521

/s/ Kathleen B. Havener
KATHLEEN B. HAVENER