## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**MIRABILIS VENTURES, INC. and**
**NEXIA STRATEGY CORPORATION,**

     **Plaintiffs,**

**v.**                               **CASE NO.: 6:07-CV-1788-ORL-28-KRS**

**PALAXAR GROUP, LLC;**
**PALAXAR HOLDINGS, LLC;**
**FRANK HAILSTONES; EDITH CURRY**
**a/k/a EDITH BROADHEAD; and**
**TERENCE CHU,**

     **Defendants,**

**v.**

**AQMI STRATEGY CORPORATION,**
**WELLINGTON CAPITAL GROUP, INC.,**
**YANIV AMAR, FRANK AMODEO,**
**AARON BATES, MATTHEW MOKWA,**
**ROBERT POLLACK, JAMES SADRIANNA,**

     **Third-Party Defendants.**

_____

## JOINT MOTION TO BIFURCATE AND
## INCORPORATED MEMORANDUM OF LAW

Plaintiff Mirabilis Ventures, Inc. ("Mirabilis"), R.W. Cuthill, Jr. ("Cuthill"),

Broad and Cassel, P.A. ("B&C"), Nicolette Vilmos ("Vilmos"), Todd K. Norman

("Norman"), Bates Mokwa, PLLC ("Bates Mokwa"), Matthew S. Mokwa ("Mokwa"),

and Aaron C. Bates ("Bates") (collectively the "Parties"), hereby file their Joint Motion

to Bifurcate the issue of entitlement to fees from the issue of reasonable quantum of fees

raised in Defendants' Motion for Attorneys' Fees (Dkt. No. 372) and, in support thereof,

state as follows:

## INTRODUCTION

On January 13, 2011, Defendants filed their Motion for Attorneys' Fees seeking sanctions and fees against the Parties pursuant to (i) Fla. Stat. § 688.05; (ii) 28 U.S.C. § 1927; and (iii) the Court's inherent authority (the "Motion for Fees").  See Dkt. No. 372. The Parties' responses to the Motion for Fees are due on or before February 10, 2011. See Dkt. No. 385.

The Motion for Fees concerns allegations related to multiple attorneys and individuals over the course of more than three (3) years.  Additionally, the Motion for Fees raises many issues of law and fact that were previously addressed by this Court in ruling on Terence Chu's Motion for Sanctions.  See Dkt. Nos. 351 and 375.  Should this Court deny Defendants' Motion as to entitlement of fees there will be no need for the Court or the Parties to address the issue of quantum of fees.  Accordingly, the Parties request a bifurcation of the issue of Defendants' entitlement to fees from the issue of the reasonable amount of fees, as well as discovery and an evidentiary hearing on the reasonable amount of fees to be awarded.

## DISCUSSION

Rule 54(d)(2)(c) authorizes this Court to "decide the issues of liability for fees before receiving submission on the value of services." See Fed. R. Civ. P. 54(d)(2)(c); see also Stewart v. Town of Zolfo, 1998 WL 776848, *1 (M.D. Fla. 1998).  Courts routinely bifurcate these issues in order to save the parties and the court the expense of analyzing a party's voluminous submissions of fees and costs.  See id.; see also, e.g., N.D. Fla. L.R. 54.1(d); S.D. Fla. L.R. 7.3; National Fire Ins. Co. of Pittsburgh, PA v. Garber, 2006 WL 2038538, *6 (E.D. Cal. 2006) (granting motion to bifurcate because

"defendants assert[ed] that [plaintiff] has presented a massive amount of paperwork, most of which would be completely irrelevant if this court rules that [plaintiff] is not entitled to an award."); and American Home Assur. Co. v. Pope, 410 F.Supp.2d 849, 851 (W.D. Mo. 2006) (granting motion to bifurcate because "[s]pecifically, [plaintiff] brought to the Court's attention that discovery on issues pertaining to reasonableness of attorney's fees may not be necessary if [plaintiff] is without liability for fees."). Permitting bifurcation also delays the need for discovery or adversary evidentiary submissions on the value of the services rendered.

The Motion for Fees primarily focuses on the issue of entitlement. In doing so, it raises a bevy of allegations and issues of law which will require the bulk of the parties' time to properly address. However, Defendants also attach approximately 285 pages of invoices to the Motion for Fees without addressing the total amount sought or what portion is sought against which attorneys. Moreover, the invoices contain multiple duplicate entries, seek fees for claims still pending, and seek fees for matters which are unrelated to the case *sub judice*.

The issues of entitlement and quantum are distinct issues that will be addressed more efficiently if done separately. In order to oppose the reasonableness of Defendants' billing submissions, the Parties need an opportunity to conduct discovery and hold an evidentiary hearing. Rather than immediately going forward with such, it is in the best interest of the parties and the Court to conserve resources and expend them only in the event there is a finding of entitlement.

CONCLUSION

For all of the foregoing reasons, the parties request a bifurcation of the issues of Defendants' entitlement to fees and the amount of fees requested, as well as discovery and a hearing on the reasonableness of fees to be awarded.  If the Court does not bifurcate the aforementioned issues and finds that Defendants are entitled to fees, the parties seek to reserve the right to submit affidavits and other evidence in opposition to Defendants' submissions concerning the reasonable amount of fees and costs to be awarded.

### LOCAL RULE 3.01(G) CERTIFICATION

The undersigned certify that, with respect to the foregoing motion, they conferred with counsel for Defendants who oppose the relief sought herein.

**WHEREFORE**, Plaintiff Mirabilis Ventures, Inc., R.W. Cuthill, Jr., Broad and Cassel, P.A., Nicolette Vilmos, Todd K. Norman, Bates Mokwa, PLLC, Matthew S. Mokwa, and Aaron C. Bates respectfully request that this Court enter an order granting this Joint Motion to Bifurcate, granting limited discovery and a hearing on the reasonableness of fees to be awarded, and granting such further relief as the Court deems just and proper.

Respectfully submitted this 26th day of January, 2011.

s/ Aaron C. Bates                    s/Todd K. Norman      
Aaron C. Bates, Esq.                Todd K. Norman, Esq.
Matthew S. Mokwa, Esq.          Nicolette Vilmos, Esq.
Bates Mokwa, PLLC               BROAD AND CASSEL
126 East Jefferson Street           390 North Orange Avenue
Orlando, FL 32801                Suite 1400
Ph.: (407) 893-3776              Orlando, Florida 32801

Fax: (407) 893-3779                          P.O. Box 4961
abates@batesmokwa.com                        Orlando, Florida 32802
mmokwa@batesmokwa.com                        Ph.: (407) 839-4200
                                             Fax: (407) 650-0927
                                             tnorman@broadandcassel.com
                                             nvilmos@broadandcassel.com
                                             *Counsel for Plaintiff Mirabilis*
                                             *Ventures, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 26, 2011, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to all parties named on the attached Service List or in some other authorized manner for those counsel or parties who are not authorized to receive notices electronically.

                                             s/ Aaron C. Bates
                                             Aaron C. Bates, Esq.

5

**SERVICE LIST**

| | |
|---|---|
| Kathleen Havener<br>Havener Law Firm, LLC<br>15511 Russell Road<br>Chagrin Falls, Ohio 44022<br>and<br>Martin R. Raskin<br>Jane Serene Raskin<br>RASKIN & RASKIN, P.A.<br>2601 South Bayshore Drive<br>Suite 725<br>Miami, Florida 33133<br>mraskin@raskinlaw.com<br>**Attorneys for Edith Curry, Frank Hailstones, Palaxar Group LLC, and Palaxar Holdings LLC**<br><br>Frank Amodeo<br>FCC - Low, B3<br>P.O. Box 1031<br>Coleman, FL 33521-1031<br>**Third-Party Defendant** | Todd K. Norman<br>Nicolette C. Vilmos<br>Broad and Cassel<br>390 N. Orange Avenue<br>Suite 1400<br>Orlando, FL 32801<br>tnorman@broadandcassel.com<br>nvilmos@broadcassel.com<br>**Attorneys for Mirabilis Ventures, Inc. and claims of Nexia Strategy Corp.**<br><br>Yaniv Amar<br>3475 Mystic Point Drive, TH No. 10<br>Aventura, FL 33180<br>**Third-Party Defendant**<br><br>Terence Chu<br>5637 Country Hills Lane<br>Glen Allen, VA 23059 |