IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MIRABILIS VENTURES, INC. and**
**NEXIA STRATEGY CORPORATION,**

 Plaintiffs,

v.            CASE NO.: 6:07-CV-1788-ORL-28-KRS

**PALAXAR GROUP, LLC;**
**PALAXAR HOLDINGS, LLC;**
**FRANK HAILSTONES; EDITH CURRY**
**a/k/a EDITH BROADHEAD; and**
**TERENCE CHU,**

 Defendants,

v.

**MIRABILIS VENTURES, INC.;**
**NEXIA STRATEGY CORPORATION;**
**AQMI STRATEGY CORPORATION;**
**WELLINGTON CAPITAL GROUP, INC.;**
**YANIV AMAR; FRANK AMODEO;**
**AARON BATES; MATTHEW MOKWA;**
**ROBERT POLLACK; and JAMES SADRIANNA,**

 Third-Party Defendants.
_____

**RESPONSE OF BATES MOKWA, PLLC, MATTHEW S. MOKWA, AND AARON C. BATES TO DEFENDANTS PALAXAR HOLDINGS, LLC, PALAXAR GROUP, LLC, EDITH CURRY, AND FRANK HAILSTONES'**
<u>**MOTION FOR ATTORNEYS' FEES**</u>

 Bates Mokwa, PLLC ("Bates Mokwa"), Matthew S. Mokwa ("Mokwa"), and Aaron

C. Bates ("Bates") (collectively referred to hereinafter as "Counsel" or "Respondents") file

the following Joint Response to Palaxar Holdings, LLC, Palaxar Group, LLC, Edith Curry

1

and Frank Hailstones' (collectively referred to hereinafter as "Defendants") Motion for Attorneys' Fees (see Dkt. No. 372).

## INTRODUCTION

On January 13, 2011, over fourteen months after Respondents substituted out of this matter, Defendants filed their Motion for Attorneys' Fees seeking sanctions and fees against Respondents pursuant to (i) Fla. Stat. § 688.005; (ii) 28 U.S.C. § 1927; and (iii) the Court's inherent authority (the "Motion"). See Dkt. No. 372. Defendants identify three grounds in support of their request for sanctions: (1) the Second Amended Complaint was "frivolous and baseless"; (2) counsel propounded false and misleading statements to the Court; and (3) counsel "knowingly, willfully and vexatiously" maintained the instant case when they were obligated to dismiss it. See Dkt. 372 at 2.

Defendants' Motion attempts to group multiple attorneys, from multiple firms, who represented multiple parties over the course of several years, into a nebulous conspiracy allegedly formed to "destroy" Defendants.[1] The Motion is devoid of any evidence supporting Defendants' wild theories.

Moreover, the issues raised in Defendants' Motion were previously addressed by this Court when it ruled on Defendant Terence Chu's motion for sanctions. On December 15, 2010, Magistrate Kelly issued his Report and Recommendation, which contained detailed

---

[1] A majority of Defendants' Motion is devoted to discussing alleged improprieties of individuals that have nothing to do with the case *sub judice*. For example, Defendants' dedicate numerous pages of argument to discussing the purported acts of Harrison T. Slaughter, Esq. and Elizabeth Green, Esq. See Dkt. No. 372 at 3, 6-9, 11-12. Mr. Slaughter and Ms. Green are not counsel in this action and their alleged misconduct has nothing to do with the issues before this Court.

2

findings of law and fact recommending that the District Court deny Mr. Chu's Motion for Sanctions.  See Dkt. No. 351.  On January 14, 2011, this Court adopted the Report in full, and denied Mr. Chu's Motion for Sanctions.  See Dkt. No. 375.  Defendants' Motion is nothing more than an attempt to relitigate the aforementioned issues and suffers from the same defects as Mr. Chu's Motion for Sanctions.[2]  The Motion also fails to cite with particularity what conduct of Respondents is sanctionable or why.

Defendants' Motion should be denied because: (i) the Motion is untimely in all respects; (ii) Defendants' conclusory allegations of misconduct and failure to provide citation to admissible evidence fail to meet the standard necessary to impose sanctions under 28 U.S.C. § 1927; and (iii) Defendants fail to provide a basis for an award of fees against Respondents under Fla. Stat. § 688.005.

## DISCUSSION

I.      Defendants' Motion is Untimely.

In or about May of 2008, Bates Mokwa ceased its engagement with Plaintiffs.  On or about November 6, 2009, Respondents were formally substituted for Broad & Cassel as the attorney of record in this matter, with no opposition from Defendants.  See Dkt. No. 169.  On November 15, 2010, Mirabilis moved to voluntarily dismiss its claims against Defendants.  See Dkt. No. 337.  The Court subsequently dismissed all claims against Defendants on November 17, 2010.  See Dkt. No. 339.  On January 13, 2011, the instant motion was filed.  See Dkt. No. 372.

---

[2] Respondents hereby incorporate by reference their Response to Mr. Chu's Motion for Sanctions and all corresponding exhibits.  See Dkt. No. 251.

3

Federal Rule of Civil Procedure 54(d) provides, in pertinent part, that unless a statute or court order provides otherwise, a motion for fees "must be filed no later than 14 days after the entry of judgment." Furthermore, Local Rule 4.18 states "all claims for costs or attorney's fees preserved by appropriate pleading or pretrial stipulation shall be asserted by separate motion or petition filed not later than *fourteen (14) days following the entry of judgment.*" (emphasis added). While Fed. R. Civ. P. 54(e) contains an exception for motions for attorneys' fees filed pursuant to 28 U.S.C. § 1927; L.R. 4.18 does not.

Defendants' Motion was filed two and a half years after Respondents ceased their engagement with Plaintiffs, over a year after Respondents were substituted out of this case, and fifty-seven (57) days after this Court dismissed Plaintiffs' claims against Defendants. Defendants' unfounded allegations are nothing new and at no time have Defendants provided good cause for their unreasonable delay in seeking fees from Respondents. Accordingly, Defendants' Motion is untimely. See, e.g., In re Schaefer Salt Recovery, Inc., 542 F.3d 90, 102 (3d Cir. 2008) (Stating that "a motion for sanctions [pursuant to § 1927] should be filed within a reasonable time."); Fearing v. City of Lake St. Croix Beach, 2006 U.S. Dist. LEXIS 70600 (D. Minn. 2006) (Denying motion for fees under § 1927 as untimely based on time limitations on attorneys' fees motions contained within district court's local rules.); XCO Int'l v. Pac. Sci. Co., 2003 U.S. Dist. LEXIS 7286, *14 (N.D. Ill. 2003) ("[R]equirement that a motion for sanctions be filed as soon as practicable after the discovery of a Rule 11 violation should equally apply to a motion for sanctions pursuant to Section 1927."); Ryan v. Trans Union Corp., 2001 U.S. Dist. LEXIS 1239, *12-13 (N.D. Ill. 2001) (Holding motion

for fees pursuant to § 1927 as untimely because request was filed outside of time limitations imposed by district court's local rules.).

Defendants' request for fees pursuant to Fla. Stat. § 688.005 is also untimely under Rule 54. Fla. Stat. § 688.005 does not expressly provide when a motion for fees is to be filed. However, the Eleventh Circuit has previously construed other Florida fee statutes as subject to the procedural requirements of Rule 54. See, e.g., Prime Ins. Syndicate, Inc. v. Soil Tech Distribs., 270 Fed. Appx. 962, 965-966 (11th Cir. 2008) (Holding that request under Fla. Stat. § 627.48(1) was untimely for failure to comply with time limitations imposed by Rule 54 and the district court's local rules.).

Notwithstanding the foregoing, Defendants have asserted in pleadings subsequent to the Motion that their fee request was not made under Fed. R. Civ. P. 54, but instead under Fed. R. Civ. P. 41. See Dkt. No. 390 at 5. Defendants' argument as to why Rule 41, and not Rule 54, applies is without merit. Rule 41 only governs an award of attorneys' fees in a very limited situation: when a Plaintiff brings the same claim against the same defendant that it had previously dismissed. See Fed. R. Civ. P. 41(d). Those facts are not present in this case. Defendants' Motion for fees pursuant to Fla. Stat. § 688.005 is therefore governed by Fed. R. Civ. P. 54.

For the foregoing reasons, Defendants' Motion should be denied as untimely.

II.     Sanctions Pursuant to 28 U.S.C. § 1927.

**A. Legal Standard**

To the extent the Court finds Defendants' Motion to be timely filed, it should nevertheless be denied for failing to meet the standard set forth in 28 U.S.C. § 1927. Section 1927 sets forth a particularly "high standard" for the imposition of sanctions. Amlong & Amlong, P.A. v. Denny's, Inc., 500 F.3d 1230, 1242 (11th Cir. 2006). "[Section 1927] is not a 'catch-all' provision for sanctioning objectionable conduct by counsel…For sanctions under section 1927 to be appropriate, something more than a lack of merit is required. The statute was designed to sanction attorneys who 'willfully abuse the judicial process by conduct tantamount to bad faith.'" Id. (citations omitted). "Negligent conduct alone will not support a finding of bad faith; 'an attorney's conduct must be particularly egregious to warrant the imposition of sanctions – the attorney must knowingly or recklessly pursue a frivolous claim or needlessly obstruct the litigation of a non-frivolous claim.'" MacNeill v. Yates, 2010 U.S. Dist. LEXIS 138493, *17 (M.D. Fla. Dec. 16, 2010) (citing id.).

The language of § 1927 imposes three requirements before an award of sanctions can be issued: (1) the attorney must engage in unreasonable and vexatious conduct; (2) that conduct must multiply the proceedings; and (3) the dollar amount of the sanction must not exceed the costs incurred because of such conduct. Amlong 530 F.3d at 1239. Moreover, sanctions under 28 U.S.C. § 1927 cannot be awarded based solely on a frivolous complaint. Ellis v. All My Sons Moving & Storage of Orlando, Inc., 2009 U.S. Dist. LEXIS 70668, *9 (M.D. Fla. July 27, 2009).

**B. Analysis**

Respondents had a good faith basis in law and fact to pursue Plaintiffs' claims that its former officers and directors were engaged in self-dealing and not acting in the best interest of Plaintiffs. Plaintiffs filed their Second Amended Complaint against Defendants sounding in seven counts ranging from breach of fiduciary duty to unjust enrichment. Prior to filing the Second Amended Complaint, Counsel conducted significant research regarding the factual allegations of the complaint as well as the underpinning legal argument. See Dkt. Nos. 251-1 and 253-1. Amongst other things, (i) counsel spoke to former and current officers and directors of Mirabilis and Nexia; (ii) counsel reviewed all available corporate governance of Mirabilis and Nexia; (iii) counsel reviewed thousands of pages of documents related to Mirabilis and Nexia; (iv) counsel reviewed audio/video recordings of the former officers and directors of Mirabilis and Nexia; (v) counsel reviewed financial records of Mirabilis and Nexia; and (v) counsel reviewed certain corporate and promotional documents of Palaxar. See Dkt. No. 251-1.

Additionally, Respondents conducted a thorough review of the law to determine whether there was a valid basis for the claims being brought. See Dkt. 351-1. The crux of the Second Amended Complaint was that Plaintiffs' former high-ranking officers and directors, namely Frank Hailstones ("Hailstones") and Edith Curry ("Curry"), misappropriated substantially all of the corporate assets of Nexia by virtue of their transfer of the assets to themselves.[3] After an independent review, counsel came to the conclusion that

---

[3] After the filing of the complaint, Defendants produced three agreements purporting to memorialize the transfer of the aforementioned assets to themselves. The first agreement was an assignment of "Nexia Certification" from Mirabilis to Curry and Hailstones for $1.00. Hailstones executed the assignment on behalf of Mirabilis and himself individually. See Dkt. No. 8-2. The second was an agreement entitled "Draft Letter of Intent to

any agreements purporting to transfer Nexia's assets were voidable and the purported transfer of substantially all of Nexia's assets for no consideration violated, amongst other things, the Bylaws of Nexia, the Bylaws of Mirabilis, the employment agreements of Curry and Hailstones, Fla. Stat. §§ 607.0830, 607.0832, 688.001, *et. seq.*, and Curry's and Hailstones' common law duty of loyalty to their employer. The unauthorized transfer of assets also constituted common law conversion and unjust enrichment.[4] Counsel further concluded that Plaintiffs' allegations that its former officers and directors were engaged in self-dealing and not acting in the best interest of Plaintiffs were well founded and supported by existing law. See Dkt. 251-1 and 253-1. To the extent the aforementioned analysis and basis for Plaintiffs' claims is misplaced; it is solely the result of flawed legal reasoning, not a malevolent motive.

Additionally, there is nothing in the record to suggest that Respondents' conduct unnecessarily multiplied the proceedings. The sole filings that Defendants allege Respondents filed which were sanctionable are the Complaint and Second Amended Complaint. See Dkt. No. 372 at 2, 22. The case law is clear that an attorney cannot be sanctioned pursuant to Section 1927 solely for filing a "frivolous" initial pleading. See Ellis, 2009 U.S. Dist. LEXIS 70668, *9. From a review of the docket, Respondents were able to identify three affirmative, substantive pleadings (not including paper discovery) signed by

---

Edie Curry" which purported to transfer "Nexia Certification" to Curry in exchange for $500,000 to be paid from profits of Defendants' new consulting venture. Hailstones again executed the Agreement on behalf of Mirabilis. See Dkt. No. 8-3. No funds were paid to Plaintiffs. The third agreement is a handwritten note drafted by Curry and executed by Frank Amodeo, transferring Nexia Certification to Curry "subject to subsequent economic negotiation of reasonableness reflecting actual investment and non-disclosure." See Dkt. No. 198-3. It is undisputed that Curry and/or Hailstones never paid any money to Plaintiffs for Nexia Certification. See Jan 2010 Curry Dep. P. 234, L. 4-7; P. 235, L. 4-14 (Dkt. No. 199-2).

[4] The specific facts and law supporting Respondents' claims can be found in Plaintiffs' Response to Defendants' Motion for Judgment on the Pleadings. See Dkt. No. 19; see also Dkt. No. 36, Court's Order denying Defendants' Motion for Judgment on the Pleadings.

8

Bates or Balch & Bingham: (1) the Complaint (Dkt. No. 2); (2) Plaintiffs' Motion for Preliminary Injunction (Dkt. No. 3); and (3) the Second Amended Complaint (Dkt. No. 56).[5] All other substantive filings by counsel were procedural requests (i.e. requests for extension of time or notices) or responses to submissions of Defendants.  To the extent there was an unnecessary multiplication of these proceedings; Respondents respectfully submit it was not at their hands.

Furthermore, after Respondents' disengagement in May of 2008, they were without authority to act on behalf of Plaintiffs, and therefore could not "dismiss the case" even if they wanted to.  In fact, since Respondents disengagement in May of 2008, Respondents have not participated in the prosecution of this matter in anyway.  Respondents did not file any paper or pleadings, participate in any discovery, or attend any hearings on behalf of Plaintiffs.  In addition, two other law firms have served as counsel of record for Plaintiffs in this matter and both law firms found Plaintiffs' claims to have merit.

Moreover, Defendants' Motion wholly fails to explain what conduct Respondents engaged in that amounts to a willful abuse of the judicial process or how their conduct multiplied the proceedings.  Defendants further fail to explain what allegedly sanctionable filings Respondents are responsible for.  Accordingly, this Court should deny Defendants' request for fees pursuant to 28 U.S.C. § 1927.

---

[5] Mokwa has not entered an appearance in this matter or signed a pleading or paper on behalf of Plaintiffs. Accordingly, it is impossible for Mokwa to have engaged in unreasonable and vexatious conduct that multiplied these proceedings.

III.     Sanctions Pursuant to Fla. Stat. § 688.005.

Fla. Stat. § 688.005 provides, in pertinent part, that "[i]f a claim of misappropriation is made in bad faith … the court may award reasonable attorney's fees to the prevailing party." Generally, a court may only award attorney's fees when such fees are "expressly provided for by statute, rule, or contract." Bane v. Bane, 775 So. 2d 938, 940 (Fla. 2000). Fla. Stat. § 688.005 does not provide that fees or costs can be awarded against a party's counsel. Compare with Fla. Stat. § 57.105 (Permitting award of fees to the prevailing party paid "in equal amounts by the losing party and the losing party's attorney."). As such, Respondents are not liable under Fla. Stat. § 688.005.

Moreover, Defendants have not provided specific evidence or argument substantiating their claim to fees under Fla. Stat. § 688.005. As discussed *supra*, the record is replete with evidence substantiating Respondents' argument that Plaintiffs' claims, including Count VI (Injunctive Relief under the Uniform Trade Secrets Act), were brought in good faith.[6]

Accordingly, Defendants' request for fees against Respondents pursuant to Fla. Stat. § 688.005 should be denied.

**WHEREFORE**, Matthew S. Mokwa, Aaron C. Bates and the law firm of Bates Mokwa, PLLC, respectfully request that this Court enter an order denying Defendants' Motion for Attorneys' Fees and Costs; awarding them their fees and costs associated with

---

[6] The law and evidence supporting Count VI are summarized in Plaintiffs' Motion for Preliminary Injunction. See Dkt. No. 3.

10

responding to the instant motion; and for such further relief as the Court deems just and proper.

Respectfully submitted this 10th day of February, 2011.

s/ Aaron C. Bates
Aaron C. Bates, Esq.
Matthew S. Mokwa, Esq.
Bates Mokwa, PLLC
126 East Jefferson Street
Orlando, FL 32801
Ph.: (407) 893-3776
Fax: (407) 893-3779
abates@batesmokwa.com
mmokwa@batesmokwa.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 10, 2011, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to all parties named on the attached Service List or in some other authorized manner for those counsel or parties who are not authorized to receive notices electronically.

s/ Aaron C. Bates
Aaron C. Bates, Esq.

**SERVICE LIST**

| | |
|---|---|
| Kathleen Havener<br>Havener Law Firm, LLC<br>15511 Russell Road<br>Chagrin Falls, Ohio 44022<br>and<br>Martin R. Raskin<br>Jane Serene Raskin<br>RASKIN & RASKIN, P.A.<br>2601 South Bayshore Drive<br>Suite 725<br>Miami, Florida 33133<br>mraskin@raskinlaw.com<br>**Attorneys for Edith Curry, Frank Hailstones, Palaxar Group LLC, and Palaxar Holdings LLC**<br><br>Frank Amodeo<br>FCC - Low, B3<br>P.O. Box 1031<br>Coleman, FL 33521-1031<br>**Third-Party Defendant** | Todd K. Norman<br>Nicolette C. Vilmos<br>Broad and Cassel<br>390 N. Orange Avenue<br>Suite 1400<br>Orlando, FL 32801<br>tnorman@broadandcassel.com<br>nvilmos@broadcassel.com<br>**Attorneys for Mirabilis Ventures, Inc. and claims of Nexia Strategy Corp.**<br><br>Yaniv Amar<br>3475 Mystic Point Drive, TH No. 10<br>Aventura, FL 33180<br>**Third-Party Defendant** |

12