# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| MIRABILIS VENTURES, INC. and <br> NEXIA STRATEGY CORPORATION, <br><br> Plaintiffs, <br> -vs.- <br><br> PALAXAR GROUP, LLC; <br> PALAXAR HOLDINGS, LLC; <br> FRANK HAILSTONES; EDITH CURRY <br> a/k/a EDITH BROADHEAD; and <br> TERENCE CHU, <br><br> Defendants, <br><br> vs. <br><br> MIRABILIS VENTURES, INC., et al. <br><br> Counterclaim and Third <br> Party Defendants. | Case No.: 6:07-CV-1788-ORL-28-JA-GJK <br><br><br><br><br><br><br><br><br><br><br><br> **STATUS REPORT-FEBRUARY 11, 2011** |

Defendants Palaxar Holdings LLC, Palaxar Group, LLC, Edith Curry and Frank Hailstones, ("Defendants") pursuant to this Court's instruction at the January 21, 2011 Status Conference hereby file the following Status Report.

## PROCEDURAL HISTORY

1. On October 11, 2007, Plaintiffs reinstated the defunct Nexia Strategy Corporation [Nexia], a wholly owned subsidiary of Mirabilis Ventures, Inc. [MVI] for the sole purpose of bringing this law suit [D.E. 24-2 at p.8] and authorizing the law firms of Goldberg Bates [GB] and Balch & Bingham [Balch] only to pursue the litigation.

2. On May 28, 2008, MVI filed for bankruptcy protection, *see In re Mirabilis Ventures, Inc.*, Case No. 6:08-bk-04327-KSJ (Bankr. M.D. Fla.), as the result of the United States' April 24, 2008 *in rem* civil forfeiture (Case No. 6:08-cv-00067-MSS-KRS D.E. 1) pursuant to which laundered money was seized from the trust funds of various law firms including Balch, Broad and Cassel (B&C), and Bates Mokwa (BM), the successor of GB..

3. On September 26, 2008, Nexia failed to file its annual report and was administratively dissolved (See Exhibit A).[1] Nexia was not dissolved pursuant to the requirements of Fla. Stat. §607.1046 (2)(a), which provides that the dissolved corporation or successor entity shall deliver to each of its known claimants written notice of the dissolution. To date, Nexia has not complied with Fla. Stat. §607.1046.

4. On November 25, 2008, Plaintiffs and United States filed a J*oint Motion for Approval of Compromise of Controversy* [D.E. 208 Exhibit 1], approved by the Bankruptcy Court on March 4, 2009. *See* Case No:. 6:08-bk-04327 (D.E. 145).

5. On December 2, 2009, this Court held a status conference which the United States attended, at which the government first raised the position, pursuant to Plaintiffs' approved *Motion for Offer and Compromise* [D.E. 208 Exhibit 1] that Nexia belonged to the United States.

6. On January 12, 2010, undersigned counsel, during a deposition, again raised the controversy over the ownership of Nexia to Plaintiffs' counsel and Plaintiffs' liquidating president. [D.E. 203 footnote 2, exhibit 4].

7. On February 15, 2010, B&C as Counsel for Plaintiffs filed a *Joint Motion to Sever Counterclaims* [D.E. 194] which this Court denied [D.E. 227].

---

[1] Neither the State of Florida nor this Court has been notified of Plaintiff Nexia's dissolution.

8. On February 19, 2010, Defendants, for the fourth time, notified Plaintiffs' counsel and Plaintiffs' liquidating president of the issue of Nexia's ownership [D.E. 203-4 p 2], quoting the January 12, 2010 deposition.

> MS. HAVENER: In the bankruptcy settlement, Nexia Strategy Corporation was assigned to the Government. So, unless you're representing the Government's interest in Nexia, it's a problem. I just wanted to have it on the record.
>
> MR. NORMAN: Well, we'll have to clarify the issue. My understanding is that we were representing both, but we'll clarify as we go forward.

9. On March 5, 2010, in the *Response to Defendants' Joint Motion to Strike the Affidavit of R. W. Cuthill*, Plaintiffs stated:

> …Defendants also contend that the law firm of Broad and Cassel does not represent Nexia…as part of the compromise, MVI maintained *all rights to the instant law suit on behalf of itself and Nexia*. [D.E. 208 ¶ 13].
>
> Nexia is a dissolved Florida corporation. Pursuant to Florida law, "title to all property of the (dissolved) corporation was transferred to the directors as trustees for the shareholder and creditors of the dissolved corporation." *Liszka v. Silverado Steak and Seafood Co., Inc.*, 703 So.2d 1226 (Fla. 5th DCA 1998). Thus, MVI has all the right to pursue this claim, in addition to the claim being transferred to it by Court Order. [Id. at ¶ 14].

10. On March 9, 2010, in Plaintiffs Mirabilis Ventures, Inc., and Nexia Strategy Corporation's *Motion for Substitution of Counsel* [D.E. 209 ¶3]. The Motion was granted as to MVI but denied as to Nexia [D.E. 236]. B&C requested "***All papers*** be served upon counsel for the Plaintiffs in this District Court proceeding shall be directed and transmitted to substituted counsel [B&C]." (Emphasis added).

11. On March 11, 2010, Defendants, for a fifth time, raised to Plaintiffs' counsel and Plaintiffs' liquidating president the issue of Nexia's ownership. [D.E. 215].

12. On March 12, 2010, B&C unilaterally changed the style of the case to "Plaintiff, Mirabilis Ventures, Inc., (in its corporate capacity and as Assignee of right of Nexia)" and filed a *Motion to Extend the Deadline to File and Amended Complaint.* [D.E. 217], seeking leave of the court to "amend the named Plaintiff in the complaint as follows 'Mirabilis Ventures, Inc., in its corporate capacity and as Assignee of right of Nexia."[2] Plaintiffs' motion was denied. [D.E. 247].

13. On March 25, 2010, B&C (again changing the style of the case to "Plaintiff Mirabilis Ventures, Inc., a Florida corporation and as assignee of the ***litigation rights*** of Nexia Strategy Corporation (collectively 'Mirabilis'") [D.E. 222 - withdrawn D.E. 226], B&C filed a *Reply to Defendants' Opposition of Mirabilis' Motion to Extend the Deadline to File and Amended Complaint*.

14. On March 29, 2010, the United States filed an *Objection to Substitution of Counsel for Nexia Strategy Corporation* [D.E. 225] stating: "Nexia is now the property of the United States and, as such, cannot be represented by private counsel without the consent of the Government."

15. On April 15, 2010, (over four months after the December 2, 2009 status conference) in the Bankruptcy Court, Debtor MVI filed a *Motion to Confirm Property of the Estate under the Court Approved Compromise with the United States of America* [Case No: 6:08-bk-04324 D.E. 526], stating: "***Had the parties intended for the USA to obtain separate rights to the Palaxar Litigation, the parties would have specifically listed the Palaxar Litigation on the Government Asset List.***" [*Id.* ¶14]. (Emphasis added.)

---

[2] Plaintiffs also included this footnote [D.E. 217 footnote 1] "Because the issues related to the ownership and rights of Nexia were determined pursuant to the Bankruptcy Court's Order Approving *Motion for Approval of Compromise of Controversy By and Between Debtors and The United States of America,* Mirabilis is filing a motion with the Bankruptcy Court in order to obtain clarification of Mirabilis' rights as to Nexia and ***this litigation***."

16. On April 22, 2010, the Bankruptcy Court conducted a hearing on the Debtor's Motion. Case No: 6:08-bk-04327 D.E. 541] in which B&C stated:

> If [the government] want to participate on the pending summary judgment, it's too late. So that would be malpractice because all the deadlines have all come. It's closed….There's been no participation by the Government in case management in violation of Judge Antoon's orders. [Id., p 79, ln 12-17].

17. On April 29, 2010, this Court denied Plaintiff's *Request for Substitution of Counsel* for Nexia [D.E. 236 ¶3] stating: "Pursuant to Local Rule 2.03(e), a corporation may not proceed pro se. Therefore Nexia is directed to retain substitute counsel and have substitute counsel file a notice of appearance on behalf of Nexia within fourteen (14) days.""

18. On May 4, 2010, the Bankruptcy Court Ordered a May 19, 2010 *Evidentiary Hearing on Debtor's Motion* [Case No: 6:08-bk-04327 D.E. 538].

19. On May 12, 2010, the United States filed a *Notice Regarding a Pending Bankruptcy Hearing as to the Ownership of Nexia Strategy's Claims in This Litigation*. [D.E. 244].

20. On May 13, 2010, Plaintiff filed *Mirabilis Ventures, Inc.'s Notice Regarding a Pending Bankruptcy Hearing as to the Ownership of the Nexia Strategy Corporation's Claims* [D.E. 246] stating: "***Until there is a ruling by the Bankruptcy Court, the Plaintiff believes it cannot take any further action as to the representation of Nexia in this litigation***." [*Id.* ¶8]. (Emphasis added.)

21. On May 19, 2010, The Bankruptcy Court held a two and 1/2 hour hearing. [Case No: 6:08-bk-04327 D.E. 594, p. 27, l 10-25, p. 28, l 1-24] in which B&C's Roy Kobert examined R. W. Cuthill:

Q: Could you tell the court what steps, if any did you take to [] monetize or evaluate whether you should pursue litigation or not pursue litigation or initiate litigation?

A: Initially when I started the case, I met with the prior president of the case [sic], Jodi Jaiman [sp], to try to get an understanding of her perspective of what was happening in the case. I also met with counsel for Mirabilis and at that point, Mirabilis had various counsel Erin [sp] Bates being probably one of the primary counsel, he and his partner, Matt Mocka [sp] and I met with them.

But I also met with each of the lawyers who was the counsel of record [Balch & Bingham as to the instant case] in each of the pieces of litigation that had already been filed as well as several pieces of litigation that were proposed to be filed, but had not been filed yet, but counsel was working on.

So I meet with all of those counsels and asked them to give me an idea of whether the case had value, did not have value, and to bring me up to speed on what was going on.

Q: Did you meet with Mirabilis and Nexia Counsel with regard to that piece of litigation [Palaxar]?

A: I did.

Q: And Mirabilis and Nexia had the same counsel?

A: They did.

Roy Kobert cross-examined US Attorney, Anita Cream [*Id*., D.E. 594-2 p. 12, l 14-25, p. 13, l 1-21]: (Emphasis added.)

> Q: Could private counsel - private counsel could pursue the lawsuit of Nexia versus Palaxar?
>
> A: Not if it's an asset of the United States.
>
> Q: If you thought the Government was supposed to get Nexia versus Palaxar, is there some other methodology to achieve value for that, to get it to private counsel and monetize that lawsuit?
>
> A: The Government could settle with Palaxar. The Government could litigate it. The Government would, with approval from the appropriate authorities at the Department of Justice, retain counsel to do that. I guess the government could sell the litigation as an asset and allow someone else to pursue it.
>
> Q: Well, as part of the settlement, you could have required there be some sort of direct assignment of Nexia versus Palaxar to a third party, you could have monetized it during the bankruptcy process, couldn't you?
>
> A: If it had ever been discussed, we certainly could have explored that.
>
> *Q: Were you aware that - or are you aware that there's also a counter-claim?*
>
> *A: I am aware.*
>
> *Q: Okay. So Palaxar is prosecuting a claim, not only against Mirabilis, but against Nexia?*
>
> *A: Correct.*

7

22. On June 2, 2010, the Bankruptcy Court granted Debtor's *Motion to Confirm Property of the Estate under the Court Approved Compromise with the United States of America* [Case No: 6:08-bk-04327 D.E. 562, 563] in which the court stated:

> Mr. Cuthill also testified that Nexia's claims in the Palaxar Litigation were placed on the debtor's list because it was always his understanding that the debtor's bankruptcy estate would retain all pending litigation involving Mirabilis and its wholly owned subsidiaries.
>
> The whole of the government's presentation seemed to argue simply that it should get Nexia's claims because its representatives interpreted the contract to say what they wanted it to say. But actions speak louder than words. And in this case, the government's actions belie any actual, expressed interest in Nexia's claims at the time the settlement agreement was drafted.
>
> The government's failure to assert its interest in Nexia's claims is striking considering that the parties divided up other assets between them. For example, the parties split claims to a piece of real property located at 509 Riverfront Parkway, Chattanooga, TN. The government received proceeds from the sale of the property, while the debtor's estate retained the right to any funds generated by the fraudulent transfer lawsuit. The parties likewise split rights to a promissory note dated May 27, 2007, between Mirabilis Ventures, Inc. and Conrad D. Eigenmann, Jr. Like these splits, the government could have suggested that the parties split the Palaxar Litigation to allow the government to pursue Nexia's claims, while allowing the debtor's estate to pursue Mirabilis' claims. They did not.

23. On June 16, 2010, The United States filed its *Notice of Appeal*. [Case No: 6:08-bk-04327 D.E. 569], which it withdrew August 26, 2010. [*Id.*, D.E. 610].

24. On June 7, 2010, Plaintiff Mirabilis Ventures, Inc. filed a *Notice of Filing Memorandum Opinion and Order of Bankruptcy Court Regarding the Ownership of the Nexia Strategy Corporation's Claims.* [D.E. 258] in which B&C stated: "As a result of the Bankruptcy Court's ruling Mirabilis intends on renewing its *Motion for Substitution of Counsel* as to Nexia…" [D.E. 258 ¶3].

25. On June 22, 2010, "Plaintiffs Mirabilis Ventures, Inc., and Nexia Strategy Corporation" filed its *Motion to Strike Defendant Terence Chu's Supplemental Motion for Sanctions* [D.E. 261].

26. On June 28, 2010, B&C's Todd K. Norman and Nicolette C. Vilmos filed a *Notice of Appearance on behalf of Nexia Strategy Corporation* and requested "all pleadings, orders and other notices be served on Todd K. Norman and Nicolette C. Vilmos in this cause." [D.E. 263].

27. On June 30, 2010 (only two days later), Plaintiffs filed *Mirabilis Ventures Inc., and Nexia Strategy Corporation's Motion to Suspend the Current Deadlines Set Forth in the Amended Case Management Order* [D.E. 266 ¶7 - DENIED D.E. 343] stating, "The Plaintiffs need the United States of America's appeal to be resolved to ensure that the claims of Nexia in this litigation can be litigated by Mirabilis."

28. On July 7, 2010, Plaintiffs Mirabilis Ventures, Inc., and Nexia Strategy Corporation file their *Amended Motion to Strike Defendant Terence Chu's Supplemental Motion for Sanctions* [D.E. 267].

29. On July 12, 2010, Plaintiffs Mirabilis Ventures, Inc., and Nexia Strategy Corporation extended an offer of settlement in which Plaintiffs would dismiss all claims against Defendants with prejudice "in exchange the parties would execute releases [of the counterclaims], which would include the Mirabilis/Nexia attorneys past and present." [D.E. 368-1]

30. On August 3, 2010, Plaintiffs Mirabilis Plaintiffs and Nexia Strategy Corporation filed their *Motion for Entry of Voluntary Dismissal Without Prejudice* [D.E. 280].

31. On August 19, 2010 *Defendants filed Motion for Sanctions* [D.E. 296] for bad faith mediation as Plaintiffs allowed a full day of mediation on all claims and counterclaims to occur and then declared they were unsure of ownership of the counter claims.

32. On September 2, 2010 B&C filed *Plaintiffs' Mirabilis Ventures and Nexia Strategy Corporation Response to Defendants Motion for Sanctions* [D.E. 302 ¶17] stating:

    > Broad and Cassel and Mr. Cuthill appeared at the mediation [which included the counterclaims], spent over 8 hours in Mediation on June 29, 2010 and made a good faith attempt to **resolve the litigation** between the parties….Plaintiffs have been consistent in all of their dealings before this Court with the Palaxar Defendants that they assert that they own the Nexia claim." (Emphasis added.)

33. On September 21, 2010, B&C filed *Plaintiffs Mirabilis Ventures and Nexia Strategy Corporation's Opposition to Defendant Terence Chu's Motion and Memorandum for Entry of Final Judgment* [D.E. 307] stating: "Currently the third party claims are still pending and being litigated…Additionally, Palaxar Group, LLC, Palaxar Holdings, LLC, Frank Hailstones and Edith Curry have three causes of action pending against Nexia."

34. On September 22, 2010, this Court denied *Defendants Motion for Reconsideration of Order Granting in Part and Denying in Part Balch & Bingham's Motion to Substitute Counsel* [D.E. 309 at footnote 2], stating: "Accordingly, Mirabilis may litigate the interests of Nexia in this case." On the same day, B&C represented Mr. Cuthill in Third-Party Plaintiff's September 22, 2010 deposition regarding the counterclaims against Nexia.

35. B&C made an appearance on behalf of Nexia at Third-Party Plaintiff's October 5, 2010 deposition of Yaniv Amar. [D.E. 330-1 p.2]

36. On December 15, 2010, Debtor Mirabilis Ventures, Inc. requested permission to seek guidance from the Bankruptcy Court as ownership of Nexia Strategy Corporation's counter claims. [D.E. 352 at ¶ II] stating:

> Mirabilis seeks an extension of time to allow it to seek guidance from the Bankruptcy Court for the Middle District of Florida, regarding whether Mirabilis has the authority or obligation to defend causes of action asserted against Nexia.

37. On January 14, 2011, this Court adopted [D.E. 376] Judge Kelly's *Report and Recommendation* [D.E. 356] denying Defendant's Motion for Sanctions for Bad Faith Mediation [D.E. 296]. This Court stated:

> While it is true that there was uncertainty as to who controlled Nexia's claim at the time of the mediation, based upon the Government's appeal of the Bankruptcy Court's order, Mirabilis's position has consistently been that it owns the right to litigate Nexia's claims in this case. All parties in this case were aware of the Bankruptcy Court's order, the Government's appeal, and Mirabilis's position that it controlled Nexia's claims in this case. It is now unassailable that Mirabilis controlled Nexia's claims at the time of mediation. *See In re Mirabilis Ventures, Inc.*, Case No. 6:10-cv-1189-GAP, Doc. No. 7 (M.D. Fla. Aug. 25, 2010). There is nothing inconsistent or amounting to bad faith in Mirabilis attending the mediation on behalf of Nexia, asserting its right to control Nexia's claims based upon Bankruptcy Court's ruling, acknowledging the right to control those claims remains open because of the pending appeal, and requesting a stay of the case until the resolution of that appeal.

38. On January 21, 2011, this Court granted [D.E. 384] in part Plaintiffs' request [D.E. 352] and instructed the undersigned counsel to keep the Court apprised of the Bankruptcy Court's findings. At the hearing, B&C stated: [D.E. 392 p 2, l 24-25, p 3, l 1-14]

> I'm here, I think as a professional courtesy…the other party, the former party, is Nexia which is owned by the United States Government as part of a criminal forfeiture…And Scott Park from the United States Attorney's office has made an appearance in the case some time back.[3] And I talked to him last month and also this week about whether he would appear here today. But I don't see him in the courtroom. But I'm not authorized by the government to represent them on Nexia.

---

[3] But only as an intervener, not as counsel for Nexia. [D.E. 224]

39. On January 24, 2011, undersigned counsel notified this Court of the error in D.E. 384 wherein the notation: "Nexia Strategy Corp. was also dismissed with prejudice in this action" should read "Nexia Strategy Corp. also dismissed with prejudice all claims in this action" [D.E. 339]. Third Party Plaintiffs did not dismiss their claims against Nexia Strategy Corporation. Rather Nexia Strategy claims against Defendants have been dismissed with prejudiced. ***This error remains in the Court record.***

40. On February 8, 2011, undersigned counsel inquired of B&C when, precisely the Government was put on notice that they were responsible for the counterclaims, given, among other things, B&C's contrary position regarding the June 29, 2010 Mediation, and their reply to Defendant's Motion for Sanctions. B&C replied, "***You already regularly talk to our govt so ask them yourself.***" (Exhibit B (emphasis added).

41. On February 10, 2011, Debtor filed in the Bankruptcy Court a *Motion to Confirm that Debtor is not Authorized to Defend Counterclaim Asserted Against Nexia in the Palaxar Litigation* [Exhibit C, ¶7] stating:

> Unless specifically assigned by the USA to Debor, as part of the USA Settlement, it remains uncontroverted that the USA retains control over all of the Nexia entity, including its assets and liabilities."

| | |
|---|---|
| Date: February 11, 2011 | Respectfully submitted, |
| MARTIN R. RASKIN<br>Florida Bar No. 315206<br>JANE SERENE RASKIN<br>Florida Bar No. 848689<br>RASKIN & RASKIN, P.A.<br>866 South Dixie Highway<br>Coral Gables, Florida 33146<br>Telephone: (305) 444-3400<br>Facsimile: (305) 445-0266<br>mraskin@raskinlaw.com<br><br>Attorneys for Counterclaim/Third Party<br>Plaintiff Curry | /s/ Kathleen B. Havener<br>KATHLEEN B. HAVENER<br>THE HAVENER LAW FIRM, LLC<br>15511 Russell Road<br>Chagrin Falls, OH 44022<br>Phone: 440-893-0188<br>Cell: 216-288-6009<br>Fax: 440-893-9326<br>kbhavener@havenerlaw.com<br><br>Attorney for Counterclaim/Third Party<br>Plaintiffs Curry and Hailstones |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 11, 2011, I electronically filed the foregoing Notice of Filing Exhibits for Defendants' Motion for Attorneys' Fees with the Clerk of Court using the CM/ECF system, which will send a notice of electric filing to all registrants in that system. I further certify that I have caused the foregoing to be served by the means indicated upon the following:

Terence Chu (via email)
Yaniv Amar (via email)


Frank L. Amodeo B-3 (via Priority Mail)
48883-019
Federal Correctional; Complex – Low
P.O. Box 1031
Coleman, FL 33521


/s/ Kathleen B. Havener
KATHLEEN B. HAVENER