**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MIRABILIS VENTURES, INC., and NEXIA STRATEGY CORPORATION,**

        **Plaintiffs,**

**-vs-**                                  **Case No. 6:07-cv-1788-Orl-28KRS**

**PALAXAR GROUP, LLC, PALAXAR HOLDINGS, LLC, FRANK HAILSTONES, EDITH CURRY, and FICTITIOUS DEFENDANTS 1 THROUGH 8,**

        **Defendants.**
_____

# ORDER

This cause is before the Court on three Status Reports (Docs. 389, 391, & 396) filed by Kathleen B. Havener, counsel for Defendants Edith Curry and Frank Hailstones.

On January 28, 2011, Ms. Havener filed a "Status Report of Defendants' Counsel—January 28, 2011" (Doc. 389), reporting that Plaintiffs had not yet made any filings in the bankruptcy court—activity anticipated and discussed at a January 21, 2011 status conference in this case—and complaining that the Court had not acted in response to a telephone call she made to point out an error in the Clerk's minutes regarding the January 21 status conference. Specifically, with regard to the error in the minutes, Ms. Havener states:

> [O]n January 24, 2011, via telephone, Counsel for Defendants notified this Court of the error contained in D.E. 384—the notation: "Nexia Strategy Corp. was also dismissed with prejudice in this action" should read "Nexia Strategy Corp. also

> dismissed with prejudice all claims against Defendants in this action" (D.E. 339). Third Party Plaintiffs have not dismissed their claims against Nexia Strategy Corporation. As of 1:45 p.m. today, that error has not been corrected.

(Doc. 389 at 2).

Seven days later, Ms. Havener filed a document titled "Status Report of Defendants' Counsel—February 4, 2011." (Doc. 391). In that document, Ms. Havener reiterates her complaint about the error in the Clerk's minutes and the Court's failure to correct it, stating, this time with emphasis:

> [O]n January 24, 2011, via telephone, the undersigned notified the Court of the *error* contained in D.E. 384, *i.e.*, the notation: "Nexia Strategy Corp. was also dismissed with prejudice in this action" should read ***"Nexia Strategy Corp. also dismissed with prejudice all claims against Defendants in this action"*** (D.E. 339). Third Party Plaintiffs have not dismissed their claims against Nexia Strategy Corporation. As of 1:45 p.m. today, that error remains ***uncorrected***.

(Doc. 391 at 2) (emphasis in original).

Another seven days later, Ms. Havener filed a third status report—"Status Report—February 11, 2001." (Doc. 396). Once again, Ms. Havener reiterates her complaint about the content of the minutes of the January 21 status conference, with some, but less, emphasis:

> [O]n January 24, 2011, undersigned counsel notified this Court of the error in D.E. 384 wherein the notation: "Nexia Strategy Corp. was also dismissed with prejudice in this action" should read "Nexia Strategy Corp. also dismissed with prejudice all claims against Defendants in this action" (D.E. 339). Third Party Plaintiffs did not dismiss their claims against Nexia Strategy Corporation. Rather[,] Nexia Strategy['s] claims against Defendants have been dismissed with prejudiced [sic]. ***This error remains in the Court record.***

-2-

(Doc. 396 at 12) (emphasis in original).

The Court will consider Ms. Havener's Status Reports collectively as a motion to correct Docket Entry 384, the Civil Clerk's Minutes of January 21, 2011. Ms. Havener is correct in noting that the Order (Doc. 339) based on an ore tenus motion provides that "Plaintiffs' [Mirabilis Ventures, Inc., and Nexia Strategy] claims against Defendants Palaxar Group, LLC, Palaxar Holdings, LLC, Edith Curry and Frank Hailstones, are dismissed with prejudice." Additionally, the transcript of the January 21, 2011 status conference reflects discussion of the fact that Nexia's claims were dismissed in that Order[1]—not that Nexia has been dismissed with prejudice in this action as stated in the Clerk's minutes. Thus, the request to correct the Clerk's minutes is granted, and this Order shall serve as that correction and clarification.

Ms. Havener's Status Reports are troubling in both tone and substance. She apparently expected the Court not only to respond to her telephonically-transmitted demand but to do so promptly. Her dissatisfaction with the Court's failure to respond to her demand with alacrity is emphasized by her use of bold print and italics.

It is obvious that Ms. Havener believes that courts do business by telephone, but that is not the case in the Middle District of Florida. Rule 7(b)(1), Federal Rules of Civil Procedure, provides that a "request for a court order must be made by motion," and "[t]he motion must . . . be in writing unless made during a hearing." Written motions eliminate confusion and avoid the appearance of improper ex parte communications.

---

[1](See Tr. of 01/21/11 Status Conference, Doc. 392, at 3).

-3-

Henceforth, all communications from counsel to the Court shall be in writing, and all motions shall be filed in accord with the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida. The Court also expects counsel to treat the Court, its staff, and each other with courtesy and respect. Hostile, hyperbolic, and repetitive filings are of no assistance to the Court or the parties and do not promote the ends of justice.

**DONE** and **ORDERED** in Orlando, Florida this 11th day of February, 2011.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party