# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MIRABILIS VENTURES, INC. and**
**NEXIA STRATEGY CORPORATION,**

    Plaintiffs,

v.                            CASE NO.: 6:07-CV-1788-ORL-28-KRS

**PALAXAR GROUP, LLC;**
**PALAXAR HOLDINGS, LLC;**
**FRANK HAILSTONES; EDITH CURRY**
**a/k/a EDITH BROADHEAD; and**
**TERENCE CHU,**

    Defendants,

v.

**MIRABILIS VENTURES, INC.;**
**NEXIA STRATEGY CORPORATION;**
**AQMI STRATEGY CORPORATION;**
**WELLINGTON CAPITAL GROUP, INC.;**
**YANIV AMAR; FRANK AMODEO;**
**AARON BATES; MATTHEW MOKWA;**
**ROBERT POLLACK; and JAMES SADRIANNA,**

    Third-Party Defendants.

## ANSWER AND AFFIRMATIVE DEFENSES OF THIRD-PARTY DEFENDANTS AARON C. BATES AND MATTHEW S. MOKWA TO SECOND AMENDED THIRD-PARTY COMPLAINT

    COMES NOW, Third-Party Defendants Matthew S. Mokwa ("Mokwa") and Aaron C. Bates ("Bates") (sometimes collectively referred to hereinafter as "Third-Party Defendants"), by and through their undersigned counsel, and for their response to the Second Amended Counterclaims and Third-Party Claims of Edith Curry ("Curry") and Frank Hailstones

1

("Hailstones") (sometimes collectively referred to hereinafter as "Third-Party Plaintiffs") (Doc. 346), state as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Third-Party Defendants admit the allegations contained in the first, third, and fourth sentences of paragraph 4. The remaining allegations of paragraph 4 are denied.

5. Third-Party Defendants admit that Amar is a resident of Miami-Dade County, Florida. The remaining allegations of paragraph 5 are denied.

6. Admitted.

7. Admitted.

8. Third-Party Defendants admit that Mokwa is a resident and citizen of Orange County, Florida, and admit that Mokwa has previously served as counsel to MVI and/or one or more of its affiliate companies. The remaining allegations of paragraph 8 are denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14-39. These paragraphs do not appear to contain any allegations against Third-Party Defendants. To the extent these paragraphs do contain allegations against Third-Party Defendants, those allegations are denied.

40. Third-Party Defendants adopt and incorporate their responses to paragraphs 1-39 above as if fully set forth herein.

41. Without knowledge.

42. Without knowledge.

43. Without knowledge.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied as stated.

54. Denied.

55. Third-Party Defendants admit the allegations contained in the first sentence of paragraph 55. The remaining allegations of paragraph 55 are denied.

56. Third-Party Defendants admit that they did not contact conference organizers. The remaining allegations of paragraph 56 are denied.

57. Third-Party Defendants admit that they did not contact Third-Party Plaintiffs prior to service of the Complaint. The remaining allegations of paragraph 57 are denied.

58. The Complaint and Motion for Preliminary Injunction speak for themselves. The remaining allegations of paragraph 57 are denied.

59. Denied.

60. Third-Party Defendants admit that service of the Complaint took place in Scottsdale, Arizona. The remaining allegations of paragraph 60 are denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied as stated.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Third-Party Defendants adopt and incorporate their responses to paragraphs 1-75 above as if fully set forth herein.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Third-Party Defendants adopt and incorporate their responses to paragraphs 1-86 above as if fully set forth herein.

88-97. These paragraphs do not appear to contain any allegations against Third-Party Defendants.  To the extent these paragraphs do contain allegations against Third-Party Defendants, those allegations are denied.

98. Third-Party Defendants adopt and incorporate their responses to paragraphs 1-97 above as if fully set forth herein.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Third-Party Defendants adopt and incorporate their responses to paragraphs 1-104 above as if fully set forth herein.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112-123. These paragraphs do not appear to contain any allegations against Third-Party Defendants. To the extent these paragraphs do contain allegations against Third-Party Defendants, those allegations are denied.

**THIRD-PARTY DEFENDANTS DENY EACH AND EVERY ALLEGATION IN THE THIRD-PARTY COMPLAINT THAT IS NOT EXPRESSLY ADMITTED HEREIN AND DENIES THAT THIRD-PARTY PLAINTIFFS ARE ENTITLED TO ANY RELIEF WHATSOEVER.**

## AFFIRMATIVE DEFENSES

1. The instant action is an improper third party claim pursuant to Fed. R. Civ. P. 14(a) and 13(h). Third-Party Plaintiffs are not seeking indemnity from Third-Party Defendants for Plaintiffs' claims against Third-Party Plaintiffs. Moreover, the third-party claims do not arise from the facts and circumstances giving rise to the initial claims in the above-captioned case. Accordingly, the third-party claims are improper.

2. The Court does not have jurisdiction over the claims against Bates and Mokwa because there is no federal question and the amount in controversy does not exceed $75,000.00 as to Bates and Mokwa, individually.

3. There was no publication of any of the alleged statements to any third party, any alleged comments were directed solely at Third-Party Plaintiffs and no other individuals present at the conference heard the statements. Therefore, all of the claims against Third-Party Defendants fail as a matter of law.

4. Any statements allegedly made, or acts committed, by Third-Party Defendants are protected by the litigation privilege and/or are protected by an absolute or qualified privilege because they were made in the context of the bringing of litigation.

5. The alleged statements attributed to Mokwa are a fair comment/characterization of the statements in the Orlando Sentinel article and, therefore, do not constitute slander or intentional interference as a matter of law.

6. The Complaint fails to state a cause of action against Defendant Bates because it alleges no specific acts by him which constitute slander, intentional interference, or conspiracy. All the Complaint alleges is that Bates was present when other Defendants allegedly made statements. These are insufficient allegations to sustain the claims against Bates as a matter of law.

7. The allegedly slanderous statements are truthful.

8. The allegedly slanderous statements were made with good motives.

9. The allegedly slanderous statements constitute fair comment and are pure opinion.

10. Third-Party Plaintiffs have not suffered any damages due to the allegedly slanderous statements.

11. Hailstones and Curry are limited public figures and the allegedly slanderous statements were not published with malice.

12. Third-Party Plaintiffs have not identified any business relationships that were interfered with or affected by the allegedly slanderous statements.

13. To sustain a cause of action for conspiracy to commit defamation or conspiracy to intentionally interfere with contract, Third-Party Plaintiffs must prove all the elements of the underlying tort. Because all the elements of each of these torts do not exist in this matter, the conspiracy claims must fail as a matter of law.

14. Third-Party Plaintiffs have unclean hands.

15. Third-Party Plaintiffs had notorious reputations prior to any of the allegedly slanderous statements being made and therefore could not have suffered any damage to their reputation.

**THIRD-PARTY DEFENDANTS RESERVE THE RIGHT TO AMEND THIS ANSWER AND PLEAD ADDITIONAL AFFIRMATIVE DEFENSES WHEN AND IF APPROPRIATE.**

**WHEREFORE**, Third-Party Defendants, Matthew Mokwa and Aaron Bates, move for an Order dismissing the Second Amended Third-Party Complaint against them; awarding attorneys fees and costs; and for such other relief as the Court deems just and proper.

Respectfully submitted this 16th day of March, 2012.

s/ Kathleen Davies
Kathleen Davies, Esq.
The Davies Law Firm, LLC
126 East Jefferson Street
Orlando, FL 32801
Ph.: (407) 540-1010
Fax: (407) 649-3038
kdavies@thedavieslawfirm.com
*Counsel for Aaron Bates and*
*Matthew Mokwa*

ATHESEUS R. LOCKHART
Florida Bar No. 659134
MEIR, BONNER, MUSZYNSKI,
O'DELL & HARVEY, P.A.
260 Wekiva Springs, Road
Suite 2000
Longwood, FL 32779
Ph.: (407) 872-7774
Fax: (407) 872-7997
arl@fltrialteam.com
*Counsel for Aaron C. Bates, Esq.*

ADAM J. LOEWY
Texas Bar No. 24041353
BARRY & LOEWY, LLP
The Frost Tower
401 Congress Avenue
Suite 1540
Austin, TX 78701
Ph.: (512) 852-4322
Fax: (512) 687-3441
aloewy@barryloewy.com
*Counsel for Matthew S. Mokwa, Esq.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 16, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to all parties named on the attached Service List or in some other authorized manner for those counsel or parties who are not authorized to receive notices electronically.

s/ Kathleen S. Davies
Kathleen S. Davies

**SERVICE LIST**

| | |
|---|---|
| Kathleen Havener<br>Attorney at Law, LLC<br>15511 Russell Road<br>Chagrin Falls, Ohio 44022<br>and<br>Martin R. Raskin<br>Jane Serene Raskin<br>RASKIN & RASKIN, P.A.<br>2601 South Bayshore Drive<br>Suite 725<br>Miami, Florida 33133<br>mraskin@raskinlaw.com<br>**Attorneys for Edith Curry, Frank Hailstones, Palaxar Group LLC, and Palaxar Holdings LLC**<br><br>Frank Amodeo<br>FCC - Low, B3<br>P.O. Box 1031<br>Coleman, FL 33521-1031<br>**Third-Party Defendant** | Todd K. Norman<br>Nicolette C. Vilmos<br>Broad and Cassel<br>390 N. Orange Avenue<br>Suite 1400<br>Orlando, FL 32801<br>tnorman@broadandcassel.com<br>nvilmos@broadcassel.com<br>**Attorneys for Mirabilis Ventures, Inc. and claims of Nexia Strategy Corp.**<br><br>Yaniv Amar<br>3475 Mystic Point Drive, TH #10<br>Aventura, FL 33180<br>**Third-Party Defendant** |