IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILED
2011 MAR 24 PM 12:37

US DISTRICT COURT
MIDDLE DISTRICT OF FL
ORLANDO FLORIDA

MIRABILIS VENTURES, INC. and
NEXIA STRATEGY CORPORATION,

    Plaintiffs,

v.

PALAXAR GROUP, LLC;
PALAXAR HOLDINGS, LLC;
FRANK HAILSTONES; EDITH CURRY
a/k/a EDITH BROADHEAD; and
TERENCE CHU,

    Defendants,

v.

MIRABILIS VENTURES, INC.,
NEXIA STRATEGY CORPORATION,
AQMI STRATEGY CORPORATION,
WELLINGTON CAPITAL GROUP, INC.,
YANIV AMAR, FRANK AMODEO,
AARON BATES, MATTHEW MOKWA,
ROBERT POLLACK, and JAMES SADRIANNA,

    Third-Party Defendants.

Case No. 6:07-CV-1788-Orl-28KRS

DISPOSITIVE MOTION

## DEFENDANT YANIV AMAR'S MOTION FOR SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW

COMES NOW, *Pro Se* Defendant Yaniv Amar ("Amar" or "Defendant"), and pursuant to Fed. R. Civ. P. 56 moves this Court for summary judgment on all claims filed by Third-Party Plaintiffs, Frank Hailstones ("Hailstones") and Edith Curry ("Curry") (collectively "Third-Party Plaintiffs"). The grounds for this motion are set forth in the following memorandum of law.

1

## STATEMENT OF MATERIAL FACTS

1. Third-Party Plaintiffs brought the instant action against Amar, and others, alleging defamation and intentional interference with business relationships. The genesis of the action is a question Amar asked Hailstones and Curry. Specifically, the Complaint alleges that Amar asked Curry and Hailstones the following question: "Here you are marketing yourself as a global expert in early fraud detection. Where the f-ck was your expertise while the $220 million [MVI] fraud was occurring?" Doc. No. 341 ¶ 90.

2. Mirabilis Ventures, Inc. ("Mirablis") was indicted and convicted of fraud. Case No. 6:08-cr-231; Doc. 158. Hailstones was the CEO of Mirabilis and a member of its Board of Directors while the fraud was occurring. Doc. 75-20 ¶19. Curry was the Treasurer of Mirabilis and a member of its Board of Directors while the fraud was occurring. Doc. 41-7 ¶4.

3. On the date in question, Hailstones and Curry were featured speakers at the 58th Annual Directors & Managers Symposium in Scottsdale, AZ. Curry and Hailstones were hosting a workshop titled: Dealing with a Likely Fraud Situation: Audit Management's Responsibilities. Exhibit A, Amar Aff. at ¶¶ 7-8; Exhibit B. The symposium brochure described the workshop as follows:

> In this intensive one-day workshop you will examine in-depth Audit's roles and responsibilities as a major player in your organization's defense against fraud. You will learn how to enhance your existing audit programs to help uncover fraud and master proven techniques for conducting effective fraud investigations. You will cover key fraud evidence requirements and gain an understanding of the complex organizational, civil, and criminal factors you must consider to guide your company to the best possible outcome.

Exhibit B.

4. Amar flew to Arizona to personally ask his former CEO Hailstones and his former Treasurer Curry where their expertise was during the Mirabilis fraud. Amar Aff. at ¶¶ 9-10.

5. After being served, Curry and Hailstones walked over to Amar and Curry gave Amar a hug. Amar Aff. at ¶¶ 12.

6. Amar asked his question directly to Hailstones and Curry in the street outside of the conference. Amar never spoke to any conference attendees. Amar Aff. at ¶¶ 11-13.

## LEGAL MEMORANDUM

"[R]ule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "When a party moving for summary judgment points out an absence of evidence on a dispositive issue for which the non-moving party bears the burden of proof at trial, the non-moving party must go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Id. at 324-35.

## ARGUMENT AND AUTHORITIES

To sustain a cause of action for slander under Florida law, a plaintiff must demonstrate that: (1) the defendant published a false statement; (2) about the plaintiff; (3) to a third-party; (4) the party suffered damages as a result of the publication. Fun Spot of

Florida, Inc. v. Magical Midway of Central Florida, Ltd., 242 F.Supp.2d 1183, 1187 (M.D. Fla. 2002) (citing Valencia v. Citibank Int'l, 728 So.2d 330, (Fla. 3d DCA 1999)).

In the present case, Hailstones and Curry allege that Amar asked them the following question: "Here you are marketing yourself as a global expert in early fraud detection. Where the f-ck was your expertise while the $220 million [MVI] fraud was occurring?" Doc. No. 341 ¶ 90.

As a matter of law, the aforementioned question cannot be construed as a legally defamatory statement. At the time of the question, Hailstones and Curry were both holding themselves out as experts in antifraud detection. Amar Aff. at ¶¶ 5-8; Exhibit 2. Ironically, Hailstones and Curry were also the respective CEO and Treasurer of Mirabilis – a company indicted and convicted of committing a massive fraud. Doc. 75-20 ¶19; Doc. 41-7 ¶4. Accordingly, Amar felt compelled to ask Hailstones and Curry where their expertise was during the Mirabilis fraud. The First Amendment guarantees Amar the right to ask Hailstones and Curry this question without facing legal recourse.

Moreover, Amar did not publish the allegedly defamatory statement. Amar asked the question directly to Hailstones and Curry. Amar Aff. at ¶¶ 11-16. Accordingly, the undisputed facts demonstrate that the allegedly defamatory statement was not published.

Finally, Hailstones and Curry have failed to offer any evidence that Amar intentionally interfered with a business relationship. The law requires that Amar induce or cause the breach or termination of a business relationship. See Smith v. Ocean State Bank, 335 So. 2d 641, 643 (Fla. 1st DCA 1976). There is no evidence that Amar was aware of any potential business relationships between Third-Party Plaintiffs and any other third-party and there is no evidence that Amar interfered with any such relationship.

5

Hailstones and Curry's conclusory allegations of interference directly contradict the record evidence. See Amar Aff. at ¶¶ 17-19 Accordingly, the undisputed facts demonstrate that Amar did not intentionally interfere with a business relationship.

For all the reasons set forth herein, *Pro Se* Defendant Yaniv Amar respectfully asks this Court to find that there remains no genuine issue of material fact to be tried, and *Pro Se* Defendant Yaniv Amar is entitled to summary judgment on all counts against him.

Respectfully submitted this 22nd day of March, 2011.

### LOCAL RULE 3.01(G) CERTIFICATION

The undersigned certify that, with respect to the foregoing motion, they did not confer with counsel for Third-Party Plaintiffs, as this motion seeks to involuntarily dismiss their claims.

_/s/ A. Amar_

Yaniv Amar, Pro Se

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 22nd, 2011, I served all parties named on the attached Service List by U.S. Mail.

Yaniv Amar, Pro Se

## SERVICE LIST

| | |
|---|---|
| U.S. District Court<br>Clerk's Office<br>401 West Central Boulevard<br>Suite 1200<br>Orlando, FL 32801-0120<br><br>Kathleen Havener<br>Havener Law Firm, LLC<br>15511 Russell Road<br>Chagrin Falls, Ohio 44022<br><br>Martin R. Raskin<br>Jane S. Raskin<br>RASKIN & RASKIN, P.A.<br>2601 South Bayshore Drive<br>Suite 725<br>Miami, Florida 33133<br>mraskin@raskinlaw.com<br><br>Frank Amodeo<br>FCC - Low, B3<br>P.O. Box 1031<br>Coleman, FL 33521-1031 | Adam Loewy<br>Barry & Loewy, LLP<br>The Frost Tower<br>401 Congress Avenue<br>Suite 1540<br>Austin, TX 78701<br><br>Kathleen Davies<br>The Davies Law Firm, LLC<br>126 E. Jefferson St.<br>Orlando, FL 32801<br><br>Atheseus Lockhart<br>MEIR, BONNER, MUSZYNSKI,<br>O'DELL & HARVEY, P.A.<br>260 Wekiva Springs, Road<br>Suite 2000<br>Longwood, FL 32779<br><br>Todd K. Norman<br>Nicolette C. Vilmos<br>Broad and Cassel<br>390 N. Orange Avenue<br>Suite 1400<br>Orlando, FL 32801 |