IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MIRABILIS VENTURES, INC. and
NEXIA STRATEGY CORPORATION,

    Plaintiffs,

v.                                     CASE NO.: 6:07-CV-1788-ORL-28-KRS

PALAXAR GROUP, LLC;
PALAXAR HOLDINGS, LLC;
FRANK HAILSTONES; EDITH CURRY
a/k/a EDITH BROADHEAD; and
TERENCE CHU,

    Defendants,

v.

MIRABILIS VENTURES, INC.,
NEXIA STRATEGY CORPORATION,
AQMI STRATEGY CORPORATION,
WELLINGTON CAPITAL GROUP, INC.,
YANIV AMAR, FRANK AMODEO,
AARON BATES, MATTHEW MOKWA,
ROBERT POLLACK, and JAMES SADRIANNA.

    Counterclaim and
    Third-Party Defendants.

## DECLARATION OF YANIV AMAR

1.     My name is YANIV AMAR. I am over the age of 21 and of sound mind.

2.     The facts set forth in this declaration are based on my personal knowledge.

3.     From approximately June 2005 to May 2007 I worked with Mirabilis Ventures, Inc. and its affiliate companies (collectively, "Mirabilis"). At certain times I was an employee and at other times I was a consultant.

1

4. In approximately January of 2007, I became aware of the fact that Mirabilis was being investigated by the United States Attorney's Office for certain crimes associated with its failure to pay taxes.

5. In approximately August or September of 2007, I became aware of the fact that Frank Hailstones and Edith Curry had founded an antifraud company called Palaxar and Laurie Holtz was on the Advisory Committee of Palaxar. Frank Hailstones, Edith Curry and Laurie Holtz were the respective President, Treasurer, and Chairman of the Board of Directors of Mirabilis.

6. Palaxar marketed itself as a global leader in antifraud detection. In approximately August or September of 2007, I visited the website www.palaxar.com. On October 7 of 2007 I printed a copy of the Palaxar website, which is attached hereto as **Exhibit 1**.

7. In approximately September of 2007, I became aware that Curry and Hailstones were keynote speakers at the MIS 58th Audit Directors & Managers Symposium being held in Scottsdale, AZ October 14-18. In October of 2007 I printed a copy of the brochure for the symposium, which is attached hereto as **Exhibit 2**.

8. At the Symposium, Curry and Hailstones were hosting a workshop titled: *Dealing with a Likely Fraud Situation: Audit Management's Responsibilities*. The workshop focused on how to detect and uncover corporate fraud. *See* **Exhibit 2**.

9. It was my opinion that Hailstones, Curry and Holtz had failed in their roles as officers and directors of Mirabilis by failing to detect and stop the Mirabilis fraud.

10. I felt a moral obligation to ask Hailstones and Curry why they were unable to detect the Mirabilis Fraud – especially in light of the fact that they were now holding themselves out as experts in corporate fraud detection. Holtz did not attend the Symposium. I did not go to Arizona at the direction of anyone. I went in my individual capacity.

11. Other than Curry and Hailstones, I did not speak to any individual at the conference.

12. At the time of our conversation, Curry and Hailstones approached me and Curry gave me a hug. The conversation took place outside the conference in the middle of the street.

13. When I spoke with Curry and Hailstones, I did not speak loudly or within earshot of anyone at the conference.

14. I did not intend to embarrass or humiliate Curry or Hailstones.

15. I did not intend for anyone to overhear my conversation.

16. Attached hereto as **Exhibit 3** is the participant list from the Arizona Symposium. It was produced by Curry and Hailstones. I attempted to contact every single person on the list to find out whether or not anyone overheard my conversation.[1] I was unable to locate one participant who heard the alleged slander or witnessed the service of process. Sixteen of the witnesses submitted affidavits stating that they did not witness the service of process or overhear the conversation. The affidavits are attached hereto as **Exhibit 4**.

---

[1] I did not attempt to contact Curry, Hailstones or Joel Kramer because they had all previously testified in this action.

17. At all times relevant to the claims alleged against me in the above-captioned case, I was unaware of any existing or potential business relationships in which Curry, Hailstones, Palaxar Group, LLC or Palaxar Holdings, LLC were involved.

18. At no time have I intentionally or improperly interfered with any existing or potential business relationships in which Curry, Hailstones, Palaxar Group, LLC or Palaxar Holdings, LLC were involved.

19. In particular, I have never intentionally or improperly sought to cause or induce the severance or breach of any existing or potential business relationships in which Curry, Hailstones, Palaxar Group, LLC or Palaxar Holdings, LLC were involved.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the facts set forth in this declaration are true to the best of my knowledge and executed the date set forth below.

_____
Yaniv Amar

_03/22/2011_
Date