# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MIRABILIS VENTURES, INC. and
NEXIA STRATEGY CORPORATION,

    Plaintiffs,

v.                          CASE NO.: 6:07-CV-1788-ORL-28-KRS

PALAXAR GROUP, LLC;
PALAXAR HOLDINGS, LLC;
FRANK HAILSTONES; EDITH CURRY
a/k/a EDITH BROADHEAD; and
TERENCE CHU,

    Defendants,

v.

MIRABILIS VENTURES, INC.,
NEXIA STRATEGY CORPORATION,
AQMI STRATEGY CORPORATION,
WELLINGTON CAPITAL GROUP, INC.,
YANIV AMAR, FRANK AMODEO,
AARON BATES, MATTHEW MOKWA,
ROBERT POLLACK, and JAMES SADRIANNA,

    Counterclaim and
    Third-Party Defendants.

_____

## DECLARATION OF MATTHEW S. MOKWA

1.     My name is Matthew S. Mokwa. I am over the age of 21 and of sound mind.

2.     The facts set forth in this declaration are based on my personal knowledge.

3.     I am an attorney. I have been licensed to practice law in the State of Texas since May 2004 and the State of Florida since December 2007.

1

4. I was employed by Mirabilis Ventures, Inc. and its affiliates (collectively "Mirabilis") from approximately January 2006 through approximately June 2007.

5. I was employed by Goldberg Bates, PLLC k/n/a Bates Mokwa, PLLC from approximately August 2007 through approximately September 2010. I became a partner in the Firm in January 2008.

6. I am currently employed by the Maher Law Firm, PLLC.

7. In October of 2007, I accompanied attorney Aaron Bates to Scottsdale, Arizona to ensure effective service of process in the above-captioned case. In particular, I went to Arizona to ensure effective service of process upon Defendant Frank Hailstones, a non-resident alien residing in the United Kingdom, who was in the United States for a one-time speaking engagement. Moreover, I grew up in the Scottsdale, Arizona area and planned to visit my family.

8. Mr. Bates, Mr. Amar and I, all traveled on different days and all stayed at different locations.

9. The process server, Thomas Zollers, served the summons and Complaint upon Mr. Hailstones and Ms. Curry in the parking lot the Renaissance Scottsdale Resort. After Mr. Hailstones and Ms. Curry were served they approached Amar, Bates and me on a street adjacent to the parking lot.

10. Ms. Curry initiated a conversation regarding the merits of the above captioned lawsuit. The conversation was cordial and no one spoke in loud voices.

11. Other than informal greetings, I did not speak to Ms. Curry or Mr. Hailstones.

12. I did not accuse Ms. Curry or Mr. Hailstones of thievery.

13. There was no third-party within earshot of our conversation and no party was speaking in loud voices.

14. I did not speak to any other participant at the conference.

15. I had no involvement in the drafting or writing of the October 13, 2007 *Orlando Sentinel* article "Mirabilis lost at lease $220M" and had no advance notice of its publication.

16. I never issued or participated in the drafting of any press release involving the above captioned litigation or involving Ms. Curry or Mr. Hailstones.

17. I never posted any information concerning Ms. Curry or Mr. Hailstones on any "blog" or internet website.

18. At all times relevant to the claims alleged against me in the above-captioned case, I was unaware of any existing or potential business relationships in which Ms. Curry, Mr. Hailstones, Palaxar Group, LLC or Palaxar Holdings, LLC were involved.

19. At no time have I intentionally or improperly interfered with any existing or potential business relationships in which Ms. Curry, Mr. Hailstones, Palaxar Group, LLC or Palaxar Holdings, LLC were involved.

20. I have never intentionally or improperly sought to cause or induce the severance or breach of any existing or potential business relationships in which Ms. Curry, Mr. Hailstones, Palaxar Group, LLC or Palaxar Holdings, LLC were involved.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the facts set forth in this declaration are true to the best of my knowledge and executed the date set forth below.

_____
Matthew S. Mokwa

3/23/11
Date