# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MIRABILIS VENTURES, INC. and
NEXIA STRATEGY CORPORATION,

    Plaintiffs,

v.                                  CASE NO.: 6:07-CV-1788-ORL-28-KRS

PALAXAR GROUP, LLC;
PALAXAR HOLDINGS, LLC;
FRANK HAILSTONES; EDITH CURRY
a/k/a EDITH BROADHEAD; and
TERENCE CHU,

    Defendants,

v.

MIRABILIS VENTURES, INC.;
NEXIA STRATEGY CORPORATION;
AQMI STRATEGY CORPORATION;
WELLINGTON CAPITAL GROUP, INC.;
YANIV AMAR; FRANK AMODEO;
AARON BATES; MATTHEW MOKWA;
ROBERT POLLACK; and JAMES SADRIANNA,

    Third-Party Defendants.
_____

## DECLARATION OF AARON C. BATES

1.    My name is Aaron Bates. I am a resident of Orange County, Florida. I am over the age of 19 and of sound mind.

2.    I am an attorney licensed to practice law in the State of Florida, the U.S. District Court for the Middle District of Florida, and the U.S. Eleventh Circuit Court of Appeals.

3.    From March 2006 to June 2007, I was employed by Mirabilis Ventures, Inc. and its subsidiaries (collectively "Mirabilis") as a staff attorney.

4. From June 2007 until May 2010, I was a partner in Bates Mokwa, PLLC f/k/a Goldberg Bates, PLLC ("Bates Mokwa").

5. I am currently employed by The Maher Law Firm, P.A.

6. Beginning in approximately January 2007, I was tasked by my supervisor, Mark Bernet, Esq. (Mirabilis' General Counsel at the time) to assist him in handling the flood of litigation against Mirabilis resulting from its wind-down and ceasing of operations, as I was the only remaining staff attorney with litigation experience at the time.

7. Between June 2007 and approximately May 2008, Bates Mokwa, along with numerous other law firms, was retained by Mirabilis to assist in the liquidation and the wind-down of Mirabilis.

8. Between January 2007 and May 2008, Mirabilis defended or prosecuted over 35 cases, including the above-captioned case.

9. During the same time period, I was counsel of record for Mirabilis in a majority of these cases, including the above-captioned case.

10. I traveled to Scottsdale, Arizona on October 12, 2007 for the sole purpose of ensuring effective and proper service of the Complaint upon the Defendants in the above-captioned case.

11. In particular, I wanted to ensure effective service of the Summons and Complaint upon Defendant Frank Hailstones, a non-resident alien residing in the United Kingdom, while he was in the United States for the one-time speaking engagement on anti-fraud during the weekend of October 12, 2007.

12. My law firm employed Mr. Thomas Zollers, a process server licensed in the State of Arizona, to meet Mr. Mokwa and I on the morning of October 15, 2007 in order to serve the Summons and Complaint upon the Defendants.

13. Mr. Zollers served the Summons and Complaint upon the Defendants in the parking lot of the Renaissance Scottsdale Resort, after I identified them for Mr. Zollers.

14. After they were served, Mr. Hailstones and Ms. Edith Curry approached Yaniv Amar, Mr. Mokwa and I on a street adjacent to the parking lot to attempt to discuss events related to the above-captioned case.

15. The aforementioned conversation was initiated by Ms. Curry, it was cordial and no one spoke with loud voices.

16. The conversation took place in an isolated area and no third-party was within earshot of the conversation.

17. During this brief encounter, I did not speak to, or even greet, Mr. Hailstones or Ms. Curry.

18. During this brief encounter, I did not audio or video record the encounter.

19. I never issued or published any press releases concerning Mr. Hailstones or Ms. Curry.

20. I never posted or commented on www.mirabilisventures.blogspot.com or www.presidionsolutions.blogspot.com.

21. At all times relevant to the claims alleged against me in the above-captioned case, I was unaware of any existing or potential business relationships in which Ms. Curry, Mr. Hailstones, Palaxar Group, LLC, or Palaxar Holdings, LLC were involved.

4

22. At no time have I ever intentionally or improperly interfered with any existing or potential business relationships in which Ms. Curry, Mr. Hailstones, Palaxar Group, LLC, or Palaxar Holdings, LLC were involved.

23. In particular, I have never intentionally or improperly sought to cause or induce the severance or breach of any existing or potential business relationships in which Ms. Curry, Mr. Hailstones, Palaxar Group, LLC, or Palaxar Holdings, LLC were involved.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the facts set forth in this declaration are true to the best of my knowledge.

Dated this 25th day of March, 2011.

_____
Aaron C. Bates, Esq.