UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MIRABILIS VENTURES, INC. and NEXIA STRATEGY CORPORATION,**

          Plaintiffs,

-vs-                                        Case No. 6:07-cv-1788-Orl-28GJK

**PALAXAR GROUP, LLC; PALAXAR HOLIDNGS, LLC; FRANK HAILSTONES; EDITH CURRY a/k/a EDITH BROADHEAD; and FICTITIOUS DEFENDANTS 1-8,**

          Defendants,
_____

## ORDER

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **DEBTOR, MIRABILIS VENTURES, INC.'S MOTION AND SUPPORTING MEMORANDUM TO STRIKE THE SECOND AMENDED COUNTERCLAIM AND THIRD PARTY CLAIMS OF DEFENDANTS EDITH CURRY AND FRANK HAILSTONES OR IN THE ALTERNATIVE MOTION REQUESTING AN EXTENSION OF TIME TO DETERMINE WHETHER MIRABILIS HAS THE AUTHORITY OR THE OBLIGATION TO RESPOND TO SECOND AMENDED COUNTERCLAIM AND THIRD PARTY CLAIMS OF DEFENDANTS EDITH CURRY AND FRANK HAILSTONES (Doc. No. 346)** |
| **FILED:** | **December 15, 2010** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

On February 19, 2008, Mirabilis Ventures, Inc. ("Mirabilis") and Nexia Strategy Corporation ("Nexia") (collectively, the "Plaintiffs") filed a Second Amended Complaint (the "Complaint") against Palaxar Group, LLC ("Palaxar Group"), Palaxar Holdings, LLC ("Palaxar Holdings"), Edith Curry ("Curry"), Frank Hailstones ("Hailstones"), and Terence Chu ("Chu") (collectively, the "Defendants"). Doc. No. 56. This case arises out of the development and marketing of an anti-fraud certification program known as Nexia Certification, which Plaintiffs alleges they own. *See* Doc. Nos. 56, 285 at 1. The Complaint alleges that Curry and Hailstones, while employed by Plaintiffs, formed Palaxar Group and Palaxar Holdings to "implement and market" Nexia Certification for their own personal gain and benefit. Doc. No. 56 at ¶¶ 27-28. Plaintiffs claim that Curry and Hailstones, while employed by Plaintiffs, converted Nexia Certification and misappropriated Plaintiffs' trade secrets and confidential information regarding Nexia Certification. Doc. No. 56 at ¶¶ 48-60. Plaintiffs allege that Chu, as a founding member and manager of Palaxar Group and Palaxar Holdings, conspired with Hailstones and Curry to establish Palaxar Group and Palaxar Holdings for the sole purpose of marketing and using Nexia Certification. *Id*. at ¶¶ 27-28, 32. Thus, Plaintiffs claim that the Defendants engaged in drafting and signing documents to transfer the rights for Nexia Certification to Hailstones and Curry without the required approval, authorization, or ratification from Plaintiffs, their board of directors or shareholders of Nexia. Doc. No. 56 at ¶ 63.

On March 6, 2008, Palaxar Group, Palaxar Holdings, Curry and Hailstones filed a Joint Answer, Affirmative Defenses, Counterclaims, and Third-Party Claims (the "Counterclaim and Third-Party Complaint"). Doc. No. 59. On August 3, 2010, Plaintiffs filed a Motion for

Voluntary Dismissal Without Prejudice, requesting that the Court dismiss the Complaint in its entirety without prejudice. Doc. No. 280.

On August 6, 2010, the Court entered an order granting summary judgment in favor of Palaxar Group, Palaxar Holdings, Curry and Hailstones as to all of Plaintiffs' claims against them. Doc. No. 285. On August 9, 2010, the Court entered an order denying Chu's Motion to Dismiss for lack of personal jurisdiction (finding personal jurisdiction over Chu) but, sua sponte, entered summary judgment for Chu on Plaintiffs' civil conspiracy claim against him. Doc. No. 287 at 2. In its August 9, 2010 order, the Court denied Plaintiffs' Motion for Voluntary Dismissal Without Prejudice as moot due to summary judgment having been granted in favor of Defendants as to all counts. Doc. No. 287 at 2.

On November 17, 2010, the Court entered an order vacating its August 6, 2010 summary judgment order (Doc. No. 285) in favor of defendants Palaxar Group, Palaxar Holdings, Curry and Hailstones, and entered an order granting Plaintiffs' Ore Tenus Motion to Voluntarily Dismiss their claims with prejudice against those defendants. Doc. No. 339. Therefore, the claims against Palaxar Group, Palaxar Holdings, Curry and Hailstones have been voluntarily dismissed with prejudice (Doc. No. 339) and summary judgment has been entered in favor of Chu (Doc. No. 287) as to the civil conspiracy claim.

On December 1, 2010, Curry and Hailstones filed their Second Amended Counterclaims and Third Party Claims (the "Second Amended Counterclaim and Third-Party Complaint"). Doc. No. 346. The Second Amended Counterclaim and Third-Party Complaint assert claims against Frank Amodeo ("Amodeo"), Nexia, Yaniv Amar ("Amar"), Aaron Bates ("Bates"), and Matthew Mokwa ("Mokwa"). Doc. No. 346 at 1-24. Chu did not assert any counterclaims or

3

third-party claims. Therefore, the only remaining claims in the case are those contained in Curry and Hailstone's Second Amended Counterclaim and Third-Party Complaint. Doc. No. 346.

On December 15, 2010, Mirabilis filed a Motion To Strike the Second Amended Counterclaim and Third-Party Complaint of Defendants Curry and Hailstones Or in the Alternative Motion Requesting an Extension of Time to Determine Whether Mirabilis Has the Authority or the Obligation to Respond to the Second Amended Counterclaim and Third-Party Complaint of Defendants Curry and Hailstones (the "Motion to Strike"). Doc. No. 352. On January 6, 2011, Curry and Hailstones filed a response in opposition (the "Response") to the Motion to Strike. Doc. No. 368.

The ownership of Nexia's claims and the responsibility to defend claims against Nexia have been issues in this case. *See* Doc. Nos. 246 at 3, 257 at 1, 258, 266 at 6, 309, 352 at 2, 410, 412. On June 7, 2010, the United States (the "Government") and Mirabilis filed separate notices with the Court stating that the Bankruptcy Court found that "the claims of Nexia . . . in this litigation remain the property of the debtor's estate in the Chapter 11 bankruptcy and, as such, can be litigated by Mirabilis." Doc. Nos. 257 at 1, 258. Thus, the Bankruptcy Court determined that Mirabilis owns the right to litigate Nexia's claims in this case.

Once the Plaintiffs' claims were voluntarily dismissed, an issue arose as to whether Mirabilis had the responsibility or authority to defend the claims asserted against Nexia by Curry and Hailstones. *See* Doc. No. 352 at 2-3. On March 21, 2011, the Bankruptcy Court entered an order confirming that Mirabilis is not authorized to defend the claims asserted against Nexia in this litigation. *See* Doc. No. 410 at 3. Accordingly, Mirabilis and its counsel are not authorized

to defend the claims asserted against Nexia in this case. On March 24, 2011, the Government filed a notice of appearance on behalf of Nexia. Doc. No. 412.

The Bankruptcy Court held that Mirabilis is not authorized to defend claims against Nexia. Doc. No. 410 at 3. Given that the Motion to Strike was filed by Mirabilis, the Motion to Strike is **DENIED**. It is further **ORDERED** that the Government shall have fourteen (14) days from the date of this order to respond to the Second Amended Counterclaim and Third-Party Complaint (Doc. No. 346).

**DONE AND ORDERED** at Orlando, Florida on April 15, 2011.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:
Presiding District Judge
Counsel of record
Unrepresented parties