# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MIRABILIS VENTURES, INC., and NEXIA
STRATEGY CORPORATION,
                              Plaintiffs,

-vs-                                                          Case No.  6:07-cv-1788-Orl-28GJK

PALAXAR GROUP, LLC, PALAXAR
HOLDINGS, LLC, FRANK HAILSTONES,
EDITH CURRY, and TERENCE CHU,
                              Defendants.
-----------------------------------------------
PALAXAR HOLDINGS, LLC, FRANK
HAILSTONES, and EDITH CURRY,
                              Counterclaimants/
                              Third-Party Plaintiffs,

-vs-

MIRABILIS VENTURES, INC., and NEXIA
STRATEGY CORPORATION,
                              Counterclaim Defendants,
and
AQMI STRATEGY CORPORATION,
WELLINGTON CAPITAL GROUP, INC., YANIV
AMAR, FRANK AMODEO, AARON BATES,
MATTHEW MOKWA, ROBERT POLLOCK,
and JAMES SADRIANNA,
                              Third-Party Defendants.
-------------------------------------------------------------
FRANK AMODEO,
                              Third-Party Counterclaimant,

-vs-

EDITH CURRY and
FRANK HAILSTONES,
                              Third-Party Counterclaim Defendants.
_____

# ORDER

This cause is before the Court on review of the file in this matter.  As set forth below,

all claims, counterclaims, third-party claims, and third-party counterclaims have been resolved or are ripe for resolution, and this case has all but come to a close.

## I.  Background, Parties, and Claims

This litigation was initiated in November 2007 by Plaintiffs, Mirabilis Ventures, Inc. ("Mirabilis") and Nexia Strategy Corporation ("Nexia").  In their Complaint (Doc. 2), Amended Complaint (Doc. 42), and Second Amended Complaint (Doc. 56), Plaintiffs brought claims against Defendants Palaxar Group, LLC ("Palaxar Group"), Palaxar Holdings, LLC ("Palaxar Holdings"), Edith Curry ("Curry"), Frank Hailstones ("Hailstones"), and Terence Chu ("Chu").[1]

Defendants Curry, Hailstones, and Palaxar Holdings then filed Counterclaims against Plaintiffs/Counterclaim Defendants Nexia and Mirabilis, and they also brought Third-Party Claims against Third-Party Defendants AQMI Strategy Corporation ("AQMI"), Wellington Capital Group, Inc. ("Wellington"), Yaniv Amar ("Amar"), Frank Amodeo ("Amodeo"), Aaron Bates ("Bates"), Matthew Mokwa ("Mokwa"), Robert Pollock ("Pollock"), and James Sadrianna ("Sadrianna").  (See Countercls. & Third-Party Compl., Doc. 54; Am. Countercls. & Third-Party Compl., Doc. 59; Second Am. Countercls. & Third-Party Compl., Doc. 346). Finally, Third-Party Defendant Amodeo filed Third-Party Counterclaims against Curry and Hailstones.  (See Third-Party Countercls., Doc. 185; Am. Third-Party Countercls., Doc. 214; Second. Am. Third-Party Countercls., Doc. 398).   Only some of these claims remain pending, and they are addressed below.

---

[1]Plaintiffs also named "Fictitious Defendants 1-8" in their Complaint (Doc. 2) and Amended Complaint (Doc. 42), but these Defendants were not named in the Second Amended Complaint (Doc. 56) and thus were dropped from this litigation at that point.

II.  Status of the Parties' Claims

A.  Claims of Plaintiffs (Mirabilis and Nexia)

Plaintiffs voluntarily dismissed their remaining claims with prejudice in November 2010.  (See Docs. 336-339).  Thus, no claims of Mirabilis or Nexia remain for disposition.

B.  Counterclaims by Curry and Hailstones Against Nexia

In their Second Amended Third-Party Complaint and Counterclaims (Doc. 346), Curry and Hailstones bring several counterclaims against Nexia.  The Court has been advised that those claims have been settled, and the parties to those claims have requested entry of a "consent judgment."  (See Docs. 435, 439, & 441).

The request for entry of a consent judgment (Doc. 441) is **DENIED without prejudice**.  The Court will enter a judgment as to all parties once all claims in this litigation have been finally resolved.  However, the Court takes note of the settlement of Curry's and Hailstones's counterclaims against Nexia, and the Court also notes that the Motion for Attorney's Fees (Doc. 372) remains pending and has not been settled.

C.  Third-Party Claims of Curry and Hailstones

1.  Claims Against Amar, Bates, and Mokwa

Curry and Hailstones have brought several third-party claims against Amar, Bates, and Mokwa.  (Doc. 346).  The Court has been advised that a partial settlement of these claims has been reached and that Hailstones and Curry will dismiss these claims after certain payments are made by Amar, Bates, and Mokwa by mid-September 2011.  (See Mediation Report, Doc. 432; Notice of Settlement, Doc. 434).  These filings note that the parties reserve for the Court's adjudication the issues raised in the Motion for Attorney's

Fees (Doc. 372).

In light of the settlement of these claims, it is **ORDERED** that the motions for summary judgment (Docs. 416, 418, & 420) filed by Amar, Mokwa, and Bates, respectively, are hereby **DENIED as moot**.  It is further **ORDERED** that **on or before Wednesday, September 14, 2011**, Curry and Hailstones **shall file a status report** regarding their settlement with these Third-Party Defendants.

The Motion for Attorney's Fees (Doc. 372) filed by Curry, Hailstones, Palaxar Holdings, and Palaxar Group remains pending, as does the related Joint Motion to Bifurcate (Doc. 387), and these motions will be resolved by the Court.  In accordance with the Court's usual practice, these two motions have been referred to the assigned United States Magistrate Judge.

### 2.  Claims Against Amodeo

Curry and Hailstones have moved for voluntary dismissal with prejudice of their Third-Party Claims against Amodeo.  (Doc. 438).  Curry and Hailstones note that they conferred by letter with Amodeo regarding this dismissal and they have received no letter of objection from him to the dismissal.[2]  (See id.).  Additionally, the Court notes that Amodeo has not filed any response or objection to this motion.

Accordingly, it is **ORDERED** that the Motion of Third-Party Plaintiffs Edith Curry and Frank Hailstones to Dismiss With Prejudice All Claims Against Third-Party Defendant Frank Amodeo (Doc. 438) is **GRANTED**.  The third-party claims against Amodeo are hereby

_____

[2]Amodeo is in federal prison.

-4-

**DISMISSED with prejudice.**

D.  Third-Party Counterclaims of Amodeo

Amodeo's Second Amended Third-Party Counterclaims (Doc. 398) against Curry and Hailstones remain pending.  Curry and Hailstones have filed a Motion to Dismiss (Doc. 401) these claims for failure to state a claim for which relief can be granted, and Amodeo has filed a Response (Doc. 429) thereto.

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief.'" Fed. R. Civ. P. 8(a)(2).  "'[D]etailed factual allegations'" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).

Amodeo's Third-Party Counterclaims do not meet these standards.  His claims against Curry and Hailstones—for legal malpractice, consulting malpractice, breach of fiduciary duty, and contribution—are not plausible on their face and are due to be dismissed.  Accordingly, it is **ORDERED** that the Joint Motion of Edith Curry and Frank Hailstones to Dismiss Third-Party Counterclaims of Frank Amodeo (Doc. 401) is **GRANTED**, and the Third-Party Counterclaims (Doc. 398) are hereby **DISMISSED with prejudice**.

### III.  Remaining Pending Motion

The only other remaining motion—aside from the Motion for Attorney's Fees (Doc. 372) and the Motion to Bifurcate (Doc. 387) related thereto—is a "Motion to Allow Expansion of the Record" (Doc. 433) filed by Amodeo.  The Court has attempted, without success, to decipher this motion.  At best, this motion pertains to Amodeo's criminal case; the Court does not understand its relationship to this case or even what relief is sought.  Accordingly, it is **ORDERED** that the Motion (Doc. 433) is **DENIED**.

### IV.  Trial Calendar

This case is hereby **REMOVED** from the October 2011 trial calendar.

**DONE** and **ORDERED** in Orlando, Florida this 11th day of August, 2011.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party
Magistrate Judge Gregory J. Kelly